

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC., a Florida Corporation, and
LOCHMERE REALTY, INC., a Florida
Corporation,

        Plaintiffs,

v.

EIGER FUND I, L.P., a Delaware Limited
Partnership; EIGER, INC., a Delaware
Corporation; EIGER PARTNERS, L.P.,
a Delaware Limited Partnership;
DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC.,
a Texas Corporation; JTL CAPITAL,
L.L.C.,  a Texas limited liability company;
H.D. ASSOCIATES, L.P., a Delaware
Limited Partnership; BANKBOSTON
N.A., a national association;
PAUL E. ROWSEY, III, an individual;
C. TODD MILLER, an individual;
DAVID M. JACOBS, an individual;
and WILLIAM S. BUCHANAN,
an individual,

        Defendants.

_____/

Case No.:  8:00-CV-1026-T-27B

### ORIGINAL ANSWER OF THE EIGER DEFENDANTS

TO THE COURT:

    COME NOW, EIGER FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P., H.D.

ASSOCIATES, L.P., PAUL E. ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS and

WILLIAM S. BUCHANAN, Defendants herein (collectively the "Eiger Defendants"), and file this

their Original Answer to Plaintiffs' Complaint and Demand for Jury Trial.

1



## I.

### FIRST DEFENSE

The Court lacks personal jurisdiction over all of the Eiger Defendants, other than H.D. Associates, L.P.

## II.

### SECOND DEFENSE

The Complaint, and each count thereof, fails to state a claim upon which relief can be granted.

## III.

### THIRD DEFENSE

Plaintiffs' fraud allegations, Counts V through XVI, are not pled with the particularity required by Federal Rules of Civil Procedure 9(b) and therefore fail to state a claim upon which relief can be granted.

## IV.

### FOURTH DEFENSE

This case should be transferred to the United States District Court for the Northern District of Texas for the convenience of witnesses and parties and in the interest of justice.

## V.

### ANSWERS TO SPECIFIC ALLEGATIONS SUBJECT TO THE FOREGOING DEFENSES

1. The Eiger Defendants admit that Plaintiffs seek to recover damages but deny the remaining allegations contained in paragraph 1.

2. The Eiger Defendants have insufficient information or knowledge to admit or deny

the allegations contained in paragraphs 2 and 3 and therefore deny same.

3.      The Eiger Defendants admit the allegations contained in paragraph 4.

4.      The Eiger Defendants admit that Eiger, Inc. is a Delaware corporation with its principal place of business in Dallas, Texas, but deny the remaining allegations contained in paragraph 5.

5.      The Eiger Defendants admit that Eiger Partners, L.P. is a Delaware limited partnership with its principal place of business in Dallas, Texas and is the general partner of Eiger Fund I, L.P., but deny the remaining allegations contained in paragraph 6.

6.      The Eiger Defendants object to the allegations contained in the second part of paragraph 7 on the grounds that "Principals" is vague and ambiguous. To the extent that further response is required, the Eiger Defendants admit that Eiger, Inc. controls Eiger Partners, L.P. but deny the remaining allegations contained in paragraph 7.

7.      The Eiger Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 and therefore deny same.

8.      The Eiger Defendants deny that JTL Capital, L.L.C. is a general partner of H.D. Associates, L.P. The Eiger Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 9 and therefore deny same.

9.      The Eiger Defendants admit that Fleet National Bank f/k/a BankBoston, N.A. is a national banking association.

10.     The Eiger Defendants object to the allegations contained in paragraph 11 on the grounds that "Principals" is vague and ambiguous. To the extent further response is required, the Eiger Defendants admit that Miller is an individual residing in Dallas, Texas who, together with Rowsey, Jacobs, and Buchanan, owns substantially all the stock of Eiger, Inc.

3

11. The Eiger Defendants object to the allegations contained in paragraph 12 on the grounds that "Principals" is vague and ambiguous. To the extent further response is required, the Eiger Defendants admit that Jacobs is an individual residing in Dallas, Texas who, together with Rowsey, Miller, and Buchanan, owns substantially all the stock of Eiger, Inc.

12. The Eiger Defendants object to the allegations contained in paragraph 13 on the grounds that "Principals" is vague and ambiguous. To the extent further response is required, the Eiger Defendants admit that Buchanan is an individual residing in Dallas, Texas who, together with Rowsey, Jacobs, and Miller, owns substantially all the stock of Eiger, Inc.

13. The Eiger Defendants object to the allegations contained in paragraph 14 on the grounds that "Principals" is vague and ambiguous. To the extent further response is required, the Eiger Defendants admit that Rowsey is an individual residing in Dallas, Texas who, together with Miller, Jacobs, and Buchanan, owns substantially all the stock of Eiger, Inc.

14. The Eiger Defendants admit the allegations contained in the first sentence of paragraph 15 and deny the remaining allegations contained in that paragraph.

15. The Eiger Defendants admit that Lane is an individual residing in Dallas, Texas and deny the remaining allegations contained in paragraph 16.

16. The Eiger Defendants state that the allegations contained in paragraphs 17, 18 and 19 are legal in nature and do not require a response, but to the extent a response is required, the Eiger Defendants deny same.

17. The Eiger Defendants admit the allegations contained in paragraph 20.

18. The Eiger Defendants do not have sufficient knowledge or information to admit or deny the allegations contained in paragraphs 21 through 46 and therefore deny same.

19. The Eiger Defendants admit there was a meeting in late March, 1999 between Lane and

Rowsey at which was discussed Eiger's potential involvement in the acquisition of the Hammock Dunes property. The Eiger Defendants deny the remaining allegations contained in paragraph 47.

20. The Eiger Defendants admit the allegations contained in the first sentence of paragraph 48 and deny the remaining allegations in that paragraph.

21. The Eiger Defendants are without sufficient information or knowledge to admit or deny the allegations in paragraph 49 regarding two prior equity partners and therefore deny same. The Eiger Defendants admit that Lochmere participated in educating Eiger by outlining the results of its due diligence research, but deny the allegations concerning financial projections or business plans for the Project.

22. The Eiger Defendants are without sufficient information to admit or deny the allegations contained in paragraph 50 and therefore deny same.

23. The Eiger Defendants admit that on March 31, 1999, Evans, Rowsey, Miller, a representative of BankBoston and Evans visited the Project site and discussed the property in general terms. The Eiger Defendants deny the remaining allegations contained in paragraph 51.

24. The Eiger Defendants are without sufficient information to admit or deny the allegations contained in paragraph 52 – 53 and therefore deny same.

25. The Eiger Defendants deny the allegations contained in paragraph 54.

26. The Eiger Defendants are without sufficient information to admit or deny the allegations contained in paragraph 55 and therefore deny same.

27. The Eiger Defendants admit that H.D. Associates, L.P. was formed on or about April 20, 1999 for the purpose of putting the Hammock Dunes property under contract. The Eiger Defendants deny the remaining allegations contained in paragraph 56.

28. The Eiger Defendants admit the authenticity of the letter attached as Exhibit H, which

5

speaks for itself. To the extent a response is further required, the Eiger Defendants deny the remainder of the allegations in paragraph 57.

29. The Eiger Defendants admit there was a meeting on April 22, 1999 at Hammock Dunes among Rowsey, Lane, Evans, Steven Samaha, Jim Gardner of ITT, Robert Cuff, Chuck Callia and others to present a proposed purchase agreement to ITT. The Eiger Defendants deny the remaining allegations contained in paragraph 58.

30. The Eiger Defendants deny the allegations contained in paragraph 59.

31. The Eiger Defendants are without sufficient information to admit or deny the length of time Lochmere spent collecting data and placing it into a spreadsheet and therefore deny same. The Eiger Defendants deny the remainder of the allegations in paragraph 60.

32. The Eiger Defendants deny the allegations contained in paragraph 61.

33. The Eiger Defendants admit that on April 28, 1999, Evans of Lochmere voluntarily handed out a draft of a Master Development Budget to the stated attendees of a meeting in Dallas, Texas; otherwise to the extent a response is required, the Eiger Defendants deny the remainder of the allegations in paragraph 62.

34. The Eiger Defendants deny that they knew the document handed out by Evans at the April 28, 1999 meeting contained secret proprietary material. The Eiger Defendants admit that the document contained the legend quoted in paragraph 63.

35. The Eiger Defendants admit that the Master Development Budget contained line items as indicated in paragraph 64 but deny the remaining allegations contained in paragraph 64.

36. The Eiger Defendants deny the allegations contained in paragraph 65.

37. The Eiger Defendants deny the allegations contained in paragraph 66.

38. The Eiger Defendants are without sufficient information to admit or deny the allegations

contained in paragraph 67 and therefore deny same.

39. The Eiger Defendants admit that Exhibit I is authentic and speaks for itself. Otherwise to the extent that a response is further required, the Eiger Defendants deny the remaining allegations in paragraph 68.

40. The Eiger Defendants admit that on June 7, 1999, Lochmere forwarded a revised Master Development Budget based on Eiger's business plan for the Hammock Dunes project. The Eiger Defendants admit that the document contains the language quoted in paragraph 69. To the extent an answer is further required, the Eiger Defendants deny the remaining allegations contained in paragraph 69.

41. The Eiger Defendants admit that Exhibit J is authentic and speaks for itself. Otherwise to the extent that a response is further required, the Eiger Defendants deny the remaining allegations in paragraph 70.

42. The Eiger Defendants admit the allegations contained in paragraph 71.

43. The Eiger Defendants admit that Rowsey stated at the June 10, 1999, meeting in Dallas that Lane had never discussed with Rowsey any partnership agreement between Lochmere, Lane, JTL or Barnett Lane. The Eiger Defendants deny that there was ever a partnership agreement which included H.D. Associates and Lochmere, Lane, JTL Capital or Barnett Lane. To the extent an answer is further required, the Eiger Defendants deny the remaining allegations contained in paragraph 72.

44. The Eiger Defendants admit that Exhibit "K" to the Complaint was presented to Rowsey at the June 10, 1999 meeting. Otherwise the Eiger Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 73 and therefore deny same.

45. The Eiger Defendants admit the allegations contained in the first sentence of paragraph 74 as it relates to a proposed compensation program and otherwise deny the remaining allegations

7

contained in that paragraph.

46. The Eiger Defendants deny the allegations contained in paragraph 75.

47. The Eiger Defendants deny the allegations contained in paragraph 76.

48. The Eiger Defendants deny that Rowsey participated in the June 10, 1999, meeting for more than a few, brief minutes, between Evans and Kennedy at which the Master Development Budget was reviewed. To the extent an answer is further required, the Eiger Defendants deny the remaining allegations contained in paragraph 77.

49. The Eiger Defendants admit the allegations contained in the first sentence of paragraph 78. The Eiger Defendants are without sufficient information to admit or deny the allegations contained in the second sentence and therefore deny same.

50. The Eiger Defendants admit that there was a meeting in Atlanta, Georgia on June 15, 1999, among Evans, Rowsey, Kennedy and representatives from BankBoston but deny that Evans "led" the meeting and otherwise deny the remainder of the allegations in paragraph 79.

51. The Eiger Defendants admit that at the meeting Evans voluntarily presented the participants with a copy of the revised Master Development Budget containing figures based on the business plan Eiger had developed for the Project and that it was discussed. The Eiger Defendants deny the remaining allegations contained in paragraph 80.

52. The Eiger Defendants admit that Nick Whiting of BankBoston requested that Evans e-mail the Master Development Budget to both Kennedy and Bob Avil, another representative of BankBoston, but otherwise deny the remainder of the allegations in paragraph 81.

53. The Eiger Defendants deny the allegations contained in the first and second sentences of paragraph 82. The Eiger Defendants admit that Kennedy and BankBoston requested Evans to edit the Master Development Budget to incorporate a letter of credit financing vehicle, which had been

proposed by Eiger. The Eiger Defendants deny the remaining allegations contained in paragraph 82.

54.     The Eiger Defendants admit that the revised Master Development Budget contained the language quoted in paragraph 83 and otherwise deny the remainder of the allegations in paragraph 83.

55.     The Eiger Defendants admit that at the meeting Evans described the format of a draw package previously used by Lochmere and that BankBoston requested Evans to prepare a form of a draw package and submit it for review and approval. The Eiger Defendants deny the remaining allegations contained in paragraph 84.

56.     The Eiger Defendants admit that Eiger requested Lochmere to give Joseph Hatzell a tour of the property. The Eiger Defendants admit the allegations contained in the second sentence of paragraph 85. The Eiger Defendants admit that BankBoston needed certain information in order to conduct its underwriting of the proposed financing, that Eiger asked how that could most easily be accomplished and that Evans volunteered to provide certain information. The Eiger Defendants deny the remaining allegations contained in paragraph 85.

57.     The Eiger Defendants admit that Eiger asked how the information needed by Tracy Plott could most easily be supplied and that Evans volunteered to provide certain information. The Eiger Defendants deny the remaining allegations contained in paragraph 86.

58.     The Eiger Defendants admit that at the meeting Rowsey told the BankBoston representatives that it was proposed Lochmere would be responsible for the land use development of the Hammock Dunes project and deny the remaining allegations contained in paragraph 87.

59.     The Eiger Defendants deny the allegations contained in paragraph 88.

60.     The Eiger Defendants object to the allegations contained in paragraph 89 on the grounds that "involvement" and "instrumental" are vague and ambiguous and as a result the Eiger

9

Defendants have insufficient information or knowledge to admit or deny the allegations contained in paragraph 89 and therefore deny same.

61.    The Eiger Defendants deny the allegations contained in the last sentence of paragraph 90 and admit the remaining allegations contained in that paragraph.

62.    The Eiger Defendants admit the allegations contained in paragraph 91.

63.    The Eiger Defendants deny the allegations contained in paragraph 92.

64.    The Eiger Defendants admit the allegations contained in paragraph 93.

65.    The Eiger Defendants deny the allegations contained in the first and second sentences of paragraph 94. The Eiger Defendants admit the remaining allegations contained in that paragraph.

66.    The Eiger Defendants admit the allegations contained in the first sentence of paragraph 95. The Eiger Defendants deny the allegations contained in the second sentence of paragraph 95. The Eiger Defendants admit the allegations in the third sentence relating to management fee and real estate commission and state that the due diligence fee was proposed to be 1% of the purchase price and the proposed profit participation was offered a 7.5% after a 12% preferred return to capital and repayment of all capital and debt. The Eiger Defendants deny the allegations relating to expense reimbursement contained in paragraph 95 but admit there was offered a reasonable allocation of overhead of probably not less than $3,000 per month.  To the extent an answer is further required, the Eiger Defendants deny the remaining allegations in paragraph 95.

67.    The Eiger Defendants admit that Rowsey discussed the investors' requirement of a 75% share of the profits after and in addition to the preferred return and that Lane had agreed to a carried interest equal to 10% of the capital partners. The Eiger Defendants deny the remaining allegations contained in paragraph 96.

68.    The Eiger Defendants deny the allegations contained in paragraph 97.

69.    The Eiger Defendants are without sufficient information to admit or deny the allegations contained in paragraph 98 and therefore deny same.

70.    The Eiger Defendants deny the allegations contained in paragraph 99.

71.    The Eiger Defendants admit that the Exhibits L, M and N are authentic and the terms speak for themselves.  But to the extent an answer is further required, Defendants deny the remaining allegations in paragraphs 100, 101, 102 and 105.

72.    The Eiger Defendants deny the allegations contained in paragraph 103.

73.    The Eiger Defendants admit that the July 13, 1999, letter does not discuss any agreement with Lane or JTL Capital. The Eiger Defendants deny the remaining allegations contained in paragraph 104.

74.    The Eiger Defendants are without sufficient information to admit or deny the allegations contained in paragraph 106 and therefore deny same.

75.    The Eiger Defendants deny the allegations contained in paragraph 107.

76.    The Eiger Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 108 relating to Lane, JTL Capital and BankBoston and therefore deny same. The Eiger Defendants admit that they requested Lochmere to identify what specific information it wished to have returned and never received a response and, therefore, have been unable to return any information.  To the extent an answer is further required, the Eiger Defendants deny the remaining allegations in paragraph 108.

77.    The Eiger Defendants deny the allegations contained in paragraph 109.

78.    The Eiger Defendants admit that on or about November 30, 1999, H.D. Associates closed on the Hammock Dunes project and deny the remaining allegations contained in paragraph 110.

79.     The Eiger Defendants deny the allegations contained in paragraph 111.

80.     The Eiger Defendants deny the allegations contained in paragraph 112.

81.     The Eiger Defendants are without sufficient information to admit or deny the allegations contained in paragraph 113 as they relate to Lane, JTL Capital. The Eiger Defendants admit that they have offered Lochmere compensation for its work but Lochmere has not agreed to accept same.

82.     The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 114-126 on the grounds that Count I is not brought against any of them.

83.     The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 127 – 139 on the grounds that Count II is not brought against any of them.

84.     The Eiger Defendants except Rowsey, Miller, Jacobs and Buchanan (such non-individual entities are hereafter defined as the "Corporate Eiger Defendants" and such individual persons are hereafter defined as the "Individual Eiger Defendants") incorporate their answers to paragraphs 1-113 in answer to paragraph 140 of the Complaint.

85.     The Corporate Eiger Defendants are not required to admit or deny the legal conclusions contained in paragraphs 141 - 151.  To the extent there are any factual allegations contained in those paragraphs, they deny them.

86.     The Individual Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 140-151 on the grounds that Count III is not brought against any of them.

87.     The Individual Eiger Defendants incorporate their answers to paragraphs 1-113 in answer to paragraph 152 of the Complaint.

88.     The Individual Eiger Defendants are not required to admit or deny the legal

conclusions contained in paragraphs 153 - 163. To the extent there are any factual allegations contained in those paragraphs, the Individual Eiger Defendants deny them.

89.     The Corporate Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 152 – 163 on the grounds that Count IV is not brought against any of them.

90.     The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 164 – 171 on the grounds that Count V is not brought against any of them.

91.     The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 172 – 179 on the grounds that Count VI is not brought against any of them.

92.     The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 180 – 187 on the grounds that Count VII is not brought against any of them.

93.     H.D. Associates incorporates its answers to paragraphs 1-113 in answer to paragraph 188 of the Complaint.

94.     H.D. Associates is not required to admit or deny the legal conclusions contained in paragraphs 189 - 195. To the extent there are any factual allegations contained in those paragraphs, H.D. Associates denies them.

95.     The Eiger Defendants other than H.D. Associates are not required to admit or deny any factual allegations contained in paragraphs 188 – 195 on the grounds that Count VIII is not brought against any of them.

96.     Eiger Fund I, L.P., Eiger, Inc., and Eiger Partners, L.P. incorporate their answers to paragraphs 1-113 in answer to paragraph 196 of the Complaint.

97.     Eiger Fund I, L.P., Eiger, Inc., and Eiger Partners, L.P. are not required to admit or deny the legal conclusions contained in paragraphs 197 - 202. To the extent there are any factual

allegations contained in those paragraphs, they deny them.

98.   The Eiger Defendants other than Eiger Fund I, L.P., Eiger, Inc. and Eiger Partners, L.P. are not required to admit or deny any factual allegations contained in paragraphs 196-202 on the grounds that Count IX is not brought against any of them.

99.   The Individual Eiger Defendants incorporate their answers to paragraphs 1-113 in answer to paragraph 203 of the Complaint.

100.   The Individual Eiger Defendants are not required to admit or deny the legal conclusions contained in paragraphs 204 - 210.  To the extent there are any factual allegations contained in those paragraphs, the Individual Eiger Defendants deny the factual allegations contained in paragraph deny them.

101.   The Corporate Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 203-210 on the grounds that Count X is not brought against any of them.

102.   The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 211 – 218 on the grounds that Count XI is not brought against any of them.

103.   The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 219 – 226 on the grounds that Count XII is not brought against any of them.

104.   The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 227 – 234 on the grounds that Count XIII is not brought against any of them.

105.   H.D. Associates incorporates its answers to paragraphs 1-113 in answer to paragraph 235 of the Complaint.

106.   H.D. Associates is not required to admit or deny the legal conclusions contained in

14

paragraphs 236 - 242. To the extent there are any factual allegations contained in those paragraphs, H.D. Associates denies them.

107. The Eiger Defendants other than H.D. Associates are not required to admit or deny any factual allegations contained in paragraphs 235 – 242 on the grounds that Count XIV is not brought against any of them.

108. Eiger Fund I, L.P., Eiger, Inc. and Eiger Partners, L.P. incorporate their answers to paragraphs 1-113 in answer to paragraph 243 of the Complaint.

109. Eiger Fund I, L.P., Eiger, Inc. and Eiger Partners, L.P. are not required to admit or deny the legal conclusions contained in paragraphs 244 - 252. To the extent there are any factual allegations contained in those paragraph, they deny them.

110. The Eiger Defendants other than Eiger Fund I, L.P., Eiger, Inc. and Eiger Partners, L.P. are not required to admit or deny any factual allegations contained in paragraphs 243 – 252 on the grounds that Count XV is not brought against any of them.

111. The Individual Eiger Defendants incorporate their answers to paragraphs 1-113 in answer to paragraph 253 of the Complaint.

112. The Individual Eiger Defendants are not required to admit or deny the legal conclusions contained in paragraphs 254 - 262. To the extent there are any factual allegations contained in those paragraphs, the Individual Eiger Defendants deny them.

113. The Corporate Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 253 – 262 on the grounds that Count XVI is not brought against any of them.

114. The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 263 – 268 on the grounds that Count XVII is not brought against any of

them.

115.    The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 269 – 273 on the grounds that Count XVIII is not brought against any of them.

116.    The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 274 – 279 on the grounds that Count XIX is not brought against any of them.

117.    H.D. Associates incorporates its answers to paragraphs 1-113 in answer to paragraph 280 of the Complaint.

118.    H.D. Associates is not required to admit or deny the legal conclusions contained in paragraphs 281 - 285.  To the extent there are any factual allegations contained in those paragraphs, H.D. Associates denies them.

119.    The Eiger Defendants other than H.D. Associates are not required to admit or deny any factual allegations contained in paragraphs 280 – 285 on the grounds that Count XX is not brought against any of them.

120.    Eiger Fund I, L.P., Eiger, Inc. and Eiger Partners, L.P. incorporate their answers to paragraphs 1-113 in answer to paragraph 286 of the Complaint.

121.    Eiger Fund I, L.P., Eiger Inc. and Eiger Partners, L.P. are not required to admit or deny the legal conclusions contained in paragraphs 287 - 291.  To the extent there are any factual allegations contained in those paragraphs, they deny them.

122.    The Eiger Defendants other than Eiger Fund I, L.P., Eiger Inc. and Eiger Partners, L.P. are not required to admit or deny any factual allegations contained in paragraphs 286 – 291 on the grounds that Count XXI is not brought against any of them.

123. The Individual Eiger Defendants incorporate their answers to paragraphs 1-113 in answer to paragraph 292 of the Complaint.

124. The Individual Eiger Defendants are not required to admit or deny the legal conclusions contained in paragraphs 293 - 298. To the extent there are any factual allegations contained in those paragraphs, the Individual Eiger Defendants deny them.

125. The Corporate Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 292 – 298 on the grounds that Count XXII is not brought against any of them.

126. The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 299 – 304 on the grounds that Count XXIII is not brought against any of them.

127. The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 305 – 311 on the grounds that Count XXIV is not brought against any of them.

128. The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 312 – 318 on the grounds that Count XXV is not brought against any of them.

129. The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 319 – 325 on the grounds that Count XXVI is not brought against any of them.

130. H.D. Associates incorporates its answers to paragraphs 1-113 in answer to paragraph 326 of the Complaint.

131. H.D. Associates is not required to admit or deny the legal conclusions contained in

paragraphs 327 - 332. To the extent there are any factual allegations contained in those paragraphs, H.D. Associates denies them.

132. The Eiger Defendants other than H.D. Associates are not required to admit or deny any factual allegations contained in paragraphs 326 – 332 on the grounds that Count XXVII is not brought against any of them.

133. Eiger Fund I, L.P., Eiger, Inc. and Eiger Partners, L.P. incorporate their answers to paragraphs 1-113 in answer to paragraph 333 of the Complaint.

134. Eiger Fund I, L.P., Eiger, Inc. and Eiger Partners, L.P. are not required to admit or deny the legal conclusions contained in paragraphs 334 - 339. To the extent there are any factual allegations contained in those paragraphs, they deny them.

135. The Eiger Defendants other than Eiger Fund I, L.P., Eiger, Inc. and Eiger Partners, L.P. are not required to admit or deny any factual allegations contained in paragraphs 333 – 339 on the grounds that Count XXVIII is not brought against any of them.

136. The Individual Eiger Defendants incorporate their answers to paragraphs 1-113 in answer to paragraph 340 of the Complaint.

137. The Individual Eiger Defendants are not required to admit or deny the legal conclusions contained in paragraphs 341 - 346. To the extent there are any factual allegations contained in those paragraphs, the Individual Eiger Defendants deny them.

138. The Corporate Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 340-346 on the grounds that Count XXIX is not brought against any of them.

139. The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 347 – 353 on the grounds that Count XXX is not brought against any of

them.

140.    The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 354 – 363 on the grounds that Count XXXI is not brought against any of them.

141.    The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 364 – 373 on the grounds that Count XXXII is not brought against any of them.

142.    The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 374 – 383 on the grounds that Count XXXIII is not brought against any of them.

143.    H.D. Associates incorporates its answers to paragraphs 1-113 in answer to paragraph 384 of the Complaint.

144.    H.D. Associates is not required to admit or deny the legal conclusions contained in paragraphs 385 - 392.  To the extent there are any factual allegations contained in those paragraphs, H.D. Associates denies them.

145.    The Eiger Defendants other than H.D. Associates are not required to admit or deny any factual allegations contained in paragraphs 384 – 392 on the grounds that Count XXXIV is not brought against any of them.

146.    Eiger Fund I, L.P., Eiger, Inc. and Eiger Partners, L.P. incorporate their answers to paragraphs 1-113 in answer to paragraph 393 of the Complaint.

147.    Eiger Fund I, L.P., Eiger Inc, and Eiger Partners, L.P. are not required to admit or deny the legal conclusions contained in paragraphs 394 - 402.  To the extent there are any factual allegations contained in those paragraphs, they deny them.

19

148.    The Eiger Defendants other than Eiger Fund I, L.P., Eiger, Inc. and Eiger Partners, L.P. are not required to admit or deny any factual allegations contained in paragraphs 393 – 402 on the grounds that Count XXXV is not brought against any of them.

149.    The Individual Eiger Defendants incorporate their answers to paragraphs 1-113 in answer to paragraph 403 of the Complaint.

150.    The Individual Eiger Defendants are not required to admit or deny the legal conclusions contained in paragraphs 404 - 412.  To the extent there are any factual allegations contained in those paragraphs, the Individual Eiger Defendants deny them.

151.    The Corporate Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 403 – 412 on the grounds that Count XXXVI is not brought against any of them.

152.    The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 413 – 422 on the grounds that Count XXXVII is not brought against any of them.

153.    The Eiger Defendants incorporate their answers to paragraphs 1-113 in answer to paragraph 423 of the Complaint.  The Eiger Defendant deny that the Plaintiffs are entitled to any relief sought against any of them in any prayer for relief contained in the Complaint.

154.    The Eiger Defendants are not required to admit or deny the legal conclusions contained in paragraphs 424 - 427.  To the extent there are any factual allegations contained in those paragraphs, the Eiger Defendants deny them.

155.    The Eiger Defendants deny that the Plaintiffs are entitled to any relief sought against any of them in any prayer for relief contained in the Complaint.

## VI.

## AFFIRMATIVE DEFENSES
## SUBJECT TO THE FOREGOING DEFENSES

156. There has been a complete failure of the consideration supporting any contractual claims on which the counts of the Complaint are based.

157. The action should be dismissed under the doctrine of prior pending action in that most of the same parties and many of the same issues are involved in a Texas state court action. That case involves the same set of legally operative facts as are pled in the instant Complaint.

158. Plaintiffs failed adequately to mitigate their damages.

159. Any data, information and/or expertise provided by Plaintiffs to these Defendants could not constitute trade secrets under Florida law.

160. Plaintiffs consented to the transfer of the data and/or information allegedly given to these Defendants and for that and other reasons cannot maintain a claim for conversion.

161. Some or all of Plaintiffs' claims are barred by the economic loss doctrine.

162. Plaintiffs' recovery is barred, in whole or in part, by the doctrine of waiver.

163. Plaintiffs' recovery is barred, in whole or in part, by the doctrine of estoppel.

164. Plaintiffs' recovery is barred, in whole or in party, by the doctrine of unclean hands.

165. Plaintiffs' recovery is barred, in whole or in part, by the doctrine of ratification.

166. Plaintiffs' claims for conspiracy against these Defendants must fail due to the absence of any legally sufficient, underlying independent tort or wrong.

167. Any and all damages suffered by the Plaintiffs were the sole and proximate result of actions of the Plaintiff(s) and/or other(s) not under the control of these Defendants.

168. Any damages alleged or incurred by the Plaintiffs, if at all, are a direct result of the

21

intervening conduct (acts and/or omissions) of other person(s) and/or entity(ies) and, accordingly, the Plaintiffs are barred from any recovery against these Defendants.

169.    Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations and/or the equitable doctrine of laches.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served on the following counsel of record on this 8th day of June, 2000, via U. S. Mail:  Jay J. Bartlett, Esq., Bricklemyer, Smolker & Bolves, P.A., 500 E. Kennedy Blvd. Ste 200, Tampa, Florida 33602; Alan B. Gerlach, Esq., Broad & Cassel, 390 N. Orange Avenue, Suite 1100, Orlando, FL  32801 and Dora Kaufman, Esquire, Haley, Sinagra & Perez, 100 SE 3rd Avenue, Suite 1900, Ft. Lauderdale, FL 33394.

Respectfully submitted,

By: _____
Daniel F. Molony
Florida Bar No. 271330
Michael P. Winter
Florida Bar No. 105589
SHACKLEFORD, FARRIOR,
STALLINGS & EVANS, P.A.
501 E. Kennedy Blvd., Suite 1400
Tampa, Florida 33602-5246
(813) 273-5000  Phone
(813) 273-5145 Facsimile

ATTORNEYS FOR EIGER FUND I, L.P.,
EIGER, INC., EIGER PARTNERS, L.P.
H.D. ASSOCIATES, L.P., PAUL E.
ROWSEY, III, C. TODD MILLER,
DAVID M. JACOBS, and WILLIAM S.
BUCHANAN

SF: 367134

22