UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC., a Florida Corporation, and
LOCHMERE REALTY, INC., a Florida
Corporation,

        Plaintiffs,

v.                                    Case No.:  8:00-CV-1026-T-27B

EIGER FUND I, L.P., a Delaware Limited
Partnership; EIGER, INC., a Delaware
Corporation; EIGER PARTNERS, L.P.,
a Delaware Limited Partnership;
DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC.,
a Texas Corporation; JTL CAPITAL,
L.L.C.,  a Texas limited liability company;
H.D. ASSOCIATES, L.P., a Delaware
Limited Partnership; BANKBOSTON
N.A., a national association;
PAUL E. ROWSEY, III, an individual;
C. TODD MILLER, an individual;
DAVID M. JACOBS, an individual;
and WILLIAM S. BUCHANAN,
an individual,

        Defendants.

---

## ORIGINAL ANSWER OF FLEET NATIONAL BANK F/K/A BANKBOSTON, N.A.

TO THE COURT:

    COMES NOW, Fleet National Bank f/k/a BankBoston, N.A., Defendant herein ("BankBoston"), and file this its Original Answer to Plaintiffs' Complaint and Demand for Jury Trial.

1

# I.

## ANSWERS TO SPECIFIC ALLEGATIONS

1.     BankBoston admits that Plaintiffs seek to recover damages but denies the remaining allegations contained in paragraph 1.

2.     BankBoston has insufficient information or knowledge to admit or deny the allegations contained in paragraphs 2 – 9, and therefore denies same.

3.     With respect to paragraph 10, BankBoston admits that Fleet National Bank f/k/a BankBoston, N.A. is a national banking association.

4.     BankBoston has insufficient information or knowledge to admit or deny the allegations contained in paragraphs 11-16, and therefore denies same.

5.     BankBoston is not required to respond to the legal conclusions contained in paragraphs 17, 18 and 19, but to the extent an answer is required, BankBoston denies the allegations contained in those paragraphs.

6.     BankBoston does not have sufficient knowledge or information to admit or deny the allegations contained in paragraphs 20 – 78, and therefore denies same.

7.     BankBoston admits that there was a meeting in Atlanta, Georgia on June 15, 1999, among Evans, Rowsey, Kennedy and representatives from BankBoston but denies that Evans "led" the meeting and otherwise denies the remainder of the allegations in paragraph 79.

8.     BankBoston admits that at the meeting Evans voluntarily presented the participants with a copy of the revised Master Development Budget containing figures based on the business plan Eiger had for the Project and that it was discussed.  BankBoston denies the remaining allegations contained in paragraph 80.

9.     BankBoston admits that Nick Whiting of BankBoston, who was previously employed

by BankBoston, requested that Evans e-mail the revised Master Development Budget to both Kennedy and Bob Avil, another representative of BankBoston, but otherwise denies the remainder of the allegations contained in paragraph 81.

10.    BankBoston denies the allegations contained in the first and second sentences of paragraph 82. BankBoston admits that personnel of BankBoston and Eiger requested Evans to edit the Master Development Budget to include revised spreadsheets that incorporated the financial structure (*i.e.,* letter of credit financing) stipulated to by BankBoston and Eiger. BankBoston denies the remaining allegations contained in paragraph 82.

11.    BankBoston admits that the revised Master Development Budget contained the language quoted in paragraph 83, but otherwise denies the remainder of the allegations in that paragraph.

12.    BankBoston admits that at the meeting Evans described the format of a draw package previously used by Lochmere and that BankBoston accepted Evan's offer to prepare and submit a form of a draw package for review and approval. BankBoston denies the remaining allegations contained in paragraph 84.

13.    BankBoston has insufficient information or knowledge to admit or deny the allegations in the first sentence of paragraph 85 and therefore denies same. With respect to the second sentence of paragraph 85, BankBoston admits that an appraisal was necessary before BankBoston would close upon the credit facility pertaining to the Hammock Dunes project. BankBoston admits that BankBoston needed certain information in order to conduct its underwriting of the proposed financing, that Eiger asked how that could most easily be accomplished and that Evans volunteered to provide certain information. BankBoston denies the remaining allegations contained in paragraph 85.

3

14.     BankBoston admits that Eiger asked how the information needed by Tracy Plott could most easily be supplied. BankBoston has insufficient information to admit or deny the remaining allegations in paragraph 86 and therefore denies same.

15.     BankBoston admits that at the meeting Rowsey told the BankBoston representatives that Lochmere would be responsible for the land use development of the Hammock Dunes project and denies the remaining allegations contained in paragraph 87.

16.     BankBoston is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 88, and therefore denies same.

17.     BankBoston objects to the allegations contained in paragraph 89 in the use of the words "involvement" and "instrumental" and as a result has insufficient information or knowledge to admit or deny the allegations, and therefore denies same.

18.     BankBoston is without sufficient information to admit or deny the allegations contained in paragraphs 90 – 107, and therefore denies same.

19.     BankBoston is without sufficient knowledge to admit or deny the allegations contained in paragraph 108 relating to Lane, JTL Capital, Eiger, Rowsey and HD Associates. BankBoston admits that it returned documents to Lochmere, but otherwise denies the remainder of the allegations in paragraph 108.

20.     BankBoston denies the allegations contained in paragraph 109.

21.     BankBoston admits that on or about November 30, 1999, H.D. Associates closed on the Hammock Dunes project and denies the remaining allegations contained in paragraph 110.

22.     BankBoston is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 111, and therefore denies same.

23.     BankBoston denies the allegations contained in paragraph 112.

24.     BankBoston is without sufficient information to admit or deny the allegations contained in paragraph 113, and therefore denies same.

25.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 114-126 on the grounds that Count I is not brought against them.

26.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 127 – 139 on the grounds that Count II is not brought against them.

27.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 140-151 on the grounds that Count III is not brought against  them.

28.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 152 – 163 on the grounds that Count IV is not brought against them.

29.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 164 – 171 on the grounds that Count V is not brought against them.

30.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 172 – 179 on the grounds that Count VI is not brought against them.

31.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 180 – 187 on the grounds that Count VII is not brought against them.

32.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 188 – 195 on the grounds that Count VIII is not brought against them.

33.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 196-202 on the grounds that Count IX is not brought against them.

34.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 203-210 on the grounds that Count X is not brought against them.

35.     BankBoston is not required to admit or deny any factual allegations contained in

paragraphs 211 – 218 on the grounds that Count XI is not brought against them.

36.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 219 – 226 on the grounds that Count XII is not brought against them.

37.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 227 – 234 on the grounds that Count XIII is not brought against them.

38.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 235 – 242 on the grounds that Count XIV is not brought against any of them.

39.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 243 – 252 on the grounds that Count XV is not brought against them.

40.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 253 – 262 on the grounds that Count XVI is not brought against them.

41.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 263 – 268 on the grounds that Count XVII is not brought against them.

42.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 269 – 273 on the grounds that Count XVIII is not brought against them.

43.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 274 – 279 on the grounds that Count XIX is not brought against them.

44.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 280 – 285 on the grounds that Count XX is not brought against them.

45.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 286 – 291 on the grounds that Count XXI is not brought against them.

46.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 292 – 298 on the grounds that Count XXII is not brought against them.

47.     BankBoston incorporates its answers to paragraphs 1-113 in answer to paragraph 299 of the Complaint.

48.     BankBoston is not required to admit or deny the legal conclusions contained in paragraphs 300 - 304. To the extent there are any factual allegations contained in those paragraphs, BankBoston denies them.

49.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 305 – 311 on the grounds that Count XXIV is not brought against them.

50.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 312 – 318 on the grounds that Count XXV is not brought against them.

51.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 319 – 325 on the grounds that Count XXVI is not brought against them.

52.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 326 – 332 on the grounds that Count XXVII is not brought against them.

53.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 333 – 339 on the grounds that Count XXVIII is not brought against them.

54.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 340-346 on the grounds that Count XXIX is not brought against them.

55.     BankBoston incorporates its answers to paragraphs 1-113 in answer to paragraph 347 of the Complaint.

56.     BankBoston is not required to admit or deny the legal conclusions contained in paragraphs 348 – 353. To the extent there are any factual allegations contained in those paragraphs, BankBoston denies them.

57.     BankBoston is not required to admit or deny any factual allegations contained in

paragraphs 354 – 363 on the grounds that Count XXXI is not brought against them.

58.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 364 – 373 on the grounds that Count XXXII is not brought against them.

59.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 374 – 383 on the grounds that Count XXXIII is not brought against     them.

60.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 384 – 392 on the grounds that Count XXXIV is not brought against them.

61.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 393 – 402 on the grounds that Count XXXV is not brought against them.

62.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 403 – 412 on the grounds that Count XXXVI is not brought against them.

63.     BankBoston incorporates its answers to paragraphs 1-113 in answer to paragraph 413 of the Complaint.

64.     BankBoston is not required to admit or deny the legal conclusions contained in paragraphs 414 - 422.  To the extent there are any factual allegations contained in those paragraphs, BankBoston denies them.

65.     BankBoston incorporates its answer to paragraph 113 in answer to paragraph 423 of the Complaint.

66.     BankBoston is not required to admit or deny any legal conclusions contained in paragraphs 424 – 427.  To the extent that there are any factual allegations contained in those paragraphs, BankBoston denies them.

67.     BankBoston denies that Plaintiffs are entitled to any of the relief they seek against BankBoston in any prayer for relief.

## II.

## AFFIRMATIVE DEFENSES

68. The Complaint, and each count thereof, fails to state a claim upon which relief can be granted.

69. There has been a complete failure of the consideration supporting any contractual claims on which the counts of the Complaint are based.

70. Plaintiffs failed adequately to mitigate their damages.

71. Any data, information and/or expertise provided by Plaintiffs to these Defendants could not constitute trade secrets under Florida law.

72. Plaintiffs consented to the transfer of the data and/or information allegedly given to BankBoston and for that and other reasons cannot maintain a claim for conversion.

73. Some or all of Plaintiffs' claims are barred by the economic loss doctrine.

74. Plaintiffs' recovery is barred, in whole or in part, by the doctrine of waiver.

75. Plaintiffs' recovery is barred, in whole or in part, by the doctrine of estoppel.

76. Plaintiffs' recovery is barred, in whole or in party, by the doctrine of unclean hands.

77. BankBoston acted as a lender in connection with the Hammock Dunes project and closing on or about November 30, 1999. The Bank lacked any contract (whether oral or written, express or implied), duty or obligation to compensate the Plaintiffs, or either of them, for information allegedly provided on a voluntary and/or consensual basis to the Bank. The Plaintiffs are barred from recovery against this Defendant.

78. Plaintiffs' recovery is barred, in whole or in part, by the doctrine of ratification.

79. BankBoston detrimentally relied upon the information voluntarily and/or consensually provided to BankBoston in connection with the closing on or about November 30, 1999

as to the Hammock Dunes project.

80. Plaintiffs' claims for conspiracy against this Defendant must fail due to the absence of any legally sufficient, underlying independent tort or wrong.

81. Any and all damages suffered by the Plaintiffs were the sole and proximate result of actions of the Plaintiff(s) and/or other(s) not under the control of this Defendant.

82. Any damages alleged or incurred by the Plaintiffs, if at all, are a direct result of the intervening conduct (acts and/or omissions) of other person(s) and/or entity(ies) and, accordingly, the Plaintiffs are barred from any recovery against this Defendant.

83. Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations and/or the equitable doctrine of laches.

<div style="margin-left: 40%;">

Respectfully submitted

SHACKLEFORD, FARRIOR, STALLINGS
& EVANS, P.A.

By: _____
Daniel F. Molony
Florida Bar No. 271330
Michael P. Winter
Florida Bar No. 105589
501 E. Kennedy Blvd., Suite 1400
Tampa, Florida 33602-5246
(813) 273-5000  Phone
(813) 273-5145 Facsimile

and

HALEY, SINAGRA & PEREZ
Dora Kaufman, Esq.
Florida Bar No. 771244
100 SE 3rd Avenue, Suite 1900
Fort Lauderdale, FL  33394
(954) 467-1300  Phone
(954) 467-1372  Facsimile
COUNSEL FOR FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.

</div>

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served on the following counsel of record on this 8th day of June, 2000, via U.S. Mail: Jay J. Bartlett, Esq., Bricklemyer, Smolker & Bolves, P.A., 500 E. Kennedy Blvd. Ste 200, Tampa, Florida 33602 and Alan B. Gerlach, Esq., Broad & Cassel, 390 N. Orange Avenue, Suite 1100, Orlando, FL 32801.

SF: 367157