UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC. and
LOCHMERE REALTY, INC.,

        Plaintiffs,

                                  Case No.: 8:00-CV-1026-T-27B

v.

EIGER FUND I, L.P., a Delaware Limited
Partnership; EIGER, INC., a Delaware
Corporation; EIGER PARTNERS, L.P.,
a Delaware Limited Partnership;
DAVID LANE, an individual; BARNETT
LANE INVESTMENTS, INC., a Texas
Corporation; JTL CAPITAL, L.L.C., a
Texas limited liability company;
H.D. ASSOCIATES, L.P., a Delaware
Limited Partnership; BANKBOSTON,
N.A., a national association; PAUL E.
ROWSEY, III, an individual;
DAVID M. JACOBS, an individual; and,
WILLIAM S. BUCHANAN, an individual,

        Defendants.
_____/

## CASE MANAGEMENT REPORT

    1.    **Meeting of Parties**: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on June 28, 2000 at 4:30 p.m. at the offices of Shackleford, Farrior, Stallings & Evans, P.A., 501 E. Kennedy Blvd., Suite 1400, Tampa, FL 33602 and was attended by:

| Name | Counsel for (if applicable) |
| --- | --- |
| Gregory J. Orcutt | Plaintiffs |
| Daniel F. Molony and Carol E. Farquhar | Defendants Eiger Fund I, L.P., Eiger, Inc., Eiger Partners, L.P., H.D. Associates, L.P., Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs, William S. Buchanan, Fleet National Bank f/k/a BankBoston, N.A. |

13

Dora F. Kaufman

Defendant Fleet National Bank f/k/a BankBoston, N.A.

Alan M. Gerlach and
John W. Greene

Defendants David Lane, Barnett Lane Investments,
Inc. and JTL Capital, Inc.

2.   <u>Pre Discovery Initial Disclosures of Core Information</u>:

a.   Fed. R. Civ. P. 26(a)(1)(C)&(D) Disclosures *(Local Rule 3.05(d) provides that these disclosures are mandatory in Track Two Cases and optional in other cases unless otherwise ordered by the Court. Complete the following in all Track Two cases and, when applicable, in Track Three Cases):*

The parties

_____ have exchanged (check one)
__X__ agree to exchange (check one)

information described in Fed. R. Civ. P. 26(a)(1)(C)&(D)
_____ on (check one)
__X__ by August 10, 2000.  Below is a detailed description of information disclosed or scheduled for disclosure.

> 1.   A computation of any category of damages claimed by Plaintiffs, including the documents and other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extend of the injuries suffered.
>
> 2.   Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy any judgment.

b.   Fed.R. Civ. P. 26(a)(1)(A)&(B) Disclosures.

The parties do not stipulate to these disclosures.

3.   <u>Discovery Plan - Plaintiff</u>:  The parties jointly propose the following Plaintiffs' discovery plan:

a.   <u>Plaintiffs' Planned Discovery</u>:  A description of every discovery effort Plaintiff plans to pursue is described below.

(1)    Requests for Admission:

Plaintiffs anticipate that they may serve Requests for Admissions in accordance with Federal Rules of Civil Procedure. Such Requests for Admissions shall be related to authenticity of documents, factual matters related to issues of liability, damages and such other matters as may arise in discovery. Any such Requests for Admissions shall be served no later than thirty (30) days prior to discovery cutoff.

(2)    Written Interrogatories:

Plaintiffs may serve Interrogatories in accordance with the Federal Rules of Civil Procedure. Such Interrogatories shall be related to identification of documents, identification of witnesses, factual matters related to liability and damages, and such other matters as may arise in discovery. Any such Interrogatories shall be served no later than thirty (30) days prior to discovery cutoff.

(3) Requests for Production or Inspection:

Plaintiffs may serve Requests for Production in accordance with the Federal Rules of Civil Procedure. Such Requests for Production shall seek production of documents related to the issues in this case and shall be served no later than thirty (30) days prior to discovery cutoff.

(4)    Oral Depositions:

Plaintiffs intend to take depositions in accordance with the Federal Rules of Civil Procedure. Such depositions shall be of the parties, fact witnesses and expert witnesses and shall be completed no later than the discovery cutoff date.

b.    Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due on or before January 24, 2001.

c.    Supplementation of Disclosure and Responses: Plaintiffs' supplementation under Fed. R. Civ. P. 26(e) will be provided within thirty (30) days of such supplemental information becoming known or available.

d.    Completion of Discovery: Plaintiffs will commence all discovery in time for it to be completed on or before April 24, 2001.

-3-

4.    <u>Discovery Plan - Defendant</u>:   The parties jointly propose the following Defendants' discovery plan:

a.    <u>Defendants' Planned Discovery</u>:  A description of every discovery effort Defendant plans to pursue is described below.

(1)    <u>Requests for Admission</u>:

Defendants anticipate that they serve Requests for Admissions in accordance with the Federal Rules of Civil Procedure.  Such Requests for Admissions shall be related to authenticity of documents, factual matters related to issues of liability, damages and such other matters as may arise in discovery.  Any such Requests for Admissions shall be served no later than thirty (30) days prior to discovery cut-off.

(2)    <u>Written Interrogatories</u>:

Defendants may serve Interrogatories in accordance with the Federal Rules of Civil Procedure.  Such Interrogatories shall be related to identification of documents, identification of witnesses, factual matters related to liability and damages, and such other matters as may arise in discovery.  Any such Interrogatories shall be served no later than thirty (30) days prior to discovery cutoff.

(3)    <u>Requests for Production or Inspection</u>:

Defendants may serve Requests for Production in accordance with the Federal Rules of Civil Procedure.  Such Requests for Production shall seek production of documents related to the issues in this case and shall be served no later than thirty (30) days prior to discovery cutoff.

(4)    <u>Oral Depositions</u>:

Defendants intend to take depositions in accordance with the Federal Rules of Civil Procedure.  Such depositions shall be of the parties, fact witnesses and expert witnesses and shall be completed no later than the discovery cutoff date.

b.    <u>Disclosure of Expert Testimony</u>:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendants' Fed. R. Civ. P. 26(a)(2) disclosure will be due on or before March 8, 2001.

c.    <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendants' supplementation under Fed. R. Civ. P. 26(e) will be provided within thirty (30) days of such supplemental information becoming known or available.

-4-

d.    Completion of Discovery: Defendant will commence all discovery in time for it to be completed on or before April 24, 2001.

5.    Joint Discovery Plan - Other Matters: Parties agree on the following other matters relating to discovery (e.g., handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

a.    The parties shall attempt to stipulate to a proposed, agreed confidentiality order for entry by the court.

6.    Disagreement or Unresolved Issues Concerning Discovery Matters:

None at this time.

7.    Third Party Claims, Joinder of Parties, Potentially Dispositive Motions: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be:

1.    Motions for leave to file third party claims and to join parties shall be filed in accordance with the Local Rule 4.03.

2.    Dispositive motions shall be filed no later than June 1, 2001.

8.    Settlement and Alternative Dispute Resolution. Parties agree that settlement is

____ likely    (check one)
_X_ unlikely

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
____yes   _X_no   ____likely to agree in future

Parties agree to participate in court annexed mediation as detailed in Chapter Nine of the Court's Local Rules.
____yes   ____no   _X_likely to agree in future

If Yes, the order of referral described in Local Rule 9.04 should be entered by the court on _____ (date) designating _____ (name) to serve as mediator.

Parties agree to consent to trial presided over by United States Magistrate Judge
___yes   _X_no   ___likely to agree in future

9.    Preliminary Pretrial Conference:

Track Three Cases:  Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases: Parties
___request  (check one)
_X_do not request
a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be addressed at such a conference include: None at this time.

10.    Final Pretrial Conference and Trial:  Parties agree that they will be ready for a final pretrial conference on or after October 15, 2001 and for trial on or after November 15, 2001.  This **Jury_X_ Non-Jury** ___ trial is expected to take approximately 50 hours.

11.    Pretrial Disclosures and Final Pretrial Procedures:  Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

In order to expedite execution of this Case Management Report, counsel has agreed that it may be executed in counterparts.

Dated: _JULY 5, 2000_

Alan S. Loewinsohn
Carol E. Farquhar
PEZZULI & LOEWINSOHN, L.L.P.
18383 Preston Road
Suite 110
Dallas, TX 75252
(972) 713-1300
(972) 713-1313 - Facsimile

_Daniel F. Molony_
Daniel F. Molony
Florida Bar No. 271330
SHACKLEFORD, FARRIOR, STALLINGS
 & EVANS, P.A.
501 E. Kennedy Blvd., Suite 1400
P.O. Box 3324
Tampa, FL 33601
(813) 273-5000
(813) 273-5145 - Facsimile

Attorneys for Eiger Fund I, L.P., Eiger, Inc.,
Eiger Partners, L.P., H.D. Associates, L.P.,
Paul E. Rowsey, III, C. Todd Miller, David M.
Jacobs, William W. Buchanan and Fleet
National Bank f/k/a BankBoston, N.A.

and

Dora Kaufman, Esq.
Florida Bar No. 771244
HALLEY, SINAGRA & PEREZ
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394
(954) 467-1300
(954) 467-1372 - Facsimile

Co-Counsel for Fleet National Bank f/k/a
 BankBoston, N.A.

-7-

Dated: 7/3/200

Gregory J. Orcutt
Florida Bar No. 230855
Jay J. Bartlett
Florida Bar No. 875163
BRICKLEMYER SMOLKER & BOLVES, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602
223-3888
FAX#: 228-6422

Attorneys for Plaintiff

Dated: June 30, 2000

John W. Greene
HILL GILSTRAP, P.C.
1400 West Abram Street
Arlington, TX 76013
(817) 261-2222
(817) 861-4685 - Facsimile

Alan M. Gerlach
Florida Bar No. 199184
BROAD AND CASSEL
390 North Orange Avenue, Suite 1100
Orlando, FL 32801
(407) 839-4200
(407) 426-8377 - Facsimile

Attorneys for Defendants David Lane, Barnett
Lane Investments, Inc. and JTL Capital, Inc.

-9-