**UNITED STATES DISTRICT COURT**

Middle District of Florida

LOCHMERE DEVELOPMENT GROUP,
INC., and LOCHMERE REALTY, INC.,

    Plaintiffs,

vs.

EIGER FUND I, L.P., et al.,

    Defendants.

_____/

CASE NO.: 8:00-CV-1026-T-27B
State Court No.: 00-02525/Div. I

## LOCHMERE DEVELOPMENT GROUP AND LOCHMERE REALTY, INC.'S
## <u>MOTION TO COMPEL</u>

Plaintiffs, LOCHMERE DEVELOPMENT GROUP and LOCHMERE REALTY, INC. (hereinafter referred to as "LOCHMERE") files its Motion to Compel production of documents from Defendants, DAVID LANE, BARNETT LANE INVESTMENTS, INC., and JTL CAPITAL, L.L.C., ("the LANE Defendants") pursuant to Rule 37, Fed.R.Civ.P., and in support thereof would state as follows:

1.    LOCHMERE served its First Request for Production to on August 24, 2000, a copy of which is attached as Exhibit "A." (The definition section of LOCHMERE's First Request for Production describes the various Defendants as either "LANE, EIGER, or BANKBOSTON Defendants.")

2.    On September 21, 2000, the LANE Defendants filed their response objecting to many of the requested documents on various grounds, a copy of which is attached hereto as Exhibit "B."

## GENERAL BACKGROUND

This is a lawsuit seeking damages for violation of Florida's Uniform Partnership Act, fraud, unjust enrichment, violation of Florida's Uniform Trade Secrets Act, conversion and conspiracy.

LOCHMERE contends that it entered into a partnership for the purchase and development of a real estate project named Hammock Dunes ("the Project"), LOCHMERE further contends that Defendants breached this partnership, conspired against and defrauded LOCHMERE by utilizing its development experience and trade secrets and then closing on the Project without including LOCHMERE.

Specifically, LOCHMERE contends that the EIGER Defendants accepted the compensation terms of the original partnership between LOCHMERE and the LANE Defendants and then, after utilizing LOCHMERE's expertise and trade secrets to secure financing and to execute a purchase contract for the Project, which included a nonrefundable $3,000,000 deposit, attempted to renegotiate those compensation terms with LOCHMERE by significantly decreasing its participation in the profits of the Project.

LOCHMERE's primary claim for damages will be lost profits that it would have earned if the terms of the partnership had been honored.  To this end, LOCHMERE has requested financial data from the various Defendants to confirm that it was the LOCHMERE projections and trade secrets that were utilized to secure financing and in making the decision to enter into a purchase agreement, by a deadline imposed by the Seller, that included a nonrefundable $3,000,000 deposit.

LOCHMERE is also seeking the financial data on the Project as it is now being developed by Defendants to prove "lost profits."  LOCHMERE must be able to determine

2

what profits are being generated by the Project.

The LANE Defendants have utilized one objection for most of the document requests. This objection states:

> "Defendant objects to this request to the extent that it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matter protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.
>
> Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

This objection has been made to document requests numbered 1 through 31 and 36 through 39. Requests 46, 48 and 49 include this provision but add other objections that will be discussed below. Document requests numbered 1 through 31 and 36 through 39 are listed below.

## LOCHMERE REQUESTS TO THE LANE DEFENDANTS:

1.     All documents which evidence, refer or relate to each and every communication between you and Lochmere Development and specifically as it relates to the Hammock Dunes Project.

2.    All documents which evidence, refer or relate to each and every communication between you and Lochmere Realty and specifically as it relates to the Hammock Dunes Project.

3.    All documents which evidence, refer or relate to each and every communication between you and Evans and specifically as it relates to the Hammock Dunes Project.

4.    All documents which evidence, refer or relate to each and every communication between you and Rowsey and specifically as it relates to the Hammock Dunes Project.

5.    All documents which evidence, refer or relate to each and every communication between you and Eiger Fund and specifically as it relates to the Hammock Dunes Project.

6.    All documents which evidence, refer or relate to each and every communication between you and the Eiger Defendants and specifically as it relates to the Hammock Dunes Project.

7.    All documents which evidence, refer or relate to each and every communication between you and Eiger Partners and specifically as it relates to the Hammock Dunes Project.

8.    All documents which evidence, refer or relate to each and every communication between you and H.D. Associates and specifically as it relates to the Hammock Dunes Project.

9.    All documents which evidence, refer or relate to each and every communication between you and C. Todd Miller and specifically as it relates to the Hammock Dunes Project.

10.   All documents which evidence, refer or relate to each and every communication between you and David M. Jacobs and specifically as it relates to the Hammock Dunes Project.

11.   All documents which evidence, refer or relate to each and every communication between you and William S. Buchanan and specifically as it relates to the Hammock Dunes Project.

12.   All documents which evidence, refer or relate to each and every communication between any of the Lane Defendants and specifically as it relates to the Hammock Dunes Project.

13.   All documents which evidence, refer or relate to each and every communication between you and BankBoston and specifically as it relates to the Hammock Dunes Project.

14.  All documents which evidence, refer or relate to each and every communication between you and Jim Gardner and specifically as it relates to the Hammock Dunes Project.

15.  All documents which evidence, refer or relate to each and every communication between you and Steve Samaha and specifically as it relates to the Hammock Dune Project.

16.  All documents which evidence, refer or relate to each and every communication between you and Dennis Hillier and specifically relating to the Hammock Dunes Project.

17.  All documents which evidence, refer or relate to each and every communication between you and ITT Community Development Corp., and specifically relating to the Hammock Dunes Project.

18.  All documents which evidence, refer or relate to each and every communication between you and Robert Canterbury and specifically relating to the Hammock Dunes Project.

19.  All documents which evidence, refer or relate to each and every communication between you and Canterbury Engineering, Inc., and specifically relating to the Hammock Dunes Project.

20.  All documents which evidence, refer or relate to each and every communication between you and Robert Dickinson and specifically relating to the Hammock Dunes Project.

21.  All documents which evidence, refer or relate to each and every communication between you and Consultants for Environmental Design, Inc. and specifically relating to the Hammock Dunes Project.

22.  All documents which evidence, refer or relate to each and every communication between you and Kevin Partel and specifically relating to the Hammock Dunes Project.

23.  All documents which evidence, refer or relate to each and every communication between you and Ralph Stewart Bowden and specifically relating to the Hammock Dunes Project.

24.  All documents which evidence, refer or relate to each and every communication between you and Stuart Bradow and specifically relating to the Hammock Dunes Project.

25. All documents which evidence, refer or relate to each and every communication between you and Environmental Management Systems, Inc. and specifically relating to the Hammock Dunes Project.

26. All documents which evidence, refer or relate to each and every communication between you and Joseph W. Hatzell and specifically relating to the Hammock Dunes Project.

27. All documents which evidence, refer or relate to each and every communication between you and Joseph J. Blake and Associates, Inc. and specifically relating to the Hammock Dunes Project.

28. All documents which evidence, refer or relate to each and every communication between you and any individual and/or entity relating to the Hammock Dunes Project.

29. All documents which evidence, refer or relate to each and every communication between you and David Roan and specifically relating to the Hammock Dunes Project including the payment of any real estate commissions, fees, reimbursement or payments of any kind to him or to any other individual and/or entity for him.

30. All documents which evidence, refer or relate to any contracts, memorandums and agreements between you and the individuals and/or entities listed in items 1 through 29 relating to the Hammock Dunes Project.

31. All documents which evidence, refer or relate to payments made by you to or received by you from the individuals and/or entities listed in items 1 through 29 relating to the Hammock Dunes Project.

36. All documents which evidence, refer or relate to any indemnification by any of the individuals and/or entities listed in items 1 through 29 for the benefit of the Lane Defendants relating to the Hammock Dunes Project.

37. All documents which evidence, refer or relate to any indemnification by any of the individuals and/or entities listed in items 1 through 29 for the benefit of the Lane Defendants relating to the Lochmere Plaintiffs

38. All documents which evidence, refer or relate to any indemnification by the Lane Defendants for the benefit of any of the individuals and/or entities listed in items 1 through 29 relating to the Hammock Dunes Project.

39. All documents which evidence, refer or relate to any indemnification by the Lane Defendants for the benefit of any of the individuals and/or entities listed in items 1 through 29 relating to the Lochmere Plaintiffs.

Although it is unclear from a reading of these responses, if the LANE Defendants' position is that their objections to the above-referenced requests are limited to work product, a non-testifying expert and attorney client product communications, LOCHMERE does not take exception to same. If the LANE Defendants' position is that these objections include other categories, LOCHMERE would request that the LANE Defendants so advise in their response to this Motion.

For responses 1 through 9, 14 and 17, the LANE Defendants state that documents were attached. For responses 10 through 13, 15, 16, 18 through 39 and 46, 48 and 49, there was no statement that documents were attached. LOCHMERE would request that the LANE Defendants specifically indicate whether communications exist responsive to these responses.

Document requests numbered 32, 40 and 41 are listed below.

**LOCHMERE REQUESTS TO THE LANE DEFENDANTS:**

32.    All Financial projections, cash flows, financial summaries, executive summaries, market studies, appraisals or any other such due diligence or financial documents, including drafts, submitted to the Eiger Defendants or BankBoston regarding the acquisition and development of Hammock Dunes.

40.    All financial projections, cash flows, financial summaries, executive summaries, market studies, appraisals or any other such due diligence or financial documents, including drafts, submitted to BankBoston relating to the acquisition and development of Hammock Dunes.

41.    All financial projections, cash flows, sales reports, financial statements, balance sheets, financial summaries, executive summaries which relate to the current financial status of the Hammock Dunes Project since its acquisition by H. D. Associates to date.

The LANE Defendants responded that they "will supplement" the responses to these requests and yet it does not appear that any such documents were produced.

Further, LOCHMERE would request that the LANE Defendants advise in their response

to this Motion whether such documents were produced or when the documents will be produced and supplemented.

**LOCHMERE REQUESTS TO THE LANE DEFENDANTS:**

33.     Your day timers, calendar or other notes evidencing, referring or relating to each and every meeting or communication between you and the individuals and/or entities listed in items 1 through 29 since January 1998.

34.     All documents which evidence, refer or relate to each trip by you to Florida related to the Hammock Dunes Project since January 1998.

35.     All documents which evidence, refer or relate to any interest in any business, venture, partnership, joint venture, or corporation whose business relates in any way to the individuals and/or entities listed in items 1 through 29 since January 1998.

48     All documents which evidence, refer or relate to any plan for the development of the Hammock Dunes Project.

49.     All documents which evidence, refer or relate to any payment by you of any expense or obligation associated with the Hammock Dunes Project.

**LANE DEFENDANTS OBJECTION TO REQUEST NO. 33:**

Defendant objects to this Request as it seeks information which is irrelevant, would be inadmissible at trial, and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to this Request inasmuch as its global nature would require undue burden, unnecessary expense, and is sought solely for harassment and annoyance of Defendant.

The business of the LANE Defendants consists of one person, DAVID LANE. LOCHMERE intends to prove that it, and not the LANE Defendants, devoted the time and effort required to perform the "due diligence" on this Project. LOCHMERE is entitled to review the day times, calendars or other notes evidencing such efforts by the LANE Defendants.

All of the documents requested in request numbered 33 should be ordered to be produced.

**LANE DEFENDANTS OBJECTION TO REQUEST NO. 34:**

**Defendant objects to this Request as it seeks information which is irrelevant, would be inadmissible at trial, and is not reasonably calculated to lead to the discovery of admissible evidence.**

**Defendant further objects to this Request inasmuch as its global nature would require undue burden, unnecessary expense, and is sought solely for harassment and annoyance of Defendant.**

LOCHMERE is entitled to review documents which show how many times and who traveled to Florida based upon LOCHMERE's position that it performed the great majority of the due diligence on the Project.

All of the documents requested in request numbered 34 should be ordered to be produced.

**LANE DEFENDANTS OBJECTION TO REQUEST NO. 35:**

**Defendant objects to this Request as it seeks information which is irrelevant, would be inadmissible at trial, and is not reasonably calculated to lead to the discovery of admissible evidence.**

**Defendant further objects to this Request inasmuch as its global nature would require undue burden, unnecessary expense, and is sought solely for harassment and annoyance of Defendant.**

**Defendant further objects to this Request as it seeks information which is irrelevant; Defendant further objects to this Request inasmuch as disclosure of same could subject Defendant to liability for the disclosure of such information and further such request constitutes an invasion of personal, constitutional and/or property rights of third persons which this Defendant is not empowered to violate.**

LOCHMERE is entitled to review the relationship between these various individuals/entities in furtherance of proving conspiracy, fraud, or violation of Florida's Uniform Partnership Act or other factual or legal issues in the case. Further, LOCHMERE

has agreed to enter into a protective/confidentiality order regarding the production of all

confidential documents exchanged by the parties.

All of the documents requested in request numbered 35 should be ordered to be

ordered to be produced.

**LANE DEFENDANTS OBJECTION TO REQUEST NO. 48:**

"Defendant objects to this request to the extent that it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matter protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

Defendant further objects to this Request inasmuch as its global nature would require undue burden, unnecessary expense, and is sought solely for harassment and annoyance of Defendant.

Defendant further objects to this Request as it seeks information which is irrelevant, would be inadmissible at trial, and is not reasonably calculated to lead to the discovery of admissible evidence.

F:\DOCS\ADHEIGER\COMPEL.LANE DEFS.DOC

10

To confirm that it was the LOCHMERE projections and trade secrets that were utilized and to determine lost profits, LOCHMERE is entitled to review the plan for development of the Project to determine how it has changed, if any, since LOCHMERE was excluded from the partnership.

All of the documents requested in request numbered 48 should be ordered to be produced.

**LANE DEFENDANTS OBJECTION TO REQUEST NO. 49:**

"Defendant objects to this request to the extent that it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matter protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

Defendant further objects to this Request inasmuch as its global nature would require undue burden, unnecessary expense, and is sought solely for harassment and annoyance of Defendant.

F:\DOCS\BOHEIGER\COMPEL.LANE DEFS.DOC

11

LOCHMERE is entitled to review financial data, including payments, relating to the Project for purposes of determining lost profits or to otherwise prove its case.

All of the documents requested in request numbered 49 should be ordered to be produced.

The undersigned hereby certifies that he has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without Court action.

Pursuant to Rule 37(a)(4), Expenses and Sanctions, if this Motion is granted or if the requested discovery is provided after this Motion is filed, the Court shall, after affording an opportunity to be heard, require the party or attorney or both of them to pay the moving party the reasonable expenses incurred in making this Motion, including attorneys' fees, unless the Court finds the Motion was filed without the Movant's first making a good faith effort to obtain the discovery without Court action or that the opposing party's response or objection was substantially justified, or that other circumstances make an award of expenses unjust.

WHEREFORE, the LOCHMERE Plaintiffs respectfully request entry of an Order compelling the production of documents responsive to LOCHMERE's First Request for Production to the LANE Defendants and for expenses and sanctions.

BRICKLEMYER, SMOLKER & BOLVES, P.A.

By:_____
Gregory J. Orcutt
Florida Bar No. 230855
500 East Kennedy Boulevard
Suite 200
Tampa, Florida 33602

F:\DOCS\BOHEIGER\COMPEL.LANE DEFS.DOC

12

(813) 223-3888
(813) 228-6422 - Facsimile
Attorneys for LOCHMERE REALTY,
INC., LOCHMERE DEVELOPMENT
GROUP, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by U. S. Mail to the parties listed on the Service List, this 11th day of January, 2001.

Gregory J. Orcutt

## SERVICE LIST

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE
INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street
Suite 2900
Tampa, FL 33602

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Wilson E. Wray, Jr.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX 75252

F:\DOCS\BDHEIGER\COMPEL.LANE DEFS.DOC

13

(Attys. for EIGER FUND I, L.P., EIGER, INC.,
EIGER PARTNERS, L.P., H.D. ASSOCIATES,
L.P., PAUL E. ROWSEY, III, C. TODD MILLER,
DAVID M. JACOBS, WILLIAM S. BUCHANAN
and FLEET NATIONAL BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

UNITED STATES DISTRICT COURT
Middle District of Florida

LOCHMERE DEVELOPMENT GROUP,
INC., and LOCHMERE REALTY, INC.,

    Plaintiffs,

vs.

                            CASE NO.: 8:00-CV-1026-T-27B
                            State Court No.: 00-02525/Div. I

EIGER FUND I, L.P., et al.,

    Defendants.

_____/

## LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY, INC., PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANTS' BARNETT LANE INVESTMENTS, INC.; JTL CAPITAL, L.L.C., AND DAVID LANE, DEFENDANTS

TO:    Defendants,. Barnett Lane Investments, Inc., JTL Capital, L.L.C., and David Lane by and through its attorney of record, Alan M. Gerlach, Esquire, Broad & Cassel, 390 North Orange Avenue, Suite 1100, Orlando, FL 32801 and John W. Greene, Esquire, Hill Gilstrap, P.C., 1400 West Abram Street, Arlington, TX 76013

    PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure you are required to serve on the undersigned your full and complete written Responses to each of the Request for Production set forth herein within thirty (30) days after the service of the Requests.

                                 Gregory J. Orcutt, Esquire
                                 Bricklemyer, Smolker & Bolves, P.A.
                                 500 East Kennedy Boulevard
                                 Suite 200
                                 Tampa, Florida 33602
                                 Florida Bar No. 230855
                                 (813) 223-3888
                                 (813) 228-6422
                                 Attorneys for Plaintiff

EXHIBIT "A"

# I.

## DEFINITIONS AND INSTRUCTIONS

1.    **"Eiger Fund"** shall mean or refer to Eiger Fund I, L.P., its agents, employees and/or representatives, and related companies.

2.    **"Eiger"** shall mean or refer to Eiger, Inc., its agents, employees and/or representatives, and related companies.

3.    **"Eiger Partners"** shall mean or refer to Eiger Partners, L.P., its agents, employees and/or representatives, and related companies.

4.    **"H.D. Associates"** shall mean or refer to H.D. Associates, L.P., its agents, employees and/or representatives, and related companies.

5.    **"BankBoston"** shall mean or refer to Fleet National Bank f/k/a BankBoston, N.A., its agents, employees and/or representatives, and related companies.

6.    **"Rowsey"** shall mean or refer to Paul Rowsey, III.

7.    **"Miller"** shall mean or refer to C. Todd Miller.

8.    **"Jacobs"** shall mean or refer to David M. Jacobs.

9.    **"Buchanan"** shall mean or refer to William S. Buchanan.

10.    **"Lane"** shall mean or refer to David Lane.

11.    **"Barnett Lane"** shall mean or refer to Barnett Lane Investments, Inc., its agents, employees and/or representatives, and related companies.

12.    **"JTL Capital"** shall mean or refer to JTL Capital, L.L.C., its agents, employees and/or representatives, and related companies.

13.    **"The Eiger Defendants"** shall mean or refer to any of Eiger Fund, Eiger, Eiger

Partners, H.D. Associates, Rowsey, Miller, Jacobs and/or Buchanan.

14.    **"The Lane Defendants"** shall mean or refer to any of Lane, JTL Capital and/or Barnett Lane.

15.    **"Hammock Dunes Project"** shall mean or refer to that certain upper scale multifaceted residential community development in Palm Coast, Florida, originally developed by ITT.

16.    **"Lochmere Development"** shall mean or refer to Lochmere Development Group, Inc., its past and present agents, employees and/or representatives, and related companies.

17.    **"Lochmere Realty," "you"** and/or **"your"** shall mean or refer to Lochmere Realty, Inc., its past and present agents, employees and/or representatives, and related companies.

18.    **"The Lochmere Plaintiffs"** shall mean any of Lochmere Development and/or Lochmere Realty.

19.    **"Evans"** shall mean or refer to Robert D. Evans.

20.    **"Document"** shall mean or refer to the unexpurgated original and each unexpurgated non-identical copy (whether different from the original because of marginal notes, other material inserted therein, or other material attached thereto, or otherwise) of any written or graphic material, however produced or reproduced, whether sent or received, or neither, including drafts and both sides thereof, and including, but not limited to: videotapes; film; audiotapes; papers; e-mails; books; letters; correspondence; telegrams; cables; telex messages; memoranda; typed or handwritten notes; notations; work papers; transcripts; minutes; resolutions; corporate minutes; reports and recordings

3

of telephone or other conversations; or interviews; conferences, or other meetings; maps; charts; plans; specifications; diagrams; photographs; affidavits; statements; summaries; opinions; reports; studies; analyses; evaluations; contracts, agreements; invoices; purchase orders; delivery tickets or receipts; ledgers; journals; financial statements; statistical records; desk calendars; appointment books; diaries; expense account records; bills; checks; lists; tabulations; summaries; sound recordings; computer printouts; data processing input and output; microfilms; newspaper articles or advertisements; all other records kept by electronic, photographic, or mechanical means; and items similar to any of the foregoing.

21.    **"Communication"** shall mean any document, oral statement, conversation, meeting, or conference, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was stated, written, recorded, or in any manner transmitted or transferred.

22.    **"Identify"** and **"identity"** as used herein shall include the following:

    a.    When used in reference to a person, shall mean his full name, present or last known home address and telephone number, present or last known business address and telephone number, employer and job title;

    b.    When used in reference to a firm or corporation, shall mean its full name and address, telephone number, any other names by which it is or has been known, its state of incorporation, and its principal place of business;

    c.    When used in reference to someone or something other than a person, firm, or corporation, shall mean its official name, organizational form, address and telephone number.

23.    **"And"** as well as **"or"** shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which might otherwise be

4

construed to be outside of its scope.

24. **"Any"** includes the word **"all,"** and **"all"** includes the word **"any."**

25. The term **"person(s)"** shall mean all individuals and entities, including, but not limited to, natural person, firms, partnerships, associations, organizations, division, joint ventures, corporations, and governmental entities, domestic or foreign.

26. Unless otherwise established by the context, the plural shall be construed to include the singular and the plural.

27. The terms **"related to," "relative to," "relating to," "refer to,"** and **"referring to"** shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitations unless specifically indicated.

28. **"Evidencing"** or **"evidences"** shall mean constituting, proving, reflecting, indicating, or probative or the existence or nature of any fact, allegation, or given matter.

29. **"Fact"** refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

30. **"Lawsuit"** shall mean the litigation, the style and number of which is found in the caption to this instrument.

31. **"Complaint"** as used herein shall mean or refer to Plaintiff's original Complaint on file in the Lawsuit or amended or supplemental petition filed thereto.

32. Any document(s) produced in response to this Request for Production shall be organized and designated to correspond to the categories in the Request and produced in a form that accurately reflects how they are maintained by you in the normal course of

5

business. Any document(s) which cannot be legible copies are to be produced in their

original form.

**You are under a duty to supplement this production in accordance with the Federal**

**Rules of Civil Procedure.**

## II.

## <u>REQUESTS FOR PRODUCTION</u>

1.  All documents which evidence, refer or relate to each and every communication between you and Lochmere Development and specifically as it relates to the Hammock Dunes Project.

2.  All documents which evidence, refer or relate to each and every communication between you and Lochmere Realty and specifically as it relates to the Hammock Dunes Project.

3.  All documents which evidence, refer or relate to each and every communication between you and Evans and specifically as it relates to the Hammock Dunes Project.

4.  All documents which evidence, refer or relate to each and every communication between you and Rowsey and specifically as it relates to the Hammock Dunes Project.

5.  All documents which evidence, refer or relate to each and every communication between you and Eiger Fund and specifically as it relates to the Hammock Dunes Project.

6.  All documents which evidence, refer or relate to each and every communication between you and the Eiger Defendants and specifically as it relates to the Hammock Dunes Project.

7.  All documents which evidence, refer or relate to each and every communication between you and Eiger Partners and specifically as it relates to the Hammock Dunes Project.

8.  All documents which evidence, refer or relate to each and every communication between you and H.D. Associates and specifically as it relates to the Hammock Dunes Project.

9. All documents which evidence, refer or relate to each and every communication between you and C. Todd Miller and specifically as it relates to the Hammock Dunes Project.

10. All documents which evidence, refer or relate to each and every communication between you and David M. Jacobs and specifically as it relates to the Hammock Dunes Project.

11. All documents which evidence, refer or relate to each and every communication between you and William S. Buchanan and specifically as it relates to the Hammock Dunes Project.

12. All documents which evidence, refer or relate to each and every communication between any of the Lane Defendants and specifically as it relates to the Hammock Dunes Project.

13. All documents which evidence, refer or relate to each and every communication between you and BankBoston and specifically as it relates to the Hammock Dunes Project.

14. All documents which evidence, refer or relate to each and every communication between you and Jim Gardner and specifically as it relates to the Hammock Dunes Project.

15. All documents which evidence, refer or relate to each and every communication between you and Steve Samaha and specifically as it relates to the Hammock Dune Project.

16. All documents which evidence, refer or relate to each and every communication between you and Dennis Hillier and specifically relating to the Hammock Dunes Project.

17. All documents which evidence, refer or relate to each and every communication between you and ITT Community Development Corp., and specifically relating to the Hammock Dunes Project.

18. All documents which evidence, refer or relate to each and every communication between you and Robert Canterbury and specifically relating to the Hammock Dunes Project.

19. All documents which evidence, refer or relate to each and every communication between you and Canterbury Engineering, Inc., and specifically relating to the Hammock Dunes Project.

7

20. All documents which evidence, refer or relate to each and every communication between you and Robert Dickinson and specifically relating to the Hammock Dunes Project.

21. All documents which evidence, refer or relate to each and every communication between you and Consultants for Environmental Design, Inc. and specifically relating to the Hammock Dunes Project.

22. All documents which evidence, refer or relate to each and every communication between you and Kevin Partel and specifically relating to the Hammock Dunes Project.

23. All documents which evidence, refer or relate to each and every communication between you and Ralph Stewart Bowden and specifically relating to the Hammock Dunes Project.

24. All documents which evidence, refer or relate to each and every communication between you and Stuart Bradow and specifically relating to the Hammock Dunes Project.

25. All documents which evidence, refer or relate to each and every communication between you and Environmental Management Systems, Inc. and specifically relating to the Hammock Dunes Project.

26. All documents which evidence, refer or relate to each and every communication between you and Joseph W. Hatzell and specifically relating to the Hammock Dunes Project.

27. All documents which evidence, refer or relate to each and every communication between you and Joseph J. Blake and Associates, Inc. and specifically relating to the Hammock Dunes Project.

28. All documents which evidence, refer or relate to each and every communication between you and any individual and/or entity relating to the Hammock Dunes Project.

29. All documents which evidence, refer or relate to each and every communication between you and David Roan and specifically relating to the Hammock Dunes Project including the payment of any real estate commissions, fees, reimbursement or payments of any kind to him or to any other individual and/or entity for him.

30. All documents which evidence, refer or relate to any contracts, memorandums and agreements between you and the individuals and/or entities listed in items 1 through 29 relating to the Hammock Dunes Project.

8

31. All documents which evidence, refer or relate to payments made by you to or received by you from the individuals and/or entities listed in items 1 through 29 relating to the Hammock Dunes Project.

32. All Financial projections, cash flows, financial summaries, executive summaries, market studies, appraisals or any other such due diligence or financial documents, including drafts, submitted to the Eiger Defendants or BankBoston regarding the acquisition and development of Hammock Dunes.

33. Your day timers, calendar or other notes evidencing, referring or relating to each and every meeting or communication between you and the individuals and/or entities listed in items 1 through 29 since January 1998.

34. All documents which evidence, refer or relate to each trip by you to Florida related to the Hammock Dunes Project since January 1998.

35. All documents which evidence, refer or relate to any interest in any business, venture, partnership, joint venture, or corporation whose business relates in any way to the individuals and/or entities listed in items 1 through 29 since January 1998.

36. All documents which evidence, refer or relate to any indemnification by any of the individuals and/or entities listed in items 1 through 29 for the benefit of the Lane Defendants relating to the Hammock Dunes Project.

37. All documents which evidence, refer or relate to any indemnification by any of the individuals and/or entities listed in items 1 through 29 for the benefit of the Lane Defendants relating to the Lochmere Plaintiffs.

38. All documents which evidence, refer or relate to any indemnification by the Lane Defendants for the benefit of any of the individuals and/or entities listed in items 1 through 29 relating to the Hammock Dunes Project.

39. All documents which evidence, refer or relate to any indemnification by the Lane Defendants for the benefit of any of the individuals and/or entities listed in items 1 through 29 relating to the Lochmere Plaintiffs.

40. All financial projections, cash flows, financial summaries, executive summaries, market studies, appraisals or any other such due diligence or financial documents, including drafts, submitted to BankBoston relating to the acquisition and development of Hammock Dunes.

41. All financial projections, cash flows, sales reports, financial statements, balance sheets, financial summaries, executive summaries which relate to the current financial status of the Hammock Dunes Project since its acquisition by H. D. Associates to date.

9

42.    All documents, including all tangible reports, physical models, compilations of data and other material prepared by any expert or for any expert in anticipation of the expert's trial or deposition testimony for each and every expert whom you may call to testify in this case.

43.    All material prepared by any expert used for consultation purposes which has been reviewed by a testifying expert in this case.

44.    Any preliminary reports from any expert which in any way expresses an opinion as to any issue in this case.

45.    If the factual observations, tests, supporting data, calculations, photographs and opinions of any expert whom you may call as a witness have not been recorded and reduced to tangible form, a report producing such observations, tests, supporting data, calculations, photographs or opinions.

46.    Any and all published treatise, periodicals or pamphlets on the subjects of science or art which you or your attorneys, or expert witnesses claim to be reliable authority which may be used at the time of trial herein.

47.    The curriculum vitae of each and every person whom you may call as an expert witness in this lawsuit.

48.    All documents which evidence, refer or relate to any plan for the development of the Hammock Dunes Project.

49.    All documents which evidence, refer or relate to any payment by you of any expense or obligation associated with the Hammock Dunes Project.

50.    All documents which evidence, refer or relate to any payment by any person or entity other than you of any expense or obligation associated with the Hammock Dunes Project.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by

10

U. S. Mail to the individuals listed on the Service List, this ___ day of August, 2000.

Gregory J. Orcutt, Esquire
Bricklemyer, Smolker & Bolves, P.A.
500 East Kennedy Boulevard
Suite 200
Tampa, Florida 33602
Florida Bar No. 230855
(813) 223-3888
(813) 228-6422
Attorneys for Plaintiff

## SERVICE LIST

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE
INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

Daniel F. Molony, Esq.
Michael P. Winter, Esq.
Skackleford, Farrior, Stallings,
& Evans, P.A.
501 E. Kennedy Blvd., Suite 1400
Tampa, FL 33602

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Wilson E. Wray, Jr.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX 75252

F:\DOCS\BO\EIGER\LANE.R4P                                11

(Attys. for EIGER FUND I, L.P., EIGER, INC.,
EIGER PARTNERS, L.P., H.D. ASSOCIATES,
L.P., PAUL E. ROWSEY, III, C. TODD MILLER,
DAVID M. JACOBS, WILLIAM S. BUCHANAN
and FLEET NATIONAL BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

UNITED STATES DISTRICT COURT
Middle District of Florida

LOCHMERE DEVELOPMENT GROUP,
INC., and LOCHMERE REALTY, INC.,

Plaintiffs,

vs.

EIGER FUND I, L.P., et al.,

Defendants.

_____/

CASE NO.: 8:00-CV-1026-T-27E
State Court No.: 00-02525/Div. I

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C.,
AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS,
LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY.
INC.'S FIRST REQUEST FOR PRODUCTION

TO:    Plaintiff Lochmere Development Group, Inc. and Lochmere Realty, Inc. by and through
their attorney of record Gregory J. Orcutt, Bricklemyer, Smolker & Bolves, P.A.. 500
East Kennedy Boulevard, Suite 200, Tampa, Florida 33602.

COME NOW, Barnett Lane Investments, Inc., JTL Capital, L.L.C., and David Lane.

Defendants in the above-styled and numbered cause, and make and file this their Responses and

Objections to Plaintiff's First Request for Production.

EXHIBIT "B"

## REQUESTS FOR PRODUCTION

1. All documents which evidence, refer or relate to each and every communication between you and Lochmere Development and specifically as it relates to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

Subject to the foregoing objections and/or privileges and without waiving same, please see attached.

2. All documents which evidence, refer or relate to each and every communication between you and Lochmere Realty and specifically as it relates to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C.,
AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS,
LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY,
INC.'S FIRST REQUEST FOR PRODUCTION                                    Page 2

agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

Subject to the foregoing objections and/or privileges and without waiving same, please see attached.

3. All documents which evidence, refer or relate to each and every communication between you and Evans and specifically as it relates to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

Subject to the foregoing objections and/or privileges and without waiving same, please see attached.

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C.,
AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS,
LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY,
INC.'S FIRST REQUEST FOR PRODUCTION                    Page 3

4. All documents which evidence, refer or relate to each and every communication between you and Rowsey and specifically as it relates to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

Subject to the foregoing objections and/or privileges and without waiving same, please see attached.

5. All documents which evidence, refer or relate to each and every communication between you and Eiger Fund and specifically as it relates to the- Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C.,
AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS,
LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY,
INC.'S FIRST REQUEST FOR PRODUCTION                              Page 4

the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

Subject to the foregoing objections and/or privileges and without waiving same, please see attached.

6. All documents which evidence, refer or relate to each and every communication between you and the Eiger Defendants and specifically as it relates to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

Subject to the foregoing objections and/or privileges and without waiving same, please see attached.

7. All documents which evidence, refer or relate to each and every communication between you and Eiger Partners and specifically as it relates to the Hammock Dunes Project.

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C., AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS, LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY, INC.'S FIRST REQUEST FOR PRODUCTION                                        Page 5

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

Subject to the foregoing objections and/or privileges and without waiving same, please see attached.

8. All documents which evidence, refer or relate to each and every communication between you and H.D. Associates and specifically as it relates to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C.,
AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS,
LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY,
<u>INC.'S FIRST REQUEST FOR PRODUCTION</u>                                        Page 6

litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

Subject to the foregoing objections and/or privileges and without waiving same, please see attached.

9. All documents which evidence, refer or relate to each and every communication between you and C. Todd Miller and specifically as it relates to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

Subject to the foregoing objections and/or privileges and without waiving same, please see attached.

10. All documents which evidence, refer or relate to each and every communication between you and David M. Jacobs and specifically as it relates to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

11. All documents which evidence, refer or relate to each and every communication between you and William S. Buchanan and specifically as it relates to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C.,
AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS,
LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY,
INC.'S FIRST REQUEST FOR PRODUCTION                                    Page 8

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

12. All documents which evidence, refer or relate to each and every communication between any of the Lane Defendants and specifically as it relates to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

13. All documents which evidence, refer or relate to each and every communication between you and BankBoston and specifically as it relates to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C., AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS, LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY, INC.'S FIRST REQUEST FOR PRODUCTION                    Page 9

Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

14. All documents which evidence, refer or relate to each and every communication between you and Jim Gardner and specifically as it relates to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26

Subject to the foregoing objections and/or privileges and without waiving same, please see attached.

15. All documents which evidence, refer or relate to each and every communication between you and Steve Samaha and specifically as it relates to the Hammock Dune Project.

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C.,
AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS,
LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY,
INC.'S FIRST REQUEST FOR PRODUCTION                                      Page 10

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

16. All documents which evidence, refer or relate to each and every communication between you and Dennis Hillier and specifically relating to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C.,
AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS,
LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY,
<u>INC.'S FIRST REQUEST FOR PRODUCTION</u>                                    Page 11

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

17. All documents which evidence, refer or relate to each and every communication between you and ITT Community Development Corp., and specifically relating to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26

Subject to the foregoing objections and/or privileges and without waiving same, please see attached.

18. All documents which evidence, refer or relate to each and every communication between you and Robert Canterbury and specifically relating to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C.,
AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS,
LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY,
<u>INC.'S FIRST REQUEST FOR PRODUCTION</u>                                    Page 12

made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

19. All documents which evidence, refer or relate to each and every communication between you and Canterbury Engineering, Inc., and specifically relating to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

20. All documents which evidence, refer or relate to each and every communication between you and Robert Dickinson and specifically relating to the Hammock Dunes Project.

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C.,
AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS,
LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY,
INC.'S FIRST REQUEST FOR PRODUCTION                    Page 13

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

21. All documents which evidence, refer or relate to each and every communication between you and Consultants for Environmental Design, Inc. and specifically relating to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C.,
AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS,
LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY,
INC.'S FIRST REQUEST FOR PRODUCTION                                    Page 14

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

22. All documents which evidence, refer or relate to each and every communication between you and Kevin Partel and specifically relating to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

23. All documents which evidence, refer or relate to each and every communication between you and Ralph Stewart Bowden and specifically relating to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C.,
AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS,
LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY,
INC.'S FIRST REQUEST FOR PRODUCTION                                    Page 15

Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

24. All documents which evidence, refer or relate to each and every communication between you and Stuart Bradow and specifically relating to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

25. All documents which evidence, refer or relate to each and every communication between you and Environmental Management Systems, Inc. and specifically relating to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted,

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C.,
AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS,
LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY,
INC.'S FIRST REQUEST FOR PRODUCTION                    Page 16

retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

26. All documents which evidence, refer or relate to each and every communication between you and Joseph W. Hatzell and specifically relating to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C.,
AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS,
LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY,
INC.'S FIRST REQUEST FOR PRODUCTION                              Page 17

27. All documents which evidence, refer or relate to each and every communication between you and Joseph J. Blake and Associates, Inc. and specifically relating to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

28. All documents which evidence, refer or relate to each and every communication between you and any individual and/or entity relating to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending

litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

29. All documents which evidence, refer or relate to each and every communication between you and David Roan and specifically relating to the Hammock Dunes Project including the payment of any real estate commissions, fees, reimbursement or payments of any kind to him or to any other individual and/or entity for him.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

30. All documents which evidence, refer or relate to any contracts, memorandums and agreements between you and the individuals and/or entities listed in items 1 through 29 relating to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not

be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26

31. All documents which evidence, refer or relate to payments made by you to or received by you from the individuals and/or entities listed in items 1 through 29 relating to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C., AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS, LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY, INC.'S FIRST REQUEST FOR PRODUCTION          Page 20

32. All Financial projections, cash flows, financial summaries, executive summaries, market studies, appraisals or any other such due diligence or financial documents, including drafts, submitted to the Eiger Defendants or BankBoston regarding the acquisition and development of Hammock Dunes.

**RESPONSE TO REQUEST:**

Will Supplement.

33. Your day timers, calendar or other notes evidencing, referring or relating to each and every meeting or communication between you and the individuals and/or entities listed in items 1 through 29 since January 1998.

**RESPONSE TO REQUEST:**

Defendant objects to this Request as it seeks information which is irrelevant, would be inadmissible at trial, and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to this Request inasmuch as its global nature would require undue burden, unnecessary expense, and is sought solely for harassment and annoyance of Defendant.

34. All documents which evidence, refer or relate to each trip by you to Florida related to the Hammock Dunes Project since January 1998.

**RESPONSE TO REQUEST:**

Defendant objects to this Request as it seeks information which is irrelevant, would be inadmissible at trial, and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to this Request inasmuch as its global nature would require undue burden, unnecessary expense, and is sought solely for harassment and annoyance of Defendant.

35. All documents which evidence, refer or relate to any interest in any business, venture, partnership, joint venture, or corporation whose business relates in any way to the individuals and/or entities listed in items 1 through 29 since January 1998.

**RESPONSE TO REQUEST:**

Defendant objects to this Request as it seeks information which is irrelevant, would be inadmissible at trial, and is not reasonably calculated to lead to the discovery of admissible evidence.

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C.,
AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS,
LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY,
INC.'S FIRST REQUEST FOR PRODUCTION                                    Page 21

Defendant further objects to this Request inasmuch as its global nature would require undue burden, unnecessary expense, and is sought solely for harassment and annoyance of Defendant.

Defendant further objects to this Request as it seeks information which is irrelevant; Defendant further objects to this Request inasmuch as disclosure of same could subject Defendant to liability for the disclosure of such information and further such request constitutes an invasion of personal, constitutional and/or property rights of third persons which this Defendant is not empowered to violate.

36. All documents which evidence, refer or relate to any indemnification by any of the individuals and/or entities listed in items 1 through 29 for the benefit of the Lane Defendants relating to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

37. All documents which evidence, refer or relate to any indemnification by any of the individuals and/or entities listed in items 1 through 29 for the benefit of the Lane Defendants relating to the Lochmere Plaintiffs.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted,

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C.,
AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS,
LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY,
INC.'S FIRST REQUEST FOR PRODUCTION                                    Page 22

retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

38. All documents which evidence, refer or relate to any indemnification by the Lane Defendants for the benefit of any of the individuals and/or entities listed in items 1 through 29 relating to the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C., AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS, LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY, INC.'S FIRST REQUEST FOR PRODUCTION                    Page 23

39. All documents which evidence, refer or relate to any indemnification by the Lane Defendants for the benefit of any of the individuals and/or entities listed in items 1 through 29 relating to the Lochmere Plaintiffs.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

40. All financial projections, cash flows, financial summaries, executive summaries, market studies, appraisals or any other such due diligence or financial documents, including drafts, submitted to BankBoston relating to the acquisition and development of Hammock Dunes.

**RESPONSE TO REQUEST:**

Will Supplement.

41. All financial projections, cash flows, sales reports, financial statements, balance sheets, financial summaries, executive summaries which relate to the current financial status of the Hammock Dunes Project since its acquisition by H. D. Associates to date.

**RESPONSE TO REQUEST:**

Will Supplement.

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C.,
AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS,
LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY,
INC.'S FIRST REQUEST FOR PRODUCTION                          Page 24

42. All documents, including all tangible reports, physical models, compilations of data and other material prepared by any expert or for any expert in anticipation of the expert's trial or deposition testimony for each and every expert whom you may call to testify in this case.

**RESPONSE TO REQUEST:**

None.

43. All material prepared by any expert used for consultation purposes which has been reviewed by a testifying expert in this case.

**RESPONSE TO REQUEST:**

None.

44. Any preliminary reports from any expert which in any way expresses an opinion as to any issue in this case.

**RESPONSE TO REQUEST:**

None.

45. If the factual observations, tests, supporting data, calculations, photographs and opinions of any expert whom you may call as a witness have not been recorded and reduced to tangible form, a report producing such observations, tests, supporting data, calculations, photographs or opinions.

**RESPONSE TO REQUEST:**

None.

46. Any and all published treatise, periodicals or pamphlets on the subjects of science or art which you or your attorneys, or expert witnesses claim to be reliable authority which may be used at the time of trial herein.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C.,
AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS,
LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY,
INC.'S FIRST REQUEST FOR PRODUCTION                                    Page 25

be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26

Defendant further objects to this Request inasmuch as its global nature would require undue burden, unnecessary expense, and is sought solely for harassment and annoyance of Defendant.

47. The curriculum vitae of each and every person whom you may call as an expert witness in this lawsuit.

**RESPONSE TO REQUEST:**

None.

48. All documents which evidence, refer or relate to any plan for the development of the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C.,
AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS,
LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY,
INC.'S FIRST REQUEST FOR PRODUCTION                    Page 26

suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

Defendant further objects to this Request inasmuch as its global nature would require undue burden, unnecessary expense, and is sought solely for harassment and annoyance of Defendant.

Defendant further objects to this Request as it seeks information which is irrelevant, would be inadmissible at trial, and is not reasonably calculated to lead to the discovery of admissible evidence.

49. All documents which evidence, refer or relate to any payment by you of any expense or obligation associated with the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

Defendant objects to this Request to the extent it seeks documents and/or information constituting attorney work product, the identity, impressions or opinions of an expert informally consulted, retained or specially employed in anticipation of litigation or preparation for trial but who will not be called as an expert witness and whose documents or tangible things containing impressions or opinions have not been reviewed by testifying expert, statements of potential witnesses and parties made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, communications between agents or representatives or the employees of Defendant or communications between Defendant and Defendant's agents, representatives or employees made subsequent to the occurrence upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, and matters protected from disclosure by the attorney-client privilege, all protected from disclosure pursuant to Rule 26; and Rule 34.

Defendant further objects to this Request as it seeks to directly invade the mental impressions, opinions and trial strategies of Defendant and counsel for Defendant and seeks matters constituting attorney work product, exempt from disclosure pursuant to Rule 26.

Defendant further objects to this Request inasmuch as its global nature would require undue burden, unnecessary expense, and is sought solely for harassment and annoyance of Defendant.

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C., AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS, LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY, INC.'S FIRST REQUEST FOR PRODUCTION                                    Page 27

Defendant further objects to this Request as it seeks information which is irrelevant, would be inadmissible at trial, and is not reasonably calculated to lead to the discovery of admissible evidence.

50. All documents which evidence, refer or relate to any payment by any person or entity other than you of any expense or obligation associated with the Hammock Dunes Project.

**RESPONSE TO REQUEST:**

None.

*See also, Exhibits to Lochmere's Complaint filed April 3, 2000

Respectfully submitted,

HILL GILSTRAP

John W. Greene
State Bar No. 08391520
1400 West Abram Street
Arlington, Texas 76013
(817) 261-2222
(817) 277-3249 Fax

ATTORNEYS FOR DEFENDANT

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded via U.S. Certified Mail, Return Receipt Requested, to all counsel of record on the 21st day of September, 2000.

John W. Greene

BARNETT LANE INVESTMENTS, INC., JTL CAPITAL, L.L.C., AND DAVID LANE, DEFENDANTS' RESPONSES TO PLAINTIFFS, LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY, INC.'S FIRST REQUEST FOR PRODUCTION                    Page 28