## UNITED STATES DISTRICT COURT
### Middle District of Florida

LOCHMERE DEVELOPMENT GROUP,
INC., and LOCHMERE REALTY, INC.,

     Plaintiffs,

vs.

EIGER FUND I, L.P., et al.,

     Defendants.

_____/

CASE NO.: 8:00-CV-1026-T-27B
State Court No.: 00-02525/Div. I

## LOCHMERE DEVELOPMENT GROUP AND LOCHMERE REALTY, INC.'S
## <u>MOTION TO COMPEL</u>

Plaintiffs, LOCHMERE DEVELOPMENT GROUP and LOCHMERE REALTY, INC. (hereinafter referred to as "LOCHMERE") files its Motion to Compel production of documents from Defendant, FLEET NATIONAL BANK f/k/a BANKBOSTON ("BANKBOSTON") pursuant to Rule 37, Fed.R.Civ.P., and in support thereof would state as follows:

1.     LOCHMERE served its First Request for Production to on August 24, 2000, a copy of which is attached as Exhibit "A.". (The definition section of LOCHMERE's First Request for Production describes the various Defendants as either "BANKBOSTON, EIGER, or LANE Defendants.")

2.     On October 16, 2000, BANKBOSTON filed its response objecting to the great majority of the requested documents on various grounds, a copy of which is attached hereto as Exhibit "B."

### <u>GENERAL BACKGROUND</u>

This is a lawsuit seeking damages for violation of Florida's Uniform Partnership Act,



fraud, unjust enrichment, violation of Florida's Uniform Trade Secrets Act, conversion and conspiracy.

LOCHMERE contends that it entered into a partnership for the purchase and development of a real estate project named Hammock Dunes ("the Project"), LOCHMERE further contends that Defendants breached this partnership, conspired against and defrauded LOCHMERE by utilizing its development experience and trade secrets and then closing on the Project without including LOCHMERE.

Specifically, LOCHMERE contends that the EIGER Defendants accepted the compensation terms of the original partnership between LOCHMERE and the LANE Defendants and then, after utilizing LOCHMERE's expertise and trade secrets to secure financing and to execute a purchase contract for the Project, which included a nonrefundable $3,000,000 deposit, attempted to renegotiate those compensation terms with LOCHMERE by significantly decreasing its participation in the profits of the Project.

LOCHMERE's primary claim for damages will be lost profits that it would have earned if the terms of the partnership had been honored.  To this end, LOCHMERE has requested financial data from the various Defendants to confirm that it was the LOCHMERE projections and trade secrets that were utilized to secure financing and in making the decision to enter into a purchase agreement, by a deadline imposed by the Seller, that included a nonrefundable $3,000,000 deposit.

LOCHMERE is also seeking the financial data on the Project as it is now being developed by Defendants to prove "lost profits."  LOCHMERE must be able to determine what profits are being generated by the Project.

The BANKBOSTON Defendant has utilized one objection for most of the document requests.  This objection states:

2

"**BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for protective order is hereby made. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.**"

This objection has been made to document requests numbered 4 through 21.

Documents requests numbered 4 through 19 are listed below.

## LOCHMERE REQUESTS:

4.    All documents which evidence, refer or relate to each and every communication between you and any of the Eiger Defendants and specifically as it relates to the Hammock Dunes Project.

5.    All documents which evidence, refer or relate to each and every communication between you and any of the Lane Defendants and specifically as it relates to the Hammock Dunes Project.

6.    All documents which evidence, refer or relate to each and every communication between you and Jim Gardner and specifically as it relates to the Hammock Dunes Project.

7.    All documents which evidence, refer or relate to each and every communication between you and Steve Samaha and specifically as it relates to the Hammock Dunes Project.

8.    All documents which evidence, refer or relate to each and every communication between you and Dennis Hillier and specifically as it relates to the Hammock Dunes Project.

9.    All documents which evidence, refer or relate to each and every communication between you and ITT Community Development Corp. and specifically as it relates to the Hammock Dune Project.

10.    All documents which evidence, refer or relate to each and every

F:\DOCS\BOHEIGER\COMPEL BAN

3

communication between you and Robert Canterbury and specifically relating to the Hammock Dunes Project.

11. All documents which evidence, refer or relate to each and every communication between you and Canterbury Engineering, Inc. and specifically relating to the Hammock Dunes Project.

12. All documents which evidence, refer or relate to each and every communication between you and Robert Dickinson and specifically relating to the Hammock Dunes Project.

13. All documents which evidence, refer or relate to each and every communication between you and Consultants for Environmental Design, Inc., and specifically relating to the Hammock Dunes Project.

14. All documents which evidence, refer or relate to each and every communication between you and Kevin Partel and specifically relating to the Hammock Dunes Project.

15. All documents which evidence, refer or relate to each and every communication between you and Ralph Stewart Bowden and specifically relating to the Hammock Dunes Project.

16. All documents which evidence, refer or relate to each and every communication between you and Stuart Bradow and specifically relating to the Hammock Dunes Project.

17. All documents which evidence, refer or relate to each and every communication between you and Environmental Management Systems, Inc. and specifically relating to the Hammock Dunes Project.

18. All documents which evidence, refer or relate to each and every communication between you and Joseph W. Hatzell and specifically relating to the Hammock Dunes Project.

19. All documents which evidence, refer or relate to each and every communication between you and Joseph J. Blake and Associates, Inc. and specifically relating to the Hammock Dunes Project.

Document requests numbered 4 through 19 request documents between BANKBOSTON and either an EIGER Defendant, a LANE Defendant, or other specifically named individuals or entities, and specifically relating to the Hammock Dunes Project.

BANKBOSTON objects that these requests are vague, ambiguous and overly broad.

These questions relate specifically to the Hammock Dunes Project and are absolutely relevant. BANKBOSTON also objects that these requests seek documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. How can it be argued that documents specifically relating to the Project which is the subject matter of the litigation are vague, ambiguous, overly broad or irrelevant?

BANKBOSTON further objects to producing proprietary financial documentation regarding the Project and from producing documents created after November 30, 1999, the closing date of the purchase of the Project.

As stated above, LOCHMERE has requested financial data to confirm that it was the LOCHMERE projections and trade secrets that were utilized to secure financing and in making an expedited decision to go to contract on the Project, including the payment of a $3,000,000 nonrefundable deposit. Financial data, post closing, is also sought to prove LOCHMERE's lost profits and other damages.

BANKBOSTON cannot hide behind the shield of the claim of proprietary or confidentiality, when such documents go to the heart of LOCHMERE's case and to prove its damages.

All of the documents requested in requests numbered 4 through 19 should be ordered to be produced.

**LOCHMERE REQUEST NO. 20:**

> All documents which evidence, refer or relate to each and every communication between you and David Roan and specifically relating to the Hammock Dunes Project including the payment of any real estate commissions, fees, reimbursement or payments of any kind to him or to any other individual and/or entity for him.

Request number 20 is identical to requests 4 through 19 but adds the payment of any real estate commission, etc, again relating specifically to the Project.

5

BANKBOSTON's objection is identical to that of requests 4 through 19. (Unless so stated, LOCHMERE incorporates its arguments to earlier objections when addressing later objections that are substantially identical.)

How can it be argued that the' payment of a real estate commission or other payment is not relevant to the issues in this case, or that such a request is not reasonably calculated to lead to the discovery of admissible evidence?

All of the documents requested in request numbered 20 should be ordered to be produced.

**LOCHMERE REQUEST NO. 21:**

> All documents which evidence, refer or relate to each and every communication between you and any individual and/or entity relating to the Hammock Dunes Project.

Request numbered 21 is a "catch-all" to include each and every communication with any individual and/or entity relating to the Project. BANKBOSTON's objection is identical to that of requests 4 through 19. LOCHMERE incorporates its previous argument regarding this objection.

All of the documents requested in request numbered 21 should be ordered to be produced.

**LOCHMERE REQUEST NO. 22**

> All documents which evidence, refer or relate to any contracts, memorandums and agreements between you and the individuals and/or entities listed in items 1 through 21 relating to the Hammock Dunes Project.

**BANKBOSTON DEFENDANTS' OBJECTION:**

> "BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects

on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objection the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for protective order is hereby made. **BankBoston further objects on the grounds that this request is duplicative of requests nos. 1-21.** BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999."

BANKBOSTON's response to request numbered 22 is identical to that of requests 4 through 19 but adds that this request is duplicative of requests numbered 1 through 21. LOCHMERE incorporates its previous argument regarding this objection. In addition, LOCHMERE is entitled to review any contracts, memorandums and agreements between BANKBOSTON and the individuals and/or entities listed in requests numbered 1 through 21 relating to the Hammock Dunes Project so as to determine exactly what the financial arrangements are between the any of these individuals and/or entities. For example, what payments or share of profits were given to one party instead of LOCHMERE.

All of the documents requested in request numbered 22 should be ordered to be produced.

### LOCHMERE REQUEST NO. 23

All documents which evidence, refer or relate to payments made by you or received by you from the individuals and/or entities listed in items 1 through 21 relating to the Hammock Dunes Project.

BANKBOSTON's objection to request numbered 23 is identical to its objection to request 22. LOCHMERE incorporates its previous argument regarding this objection. In addition, LOCHMERE is entitled to review the payments made or received relating to the Project in furtherance of its efforts to prove fraud, conspiracy, violation of the Florida Uniform Partnership Act and to otherwise prove its damages.

All of the documents requested in request number 23 should be ordered to be produced.

**LOCHMERE REQUEST NO. 24:**

All financial projections, cash flows, financial summaries, executive summaries, market studies, appraisals or any other such due diligence or financial documents, including drafts, submitted to the Eiger Defendants or the Lane Defendants regarding the acquisition and development of Hammock Dunes.

BANKBOSTON's objection to request numbered 24 is identical to its objection to request numbered 22. LOCHMERE incorporates its previous argument regarding this objection. In addition, LOCHMERE contends that it was the LOCHMERE projections and trade secrets that, to a very significant extent, were utilized to secure financing and in making the decision to enter into the purchase agreement for the Project. LOCHMERE is entitled to review these documents in order to confirm this fact or to review what projections, cash flows, etc., were utilized in securing financing and entering into the purchase agreement.

All of the documents requested in request numbered 24 should be ordered to be produced.

**LOCHMERE REQUEST NO. 25:**

Your day timers, calendar or other notes evidencing, referring or relating to each and every meeting or communication between you and the individuals and/or entities listed in items 1 through 25 since January 1998.

**BANKBOSTON'S OBJECTION:**

"BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of

admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for protective order is hereby made. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999. **BankBoston further objects as this request is overly burdensome requiring BankBoston to review day times and calendars for all of its employees.**"

BANKBOSTON's objection to request numbered 25 is identical to that of request numbered 22 but adds that it further objects that this request is overly burdensome requiring BankBoston to review day timers and calendars for all of its employees.

Upon information and belief, only a small number of employees of BANKBOSTON would have been involved in the transaction which is at issue in this lawsuit. Request numbered 25 would only extend to those individuals who actually were involved in the transaction. LOCHMERE intends to prove that it, and not BANKBOSTON, devoted the time and effort required to perform the "due diligence" on this Project. LOCHMERE is entitled to review the day timers, calendars or other notes evidencing such efforts by BANKBOSTON.

All of the documents requested in request numbered 25 should be ordered to be produced.

**LOCHMERE REQUEST NO. 26:**

All documents which evidence, refer or relate to each trip by you to Florida related to the Hammock Dunes Project since January 1998.

**BANKBOSTON'S OBJECTION:**

"BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues

in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for protective order is hereby made. BankBoston further objects on the grounds that this request is duplicative of requests nos. 1-21. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999. **BankBoston further objects on the grounds that this Request is overly burdensome as requiring it to review historical expense reports prior to the merger between BankBoston and Fleet National Bank would be extremely difficult, if not impossible. The few expense reports which may actually reflect any expenses associated with Hammock Dunes would not bear on the ultimate issues in this case; and the usefulness of such documents is of extremely small significance when compared with the burdensomeness of locating same.**

BANKBOSTON's objection is identical to that of request numbered 22 but adds that it further objects on the grounds that this request is overly burdensome as requiring it to review historical expense reports prior to the merger between BankBoston and Fleet National Bank would be extremely difficult, if not impossible. The few expense reports which may actually reflect any expenses associated with Hammock Dunes would not bear on the ultimate issues in this case; and the usefulness of such documents is of extremely small significance when compared with the burdensomeness of locating same. LOCHMERE incorporates its previous argument regarding this objection. LOCHMERE is entitled to review documents which show how many times and which individuals/entities traveled to Florida based upon LOCHMERE's position that it performed the great majority of the due diligence on the Project. Further, request numbered 26 would only extend to a small number of employees of BANKBOSTON who would have been involved in the transaction which is at issue in this lawsuit. Request numbered 26 would only extend to those individuals who actually were involved in the transaction

All of the documents requested in request numbered 26 should be ordered to be produced.

**LOCHMERE REQUEST NO. 27:**

All documents which evidence, refer or relate to any interest in any business, venture, partnership, joint venture, or corporation whose business relates in any way to the individuals and/or entities listed in items 1 through 21 since January 1998.

BANKBOSTON's   objection  is  identical  to  that  of  request  numbered  22. LOCHMERE incorporates its previous argument regarding this objection.  As argued regarding the objections to requests numbered 22 and 23, LOCHMERE is entitled to review the relationship between these various individuals/entities in furtherance of proving conspiracy, fraud, or violation of Florida's Uniform Partnership Act or other factual or legal issues in the case.

All of the documents requested in request numbered 27 should be ordered to be produced.

**LOCHMERE REQUEST NO. 28**

All documents which evidence, refer or relate to any indemnification by any of the individuals and/or entities listed in items 1 through 21 for the benefit of BankBoston relating to the Hammock Dunes Project.

BANKBOSTON's objection is identical to that of request numbered 22. LOCHMERE incorporates its previous argument regarding this objection. LOCHMERE is entitled to know whether any consideration, including an indemnification was requested or received by BANKBOSTON because of the claim by LOCHMERE for compensation relating to the Hammock Dunes Project.

All of the documents requested in request numbered 28 should be ordered to be produced.

**LOCHMERE REQUEST NO. 29:**

> All documents which evidence, refer or relate to any indemnification by any of the individuals and/or entities listed in items 1 through 21 for the benefit of the Eiger Defendants relating to the Lochmere Plaintiffs.

BANKBOSTON's objection is identical to that of request numbered 22. LOCHMERE incorporates its previous argument regarding this objection. This request is similar to request numbered 28 but relates to any indemnification for the benefit of BANKBOSTON relating to the LOCHMERE Plaintiffs. LOCHMERE incorporates its previous argument regarding the objection to request numbered 28.

All of the documents requested in request numbered 29 should be ordered to be produced.

**LOCHMERE REQUEST NO. 30:**

> All documents which evidence, refer or relate to any indemnification by BankBoston for the benefit of any of the individuals and/or entities listed in items 1 through 21 relating to the Hammock Dunes Project.

**LOCHMERE REQUEST NO. 31:**

> All documents which evidence, refer or relate to any indemnification by BankBoston for the benefit of any of the individuals and/or entities listed in items 1 through 21 relating to the Lochmere Plaintiffs.

BANKBOSTON's objection to requests 30 and 31 is identical to that of request 22. LOCHMERE incorporates its previous argument regarding this objection. Requests number 30 and 31 complete the circle and request documents relating to indemnification by BANKBOSTON.

All of the documents requested in request numbered 30 and 31 should be ordered to be produced.

**LOCHMERE REQUEST NO. 32:**

> All financial projections, cash flows, financial summaries, executive summaries, market studies, appraisals or any other such due diligence or financial documents, including drafts, submitted to BankBoston relating to the acquisition and development of Hammock Dunes.

BANKBOSTON's objection to request numbered 32 is identical to that of requests numbered 22. LOCHMERE incorporates its previous argument regarding this objection and specifically its argument to the objection to request numbered 24.

Request numbered 32 substitutes BANKBOSTON for the EIGER Defendants or LANE Defendants but is relevant for the same reasons as stated in response to the objection to request 24.

All of the documents requested in request numbered 32 should be ordered to be produced.

**LOCHMERE REQUEST NO. 33**

> All financial projections, cash flows, sales reports, financial statements, balance sheets, financial summaries, executive summaries which relate to the current financial status of the Hammock Dunes Project since its acquisition by H. D. Associates to date.

BANKBOSTON's objection to is identical to that of request numbered 22. LOCHMERE incorporates its previous argument regarding this objection. LOCHMERE is entitled to review financial data on the Project as it is now being developed by Defendants to prove "lost profits." To do so, LOCHMERE must be able to determine what profits are being generated by the Project.

All of the documents requested in request numbered 33 should be ordered to be produced.

**LOCHMERE REQUEST NO. 34:**

All documents which evidence, refer or relate to any plan for the development of the Hammock Dunes Project.

BANKBOSTON's objection to request numbered 34 is identical to that of request numbered 22 through 24. LOCHMERE incorporates its previous argument regarding this objection. To confirm that it was the LOCHMERE projections and trade secrets that were utilized and to determine lost profits, LOCHMERE is entitled to review the plan for development of the Project to determine how it has changed, if any, since LOCHMERE was excluded from the partnership.

All of the documents requested in request numbered 34 should be ordered to be produced.

**LOCHMERE REQUEST NO. 35:**

All documents which evidence, refer or relate to any payment by you of any expense or obligation associated with the Hammock Dunes Project.

BANKBOSTON's objection is identical to that of request numbered 22. LOCHMERE incorporates its previous argument regarding this objection. LOCHMERE is entitled to review financial data, including payments, relating to the Project for purposes of determining lost profits or to otherwise prove its case.

All of the documents requested in request numbered 35 should be ordered to be produced.

**LOCHMERE REQUEST NO. 36:**

All documents which evidence, refer or relate to any payment by any person or entity other than you of any expense or obligation associated with the Hammock Dunes Project.

BANKBOSTON's objection is identical to that of requests numbered 22. LOCHMERE incorporates its previous argument regarding this objection and specifically its argument to the objection to request numbered 35 which LOCHMERE incorporates herein.

The documents requested in request numbered 36 should be ordered to be produced.

The undersigned hereby certifies that he has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without Court action.

Pursuant to Rule 37(a)(4), Expenses and Sanctions, if this Motion is granted or if the requested discovery is provided after this Motion is filed, the Court shall, after affording an opportunity to be heard, require the party or attorney or both of them to pay the moving party the reasonable expenses incurred in making this Motion, including attorneys' fees, unless the Court finds the Motion was filed without the Movant's first making a good faith effort to obtain the discovery without Court action or that the opposing party's response or objection was substantially justified, or that other circumstances make an award of expenses unjust.

WHEREFORE, the LOCHMERE Plaintiffs respectfully request entry of an Order compelling the production of documents responsive to LOCHMERE's First Request for

Production to BANKBOSTON and for expenses and sanctions.

**BRICKLEMYER, SMOLKER & BOLVES, P.A.**

By: _____

Gregory J. Orcutt
Florida Bar No. 230855
500 East Kennedy Boulevard
Suite 200
Tampa, Florida 33602
(813) 223-3888
(813) 228-6422 - Facsimile
Attorneys for LOCHMERE REALTY,
INC., LOCHMERE DEVELOPMENT
GROUP, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by U. S. Mail to the parties listed on the Service List, this 10th day of January, 2001.

_____
Gregory J. Orcutt

# SERVICE LIST

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE
INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
Post Office Box 898
Tampa, FL 33601-0898

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Wilson E. Wray, Jr.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX  75252

(Attys. for EIGER FUND I, L.P., EIGER, INC.,
EIGER PARTNERS, L.P., H.D. ASSOCIATES,
L.P., PAUL E. ROWSEY, III, C. TODD MILLER,
DAVID M. JACOBS, WILLIAM S. BUCHANAN
and FLEET NATIONAL BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

UNITED STATES DISTRICT COURT
Middle District of Florida

LOCHMERE DEVELOPMENT GROUP,
INC., and LOCHMERE REALTY, INC.,

    Plaintiffs,

vs.

EIGER FUND I, L.P., et al.,

    Defendants.

CASE NO.: 8:00-CV-1026-T-27B
State Court No.: 00-02525/Div. I

_____/

## LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY, INC., PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT'S FLEET NATIONAL BANK f/k/a BANKBOSTON

TO:    Defendant, Fleet National Bank f/k/a BankBoston, by and through their attorneys of record, Daniel F. Molony, Esq., Shook, Hardy & Bacon, L.L.P., 201 East Kennedy, Suite 601, Tampa, Florida 33602 and Dora Kaufman, Halley, Sinagra & Perez, 100 S.E. 3rd Avenue, Suite 1900, Ft. Lauderdale, Florida 33394.

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure you are

required to serve on the undersigned your full and complete written Responses to each

of the Request for Production set forth herein within thirty (30) days after the service of the

Requests.

Gregory J. Orcutt, Esquire
Brieklemyer, Smolker & Bolves, P.A.
500 East Kennedy Boulevard
Suite 200
Tampa, Florida 33602
Florida Bar No. 230855
(813) 223-3888
(813) 228-6422
Attorneys for Plaintiff

EXHIBIT "A"

# I.

## DEFINITIONS AND INSTRUCTIONS

1.      **"Eiger Fund"** shall mean or refer to Eiger Fund I, L.P., its agents, employees and/or representatives, and related companies.

2.      **"Eiger"** shall mean or refer to Eiger, Inc., its agents, employees and/or representatives, and related companies.

3.      **"Eiger Partners"** shall mean or refer to Eiger Partners, L.P., its agents, employees and/or representatives, and related companies.

4.      **"H.D. Associates"** shall mean or refer to H.D. Associates, L.P., its agents, employees and/or representatives, and related companies.

5.      **"BankBoston"** shall mean or refer to Fleet National Bank f/k/a BankBoston, N.A., its agents, employees and/or representatives, and related companies.

6.      **"Rowsey"** shall mean or refer to Paul Rowsey, III.

7.      **"Miller"** shall mean or refer to C. Todd Miller.

8.      **"Jacobs"** shall mean or refer to David M. Jacobs.

9.      **"Buchanan"** shall mean or refer to William S. Buchanan.

10.     **"Lane"** shall mean or refer to David Lane.

11.     **"Barnett Lane"** shall mean or refer to Barnett Lane Investments, Inc., its agents, employees and/or representatives, and related companies.

12.     **"JTL Capital"** shall mean or refer to JTL Capital, L.L.C., its agents, employees and/or representatives, and related companies.

13.     **"The Eiger Defendants"** shall mean or refer to any of Eiger Fund, Eiger, Eiger

2

Partners, H.D. Associates, Rowsey, Miller, Jacobs and/or Buchanan.

14.    **"The Lane Defendants"** shall mean or refer to any of Lane, JTL Capital and/or Barnett Lane.

15.    **"Hammock Dunes Project"** shall mean or refer to that certain upper scale multifaceted residential community development in Palm Coast, Florida, originally developed by ITT.

16.    **"Lochmere Development"** shall mean or refer to Lochmere Development Group, Inc., its past and present agents, employees and/or representatives, and related companies.

17.    **"Lochmere Realty," "you"** and/or **"your"** shall mean or refer to Lochmere Realty, Inc., its past and present agents, employees and/or representatives, and related companies.

18.    **"The Lochmere Plaintiffs"** shall mean any of Lochmere Development and/or Lochmere Realty.

19.    **"Evans"** shall mean or refer to Robert D. Evans.

20.    **"Document"** shall mean or refer to the unexpurgated original and each unexpurgated non-identical copy (whether different from the original because of marginal notes, other material inserted therein, or other material attached thereto, or otherwise) of any written or graphic material, however produced or reproduced, whether sent or received, or neither, including drafts and both sides thereof, and including, but not limited to: videotapes; film; audiotapes; papers; e-mails; books; letters; correspondence; telegrams; cables; telex messages; memoranda; typed or handwritten notes; notations; work papers; transcripts; minutes; resolutions; corporate minutes; reports and recordings

3

of telephone or other conversations; or interviews; conferences, or other meetings; maps; charts; plans; specifications; diagrams; photographs; affidavits; statements; summaries; opinions; reports; studies; analyses; evaluations; contracts, agreements; invoices; purchase orders; delivery tickets or receipts; ledgers; journals; financial statements; statistical records; desk calendars; appointment books; diaries; expense account records; bills; checks; lists; tabulations; summaries; sound recordings; computer printouts; data processing input and output; microfilms; newspaper articles or advertisements; all other records kept by electronic, photographic, or mechanical means; and items similar to any of the foregoing.

21.    **"Communication"** shall mean any document, oral statement, conversation, meeting, or conference, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was stated, written, recorded, or in any manner transmitted or transferred.

22.    **"Identify"** and **"identity"** as used herein shall include the following:

    a.    When used in reference to a person, shall mean his full name, present or last known home address and telephone number, present or last known business address and telephone number, employer and job title;

    b.    When used in reference to a firm or corporation, shall mean its full name and address, telephone number, any other names by which it is or has been known, its state of incorporation, and its principal place of business;

    c.    When used in reference to someone or something other than a person, firm, or corporation, shall mean its official name, organizational form, address and telephone number.

23.    **"And"** as well as **"or"** shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which might otherwise be

4

construed to be outside of its scope.

24.     **"Any"** includes the word **"all,"** and **"all"** includes the word **"any."**

25.     The term **"person(s)"** shall mean all individuals and entities, including, but not limited to, natural person, firms, partnerships, associations, organizations, division, joint ventures, corporations, and governmental entities, domestic or foreign.

26.     Unless otherwise established by the context, the plural shall be construed to include the singular and the plural.

27.     The terms **"related to," "relative to," "relating to," "refer to,"** and **"referring to"** shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitations unless specifically indicated.

28.     **"Evidencing"** or **"evidences"** shall mean constituting, proving, reflecting, indicating, or probative or the existence or nature of any fact, allegation, or given matter.

29.     **"Fact"** refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

30.     **"Lawsuit"** shall mean the litigation, the style and number of which is found in the caption to this instrument.

31.     **"Complaint"** as used herein shall mean or refer to Plaintiff's original Complaint on file in the Lawsuit or amended or supplemental petition filed thereto.

32.     Any document(s) produced in response to this Request for Production shall be organized and designated to correspond to the categories in the Request and produced in a form that accurately reflects how they are maintained by you in the normal course of

5

business. Any document(s) which cannot be legible copies are to be produced in their original form.

**You are under a duty to supplement this production in accordance with the Federal Rules of Civil Procedure.**

## II.

## <u>REQUESTS FOR PRODUCTION</u>

1.  All documents which evidence, refer or relate to each and every communication between you and Lochmere Development and specifically as it relates to the Hammock Dunes Project.

2.  All documents which evidence, refer or relate to each and every communication between you and Lochmere Realty and specifically as it relates to the Hammock Dunes Project.

3.  All documents which evidence, refer or relate to each and every communication between you and Evans and specifically as it relates to the Hammock Dunes Project.

4.  All documents which evidence, refer or relate to each and every communication between you and any of the Eiger Defendants and specifically as it relates to the Hammock Dunes Project.

5.  All documents which evidence, refer or relate to each and every communication between you and any of the Lane Defendants and specifically as it relates to the Hammock Dunes Project.

6.  All documents which evidence, refer or relate to each and every communication between you and Jim Gardner and specifically as it relates to the Hammock Dunes Project.

7.  All documents which evidence, refer or relate to each and every communication between you and Steve Samaha and specifically as it relates to the Hammock Dunes Project.

8.  All documents which evidence, refer or relate to each and every communication between you and Dennis Hillier and specifically as it relates to the Hammock Dunes Project.

6

9. All documents which evidence, refer or relate to each and every communication between you and ITT Community Development Corp. and specifically as it relates to the Hammock Dune Project.

10. All documents which evidence, refer or relate to each and every communication between you and Robert Canterbury and specifically relating to the Hammock Dunes Project.

11. All documents which evidence, refer or relate to each and every communication between you and Canterbury Engineering, Inc. and specifically relating to the Hammock Dunes Project.

12. All documents which evidence, refer or relate to each and every communication between you and Robert Dickinson and specifically relating to the Hammock Dunes Project.

13. All documents which evidence, refer or relate to each and every communication between you and Consultants for Environmental Design, Inc., and specifically relating to the Hammock Dunes Project.

14. All documents which evidence, refer or relate to each and every communication between you and Kevin Partel and specifically relating to the Hammock Dunes Project.

15. All documents which evidence, refer or relate to each and every communication between you and Ralph Stewart Bowden and specifically relating to the Hammock Dunes Project.

16. All documents which evidence, refer or relate to each and every communication between you and Stuart Bradow and specifically relating to the Hammock Dunes Project.

17. All documents which evidence, refer or relate to each and every communication between you and Environmental Management Systems, Inc. and specifically relating to the Hammock Dunes Project.

18. All documents which evidence, refer or relate to each and every communication between you and Joseph W. Hatzell and specifically relating to the Hammock Dunes Project.

19. All documents which evidence, refer or relate to each and every communication between you and Joseph J. Blake and Associates, Inc. and specifically relating to the Hammock Dunes Project.

20. All documents which evidence, refer or relate to each and every communication between you and David Roan and specifically relating to the Hammock Dunes

7

Project including the payment of any real estate commissions, fees, reimbursement or payments of any kind to him or to any other individual and/or entity for him.

21. All documents which evidence, refer or relate to each and every communication between you and any individual and/or entity relating to the Hammock Dunes Project.

22. All documents which evidence, refer or relate to any contracts, memorandums and agreements between you and the individuals and/or entities listed in items 1 through 21 relating to the Hammock Dunes Project.

23. All documents which evidence, refer or relate to payments made by you to or received by you from the individuals and/or entities listed in items 1 through 21 relating to the Hammock Dunes Project.

24. All financial projections, cash flows, financial summaries, executive summaries, market studies, appraisals or any other such due diligence or financial documents, including drafts, submitted to the Eiger Defendants or the Lane Defendants regarding the acquisition and development of Hammock Dunes.

25. Your day timers, calendar or other notes evidencing, referring or relating to each and every meeting or communication between you and the individuals and/or entities listed in items 1 through 21 since January 1998.

26. All documents which evidence, refer or relate to each trip by you to Florida related to the Hammock Dunes Project since January 1998.

27. All documents which evidence, refer or relate to any interest in any business, venture, partnership, joint venture, or corporation whose business relates in any way to the individuals and/or entities listed in items 1 through 21 since January 1998.

28. All documents which evidence, refer or relate to any indemnification by any of the individuals and/or entities listed in items 1 through 21 for the benefit of BankBoston relating to the Hammock Dunes Project.

29. All documents which evidence, refer or relate to any indemnification by any of the individuals and/or entities listed in items 1 through 21 for the benefit of BankBoston relating to the Lochmere Plaintiffs.

30. All documents which evidence, refer or relate to any indemnification by BankBoston for the benefit of any of the individuals and/or entities listed in items 1 through 21 relating to the Hammock Dunes Project.

8

31. All documents which evidence, refer or relate to any indemnification by BankBoston for the benefit of any of the individuals and/or entities listed in items 1 through 21 relating to the Lochmere Plaintiffs.

32. All financial projections, cash flows, financial summaries, executive summaries, market studies, appraisals or any other such due diligence or financial documents, including drafts, submitted to BankBoston relating to the acquisition and development of Hammock Dunes.

33. All financial projections, cash flows, sales reports, financial statements, balance sheets, financial summaries, executive summaries which relate to the current financial status of the Hammock Dunes Project since its acquisition by H. D. Associates to date.

34. All documents which evidence, refer or relate to any plan for the development of the Hammock Dunes Project.

35. All documents which evidence, refer or relate to any payment by you of any expense or obligation associated with the Hammock Dunes Project.

36. All documents which evidence, refer or relate to any payment by any person or entity other than you of any expense or obligation associated with the Hammock Dunes Project.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by U. S. Mail to the individuals listed on the Service List, this _24_ day of August, 2000.

Gregory J. Orcutt, Esquire
Bricklemyer, Smolker & Bolves, P.A.
500 East Kennedy Boulevard
Suite 200
Tampa, Florida 33602
Florida Bar No. 230855
(813) 223-3888
(813) 228-6422
Attorneys for Plaintiff

9

## SERVICE LIST

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE
INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

Daniel F. Molony, Esq.
Michael P. Winter, Esq.
Skackleford, Farrior, Stallings,
& Evans, P.A.
501 E. Kennedy Blvd., Suite 1400
Tampa, FL 33602

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Wilson E. Wray, Jr.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX 75252

(Attys. for EIGER FUND I, L.P., EIGER, INC.,
EIGER PARTNERS, L.P., H.D. ASSOCIATES,
L.P., PAUL E. ROWSEY, III, C. TODD MILLER,
DAVID M. JACOBS, WILLIAM S. BUCHANAN
and FLEET NATIONAL BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

F:\DOCS\BDH\EIGER\BANKBOST.R4P

10

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC., a Florida Corporation, and
LOCHMERE REALTY, INC., a Florida
Corporation,

      Plaintiffs,

v.                                      Case No.: 8:00-cv-1026-T-27B

EIGER FUND I, L.P., a Delaware Limited
Partnership; EIGER, INC., a Delaware
Corporation; EIGER PARTNERS, L.P.,
a Delaware Limited Partnership;
DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC.,
a Texas Corporation; JTL CAPITAL,
L.L.C.,  a Texas limited liability company;
H.D. ASSOCIATES, L.P., a Delaware
Limited Partnership; BANKBOSTON
N.A., a national association;
PAUL E. ROWSEY, III, an individual;
C. TODD MILLER, an individual;
DAVID M. JACOBS, an individual;
and WILLIAM S. BUCHANAN,
an individual

      Defendants.
_____/

## BANKBOSTON, N.A.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

TO:   Defendant Lochmere Development Group, Inc. and Lochmere Realty, Inc., by and through their attorney of record, Gregory J. Orcutt, Bricklemyer, Smolker & Bolves, P.A., 500 E. Kennedy Blvd., Ste. 200, Tampa, Florida 33602.



EXHIBIT "B"



Plaintiff, BankBoston, N.A., files this its Responses and Objections to Defendants Lochmere Development Group, Inc. and Lochmere Realty, Inc.'s Requests for Production pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted,

Daniel F. Molony
Florida Bar No. 271330
Shook, Hardy & Bacon, L.L.P.
201 E. Kennedy, Suite 601
Tampa, Florida 33602
(813) 202-7279  Phone

PEZZULLI & LOEWINSOHN, L.L.P.

By _____
Alan S. Loewinsohn
State Bar No. 12481600
Carol E. Farquhar
State Bar No. 06828300
18383 Preston Road, Suite 110
Dallas, TX  75252
(972) 713-1300 Phone
(972) 713-1313 Facsimile

ATTORNEYS FOR EIGER FUND I, L.P.,
EIGER, INC., EIGER PARTNERS, L.P.
H.D. ASSOCIATES, L.P., PAUL E.
ROWSEY, III, C. TODD MILLER,
DAVID M. JACOBS, and WILLIAM S.
BUCHANAN

HALEY, SINAGRA & PEREZ
Dora Kaufman, Esq.
Florida Bar No. 771244
100 SE 3rd Avenue, Suite 1900
Fort Lauderdale, FL  33394
(954) 467-1300  Phone
(954) 467-1372  Facsimile

COUNSEL FOR FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served on the following counsel of record on this _16th_ day of October, 2000, via the method indicated:

Gregory J. Orcutt           VIA CMRRR Z 394 320 200
Bricklemyer, Smolker & Bolves, P.A.
500 E. Kennedy Blvd. Ste. 200
Tampa, Florida 33602

Alan B. Gerlach           VIA CMRRR Z 394 320 142
Broad & Cassel
390 N. Orange Avenue, Suite 1100
Orlando, FL  32801

John W. Green           VIA CMRRR Z 394 320 143
Hill Gilstrap
1400 West Abram
Arlington, TX  76013

## II.

## OBJECTIONS TO DEFINITIONS

BankBoston objects to the definition of "Eiger Fund" on the grounds that it is unable to ascertain the identity of the past and present agents, employees and/or representatives and related companies. BankBoston will respond to these Requests for Production by defining "Eiger Fund" to mean "Eiger Fund I, L.P."

BankBoston objects to the definition of "Eiger" on the grounds that it is unable to ascertain the identity of the past and present agents, employees and/or representatives and related companies. BankBoston will respond to these Requests for Production by defining "Eiger" to mean "Eiger, Inc."

BankBoston objects to the definition of "Eiger Partners" on the grounds that it is unable to ascertain the identity of the past and present agents, employees and/or representatives and related companies. BankBoston will respond to these Requests for Production by defining "Eiger Partners" to mean "Eiger Partners."

BankBoston objects to the definition of "H.D. Associates" on the grounds that it is unable to ascertain the identity of the past and present agents, employees and/or representatives and related companies. BankBoston will respond to these Requests for Production by defining "H.D. Associates" to mean "H.D. Associates, L.P."

BankBoston objects to the definition of "Barnett Lane" on the grounds that it is unable to ascertain the identity of the past and present agents, employees and/or representatives and related companies. BankBoston will respond to these Requests for Production by defining "Barnett Lane" to mean "Barnett Lane Investments, Inc."

BANKBOSTON, N.A.'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 4
/99-576/

BankBoston objects to the definition of "JTL Capital" on the grounds that it is unable to ascertain the identity of the past and present agents, employees and/or representatives and related companies. BankBoston will respond to these Requests for Production by defining "JTL Capital" to mean "JTL Capital, L.L.C."

BankBoston objects to the definition of "Lochmere Development" on the grounds that it is unable to ascertain the identity of the past and present agents, employees and/or representatives and related companies. BankBoston will respond to these Requests for Production by defining "Lochmere Development" to mean "Lochmere Development Group, Inc."

BankBoston objects to the definition of "Lochmere Realty" on the grounds that it is unable to ascertain the identity of the past and present agents, employees and/or representatives and related companies. BankBoston will respond to these Requests for Production by defining "Lochmere Realty" to mean "Lochmere Realty, Inc."

BankBoston objects to the definition of "you" and/or "your" on the grounds that "you" and "your" do not refer in this context to "Lochmere Realty." BankBoston will respond to these Requests for Production by defining "you" and "your" to mean BankBoston.

BankBoston objects to the terms "identify" and "identity" as the defined terms are overly broad and unduly burdensome; specifically with respect to (i) identifying "persons" by requiring the listing of both a home and business, as well as an employer and job title; (ii) identifying a "corporation" as requiring it to investigate and/or determine other names the corporation has used, the state of incorporation, or its principal place of business; (iii) identifying "someone or something" in requiring an official name and an organization form; (iv) identifying a "document" as requiring the identity of the document's present location,

**BANKBOSTON, N.A.'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**                                    **Page 5**
/99-576/

custodian, and a repetition of the entirety  of the contents of the documents; and (iv) identifying "communications" as requiring a description of the myriad of events surrounding the communication, including a verbatim recitation of the substance of any communication.

## III.

## REQUESTS FOR PRODUCTION

1.    All documents which evidence, refer or relate to each and every communication between you and Lochmere Development and specifically as it relates to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

2.    All documents which evidence, refer or relate to each and every communication between you and Lochmere Realty and specifically as it relates to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

3.    All documents which evidence, refer or relate to each and every communication between you and Evans and specifically as it relates to the Hammock Dunes Project.

**BANKBOSTON, N.A.'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**                              Page 7

/99-576/

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

4.      All documents which evidence, refer or relate to each and every communication between you and any of the Eiger Defendants and specifically as it relates to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad.   BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy.  A request for a protective order is hereby made.   BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

5.    All documents which evidence, refer or relate to each and every communication between you and any of the Lane Defendants and specifically as it relates to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad.   BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy.  A request for a protective order is hereby made.   BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

6.      All documents which evidence, refer or relate to each and every communication between you and Jim Gardner and specifically as it relates to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad.    BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy.  A request for a protective order is hereby made.    BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

7.      All documents which evidence, refer or relate to each and every communication between you and Steve Samaha and specifically as it relates to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges.

**BANKBOSTON, N.A.'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**                                    Page 10
*/99-576/*

BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

8.    All documents which evidence, refer or relate to each and every communication between you and Dennis Hillier and specifically as it relates to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or

confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

9.    All documents which evidence, refer or relate to each and every communication between you and ITT Community Development Corp. and specifically as it relates to the Hammock Dune Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

10.    All documents which evidence, refer or relate to each and every communication between you and Robert Canterbury and specifically relating to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad.    BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy.  A request for a protective order is hereby made.   BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

11.    All documents which evidence, refer or relate to each and every communication between you and Canterbury Engineering, Inc. and specifically relating to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad.   BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy.  A request for a protective order is hereby made.   BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

12.    All documents which evidence, refer or relate to each and every communication between you and Robert Dickinson and specifically relating to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges.

**BANKBOSTON, N.A.'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**                    Page 14
*/99-576/*

BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

13.    All documents which evidence, refer or relate to each and every communication between you and Consultants for Environmental Design, Inc., and specifically relating to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or

confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

14.    All documents which evidence, refer or relate to each and every communication between you and Kevin Partel and specifically relating to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

15.    All documents which evidence, refer or relate to each and every communication between you and Ralph Stewart Bowden and specifically relating to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad.    BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy.  A request for a protective order is hereby made.    BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

**BANKBOSTON, N.A.'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**                        Page 17
*/99-576/*

16. All documents which evidence, refer or relate to each and every communication between you and Stuart Bradow and specifically relating to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

17. All documents which evidence, refer or relate to each and every communication between you and Environmental Management Systems, Inc. and specifically relating to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges.

**BANKBOSTON, N.A.'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**                    **Page 18**
/99-576/

BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

18.    All documents which evidence, refer or relate to each and every communication between you and Joseph W. Hatzell and specifically relating to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this

request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

19.   All documents which evidence, refer or relate to each and every communication between you and Joseph J. Blake and Associates, Inc. and specifically relating to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

20.    All documents which evidence, refer or relate to each and every communication between you and David Roan and specifically relating to the Hammock Dunes Project including the payment of any real estate commissions, fees, reimbursement or payments of any kind to him or to any other individual and/or entity for him.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad.    BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy.  A request for a protective order is hereby made.   BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

**BANKBOSTON, N.A.'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**                          Page 21
*/99-576/*

21.    All documents which evidence, refer or relate to each and every communication between you and any individual and/or entity relating to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, BankBoston will produce such documents, if any, to which it has not objected at a mutually convenient time and place.

22.    All documents which evidence, refer or relate to any contracts, memorandums and agreements between you and the individuals and/or entities listed in items 1 through 21 relating to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad.    BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy.  A request for a protective order is hereby made.  BankBoston further objects on the grounds that this request is duplicative of the documents sought in request nos. 1-21.  BankBoston further object sto this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

There are no documents which have not been objected to by BankBoston.

23.    All documents which evidence, refer or relate to payments made by you to or received by you from the individuals and/or entities listed in items 1 through 21 relating to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges.

BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects on the grounds that this request is duplicative of the documents sought in request nos. 1-21. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

There are no documents which have not been objected to by BankBoston.

24.     All financial projections, cash flows, financial summaries, executive summaries, market studies, appraisals or any other such due diligence or financial documents, including drafts, submitted to the Eiger Defendants or the Lane Defendants regarding the acquisition and development of Hammock Dunes.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or

confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects on the grounds that this request is duplicative of the documents sought in request nos. 1-21. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

There are no documents which have not been objected to by BankBoston.

25.    Your day timers, calendar or other notes evidencing, referring or relating to each and every meeting or communication between you and the individuals and/or entities listed in items 1 through 21 since January 1998.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999. BankBoston further objects

**BANKBOSTON, N.A.'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**                                    **Page** 25
*/99-576/*

as this Request is overly burdensome requiring BankBoston to review day timers and calendars for all of its employees.

RESPONSE:

There are no documents which have not been objected to by BankBoston.

26.   All documents which evidence, refer or relate to each trip by you to Florida related to the Hammock Dunes Project since January 1998.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad.   BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy.  A request for a protective order is hereby made.  BankBoston further objects on the grounds that this request is duplicative of the documents sought in request nos. 1-21.  BankBoston further object to this request to the extent it requires production of documents created after November 30, 1999. BankBoston further objects on the grounds that this Request is overly burdensome as requiring it to review historical expense reports prior to the merger between BankBoston and Fleet National Bank would be extremely difficult, if not impossible.  The few

expense reports which may actually reflect any expenses associated with Hammock Dunes would not bear on the ultimate issues in this case; and the usefulness of such documents is of extremely small significance when compared with the burdensomeness of locating same.

RESPONSE:

There are no documents which have not been objected to by BankBoston.

27.    All documents which evidence, refer or relate to any interest in any business, venture, partnership, joint venture, or corporation whose business relates in any way to the individuals and/or entities listed in items 1 through 21 since January 1998.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad.    BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy.  A request for a protective order is hereby made.  BankBoston further objects on the grounds that this request is duplicative of the documents sought in request nos. 1-21.  BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

There are no documents which have not been objected to by BankBoston.

28.    All documents which evidence, refer or relate to any indemnification by any of the individuals and/or entities listed in items 1 through 21 for the benefit of BankBoston relating to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad.    BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy.  A request for a protective order is hereby made.  BankBoston further objects on the grounds that this request is duplicative of the documents sought in request nos. 1-21.  BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

There are no documents which have not been objected to by BankBoston.

**BANKBOSTON, N.A.'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**                                          **Page 28**
*/99-576/*

29.    All documents which evidence, refer or relate to any indemnification by any of the individuals and/or entities listed in items 1 through 21 for the benefit of BankBoston relating to the Lochmere Plaintiffs.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad.    BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects on the grounds that this request is duplicative of the documents sought in request nos. 1-21. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

There are no documents which have not been objected to by BankBoston.

30.    All documents which evidence, refer or relate to any indemnification by BankBoston for the benefit of any of the individuals and/or entities listed in items 1 through 21 relating to the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges.

BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects on the grounds that this request is duplicative of the documents sought in request nos. 1-21. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

There are no documents which have not been objected to by BankBoston.

31. All documents which evidence, refer or relate to any indemnification by BankBoston for the benefit of any of the individuals and/or entities listed in items 1 through 21 relating to the Lochmere Plaintiffs.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or

confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects on the grounds that this request is duplicative of the documents sought in request nos. 1-21. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

There are no documents which have not been objected to by BankBoston.

32.    All financial projections, cash flows, financial summaries, executive summaries, market studies, appraisals or any other such due diligence or financial documents, including drafts, submitted to BankBoston relating to the acquisition and development of Hammock Dunes.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects on the grounds that this request is duplicative of the documents sought in request nos. 1-21. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

**BANKBOSTON, N.A.'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**                    Page 31
/99-576/

RESPONSE:

There are no documents which have not been objected to by BankBoston.


33.    All financial projections, cash flows, sales reports, financial statements, balance sheets, financial summaries, executive summaries which relate to the current financial status of the Hammock Dunes Project since its acquisition by H. D. Associates to date.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad.    BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy.    A request for a protective order is hereby made.    BankBoston further objects on the grounds that this request is duplicative of the documents sought in request nos. 1-21.    BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

There are no such documents which have not been objected to by BankBoston.

34.    All documents which evidence, refer or relate to any plan for the development of the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad.    BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects on the grounds that this request is duplicative of the documents sought in request nos. 1-21. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

There are no documents which have not been objected to by BankBoston.

35.    All documents which evidence, refer or relate to any payment by you of any expense or obligation associated with the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and

overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects on the grounds that this request is duplicative of the documents sought in request nos. 1-21. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

There are no documents which have not been objected to by BankBoston.

36.    All documents which evidence, refer or relate to any payment by any person or entity other than you of any expense or obligation associated with the Hammock Dunes Project.

OBJECTION:

BankBoston objects to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. BankBoston further objects on the grounds that this request is vague, ambiguous and overly broad. BankBoston further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. BankBoston further objects on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to

**BANKBOSTON, N.A.'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**                                    **Page 34**
*/99-576/*

confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. BankBoston further objects on the grounds that this request is duplicative of the documents sought in request nos. 1-21. BankBoston further objects to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

There are no documents which have not been objected to by BankBoston.