FILED

**UNITED STATES DISTRICT COURT**
Middle District of Florida

LOCHMERE DEVELOPMENT GROUP,
INC., and LOCHMERE REALTY, INC.,

      Plaintiffs,

vs.

EIGER FUND I, L.P., et al.,

      Defendants.

_____/

CASE NO.: 8:00-CV-1026-T-27B
State Court No.: 00-02525/Div. I

## LOCHMERE DEVELOPMENT GROUP AND LOCHMERE REALTY, INC.'S
## MOTION TO COMPEL

Plaintiffs, LOCHMERE DEVELOPMENT GROUP and LOCHMERE REALTY, INC. (hereinafter referred to as "LOCHMERE") files this its Motion to Compel production of documents from Defendants EIGER FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P., H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER, DAVID M. JACOBS and WILLIAM S. BUCHANAN ("the EIGER Defendants) pursuant to Rule 37, Fed.R.Civ.P., and in support thereof would state as follows:

1.     LOCHMERE served its First Request for Production on August 24, 2000, a copy of which is attached as Exhibit "A." The definition section of LOCHMERE's First Request for Production describes the various Defendants as either "EIGER, LANE or BANKBOSTON Defendants."

2.     On October 16, 2000, the EIGER Defendants filed its response objecting to the great majority of the requested documents on various grounds, a copy of which is attached hereto as Exhibit "B."

F:\DOCS\BD\EIGER\COMPEL.MT

1



## GENERAL BACKGROUND

This is a lawsuit seeking damages for violation of Florida's Uniform Partnership Act, fraud, unjust enrichment, violation of Florida's Uniform Trade Secrets Act, conversion and conspiracy.

LOCHMERE contends that it entered into a partnership for the purchase and development of a real estate project named Hammock Dunes ("the Project"), LOCHMERE further contends that Defendants breached this partnership, conspired against and defrauded LOCHMERE by utilizing its development experience and trade secrets and then by closing on the Project without including LOCHMERE.

Specifically, LOCHMERE contends that the EIGER Defendants accepted the compensation terms of the original partnership between LOCHMERE and the LANE Defendants and then, after utilizing LOCHMERE's expertise and trade secrets to secure financing and to execute a purchase contract for the Project, which included a nonrefundable $3,000,000 deposit, attempted to renegotiate those compensation terms with LOCHMERE by significantly decreasing its participation in the profits of the Project.

LOCHMERE's primary claim for damages will be lost profits that it would have earned if the terms of the partnership had been honored. To this end, LOCHMERE has requested financial data from the various Defendants to confirm that it was the LOCHMERE projections and trade secrets that were utilized to secure financing and in making the decision to enter into a purchase agreement, by an expedited deadline imposed by the Seller, that included a nonrefundable $3,000,000 deposit.

2

LOCHMERE is also seeking the financial data on the Project as it is now being developed by Defendants to prove "lost profits."  To do so, LOCHMERE must be able to determine what profits are being generated by the Project.

The Eiger Defendants have utilized one objection for most of the document requests.  This objection states:

> **"The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges.  The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy.  A request for protective order is hereby made.  The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999."**

This objection has been made to document requests numbered 5 through 28, 30, 32 through 35, 37 and 44 through 46.  Documents requests numbered 5 through 23 are listed below.

**LOCHMERE REQUESTS:**

5.	All documents which evidence, refer or relate to each and every communication between you and Barnett Lane and specifically as it relates to the Hammock Dunes Project.

6.	All documents which evidence, refer or relate to each and every communication between you and JTL Capital and specifically as it relates to the Hammock Dunes Project.

7.	All documents which evidence, refer or relate to each and every communication between you and BankBoston and specifically as it relates to the Hammock Dunes Project.

8.    All documents which evidence, refer or relate to each and every communication between any of the Eiger Defendants and specifically as it relates to the Hammock Dunes Project.

9.    All documents which evidence, refer or relate to each and every communication between you and Jim Gardner and specifically as it relates to the Hammock Dunes Project.

10.    All documents which evidence, refer or relate to each and every communication between you and Steve Samaha and specifically as it relates to the Hammock Dunes Project.

11.    All documents which evidence, refer or relate to each and every communication between you and Dennis Hillier and specifically as it relates to the Hammock Dunes Project.

12.    All documents which evidence, refer or relate to each and every communication between you and ITT Community Development Corp. and specifically as it relates to the Hammock Dune Project.

13.    All documents which evidence, refer or relate to each and every communication between you and Robert Canterbury and specifically relating to the Hammock Dunes Project.

14.    All documents which evidence, refer or relate to each and every communication between you and Canterbury Engineering, Inc. and specifically relating to the Hammock Dunes Project.

15.    All documents which evidence, refer or relate to each and every communication between you and Robert Dickinson and specifically relating to the Hammock Dunes Project.

16.    All documents which evidence, refer or relate to each and every communication between you and Consultants for Environmental Design, Inc., and specifically relating to the Hammock Dunes Project.

17.    All documents which evidence, refer or relate to each and every communication between you and Kevin Partel and specifically relating to the Hammock Dunes Project.

18.    All documents which evidence, refer or relate to each and every communication between you and Ralph Stewart Bowden and specifically relating to the Hammock Dunes Project.

19.    All documents which evidence, refer or relate to each and every communication between you and Terry Pendleton and specifically relating to the Hammock Dunes Project.

20.    All documents which evidence, refer or relate to each and every communication between you and Stuart Bradow and specifically relating to the Hammock Dunes Project.

21.    All documents which evidence, refer or relate to each and every communication between you and Environmental Management Systems, Inc. and specifically relating to the Hammock Dunes Project.

22.    All documents which evidence, refer or relate to each and every communication between you and Joseph W. Hatzell and specifically relating to the Hammock Dunes Project.

23.    All documents which evidence, refer or relate to each and every communication between you and Joseph J. Blake and Associates, Inc. and specifically relating to the Hammock Dunes Project.

Document requests numbered 5 through 23 request documents between an EIGER Defendant and either a LANE Defendant, BANKBOSTON or other specifically named individuals or entities and specifically relating to the Hammock Dunes project.

The EIGER Defendants object that these requests are vague, ambiguous and overly broad.  These questions relate specifically to the Hammock Dunes Project and are absolutely relevant.  The EIGER Defendants also object that these requests seek documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  How can it be argued that documents specifically relating to the project which is the subject matter of the litigation are vague, ambiguous, overly broad or irrelevant?

The EIGER Defendants further object to producing proprietary financial documentation regarding the Project and from producing documents created after November 30, 1999, the closing date of the purchase of the Project.

As stated above, LOCHMERE has requested financial data to confirm that it was the LOCHMERE projections and trade secrets that were utilized to secure financing and in

making an expedited decision to go to contract on the Project, including the payment of a $3,000,000 nonrefundable deposit. Financial data post closing is also sought to prove LOCHMERE's lost profits and other damages. The EIGER Defendants cannot hide behind the shield of the claim of proprietary or confidentiality, when such documents go to the heart of LOCHMERE's case and to prove its damages.

All of the documents requested in requests numbered 5 through 23 should be ordered to be produced.

**LOCHMERE REQUEST NO. 24:**

> All documents which evidence, refer or relate to each and every communication between you and David Roan and specifically relating to the Hammock Dunes Project including the payment of any real estate commissions, fees, reimbursement or payments of any kind to him or to any other individual and/or entity for him.

Request number 24 is identical to requests 5 through 23 but adds the payment of any real estate commission, etc., again relating specifically to the Project. The EIGER Defendants' objection is identical to that of requests 5 through 23. (Unless so stated, LOCHMERE incorporates its arguments to earlier objections when addressing later objections that are substantially identical.)

How can it be argued that the payment of a real estate commission or other payment is not relevant to the issues in this case, or that such a request is not reasonably calculated to lead to the discovery of admissible evidence?

All of the documents requested in request numbered 24 should be ordered to be produced.

**LOCHMERE REQUEST NO. 25**:

> All documents which evidence, refer or relate to each and every communication between you and any individual and/or entity relating to the Hammock Dunes Project.

Request numbered 25 is a "catch-all" to include each and every document with any individual and/or entity relating to the Project. The EIGER Defendants' objection is identical to that of request 5 through 23 but adds that it is duplicative of requests numbered 1 through 24. LOCHMERE incorporates its previous argument regarding this objection.

All of the documents requested in request numbered 25 should be ordered to be produced.

**LOCHMERE REQUEST NO. 26**

> All documents which evidence, refer or relate to any contracts, memorandums and agreements between you and the individuals and/or entities listed in items 1 through 25 relating to the Hammock Dunes Project.

**EIGER DEFENDANTS' OBJECTION:**

> "The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for protective order is hereby made. **Additionally the EIGER Defendants object on the grounds that this request is duplicative of requests nos. 1-25.** The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999."

The EIGER Defendants response to request numbered 26 is identical to that of request 5 through 23 but adds that this request is duplicative of requests numbered 1 through 25. LOCHMERE incorporates its previous argument regarding this objection. In addition, LOCHMERE is entitled to review any contracts, memorandums and agreements between the EIGER Defendants and the individuals and/or entities listed in requests numbered 1 through 25 relating to the Hammock Dunes project so as to determine exactly what the financial arrangements are between the any of these individuals and/or entities. For example, what payments or share of profits were given to one party instead of LOCHMERE?

All of the documents requested in request numbered 26 should be ordered to be produced.

## LOCHMERE REQUEST NO. 27

All documents which evidence, refer or relate to payments made by you or received by you from the individuals and/or entities listed in items 1 through 25 relating to the Hammock Dunes Project.

The EIGER Defendants objection to request numbered 27 is identical to its objection to request 26. LOCHMERE incorporates its previous argument regarding this objection. In addition, LOCHMERE is entitled to review the payments made or received relating to the Project in furtherance of its efforts to prove fraud, conspiracy, violation of Florida Uniform Partnership Act and to otherwise prove its damages.

All of the documents requested in request numbered 27 should be ordered to be produced.

## LOCHMERE REQUEST NO. 28:

All financial projections, cash flows, financial summaries, executive summaries, market studies, appraisals or any other such due diligence or

financial documents, including drafts, submitted to the Lane Defendants or BankBoston regarding the acquisition and development of Hammock Dunes.

The EIGER Defendants objection to request numbered 28 is identical to its objection to request numbered 26. LOCHMERE incorporates its previous argument regarding this objection. In addition, LOCHMERE contends that it was the LOCHMERE projections and trade secrets that, to a very significant extent, were utilized to secure financing and in making the decision to enter into the purchase agreement for the Project. LOCHMERE is entitled to review these documents in order to confirm this fact or to review what projections, cash flows, etc., were utilized by the EIGER Defendants in securing financing and entering into the purchase agreement.

All of the documents requested in request numbered 28 should be ordered to be produced.

**LOCHMERE REQUEST NO. 29:**

Your day timers, calendar or other notes evidencing, referring or relating to each and every meeting or communication between you and the individuals and/or entities listed in items 1 through 25 since January 1998.

**EIGER DEFENDANTS' OBJECTION:**

"The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for protective order is hereby made. Additionally the EIGER Defendants object on the grounds that this request is duplicative of requests nos. 1-25. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999. **The Eiger Defendants further object to this request**

**on the grounds that it is unduly burdensome to produce such documents relating to employees of the Eiger Defendants other than the named defendants herein."**

The EIGER Defendants' objection to request numbered 29 is identical to that of request numbered 26 but adds that it further objects on the grounds that it is unduly burdensome to produce such documents relating to employees of the Eiger Defendants other than the named defendants herein.

Upon information and belief, the business entity consisting of the EIGER Defendants, is not large. Further, this request would only extend to those individuals who actually had a meeting or communication. LOCHMERE intends to prove that it, and not others, devoted a very substantial amount of the time and effort required to perform the "due diligence" on this project. LOCHMERE is entitled to review the day timers, calendars or other notes evidencing such efforts by the EIGER Defendants.

All of the documents requested in request numbered 29 should be ordered to be produced.

**LOCHMERE REQUEST NO. 30:**

All documents which evidence, refer or relate to each trip by you to Florida related to the Hammock Dunes Project since January 1998.

The EIGER Defendants' objection is identical to that of request numbered 26. LOCHMERE incorporates its previous argument regarding this objection. LOCHMERE is entitled to review documents which show how many times and which individuals/entities traveled to Florida based upon LOCHMERE's position that it performed the great majority of the due diligence on the Project.

All of the documents requested in request numbered 30 should be ordered to be produced.

**LOCHMERE REQUEST NO. 31:**

> All documents which evidence, refer or relate to any interest in any business, venture, partnership, joint venture, or corporation whose business relates in any way to the individuals and/or entities listed in items 1 through 25 since January 1998.

**EIGER DEFENDANTS OBJECTION:**

> "The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for protective order is hereby made. Additionally the EIGER Defendants object on the grounds that this request is duplicative of requests nos. 1-25. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999. **Objection is further made on the grounds that this request is overly burdensome.**

The EIGER Defendants' objection is identical to that of request numbered 26 but adds that it is further objected to on the grounds that the request is overly burdensome.

LOCHMERE incorporates its previous argument regarding this objection. As argued regarding requests numbered 26 and 27, LOCHMERE is entitled to review the relationship between these various individuals/entities in furtherance of proving conspiracy, fraud, or violation of Florida's Uniform Partnership Act or other factual and legal issues in the case.

All of the documents requested in request numbered 31 should be ordered to be produced.

**LOCHMERE REQUEST NO. 32**

> All documents which evidence, refer or relate to any indemnification by any of the individuals and/or entities listed in items 1 through 25 for the benefit of

the Eiger Defendants relating to the Hammock Dunes Project.

The EIGER Defendants' objection is identical to that of request numbered 26. LOCHMERE incorporates its previous argument regarding this objection. LOCHMERE is entitled to know whether any consideration, including an indemnification was requested or received by the EIGER Defendants because of the claim by LOCHMERE for compensation relating to the Hammock Dunes project.

All of the documents requested in request numbered 32 should be ordered to be produced.

**LOCHMERE REQUEST NO. 33:**

All documents which evidence, refer or relate to any indemnification by any of the individuals and/or entities listed in items 1 through 25 for the benefit of the Eiger Defendants relating to the Lochmere Plaintiffs.

The EIGER Defendants' objection is identical to that of request numbered 31. LOCHMERE incorporates its previous argument regarding this objection. This request is similar to request numbered 32 but relates to any indemnification for the benefit of the EIGER Defendants relating to the LOCHMERE Plaintiffs. LOCHMERE incorporates its previous argument regarding the objection to request numbered 32.

All of the documents requested in request numbered 33 should be ordered to be produced.

**LOCHMERE REQUEST NO. 34:**

All documents which evidence, refer or relate to any indemnification by the Eiger Defendants for the benefit of any of the individuals and/or entities listed in items 1 through 25 relating to the Hammock Dunes Project.

**LOCHMERE REQUEST NO. 35:**

All documents which evidence, refer or relate to any indemnification by the Eiger Defendants for the benefit of any of the individuals and/or entities

listed in items 1 through 25 relating to the Lochmere Plaintiffs.

The EIGER Defendants' objection to requests numbered 34 and 35 is identical to that of request numbered 26. LOCHMERE incorporates its previous argument regarding this objection. Requests numbered 34 and 35 complete the circle and request documents relating to indemnification by the EIGER Defendants.

All of the documents in requests numbered 34 and 35 should be ordered to be produced.

## LOCHMERE REQUEST NO. 36:

All financial projections, cash flows, financial summaries, executive summaries, market studies, appraisals or any other such due diligence or financial documents, including drafts, submitted to Mort Meyerson relating to the acquisition and development of Hammock Dunes.

The Eiger Defendants' objection to request numbered 36 is identical to that of request numbered 26. LOCHMERE incorporates its previous argument regarding this objection and specifically to the objection to request numbered 28 which LOCHMERE incorporates herein. Request numbered 36 substitutes Mort Meyerson for the LANE Defendants or BANKBOSTON but is relevant for the same reasons as stated in the response to the objection to request numbered 28.

All of the documents requested in request numbered 36 should be ordered to be produced.

## LOCHMERE REQUEST NO. 37:

All financial projections, cash flows, sales reports, financial statements, balance sheets, financial summaries, executive summaries which relate to the current financial status of the Hammock Dunes Project since its acquisition by H. D. Associates to date.

The EIGER Defendants' objection is identical to that of requests numbered 5

through 23, LOCHMERE incorporates its previous argument regarding this objection.

LOCHMERE is entitled to review financial data on the project as it is now being developed

by Defendants to prove "lost profits." To do so, LOCHMERE must be able to determine

what profits are being generated by the Project.

All of the documents requested in request numbered 37 should be ordered to be

produced.

**LOCHMERE REQUEST NO. 44:**

> All documents which evidence, refer or relate to any plan for the development of the Hammock Dunes Project.

> The EIGER Defendants' objection is identical to that of request numbered 26.

LOCHMERE incorporates its previous argument regarding this objection. To confirm that

it was the LOCHMERE projections and trade secrets that were utilized and to determine

lost profits, LOCHMERE is entitled to review the plan for development of the Project to

determine how it has changed, if any, since LOCHMERE was excluded from the

partnership.

All of the documents requested in request numbered 44 should be ordered to be

produced.

**LOCHMERE REQUEST NO. 45:**

> All documents which evidence, refer or relate to any payment by you of any expense or obligation associated with the Hammock Dunes Project.

> The EIGER Defendants' objection is identical to that of request numbered 26.

LOCHMERE incorporates its previous argument regarding this objection. LOCHMERE is

entitled to review financial data, including payments, relating to the Project for purposes of

determining lost profits or to otherwise prove its case.

All of the documents requested in request numbered 45 should be ordered to be produced.

**LOCHMERE REQUEST NO. 46:**

All documents which evidence, refer or relate to any payment by any person or entity other than you of any expense or obligation associated with the Hammock Dunes Project.

The EIGER Defendants' objection is identical to that of request numbered 26. LOCHMERE incorporates its previous argument regarding this objection and specifically its argument to the objection to request numbered 46 which LOCHMERE incorporates herein.

The documents requested in request numbered 46 should be ordered to be produced.

The undersigned hereby certifies that he has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without Court action.

Pursuant to Rule 37(a)(4), Expenses and Sanctions, if this Motion is granted or if the requested discovery is provided after this Motion is filed, the Court shall, after affording an opportunity to be heard, require the party or attorney or both of them to pay the moving party the reasonable expenses incurred in making this Motion, including attorneys' fees, unless the Court finds the Motion was filed without the Movant's first making a good faith effort to obtain the discovery without Court action or that the opposing party's response or objection was substantially justified, or that other circumstances make an award of expenses unjust.

WHEREFORE, the LOCHMERE Plaintiffs respectfully request entry of an Order

compelling the production of documents responsive to LOCHMERE's First Request for

Production to the EIGER Defendants and for expenses and sanctions.

**BRICKLEMYER, SMOLKER & BOLVES, P.A.**

By: _____
       Gregory J. Orcutt
       Florida Bar No. 230855
       500 East Kennedy Boulevard
       Suite 200
       Tampa, Florida 33602
       (813) 223-3888
       (813) 228-6422 - Facsimile
       Attorneys for **LOCHMERE REALTY,
       INC., LOCHMERE DEVELOPMENT
       GROUP, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by
U. S. Mail to the parties listed on the Service List, this _____ day of January, 2001.

_____
Gregory J. Orcutt

## SERVICE LIST

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE
INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street
Suite 2900
Tampa, FL 33602

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Wilson E. Wray, Jr.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX  75252

(Attys. for EIGER FUND I, L.P., EIGER, INC.,
EIGER PARTNERS, L.P., H.D. ASSOCIATES,
L.P., PAUL E. ROWSEY, III, C. TODD MILLER,
DAVID M. JACOBS, WILLIAM S. BUCHANAN
and FLEET NATIONAL BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

F:\DOCS\BDH\EIGER\COMPEL.MT

17

## UNITED STATES DISTRICT COURT
### Middle District of Florida

LOCHMERE DEVELOPMENT GROUP,
INC., and LOCHMERE REALTY, INC.,

     Plaintiffs,

vs.

                                    CASE NO.: 8:00-CV-1026-T-27B
                                    State Court No.: 00-02525/Div. I

EIGER FUND I, L.P., et al.,

     Defendants.

_____/

## LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY, INC., PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANTS' EIGER FUND I, L.P.,EIGER, INC., AND EIGER PARTNERS, L.P., H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER, DAVID M. JACOBS, <u>WILLIAM S. BUCHANAN, DEFENDANTS</u>

TO:   Defendants, Eiger Fund I, L.P., Eiger, Inc., Eiger Partners, L.P., H.D. Associates, Paul E. Rowsey, C. Todd Miller, David M. Jacobs, and William S. Buchanan, by and through their attorneys of record, Daniel F. Molony, Esq., Shook, Hardy & Bacon, L.L.P., 201 East Kennedy, Suite 601, Tampa, Florida 33602 and Alan S. Loewinsohn and Carol E. Farquhar, Pezzulli & Loewinsohn, L.L.P., 18383 Preston Road, Suite 110, Dallas, Texas 75252.

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure you are

required to serve on the undersigned your full and complete written Responses to each

of the Request for Production set forth herein within thirty (30) days after the service of the

Requests.

                                        Gregory J. Orcutt, Esquire
                                        Bricklemyer, Smolker & Bolves, P.A.
                                        500 East Kennedy Boulevard
                                        Suite 200
                                        Tampa, Florida 33602
                                        Florida Bar No. 230855
                                        (813) 223-3888
                                        (813) 228-6422
                                        Attorneys for Plaintiff

**EXHIBIT  "A"**

## I.

## DEFINITIONS AND INSTRUCTIONS

1.  **"Eiger Fund"** shall mean or refer to Eiger Fund I, L.P., its agents, employees and/or representatives, and related companies.

2.  **"Eiger"** shall mean or refer to Eiger, Inc., its agents, employees and/or representatives, and related companies.

3.  **"Eiger Partners"** shall mean or refer to Eiger Partners, L.P., its agents, employees and/or representatives, and related companies.

4.  **"H.D. Associates"** shall mean or refer to H.D. Associates, L.P., its agents, employees and/or representatives, and related companies.

5.  **"BankBoston"** shall mean or refer to Fleet National Bank f/k/a BankBoston, N.A., its agents, employees and/or representatives, and related companies.

6.  **"Rowsey"** shall mean or refer to Paul Rowsey, III.

7.  **"Miller"** shall mean or refer to C. Todd Miller.

8.  **"Jacobs"** shall mean or refer to David M. Jacobs.

9.  **"Buchanan"** shall mean or refer to William S. Buchanan.

10. **"Lane"** shall mean or refer to David Lane.

11. **"Barnett Lane"** shall mean or refer to Barnett Lane Investments, Inc., its agents, employees and/or representatives, and related companies.

12. **"JTL Capital"** shall mean or refer to JTL Capital, L.L.C., its agents, employees and/or representatives, and related companies.

2

13.    **"The Eiger Defendants"** shall mean or refer to any of Eiger Fund, Eiger, Eiger Partners, H.D. Associates, Rowsey, Miller, Jacobs and/or Buchanan.

14.    **"The Lane Defendants"** shall mean or refer to any of Lane, JTL Capital and/or Barnett Lane.

15.    **"Hammock Dunes Project"** shall mean or refer to that certain upper scale multifaceted residential community development in Palm Coast, Florida, originally developed by ITT.

16.    **"Lochmere Development"** shall mean or refer to Lochmere Development Group, Inc., its past and present agents, employees and/or representatives, and related companies.

17.    **"Lochmere Realty," "you"** and/or **"your"** shall mean or refer to Lochmere Realty, Inc., its past and present agents, employees and/or representatives, and related companies.

18.    **"The Lochmere Plaintiffs"** shall mean any of Lochmere Development and/or Lochmere Realty.

19.    **"Evans"** shall mean or refer to Robert D. Evans.

20.    **"Document"** shall mean or refer to the unexpurgated original and each unexpurgated non-identical copy (whether different from the original because of marginal notes, other material inserted therein, or other material attached thereto, or otherwise) of any written or graphic material, however produced or reproduced, whether sent or received, or neither, including drafts and both sides thereof, and including, but not limited to: videotapes; film; audiotapes; papers; e-mails; books; letters; correspondence; telegrams; cables; telex messages; memoranda; typed or handwritten notes; notations;

3

work papers; transcripts; minutes; resolutions; corporate minutes; reports and recordings of telephone or other conversations; or interviews; conferences, or other meetings; maps; charts; plans; specifications; diagrams; photographs; affidavits; statements; summaries; opinions; reports; studies; analyses; evaluations; contracts, agreements; invoices; purchase orders; delivery tickets or receipts; ledgers; journals; financial statements; statistical records; desk calendars; appointment books; diaries; expense account records; bills; checks; lists; tabulations; summaries; sound recordings; computer printouts; data processing input and output; microfilms; newspaper articles or advertisements; all other records kept by electronic, photographic, or mechanical means; and items similar to any of the foregoing.

21.    **"Communication"** shall mean any document, oral statement, conversation, meeting, or conference, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was stated, written, recorded, or in any manner transmitted or transferred.

22.    **"Identify"** and **"identity"** as used herein shall include the following:

    a.    When used in reference to a person, shall mean his full name, present or last known home address and telephone number, present or last known business address and telephone number, employer and job title;

    b.    When used in reference to a firm or corporation, shall mean its full name and address, telephone number, any other names by which it is or has been known, its state of incorporation, and its principal place of business;

    c.    When used in reference to someone or something other than a person, firm, or corporation, shall mean its official name, organizational form, address and telephone number.

23.    **"And"** as well as **"or"** shall be construed disjunctively or conjunctively as necessary

4

in order to bring within the scope of the request all responses which might otherwise be construed to be outside of its scope.

24.     "Any" includes the word "all," and "all" includes the word "any."

25.     The term "person(s)" shall mean all individuals and entities, including, but not limited to, natural person, firms, partnerships, associations, organizations, division, joint ventures, corporations, and governmental entities, domestic or foreign.

26.     Unless otherwise established by the context, the plural shall be construed to include the singular and the plural.

27.     The terms "related to," "relative to," "relating to," "refer to," and "referring to" shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitations unless specifically indicated.

28.     "Evidencing" or "evidences" shall mean constituting, proving, reflecting, indicating, or probative or the existence or nature of any fact, allegation, or given matter.

29.     "Fact" refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

30.     "Lawsuit" shall mean the litigation, the style and number of which is found in the caption to this instrument.

31.     "Complaint" as used herein shall mean or refer to Plaintiff's original Complaint on file in the Lawsuit or amended or supplemental petition filed thereto.

32.     Any document(s) produced in response to this Request for Production shall be organized and designated to correspond to the categories in the Request and produced

5

in a form that accurately reflects how they are maintained by you in the normal course of business.  Any document(s) which cannot be legible copies are to be produced in their original form.

**You are under a duty to supplement this production in accordance with the Federal Rules of Civil Procedure.**

## II.

## REQUESTS FOR PRODUCTION

1.    All documents which evidence, refer or relate to each and every communication between you and Lochmere Development and specifically as it relates to the Hammock Dunes Project.

2.    All documents which evidence, refer or relate to each and every communication between you and Lochmere Realty and specifically as it relates to the Hammock Dunes Project.

3.    All documents which evidence, refer or relate to each and every communication between you and Evans and specifically as it relates to the Hammock Dunes Project.

4.    All documents which evidence, refer or relate to each and every communication between you and Lane and specifically as it relates to the Hammock Dunes Project.

5.    All documents which evidence, refer or relate to each and every communication between you and Barnett Lane and specifically as it relates to the Hammock Dunes Project.

6.    All documents which evidence, refer or relate to each and every communication between you and JTL Capital and specifically as it relates to the Hammock Dunes Project.

7.    All documents which evidence, refer or relate to each and every communication between you and BankBoston and specifically as it relates to the Hammock Dunes Project.

8.    All documents which evidence, refer or relate to each and every communication between any of the Eiger Defendants and specifically as it relates to the Hammock Dunes Project.

9.    All documents which evidence, refer or relate to each and every communication between you and Jim Gardner and specifically as it relates to the Hammock Dunes Project.

10.   All documents which evidence, refer or relate to each and every communication between you and Steve Samaha and specifically as it relates to the Hammock Dunes Project.

11.   All documents which evidence, refer or relate to each and every communication between you and Dennis Hillier and specifically as it relates to the Hammock Dunes Project.

12.   All documents which evidence, refer or relate to each and every communication between you and ITT Community Development Corp. and specifically as it relates to the Hammock Dune Project.

13.   All documents which evidence, refer or relate to each and every communication between you and Robert Canterbury and specifically relating to the Hammock Dunes Project.

14.   All documents which evidence, refer or relate to each and every communication between you and Canterbury Engineering, Inc. and specifically relating to the Hammock Dunes Project.

15.   All documents which evidence, refer or relate to each and every communication between you and Robert Dickinson and specifically relating to the Hammock Dunes Project.

16.   All documents which evidence, refer or relate to each and every communication between you and Consultants for Environmental Design, Inc., and specifically relating to the Hammock Dunes Project.

17.   All documents which evidence, refer or relate to each and every communication between you and Kevin Partel and specifically relating to the Hammock Dunes Project.

18.   All documents which evidence, refer or relate to each and every communication between you and Ralph Stewart Bowden and specifically relating to the Hammock Dunes Project.

19.   All documents which evidence, refer or relate to each and every communication between you and Terry Pendleton and specifically relating to the Hammock Dunes Project.

20. All documents which evidence, refer or relate to each and every communication between you and Stuart Bradow and specifically relating to the Hammock Dunes Project.

21. All documents which evidence, refer or relate to each and every communication between you and Environmental Management Systems, Inc. and specifically relating to the Hammock Dunes Project.

22. All documents which evidence, refer or relate to each and every communication between you and Joseph W. Hatzell and specifically relating to the Hammock Dunes Project.

23. All documents which evidence, refer or relate to each and every communication between you and Joseph J. Blake and Associates, Inc. and specifically relating to the Hammock Dunes Project.

24. All documents which evidence, refer or relate to each and every communication between you and David Roan and specifically relating to the Hammock Dunes Project including the payment of any real estate commissions, fees, reimbursement or payments of any kind to him or to any other individual and/or entity for him.

25. All documents which evidence, refer or relate to each and every communication between you and any individual and/or entity relating to the Hammock Dunes Project.

26. All documents which evidence, refer or relate to any contracts, memorandums and agreements between you and the individuals and/or entities listed in items 1 through 25 relating to the Hammock Dunes Project.

27. All documents which evidence, refer or relate to payments made by you or received by you from the individuals and/or entities listed in items 1 through 25 relating to the Hammock Dunes Project.

28. All financial projections, cash flows, financial summaries, executive summaries, market studies, appraisals or any other such due diligence or financial documents, including drafts, submitted to the Lane Defendants or BankBoston regarding the acquisition and development of Hammock Dunes.

29. Your day timers, calendar or other notes evidencing, referring or relating to each and every meeting or communication between you and the individuals and/or entities listed in items 1 through 25 since January 1998.

8

30. All documents which evidence, refer or relate to each trip by you to Florida related to the Hammock Dunes Project since January 1998.

31. All documents which evidence, refer or relate to any interest in any business, venture, partnership, joint venture, or corporation whose business relates in any way to the individuals and/or entities listed in items 1 through 25 since January 1998.

32. All documents which evidence, refer or relate to any indemnification by any of the individuals and/or entities listed in items 1 through 25 for the benefit of the Eiger Defendants relating to the Hammock Dunes Project.

33. All documents which evidence, refer or relate to any indemnification by any of the individuals and/or entities listed in items 1 through 25 for the benefit of the Eiger Defendants relating to the Lochmere Plaintiffs.

34. All documents which evidence, refer or relate to any indemnification by the Eiger Defendants for the benefit of any of the individuals and/or entities listed in items 1 through 25 relating to the Hammock Dunes Project.

35. All documents which evidence, refer or relate to any indemnification by the Eiger Defendants for the benefit of any of the individuals and/or entities listed in items 1 through 25 relating to the Lochmere Plaintiffs.

36. All financial projections, cash flows, financial summaries, executive summaries, market studies, appraisals or any other such due diligence or financial documents, including drafts, submitted to Mort Meyerson relating to the acquisition and development of Hammock Dunes.

37. All financial projections, cash flows, sales reports, financial statements, balance sheets, financial summaries, executive summaries which relate to the current financial status of the Hammock Dunes Project since its acquisition by H. D. Associates to date.

38. All documents, including all tangible reports, physical models, compilations of data and other material prepared by any expert or for any expert in anticipation of the expert's trial or deposition testimony for each and every expert whom you may call to testify in this case.

39. All material prepared by any expert used for consultation purposes which has been reviewed by a testifying expert in this case.

40. Any preliminary reports from any expert which in any way expresses an opinion as to any issue in this case.

9

41.    If the factual observations, tests, supporting data, calculations, photographs and opinions of any expert whom you may call as a witness have not been recorded and reduced to tangible form, a report producing such observations, tests, supporting data, calculations, photographs or opinions.

42.    Any and all published treatise, periodicals or pamphlets on the subjects of science or art which you or your attorneys, or expert witnesses claim to be reliable authority which may be used at the time of trial herein.

43.    The curriculum vitae of each and every person whom you may call as an expert witness in this lawsuit.

44.    All documents which evidence, refer or relate to any plan for the development of the Hammock Dunes Project.

45.    All documents which evidence, refer or relate to any payment by you of any expense or obligation associated with the Hammock Dunes Project.

46.    All documents which evidence, refer or relate to any payment by any person or entity other than you of any expense or obligation associated with the Hammock Dunes Project.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by

U. S. Mail to the individuals listed on the Service List, this _____ day of August, 2000.

Gregory J. Orcutt, Esquire
Bricklemyer, Smolker & Bolves, P.A.
500 East Kennedy Boulevard
Suite 200
Tampa, Florida 33602
Florida Bar No. 230855
(813) 223-3888
(813) 228-6422
Attorneys for Plaintiff

F:\DOCS\BOH\EIGER\1STR4P.DOC                    10

## SERVICE LIST

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE
INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)


Daniel F. Molony, Esq.
Michael P. Winter, Esq.
Skackleford, Farrior, Stallings,
& Evans, P.A.
501 E. Kennedy Blvd., Suite 1400
Tampa, FL 33602

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Wilson E. Wray, Jr.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX  75252

(Attys. for EIGER FUND I, L.P., EIGER, INC.,
EIGER PARTNERS, L.P., H.D. ASSOCIATES,
L.P., PAUL E. ROWSEY, III, C. TODD MILLER,
DAVID M. JACOBS, WILLIAM S. BUCHANAN
and FLEET NATIONAL BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC., a Florida Corporation, and
LOCHMERE REALTY, INC., a Florida
Corporation,

    Plaintiffs,

v.                                                         Case No.: 8:00-cv-1026-T-27B

EIGER FUND I, L.P., a Delaware Limited
Partnership; EIGER, INC., a Delaware
Corporation; EIGER PARTNERS, L.P.,
a Delaware Limited Partnership;
DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC.,
a Texas Corporation; JTL CAPITAL,
L.L.C., a Texas limited liability company;
H.D. ASSOCIATES, L.P., a Delaware
Limited Partnership; BANKBOSTON
N.A., a national association;
PAUL E. ROWSEY, III, an individual;
C. TODD MILLER, an individual;
DAVID M. JACOBS, an individual;
and WILLIAM S. BUCHANAN,
an individual

    Defendants.
_____/

**EIGER FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

**EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**    **EXHIBIT    "B"**        Page 1

/99-576/

TO:   Defendant Lochmere Development Group, Inc. and Lochmere Realty, Inc., by and through their attorney of record, Gregory J. Orcutt, Bricklemyer, Smolker & Bolves, P.A., 500 E. Kennedy Blvd., Ste. 200, Tampa, Florida 33602.

Plaintiffs, Eiger Fund I, L.P., Eiger, Inc., Eiger Partners, L.P., H.D. Associates, Paul E. Rowsey, C. Todd Miller, David M. Jacobs and Willliam S. Buchanan, (collectively the "Eiger Defendants") file this their Responses and Objections to Defendants Lochmere Development Group, Inc. and Lochmere Realty, Inc.'s Requests for Production pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted,

Daniel F. Molony
Florida Bar No. 271330
Shook, Hardy & Bacon, L.L.P.
201 E. Kennedy, Suite 601
Tampa, Florida 33602
(813) 202-7279 Phone

PEZZULLI & LOEWINSOHN, L.L.P.

By: _____
Alan S. Loewinsohn
State Bar No. 12481600
Carol E. Farquhar
State Bar No. 06828300
18383 Preston Road, Suite 110
Dallas, TX 75252
(972) 713-1300 Phone
(972) 713-1313 Facsimile

ATTORNEYS FOR EIGER FUND I, L.P.,
EIGER, INC., EIGER PARTNERS, L.P.
H.D. ASSOCIATES, L.P., PAUL E.
ROWSEY, III, C. TODD MILLER,
DAVID M. JACOBS, and WILLIAM S.
BUCHANAN

**EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,**
**H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,**
**DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S**
**RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**                    **Page 2**
/99-576/

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served on the following counsel of record on this _16 y__-day of October, 2000, via the method indicated:

| | |
|---|---|
| Gregory J. Orcutt | VIA CMRRR Z 394 320 200 |
| Bricklemyer, Smolker & Bolves, P.A. | |
| 500 E. Kennedy Blvd. Ste. 200 | |
| Tampa, Florida 33602 | |
| | |
| Alan B. Gerlach | VIA CMRRR Z 394 320 142 |
| Broad & Cassel | |
| 390 N. Orange Avenue, Suite 1100 | |
| Orlando, FL 32801 | |
| | |
| John W. Green | VIA CMRRR Z 394 320 143 |
| Hill Gilstrap | |
| 1400 West Abram | |
| Arlington, TX 76013 | |
| | |
| Dora Kaufman | VIA CMRRR Z 394 320 144 |
| Haley, Sinagra & Perez | |
| 100 SE 3rd Avenue, Suite 1900 | |
| Fort Lauderdale, FL 33394 | |

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION          Page 3
/99-576/

## II.

## OBJECTIONS TO DEFINITIONS

The Eiger Defendants object to the definition of "BankBoston" on the grounds that they are unable to ascertain the identity of its past and present agents, employees and/or representatives and related companies. The Eiger Defendants will respond to these Requests for Production by defining "BankBoston" to mean "Fleet National Bank f/k/a BankBoston, N.A."

The Eiger Defendants object to the definition of "Barnett Lane" on the grounds that they are unable to ascertain the identity of its past and present agents, employees and/or representatives and related companies. The Eiger Defendants will respond to these Requests for Production by defining "Barnett Lane" to mean "Barnett Lane Investments, Inc."

The Eiger Defendants object to the definition of "JTL Capital" on the grounds that they are unable to ascertain the identity of its past and present agents, employees and/or representatives and related companies. The Eiger Defendants will respond to these Requests for Production by defining "JTL Capital" to mean "JTL Capital, L.L.C, Inc."

The Eiger Defendants object to the definition of "Lochmere Development" on the grounds that they are unable to ascertain the identity of its past and present agents, employees and/or representatives and related companies. The Eiger Defendants will respond to these Requests for Production by defining "Lochmere" to mean "Lochmere Development Group, Inc."

The Eiger Defendants object to the definition of "Lochmere Realty" on the grounds that they are unable to ascertain the identity of its past and present agents, employees

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    **Page 4**
/99-576/

and/or representatives and related companies.  The Eiger Defendants will respond to these Requests for Production by defining "Lochmere Realty" to mean "Lochmere Realty, Inc."

The Eiger Defendants object to the definition of "you" and/or "your" on the grounds that "you" and "your" do not refer in this context to "Lochmere Realty." The Eiger Defendants will respond to these Requests for Production by defining "you" and "your" to mean the Eiger Defendants.

The Eiger Defendants object to the terms "identify" and "identity" as the defined terms are overly broad and unduly burdensome; specifically with respect to (i) identifying "persons" by requiring the listing of both a home and business, as well as an employer and job title; (ii) identifying a "corporation" as requiring it to investigate and/or determine other names the corporation has used, the state of incorporation, or its principal place of business; (iii) identifying "someone or something" in requiring an official name and an organization form; (iv) identifying a "document" as requiring the identity of the document's present location, custodian, and a repetition of the entirety  of the contents of the documents; and (iv) identifying "communications" as requiring a description of the myriad of events surrounding the communication, including a verbatim recitation of the substance of any communication.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                     Page 5
/99-576/

## III.

## REQUESTS FOR PRODUCTION

1.    All documents which evidence, refer or relate to each and every communication between you and Lochmere Development and specifically as it relates to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges.

RESPONSE:

Subject to the foregoing objections, The Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

2.    All documents which evidence, refer or relate to each and every communication between you and Lochmere Realty and specifically as it relates to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION      Page 6
/99-576/

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

3.    All documents which evidence, refer or relate to each and every communication between you and Evans and specifically as it relates to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges.

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

4.    All documents which evidence, refer or relate to each and every communication between you and Lane and specifically as it relates to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague,

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P., H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER, DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                                        Page 7
/99-576/

ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

5.    All documents which evidence, refer or relate to each and every communication between you and Barnett Lane and specifically as it relates to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further objects on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 8
/99-576/

object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

6.      All documents which evidence, refer or relate to each and every communication between you and JTL Capital and specifically as it relates to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                                      Page 9
/99-576/

entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

7.    All documents which evidence, refer or relate to each and every communication between you and BankBoston and specifically as it relates to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                                    Page 10
/99-576/

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

8.  All documents which evidence, refer or relate to each and every communication between any of the the Eiger Defendants and specifically as it relates to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                 Page 11
/99-576/

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

9.    All documents which evidence, refer or relate to each and every communication between you and Jim Gardner and specifically as it relates to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 12
/99-576/

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

10. All documents which evidence, refer or relate to each and every communication between you and Steve Samaha and specifically as it relates to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

**EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P., H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER, DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION** Page 13
*/99-576/*

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

11. All documents which evidence, refer or relate to each and every communication between you and Dennis Hillier and specifically as it relates to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 14
/99-576/

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

12.    All documents which evidence, refer or relate to each and every communication between you and ITT Community Development Corp. and specifically as it relates to the Hammock Dune Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

**EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,**
**H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,**
**DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S**
**RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**                    **Page 15**
*/99-576/*

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

13.    All documents which evidence, refer or relate to each and every communication between you and Robert Canterbury and specifically relating to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 16
/99-576/

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

14.   All documents which evidence, refer or relate to each and every communication between you and Canterbury Engineering, Inc. and specifically relating to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 17
/99-576/

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

15.    All documents which evidence, refer or relate to each and every communication between you and Robert Dickinson and specifically relating to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

**EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**                    Page 18
/99-576/

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

16.    All documents which evidence, refer or relate to each and every communication between you and Consultants for Environmental Design, Inc., and specifically relating to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 19
/99-576/

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

17. All documents which evidence, refer or relate to each and every communication between you and Kevin Partel and specifically relating to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 20
/99-576/

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

18. All documents which evidence, refer or relate to each and every communication between you and Ralph Stewart Bowden and specifically relating to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 21
/99-576/

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

19.    All documents which evidence, refer or relate to each and every communication between you and Terry Pendleton and specifically relating to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 22
/99-576/

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

20.    All documents which evidence, refer or relate to each and every communication between you and Stuart Bradow and specifically relating to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 23
/99-576/

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

21. All documents which evidence, refer or relate to each and every communication between you and Environmental Management Systems, Inc. and specifically relating to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                Page 24
/99-576/

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

22.     All documents which evidence, refer or relate to each and every communication between you and Joseph W. Hatzell and specifically relating to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 25
/99-576/

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

23.    All documents which evidence, refer or relate to each and every communication between you and Joseph J. Blake and Associates, Inc. and specifically relating to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 26
/99-576/

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

24.    All documents which evidence, refer or relate to each and every communication between you and David Roan and specifically relating to the Hammock Dunes Project including the payment of any real estate commissions, fees, reimbursement or payments of any kind to him or to any other individual and/or entity for him.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 27
/99-576/

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

25.    All documents which evidence, refer or relate to each and every communication between you and any individual and/or entity relating to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. Additionally, the Eiger Defendants object on the grounds that this request is duplicative of requests nos. 1-24. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 28
/99-576/

RESPONSE:

Subject to the foregoing, the Eiger Defendants will produce such documents, if any, to which they have not objected at a mutually convenient time and place.

26.    All documents which evidence, refer or relate to any contracts, memorandums and agreements between you and the individuals and/or entities listed in items 1 through 25 relating to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. Additionally, the Eiger Defendants object on the grounds that this request is duplicative of requests nos. 1-25. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION          Page 29
/99-576/

RESPONSE:

There are no documents which have not been objected to by the Eiger Defendants.

27.    All documents which evidence, refer or relate to payments made by you or received by you from the individuals and/or entities listed in items 1 through 25 relating to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object on the grounds that this request is duplicative of the documents sought in request nos. 1-25. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

There are no documents which have not been objected to by the Eiger Defendants.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 30
/99-576/

28.    All financial projections, cash flows, financial summaries, executive summaries, market studies, appraisals or any other such due diligence or financial documents, including drafts, submitted to the Lane Defendants or BankBoston regarding the acquisition and development of Hammock Dunes.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object on the grounds that this request is duplicative of the documents sought in request nos. 1-25. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

There are no documents which have not been objected to by the Eiger Defendants.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P., H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER, DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                                  Page 31
/99-576/

29.     Your day timers, calendar or other notes evidencing, referring or relating to each and every meeting or communication between you and the individuals and/or entities listed in items 1 through 25 since January 1998.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object on the grounds that this request is duplicative of the documents sought in request nos. 1-25. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999. The Eiger Defendants further object to this Request on the grounds that it is unduly burdensome to produce such documents relating to employees of the Eiger Defendants other than the named defendants herein.

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected, at a mutually agreeable time and place.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 32
/99-576/

30.    All documents which evidence, refer or relate to each trip by you to Florida related to the Hammock Dunes Project since January 1998.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object on the grounds that this request is duplicative of the documents sought in request nos. 1-25. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected, at a mutually convenient time and place.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                          Page 33
/99-576/

31.    All documents which evidence, refer or relate to any interest in any business, venture, partnership, joint venture, or corporation whose business relates in any way to the individuals and/or entities listed in items 1 through 25 since January 1998.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. Additionally, the Eiger Defendants object on the grounds that this request is duplicative of requests nos. 1-25. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999. Objection is further made on the grounds that this request is overly burdensome.

RESPONSE:

There are no documents which have not been objected to by the Eiger Defendants.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P., H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER, DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                Page 34
/99-576/

32.    All documents which evidence, refer or relate to any indemnification by any of the individuals and/or entities listed in items 1 through 25 for the benefit of the Eiger Defendants relating to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object on the grounds that this request is duplicative of the documents sought in request nos. 1-25. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected, at a mutually convenient time and place.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 35
/99-576/

33.    All documents which evidence, refer or relate to any indemnification by any of the individuals and/or entities listed in items 1 through 25 for the benefit of the Eiger Defendants relating to the Lochmere Plaintiffs.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object on the grounds that this request is duplicative of the documents sought in request nos. 1-25. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected, at a mutually convenient time and place.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                     Page 36
/99-576/

34.    All documents which evidence, refer or relate to any indemnification by the Eiger Defendants for the benefit of any of the individuals and/or entities listed in items 1 through 25 relating to the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object on the grounds that this request is duplicative of the documents sought in request nos. 1-25. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected, at a mutually convenient time and place.

**EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P., H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER, DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**                    Page 37
/99-576/

35.    All documents which evidence, refer or relate to any indemnification by the Eiger Defendants for the benefit of any of the individuals and/or entities listed in items 1 through 25 relating to the Lochmere Plaintiffs.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object on the grounds that this request is duplicative of the documents sought in request nos. 1-25. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

Subject to the foregoing objections, the Eiger Defendants will produce such documents, if any, to which they have not objected, at a mutually convenient time and place.

**EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**                    Page 38
*/99-576/*

36.    All financial projections, cash flows, financial summaries, executive summaries, market studies, appraisals or any other such due diligence or financial documents, including drafts, submitted to Mort Meyerson relating to the acquisition and development of Hammock Dunes.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object on the grounds that this request is duplicative of the documents sought in request nos. 1-25. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

No such documents exist.

37.   All financial projections, cash flows, sales reports, financial statements, balance sheets, financial summaries, executive summaries which relate to the current financial status of the Hammock Dunes Project since its acquisition by H. D. Associates to date.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

There are no documents which have not been objected to by the Eiger Defendants.

38.   All documents, including all tangible reports, physical models, compilations of data and other material prepared by any expert or for any expert in anticipation of the expert's trial or deposition testimony for each and every expert whom you may call to testify in this case.

RESPONSE:

No testifying experts have as yet been retained.

**EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**                    Page 40
*/99-576/*

39.    All material prepared by any expert used for consultation purposes which has been reviewed by a testifying expert in this case.

RESPONSE:

No testifying experts have as yet been retained.

40.    Any preliminary reports from any expert which in any way expresses an opinion as to any issue in this case.

OBJECTION:

The Eiger Defendants object to this request on the grounds that it exceeds the scope of discovery pursuant to the Federal Rules of Civil Procedure.

RESPONSE:

No testifying experts have as yet been retained.

41.    If the factual observations, tests, supporting data, calculations, photographs and opinions of any expert whom you may call as a witness have not been recorded and reduced to tangible form, a report producing such observations, tests, supporting data, calculations, photographs or opinions.

OBJECTION:

The Eiger Defendants object to this request on the grounds that it exceeds the scope of discovery pursuant to the Federal Rules of Civil Procedure.

RESPONSE:

No testifying experts have as yet been retained.

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 41
/99-576/

42.    Any and all published treatise, periodicals or pamphlets on the subjects of science or art which you or your attorneys, or expert witnesses claim to be reliable authority which may be used at the time of trial herein.

OBJECTION:

The Eiger Defendants object to this request on the grounds that it exceeds the scope of discovery pursuant to the Federal Rules of Civil Procedure.

RESPONSE:

No testifying experts have as yet been retained.

43.    The curriculum vitae of each and every person whom you may call as an expert witness in this lawsuit.

OBJECTION:

The Eiger Defendants object to this request on the grounds that it exceeds the scope of discovery pursuant to the Federal Rules of Civil Procedure.

RESPONSE:

No testifying experts have as yet been retained.

44.    All documents which evidence, refer or relate to any plan for the development of the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that

**EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P., H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER, DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**                      **Page 42**

/99-576/

this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object on the grounds that this request is duplicative of the documents sought in request nos. 1-25. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

There are no documents which have not been objected to by the Eiger Defendatns.

45. All documents which evidence, refer or relate to any payment by you of any expense or obligation associated with the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 43
/99-576/

information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for a protective order is hereby made. The Eiger Defendants further object on the grounds that this request is duplicative of the documents sought in request nos. 1-25. The Eiger Defendants further object to this request to the extent it requires production of documents created after November 30, 1999.

RESPONSE:

There are no documents which have not been objected to by the Eiger Defendants.

46.     All documents which evidence, refer or relate to any payment by any person or entity other than you of any expense or obligation associated with the Hammock Dunes Project.

OBJECTION:

The Eiger Defendants object to this request to the extent that it seeks documents protected by the attorney client, work product, consulting expert and investigative privileges. The Eiger Defendants further object on the grounds that this request is vague, ambiguous and overly broad. The Eiger Defendants further object on the grounds that this request seeks documents not relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Eiger Defendants further object on the grounds that this request requires production of certain financial information or other proprietary or confidential information in which various persons or entities have a right to confidentiality or reasonable expectation of privacy. A request for

EIGER, FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, PAUL E. ROWSEY, C. TODD MILLER,
DAVID M. JACOBS AND WILLIAM S. BUCHANAN'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION                    Page 44
/99-576/