FILED

UNITED STATES DISTRICT COURT
Middle District of Florida

01 MAR 30 AM 11: 20

CLERK U.S. DISTRICT COURT
DISTRICT OF FLORIDA
TAMPA, FLORIDA

LOCHMERE DEVELOPMENT GROUP,
INC., and LOCHMERE REALTY, INC.,

      Plaintiffs,

vs.

                                  CASE NO.: 8:00-CV-1026-T-27B
                                  State Court No.: 00-02525/Div. I

EIGER FUND I, L.P., et al.,

      Defendants.

_____/

## LOCHMERE DEVELOPMENT GROUP, INC. AND LOCHMERE REALTY, INC.'S, MOTION FOR EXTENSION OF TIME TO COMPLY WITH CERTAIN PROVISIONS OF THE CASE <u>MANAGEMENT AND SCHEDULING ORDER</u>

COME NOW, Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE REALTY, INC. ("LOCHMERE") and file this Motion for Extension of Time to comply with certain provisions of the Case Management and Scheduling Order and in support thereof would state:

1.     The Case Management and Scheduling Order was entered on July 27, 2000.

2.     LOCHMERE served its First Request for Production to EIGER FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P., H.D. ASSOCIATES, PAUL E. ROWSLEY, C. TODD MILLER, DAVID M. JACOBS AND WILLIAM S. BUCHANAN (the "EIGER Defendants") on August 24, 2000. LOCHMERE served its First Request for Production to DAVID LANE, BARNETT LANE INVESTMENTS, INC. and JTL CAPITAL, L.L.C. (the "LANE Defendants") on August 24, 2000. LOCHMERE served its First Request for Production to Defendant, BANKBOSTON on August 24, 2000.

3.     The EIGER Defendants served its First Request for Production to LOCHMERE on August 16, 2000. On September 21, 2000, LOCHMERE filed its response

27

stating generally that documents would be produced at a mutually agreeable time and place.

4.      On September 21, 2000, the LANE Defendants filed their response objecting to the majority of the requested documents on various grounds but did produce certain documents.  On October 16, 2000, the EIGER Defendants and BANKBOSTON filed their response objecting to the majority of the requested documents on various grounds.  No documents were produced in response to LOCHMERE's document request.

5.      On November 3, 2000, in response to requests from the undersigned, the LANE Defendants produced additional documents, but did not withdraw their objections to the LOCHMERE document request.

6.      On January 10, 2001 and January 11, 2001, LOCHMERE filed and served Motions to Compel production of documents against all Defendants.  As a result of these Motions to Compel, on January 22, 2001, the LANE Defendants filed supplemental responses withdrawing their objections to the LOCHMERE document request and represented that it had produced all requested documents.

7.      Discussions had occurred between counsel for the parties regarding entry of a Stipulated Protective Order.  Although drafts of such a document were prepared, no such document had been executed by the parties.

8.      On February 22, 2001, the EIGER Defendants filed their second supplemental responses to LOCHMERE's document request and on February 23, 2001, BANKBOSTON filed its supplemental response to LOCHMERE's document request.  Both supplemental responses withdrew the objections except to privileged documents. Following the filing and service of the Motions to Compel, agreement was reached by the

2

parties to the form of a Stipulated Protective Order.  On March 1, 2001, the undersigned received a fully executed copy of the agreed Protective Order and on March 6, 2001 the Court entered same.

8.    Although document requests have been pending by and between the parties since August of 2000, other than documents produced by the LANE Defendants, it is only been since the week of March 12, 2001 that LOCHMERE, and the EIGER Defendants and BANKBOSTON have exchanged documents.

9.    The Case Management and Scheduling Order requires expert witness disclosure by April 3, 2001, discovery cutoff on May 3, 2001 and dispositive motions be filed by June 4, 2001.  Although the pretrial conference is not scheduled until October 26, 2001, and the trial for the term beginning December 3, 2001, because of the protracted time expended exchanging documents, depositions cannot be taken until such time as documents have been reviewed nor can experts thoroughly analyze these documents and make their disclosures as proscribed in the Case Management and Scheduling Order.

LOCHMERE requests a ninety (90) day extension of the expert disclosure date, discovery cutoff date and dispositive motion filing date, maintaining the previously scheduled pretrial conference date and trial term date.  Counsel for the EIGER Defendants and BANKBOSTON are in agreement to a thirty (30) day extension of these dates, but the undersigned does not believe that the produced documents can be analyzed or that all depositions can be taken, with only a thirty (30) day extension.

3

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENTION OF TIME TO COMPLY WITH CERTAIN PROVISIONS OF THE CASE MANAGEMENT AND SCHEDULING ORDER

Pursuant to M.D. Fla. L.R. 3.09, a continuance from "other proceedings" may be allowed by Order of the Court for good cause shown. FED. R. CIV. P. 6(b), also allows an enlargement of time for good cause. Although a significant amount of time elapsed between filing of responses to the LOCHMERE document requests and the supplementation of those responses by all Defendants and the actual production of documents, counsel for LOCHMERE made diligent efforts to secure the supplementation of these responses as well as the entry of the Stipulated Protective Order regarding confidential documents that had been requested. Motions to Compel were ultimately filed and served which resulted in all non-privileged documents being produced by all Defendants.

FED. R. CIV. P., 6(b), states that (The rules) shall be construed to secure just, speedy and inexpensive determination of every action. In accordance with that mandate, court's generally have given a liberal interpretation to Rule 6(b) in order to work substantial justice, Anderson v. Stanco Sports Library, Inc., 52 F.R.D. 108 (D.S.C. 1971).

In addition LOCHMERE, is not seeking a continuance of the pretrial conference or trial date which is disfavored by the Court pursuant to M.D. Fla. L.R. 3.05(b)(2)(E).

WHEREFORE, LOCHMERE, respectfully requests entry of an Order by the Court

4

extending the expert witness disclosure deadline, discovery cut-off date, and dispositive motion filing deadline within the Case Management and Scheduling Order by ninety (90) days, while maintaining the pretrial conference date and trial term as scheduled.

BRICKLEMYER, SMOLKER & BOLVES, P.A.

By:_____

Gregory J. Orcutt
Florida Bar No. 230855
500 East Kennedy Boulevard
Suite 200
Tampa, Florida 33602
(813) 223-3888
(813) 228-6422 - Facsimile
Attorneys for LOCHMERE REALTY,
INC., LOCHMERE DEVELOPMENT
GROUP, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by Facsimile and U. S. Mail to the parties listed on the Service List attached hereto, this 29 day of March , 2001.

_____
Gregory J. Orcutt

5

## SERVICE LIST

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE
INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street
Suite 2900
Tampa, FL 33601-0898

Alan S. Loewinsohn, Esq.
Jo E. Hartwick, Esq.
Wilson E. Wray, Jr.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX  75252

(Attys. for EIGER FUND I, L.P., EIGER, INC.,
EIGER PARTNERS, L.P., H.D. ASSOCIATES,
L.P., PAUL E. ROWSEY, III, C. TODD MILLER,
DAVID M. JACOBS, WILLIAM S. BUCHANAN
and FLEET NATIONAL BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

6