UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

`FILED`

`01 MAY -4 PM 1:45`

`CLERK, U.S. DISTRICT COURT`
`MIDDLE DISTRICT OF FLORIDA`
`TAMPA, FLORIDA`

LOCHMERE DEVELOPMENT GROUP, INC., a
Florida Corporation, and LOCHMERE REALTY,
INC., a Florida Corporation,

    Plaintiffs,

v.

EIGER FUND I, L.P. a Delaware Limited Partnership,
EIGER, INC. a Delaware Corporation, EIGER
PARTNERS, L.P., a Delaware Limited Partnership,
DAVID LANE, an individual, BARNETT LANE
INVESTMENTS, INC, a Texas Corporation, JTL
CAPITAL, L.L.C., a Texas limited liability company,
H.D. ASSOCIATES, L.P., a Delaware Limited
Partnership, BANKBOSTON, N.A., a national
association, PAUL E. ROWSLEY, III, an individual, C.
TODD MILLER, an individual, DAVID M. JACOBS,
and individual and WILIAM S. BUCHANAN, an
individual

    Defendants.

CASE NO. 8:00-CV-1026-T-27B

/

## DEFENDANTS' MOTION TO MODIFY THE CASE MANAGEMENT AND SCHEDULING ORDER AND INCORPORATED MEMORANDUM OF LAW

DAVID LANE, BARNETT LANE INVESTMENTS, INC. and JTL CAPITAL,

L.L.C. (collectively ~~████████████████████████████████████~~ Modify the Case

Management and Scheduling Order.

35

By Order dated April 5, 2001, the Court granted in part Plaintiffs' Motion for Extension of Time to Comply with Certain Provisions of the Case Management and Scheduling Order. Pursuant to that Order, the Court extended the expert witness disclosure deadline until June 4, 2001. The Lane Defendants request that the Court further modify the Case Management and Scheduling Order to provide that the Defendants' expert witness disclosure deadline is fourteen days after Plaintiffs' expert witness disclosure deadline and set June 18, 2001 as the deadline for Defendants' expert witness disclosure.

On July 6, 2000, the parties filed their proposed Case Management Report. In that Case Management Report, the parties stipulated that Defendants' expert disclosure deadline would be eight weeks after Plaintiffs' expert disclosure deadline. *See* Case Management Report and Scheduling Order at 3, ¶ 3.b. and 4, ¶ 4.b. On July 27, 2000, the Court entered the Case Management and Scheduling Order and set the expert witness disclosure deadline as April 3, 2001. Because the parties had stipulated to the expert disclosure deadlines in their Case Management Report, they did not provide the Court with any rationale or authority for the dates proposed. As demonstrated in the following Memorandum of Law, allowing the Lane Defendants to designate their expert witnesses after Plaintiffs have designated the̶i̶r̶ ̶e̶x̶p̶e̶r̶t̶s̶ ̶i̶s̶ ̶a̶p̶p̶r̶o̶p̶r̶i̶a̶t̶e̶ ̶i̶n̶ ̶t̶h̶i̶s̶ ̶i̶n̶s̶t̶a̶n̶c̶e̶.

2

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION

## TO MODIFY THE CASE MANAGEMENT AND SCHEDULING ORDER

The Lane Defendants have not asserted any affirmative claims in this action. *See* Original Answer and Defenses of Defendants David Lane, Barnett Lane Investments, Inc. and JTL Capital, L.L.C. filed May 26, 2000. Although they have raised affirmative defenses, the Lane Defendants will not be designating experts to testify in support of those affirmative defenses. The Advisory Committee's notes to the 1993 amendments to the Federal Rules of Civil Procedure state that "in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." *See Dixon v. Certainteed Corp.*, 168 F.R.D. 51, 54 (D. Kan. 1996) (granting Plaintiff's Motion for Leave to Name Rebuttal Witness Out of Time, finding support for its interpretation of Rule 26(a)(2)(C) in the Advisory Committee Notes to the 1993 amendments and quoting those notes). Because Plaintiffs have the burden of proof on all issues in this action, the Lane Defendants will be designating only rebuttal experts. For that reason, the Lane Defendants respectfully request the Court set their expert disclosure deadline fourteen days after Plaintiff's expert disclosure deadline. Plaintiffs would have more than two weeks to take the depositions of the rebuttal experts designated by the Lane Defendants. *See Ellison v. Windt*, Case No. 6:99-cv-1 and others, 2001, U.S. Dist. LEXIS 1347, at *8 (M.D. Fla. Jan. 24, 2001) ("I find that the belated disclosure of Dr. Uricchio's

ORL1\LABOR\379055.1
26544/0001 AMG sme 5/2/01 3:58 PM

[defendant's expert] report is harmless, provided that the Ellisons are given an opportunity to depose Dr. Uricchio before trial.").

## CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, the Lane Defendnats respectfully request that the Court extend Defendants' expert disclosure deadline for fourteen days or until June 18, 2001.

Respectfully submitted,

ALAN M. GERLACH, ESQ.
BROAD AND CASSEL
Florida Bar. No. 199184
390 North Orange Avenue, Suite 1100
Orlando, Florida  32801
P.O. Box 4961 (32802)
Telephone:  (407) 839-4200
Fax: (407) 425-8377

- and -

JOHN W. GREENE, ESQ.
HILL GILSTRAP
1400 West Abram Street
Arlington, Texas 76013
Telephone: (817) 261-2222
Fax: (817) 861-4685
Attorneys for Defendants David Lane, Barnett Lane Investments, Inc. and JTL Capital, L.L.C

4

ORL1\LABOR\379055.1
26544/0001 AMG sme 5/2/01 3:58 PM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this ___ day of May, 2001 to: Gregory J. Orcutt, Esq., Bricklemyer, Smolker & Bolves, P.A., 500 E. Kennedy Blvd., Suite 200, Tampa, Florida 33602; Daniel F. Molony, Esq., Shook, Hardy & Bacon, L.L.P., 201 E. Kennedy Blvd., Suite 601, Tampa, Florida 33602; Alan S. Loewinsohn, Esq., Pezzulli & Loewinsohn, L.L.P., 18383 Preston Road, Suite 110, Dallas, Texas 75252 and Dora Kaufman, Esq., Halley, Sinagra & Perez, 100 S.E. 3rd Avenue, Suite 1900, Fort Lauderdale, Florida 33394.

Alan M. Gerlach

5