FILED

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

01 MAY -7 PH 2: 25

CLERK U.S. DISTRICT C. . .
MIDDLE DISTRICT OF FL.. . .
TAMPA. FLORIDA

LOCHMERE DEVELOPMENT
GROUP, INC., a Florida corporation, and
LOCHMERE REALTY, INC., a Florida
corporation,

CASE NO.: 8:00 CV 1026-T-27B

        Plaintiffs,

v.

EIGER FUND I, L.P., a Delaware
Limited Partnership; EIGER, INC., a Delaware
Corporation; EIGER PARTNERS, L.P.,
a Delaware Limited Partnership;
DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC.,
a Texas corporation; JTL CAPITAL,
L.L.C., a Texas limited liability company;
H.D. ASSOCIATES, L.P., a Delaware
Limited Partnership; BANKBOSTON,
N.A., a national association;
PAUL E. ROWSEY, III, an individual;
C. TODD MILLER, an individual;
DAVID M. JACOBS, an individual; and,
WILLIAM S. BUCHANAN,
an individual

        Defendants.
_____/

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVE MOTION TO STAY PROCEEDINGS

    The instant action was filed in the Circuit Court in and for Hillsborough County on April 3, 2000 and was properly removed to this Court on May 24, 2000 because of the complete diversity of citizenship between the parties. The only real connection that the Tampa Division of the Middle District of Florida or Hillsborough County has with the instant controversy is that the Plaintiffs Lochmere Development and Lochmere Realty, their principal, Robert Evans, and their

40

attorney reside therein.  This case should be dismissed or at least stayed pending resolution of an earlier-filed action in Texas state court where the same issues are scheduled to be tried.

The Texas Action

On July 23, 1999 Eiger, Inc and H.D. Associates filed Plaintiff's Original Petition (that's Texan for "Complaint") against Mr. Evans, Lochmere Development, David Lane, and JTL Capital.  A certified copy of the Original Petition is attached hereto as Exhibit A.  The "petition" sought a declaratory judgment that there was no contract between the Plaintiffs and the Evans Defendants (that is, Evans personally and Lochmere Development) as well as that Plaintiffs had not received and/or used trade secrets belonging to the Lochmere Defendants.  A second count sued Lane and JTL for fraud in the event that their representations concerning the non-existence of a contract with the Lochmere Defendants had proven untrue.  The Petition sought declaratory relief, actual and exemplary damages, as well as interest, attorneys' fees, costs and unspecified other and further relief.

Defendants in the Texas case filed a Special Appearance and an Amended Special Appearance, certified copies of which appear as Composite Exhibit B hereto.  These challenges to the jurisdiction of the Texas state court were overruled on August 3, 2000, and an order denying the Special Appearance is attached hereto as Exhibit C.[1]  Lochmere's appeal of this order was orally argued on April 3, 2001, and a decision may be imminent.

---

[1] Preparation of the instant motion and memorandum has been delayed by confusion in the Dallas County District Court Clerk's Office over the location of the trial court file.  In order to access the file so that certified copies (deemed necessary for the filing of the instant motion) of the operative pleadings could be made, Lane's Texas counsel sent a runner to the Dallas Clerk's Office. On three separate occasions she was told by officials in that office that the file was in the District Judge's chambers and could not be retrieved.  It was later learned that the file was misplaced or misfiled after Lochmere's Texas counsel used it to make copies of certain documents therein for presentation to the Dallas Court of Appeals for the appeal from the denial of the special appearance. (No one is suggesting Lochmere's Texas attorneys did anything wrong, only that the file was somehow misplaced after they caused the necessary copies to be made.)  The file was only recently located, thus allowing copying and certification of the operative pleadings for the Court's use in determining the instant motion.  If the Court deems it necessary, the Lane Defendants can produce affidavits evidencing the foregoing description to demonstrate that this motion could not have been filed significantly earlier.

2

As a result of extensive motion practice and other proceedings, the Texas state court action has now evolved so that the operative pleading is the Fourth Amended Original Petition. It was filed on June 14, 2000, and a certified copy of that document appears as Exhibit D. As the Court will note, when compared to the Original Petition, this pleading includes further parties and an additional count. In addition to the original plaintiffs, the current amended original petition includes Eiger Fund, Eiger Partners, and Messrs. Rowsey, Miller, Jacobs and Buchanan as parties plaintiff. Evans personally is no longer a defendant, and Lochmere Realty, an Evans-related company, and Barnett Lane Investments, a Lane-related company, have been added as defendants. The third count of the "Amended Original Petition" seeks a declaration that the Plaintiffs (1) had no partnership with the Lochmere Defendants; (2) did not violate the Florida Uniform Partnership Act and related common law doctrines; (3) did not wrongfully use or allow others to use trade secrets belonging to Lochmere; (4) did not commit fraud; (5) were not unjustly enriched or did not deny the Lochmere Defendants the value of its services in quantum meruit; (6) did not violate the Uniform Trade Secrets Act appearing at Chapter 688, Florida Statutes; (7) did not convert information or alleged trade secrets belonging to the Lochmere Defendants; (8) and did not engage in civil conspiracy with each other or with the Lane Defendants or with BankBoston. This Amended Petition seeks declaratory relief, actual and exemplary damages, interest, attorneys' fees and costs, and other further relief as the court deems appropriate. The Texas state court action is set for jury trial on August 27, 2001. See Pre-Trial Order dated January 18, 2001, attached as Exhibit E.

<u>The Florida Action</u>

Although the instant complaint in the Florida federal district court case is far more prolix and detailed, covering some 73 pages with 38 counts and 14 attached exhibits, it places the exact

3

same issues in dispute. Basically, Lochmere alleges that it had a partnership with the Lane Defendants and/or with the Eiger Defendants and that either or both sets of defendants failed to live up to obligations under the "partnership agreement" and utilized Lochmere's valuable commercial information without paying just compensation therefor and without returning it to Lochmere when demanded. Whether this series of events is denominated a violation of the Uniform Partnership Act (Counts I-IV), intentional fraud (Counts V-X), constructive fraud (Counts XI-XVI), quantum meruit and unjust enrichment (Counts XVII-XXIII), violation of the Uniform Trade Secrets Act (Counts XXIV-XXX), conversion (Counts XXXI-XXXVII) or civil conspiracy (Count XXXVIII), the gravamen of the underlying action is still the same. The parties are essentially identical, the only difference being that BankBoston, while mentioned in the Texas state action, is a party only in the Florida action. BankBoston is a defendant in only 4 of the 38 counts of the Florida complaint. Since it acted purely as a source of funds so that the contemplated sale of the Hammock Dunes property could occur, the Bank's liability to the Lochmere Plaintiffs seems equivocal at best.

As the Notice of Removal in the instant case demonstrates, the only contact between the Middle District of Florida, Tampa Division, and the instant controversy is that it is where the plaintiff entity and its chosen attorney happen to reside. While the Hammock Dunes property is located within the Middle District (albeit in the Jacksonville Division), this is not an action in rem where the site of the property at issue would be a relevant, even determinative consideration. In this in personam action for money damages, it is worth noting that all of the Defendants save BankBoston are Texas citizens. Eiger Fund I, L.P. is a Delaware limited partnership with its principal place of business in Dallas, Texas; Eiger, Inc. is a Delaware corporation with its principal of business in Dallas, Texas; Eiger Partners, L.P. is a Delaware limited partnership with

ORL1\LABOR\376997.1
26544/0001 AMG rw 4/23/01 8:25 AM

its principal place of business in Dallas, Texas. Barnett Lane Investments, Inc., is a Texas corporation with its principal place of business in Dallas, Texas; JTL Capital, L.L.C., is a Texas limited liability company with its principal place of business in Dallas, Texas. H.D. Associates, L.P. is a Delaware limited partnership with its principal place of business in Dallas, Texas. David Lane, Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs, and William S. Buchanan, are all individuals residing in the State of Texas. Only Fleet National Bank f/k/a BankBoston, N.A. is a national banking association with its principal place of business in Providence, Rhode Island. See Notice of Removal filed May 24, 2000, ¶ 4.

## Federal Law

While initially there was some doubt as to the power of a federal court to do so,[2] the modern trend has been strongly in favor of dismissing, or at least staying, a federal action where a prior state action involving substantially the same issues and parties is already under way. Considerations favoring this course of action include those of comity, conservation of judicial resources, convenience to parties, counsel and witnesses; avoidance of a multiplicity of suits and possibly inconsistent and conflicting results; and favoring the forum which can try the case first. A particular consideration here is that all the causes of action involve state law claims, not federal questions as to which this Court would undoubtedly have greater expertise. In this case there is simply no good reason why a court sitting in Tampa, Florida, should determine a controversy arising in Dallas, Texas, particularly where a lawsuit involving substantially similar issues and parties was on file for a whole year prior to the commencement of the instant action.

---

[2] See Ermentrout v. Commonwealth Oil Co., 220 F.2d 527 (5th Cir. 1955).

5

In <u>Ystueta v. Parris</u>, 486 F. Supp. 127 (N.D. Ga. 1980), the court considered whether to stay or dismiss a wrongful death action that was essentially identical to one filed on the same day by the same plaintiffs against the same defendants in state court.  Recognizing the existence of earlier decisions to the contrary, the court declared that "it is now generally recognized that a district court does have the power to grant a discretionary stay of a federal action which is substantially duplicated by a pending state action between the same parties." 486 F. Supp. at 128. Holding that it clearly had the power to control and manage its docket for the benefit of the litigants, the court "concluded that issuance of a stay to compel election [of whether to proceed in the state or federal forum] is a matter within the sound discretion of the Court." <u>Id</u>. at 129. Absent written notification by plaintiffs of their dismissal of the state court suit within 15 days of entry of its order, the court determined that it would stay further proceedings in the federal case. In addition to its inherent power to control its own docket the court also cited the necessity of avoiding "greater duplication of effort than mere double-filing of discovery requests and responses" and "potential abrasion of the spirit of federal/state comity." <u>Id.</u>

Among the cases cited by Judge Evans in <u>Ystueta</u> is <u>Landis v North American Co.</u>, 299 U.S. 248 (1936).  The United States Supreme Court in that case cited the wastefulness inherent in duplicative litigation proceeding concurrently in state and federal court as a basic reason for staying an action in the federal court pending the outcome of a similar action in the state court. The Supreme Court has also observed in respect to a declaratory judgment suit in federal court that it ordinarily would be uneconomical as well as vexatious for a federal court to proceed in such a case where another suit was pending in a state court presenting the same issues, not governed by federal law, between the same parties.  <u>Brillhart v. Excess Ins. Co.</u>, 316 U.S. 491, 495 (1942).

6

Ystueta also cited Crawford v. Seaboard Coastline R. Co., 286 F. Supp. 556 (S.D. Ga. 1968), where the court stated that in determining whether to stay a proceeding because of the pendency of the same action in another court, one of the prime factors is the chronology of the commencement of the actions, and as a general rule that action which is first commenced should be given priority. There being nothing in the record to show that an earlier trial was more likely in the federal court than in the state court, where plaintiff had originally brought her wrongful death action, the district judge stayed the plaintiff's federal action until the pending case in state court either had been dismissed or there had been a final determination on the merits of that earlier-filed case.

Not only comity but active support of the state court was reflected in Amdur v. Lizars, 372 F.2d 103 (4th Cir. 1967), a stockholders' derivative action in which a stay was affirmed, the stockholders having being ordered to post security in the state court proceeding but having chosen instead to file a similar action in the federal district court. Stockholders sought dismissal in the state court of their action there, but this was refused because substantial rights of the defendants would be affected by such a dismissal, especially after they had expended much time and money in defense of the state suit; the court viewed the posting of security as a "valuable right" which had accrued to the defendants, and therefore further proceedings of the state court were stayed until plaintiffs should furnish the required security. Permitting the stockholders to abandon the state suit without complying with the order of security and to prosecute a parallel action in the federal court would not only deprive defendants of the valuable right which had accrued to them but would undercut the state's policy embodied in these rules requiring the posting of security in this situation. The court determined that if the stockholders did elect to abandon the state proceedings they could resume their effort in the federal forum only upon

7

compliance with the condition that they post a bond in that court equal to the amount of security which had been ordered to be posted in the state court.

Aetna State Bank v. Altheimer, 430 F.2d 750 (7th Cir. 1970), provides additional support for staying the instant action. The Seventh Circuit held that, where two cases involving the same cause of action are pending in state and federal court, and are within concurrent jurisdiction of each, both actions may proceed at the same time, but discretion should be exercised in abstaining from jurisdiction in appropriate cases. Id. at 755. Further, the court declared that granting a stay pending the outcome of litigation in the other court between the same parties, involving the same or controlling issues, is an acceptable means of avoiding unnecessary duplication of judicial machinery. While motions in abatement are disfavored, orders staying proceedings pending completion of state actions are not. Although it is not the sole controlling factor, the priority of litigation is to be given some significant in considering whether to stay the later-filed federal action. In this particular case, the Seventh Circuit reversed in part because it felt that the stay of the federal court action should have been conditioned upon the defendant's consent to use of federal discovery proceedings since state action. The court emphasized that in the case before it, the appropriate remedy was a stay of proceedings rather than dismissal. Id. at 758.

The United States Court of Appeals for the Fifth Circuit affirmed issuance of a stay on facts similar to those presented by the case at bar in PPG Industries, Inc. v. Continental Oil Co., 478 F.2d 674 (5th Cir. 1973). PPG Industries filed a diversity action in Louisiana federal district court against Conoco for declaratory and injunctive relief with respect to a gas sales contract between the parties. On Conoco's motion the district court stayed further proceedings pending final determination of an action for declaratory judgment previously filed by Conoco against PPG and one other party in a Texas state court which raised the same issues as the federal suit.

8

Even though the state court action included parties in addition to PPG and Conoco, the Fifth Circuit affirmed the stay of the federal district court litigation. The court held both that the district court had the discretionary powers to stay further proceedings in this diversity suit for declaratory and injunctive relief in deference to a pending state declaratory judgment action in another state and that the district court had properly exercised its discretion in granting a stay in this case. The court distinguished <u>Meredith v. City of Winter Haven</u>, 320 U.S. 228 (1943), on which PPG relied, because in that case there was no pending parallel state action, and the court did not directly consider the question of whether such a state action might warrant a federal stay. Although believing that <u>Brillhart v. Excess Ins. Co.</u>, <u>supra</u>, was not controlling, the Fifth Circuit nevertheless found it persuasive and cited it as one of many cases that "have made manifest a policy against dual litigation." <u>Id.</u> at 679. The <u>PPG Industries</u> court cited these familiar arguments in affirming the stay: duplicative litigation in federal and state courts "abrades" to some extent the spirit of federal-state comity; concern for economy of judicial time; and a disinclination to encourage duplication of efforts; the undesirability of imposing on the litigants and the witnesses the double burden of two trials; and the "unwanted and highly undesirable... race by each party to obtain a decision from the particular...court reacting most favorably to its position." <u>Id.</u> at 680, quoting <u>ACF Industries, Inc. v. Guinn</u>, 384 F.2d 15 (5th Cir. 1967), <u>cert. denied</u>, 390 U.S. 949 (1968).

Further, after citing <u>Aetna State Bank v. Altheimer</u>, discussed hereinabove, the Fifth Circuit in <u>PPG Industries</u> determined that a stay is preferable to outright dismissal even where the former "will probably have the same effect as a dismissal..., since the state judgment when final may be pleaded as res judicata in the federal action." <u>Id.</u> at 682, citing also <u>Amdur v. Lizars</u>, <u>supra</u>; <u>Mottolese v. Kaufman</u>, 176 F.2d 301 (2nd Cir. 1949). The Fifth Circuit also expressed its

agreement with the district court's declaration that the "Texas court is perfectly capable of deciding whether Louisiana or Texas law should control in the adjudication of the matter, and correctly apply whichever law is applicable.'" Id. at 683.

### Florida Law

Should the court determine Florida law is applicable to the issue of the dismissal or stay of this diversity action filed in district court, it should be advised that the law of this State is at least as favorable to the position of the moving defendants as is the federal case law.

For example, in Koehlke Components, Inc. v. South East Connectors, Inc., 456 So.2d 554 (Fla. 3rd DCA 1984), the appellate court held that the trial court had abused its discretion in refusing to stay a state court action seeking declaration of rights and obligations under contract pending final disposition of a prior federal suit by the present defendant asserting rights under the same contract. The court went on to say that the usual practice in the event of pendency of a prior like suit in federal court is to suspend or stay the subsequent state proceedings until the first action is determined. Id. at 555.

The Florida Fifth District Court of Appeal has in two recent cases held that stay is appropriate when the prior action has been filed in federal court. Based on principles of comity, that court ruled in Florida Crushed Stone Co. v. Travelers Indemnity Co., 632 So.2d 217 (Fla. 5th DCA 1994), that it is an abuse of discretion to refuse to stay a subsequently filed state court action in favor of a previously filed federal action involving the same parties and the same or substantially similar issues. In that case the issue to be determined in the federal action would resolve many of the issues to be decided by the state court in the subsequently filed action. In Shooster v. BT Orlando Limited Partnership, 766 So. 2d 114 (Fla. 5th DCA 2000), the court considered the situation where the state court action was earlier filed but was the later to perfect

10

service on the defendant. The trial judge's refusal to stay the state court action was held to be an abuse of discretion and a departure from the essential requirements of the law and was reversed by the Fifth District in the interest of state-federal comity.

Likewise, the Second District Court of Appeal held that the trial court abuse its discretion in denying the stay of a state suit filed subsequent to a pending federal suit with identical causes of action and parties in Schwartz v. DeLoach, 453 So.2d 454 (Fla. 2nd DCA 1984) (Grimes, J.). Schwartz quoted with approval the Florida Supreme Court's statement in Wade v. Clower, 94 Fla. 817, 826, 114 So. 548, 551 (1927), that "the usual practice is for the court in which the second action is brought not to dismiss such action, but to suspend proceedings therein until the first action is tried and determined." To the same effect is National American Ins. Co. v. Charlotte County, 611 So.2d 1284 (Fla. 2d DCA 1992), where the county brought action against surety and its principal for breach of surety bond and construction contract. The surety moved to stay the action pending disposition of a prior declaratory judgment action involving the same subject matter which the surety had filed in federal district court. The Second District granted certiorari and quashed the trial court's order denying the surety's motion for stay. The same court reached the same result in State v. Harbor Island, Inc., 601 So.2d 1334 (Fla. 2d DCA 1992), where the court observed that while the state and federal like cases were not identical, disposition of the federal case would resolve many of the issues raised in the state action. Accordingly, the appeals court again granted a petition for certiorari, quashing an order denying the stay in the circuit court.

Other Florida cases support the same result. In Siegel v. Siegel, 575 So.2d 1267 (Fla. 1991), the Florida Supreme Court declared that the trial judge should have stayed a dissolution proceeding brought by the wife against the husband in Florida, in view of an earlier filed New

11

York dissolution proceeding brought by the husband against the wife. See also <u>Norris v. Norris</u>, 573 So.2d 1085 (Fla. 4th DCA 1991) (certiorari granted; trial court was required to stay dissolution proceedings). In <u>City of Miami Beach v. Miami Beach FOP</u>, 619 So.2d 447 (Fla. 3rd DCA 1993), the court determined an absence of factors outweighing the need for state-federal comity and thus that the state court action should have been stayed during the pendency of the previously-filed federal action involving the same subject matter. <u>Robinson v. Royal Bank of Canada</u>, 462 So.2d 101 (Fla. 4th DCA 1985), applied the same principle in determining that the Florida action should have been stayed in deference to the prior action pending in a Canadian court. In <u>New Plan Realty Trust v. Towers Apartments, Inc.</u>, 350 So.2d 99 (Fla. 1st DCA 1977), the court affirmed a stay pending trial of the same issues in a New York suit but reversed as an abuse of discretion the lower court's determination to except discovery proceedings from the stay because there was no reasonable basis for allowing duplicate discovery proceedings. Finally, in <u>A.J. Armstrong Co. v. Romanach</u>, 165 So.2d 817 (Fla. 3rd DCA 1964), the court stayed an action against the endorser of a note secured by a chattel mortgage pending the determination of a Texas state action on the chattel mortgage itself, in consideration of comity, prevention of a multiplicity of suits and avoidance of unnecessary vexation of the parties.

Accordingly, even if the Court were to apply Florida as opposed to federal law, the outcome would be the same: a stay of the instant action pending determination of the prior-filed Texas state court action.

Conclusion

The overwhelming weight of authority under both federal and Florida law favors a stay, if not outright dismissal, of the instant case so that the Texas state court action, which was filed earlier and involves the same issues and parties, can be litigated to its conclusion. This course of

12

action will result in the vindication of the principles of state-federal comity and the greatest possible efficiency in allocation of scarce judicial resources. Any other result risks the likelihood of inconsistent determinations, excessive expenditures, duplication of judicial labor, and unnecessary burden on and vexation of the parties.

Respectfully submitted,

ALAN M. GERLACH, ESQ.
BROAD AND CASSEL
Florida Bar. No. 199184
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
P.O. Box 4961 (32802)
Telephone: (407) 839-4200
Fax: (407) 425-8377

- and -

JOHN W. GREENE, ESQ.
HILL GILSTRAP
1400 West Abram Street
Arlington, Texas 76013
Telephone: (817) 261-2222
Fax: (817) 861-4685
Attorneys for Defendants David Lane,
Barnett Lane Investments, Inc. and
JTL Capital, L.L.C

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this ___ day of May, 2001 to: Gregory J. Orcutt, Esq., Bricklemyer, Smolker & Bolves, P.A., 500 E. Kennedy Blvd., Suite 200, Tampa, Florida 33602; Daniel F. Molony, Esq., Shook, Hardy & Bacon, L.L.P., 201 E. Kennedy Blvd., Suite 601, Tampa, Florida 33602; Alan S. Loewinsohn, Esq., Pezzulli & Loewinsohn, L.L.P., 18383 Preston Road, Suite 110, Dallas, Texas 75252 and Dora Kaufman, Esq., Haley, Sinagra & Perez, 100 S.E. 3rd Avenue, Suite 1900, Fort Lauderdale, Florida 33394.

Alan M. Gerlach

14

ORL1\LABOR\376997.1
26544/0001 AMG rw 4/23/01 8:25 AM

CAUSE NO.

| | | |
|---|---|---|
| EIGER, INC. and | § | |
| H.D. ASSOCIATES, L.P., | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| ROBERT D. EVANS, LOCHMERE | § | |
| DEVELOPMENT GROUP, INC., | § | |
| DAVID LANE, and JTL | § | |
| CAPITAL, L.L.C. | § | |
| | § | K-192nd JUDICIAL DISTRICT |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiffs Eiger, Inc. and H.D. Associates, L.P. (collectively "Plaintiffs") and file this Original Petition complaining of Defendants Robert D. Evans, Lochmere Development Group, Inc. (collectively "Evans Defendants"), David Lane, and JTL Capital, L.L.C. (collectively "Lane Defendants") (collectively "Defendants") and for causes of action would respectfully show as follows:

### I.

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to pursue discovery under Level 3 of Tex. R. Civ. P. 190.

### II.

### PARTIES

2.    Eiger, Inc. is a Delaware corporation with its principal place of business in Dallas County, Texas.



EXHIBIT
A

<u>PLAINTIFFS' ORIGINAL PETITION-</u>                                                    Page 1

3.    H.D. Associates, L.P. is a Delaware limited partnership with its principal place of business in Dallas, Texas.

4.    Robert D. Evans is an individual currently residing, on information and belief, in the State of Florida. Evans can be served with process by serving him at his regular place of employment, 2701 N. Rocky Point Dr., Suite 1070, Tampa, Florida 33607. **Citation, but not service, is requested at this time.**

5.    David Lane is an individual currently residing, on information and belief, in Dallas County, Texas. Lane can be served with process by serving him at his regular place of employment, 8235 Douglas Avenue, Suite 770, Dallas, Texas 75225. **Citation, but not service, is requested at this time.**

6.    Lochmere Development Group, Inc. is a Florida corporation which may be served with citation by serving its registered agent for service of process, Robert D. Evans, 2701 N. Rocky Point Dr., Suite 1070, Tampa, Florida 33607. **Citation, but not service, is requested at this time.**

7.    JTL Capital, L.L.C. is a Texas corporation which may be served with citation by serving its registered agent for service of process, David A. Lane, 8235 Douglas Avenue, Suite 770, Dallas, Texas 75225. **Citation, but not service, is requested at this time.**

## III.

## VENUE AND JURISDICTION

8.    The matters in controversy exceed the minimum jurisdictional limits of this Court.

9.    Plaintiffs' action is properly maintained in Dallas County, Texas pursuant to Chapter 15 of the Texas Civil Practice & Remedies Code, including without limitation, §§15.002(a)(1), (2), and (3).

10. A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Dallas County, Texas. Thus, venue is proper in Dallas County, Texas under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code.

11. Defendant Lane resides in Dallas County, Texas. Thus venue is proper in Dallas County, Texas under Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code.

12. Defendant JTL Capital, L.L.C. is a Texas Corporation with its principal place of business in Dallas, County Texas. Thus venue is proper in Dallas County, Texas under Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code.

## IV.

## FACTUAL BACKGROUND

**A.    Defendants Failed Prior Attempts To Buy The Hammock Dunes.**

13. For at least the past year and a half, Defendants' efforts to acquire the Hammock Dunes ("the Property") -- a multi-million dollar high-end real estate development project in the State of Florida -- have been unsuccessful. Defendants, or their affiliates, have had the Property under contract at least once during such time period, but the contract fell through.

14. Defendants have also attempted to find debt and equity financing for the project, but such efforts have also gone unfulfilled -- the reason: Defendants do not have the financial strength to close the property on their own.

**B.    Defendants Contact Plaintiffs In An Effort To Find A Buyer For The Hammock Dunes -- Plaintiffs Discover Defendants' Acquisition and Development Plans Are Fatally Flawed.**

15. In March of 1999 Defendants ultimately contacted Eiger, Inc. to see if Eiger, Inc. was interested in purchasing the Hammock Dunes. Plaintiffs, for their part, was interested in

acquiring the Hammock Dunes if it could be turned into a successful real estate venture and the purchase price was right.

16.    Accordingly, Plaintiffs pursued due diligence on the potential acquisition and even reviewed Defendants' prior analysis of the project, at their offering.  Plaintiffs also had independent negotiations with the seller of the Property.

17.    By reviewing Defendants' documents and conferring with the seller of the property, however, Plaintiffs discovered at least three crucial pieces of information regarding Defendants' plans:  (1) Defendants' initial contractual approach with the seller was not feasible from a financial standpoint; (2) Defendants' strategic plan for the development, operation, and marketing of the Property was fatally flawed; and (3) Defendants lacked the experience and time commitment necessary to successfully manage the development, operation, and marketing of the Property.

## C.    Plaintiffs Negotiate Their Own Deal To Acquire The Hammock Dunes.

18.    Realizing the potential benefits the Hammock Dunes could bring if properly developed, marketed, and operated, Plaintiffs set out to put together their own strategic plan and financing package to acquire the Property.

19.    Defendants subsequently acknowledged the value Plaintiffs brought to the deal, as well as the shortcomings of their own prior plan with regard to the Property.  Plaintiffs, however, were impressed with Defendants' knowledge of Florida land-use issues and the "on-the-ground" development experience Defendants previously exhibited and discussed with Defendants their continued role in the project from these standpoints.  Accordingly, for the projected benefits Plaintiffs anticipated Defendants would add to the project in these areas, Plaintiffs discussed with the Lane Defendants the possibility of giving the Lane Defendants some form of compensation.

**D.    The Evans Defendants Claim They Have A Deal Entitling Them To A Huge Piece Of The Pie.**

20.    Unhappy with their diminished role in the acquisition and profit participation in the Property as currently structured, the Evans Defendants raised for the first time on or about June 10, 1999, that they had a contractual agreement with the Lane Defendants which they claim entitles them to a compensation package from Plaintiffs of up to $12 to $15 million dollars for their role in the project.  Plaintiffs dispute this claim.  The Lane Defendants represented to the Plaintiffs that they had no contractual agreement with the Evans Defendants ("the Lane Representation").

21.    If this were not enough, the Evans Defendants also asserted that the information they voluntarily allowed Plaintiffs to review -- information generated from public records, collaborative discussions between the parties herein, and analysis generated from publicly available software programs -- were trade secrets and demanded their return.  Plaintiffs dispute this claim.

22.    Plaintiffs bring this action to prove that no contractual agreement exists between them and the Evans Defendants, and that the information the Evans Defendants supplied them does not constitute trade secrets.

## V.

## CAUSES OF ACTION

**COUNT I:    DECLARATORY JUDGMENT**

23.    Plaintiffs incorporate each of the proceeding paragraphs herein.  Contrary to Defendants' assertions, Plaintiffs do not now, nor have they ever had, a contractual relationship with the Evans Defendants.

24.     Plaintiffs request that the Court declare that no valid contractual relationship exists between Plaintiffs and Evans Defendants and that the Evans Defendants have not supplied Plaintiffs with any proprietary or confidential trade secrets.

25.     Plaintiffs have retained the law firm of Pezzulli & Loewinsohn to represent them in this action and have agreed to pay such reasonable and necessary attorneys' fees. An award of reasonable and necessary attorneys' fees to Plaintiff would be equitable and just and therefore authorized by Section 37.009 of the Civil Practice and Remedies Code.

## COUNT II:   FRAUD

26.     In the alternative, and without waiving the foregoing, Plaintiffs incorporate each of the proceeding paragraphs herein and bring this count.

27.     To the extent it is determined that the Lane Defendants did have a contractual agreement with the Evans Defendants, then the Lane Representation would be untrue.

28.     To the extent the Lane Representation was untrue, the Lane Defendants knew this representation was false when they made it, or they made it with reckless disregard of its truth or falsity.

29.     The Lane Defendants intended for the Plaintiffs to act upon the Lane Representation, and the Plaintiffs did act in reliance on such representation to their detriment.

30.     Plaintiffs are entitled to recover all of their actual damages from the Lane Defendants.

## VI.

## REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants be served with process and be required to answer herein, and that upon the trial of this matter the

Court enter final judgment in Plaintiffs' favor, and against Defendants, on all causes of action, and for the following relief:

(A)    A declaratory judgment that no contractual relationship exists between Plaintiffs and the Evans Defendants;

(B)    A declaratory judgment that the Evans Defendants have not supplied Plaintiffs with any proprietary or confidential trade secrets;

(C)    Actual damages, in the maximum amount allowed by law;

(D)    Exemplary damages, in the maximum amount allowed by law;

(E)    Prejudgment interest, at the highest rate allowed by law;

(F)    Postjudgment interest, at the highest rate allowed by law;

(G)    Costs of Court;

(G)    Reasonable attorneys' fees; and

(G)    Such other and further relief to which Plaintiffs may be entitled at law, or in equity.

Respectfully submitted,

**PEZZULLI & LOEWINSOHN, L.L.P.**

Alan S. Loewinsohn
Texas Bar No. 12481600
Michael B. Hopkins
Texas Bar No. 00793976
18383 Preston Rd.
Suite 110
Dallas, Texas 75252-5476
Telephone: (972-713-1300
Telecopy: (972-713-1313

**ATTORNEYS FOR PLAINTIFFS**

CAUSE NO. DV-99-05629

| | | |
|---|---|---|
| EIGER, INC. and | § | IN THE DISTRICT COURT |
| H. D. ASSOCIATES, L.P., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | DALLAS COUNTY, TEXAS |
| ROBERT D. EVANS, LOCHMERE | § | |
| DEVELOPMENT GROUP, INC., | § | |
| DAVID LANE and JTL | § | |
| CAPITAL, L.L.C., | § | |
| | § | |
| Defendants. | § | 192nd JUDICIAL DISTRICT |

## SPECIAL APPEARANCE

NOW COME Defendants Robert D. Evans ("Evans") and Lochmere Development Group, Inc., ("Lochmere") (collectively the " Lochmere Defendants") and make this special appearance under the authority of Texas Rule of Civil Procedure 120a for the purpose of objecting to the jurisdiction of the Court over the person and/or property of the Lochmere Defendants, and as grounds show the following:

### I.

The special appearance is made to the entire proceeding against the Lochmere Defendants.

SPECIAL APPEARANCE - Page 1      *Composite Exhibit B*

## II.

This special appearance is filed prior to a motion to transfer or any other plea, pleading, or motion.

## III.

The Court does not have jurisdiction over the Lochmere Defendants' person and/or property for the reason that neither of the Lochmere Defendants are amenable to process issued by the Courts of the State of Texas.  In this connection the Lochmere Defendants would show:

1.    Evans is not now and has never been a resident of Texas.

2.    Lochmere is not a Texas Corporation and does not maintain a registered agent for service of process in Texas.

3.    Neither Evans nor Lochmere own any real property in Texas.

4.    The Lochmere Defendants do not now engage and have not engaged in any regular course of business in the State of Texas nor committed any tort, in whole or in part, within the State of Texas.

5.    The Lochmere Defendants do not maintain a place of business in the State of Texas, nor do they have any employees, servants or agents within the State of Texas.

6.    The Lochmere Defendants have not engaged in continuous and systematic activities in the State of Texas.

**SPECIAL APPEARANCE - Page 2**

7.    The Lochmere Defendants do not have contacts with the State of Texas sufficient to warrant the exercise of jurisdiction by this Court.

## IV.

The assumption of jurisdiction by the Court over the Lochmere Defendants and/or their property would offend traditional notions of fair play and substantial justice, depriving the Lochmere Defendants of due process as guaranteed by the Constitution of the United States.

WHEREFORE, PREMISES CONSIDERED, the Lochmere Defendants request that this motion be set for hearing and that, upon hearing, this Motion be sustained; and the claims against the Lochmere Defendants be dismissed for want of jurisdiction.

Respectfully submitted,

**FIGARI & DAVENPORT, L.L.P.**

By: _____

Ernest E. Figari, Jr.
State Bar No. 06983000
Monica L. Luebker
State Bar No. 12670750

4800 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 939-2000 (Telephone)
(214) 939-2090 (Telecopier)

ATTORNEY FOR ROBERT D. EVANS AND
LOCHMERE DEVELOPMENT GROUP, INC.

**SPECIAL APPEARANCE - Page 3**

## CERTIFICATE OF SERVICE

The foregoing instrument has been sent via certified mail to Alan S. Loewinsohn, Pezzulli & Loewinsohn, L.L.P., 18383 Preston Rd., Ste. 110, Dallas, Texas 75252-5476 and Frank Hill, Hill Gilstrap, 1400 W. Abram Street, Arlington, Texas 76013 on the 7 day of September, 1999.

MONICA L. LUEBKER

**SPECIAL APPEARANCE** - **Page 4**

## VERIFICATION

STATE OF FLORIDA      §
COUNTY OF Hillsborough §

BEFORE ME, the undersigned Notary Public, on this day personally appeared

Robert D. Evans, individually and as a duly authorized representative for Lochmere

Development Group, Inc., who, being by me duly sworn on oath deposed and stated that

he has read the above SPECIAL APPEARANCE; and that every statement contained in

the SPECIAL APPEARANCE is within his personal knowledge and is true and correct.

_____
Robert D. Evans

_____
Robert D. Evans as duly authorized agent
for Lochmere Development Group, Inc.

SUBSCRIBED AND SWORN TO BEFORE ME on the 23rd day of July,
1999, to certify which witness my hand and official seal.

_____
Notary Public in and for the
State of Florida
My commission expires

_____, 19___



DEBORAH S. CANTWELL
State of Florida
My Comm. Exp. Feb. 19, 2000
Comm. # CC 509383

I:\11254\0001\special appearance.wpd

**SPECIAL APPEARANCE** - Page 5

CAUSE NO. DV-99-05629

**FILED**

APR 5 2000

JIM HAMILTON
DIST. CLERK, DALLAS CO. TEXAS

| | | |
|---|---|---|
| EIGER, INC., EIGER FUND, I, L.P., | § | IN THE DISTRICT COURT |
| EIGER PARTNERS, L.P., | § | |
| H. D. ASSOCIATES, L.P., PAUL E. | § | |
| ROWSEY, III, C. TODD MILLER, | § | |
| DAVID M. JACOBS, and | § | |
| WILLIAM S. BUCHANAN | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| ROBERT D. EVANS, LOCHMERE | § | |
| DEVELOPMENT GROUP, INC., | § | |
| LOCHMERE REALTY, INC., | § | |
| DAVID LANE, JTL CAPITAL, L.L.C., | § | |
| and BARNETT LANE INVESTMENTS, | § | |
| INC. | § | |
| | § | |
| Defendants. | § | 192nd JUDICIAL DISTRICT |

## AMENDED SPECIAL APPEARANCE

NOW COME Defendants Robert D. Evans ("Evans") and Lochmere Development Group, Inc., ("Lochmere") (collectively the " Lochmere Defendants") and make this special appearance under the authority of Texas Rule of Civil Procedure 120a for the purpose of objecting to the jurisdiction of the Court over the person and/or property of the Lochmere Defendants, and as grounds show the following:

### I.

The special appearance is made to the entire proceeding against the Lochmere Defendants.

AMENDED SPECIAL APPEARANCE                                                    Page 1

## II.

This special appearance is filed prior to a motion to transfer or any other plea, pleading, or motion.

## III.

The Court does not have jurisdiction over the Lochmere Defendants' person and/or property for the reason that neither of the Lochmere Defendants are amenable to process issued by the Courts of the State of Texas. In this connection the Lochmere Defendants would show:

1.    Evans is not now and has never been a resident of Texas.

2.    Lochmere is not a Texas Corporation and does not maintain a registered agent for service of process in Texas.

3.    Neither Evans nor Lochmere own any real property in Texas.

4.    The Lochmere Defendants do not now engage and have not engaged in any regular course of business in the State of Texas nor committed any tort, in whole or in part, within the State of Texas.

5.    The Lochmere Defendants do not maintain a place of business in the State of Texas, nor do they have any employees, servants or agents within the State of Texas.

6.    The Lochmere Defendants have not engaged in continuous and systematic activities in the State of Texas.

**AMENDED SPECIAL APPEARANCE**                                                    **Page 2**

7.   The Lochmere Defendants do not have contacts with the State of Texas sufficient to warrant the exercise of jurisdiction by this Court.

## IV.

The assumption of jurisdiction by the Court over the Lochmere Defendants and/or their property would offend traditional notions of fair play and substantial justice, depriving the Lochmere Defendants of due process as guaranteed by the Constitution of the United States.

WHEREFORE, PREMISES CONSIDERED, the Lochmere Defendants request that this motion be set for hearing and that, upon hearing, this Motion be sustained; and the claims against the Lochmere Defendants be dismissed for want of jurisdiction.

Respectfully submitted,

FIGARI DAVENPORT & GRAVES, L.L.P.

By: _____

Ernest E. Figari, Jr.
State Bar No. 06983000
Monica L. Luebker
State Bar No. 12670750

4800 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 939-2000 (Telephone)
(214) 939-2090 (Telecopier)

ATTORNEY FOR ROBERT D. EVANS AND
LOCHMERE DEVELOPMENT GROUP, INC.

## CERTIFICATE OF SERVICE

The foregoing instrument has been sent via certified mail to Alan S. Loewinsohn, Pezzulli & Loewinsohn, L.L.P., 18383 Preston Rd., Ste. 110, Dallas, Texas 75252-5476 and Frank Hill, Hill Gilstrap, 1400 W. Abram Street, Arlington, Texas 76013 on the __5__ day of April, 2000.

MONICA L. LUEBKER

## VERIFICATION

STATE OF FLORIDA                §
                                §
COUNTY OF HILLSBOROUGH          §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Robert D. Evans, individually and as a duly authorized representative for Lochmere Development Group, Inc., who, being by me duly sworn on oath deposed and stated that he has read the above AMENDED SPECIAL APPEARANCE; and that every statement contained in the AMENDED SPECIAL APPEARANCE is within his personal knowledge and is true and correct.

_____
Robert D. Evans


_____
Robert D. Evans as duly authorized agent
for Lochmere Development Group, Inc.


SUBSCRIBED AND SWORN TO BEFORE ME on the 3rd day of April, 2000, to certify which witness my hand and official seal.

_____
Notary Public in and for the State of Florida

My commission expires:


_____

A:\AMENDE~1.WPD

```
AMANDA BRINEGAR
My Comm Exp. 12/28/2001
No. CC 705032.
[ ] Personally Known [ ] Other I.D
```

**AMENDED SPECIAL APPEARANCE**                                        **Page 5**

CAUSE NO. 99-05629-K

| | | |
|---|---|---|
| EIGER, INC, EIGER FUND, I, L.P., | § | IN THE DISTRICT COURT |
| EIGER PARTNERS, L.P., | § | |
| H.D. ASSOCIATES, L.P., PAUL E. | § | |
| ROWSEY, III, C. TODD MILLER, | § | |
| DAVID M. JACOBS, and | § | |
| WILLIAM S. BUCHANAN | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| LOCHMERE DEVELOPMENT | § | |
| GROUP, INC., LOCHMERE REALTY, | § | |
| INC., DAVID LANE, JLT CAPITAL, LLC, | § | |
| and BARNETT LANE INVESTMENTS, | § | |
| INC. | § | |
| | § | |
| Defendants. | § | 192ND JUDICIAL DISTRICT |

## ORDER

On the 3rd day of August, 2000, came on to be heard Lochmere Development Group, Inc. and Lochmere Realty, Inc.'s Special Appearances. After reviewing the pleadings, hearing the evidence and argument of counsel, the Court finds that such motions are not well founded and should be denied.

IT IS ORDERED that the Special Appearances filed by Lochmere Development Group, Inc. and by Lochmere Realty, Inc. challenging the jurisdiction of this Court be and are **DENIED.**

SIGNED this _3_ day of August, 2000.

_____
JUDGE PRESIDING

**EXHIBIT**
_C_

ORDER                                                                 Solo Page

**ORIGINAL**

## CAUSE NO. 99-05629-K

EIGER, INC, EIGER FUND, I, L.P., §
EIGER PARTNERS, L.P., §
H.D. ASSOCIATES, L.P., PAUL E. §
ROWSEY, III, C. TODD MILLER, §
DAVID M. JACOBS, and §
WILLIAM S. BUCHANAN §
§
Plaintiffs, §
§
v. §
§
LOCHMERE DEVELOPMENT §
GROUP, INC., LOCHMERE REALTY, §
INC., DAVID LANE, JLT CAPITAL, §
LLC, and BARNETT LANE §
INVESTMENTS, INC. §
§
Defendants. §

IN THE DISTRICT COURT



FILED

JUN 14 2000

JIM HAMLIN
DIST. CLERK DALLAS CO. TEXAS
DEPUTY

DALLAS COUNTY, TEXAS

192ND JUDICIAL DISTRICT

## PLAINTIFFS' FOURTH AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiffs Eiger, Inc., Eiger Fund I, L.P., Eiger Partners, L.P., H.D. Associates, L.P., Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs, and William S. Buchanan (some or all of the foregoing are collectively "Plaintiffs") and file this their Fourth Amended Original Petition complaining of Defendants Lochmere Development Group, Inc., Lochmere Realty, Inc. (collectively "Lochmere Defendants"), David Lane, JTL Capital, L.L.C., and Barnett Lane Investments, Inc. (collectively "Lane Defendants") (collectively "Defendants") and for causes of action would respectfully show as follows:

### I.

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to pursue discovery under Level 3 of Tex. R. Civ. P. 190.

PLAINTIFFS' FOURTH AMENDED ORIGINAL PETITION

EXHIBIT
D

Page 1

## II.

## <u>PARTIES</u>

2.      Eiger, Inc. is a Delaware corporation with its principal place of business in Dallas County, Texas.

3.      Eiger Fund I, L.P. is a Delaware limited partnership with its principal place of business in Dallas County, Texas.

4.      Eiger Partners, L.P. is a Delaware limited partnership with its principal place of business in Dallas County, Texas.

5.      H.D. Associates, L.P. is a Delaware limited partnership with its principal place of business in Dallas, Texas.

6.      Paul E. Rowsey, III. is an individual currently residing in Dallas County, Texas, and whose address is 500 Crescent Court, Suite 300, Dallas, Texas 75201.

7.      C. Todd Miller is an individual currently residing in Dallas County, Texas, and whose address is 500 Crescent Court, Suite 300, Dallas, Texas 75201.

8.      David M. Jacobs is an individual currently residing in Dallas County, Texas, and whose address is 500 Crescent Court, Suite 300, Dallas, Texas 75201.

9.      William S. Buchanan is an individual currently residing in Dallas County, Texas, and whose address is 500 Crescent Court, Suite 300, Dallas, Texas 75201.

10.     David Lane is an individual currently residing, on information and belief, in Dallas County, Texas.  Lane can be served with this petition by serving his counsel of record herein.

<u>PLAINTIFFS' FOURTH AMENDED ORIGINAL PETITION</u>                    **Page 2**

11.     Lochmere Development Group, Inc. is a Florida corporation which may be served with this petition by serving its counsel of record herein.

12.     Lochmere Realty, Inc. is a Florida corporation which may be served with this petition by serving its counsel of record herein.

13.     JTL Capital, L.L.C. is a Texas corporation which may be served with this petition by serving its counsel of record herein.

14.     Barnett Lane Investments, Inc. is a Texas corporation may be served with citation by serving its registered agent for service of process, David A. Lane, 8235 Douglas Avenue, Suite 770, Dallas, Texas 75225.

## III.

## VENUE AND JURISDICTION

15.     The matters in controversy exceed the minimum jurisdictional limits of this Court.

16.     Plaintiffs' action is properly maintained in Dallas County, Texas pursuant to Chapter 15 of the Texas Civil Practice & Remedies Code, including without limitation, §§15.002(a)(1), (2), and (3).

16.     A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Dallas County, Texas.  Thus, venue is proper in Dallas County, Texas under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code.

17.     Defendant Lane resides in Dallas County, Texas.  Thus venue is proper in Dallas County, Texas under Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code.

18.     Defendant JTL Capital, L.L.C. is a Texas Corporation with its principal place of business in Dallas, County Texas. Thus venue is proper in Dallas County, Texas under Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code.

**PLAINTIFFS' FOURTH AMENDED ORIGINAL PETITION**                                    **Page 3**

19.    The Texas Long Arm Statute authorizes the exercise of jurisdiction over the Lochmere Defendants because they each engaged in doing business in the State of Texas and the exercise of jurisdiction over them in this case is consistent with federal and state constitutional guarantees of due process.    More specifically as set forth below, the Lochmere Defendants purposefully did acts in the State of Texas and the claims and causes of action asserted against the Lochmere Defendants arise from and/or are connected with the Lochmere Defendants' acts purposefully done in Texas.    Those acts, all of which related to the Hammock Dunes project and the Lochmere Defendants' proposed involvement, included but are not limited to:    (1) physical trips to Texas by an officer for the Lochmere Defendants; (2) meetings by an officer of the Lochmere Defendants in Texas with representatives of the Lane Defendants and/or representatives of HD and/or Eiger; (3) telephone calls initiated into the state of Texas by an officer of the Lochmere Defendants to representatives of the Lane Defendants and/or Eiger and/or HD; (4) negotiations over the disputed alleged contract(s) between the Lochmere Defendants and HD and/or Eiger held in person in Texas and in telephone calls to Texas between an officer of the Lochmere Defendants and representatives of Eiger and/or HD, and (5) the sending of written documents by an officer or representative of the Lochmere Defendants into the State of Texas including the document(s) alleged by the Lochmere Defendants to be trade secrets.

PLAINTIFFS' FOURTH AMENDED ORIGINAL PETITION                                              Page 4

## IV.

## FACTUAL BACKGROUND

**A.    Defendants' Failed Prior Attempts To Buy The Hammock Dunes.**

20.    For at least a year and a half, Defendants' efforts to acquire the Hammock Dunes ("the Property") -- a multi-million dollar high-end real estate development project in the State of Florida -- were unsuccessful. Defendants, or their affiliates, had the Property under contract at least once during such time period, but the contract fell through.

21.    Defendants also attempted to find debt and equity financing for the project, but such efforts also went unfulfilled -- the reason: Defendants did not have the financial strength to close the property on their own.

**B.    Defendants Contact Plaintiffs In An Effort To Find A Buyer For The Hammock Dunes -- Plaintiffs Discover Defendants' Acquisition and Development Plans Are Fatally Flawed.**

22.    In March of 1999 Defendants ultimately contacted Eiger, Inc. in Texas to see if Eiger, Inc. was interested in purchasing the Hammock Dunes. Plaintiffs, for their part, were interested in acquiring the Hammock Dunes if it could be turned into a successful real estate venture and the purchase price was right.

23.    Accordingly, Plaintiffs pursued due diligence on the potential acquisition and even reviewed Defendants' prior analysis of the project, at their offering. Plaintiffs also had independent negotiations with the seller of the Property.

24.    By reviewing Defendants' documents and conferring with the seller of the property, however, Plaintiffs discovered at least three crucial pieces of information regarding Defendants' plans:  (1) Defendants' initial contractual approach with the seller was not feasible from a financial standpoint; (2) Defendants' strategic plan for the development, operation, and

**PLAINTIFFS' FOURTH AMENDED ORIGINAL PETITION**                                **Page 5**

marketing of the Property was fatally flawed; and (3) Defendants lacked the experience and time commitment necessary to successfully manage the development, operation, and marketing of the Property.

## C.  Plaintiffs Negotiate Their Own Deal To Acquire The Hammock Dunes.

25.  Realizing the potential benefits the property could bring if properly developed, marketed, and operated, Plaintiffs set out to put together their own strategic plan and financing package to acquire the Property.

26.  Defendants subsequently acknowledged the value Plaintiffs brought to the deal, as well as the shortcomings of their own prior plan with regard to the Property. Plaintiffs, however, were impressed with Defendants' knowledge of Florida land-use issues and the "on-the-ground" development experience Defendants previously exhibited and discussed with Defendants their continued role in the project from these standpoints. Accordingly, for the projected benefits Plaintiffs anticipated Defendants would add to the project in these areas, Plaintiffs discussed with the Lane Defendants the possibility of giving the Lane Defendants some form of compensation.

## D.  The Lochmere Defendants Claim They Have A Deal Entitling Them To A Huge Piece Of The Pie.

27.  Unhappy with their diminished role in the acquisition and profit participation in the Property as currently structured, the Lochmere Defendants raised for the first time on or about June 10, 1999, at a meeting in Dallas which they initiated that they had a contractual agreement with the Lane Defendants which they claimed entitled them to a compensation package from Plaintiffs of up to $12 to $15 million dollars for their role in the project. Plaintiffs dispute this claim. The Lane Defendants represented to the Plaintiffs that they had no contractual agreement with the Lochmere Defendants ("the Lane Representation").

**PLAINTIFFS' FOURTH AMENDED ORIGINAL PETITION**                                    **Page 6**

28.    If this were not enough, the Lochmere Defendants also asserted that the information they voluntarily provided to Plaintiffs in Texas to review -- information generated from public records, collaborative discussions between the parties herein, and analysis generated from publicly available software programs -- were trade secrets and demanded their return. Plaintiffs dispute this claim.

29.    Plaintiffs bring this action for among other things to prove that no contractual agreement exists between them and the Lochmere Defendants, and that the information the Lochmere Defendants supplied them does not constitute trade secrets.

**E.    One Or More Of The Lochmere Defendants Allege That One Or More Of Plaintiffs Have Committed Fraud.**

30.    One or more of the Lochmere Defendants have claimed that one or more of the Plaintiffs have: (1) entered into a partnership with one or more of the Lochmere Defendants; (2) violated Florida's Uniform Partnership Act, Fla. Stat § 620 et. seq., and thereby committed a wrongful disassociation and usurpation of partnership opportunities, violated fiduciary duties, including alleged duties to refrain from engaging in grossly negligent, reckless, intentional misconduct, or a knowing violation of law; (3) wrongfully used and allowed third parties to use alleged trade secrets; (4) committed intentional and constructive fraud; (5) been unjustly enriched and denied quantum meruit to one or more of the Lochmere Defendants; (6) violated Florida's Uniform Trade Secrets Act, Fla. Stat § 688.03; (7) committed conversion of information and alleged trade secrets allegedly belonging to one or more of the Lochmere Defendants; and (8) engaged in a civil conspiracy with one or more of the Plaintiffs herein or one or more of: David Lane; Barnett Lane Investments, Inc.; JTL Capital, L.L.C.; and

PLAINTIFFS' FOURTH AMENDED ORIGINAL PETITION                                    Page 7

BANKBOSTON, N.A., a national association. Plaintiffs dispute those allegations. Therefore, there is a justiciable controversy over those issues.

## V.

## CAUSES OF ACTION

### COUNT I:    DECLARATORY JUDGMENT

31.    Plaintiffs incorporate each of the proceeding paragraphs herein. Contrary to Defendants' assertions, Plaintiffs do not now, nor have they ever had, a contractual relationship with the Lochmere Defendants.

32.    Plaintiffs request that the Court declare that no valid contractual relationship exists between Plaintiffs and Lochmere Defendants and that the Lochmere Defendants have not supplied Plaintiffs with any proprietary or confidential trade secrets, as these terms are defined under all applicable laws.

33.    Plaintiffs have retained the law firm of Pezzulli & Loewinsohn, L.L.P. to represent them in this action and have agreed to pay such reasonable and necessary attorneys' fees. An award of reasonable and necessary attorneys' fees to Plaintiff would be equitable and just and therefore authorized by Section 37.009 of the Civil Practice and Remedies Code.

### COUNT II:    FRAUD

34.    In the alternative, and without waiving the foregoing, Plaintiffs incorporate each of the proceeding paragraphs herein and bring this count.

35.    To the extent it is determined that the Lane Defendants did have a contractual agreement with the Lochmere Defendants, then the Lane Representation would be untrue.

PLAINTIFFS' FOURTH AMENDED ORIGINAL PETITION                                    Page 8

36.     To the extent the Lane Representation was untrue, the Lane Defendants knew this representation was false when they made it, or they made it with reckless disregard of its truth or falsity.

37.     The Lane Defendants intended for the Plaintiffs to act upon the Lane Representation, and the Plaintiffs did act in reliance on such representation to their detriment.

38.     Plaintiffs are entitled to recover all of their actual damages from the Lane Defendants.

## COUNT III:  DECLARATORY JUDGMENT

39.     Plaintiffs incorporate each of the proceeding paragraphs herein.  Contrary to the assertion of one or more of the Lochmere Defendants, Plaintiffs have not: (1) entered into a partnership with one or more of the Lochmere Defendants; (2) violated Florida's Uniform Partnership Act, Fla. Stat § 620 et. seq., and/or thereby committed a wrongful disassociation and usurpation of partnership opportunities, violated fiduciary duties, including alleged duties to refrain from engaging in grossly negligent, reckless, intentional misconduct, or a knowing violation of law; (3) wrongfully used and/or allowed third parties to use alleged trade secrets; (4) committed intentional and/or constructive fraud; (5) been unjustly enriched and/or denied quantum meruit to one or more of the Lochmere Defendants; (6) violated Florida's Uniform Trade Secrets Act, Fla. Stat § 688.03; (7) committed conversion of information and/or alleged trade secrets allegedly belonging to one or more of the Lochmere Defendants; and (8) engaged in a civil conspiracy with one or more of the Plaintiffs herein and/or one or more of: David Lane; Barnett Lane Investments, Inc.; JTL Capital, L.L.C.; and BANKBOSTON, N.A., a national association.

40.     Plaintiffs request that the Court declare that Plaintiffs have not: (1) entered into a partnership with one or more of the Lochmere Defendants; (2) violated Florida's Uniform Partnership Act, Fla. Stat § 620 et. seq., and/or thereby committed a wrongful disassociation and usurpation of partnership opportunities, violated fiduciary duties, including alleged duties to refrain from engaging in grossly negligent, reckless, intentional misconduct, or a knowing violation of law; (3) wrongfully used and/or allowed third parties to use alleged trade secrets; (4) committed intentional and/or constructive fraud; (5) been unjustly enriched and/or denied quantum meruit to one or more of the Lochmere Defendants; (6) violated Florida's Uniform Trade Secrets Act, Fla. Stat § 688.03; (7) committed conversion of information and/or alleged trade secrets allegedly belonging to one or more of the Lochmere Defendants; and (8) engaged in a civil conspiracy with one or more of the Plaintiffs herein and/or one or more of: David Lane; Barnett Lane Investments, Inc.; JTL Capital, L.L.C.; and BANKBOSTON, N.A., a national association.

41.     Plaintiffs have retained the law firm of Pezzulli & Loewinsohn, L.L.P. to represent them in this action and have agreed to pay such reasonable and necessary attorneys' fees. An award of reasonable and necessary attorneys' fees to Plaintiff would be equitable and just and therefore authorized by Section 37.009 of the Civil Practice and Remedies Code.

## VI.

## REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants be served with process and be required to answer herein, and that upon the trial of this matter the Court enter final judgment in Plaintiffs' favor, and against Defendants, on all causes of action, and for the following relief:

PLAINTIFFS' FOURTH AMENDED ORIGINAL PETITION                          Page 10

(A)    A declaratory judgment that no contractual relationship exists between Plaintiffs and the Lochmere Defendants;

(B)    A declaratory judgment that the Lochmere Defendants have not supplied Plaintiffs with any proprietary or confidential trade secrets;

(C)    A declaratory judgment that Plaintiffs have not: (1) entered into a partnership with one or more of the Lochmere Defendants; (2) violated Florida's Uniform Partnership Act, Fla. Stat § 620 et. seq., and/or thereby committed a wrongful disassociation and usurpation of partnership opportunities, violated fiduciary duties, including alleged duties to refrain from engaging in grossly negligent, reckless, intentional misconduct, or a knowing violation of law; (3) wrongfully used and/or allowed third parties to use alleged trade secrets; (4) committed intentional and/or constructive fraud; (5) been unjustly enriched and/or denied quantum meruit to one or more of the Lochmere Defendants; (6) violated Florida's Uniform Trade Secrets Act, Fla. Stat § 688.03; (7) committed conversion of information and/or alleged trade secrets allegedly belonging to one or more of the Lochmere Defendants; and (8) engaged in a civil conspiracy with one or more of the Plaintiffs herein and/or one or more of: David Lane; Barnett Lane Investments, Inc.; JTL Capital, L.L.C.; and BANKBOSTON, N.A., a national association.;

(D)    Actual damages, in the maximum amount allowed by law;

(E)    Exemplary damages, in the maximum amount allowed by law;

(F)    Prejudgment interest, at the highest rate allowed by law;

(G)    Postjudgment interest, at the highest rate allowed by law;

(H)    Costs of Court;

(I)    Reasonable attorneys' fees; and

(J)    Such other and further relief to which Plaintiffs may be entitled at law, or in equity.

Respectfully submitted,

**PEZZULLI & LOEWINSOHN, L.L.P.**

Alan S. Loewinsohn
Texas Bar No. 12481600
Carol E. Farquhar
Texas Bar No. 06828300
18383 Preston Rd., Suite 110
Dallas, Texas 75252-5476
Telephone: 972-713-1300
Telecopy: 972-713-1313

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document has been forwarded upon the following counsel of record in accordance with the Texas Rules of Civil Procedure on this _14th_ day of June, 2000, via the method indicated below:

| | |
|---|---|
| Ernest E. Figari, Jr.<br>Monica L. Luebker<br>Figari Davenport & Graves, LLP<br>4800 Bank of America Plaza<br>901 Main Street<br>Dallas, TX 75202 | Via Telecopy |
| Frank W. Hill<br>John Green<br>Hill Gilstrap<br>1400 West Abram<br>Arlington, TX 76013 | Via Telecopy |

**PLAINTIFFS' FOURTH AMENDED ORIGINAL PETITION**                    **Page 12**



## 192ND DISTRICT COURT
### GEORGE L. ALLEN, SR. COURTS BUILDING
### 600 COMMERCE STREET
### DALLAS, TEXAS 75202-4606

Chambers of JUDGE MERRILL HARTMAN


FRANK WARREN HILL
HILL HEARD ONEAL ET. AL.
1400 W. ABRAM STREET
ARLINGTON          TX 76013



### PRE-TRIAL ORDER

RE:   Case No.  9905629-K

   EIGER INC ETAL              VS.   EVANS ROBERT D ETAL

This case is set for trial on:

   (1)  Jury trial:     08/27/01  09:00 A.M.

   (2)  Non Jury trial:

This date was chosen because it seems realistic based on the information on file.  You should consider this to be a final setting and be prepared to go to trial.  If you think this is not a realistic date, please notify the Court's Administrator within 10 days of the date of this order, indicating the results of your conference with opposing counsel.

Alternative Dispute Resolution ("ADR") by Mediation and/or Summary Jury Trial is to be accomplished according to the ~~attached~~/existing ADR Order.

Discovery is to be commenced, accomplished and completed pursuant to Texas Rule of Civil Procedure 190 et seq.

No continuances of the trial setting or the discovery deadline will be granted except upon good cause shown following a hearing on a Motion of Continuance.

Trial announcements must be made in accordance with Rule 3.02 et seq., Dallas Civil Court Rules.

### JAN 1 8 2001

Signed _____

EXHIBIT
E

MERRILL HARTMAN
DISTRICT JUDGE
192ND DISTRICT COURT
DALLAS COUNTY, TEXAS

ECDSTL38