

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED

01 MAY 15 PM 1:38

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

LOCHMERE DEVELOPMENT GROUP, INC., a
Florida Corporation, and LOCHMERE REALTY,
INC., a Florida Corporation,

        Plaintiffs,

v.

EIGER FUND I, L.P. a Delaware Limited Partnership,
EIGER, INC. a Delaware Corporation, EIGER
PARTNERS, L.P., a Delaware Limited Partnership,
DAVID LANE, an individual, BARNETT LANE
INVESTMENTS, INC, a Texas Corporation, JTL
CAPITAL, L.L.C., a Texas limited liability company,
H.D. ASSOCIATES, L.P., a Delaware Limited
Partnership, BANKBOSTON, N.A., a national
association, PAUL E. ROWSEY, III, an individual, C.
TODD MILLER, an individual, DAVID M. JACOBS,
and individual and WILIAM S. BUCHANAN, an
individual

        Defendants.

CASE NO. 8:00-CV-1026-T-27B

_____/

## DEFENDANTS' AMENDED MOTION TO MODIFY THE
## CASE MANAGEMENT AND SCHEDULING ORDER
## AND INCORPORATED MEMORANDUM OF LAW

DAVID LANE, BARNETT LANE INVESTMENTS, INC. and JTL CAPITAL, L.L.C.

(collectively the "Lane Defendants) file this their Amended Motion to Modify the Case

Management and Scheduling Order.

By Order dated April 5, 2001, the Court granted in part Plaintiffs' Motion for Extension

of Time to Comply with Certain Provisions of the Case Management and Scheduling Order.

Pursuant to that Order, the Court extended the expert witness disclosure deadline until June 4,



2001. The Lane Defendants request that the Court further modify the Case Management and Scheduling Order to provide that the Defendants' expert witness disclosure deadline is fourteen days after Plaintiffs' expert witness disclosure deadline and set June 18, 2001 as the deadline for Defendants' expert witness disclosure.

On April 19, 2001, the Eiger Defendants and BankBoston filed Defendants' Motion to Modify the Case Management and Scheduling Order and Incorporated Memorandum of Law. By Order dated April 30, 2001, the Court denied their motion without prejudice for failing to comply with M.D. Fla. L.R. 3 01(g).[1] The Lane Defendants filed an identical motion on May 2, 2001. The instant amended motion anticipates the Court's objection based on Local Rule 3.01(g), and is therefore filed at this time so as to expedite consideration of the relief requested.

On July 6, 2000, the parties filed their proposed Case Management Report. In that Case Management Report, the parties stipulated that Defendants' expert disclosure deadline would be eight weeks after Plaintiffs' expert disclosure deadline. *See* Case Management Report and Scheduling Order at 3, ¶ 3.b. and 4, ¶ 4.b. On July 27, 2000, the Court entered the Case Management and Scheduling Order and set the expert witness disclosure deadline as April 3, 2001. Because the parties had stipulated to the expert disclosure deadlines in their Case Management Report, they did not provide the Court with any rationale or authority for the dates proposed. As demonstrated in the following Memorandum of Law, allowing the Lane Defendants to designate their expert witnesses after Plaintiffs have designated theirs is appropriate in this instance.

---

[1] Although counsel for the Eiger Defendants and BankBoston had conferred with counsel for Plaintiffs prior to filing Defendants' Motion, no certificate of conference was filed with Defendants' Motion as required by M.D. Fla. L.R. 3.01(g).

2

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' AMENDED MOTION TO MODIFY THE CASE MANAGEMENT AND SCHEDULING ORDER

The Lane Defendants have not asserted any affirmative claims in this action. *See* Original Answer and Defenses of Defendants David Lane, Barnett Lane Investments, Inc. and JTL Capital, L.L.C. filed May 26, 2000. Although they have raised affirmative defenses, the Lane Defendants will not be designating experts to testify in support of those affirmative defenses. The Advisory Committee's Notes to the 1993 amendments to the Federal Rules of Civil Procedure state that "in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." *See Dixon v. Certainteed Corp.*, 168 F.R.D. 51, 54 (D. Kan. 1996) (granting plaintiff's motion for leave to name rebuttal witness out of time, finding support for its interpretation of Rule 26(a)(2)(C) in the Advisory Committee Notes to the 1993 amendments and quoting those notes). Because Plaintiffs have the burden of proof on all issues in this action, the Lane Defendants will be designating only rebuttal experts. For that reason, the Lane Defendants respectfully request the Court set their expert disclosure deadline fourteen days after Plaintiff's expert disclosure deadline. Plaintiffs would have more than two weeks to take the depositions of the rebuttal experts designated by the Lane Defendants. *See Ellison v. Windt*, Case No. 6:99-cv-1268-Orl-KRS, 2001, U.S. Dist. LEXIS 1347, at *8 (M.D. Fla. Jan. 24, 2001) ("I find that the belated disclosure of Dr. Uricchio's [defendant's expert] report is harmless, provided that the Ellisons are given an opportunity to depose Dr. Uricchio before trial.").

### CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, the Lane Defendants respectfully request that the Court extend Defendants' expert disclosure deadline for fourteen days or until June 18, 2001.

3

Respectfully submitted,

ALAN M. GERLACH, ESQ.
BROAD AND CASSEL
Florida Bar. No. 199184
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
P.O. Box 4961 (32802)
Telephone: (407) 839-4200
Fax: (407) 425-8377

- and -

JOHN W. GREENE, ESQ.
HILL GILSTRAP
1400 West Abram Street
Arlington, Texas 76013
Telephone: (817) 261-2222
Fax: (817) 861-4685
Attorneys for Defendants David Lane,
Barnett Lane Investments, Inc. and JTL
Capital, L.L.C

## CERTIFICATE OF CONFERENCE

The undersigned certifies that he conferred with Gregory J. Orcutt, counsel for Plaintiffs, regarding this motion. Plaintiffs' position remains unchanged from that set forth in Plaintiffs' Response to Defendants' Motion to Modify the Case Management and Scheduling Order dated May 3, 2001 attached hereto as Exhibit A and incorporated herein by reference. Plaintiffs do not oppose the motion subject to entry of an Order directing that any rebuttal experts designated by the Lane Defendants could be deposed by Plaintiffs at the reasonable convenience of counsel for Plaintiffs on or before the discovery cut-off date or within a short time thereafter.

Alan M. Gerlach

4

ORL1\LABOR\380444.1
26544/0001 AMG rw 5/9/01 2:16 PM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this ____ day of May, 2001 to: Gregory J. Orcutt, Esq., Bricklemyer, Smolker & Bolves, P.A., 500 E. Kennedy Blvd., Suite 200, Tampa, Florida 33602; Daniel F. Molony, Esq., Shook, Hardy & Bacon, L.L.P., 201 E. Kennedy Blvd., Suite 601, Tampa, Florida 33602; Alan S. Loewinsohn, Esq., Pezzulli & Loewinsohn, L.L.P., 18383 Preston Road, Suite 110, Dallas, Texas 75252 and Dora Kaufman, Esq., Halley, Sinagra & Perez, 100 S.E. 3rd Avenue, Suite 1900, Fort Lauderdale, Florida 33394.

Alan M. Gerlach, Esquire

ORL1\LABOR\380444.1
26544/0001 AMG rw 5/9/01 2:16 PM

01-08-01   03:25pm   From-PEZZULLI&LOEWINSOHN

UNITED STATES DISTRICT COURT
Middle District of Florida

...MENT GROUP, INC.,
...LOCHMERE REALTY, INC.,

Plaintiffs,

vs.                                    CASE NO.: 8:00-CV-1026-T-27B

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company; EIGER
FUND 1, L.P., a Delaware limited partnership;
EIGER PARTNERS, L.P., a Delaware limited
partnership; DAVID LANE, an individual;
BARNETT LAND INVESTMENTS, INC., a
Texas corporation; JTL CAPITAL, L.L.C., a
Texas limited liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
PAUL E. ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and, WILLIAM S. BUCHANAN, an individual,

Defendants.

_____

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO MODIFY THE CASE MANAGEMENT AND SCHEDULING O...

COMES NOW, Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC.

and LOCHMERE REALTY, INC. ("LOCHMERE") and file this R... to

Defendants' Motion to Modify the Case Management and Scheduling... and

in support thereof states as follows:

The expert disclosure date in this case is June 4, 2001     R and

neither

BANKBOSTON Defendants have represented in their r...

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
Middle District of Florida

LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.

    Plaintiffs,

vs.                                  CASE NO.: 8:00-CV-1026-T-27B

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC , a Delaware
corporation and 2M DUNES, L.L.C ,
a Texas limited liability company; EIGER
FUND 1, L.P., a Delaware limited partnership;
EIGER PARTNERS, L.P., a Delaware limited
partnership; DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC., a
Texas corporation; JTL CAPITAL, L.L.C., a
Texas limited liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
PAUL E. ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and, WILLIAM S. BUCHANAN, an individual.

    Defendants.

_____/

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO MODIFY THE CASE MANAGEMENT AND SCHEDULING ORDER

COMES NOW, Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC.

and LOCHMERE REALTY, INC ("LOCHMERE") and file this Response to

Defendants' Motion to Modify the Case Management and Scheduling Order and

in support thereof states as follows:

The expert disclosure date in this case is June 4, 2001. The EIGER and

BANKBOSTON Defendants have represented in their motion that neither

## EXHIBIT "_A_"

Defendant will be designating experts to testify in support of their affirmative defenses but merely rebuttal experts. These Defendants further request an expert disclosure date of June 18, 2001 and represent that Plaintiffs would have more than two weeks to take the depositions of the rebuttal experts before the discovery cut-off of July 4, 2001.

Subject to entry of an Order directing that any such rebuttal expert could be deposed by Plaintiffs at the reasonable convenience of counsel for Plaintiffs on or before the discovery cut-off date or within a short time thereafter, the undersigned does not oppose the Motion to Modify the Case Management and Scheduling Order.

Gregory J. Orcutt
Florida Bar No 230855
BRICKLEMYER SMOLKER & BOLVES, P.A.
500 East Kennedy Boulevard, Suite 200
Tampa, Florida 33602
Telephone: (813) 223-3888
Facsimile: (813) 228-6422
Attorneys for LOCHMERE DEVELOPMENT
GROUP, INC. and LOCHMERE REALTY, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by Facsimile and U. S. Mail to the individuals listed on the Service List, this 3rd day of May, 2001.

Gregory J Orcutt

# SERVICE LIST

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL 33602

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Jo E. Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX 75252

(Attys. for H.D. ASSOCIATES, L.P. DUNES
OPERATING COMPANY, L.P., EIGER, INC.,
2M DUNES, L.L.C., EIGER FUND 1 L.P.,
EIGER PARTNERS, L.P.,L.P., PAUL E. ROWSEY, III,
C. TODD MILLER, DAVID M. JACOBS,
WILLIAM S. BUCHANAN and FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE
INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)