FILED

01 MAY 29 PM 2:52

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC., and LOCHMERE
REALTY, INC.,

CASE NO.: 8:00 CV 1026-T-27B

        Plaintiffs,

v.

H. D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company; EIGER
FUND 1, L.P., a Delaware limited partnership;
EIGER PARTNERS, L.P., a Delaware limited
partnership; DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC., a
Texas corporation; JTL CAPITAL, L.L.C., a
Texas limited liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
PAUL E. ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and WILLIAM S. BUCHANAN, an individual,

        Defendants.

_____/

## LANE DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME
## WITHIN WHICH TO FILE DISPOSITIVE MOTIONS
## AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Rule 6(b), Federal Rules of Civil Procedure, and Rule 3.01, Local Rules of

the United States District Court for the Middle District of Florida, Defendants David Lane,

Barnett Lane Investments, Inc., and JTL Capital, L.L.C., ("Lane Defendants") by and through

their undersigned counsel, hereby move the Court for an order extending the time within which

to file dispositive motions until July 5, 2001 for the reasons that appear hereinafter.

ORL1\LABOR\383482.1
26544/0001 AMG rw 5/24/01 3:18 PM

On July 27, 2000, the Court entered its Case Management and Scheduling Order setting April 3, 2001 as the deadline for designating experts, May 3, 2001 as the discovery cut-off and June 4, 2001 as the dispositive motion deadline. Later, on motion of the Plaintiffs served on March 29, 2001, the Court on April 6, 2001 partially granted the relief requested by the Plaintiffs and extended the date for designating experts to June 4, 2001 and the deadline for discovery till July 4, 2001 but maintained June 4 as the deadline for dispositive motions. Later, ruling on amended motions to modify the **Case Management and Scheduling** Order filed by all Defendants, the Court clarified that Defendants have until June 18 to disclose experts, whom they shall make available for depositions before July 4, or "within a short time thereafter." The Court's ruling on these amended motions was by order dated May 18, 2001.

Robert Evans, principal of both Plaintiffs, was deposed by lead counsel for the Eiger Defendants and BankBoston on April 26, 2001 at the office of Plaintiff's counsel in Tampa. However, the Lane Defendants (consisting of David Lane, Barnett Lane Investments, Inc., and JTL Capital, L.L.C.) did not have the opportunity to ask questions at this deposition. The parties agreed that Mr. Evans' deposition would be reconvened at another date and time. The earliest that all counsel, client representatives and the witness himself could be assembled at the same place and time was June 25 in Dallas, Texas. Other depositions are to occur in Dallas on the days that follow.[1]

The Lane Defendants deserve the same opportunity as that accorded the Eiger Defendants and BankBoston to depose Plaintiffs' principal prior to expiration of the time for filling a

---

[1] Still other depositions are tentatively scheduled for June 5 and 19, 2001, at other locations.

2

dispositive motion.[2]  Extending the deadline for filing dispositive motions is the only method by which these results can be accomplished.

It is possible that the Lane Defendants will want to move for summary judgment or file some other dispositive motion on the merits[3] after Mr. Evans' deposition depending upon the nature of the sworn testimony elicited from Plaintiffs' corporate representative.  The court will also benefit from the presentation of a summary judgment motion if one is presented, depending upon the tenor of the Plaintiffs' deposition testimony.

If would be manifestly unjust to deny the Lane Defendants the same opportunity that the other Defendants have had; viz., an opportunity to question Mr. Evans about the nature of his claims prior to the deadline for filing dispositive motions.  Counsel is aware that, in granting the motion for extension of time filed by the Plaintiffs, the Court expressly did not move the deadline for dispositive motions; however, the Lane Defendants believe that they have presented sufficiently compelling circumstances that the Court will revisit its earlier ruling on this issue in light of the subsequent deposition schedule and the progress of the case to date.

Moving the dispositive motion deadline to July 5 grants the Lane Defendants only a few days after completion of Mr. Evans' deposition within which to prepare a dispositive motion if one is warranted.  However, the undersigned is mindful of the Court's prior ruling and realizes the Court wants to have sufficient time to consider the merits of such a motion without disturbing the dates for pre-trial conference and trial.  Thus, the date requested is the earliest possible date by which such a motion could possibly be prepared and filed.

---

[2] It is believed that counsel for the Eiger Defendants is also moving for an extension of the summary judgment deadline.

[3] Of course, the Lane Defendants filed on or about May 3, 2001, a Motion to Dismiss or Alternative Motion to Stay Proceedings based on the prior pending Texas state court action but that motion, while technically potentially dispositive, is not directed to the "merits" of the Plaintiffs' claims.

3

WHEREFORE, for all the foregoing reasons, the Lane Defendants respectfully move the Court to extend the dispositive motion deadline from June 4, 2001 until July 5, 2001.

Plaintiffs' counsel has been contacted and has indicated that he does not oppose the relief requested in this motion.

Respectfully submitted,

ALAN M. GERLACH, ESQ.
BROAD AND CASSEL
Florida Bar. No. 199184
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
P.O. Box 4961 (32802)
Telephone: (407) 839-4200
Fax: (407) 425-8377

- and -

JOHN W. GREENE, ESQ.
HILL GILSTRAP
1400 West Abram Street
Arlington, Texas 76013
Telephone: (817) 261-2222
Fax: (817) 861-4685
Attorneys for Defendants David Lane,
Barnett Lane Investments, Inc. and JTL
Capital, L.L.C

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this _____ day of May, 2001 to: Gregory J. Orcutt, Esq., Bricklemyer, Smolker & Bolves, P.A., 500 E. Kennedy Blvd., Suite 200, Tampa, Florida 33602; Daniel F. Molony, Esq., Shook, Hardy & Bacon, L.L.P., 201 E. Kennedy Blvd., Suite 601, Tampa, Florida 33602; Alan S. Loewinsohn, Esq., Pezzulli & Loewinsohn, L.L.P., 18383 Preston Road, Suite 110, Dallas, Texas 75252 and Dora Kaufman, Esq., Halley, Sinagra & Perez, 100 S.E. 3rd Avenue, Suite 1900, Fort Lauderdale, Florida 33394.

Alan M. Gerlach, Esquire

4