FILED

01 JUN -1 PM 12: 57

CLERK, U.S DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC., and LOCHMERE
REALTY, INC.,

CASE NO.: 8:00 CV 1026-T-27B

    Plaintiffs,

v.

H. D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company; EIGER
FUND 1, L.P., a Delaware limited partnership;
EIGER PARTNERS, L.P., a Delaware limited
partnership; DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC., a
Texas corporation; JTL CAPITAL, L.L.C., a
Texas limited liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
PAUL E. ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and WILLIAM S. BUCHANAN, an individual,

    Defendants.

_____/

## DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWSER

Pursuant to Federal Rule of Civil Procedure 15(a) and Local Rule 3.01 of the Rules of the

United States District Court for the Middle District of Florida, Defendants DAVID LANE,

BARNETT LANE INVESTMENTS, INC., and JTL CAPITAL, L.L.C., ("the Lane

Defendants"), by and through their undersigned counsel, hereby move the Court for an order

allowing them to amend their Answer and Defenses in the above-styled action to add a thirteenth

defense; viz., that Plaintiffs' contractual claims are barred by the statute of frauds under either

57

Florida or Texas law. The proposed Amended Answer and Defenses to Amended Complaint is attached hereto as Exhibit A.

WHEREFORE, Defendants respectfully request that the Court enter its order granting them the relief requested and allowing the Amended Answer and Defenses attached hereto to stand as their operative pleading in this action.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND ANWER AND DEFENSES

On May 7, 2001, this Court approved a stipulation signed by counsel for all parties and allowed Plaintiffs to amend their complaint to correct the caption and the description of the parties defendant. The Court also ordered that the answers previously filed by Defendants would serve as their operative answers as if they had been served to the Amended Complaint. The Lane Defendants now seek permission of the Court to amend their Answer, insofar as the Court has deemed it to stand in response to the allegations of the Amended Complaint, so as to include the defense of the statute of frauds, available under either Texas or Florida law, whichever applies.

The impetus for this motion is the testimony of Robert Evans at his April 26, 2001 deposition in Tampa. Mr. Evans is the principal for each of the plaintiff entities (the "Lochmere Plaintiffs"). At his deposition, under questioning from counsel for the Eiger Defendants and BankBoston, Mr. Evans described a supposed contractual arrangement between himself (or, rather, his companies) and the Defendants in this case. Although pled in a myriad ways in his lengthy and prolix complaint, Mr. Evans' basic contention is that he had a "deal" with the Eiger Defendants, the Lane Defendants, and BankBoston and that the parties he is suing did not live up to their obligations under the arrangement he says he thought he had.

Section 725.01, Florida Statutes, requires that a contract whose terms cannot be performed within one year must be in writing to be enforceable. Texas law is to the same effect.

2

ORL1\LABOR\384353.1
26544/0001 AMG rw 5/31/01 7 35 AM

See Tex. Bus. & Comm. Code § 26.01. In his April 26 deposition, Mr. Evans described a lengthy course of dealing between the parties extending over a period of several years and contended that it had been agreed orally that his enterprise was to function as a kind of general manager for the project in question, again for a period of several years, and to be paid for its efforts in helping to buy the property and to manage it after acquisition. Neither of these alleged contractual arrangements could be performed within one year.

Although the instant action has been in the federal system for approximately a year, the only deposition that has been taken to date is that of Mr. Evans, and even in his case, the Lane Defendants have not yet had the opportunity to ask questions. Numerous depositions are set for the months of June and July, 2001. Allowing the Lane Defendants to amend their answer to add this one additional defense will not prejudice the legitimate interests of the Plaintiffs, will serve the interest of the Court in getting all relevant legal issues before it in advance of trial, and will be in the interests of justice.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The Amended Complaint has only recently been accepted for filing by the Court. A leading commentator has noted, "The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer." Wright, Miller & Kane, 6 Federal Practice and Procedure, § 1473 (Civil, 2d ed.). Applying this flexible standard, one court has stated that "when any defendant appears generally in an action, he is deemed to have made an appearance with the knowledge that amendments are granted liberally and will be allowed and freely given when justice requires it." Donnelly Garment Co. v. International Ladies' Garment Workers Union, 47 F. Supp. 61, 63 (W.D. Mo. 1941). Another

3

ORL1\LABOR\384353.1
26544/0001 AMG rw 5/31/01 7:35 AM

court determined that, as a matter of federal practice, the district court has discretion to permit the defense to amend the defensive pleadings at almost any stage of the proceedings so as to raise the statue of limitations as a defense. American Air Filter Co. v. Industrial Decking & Roofing Corp., 82 F.R.D. 681 (E.D. Tenn. 1979).

In Foman v. Davis, 371 U.S. 178 (1962), the United States Supreme Court further elaborated on the substance of the civil rule governing amendment:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded...If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."...

Id. at 182 (citations omitted).

More recently, the Eleventh Circuit in Hargett v. Valley Federal Savings Bank, 60 F.3d 754 (11th Cir. 1995), considered the propriety of amending an answer four days before the pre-trial conference was held. The defendant bank sought to amend its answer to assert a statute of limitations defense in an age discrimination case. The court found that the plaintiff was not prejudiced because he had been placed on notice even before the pre-trial conference that Valley Federal challenged the timeliness of the plaintiff's EEOC filing. The appellate court found no abuse of discretion in allowing defendant to amend its answer to assert this additional defense. Id. at 763.

Similarly, Defendants in this case seek to amend their answer to include the legal defense of statute of frauds. They are doing so long before the pre-trial conference, which is not

4

ORL1\LABOR\384353.1
26544/0001 AMG rw 5/31/01 7 35 AM

scheduled until October 26, and prior to all the depositions in the case save one. The amendment sought in the instant case is very similar to that raised by Valley Federal Savings Bank, and the Lane Defendants are requesting permission to amend long before the time which was approved by the Eleventh Circuit in the Hargett decision. The Lane Defendants respectfully assert that, under the circumstances of the instant case, it could even be an abuse of discretion for the Court to deny them leave to amend their answer to assert this additional legal defense.[1]

For all the foregoing reasons, the Lane Defendants respectfully request that the Court grant the instant motion and allow their answer to be amended to include the defense of statute of frauds.[2]

Respectfully submitted,

ALAN M. GERLACH, ESQ.
BROAD AND CASSEL
Florida Bar. No. 199184
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
P.O. Box 4961 (32802)
Telephone: (407) 839-4200
Fax: (407) 425-8377

- and -

JOHN W. GREENE, ESQ.
HILL GILSTRAP
1400 West Abram Street
Arlington, Texas 76013
Telephone: (817) 261-2222
Fax: (817) 861-4685
Attorneys for Defendants David Lane,
Barnett Lane Investments, Inc. and JTL
Capital, L.L.C

---

[1] Statute of frauds is included among the affirmative defenses specifically recognized in Fed. R. Civ. P. 8(c).
[2] Counsel to Plaintiffs has been contacted and does not agree with the relief requested.

5

ORL1\LABOR\384353.1
26544/0001 AMG rw 5/31/01 7 35 AM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this ___ day of May, 2001 to: Gregory J. Orcutt, Esq., Bricklemyer, Smolker & Bolves, P.A., 500 E. Kennedy Blvd., Suite 200, Tampa, Florida 33602; Daniel F. Molony, Esq., Shook, Hardy & Bacon, L.L.P., 201 E. Kennedy Blvd., Suite 601, Tampa, Florida 33602; Alan S. Loewinsohn, Esq., Pezzulli & Loewinsohn, L.L.P., 18383 Preston Road, Suite 110, Dallas, Texas 75252 and Dora Kaufman, Esq., Halley, Sinagra & Perez, 100 S.E. 3rd Avenue, Suite 1900, Fort Lauderdale, Florida 33394.

Alan M. Gerlach, Esquire

6