FILED

*CbL*

UNITED STATES DISTRICT COURT
Middle District of Florida

01 JUN -5 AM II: 35

~~·~ ;~·~ `!~·~T~?:~~T ~·~·~~~T
~~.~~~ ~~~;~.~~~ ~~ FLORIDA
~~ ~~ A,FLORIDA

LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

       Plaintiffs,

vs.

                            CASE NO.: 8:00-CV-1026-T-27B
                            State Court No.: 00-02525/Div. I

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company; EIGER
FUND 1, L.P., a Delaware limited partnership;
EIGER PARTNERS, L.P., a Delaware limited
partnership; DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC., a
Texas corporation; JTL CAPITAL, L.L.C., a
Texas limited liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
PAUL E. ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and, WILLIAM S. BUCHANAN, an individual,

       Defendants.

_____/

### MEMORANDUM OF LAW IN OBJECTION TO DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVE MOTION TO STAY PROCEEDINGS

Plaintiff, LOCHMERE DEVELOPMENT GROUP, INC., a Florida corporation,

and LOCHMERE REALTY, INC., a Florida corporation (collectively "Lochmere"),

by and through their undersigned attorneys, hereby files their Memorandum of

Law In Opposition to Defendants, DAVID LANE, BARNETT LANE INVESTMENTS, INC.

and JTL CAPITAL, LLC'S (the "Lane Defendants") Motion for Order Dismissing the

60

Case or in the Alternative Staying the Proceedings, and for their Memorandum state as follows:

## Facts

The history of this litigation may be summarized as follows:

The original Texas state court action was filed on July 23, 1999 by Eiger, Inc. and H.D. Associates (the "Eiger Plaintiffs") v. Robert D. Evans, Lochmere Development Group, Inc. (the "Evans Defendants"), David Lane and JTL Capital LLC (the "Lane Defendants"). The original petition merely requested that the Court declare that Plaintiffs do not now, nor have they ever had a contractual relationship with the Evans Defendants. The Court was also requested to declare that Defendants had not supplied Plaintiffs with any proprietary or confidential trade secrets. It is alternatively alleged by the Plaintiffs in that action that to the extent that it is determined that the Lane Defendants did have a contractual agreement with the Evans Defendants, this fact had been misrepresented to the Plaintiffs. No affirmative relief was sought in the Texas petition. BankBoston, now known as Fleet National Bank, is not a party to that action, the Lane Defendants are sued as Defendants in that action and Robert D. Evans individually is also a Defendant in that action.

The federal suit was filed on April 3, 2000 by Lochmere Development, Inc. and Lochmere Realty, Inc. and against not just Eiger, Inc. and H.D. Associates L.P. but also against Eiger Fund I, L.P., Eiger Partners, L.P., David Lane, Barnett

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\M-DISMISS MOL.doc

2

Lane Investments, Inc., JTL Capital L.L.C., Fleet National Bank, N.A., Paul E. Rowsey III, C. Todd Miller, David M. Jacobs and William S. Buchanan and involving multiple causes of action seeking affirmative relief from various parties not present in the Texas action.

Subsequent amendments to the Texas petition were filed to mirror the parties and to seek declaratory relief in the negative as alleged in the federal suit.   For instance, the Second Amended Original Petition filed in the Texas action on March 28, 2000 added Lochmere Realty, Inc. as a Defendant.   The Third Amended Original Petition also filed on March 28, 2000, added Eiger Fund I, L.P., Eiger Partners, L.P., Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs and William S. Buchanan as parties Plaintiff and added Barnett Lane Investments, Inc. as a party Defendant.   Even in adding these parties, Fleet National Bank is still not a party in the Texas action and, as stated above, the Lane Defendants are sued in the Texas action by the Eiger Defendants while in the federal suit they are co-defendants with the Eiger Defendants.   (Although the federal suit was not filed until April 3, 2000, a copy of the Complaint had been provided to the Eiger Defendants in March 2000, from which they amended their Texas Petition on March 28, 2000.)

The Fourth Amended Original Petition in the Texas case was filed on June 14, 2000, dropping Robert D. Evans as a party, again in an attempt to mirror the parties to the federal suit.

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\M-DISMISS MOL.doc

On April 9, 2001, and again on April 12, 2001, the Eiger Defendants amended the Texas Complaint to add Dunes Operating Company, L.P. and 2M Dunes L.L.C. as parties to the Texas action to mirror an amended pleading to this effect by the Lochmere Plaintiffs in the federal suit.

In summary, no affirmative relief is sought against the Lochmere Plaintiffs in the Texas lawsuit. Fleet National Bank is not a party at all and the Lane Defendants are sued by the Eiger Defendants in the Texas action. No substantive discovery has occurred in the Texas action and the case is not at issue since the issue of personal jurisdiction over the Lochmere Defendants is on appeal to the Texas Supreme Court. Accordingly, no responsive pleadings have been filed by the Evans or Lane Defendants in the Texas action.

## Motion to Dismiss

While some of the cases cited by the Lane Defendants herein actually involve dismissal of a federal suit, those dismissals are extremely rare and are the subject of unique fact patterns. For the most part, these dismissals are discussed below under the abstention doctrine. However, it would be clearly inequitable in this matter to dismiss this Complaint, where the federal suit is the only suit in which the plaintiffs have raised their claims for damages. The federal case is markedly different from the Texas case, and involves different parties and a different alignment of the parties. It should also be noted that if this case is dismissed and the Texas plaintiffs dismiss their suit at some point in the future,

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\M-DISMISS MOL.doc

4

which they have an absolute right to do, then the Lochmere Plaintiffs in this case may be barred under the statute of limitations from raising their damages claim. Furthermore, if the Evans Defendants are successful in their argument that the Texas Courts do not have jurisdiction over them, the Texas case will be dismissed. In this case, there is no good argument for staying the federal action, and simply no argument for dismissal.

Furthermore, all defendants herein, including the moving Lane Defendants, previously filed Answers in this matter. No defendant has challenged this court's jurisdiction or venue.

## The Abstention Doctrine

While the Lane Defendants have argued that there is a "modern trend" authorizing the imposition of stays in federal actions in favor cf state actions, the cases cited are dated 1936, 1942, 1967, 1968, 1970, 1973 and 1980. It is also interesting that the Lane Defendants failed to set forth the United States' Supreme Court's controlling statements on the abstention doctrine, namely _Colorado River Water Conservation District v. United States_, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and _Moses H. Cone Memorial Hospital v. Mercury Construction, Corp._, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). It is also enlightening that while the Lane Defendants speak of a modern trend, only one of the federal cases cited in their Memorandum of Law post-dates these Supreme Court pronouncements.

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\M-DISMISS MOL.doc

5

As pointed out in the _Colorado River_ case, _supra_, it is a rare and exceptional case where a federal court stays or dismisses a pending action rightfully before it in deference to a state court proceeding. _Colorado River_, _supra_ at 1244, at 96 S.Ct. at813-14.  As stated in _Colorado River_:

> "Abstention from the exercise of federal jurisdiction is the exception, not the rule.  The doctrine of abstention, under which a district court may decline to exercise or postpone the exercise of jurisdiction, is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to state court would clearly serve an important countervailing interest."

_Colorado River_, _supra_, at 813, 96 S.Ct., at 1244. [emphasis added] [citations omitted].

These exceptional circumstances do not exist in this case.  It is not enough to simply say that there is a similar state court proceeding; the party requesting a stay must go much further and bears a heavy burden to show why a stay is necessary. _Moses H. Cone_, _supra_, at 25, 26, 103 S.Ct., at 942.

Historically, the abstention doctrine is only available in a few specific fact patterns.  The first is in cases presenting a federal constitutional issue which may be mooted or presented in a different posture by a state court determination of pertinent state law. _County of Allegheny v. Frank Mashuda Co._, 360 U.S. 185, 189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163, 1166 (1959).  The second category is where the issues present difficult questions of state law bearing on policy

problems of substantial public import whose importance transcends the result in the case then at bar. *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959). The third and final category of abstention is where absent bad faith harassment or patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings, state nuisance proceedings and antecedent to a criminal prosecution, or collection of state taxes. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *Colorado River, supra*, at 816. 96 S.Ct. at 1245-46. Clearly, the present case does not fit any of the three historical categories of abstention enumerated by the Supreme Court.

The *Colorado River* Court held that there is yet a possible fourth category where abstention may be appropriate. This category has been referred to as the "Colorado River Abstention Doctrine" or the "exceptional circumstances test" and involves the "consideration of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River, supra*, at 817, 96 S.Ct. at 1246. The Court was quick to point out, however, that the mere existence of similar cases in the state and federal systems is not a bar to the federal claim. To the contrary, the federal courts have a "virtually unflagging obligation...to exercise the jurisdiction given them." *Colorado River, supra*, at 817, 96 S.Ct. at 1246.

Given the federal court's obligation to adjudicate matters properly before it, only the clearest of justifications will warrant dismissal or abstention, and the

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\M-DISMISS MOL.doc

party seeking such relief bears a heavy burden. <u>Colorado River</u>, <u>supra</u>, at 817, 96 S.Ct. at 1246. <u>Moses H. Cone</u>, <u>supra</u>, at 1416, 103 S.Ct. at 936-37. This obligation is to be fulfilled, even if a state court has taken jurisdiction over a similar case. <u>McClellan v. Carland</u>, 217 U.S. 268, 282, 30 S.Ct. 501, 505, 54 L.Ed. 762, 767 (1910); <u>Princess Lida of Thurn and Taxis v. Thompson</u>, 305 U.S. 456, 466, 59 S.Ct. 275, 280 (1939). "Pendency of the state court suit is not grounds for abatement." <u>Byrd-Frost, Inc. v. Elder</u>, 93 F.2d 30, 33 (5th Cir. 1937).

The <u>Colorado River</u> case involved the determination of relative priority of certain federal and Indian tribe water rights under Colorado's prior appropriation doctrine. Under Colorado's "first in time-first in right" allocation of waters, each prospective or actual user must apply to the court having jurisdiction over the watershed to recognize such rights and place it in a relative ranking of all rights in the watershed. Only when the prior or senior users are satisfied may a junior user be allowed to divert water. In <u>Colorado River</u>, the Federal Government sought recognition of its rights by filing suit in Federal District Court, even though Colorado had set up seven (7) water courts, each having jurisdiction over a specific watershed. The Supreme Court. relying heavily upon the McCarran Amendments' (43 USC §666) express consent to determination of the relative priority and quantification of water rights by state courts, dismissed the suit. In so doing, the Supreme Court reiterated that the exceptional circumstances endangered by the McCarron Amendment supported the result,

especially in light of the expected likelihood of piecemea litigation. _Colorado River, supra_, at 819-20, 96 S.Ct. at 1247-48.

In order to determine whether the Lane Defendants have satisfied their heavy burden, this court is required to evaluate the factors set forth in _Colorado River_, and further explained and applied in its prodigy, including _Moses H. Cone_. Those factors do not form a litmus test, but require a careful balancing of the facts of each given case with the balance "heavily weighted in favor of the exercise of jurisdiction." _Moses H. Cone, supra_, at 16, 103 S.Ct. at 937; _Vacation Break USA, Inc. v. Marketing Response Group and Laser Co., Inc._, 28 F.Supp 2d 651, 653 (M.D.Fla. 1998).

The factors or circumstances to be analyzed are as follows:

> " 1) Whether one of the courts has assumed jurisdiction over the property; 2) the inconvenience of the federal forum; 3) the potential for piecemeal litigation; 4) the order in which the forums obtain jurisdiction; 5) whether federal or state law will be applied: and 6) the adequacy of each forum to protect the parties' rights."

_Vacation Break, supra_, at 653; _Moses H. Cone, supra_, at 15-16, 25, 103 S.Ct. at 937, 941.

These factors will be examined in order as they relate to the facts of this case and should be "evaluated in light of the court's strong obligation not to dismiss or postpone the federal claim in absence of exceptional circumstances." _Vacation Break USA, supra_, at 652.

This matter is an _in personam_ action which does not involve possibly conflicting rulings as to the property rights of any of the parties. The absence of

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\M-DISMISS MOL.doc

9

jurisdiction over property or property rights in this matter speaks against abstention and in favor of denying relief to the Lane Defendants. *Vacation Break USA, supra,* at 653; *Evanston Ins. Co. v. Jimco, Inc.,* 844 F.2d 1185 (5th Cir. 1988).

The second factor relates to the inconvenience of the federal forum. In the federal case, the plaintiffs are all from Tampa, Florida, located within the Middle District of Florida. Some of the federal defendants are Delaware entities whose principal place of business are in Texas, while other defendants are Texas entities with a principal place of business in Texas, and still others are individuals residing in Texas. Federal defendant BankBoston, N.A., has banking operations in Florida and perhaps elsewhere, but is not a party in the Texas litigation. Furthermore, the property which is the basis for all of the claims in this case, is located along the east coast of Florida, and the principal causes of action arose in Florida. While some of the witnesses and documents may be located outside of Florida, including Georgia, Texas, or elsewhere, a significant amount of this documentary evidence, and many of the witnesses to the negotiations underlying plaintiffs' claim, are located in Florida. Therefore, on balance, the Florida forum is at least as convenient as the Texas forum. Therefore, "the inconvenience of the federal forum is not so great that this factor points towards a stay." *American Bankers Ins. Co. of Florida v. First State Insurance Co.,* 891 F.2d 882, 885-886 (11th Cir. 1990).

The third factor focuses on avoiding piecemeal litigation. The Texas action, as it presently stands, only seeks declaratory relief in the negative against the Evans Defendants. That is, that there is no contract, that no trade secrets were obtained or misused, etc. It is quite possible that the Texas court will fail to grant the relief requested, leaving the rights of the parties in doubt. For instance, the Texas court could find that the Eiger Plaintiffs had failed to carry their burden, leaving the parties in doubt as to whether the contract did or did not exist. Such is the difficulty of a negative complaint. Even if the Texas court found the existence of misused trade secrets, there is no pending claim for damages, therefore additional piecemeal litigation would be required.

Furthermore, the Texas case does not include Fleet National Bank a defendant in this action. It is unclear whether Fleet Nationa Bank is subject to the jurisdiction of the Texas court, therefore the claims against Fleet National Bank can only be litigated in this forum.

Finally, and most compellingly, the Texas case is not yet at issue, as the Evans Defendants are in the process of litigating, on Constitutonal grounds, their claim that the Texas court does not have jurisdiction over them. While the lower Texas courts have determined that minimum contacts exist, this order is not yet final, and is being appealed to the Texas Supreme Court. If the Evans Defendants are successful in their argument, the Texas case will be dismissed, at least as to the Plaintiffs here. In any event, the claims of the Lochmere Plaintiffs in this case with respect to damages have not been raised, nor tested on

Motion to Dismiss grounds in the Texas action. Given the status of the Texas pleadings, this court should not assume that all plaintiffs' claims may be brought or fully litigated in the Texas court, even if it is finally determined that the Texas court has jurisdiction over the Lochmere Plaintiffs. See: _Nacol v. Keith Wood Agency, Inc._, 750 F.Supp 1128, 1130 (M.D.Fla. 1990). As a result, abstention here may actually cause piecemeal litigation. Accordingly, because the entire dispute is before the federal court, and only the federal court, this factor weighs strongly against abstention. _Moses H. Cone, supra_, at 103 S.Ct. at 940. Finally, this court has previously stated: "Where similar actions involving similar parties are pending in state and federal courts, principals of comity and federalism outweigh the interests and judicial efficiency and militate against the entry of a stay." _Vacation Break USA, Inc. v. Marketing Response Co., supra_ at 651, 653.

The fourth factor is the order in which jurisdiction was obtained by concurrent forums. _Colorado River, supra_, at 818, 96 S.Ct. at 1247. However, despite the apparent narrow language of this factor, it has been interpreted not to turn on which complaint was filed first, but rather it is to be measured in terms of the progress made in the two actions. _See: Delta Development & Construction Co. v. Savings One Ass'n_, 637 F.Supp 629, 632 (S.D.Fla. 1986). ("In sum, this court is of the opinion that the priority element of the _Colorado River_ test is not satisfied simply winning the race to the courthouse door.") As stated above, the Texas case is not yet at issue, and the parties are litigating jurisdiction, therefore, discovery in Texas has been limited to jurisdictional issues

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\M-DISMISS MOL.doc

12

only. Simply put, there has been no progress as to determination of the merits in the Texas action.

Conversely, this court has entered its Case Management and Scheduling Order, discovery disclosures have been made, documents have been produced by all parties, and the Lochmere Plaintiffs' principal witness, ROBERT EVANS' deposition was taken on April 26, 2001. Additional depositions have been scheduled and noticed for June 2001, prior to the discovery cut-off date of July 4, 2001. While the Texas case is set for an earlier trial as a result of Texas' trial setting procedures, the fact that an appeal to the Texas Supreme Court is pending that the case is not even at issue and that no substantive discovery has occurred is certain to cause the Texas trial date to be rescheduled. Therefore, this factor weighs strongly against a stay.

The fifth factor is whether state or federal law is to be applied. It appears from the Complaint and Answers herein that the law to be applied is the law of Florida. However, in evaluating this factor, the issue is not what law applies, but rather whether the state or federal law to be applied is of such great import and policy that it should be made by the appropriate forum. "Only in rare circumstances will the presence of state law issue weigh in favor of dismissal." *American Bankers Insurance Co.*, *supra*, 891 F.2d 882, 886. This action does not present such rare circumstances; it does not involve complex questions of state law that would best be resolved by a state court. Furthermore, where Florida law is to be applied by either the federal court sitting in Florida, or a Texas court,

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\M-DISMISS MOL.doc

this factor is basically inapplicable, and would not support abstention. _See,_ _American Bankers Ins.,_ _supra_ at 886; _Noonan South, Inc. v. County of Volusia,_ 841 F.2d 380, 382 (11th Cir. 1988).

The final factor is whether the rights of the parties can be adequately protected in the state court forum. At this point, it is unclear whether the Lochmere Plaintiffs will be able to assert their damage claims in the Texas court, and whether the Texas court can assert jurisdiction over Fleet National Bank. While it is possible that the Lochmere Plaintiffs may be able to assert their claims in a Texas court, a "possibility" is not sufficient to allow the matter to be stayed in the federal court. Even if this court found that both forums provide adequate protection, the "fact that both forums are adequate to protect the parties' rights merely renders this factor neutral on the question of whether the federal action should be dismissed or stayed. _Noonan South, supra,_ at 383.

It is therefore clear that none of the factors of the "exceptional circumstances test" support the imposition of a stay, and the Motion should be denied.

### Florida Law

Likewise, under Florida law the trial court has discretion to determine whether to stay a pending matter and has the power to weigh the circumstances of the case, including the likelihood of an earlier disposition in federal court. _See,_ _ITT-Community Dev. Corp. v. Halifax Paving, Inc.,_ 350 So. 2d 116, 117 (Fla. 1st DCA 1977). It is usual practice in Florida for state courts to grant

stays where there are previously filed federal actions and there are no circumstances warranting a denial of the stay. <u>See,</u> <u>State v. Harbour Island, Inc.,</u> 601 So. 2d 1334 (Fla. 2d DCA 1992). Given the disparity between this case and the Texas action, it is doubtful that any Florida state court would grant a stay under the present facts.

However, application of Florida law is not appropriate in this instance. Under the line of cases following <u>Erie R. Co. v. Tompkins</u>, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188 (1938), when a federal court is sitting in a diversity case, the federal court is to apply state substantive law and federal procedural law. <u>Erie</u> and its progeny recognize the power of the federal courts to prescribe housekeeping rules; application of those rules in the instant action will not lead to the inequitable administration of substantive laws or encourage "forum-shopping". <u>See,</u> <u>Hanna v. Plumer,</u> 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed. 2d. 8 (1965). The granting of a stay, because it concerns the means and method to apply substantive law, falls within the definition of procedural law. <u>Wait v. Florida Power & Light,</u> 372 So. 2d 420, 423 (Fla. 1979). As the federal courts have addressed the factors to be evaluated in granting or denying a stay, federal law on this procedural matter applies and the State cases are inapplicable. This is especially true where, as here, the claims at issue in the Federal and state forums are very different.

## Conclusion

A federal court has an obligation to decide the cases which are properly brought before it. The United States Supreme Court has determined that only in the clearest of circumstances; truly rare and exceptional cases, will qualify for the imposition of judicial abstinence in the form of dismissal or stay. Clearly, application of determinative factors in this matter do not support a dismissal, since it is unclear whether the Lochmere Plaintiffs could have their day in court in any other forum. Furthermore, the Lane Defendants, as movants herein, have failed to show any exceptional circumstances which would entitle them to the relief they are seeking. They have merely alleged that some of the same parties are in lawsuits in Texas and in Florida, and that they would prefer not to be defendants in both cases. Having failed to carry their heavy burden, their motion should be denied.

Respectfully submitted,

JAY J. BARTLETT
Florida Bar No. 875163
GREGORY J. ORCUTT
Florida Bar No. 230855
BRICKLEMYER SMOLKER & BOLVES, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, Florida 33602
Telephone: 813/223-3888
Fax: 813/228-6422
Attorneys for LOCHMERE DEVELOPMENT
GROUP, INC. and LOCHMERE REALTY, INC.

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\M-DISMISS MOL.doc

16

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to the individuals listed on the attached Service List, this 4ᵗʰ day of June, 2001.

Jay J. Bartlett

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\M-DISMISS MOL.doc

17

## SERVICE LIST

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Jo E. Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX 75252

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL 33602

(Attys. for H.D. ASSOCIATES, L.P. DUNES
OPERATING COMPANY, L.P., EIGER, INC.,
2M DUNES, L.L.C., EIGER FUND 1 L.P.,
EIGER PARTNERS, L.P.,L.P., PAUL E. ROWSEY, III,
C. TODD MILLER, DAVID M. JACOBS,
WILLIAM S. BUCHANAN and FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE
INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)