FILED

01 JUN -7 AM II: 05

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
Middle District of Florida

LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

      Plaintiffs,

vs.

                                    CASE NO.: 8:00-CV-1026-T-27B

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company; EIGER
FUND 1, L.P., a Delaware limited partnership;
EIGER PARTNERS, L.P., a Delaware limited
partnership; DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC., a
Texas corporation; JTL CAPITAL, L.L.C., a
Texas limited liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
PAUL E. ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and, WILLIAM S. BUCHANAN, an individual,

      Defendants.

_____/

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE REALTY, INC., hereby file their Notice of Supplemental Authority in connection with their objection to Defendants' Motion to Dismiss or Alternative Motion to Stay Proceedings.

Attached hereto is the Petition for Review in the Supreme Court of Texas in the case of Lochmere Development Group, Inc. and Lochmere Realty, Inc. v. Eiger, Inc., Eiger Fund I, L.P., Eiger Partners, L.P., H.D. Associates, L.P., Paul E. Rowsey, III, C.

62

Todd Miller, David M. Jacobs and William S. Buchanan on Petition for Review of the April 19, 2001 opinion of the Court of Appeals for the Fifth District of Texas, No. 05-00-01332-CV on the issue of personal jurisdiction over the Lochmere Defendants by the Texas State Court.

Gregory J. Orcutt, Esquire
Florida Bar No. 230855
Jay J. Bartlett
Florida Bar No. 875163
Bricklemyer, Smolker & Bolves, P.A.
500 East Kennedy Blvd., Suite 200
Tampa, Florida 33602
(813) 223-3888
(813) 228-6422 - Facsimile
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent on this 6th day of June, 2001, by U.S. Mail to the individuals on the Service List.

Gregory J. Orcutt

## SERVICE LIST

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Jo E. Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX 75252

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL 33602

(Attys. for H.D. ASSOCIATES, L.P. DUNES
OPERATING COMPANY, L.P., EIGER, INC.,
2M DUNES, L.L.C., EIGER FUND 1 L.P.,
EIGER PARTNERS, L.P.,L.P., PAUL E. ROWSEY, III,
C. TODD MILLER, DAVID M. JACOBS,
WILLIAM S. BUCHANAN and FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE
INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

No. _____

## IN THE SUPREME COURT OF TEXAS

---

**LOCHMERE DEVELOPMENT GROUP, INC. and
LOCHMERE REALTY, INC.**
Petitioners

**VS.**

**EIGER, INC., EIGER FUND, I, L.P., EIGER PARTNERS, L.P.,
H.D. ASSOCIATES, L.P., PAUL E. ROWSEY, III, C. TODD MILLER,
DAVID M. JACOBS, and WILLIAM S. BUCHANAN**
Respondents

---

*On Petition for Review of the April 19, 2001 Opinion of the
Court of Appeals for the Fifth District of Texas, No. 05-00-01332-CV*

---

## PETITION FOR REVIEW

ERNEST E. FIGARI, JR.
State Bar No. 06983000
MONICA L. LUEBKER
State Bar No. 12670750
MELISSA A. MITCHELL
State Bar No. 24013175

FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (FAX)

ATTORNEYS FOR PETITIONERS

## I. IDENTITY OF PARTIES AND COUNSEL

### A.   Petitioners

1.   Lochmere Development Group, Inc. ("Lochmere")  and Lochmere Realty, Inc. ("Lochmere Realty") (collectively referred to herein as the "Lochmere Entities").

2.   <u>Trial and Appellate Counsel.</u> The Lochmere Entities were represented in the trial and appellate courts by Figari Davenport & Graves, L.L.P., Ernest E. Figari, Jr.,  Monica L. Luebker, Melissa A. Mitchell, 3400 Bank of America Plaza, 901 Main Street, LB-125, Dallas, Texas 75202 with telephone number (214) 939-2000 and fax number (214) 939-2090.

### B.   Respondents

1.   Eiger, Inc., Eiger Fund, I, L.P., Eiger Partners, L.P., H.D. Associates, L.P., Paul E. Rowsey, III ("Rowsey"), C. Todd Miller, David M. Jacobs, and William S. Buchanan (collectively referred to in this Petition as the "Eiger Parties").

2.   <u>Trial and Appellate Counsel.</u> The Eiger Parties were represented in the trial and appellate courts by Pezzulli & Loewinsohn, L.L.P., Alan S. Loewinsohn and Carol E. Farquhar, 18383 Preston Road, Suite 110, Dallas, Texas 75252-5476 with telephone number (972) 713-1300 and fax number (972) 713-1313.

### C.   Other Interested Parties

1.   David Lane ("Lane"), JTL Capital, L.L.C., and Barnett Lane Investments, Inc., Defendants in the Trial Court who did not contest jurisdiction or appeal the trial court's decision (collectively referred to herein as the "Lane Parties").

2.   <u>Trial and Appellate Counsel.</u>  Frank Hill, John W. Greene, Hill Gilstrap, 1400 W. Abram Street, Arlington, Texas 76013 with telephone number (817) 961-2222 and fax number (817) 861-4685.

3.   Dunes Operating Company, L.P. and 2M Dunes, L.L.C.

# TABLE OF CONTENTS

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

*3-D Elec. Co. v. Barnett Constr. Co.*, 706 S.W.2d 135 (Tex. App.--Dallas 1986, writ ref'd n.r.e.) ...................................................................................... 7

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174 (1985) .......... 6, 8, 9, 10

*Fish v. Tandy*, 948 S.W.2d 886 (Tex. App.--Fort Worth 1997, writ denied) ................... 9

*Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773 (5th Cir. 1986 ....................................... 7

*Magnolia Gas Co. v. Knight Equip. & Mfg. Co.*, 994 S.W.2d 684
(Tex. App.--San Antonio 1998, no pet.) ..................................................... 4, 5, 6, 7, 8, 10

*Patterson v. Dietze, Inc.*, 764 F.2d 1145 (5th Cir. 1985) ............................................... 7

*Southwestern Refining Co., Inc. v. Bernal*, 22 S.W.3d 425, 431 (Tex. 2000) ................ 10

*TeleVentures v. Int'l Game Tech.*, 12 S.W.3d 900, 909
(Tex. App.--Austin 2000, pet. denied) ....................................................................... 4

## STATUTES

Texas Gov. Code §§22.001(a)(2) and 22.225(c) .......................................................... 1

## STATEMENT OF THE CASE

This is a declaratory judgment action filed by the Eiger Parties seeking an adjudication of non-liability as to certain contractual, tort, and statutory claims of the Lochmere Entities. The Lochmere Entities filed verified special appearances in the trial court objecting to the exercise of personal jurisdiction over them by the courts of the State of Texas. The special appearances were denied on August 3, 2000 by order of Judge Merrill Hartman, presiding Judge of the 192nd Judicial District Court of Dallas County, Texas ("Trial Court"). The Lochmere Entities timely appealed to the Court of Appeals of the Fifth District of Texas at Dallas ("Court of Appeals"). The Lane Parties did not appeal, but filed a brief as interested parties. On April 19, 2001, the Court of Appeals affirmed the decision of the Trial Court. The decision was rendered by Justices Sue Lagarde, Ed Kinkeade, and Carolyn Wright; with Justice Lagarde authoring the opinion. The opinion is unpublished.

## STATEMENT OF JURISDICTION

The Court has jurisdiction pursuant to Texas Gov. Code §§22.001(a)(2) and 22.225(c). The Court of Appeals held differently from prior decisions of other courts of appeal and the United States Supreme Court on a question of law that is material to the decision in this case.

## ISSUES PRESENTED

Whether the Court of Appeals erred in affirming the denial of the special appearances of the Lochmere Entities.

## STATEMENT OF FACTS

1.      The Lochmere Entities believe that the Court of Appeals' opinion correctly states the nature of the case, except with respect to the following:

    a.      The Court of Appeals states that the six meetings that took place in Florida and three in Texas, as well as telephone calls between the Lochmere Entities and the Eiger Parties, constituted "negotiations" to determine the terms of an agreement to manage and develop the Florida Property. There is no evidence in the record that *all* such contact involved negotiating any such agreement. To the contrary, the evidence established that the approximate six meetings held in the State of Florida were to educate the Eiger Parties on the complexities of the proposed acquisition of the Florida Property and its future development opportunities. (R.R. Vol. 2 at 16:2-17:14.) Two of the Texas meetings were to discuss the Master Development Budget for the Florida Property. (R.R. Vol. 2 at 18:1-25, Vol. 4 Pl.'s Ex. 30 at 86:6-10.) The last meeting in Dallas was to discuss the specific role of the Lochmere Entities in connection with the future of the Florida Property. (R.R. Vol. 2 at 23:21-24:3, Vol. 4 Pl.'s Ex. 3.)

    b.      The agreement for the Lochmere Entities to provide development, management, marketing, and due diligence on the Florida Property was formalized only as to H.D. & Associates (one of the Eiger Parties) on or after the June 10, 1999 meeting in Texas. (R.R. Vol. 4 Pl's. Ex. 30, p. 152-153; p.62.) Previously, Lochmere's role in developing, managing, and marketing the Florida Property had been established between the Lochmere Entities and Lane prior to the Eiger Parties' involvement in the transaction. (R.R. Vol. 2 at 13:1-14.) There is no evidence in the record showing that this agreement, which

was reached prior to the Eiger Parties' involvement in the transaction, was "formed" in Texas.

2.      The Lochmere Entities further state that the following additional matters, not addressed in the opinion of the Court of Appeals, are also relevant to this Petition for Review:

a.      The Lochmere Entities spent approximately six to eight months gathering information and performing due diligence related to the Florida Property, in Florida, prior to the Eiger Parties' involvement.  (R.R. Vol. 2 at 13:2-14; 14:1-24.)  Lane, not the Lochmere Entities, subsequently contacted and met with the Eiger Parties to solicit their involvement as a capital source. (R.R. Vol. 2 at 14:18-24, 15:20-16:1, 20:14-16; Vol. 4 Pl.'s Ex. 31 at 11:4-8, Vol. 4 Def.'s Ex. 1 at 9:20-23, 10:13.)  The Lochmere Entities had no role in soliciting capital from the State of Texas and had no expectation that the capital to finance the Florida Property would come from the State of Texas.  (R.R. Vol. 2 at 15:20-16:1, 20:8-16.)

b.      The information sent by Lochmere to the Eiger Parties in the State of Texas related to the Florida Property and services being performed by the Lochmere Entities in connection with the Florida Property.  (R.R. Vol. 4 Pl.'s Exs. 6, 22, 24.)  The Lochmere Entities spent approximately a year and a half performing due diligence work in the State of Florida and putting together sufficient information to use in underwriting the Florida Property transaction.  (R.R. Vol. 2 at 21:6-11.)  During the due diligence stages, Florida was the "hub of the wheel for information gathering" purposes.  (R.R. Vol. 2 at 19:13-19.)

-3-

c.      The proposed written contract between Lochmere and H.D. & Associates provided that Florida law would govern any dispute.  (R.R. Vol. 4 Pl's Ex. 3.)

d.      The Lochmere Entities understood that they were to develop and manage the Florida Property in the State of Florida on an ongoing basis after the purchase of the property. (R.R. Vol. 2 at 22:17-23:11.) Lochmere's involvement was contemplated as "on-site" development.  (R.R. Vol. 4 Def.'s Ex. 1 at 46:18-47:11.)

e.      While the Eiger Parties' original petition sought a declaration that no contractual duties existed and that they possessed no confidential information, such pleadings were not the operative pleadings at the time of the special appearance hearing.  The Eiger Parties amended their petition seeking a declaratory judgment of non-liability for violations of Florida's Uniform Partnership Act, breaches of fiduciary duty, acts constituting gross negligence, fraud, unjust enrichment, quantum meriut, violations of Florida's Uniform Trade Secrets Act, and civil conspiracy.  (C.R. at 000071-82.)

## SUMMARY OF THE ARGUMENT

The Court of Appeals' opinion conflicts with the rule of law set forth in *TeleVentures v. Int'l Game Tech.*, 12 S.W.3d 900, 909 (Tex. App.--Austin 2000, pet. denied) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174 (1985)) and *Magnolia Gas Co. v. Knight Equip. & Mfg. Co.*, 994 S.W.2d 684, 691 (Tex. App.--San Antonio 1998, no pet.). In particular, the Court of Appeals did not analyze the prior negotiations, contemplated future consequences, terms of the agreements in issue, the parties' actual course of dealings, or the purpose of the contract or transaction in question in evaluating whether the Lochmere Entities purposefully established minimum contacts as required by the aforementioned cases.

-4-

Because the Court of Appeals engaged in an inappropriate legal analysis, its opinion should necessarily be overruled. The Court of Appeals' distinction that this case involves contract "formation" as opposed to an "executed contract" is an immaterial factual distinction and does not warrant a different jurisdictional analysis.

## ARGUMENT

Courts "must apply a 'highly realistic' approach that recognizes that a 'contract . . . is ordinarily an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction.'" *TeleVentures*, 12 S.W.3d at 909 (citing *Burger King*, 471 U.S. at 478-79). "Prior negotiations, contemplated future consequences, the terms of the contract, and the parties' actual course of dealing *must be* evaluated in determining whether the defendant purposefully established minimum contacts." *Id.* (emphasis added) (citing *Burger King* at 471 U.S. 478-79). When the contacts with the State of Texas are "incidental and immaterial to the purpose of the contract," they have been held insufficient to establish jurisdiction. *Magnolia Gas*, 994 S.W.2d at 691.

This analysis, as outlined by the United States Supreme Court and adopted by the Texas appellate courts, was not followed by the Court of Appeals in this instance. Specifically, the Court of Appeals did not look to the purpose of the contract or underlying business transaction, the terms of the contract, the contemplated future consequences of the parties' relationship, the prior negotiations of the parties, or the parties' actual course of dealing. If the proper legal analysis had been employed, the outcome is clear.

-5-

The purpose of the parties' relationship (be it contractual, fiduciary or partnership based) was to develop, manage, and market real estate in Florida. (R.R. Vol. 2 13:1-14.) Further of significance, and not discussed by the Court of Appeals, is the unexecuted written agreement between H.D. & Associates and Lochmere, which expressly provided that it would be governed by Florida law. (R.R. Vol. 4 Pl's Ex. 3.) Lochmere's contemplated future role, as admitted by the Eiger parties, was to be the "on-site" manager at the Florida Property. (R.R. Vol. 4 Def.'s Ex. 1 at 46:18-47:11.) As to prior negotiations, the evidence established that Lochmere's role in performing services in Florida began six to eight months before the Eiger Parties, based out of Dallas, Texas, were ever involved in the transaction and Lochmere did not solicit the Eiger Parties to fund the transaction. (R.R. Vol. 2 at 13:2-14, 14:1-24; 15:20-16:1; 20:8-16.) Further, the parties' actual course of dealing shows that the work performed by the Lochmere Entities was performed in Florida, not Texas. (R.R. Vol. 2 at 18:13-16; 24:4-12; 25:22-24.) Quite clearly, all of these factors show that the Lochmere Entities never purposefully availed themselves of the laws of the State of Texas; but rather their contacts with Texas were fortuitous. These factors were not considered by the Court of Appeals in its decision; thereby, makings its decision inconsistent and in conflict with *TeleVentures*, *Magnolia Gas*, and *Burger King*. Had the Court of Appeals engaged in the proper legal analysis, a different result would be mandated.

In an attempt to distinguish this case from *TeleVentures* and *Magnolia Gas*, the Court of Appeals opined that the above analysis was not applicable because this case dealt with the "formation of a contract" and not the performance or breach of an executed contract. This is not a distinction, however, which should alter the court's jurisdictional analysis.

First, this distinction ignores the fact that the Lochmere Entities asserted that a contract *had been formed* between the parties. The Eiger Parties' denial of this execution should not change the entire framework for the jurisdictional analysis. Indeed, if the Court of Appeals' analysis is correct, then the purpose of the parties' business relationship and its central location could be ignored in every case involving a contract dispute where there is an allegation that the contract is unenforceable. This is not the "highly realistic" approach to determining jurisdiction in contractual or ongoing business transactions that the United States Supreme Court has recognized. Further, this approach is not consistent with the many Texas and federal courts that have analyzed contract disputes under Texas law. *See e.g., 3-D Elec. Co. v. Barnett Constr. Co.*, 706 S.W.2d 135, 137 (Tex. App.--Dallas 1986, writ ref'd n.r.e.) (jurisdiction not established when the material performance of the contract is in another jurisdiction); *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) (jurisdiction lacking over a non-resident in a contractual dispute when the material performance of the contract occurred in Oklahoma, despite payment in Texas, sending revisions of the contract for negotiation purposes to Texas, and engaging in "extensive" communications in *negotiating* the contract in question); *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985) (jurisdiction lacking when material performance on the contract occurred outside of Texas).

Second, the courts in *TeleVentures* and *Magnolia Gas* do not limit their analysis to cases in which both sides agree that a contract has been executed. In fact, *TeleVentures* involved two letters of intent and on-going business negotiations with respect to a future contract and joint venture arrangement. *TeleVentures*, 12 S.W.3d at 905. The court looked

to the "crux" or purpose of the letters of intent, the parties' business relationship, and the *unexecuted* partnership agreement which provided that Nevada law would govern disputes between the parties. *Id.* The Court went on to hold that the exchange of communications in both "*developing and* carrying out" the agreements in issue were "insufficient to constitute purposeful availment of the benefits and protections of Texas law." *Id.* at 910 (emphasis added). Again, had the Court of Appeals looked at the purpose of the parties' relationship and the unexecuted H.D. & Associates agreement applying Florida law, as in *TeleVentures*, it is clear that the isolated contacts with Texas were insufficient to constitute purposeful availment.

Third, the Court of Appeals' analysis is inconsistent with the holding that simply contracting with a forum resident is insufficient to establish minimum contacts. *See Burger King*, 471 U.S. at 478; *TeleVentures*, 12 S.W.3d at 908; and *Magnolia Gas*, 994 S.W.2d at 691. Under the Court of Appeals' analysis, an actual executed contract would be insufficient to establish jurisdiction, but *negotiations* for contractual relationship are sufficient. Certainly, entering into a contract is more significant than negotiating a contract and holding otherwise is non-sensical. Indeed, the Eiger Parties cited absolutely no case law to the Court of Appeals involving the appropriate jurisdictional analysis to be used in a declaratory judgment action filed to establish whether or not a contract existed. No such case law exists. Thus, absent such authority, the Court of Appeals should have followed the proper analysis set forth in *TeleVentures*, adopting the Supreme Court analysis in *Burger King* as set forth above. Specifically, negotiations and the delivery of one document in Texas, alone, are insufficient to establish jurisdiction when the dispute arises out of the parties' business

relationship (be it contractual or otherwise) for which the material performance occurs in another state.[1]

Finally, in applying the jurisdictional analysis, the Court of Appeals viewed this case as one based solely upon contract formation and whether proprietary information was exchanged. In this, the Court of Appeals failed to look at whether the litigation arose from or was related to those activities of Lochmere in Texas as required by Texas case law. *See TeleVentures*, 12 S.W.3d at 907 (citing *Burger King*, 471 U.S. at 472). The "litigation" in this case involved questions of non-liability asserted in the form of a declaratory judgment by the Eiger Parties including violations of the Florida Uniform Partnership Act, breaches of fiduciary duty arising from the Eiger Parties's actions, among other things, of excluding the Lochmere Entities from the Florida transaction, civil conspiracy, unjust enrichment, and quantum meriut. These causes of action do not arise out of the isolated trips or communications by the Lochmere Entities in Texas, but rather arise out of the parties *entire course of dealing which was centered in Florida*. For example, the unjust enrichment cause of action arises out of the fact that the Lochmere Entities performed extensive due diligence efforts, in Florida, regarding the Florida Property for which they were never paid. The breach of fiduciary duty cause of action arises out of the Eiger and Lane Parties usurping Lochmere's corporate opportunity and closing Lochmere out of the transaction occurring in

---

[1] The Court of Appeals relied upon *Fish v. Tandy*, 948 S.W.2d 886 (Tex. App.--Fort Worth 1997, writ denied) in support of its opinion. *Fish*, however, is factually distinguishable from this case and it involved an executed contract. To the extent it purports to state a rule of law contrary to *TeleVentures, Magnolia Gas*, and *Burger King* it should be overruled. Of note, while the Texas Supreme Court denied the petition for writ of error in the *Fish* case, the petition addressed only the merits of the summary judgment in the case and the jurisdictional issue was never presented to this Court.

-9-

Florida. These causes of action are based on actions taken in Florida, under Florida law, and are not dependent on whether a contract specifically with H.D. & Associates was ever executed or negotiated in Texas or whether the proprietary information was delivered, in its final form, to the Eiger Parties in Texas.

In summary, the above demonstrates a clear conflict between the Court of Appeals' decision and *TeleVentures*, *Magnolia Gas*, and *Burger King* which warrants the grant of this Petition under Rule 56.1(2). Under the appropriate rule of law, the Court of Appeals' decision should necessarily be overruled. As this Court has stated, conflicts jurisdiction does not require that the cases at issue be "identical either on the facts underlying the causes of action nor on the procedural facts." *Southwestern Refining Co., Inc. v. Bernal*, 22 S.W.3d 425, 431 (Tex. 2000). A conflict could arise "on very different underlying facts if those facts are not important to the legal principal being announced." *Id.* (citing *Coastal Corp. v. Garza*, 979 S.W.2d 318, 319 (Tex. 1998)). Therefore, the fact that the *TeleVentures* or *Magnolia Gas* cases involved more or less telephone calls into Texas or more or less personal trips to Texas during the negotiation stages is wholly immaterial to the proper legal analysis that should have been applied by the Court of Appeals. The Lochmere Entities respectfully request that this Court overrule the Court of Appeals and clarify that the appropriate jurisdictional analysis is set forth in *TeleVentures*, *Magnolia Gas*, and *Burger King*.

### PRAYER

WHEREFORE, premises considered, Lochmere Development Group, Inc. and Lochmere Realty, Inc. respectfully request that the Court grant this petition for review and,

after consideration on the merits, overrule the trial court's denial and sustain their Special Appearances objecting to the exercise of personal jurisdiction by the courts in the State of Texas, or in the alternative, remand this case to the Court of Appeals to consider this case under the appropriate jurisdictional analysis.

Respectfully submitted,

FIGARI DAVENPORT & GRAVES, L.L.P.

By:_____
Ernest E. Figari, Jr.
State Bar No. 06983000
Monica L. Luebker
State Bar No. 12670750
Melissa A. Mitchell
State Bar No. 24013175

3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (FAX)

ATTORNEYS FOR PETITIONERS

## CERTIFICATE OF SERVICE

The foregoing instrument has been sent via certified mail, return receipt requested to Alan S. Loewinsohn, Pezzulli & Loewinsohn, L.L.P., 18383 Preston Rd., Suite 110, Dallas, Texas 75252-5476 and Frank Hill, Hill Gilstrap, 1400 W. Abram Street, Arlington, Texas 76013 on the _3l_ day of May, 2001.

_____
Monica L. Luebker

I:\11254\0001\Pleadings\supreme.ct.brief.wpd

-11-