FILED

01 JUN 21 AM 10: 44

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

LOCHMERE DEVELOPMENT GROUP, )
INC., and LOCHMERE REALTY, INC., )
)
    Plaintiffs, )
)
v. )      CASE NO.: 8:00 CV 1026-T-27B
)
H.D. ASSOCIATES, L.P., a Delaware )
limited partnership, by and through its )
general partner, DUNES OPERATING )
COMPANY, L.P., a Delaware limited )
partnership, by and through its general )
partners, EIGER, INC., a Delaware )
corporation, and 2M DUNES, L.L.C., a )
Texas limited liability company; EIGER )
FUND I, L.P., a Delaware limited part- )
nership; EIGER PARTNERS, L.P., a )
Delaware limited partnership; DAVID )
LANE, an individual; BARNETT LANE )
INVESTMENTS, INC., a Texas corpo- )
ration; JTL CAPITAL, L.L.C., a Texas )
limited liability company; FLEET )
NATIONAL BANK, N.A., a national )
banking association; PAUL E. )
ROWSEY, III, an individual; C. TODD )
MILLER, an individual; DAVID M. )
JACOBS, an individual; and WILLIAM )
S. BUCHANAN, an individual, )
)
    Defendants. )
_____ )

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a) and Middle District Rule 3.01,

Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC., AND LOCHMERE REALTY,

INC. ("LOCHMERE"), hereby move the Court for leave to amend their complaint in this

1

73

case to add counts seeking relief against all Defendants based on the doctrine of promissory estoppel, and asserting claims against certain Defendants for tortious interference with contractual or business relationships. In accordance with **Middle District Rule** 4.01(a), the proposed amended complaint with the new counts incorporated therein accompanies this motion.

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND COMPLAINT

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15(a), which provides that where, as here, responsive pleadings have been served and the adverse parties do not consent to a proposed amendment, "a party may amend the party's pleading only by leave of court...; and leave shall be freely given when justice so requires." In what has come to be regarded as the authoritative explication of Rule 15(a), the United States Supreme Court emphasized that the anguage mandating liberal allowance of amendments to pleadings "is to be heeded," and declared:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

Consistent with the intent of Rule 15(a) as explained in Foman, the Eleventh Circuit has observed that "[i]n the absence of undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted." Forbus v. Sears Roebuck & Co.,

2

30 F.3d 1402, 1405 (11th Cir. 1994), cert. denied, 513 U.S. 1113 (1995). Although the grant or denial of a motion for leave to amend is a matter within the district court's discretion, it is settled that "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Florida Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520 (11th Cir. 1996), quoting from Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (5th Cir. 1989). Generally, where a proposed amendment does not cause any undue prejudice or hardship to the opposing party, denial of leave to amend constitutes an abuse of discretion. E.g., McKinley v. Kaplan, 177 F.3d 1253, 1258 (11th Cir. 1999) ("additional expense and possible delay" are insufficient reasons to warrant denial of leave to amend) Loggerhead Turtle v. County Council of Volusia County, 148 F.3d 1231, 1257 (11th Cir. 1998), cert. denied, 526 U.S. 1081 (1999) (same).

Cases in which the Eleventh Circuit has found "substantial reason" to justify the rejection of proposed amendments are mainly confined to those circumstances where granting leave would amount to a serious abuse of the privilege, or would result in a major disruption of the judicial process, or would produce severe prejudice to opposing parties (or, most often, some combination of those adverse consequences). Thus, leave to amend may properly be denied where the moving party has unduly delayed until the eve of trial before interjecting a new claim that would require reopening the pretrial process, Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir.), cert. dism., 145 L. Ed 2d 287 (1999); or where the proposed amendments would increase the complexity of the lawsuit and likely require that discovery be reopened, thereby delaying the scheduled trial, Technical Resource Services, Inc. v. Dornier Medical

3

Systems, Inc., 134 F. 3d 1458, 1463-64 (11th Cir. 1998); or where the plaintiff has "inexplicably waited a very long time" and then attempted to "resurrect" a claim on which the allegations had already been ruled insufficient to state a cause of action. Hester v. International Union of Operating Engineers, 941 F.2d 1574, 1578-79 (11th Cir. 1991). Leave to amend may also be denied where the proposed claim would be futile because the action would be subject to immediate dismissal as a matter of law. See, e.g., Burger King Corp., 169 F.3d at 1319-20; Florida Power & Light Co., 85 F.3d at 1520-21.

The decisions of this Court confirm, however, that those grounds for denying leave to amend—undue delay, bad faith, prejudice, and futility--are narrowly limited, and that liberal allowance of amendments to pleadings is the prevailing rule. Although leave to amend has been denied for undue delay where the motion was filed after discovery was closed, e.g., Reyher v. Equitable Life Assurance Society, 900 F. Supp. 428, 431 (M.D. Fla. 1995), this Court has held that where the proposed amendment does not in effect initiate a new lawsuit or rely on a different set of facts, leave to amend will be allowed even as late as the last day for dispositive motions, notwithstanding that such late amendments are disfavored by the ocal rules. Domke v. McNeil-P.P.C., Inc., 939 F. Supp. 849, 851 (M.D. Fla. 1996). Likewise, as this Court has observed, "prejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party *but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial.*" Taylor v. Florida State Fair Authority, 875 F. Supp 812, 815 (M.D. Fla. 1995) (emphasis added). Finally, this Court

4

has ruled that "leave to amend should only be denied on the ground of futility when the proposed amendment is *clearly insufficient or frivolous on its face.*" Id. (emphasis added).

Applying those principles to the amendments proposed by LOCHMERE in this motion, it is clear that no "substantial reasons" exist to warrant the denial of leave to amend. There can be no objection based on "undue delay," because discovery has not been closed (in fact, the parties have taken only the first of the scheduled depositions in this case), the deadline for dispositive motions is still several weeks away, and the pretrial conference is scheduled for November 9, 2001, more than four months in the future. Indeed, given the fact that several of the Defendants have recently filed their own motion for leave to amend, they can hardly be heard to complain that that LOCHMERE's submission is tardy or will tend to disrupt the pretrial process.

Nor is there any basis for finding that the Defendants would be unduly prejudiced or subjected to severe hardship if the proposed amendments are allowed. The claims that LOCHMERE seeks to add—promissory estoppel, and tortious interference with contractual or business relationships—would not fundamentally alter the nature of this lawsuit or raise new facts, but would simply introduce variations on the theories of recovery previously asserted based on facts already alleged in the complaint. As this Court has acknowledged in granting leave to amend over objections that the plaintiff should not be allowed to add new theories of recovery:

> A change of the legal theory of the action cannot be accepted as the test of the propriety of a proposed amendment. Plaintiffs do not propose a new suit, nor do they rely on other facts. Instead, Plaintiffs are merely presenting to the Court another theory or cause of action which may exist under the facts.

5

Gropp v. United Airlines, Inc., 847 F. Supp 941, 945 (M.D. Fla. 1994) (citation omitted). In this case, as in Gropp, the claims set forth in the proposed amendments arise out of the same facts as the original claims, and therefore the Defendants are not prejudiced because they "should have already been prepared to conduct discovery related to these claims." Id. at 946.

Finally, LOCHMERE cannot be denied leave to amend on the ground that the proposed claims would be futile, because the facts already alleged in the general allegations of paragraphs 1 through 115 of LOCHMERE's Amended Complaint are more than adequate to sustain the causes of action for promissory estoppel and tortious interference against any contention that either of those claims is "clearly insufficient or frivolous on its face." Taylor, supra.

### (a) Promissory Estoppel

Under Florida law, the doctrine of promissory estoppel has been described as "a qualified form of equitable estoppel which applies to representations relating to a future act of the promisor rather than to an existing fact." Crown Life Ins. Co. v. McBride, 517 So.2d 660, 661-62 (Fla. 1987). This Court has recognized that the elements of a promissory estoppel claim, as set forth by the Florida Supreme Court, are embodied in the following definition:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

Swerhun v. General Motors Corp., 812 F. Supp. 1218, 1221 (M.D. Fla. 1993), quoting from W.R. Grace & Co. v. Geodata Services, Inc., 547 So.2d 919, 924 (Fla. 1989). In

6

essence, a claim based on promissory estoppel is an alternative to a claim for breach of contract, because it "comes into play where the requisites of a contract are not met, yet the promise should be enforced to avoid injustice." Doe v. Univision Television Group, Inc., 717 So.2d 63, 65 (Fla. 3d DCA 1998) (plaintiff may plead contract and promissory estoppel claims in the alternative). See also Mobil Oil Corp. v. Dade County Esoil Management, Inc., 982 F. Supp. 873, 880 (S.D. Fla. 1997) (until an express contract is proven, promissory estoppel claim is not subject to dismissal on grounds that plaintiff has an adequate remedy at law). To state a cause of action for promissory estoppel, a plaintiff must allege:

> 1) that the plaintiff detrimentally relied on a promise made by the defendant, 2) that the defendant reasonably should have expected the promise to induce reliance in the form of action or forbearance on the part of the plaintiff or a third person, and 3) that injustice can be avoided only by enforcement of the promise against the defendant.

W.R. Townsend Contracting, Inc. v. Jensen Civil Construction, Inc., 728 So.2d 297, 302 (Fla. 1st DCA 1999). See also Mobil Oil Corp., 982 F. Supp. at 880 n.3. The doctrine of promissory estoppel has typically been applied in situations where the plaintiff, acting in reliance on an agreement with the defendant, and with the encouragement or acquiescence of the defendant, has expended substantial time and money performing its responsibilities, only to have the defendant repudiate or refuse to comply with its promise on the ground that the agreement was legally invalid.

For example, in Revlon Group Inc. v. LJS Realty, Inc., 579 So.2d 365 (Fla. 4th DCA 1991), A&P subleased a store to Revlon under a contract providing that the sublease could not be asssigned without A&P's written consent. Revlon subsequently

7

assigned the sublease to LJS without A&P's approval, which Revlon assured LJS would be forthcoming. LJS then took possession of the store and proceeded to make improvements costing almost $144,000. When Revlon later brought suit to evict LJS for nonpayment of rent, the court found that the invalid assignment of the sublease without A&P's consent rendered it legally unenforceable, but nonetheless that LJS could recover damages under the doctrine of promissory estoppel.

> The record reveals that Revlon encouraged LJS to take possession of the premises and to expend almost $144,000 in leasehold improvements, Revlon all the while assuring LJS that A&P's approval of the Assignment and Assumption of Sublease would be forthcoming. That conduct warrants application of the estoppel principle.

579 So.2d at 367-68. See also, e.g., <u>University Creek Associates II, Ltd. V. Boston American Financial Group, Inc.</u>, 100 F. Supp. 2d 1337 (S.D. Fla 1998) (though loan commitment letter was not enforceable contract due to lack of essential terms, debtor who incurred expenses and changed position based on original commitment could assert promissory estoppel against lender who attempted to substitute second commitment letter providing less favorable terms).

In this case, LOCHMERE has alleged sufficient facts to sustain a claim of promissory estoppel against all of the Defendants. based on the same circumstances that support the related claim of unjust enrichment in Counts XVII through XXIII of the Amended Complaint. Specifically, LOCHMERE has alleged that the Defendants induced LOCHMERE to expend substantial time and money to formulate a unique financing and development plan for the Hammock Dunes project, and to conduct extensive due diligence research, in reasonable reliance on the Defendants' promise to

8

employ and compensate LOCHMERE in accordance with the terms of the Partnership Agreement; and that it would be unjust to permit the Defendants to evade their obligations under the Partnership Agreement after having reaped the benefits from LOCHMERE's detrimental change of position. These allegations, if proven, would clearly satisfy the requisite elements of promissory estoppel as delineated in the decisional law discussed above, and thus would entitle LOCHMERE to the application of the doctrine to enforce the promises embodied in Partnership Agreement if the Court determines that the Agreement is not a valid contract. Thus, the proposed amendment to add a promissory estoppel claim should be allowed.

## (b) Tortious Interference

To prevail on a claim for tortious interference with a contractual or business relationship under Florida law, four elements must be established:

> (1)the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an ntentional and unjustified interference with the relationship by the defendant; and (4) damages to the plaintiff as a result of the breach of the relationship.

Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126, 1127 (Fla. 1985); see also, e.g., Dunn v. Air Line Pilots Assoc., 193 F.3d 1185, 1191 (11th Cir. 1999); Anthony Distributors, Inc. v Miller Brewing Co., 941 F. Supp. 1567, 1572 (M.D. Fla. 1996). As a practical matter, "[t]ortious interference with a contract and tortious interference with a business relationship are basically the same cause of action," with "[t]he only material difference appear[ing] to be that in one there is a contract and in the other there is only

a business relationship." <u>Pilkington v. United Airlines</u>, 112 F.3d 1532, 1540 (11th Cir. 1997). See also <u>Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.</u>, 742 So.2d 381, 385 (Fla, 4th DCA 1999) (treating both actions as having the same four elements).

This Court has emphasized that, in essence, a plaintiff claiming interference must show that the defendant's actions "induced or caused a breach or termination of a *business relationship or expectancy.*" <u>Anthony Distributors</u>, 941 F. Supp. at 1572 (emphasis added). In the same vein, the Eleventh Circuit has observed that "[a]n action for intentional interference is appropriate even though it is predicated on an unenforceable agreement, if the jury finds that *an understanding between the parties would have been completed had the defendant not interfered.*" <u>Georgetown Manor, Inc. v. Ethan Allen, Inc.</u>, 991 F.2d 1533, 1542 (11th Cir. 1993)(emphasis added), quoting from <u>Landry v. Hornstein</u>, 462 So. 2d 844, 846 (Fla. 3d DCA 1985). Moreover, the conduct or actions of the defendant that are alleged to constitute tortious interference need not be "different from or additional to those acts that support the plaintiff's breach of contract claim," <u>Gregg v. U.S. Industries, Inc.</u>, 887 F.2d 1462, 1474 (11th Cir. 1989); nor is it necessary that the plaintiff prove the interference was motivated by malice, so long as the defendant acted "improperly." <u>Manufacturing Research Corp. v. Greenlee Tool Co.</u>, 693 F.2d 1037, 1040 (11th Cir. 1982).

Applying those principles to the present case, it is readily apparent that the facts alleged in LOCHMERE's Amended Complaint are sufficient to state a cause of action against EIGER and ROWSEY for tortious interference with LOCHMERE's contractual or business relationship with LANE and BARNETT LANE. Specifically, the complaint

10

alleges that (1) LOCHMERE had an agreement or understanding with LANE and BARNETT LANE relating to the development, marketing, and management of the Hammock Dunes project based on the Partnership Agreement that existed prior to the involvement of EIGER and ROWSEY (see Paragraphs 28 through 55 of the Amended Complaint); (2) EIGER and ROWSEY were aware of the Partnership Agreement, and the business relationship between LOCHMERE and LANE and BARNETT LANE that it evidenced, at the time they became involved in the project (Paragraphs 56-57); (3) EIGER and ROWSEY intentionally and without lawful justification interfered with LOCHMERE's contractual or business relationship agreement with LANE and BARNETT LANE by demanding that LOCHMERE accept different terms of employment and compensation, which were substantially less favorable than those embodied in the Partnership Agreement (Paragraphs 96-101); and (4) LOCHMERE suffered damages as a result of the improper interference by EIGER and ROWSEY (Paragraphs 114-15).

Because LOCHMERE has alleged facts supporting all the requisite elements of a cause of action for tortious interference with a contractual or business relationship, the claim is not subject to dismissal on its face. See, <u>Executive 100, Inc. v. Martin County</u>, 922 F.2d 1536, 1542 (11th Cir. 1991). Accordingly, leave to file the proposed amendment should be granted.

WHEREFORE, based on the foregoing arguments and authorities, Plaintiffs respectfully request that the Court grant this motion for leave to amend, and allow the

accompanying Second Amended Complaint to stand as Plaintiffs' operative pleading in this case.

Gregory J. Orcutt
Florida Bar No. 230355
Jay J. Bartlett
Florida Bar No. 875163
Bricklemyer, Smolker & Bolves, P.A.
500 East Kennedy Boulevard
2nd Floor
Tampa, Florida 33602

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via facsimile and U.S. Mail to all counsel listed on the attached Service List, this 21 day of June, 2001.

Jay J. Bartlett

12

## SERVICE LIST

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Jo E. Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX 75252

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL 33602

(Attys. for H.D. ASSOCIATES, L.P. DUNES
OPERATING COMPANY, L.P., EIGER, INC.,
2M DUNES, L.L.C., EIGER FUND 1 L.P.,
EIGER PARTNERS, L.P.,L.P., PAUL E. ROWSEY, III,
C. TODD MILLER, DAVID M. JACOBS,
WILLIAM S. BUCHANAN and FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE
INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

13