FILED

01 JUL -5 PM 4: 01

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC. and
LOCHMERE REALTY, INC.,

   Plaintiffs,

            Case No.: 8:00-cv-1026-T-27B

v.

EIGER FUND I, L.P., et al.

   Defendants.

_____/

## MEMORANDUM OF LAW
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS PAUL E. ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS, AND WILLIAM S. BUCHANAN ("THE EIGER INDIVIDUALS")

**I.  STATEMENT OF FACTS**

The Eiger Individuals adopt and incorporate the Statement of Facts in the Memorandum of Law in Support of Summary Judgment by Defendants Eiger Fund I, L.P., Eiger, Inc., Eiger Partners, L.P., H.D. Associates, L.P., Dunes Operating Company, L.P. and 2M Dunes, L.L.C. ("the Eiger Entities") and would further submit the following:

The Eiger Individuals are each officers of Defendant Eiger, Inc. ("Eiger"). Rowsey is the President, Miller is the Chief Executive Officer, and Jacobs and Buchanan are both Executive Vice Presidents of the company. (Rowsey Aff. ¶ 2; Miller Aff. ¶ 1; Jacobs Aff. ¶ 1; Buchanan Aff. ¶ 1; Rowsey Dep. at 32).

5346.1



Eiger and Defendant 2M Dunes, L.L.C., a Texas limited liability company, are the general partners of Defendant Dunes Operating Company, L.P. ("Dunes Operating"), a Delaware limited partnership. Dunes Operating, in turn, is the sole general partner of Defendant H. D. Associates, L.P. ("H. D. Associates"), a Delaware limited partnership. Eiger also is the sole general partner of Defendant Eiger Partners, L.P., a Delaware limited partnership, and Defendant Eiger Partners, L.P. is the sole general partner of Defendant Eiger Fund 1, L.P., a Delaware limited partnership. (Rowsey Aff. ¶ 3; Rowsey Dep. at 11-18).

Robert D. Evans ("Evans"), who is the sole officer, director and shareholder of Lochmere Development and Lochmere Realty, and who was the person involved on behalf of those companies in the dealings with the Eiger Entities, testified that, other than the proposed and Management Agreement and the Marketing Agreement, never made any agreements with either Lochmere Development or Lochmere Realty. (Evans Dep. III at 270). The Eiger Individuals deny having made any false statements or representations (Rowsey Aff. ¶ 19; Miller Aff. ¶ 5; Jacobs Aff. ¶ 4; Buchanan Aff. ¶ 4), and Evans himself conceded that he knew of no false statements that Miller, Jacobs, or Buchanan ever made to any representatives of either of the Plaintiffs (Evans Dep. III at 270-271). Moreover, Evans could not even recall whether he ever met Jacobs and Buchanan face-to-face, and he never spoke to either of them by telephone. (Evans Dep. III at 142-143). To the extent Evans had even met either of these men, their encounter consisted merely of a brief exchange of greetings, and

neither of them said anything of substance to him. (Evans Dep. III, at 143-144; Jacobs Aff. ¶ 3; Buchanan Aff. ¶ 3).

## II.   ARGUMENT

### A.   The Standard for Review of a Motion for Summary Judgment

Summary judgment is appropriate when there is no genuine issue of material fact and judgment should be awarded as a matter of law. See Fed. R. Civ. P. 56(c); Succar v. Dade County School Bd., 229 F.3d 1343, 1344 (11th Cir. 2000); Swain v. Hillsborough County School Bd., 146 F.3d 855, 857 (11th Cir. 1998). As the Supreme Court noted in Celotex Corp. v. Catrett, summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole." Celotex, 477 U.S. 317, 328 (1986).

Once a moving party produces credible evidence establishing a lack of genuine issue of material fact, to defeat the motion, the non-moving party must set forth specific facts demonstrating the existence of a genuine issue of material fact for every element of the case on which the nonmovant bears the burden of proof. See Fed. R. Civ. P. 56(e); Continental Casualty Co. v. Wendt, 205 F.3d 1258, 1261 (11th Cir. 2000); Rollins v. TechSouth, 833 F.2d 1525, 1528 (11th Cir. 1987). The nonmoving party may not rest on allegations in the pleadings, but must produce evidence sufficient to determine the existence of genuine fact issue that remains to be resolved. See Wendt, 205 F.3d at 1261. If a party fails to make a showing sufficient to establish the existence of an element essential to its case, summary

5346.1                                    -3-

judgment is mandated against the party.  See Celotex, 447 U.S. at 328; United States v. M/V Jacquelyn L., 100 F.3d 1520, 1522 (11th Cir. 1996).  Further, where the "evidence is merely colorable or is not significantly probative, summary judgment may be granted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986) (citations omitted).

**B.**    **Summary Judgment Should be Granted in Favor of the Eiger Individuals with Respect to Plaintiffs' Claims Under the Florida Uniform Partnership Act and for Intentional Fraud, Constructive Fraud, Violation of the Florida Uniform Trade Secrets Act, Conversion, and Civil Conspiracy for the Same Reasons that Compel Summary Judgment in Favor of the Eiger Entities with Respect to those Claims**

The same arguments which compel a summary judgment in favor of the Eiger Entities mandate summary judgment in favor of the Eiger Entities as to Plaintiffs' claims under the Florida Uniform Partnership Act, and for intentional fraud, constructive fraud, violation of the Florida Uniform Trade Secrets Act, conversion, and civil conspiracy.  Rather than repeat those arguments here, the Eiger Individuals adopt and incorporate the arguments of the Eiger Entities with respect to those claims.  As to the Eiger Individuals, these claims are set forth in Counts IV, X, XI, XXIX, XXXVI, and XXXVIII of the Amended Complaint.

**C.**    **The Eiger Individuals Were Not Parties to the Documents which Plaintiffs Contend Created a Partnership and Would Have No Liability Under those Documents Even if They Were Enforceable Contracts**

In addition to the grounds which compel summary judgment in favor of the Eiger Entities as to Plaintiffs' claims under the Florida Uniform Partnership Act, which also apply to the Eiger Individuals, the Eiger Individuals are entitled to summary judgment for an additional reason.

5346.1                                        -4-

It is a fundamental principal of corporate law, as well as a law of agency, that an officer of a corporation cannot be held liable in his individual capacity on a contract entered into by a corporation unless the officer signed the contract in his individual capacity or circumstances exist which would warrant piercing the corporate veil. Ryan v. Wren, 413 So.2d 1223, 1224 (Fla. 2d DCA 1982); Charter Air Center, Inc. v. Miller, 348 So.2d 614, 616 (Fla. 2d DCA 1977). Not only did none of the Eiger Individuals actually sign either the Management, Developing and Marketing Agreement or the Marketing and Listing Agreement, none of the Eiger Individuals even were designated as possible signatories under the proposed agreements. (Am. Compl. Ex. "K"; Evans Dep. III, Ex. 48).[1]

Furthermore, none of these individuals were general partners of H. D. Associates. They were officers of a corporation which was one of the general partners of a limited partnership which was the general partner of H. D. Associates. Finally, there are not even any allegations, much less any proof, which would entitle Plaintiffs to pierce the corporate veil to impose personal liability upon these individuals under an alter ego theory.

The Court therefore should enter summary judgment in favor of the Eiger Individuals as to Count IV of the Amended Complaint for these reasons as well as the reasons set forth in the Eiger Entities' memorandum of law.

-------------------------------------------------------------------

1.      H. D. Associates, L.P., Lochmere Development Group, Inc. ("Lochmere Development") and Lochmere Realty, Inc. were designated as the parties and signatories under the proposed contracts. It is interesting that, although Plaintiffs seek to hold the Eiger Individuals personally liable under these contracts, it is Lochmere Development and Lochmere Realty -- rather than Evans (the sole officer, director, and shareholder of those corporations) -- which filed this lawsuit.

5346.1

**D.    There Is No Basis to Impose Liability upon the Eiger Individuals for any Alleged Tortious Conduct**

There is likewise no basis to impose personal liability upon the Eiger Individuals under any of the tort theories alleged by Plaintiffs.

It is clear that a corporate officer does not incur personal liability for tortious conduct by a corporation merely by reason of his or her official character or general administrative responsibilities. Rather, a corporate officer's individual liability to third persons must be predicated on several factors:

> 1)    the corporation owes a duty of care to the third person, breach of which has caused the damage for which recovery is sought.
>
> 2)    the duty is delegated by the principal or employer to the corporate officer.
>
> 3)    the defendant officer has breached this duty through personal -- as opposed to technical or vicarious -- fault.
>
> 4)    With regard to personal fault, personal liability cannot be imposed upon the officer simply because his general administrative responsibility for performance of some function of his employment. He must have a personal duty towards the injured third person, breach of which specifically has caused the person's damages.

McElveen v. Peeler, 544 So.2d 270, (Fla. 1st DCA 1989); see also McDaniel v. Sheffield, 431 So.2d 230 (Fla. 1st DCA 1983) (individuals owed no duties to injured persons merely as a result of acts they performed as corporate officers).

In this instance, Plaintiffs have not alleged or presented any proof to establish any personal tortious liability of any of the Eiger Individuals. There is no evidence that Plaintiffs

5346.1                                                -6-

ever dealt with any of the Eiger Individuals in other than their official capacities as officers of Eiger, Inc. Furthermore, Evans conceded that neither Rowsey nor any other representative of the Eiger Entities ever told him that they would sign the proposed contracts that Evans presented or that or that they would pay Plaintiffs the compensation they were seeking. (Evans Dep. I at 136-137; 166-167; Evans Dep. III at 150-151, 188-189, 191-192, 210-211). He also admitted that neither Miller, Jacobs, or Buchanan had made any false statements or representations and that, in fact, he had no substantive dealings or conversations at all with Jacobs and Buchanan. (Evans Dep. III at 142-144, 270-271).

For this reason, as well as for the reasons also applicable to the Eiger Entities, the Court should enter summary judgment in favor of the Eiger Individuals as to Plaintiff's claims for Intentional Fraud (Count X), Constructive Fraud (Count XI), Florida Uniform Trade Secrets Act (Count XXIX), Conversion (Count XXXVI), and Civil Conspiracy (Count XXXVIII).

### E.     There Is No Basis to Impose Liability upon the Eiger Individuals for Quantum Meruit or Unjust Enrichment

As with respect to the Plaintiffs' similar claims against the Eiger Entities, Plaintiffs' claim for unjust enrichment or quantum meruit against the Eiger Individuals, to the extent that this claim is based on any alleged use or disclosure of Plaintiffs' alleged trade secrets, is preempted by the Florida Uniform Trade Secrets Act. See Section 688.008(1), Fla. Stat.

In addition, regardless of whether the subject of Plaintiffs' unjust enrichment or quantum meruit claim is trade secrets or not, as a matter of law, Plaintiffs would not be

5346.1                                          -7-

entitled to recover from the Eiger Individuals under such a theory. The elements of a cause of action for unjust enrichment are: "(1) plaintiff has conferred [a] benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefits conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Florida, 667 So.2d 876, 879 (Fla. 3d DCA 1996). Similarly, "quantum meruit" applies in the absence of an express agreement when one receives goods or services from another under circumstances in which, in the normal course of common affairs, a reasonable person receiving such benefits would ordinarily expect to pay for it. Osteen v. Morris, 481 So.2d 1287, 1289-1290 (Fla. 5th DCA 1986). Florida courts often treat unjust enrichment and quantum meruit synonymously. See Commerce Partnership 8098 Limited Partnership v. Equity Contracting Co., 695 So.2d 383, 386 (Fla. 4th DCA 1997).

In this instance, there is no proof that the Eiger Individuals received in their individual capacities (as distinguished from their roles as officers of Eiger) any documents relating to the budget or other materials or services from Plaintiffs relating to the Hammock Dunes in their individual capacities. The Eiger Individuals were not seeking to purchase Hammock Dunes as individuals, and they did not contract to purchase Hammock Dunes or purchase Hammock Dunes. There is no proof whatsoever that the Eiger Individuals

5346.1                                           -8-

personally received any benefit, even indirectly, from the materials or services that Plaintiffs allegedly provided.

Moreover, as a matter of law, Plaintiffs cannot have had any reasonable expectation that the Eiger Individuals would pay Plaintiffs personally for any materials or services even if the Eiger Individuals indirectly did receive some benefit. Although Florida courts have not expressly addressed the issue in this context, it is generally held that the fact that a third person may benefit from a contract between two other persons does not make that third person liable in quasi contract, unjust enrichment, restitution or quantum meruit. See ABB Daimler-Benz Transp. (North America.), Inc. v. National R.R. Passenger Corp., 14 F. Supp.2d 75, 91 (D.D.C. 1998); Haggard Drilling, Inc. v. Greene, 236 N.W.2d 841, 845-846 (Neb. 1975); Larsen v. New York Dock Co. the Guatemala, 166 F.2d 687, 689 (2d Cir. 1948).

## III.    CONCLUSION

For all of these reasons, the Eiger Individuals respectfully request that the Court enter summary judgment in their favor as to Counts IV, X, XVI, Count XXII, XXIX, XXXVI), and XXXVIII of Plaintiffs' Amended Complaint and that the Court award said them costs, expenses, and reasonable attorney's fees.

5346.1

Respectfully submitted,

Daniel F. Molony
Florida Bar No. 271330
James B. Murphy, Jr.
Florida Bar No. 287598
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa Street, Suite 2900
Tampa, FL 33602
(813) 202-7100
(813) 221-8837 - Facsimile

and

Alan S. Loewinsohn
Carol E. Farquhar
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, Texas 75252
(972) 713-1300
(972) 713-1313 - Facsimile

Attorneys for Paul E. Rowsey, III, C. Todd Miller,
David M. Jacobs, and William S. Buchanan

5346.1                              -10-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished ~~by facsimile transmission and~~ by United States Mail to Gregory J. Orcutt, Esq., Bricklemyer, Smolker & Bolves, P.A., 500 E. Kennedy Blvd., Suite 200, Tampa, FL 33602 and Alan B. Gerlach, 390 N. Orange Avenue, Suite 1100, Orlando, FL 32801 this 5th day of July, 2001.

ATTORNEY

5346.1                                    -11-