FILED

CM

UNITED STATES DISTRICT COURT SEP 17 PH 3: 52
Middle District of Florida

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

      Plaintiffs,

vs.

                          CASE NO.: 8:00-CV-1026-T-27BTGW
                          State Court No.: 00-02525/Div. I

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company; EIGER
FUND 1, L.P., a Delaware limited partnership;
EIGER PARTNERS, L.P., a Delaware limited
partnership;  DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC., a
Texas corporation; JTL CAPITAL, L.L.C., a
Texas limited liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
PAUL E. ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and, WILLIAM S. BUCHANAN, an individual,

      Defendants.

_____/

## PLAINTIFFS' MEMORANDUM IN OPPOSITION
## TO DEFENDANTS' MOTION FOR LEAVE TO FILE LIMITED REPLIES

Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE REALTY,

INC. ("LOCHMERE"), by and through its undersigned attorneys, hereby files this

Memorandum in Opposition to Defendants', the Eiger Entities', the Eiger Individuals', and

126

Fleet Bank, N.A.'s Motion for Leave to File Limited Replies to Plaintiffs' Memorandum In Opposition to Defendants' Motion for Summary Judgment (the "Motion").

On or about September 5, 2001, Defendants, Eiger Fund, L.P., Eiger, Inc., Eiger Partners, L.P., H.D. Associates, L.P., Dunes Operating Company, L.P., and 2M Dunes, L.L.C. (the "Eiger Entities"), Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs and William S. Buchanan (the "Eiger Individuals"), and Fleet National Bank, N.A. (the "Bank"), filed a Motion herein seeking to entice the court into accepting additional argument in support of their Motions for Summary Judgment. Attached to the Motion are two proposed replies to Plaintiffs' Memorandum in Opposition to Defendants' Motions for Summary Judgment. These filings violate the requirements of local *Rule 3.01(b)*, which states:

> "(b)  Each party opposing any written motions or other application shall file and serve, within ten (10) days after being served with such motion or application, a brief or legal memorandum with citation of authorities in opposition to the relief requested.  No other briefs or legal memoranda directed to any such written motion shall be filed or served by any party unless requested by the Court."

Therefore, the Defendants' untimely Motion should be denied and these filings should be returned to the Defendants.

Procedurally, Plaintiffs are defending Motions for Summary Judgments filed on behalf of each of the groups of defendants. On or about July 3, 2001, Defendants David Lane, Barnett Lane Investments, Inc., and JTL Capital filed a Motion for Summary Judgment as to each of the eighteen (18) counts against them. Shortly thereafter, on or

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\MOL REPLIES.doc

2

about July 5, 2001, the Eiger Entities, the Eiger Individuals, and the Bank each filed separate summary judgment motions as to each and every one of the counts against them. (July 5, 2001 was the deadline for dispositive motions to be filed.) Therefore, as of early July, the Defendants had filed four (4) separate Motions for Summary Judgment addressed to each of the thirty-eight (38) counts which were at issue in the Complaint. Upon review of the Motions for Summary Judgment, the Plaintiffs determined that many of the Defendants' arguments in support of summary judgment were identical or had common elements. Direct response to each issue raised by the Defendants would have resulted in an extraordinary amount of cross-referencing and incorporation by reference, to the extent that the responses would be difficult to read and understand. In order to present a more organized and understandable response to the Defendants' numerous arguments, Plaintiffs, on or about August 10, 2001, filed a Motion to Consolidate Responses to Defendants' Motion for Summary Judgment and Combine Page Limits along with their Memoranda of Law In Opposition to Motions for Summary Judgment. Therefore, as of mid-August, 2001, the dispositive motions were at issue and all arguments permitted by the rules had been filed.

The Defendants' Motion to provide further filings is predicated upon their allegations that the multitude of claims and issues in Defendants' initial briefs were unnecessarily compressed because of the page limits provided by the rules. (See, Motion, p.3) However, one must be skeptical of such claim being made after the fact, since the Defendants never sought to increase the page limits when they filed their dispositive motions. Further,

Defendants proposed replies do not attempt to expand upon the explanation of their arguments in their original motions, rather the documents reply to Plaintiffs' defenses. Defendants' filings are clearly an attempt to get yet another bite of the apple by circumventing the rules.

By granting the Defendants' Motion, the court would severely prejudice the Plaintiffs. Summary judgment is a severe remedy, as it deprives the Plaintiffs of their day in court. Therefore, a substantial burden is placed upon the moving party to demonstrate with certainty that no genuine issue of material fact remains to be decided and that therefore, the court is authorized to enter judgment as a matter of law. One must assume that the Defendants desire to file additional pleadings in order to add something new to their previously filed Summary Judgment motions. The Court should, therefore, analyze the Defendants' Motion as an attempt by the Defendants to either (a) make new arguments; or (b) revisit or re-explain the arguments already made. If the Defendants are attempting to make new or different arguments, their Motion should be denied. The court cannot base any decision on such new arguments or theories because the rules do not permit summary judgment to be granted until Plaintiffs have had the ability to respond. The filing should rightfully be treated as the equivalent of a new Motion for Summary Judgment after the deadline for filing such motions. If the Defendants' proposed replies do not contain new arguments, they can only be a restatement of the same arguments, and therefore are cumulative or repetitive, and cannot be an aid to the Court.

Defendants' Motion cites several cases for the proposition that courts often waive the clear prohibition given by the rules in their attempt to convince this Court to accept these supplemental filings. However, a review of these cases provide nothing more than a recitation of the filing of such document, and perhaps its acceptance by the court. None of the cases discuss the standard by which a court should analyze Defendants' unauthorized Motion.

However, there are numerous cases which indicate that *Local Rule 3.01(b)* means what it says, and that the Court should enforce its prohibition. *Ruszala v. Walt Disney World Company*, 95 F.Supp. 2d 1323, 1327 (N.D. Fla. 2000) ("Plaintiffs' reply (Doc 34) to Defendants' response is STRICKEN. Local Rule 3.01(b) does not authorize reply briefs unless requested by the Court."); *United States v. Franklin*, Case No. 99-1-CIV-FTM-25(D), 1999 WL 1001588 at *1 (M.D. Fla. 1999) ("Defendants are not automatically entitled to an opportunity to reply to a memorandum in opposition. See, Local Rule 3.01(b), U.S. District Court, Middle District, Florida. And the remainder of the Defendants' Motion violates Local Rule 3.01(b) because it is a reply to Plaintiffs' opposition. Accordingly, Defendants' Motion should be denied."); *Hipp v. Liberty National Life Insurance Co.*, 39 F.Supp 2d 1359, 1360 (M.D. Fla. 1999) ("As a preliminary matter, Plaintiffs' motion to for (sic) leave to file a reply to Defendants' response to their revised front pay reports will be denied. The Local Rules allows submission of such response only upon request of the Court. Local Rule 3.01(b)") This Court has not made a request for Defendants' proposed submission, and therefore, Defendants' Motion should be summarily denied.

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL CT\PLDGS\MOL REPLIES.doc

5

Finally, in the event that Defendants' Motion is granted, Plaintiffs must be allowed the opportunity to file similar responses. In the event that Defendants' Motion is granted, Plaintiffs hereby request the opportunity to respond.

WHEREFORE, Plaintiffs hereby respectfully request that the court deny Eiger Entities', Eiger Individuals' and The Bank's Motion, and return the limited reply memoranda.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided by U.S. Mail to all parties on the attached Service List this _14_ day of September, 2001.

Respectfully submitted,

BRICKLEMYER SMOLKER & BOLVES, P.A.

By: _____
Jay J. Bartlett
Florida Bar No. 875163
Gregory J. Orcutt
Florida Bar No. 230855
BRICKLEMYER SMOLKER & BOLVES, P.A.
500 E. Kennedy Boulevard, Suite 200
Tampa, Florida 33602
Telephone: (813) 223-3888
Facsimile: (813) 228-6422
Attorneys for LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE REALTY, INC.

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\MOL REPLIES doc

6

## SERVICE LIST

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL  33602

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Jo E. Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX  75252

(Attys. for H.D. ASSOCIATES, L.P. DUNES OPERATING COMPANY, L.P., EIGER, INC.,
2M DUNES, L.L.C., EIGER FUND 1 L.P., EIGER PARTNERS, L.P., PAUL E. ROWSEY, III,
C. TODD MILLER, DAVID M. JACOBS, WILLIAM S. BUCHANAN and FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON, N.A.

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE INVESTMENTS, INC. AND JTL CAPITAL,
L.L.C.)

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL CT\PLDGS\MOL REPLIES.doc

7