FILED

01 OCT 18 AM 9: 57

CL.. .. . . . . UCURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LOCHMERE DEVELOPMENT GROUP
INC., and LOCHMERE REALTY, INC.,**

**Plaintiffs,**

vs.                                           **Case No. 8:00-CV-1026-T-27TGW**

**H.D. ASSOCIATES, L.P.,** *et al.,*

**Defendants.**

_____/

## ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

**THIS CAUSE** came on to be considered on Plaintiffs' Motion for Leave to Amend Complaint (Dkt. 73). The Court having reviewed said motion and being otherwise fully advised in the premises, finds as follows.

### I.    *Proposed Amendment*

Plaintiffs have moved for leave to amend the Complaint to assert promissory estoppel claims against all the Defendants and claims for tortious interference with contractual or business relationships against Defendants H.D. Associates, by and through its general partners, Dunes Operating Company, L.P. ("Dunes"), Eiger, Inc., 2M Dunes L.L.C., Eiger Partners, L.P., Eiger Fund 1, L.P. (collectively "Eiger Defendants"), Paul E. Rowsey, III ("Rowsey"), C. Todd Miller ("Miller"), David M. Jacobs (Jacobs"), William S. Buchanan ("Buchanan") and Fleet National Bank ("Fleet"). (Dkt. 107). Defendants oppose the Plaintiffs' motion on the grounds that it is untimely and they would be severely prejudiced by the amendment. (Dkt. 107).

SCANNED

/32

## II.   Standard for Motions for Leave to Amend

A decision whether to grant or deny a motion for leave to file an amended complaint is within the sound discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962). Under Rule 15(a), Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." There must be a "justifying reason" for a court to deny leave to amend. Foman, 371 U.S. at 182. Leave to amend should only be denied when: (1) amendment would be futile; (2) amendment would be prejudicial to the opposing party; or (3) there has been bad faith, undue delay, dilatory motive, or repeat failures to cure deficiencies by amendments on behalf of the moving party. Id.

## III.   Discussion

Defendants maintain that justifying reasons warrant the denial of Plaintiffs' motion. First, Defendants assert that Plaintiffs' motion for leave to amend was untimely filed without good cause. (Dkt. 107, 3-6). Second, Defendants contend that they would be prejudiced by any amendment of the complaint at this late date. (Dkt. 107, 6-10).

### A.   Good Cause for Amendment of Complaint

Defendants contend that Plaintiffs' untimely motion is subject to the "good cause" requirement set forth in Fed. R. Civ. P. 16(b). When a motion for leave to amend is filed beyond the time prescribed by a court's scheduling order, the provisions of Fed. R. Civ. P. 16(b) are applicable. Thorn v. Blue Cross & Blue Shield of Florida, Inc., 192 F.R.D. 308, 309 (M.D. Fla. 2000). Under Rule 16(b), a party seeking to deviate from court ordered deadlines must demonstrate good cause why the scheduling deadlines cannot be met despite the movant's diligent efforts. Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998); Fed. R. Civ. P. 16 advisory committee's note. Once good cause is shown, the court considers whether leave should be granted pursuant to Fed. R. Civ. P. 15. Sosa, 133 F.3d at 1418.

The Case Management and Scheduling Order entered in this case provides: "Motions to amend any pleading . . . filed after issuance of this Case Management and Scheduling Order are disfavored. (See Local Rule 3.05(c)(2)(E) and Local Rule 3.05(c)(3)(D))." (Dkt. 16). The Case Management and Scheduling Order does not specify a deadline for filing motions for leave to amend. No "good cause" requirement will be imposed in the absence of Plaintiffs' failure to adhere to deadlines set forth by the Court. Accordingly, Plaintiffs are not require to establish "good cause" as a condition to obtaining leave to amend the Complaint.

**B.     *Prejudice to the Defendants***

Defendants also assert that they would be severely prejudiced if Plaintiffs are permitted to amend their Complaint. The amendment of an action to add an entirely different legal theory one week prior to the close of discovery could result in undue prejudice. Bryson v. City of Waycross, 888 F.2d 1562, 1567-68 (11th Cir. 1989). Here, Plaintiffs filed their motion for leave to amend thirteen days before the close of discovery. See (Dkts. 28, 73). In the proposed amendment, Plaintiffs seek to add claims based on promissory estoppel and tortious interference with a contract or business relationship. (Dkt. 73). The new claims are not wholly unrelated to Plaintiffs' existing claims of fraud, usurpation of partnership opportunities and unjust enrichment Plaintiffs originally asserted. See (Dkt. 43); see also Tamiami Trail Tours, Inc. v. J.C. Cotton, 463 So. 2d 1126 (Fla. 1985) (elements of tortious interference) and W.R. Townsend Contracting, Inc. v. Jensen Civil Construction, Inc., 728 So. 2d 297 (elements of promissory estoppel). Additionally, the facts supporting the proposed claims are related to those facts already alleged against Defendants. As such, the Court is not persuaded that Defendants would be severely prejudiced by the amendment of the Complaint. Accordingly, Plaintiffs' Motion for Leave to Amend Complaint is granted.

It seems apparent that Defendants would have already conducted discovery related to the

promissory estoppel and tortious interference claims given the related nature of the new claims to the previously asserted claims. Nevertheless, the Court grants Defendants forty-five days leave to conduct discovery only as to additional claims asserted in the Second Amended Complaint. Accordingly, it is

**ORDERED AND ADJUDGED** that:

1.  Plaintiffs' Motion for Leave to Amend Complaint (Dkt. 73) is **GRANTED.**

2.  Defendants are granted forty-five days leave from the date of this Order to conduct discovery concerning the promissory estoppel and tortious interference with contractual or business relationships claims.

3.  Defendants shall answer the Second Amended Complaint on or before November 12, 2001.

**DONE AND ORDERED** in chambers this _17th_ day of October, 2001.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record
Courtroom Deputy
Law Clerk

F I L E   C O P Y

Date Printed: 10/19/2001

Notice sent to:

___ Gregory J. Orcutt, Esq.
Bricklemyer, Smolker & Bolves, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL  33602-4990

___ Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 N. Tampa St., Suite 2900
P.O. Box 898
Tampa, FL  33601-0898

___ James B. Murphy Jr., Esq.
Shook, Hardy & Bacon, L.L.P.
100 N. Tampa St., Suite 2900
P.O. Box 898
Tampa, FL  33601-0898

___ Alan S. Loewinsohn, Esq.
Pezzulli & Loewinsohn, LLP
18383 Preston Rd., Suite 110
Dallas, TX  75252-5476

___ Jo B. Hartwick, Esq.
Pezzulli & Loewinsohn, LLP
18383 Preston Rd., Suite 110
Dallas, TX  75252-5476

___ Alan M. Gerlach Jr., Esq.
Broad & Cassell
390 N. Orange Ave., Suite 1100
P.O. Box 4961
Orlando, FL  32802-4961

___ John W. Greene, Esq.
HILL GILSTRAP
1400 West Abram Street
Arlington, TX  76013

___ Dora F. Kaufman, Esq.
Haley, Sinagra & Perez, P.A.
100 Southeast 3rd Ave.
One Financial Plaza, Suite 1900
Ft. Lauderdale, FL  33394

___ Peter J. Grilli
Peter J. Grilli, P.A.
100 S. Ashley Dr., Suite 1300
Tampa, FL  33602