FILED

CA

01 NOV 13 PM 3: 19

CLERK U S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC., a Florida Corporation, and
LOCHMERE REALTY, INC., a Florida
Corporation,

        Plaintiffs,

v.

        Case No.:  8:00-cv-1026-T-27B

EIGER FUND I, L.P., a Delaware Limited
Partnership; EIGER, INC., a Delaware
Corporation; EIGER PARTNERS, L.P.,
a Delaware Limited Partnership;
DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC.,
a Texas Corporation; JTL CAPITAL,
L.L.C., a Texas limited liability company;
H.D. ASSOCIATES, L.P., a Delaware
Limited Partnership; BANKBOSTON
N.A., a national association;
PAUL E. ROWSEY, III, an individual;
C. TODD MILLER, an individual;
DAVID M. JACOBS, an individual;
and WILLIAM S. BUCHANAN,
an individual,

        Defendants.

_____/

## SECOND AMENDED ANSWER OF THE EIGER DEFENDANTS

TO THE COURT:

    COME NOW, EIGER FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,

H.D. ASSOCIATES, L.P., DUNES OPERATING COMPANY, L.P., 2M DUNES

L.L.C., PAUL E. ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS and

WILLIAM S. BUCHANAN, Defendants herein (collectively the "Eiger Defendants"),

and file this their Second Amended Answer to Plaintiffs' Second Amended Complaint and Demand for Jury Trial.

## I.

## FIRST DEFENSE

The Court lacks personal jurisdiction over all of the Eiger Defendants, other than H.D. Associates, L.P.

## II.

## SECOND DEFENSE

The Complaint, and each count thereof, fails to state a claim upon which relief can be granted.

## III.

## THIRD DEFENSE

Plaintiffs' fraud allegations are not pled with the particularity required by Federal Rules of Civil Procedure 9(b) and therefore fail to state a claim upon which relief can be granted.

## IV.

## FOURTH DEFENSE

This case should be transferred to the United States District Court for the Northern District of Texas for the convenience of witnesses and parties and in the interest of justice.

## V.

## ANSWERS TO SPECIFIC ALLEGATIONS
## SUBJECT TO THE FOREGOING DEFENSES

1.    The Eiger Defendants admit that Plaintiffs seek to recover damages but deny the remaining allegations contained in paragraph 1.

2.    The Eiger Defendants have insufficient information or knowledge to admit or deny the allegations contained in paragraphs 2 and 3 and therefore deny same.

3.    The Eiger Defendants admit that H.D. Associates, L.P. is a Delaware limited partnership which is the owner of a real estate project known as Hammock Dunes and deny the remaining factual allegations contained in paragraph 4.

4.    The Eiger Defendants admit Dunes Operating Company, L.P. is a Delaware limited partnership which is the sole general partner of H.D. Associates, L.P. and deny the remaining factual allegations contained in paragraph 5.

5.    The Eiger Defendants admit that Eiger, Inc, is a Delaware corporation with its principal place of business in Dallas, Texas but deny the remaining allegations contained in paragraph 6.

6.    The Eiger Defendants admit the allegations contained in paragraph 7.

7.    The Eiger Defendants admit the factual allegations contained in paragraph 8 and 9.

8.    The Eiger Defendants object to the allegations contained in the second part of paragraph 10 on the grounds that "Principals" is vague and ambiguous. To the extent that further response is require, the Eiger Defendants admit that Eiger, Inc. controls Eiger Partners, L.P. but deny the remaining allegations contained in paragraph 10.

9.    The Eiger Defendants admit the factual allegations contained in paragraph 11 of the Complaint.

10.    The Eiger Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 of the Complaint.

11.    The Eiger Defendants deny that JTL Capital, L.L.C. was an original general partner of H.D. Associates, L.P.  The Eiger Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 13 and therefore deny same.

12.    The Eiger Defendants admit that Fleet National Bank f/k/a BankBoston, N.A. is a national banking association.

13.    The Eiger Defendants object to the allegations contained in paragraph 15 on the grounds that "Principals" is vague and ambiguous.  To the extent further response is require, the Eiger Defendants admit that Rowsey is an individual residing in Dallas, Texas who, together with Miller, Jacobs, and Buchanan, owns substantially all the stock of Eiger, Inc.

14.    The Eiger Defendants object to the allegations contained in paragraph 16 on the grounds that "Principals" is vague and ambiguous.  To the extent further response is require, the Eiger Defendants admit that Miller is an individual residing in Dallas, Texas who, together with Rowsey, Jacobs, and Buchanan, owns substantially all the stock of Eiger, Inc.

15.    The Eiger Defendants object to the allegations contained in paragraph 17 on the grounds that "Principals" is vague and ambiguous.  To the extent further response is require, the Eiger Defendants admit that Jacobs is an individual residing in Dallas,

Texas who, together with Rowsey, Miller, and Buchanan, owns substantially all the stock of Eiger, Inc.

16.    The Eiger Defendants object to the allegations contained in paragraph 18 on the grounds that "Principals" is vague and ambiguous. To the extent further response is require, the Eiger Defendants admit that Buchanan is an individual residing in Dallas, Texas who, together with Rowsey, Jacobs, and Miller, owns substantially all the stock of Eiger, Inc.

17.    The Eiger Defendants state that the allegations contained in paragraphs 19, 20 and 21 are legal in nature and do not require a response, but to the extent a response is required, the Eiger Defendants deny same.

18.    The Eiger Defendants admit the allegations contained in paragraph 22.

19.    The Eiger Defendants do not have sufficient knowledge or information to admit or deny the allegations contained in paragraphs 23 through 49 and therefore deny same.

20.    The Eiger Defendants admit there was a meeting in late March, 1999 between Lane and Rowsey at which was discussed Eiger's potential involvement in the acquisition of the Hammock Dunes property. The Eiger Defendants deny the remaining allegations contained in paragraph 49.

21.    The Eiger Defendants admit the allegations contained in the first sentence of paragraph 50 and deny the remaining allegations in that paragraph.

22.    The Eiger Defendants are without sufficient information or knowledge to admit or deny the allegations in paragraph 51 regarding two prior equity partners and therefore deny same. The Eiger Defendants admit that Lochmere participated in

educating Eiger by outlining the results of its due diligence research, but deny the allegations concerning financial projections or business plans for the Project.

23.    The Eiger Defendants are without sufficient information to admit or deny the allegations contained in paragraph 52 and therefore deny same.

24.    The Eiger Defendants admit that on March 31, 1999, Evans, Rowsey, Miller, a representative of BankBoston and Evans visited the Project site and discussed the property in general terms.    The Eiger Defendants deny the remaining allegations contained in paragraph 53.

25.    The Eiger Defendants are without sufficient information to admit or deny the allegations contained in paragraph 54 - 55 and therefore deny same.

26.    The Eiger Defendants deny the allegations contained in paragraph 56.

27.    The Eiger Defendants are without sufficient information to admit or deny the allegations contained in paragraph 57 and therefore deny same.

28.    The Eiger Defendants admit the allegations contained in the first two sentences of paragraph 58. The Eiger Defendants deny the remaining allegations contained in paragraph 58.

29.    The Eiger Defendants admit the authenticity of the letter attached as Exhibit H, which speaks for itself. To the extent a response is further required, the Eiger Defendants deny the remainder of the allegations in paragraph 59.

30.    The Eiger Defendants admit there was a meeting on April 22, 1999 at Hammock Dunes among Rowsey, Lane, Evans, Steven Samaha, Jim Gardner of ITT, Robert Cuff, Chuck Callia and others to present a proposed purchase agreement to ITT. The Eiger Defendants deny the remaining allegations contained in paragraph 60.

31.    The Eiger Defendants deny the allegations contained in paragraph 61.

32.    The Eiger Defendants are without sufficient information to admit or deny the length of time Lochmere spent collecting data and placing it into a spreadsheet and therefore deny same.  The Eiger Defendants deny the remainder of the allegations in paragraph 62.

33.    The Eiger Defendants deny the allegations contained in paragraph 63.

34.    The Eiger Defendants admit that on April 28, 1999, Evans of Lochmere voluntarily handed out a draft of a Master Development Budget to the stated attendees of a meeting in Dallas, Texas; otherwise to the extent a response is required, the Eiger Defendants deny the remainder of the allegations in paragraph 64.

35.    The Eiger Defendants deny that they knew the document handed out by Evans at the April 28, 1999 meeting contained secret proprietary material.  The Eiger Defendants admit that the document contained the legend quoted in paragraph 65.

36.    The Eiger Defendants admit that the Master Development Budget contained line items as indicated in paragraph 66 but deny the remaining allegations contained in paragraph 66.

37.    The Eiger Defendants deny the allegations contained in paragraph 67.

38.    The Eiger Defendants deny the allegations contained in paragraph 68.

39.    The Eiger Defendants are without sufficient information to admit or deny the allegations contained in paragraph 69 and therefore deny same.

40.    The Eiger Defendants admit that Exhibit I is authentic and speaks for itself.  Otherwise to the extent that a response is further required, the Eiger Defendants deny the remaining allegations in paragraph 70.

41.     The Eiger Defendants admit that on June 7, 1999, Lochmere forwarded a revised Master Development Budget based on Eiger's business plan for the Hammock Dunes project.  The Eiger Defendants admit that the document contains the language quoted in paragraph 71.  To the extent an answer is further required, the Eiger Defendants deny the remaining allegations contained in paragraph 71.

42.     The Eiger Defendants admit that Exhibit J is authentic and speaks for itself.  Otherwise to the extent that a response is further required, the Eiger Defendants deny the remaining allegations in paragraph 72.

43.     The Eiger Defendants admit the allegations contained in paragraph 73.

44.     The Eiger Defendants admit that Rowsey stated at the June 10, 1999, meeting in Dallas that Lane had never discussed with Rowsey any partnership agreement between Lochmere, Lane, JTL or Barnett Lane.  The Eiger Defendants deny that there was ever a partnership agreement which included H.D. Associates and Lochmere, Lane, JTL Capital or Barnett Lane. To the extent an answer is further required, the Eiger Defendants deny the remaining allegations contained in paragraph 74.

45.     The Eiger Defendants admit that Exhibit "K" to the Complaint was presented to Rowsey at the June 10, 1999 meeting.  Otherwise the Eiger Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 75 and therefore deny same.

46.     The Eiger Defendants admit the allegations contained in the first sentence of paragraph 76 as it relates to a proposed compensation program and otherwise deny the remaining allegations contained in that paragraph.

47.     The Eiger Defendants deny the allegations contained in paragraph 77.

48.    The Eiger Defendants deny the allegations contained in paragraph 78.

49.    The Eiger Defendants deny that Rowsey participated in the June 10, 1999, meeting for more than a few, brief minutes, between Evans and Kennedy at which the Master Development Budget was reviewed.  To the extent an answer is further required, the Eiger Defendants deny the remaining allegations contained in paragraph 79.

50.    The Eiger Defendants admit the allegations contained in the first sentence of paragraph 80.  The Eiger Defendants are without sufficient information to admit or deny the allegations contained in the second sentence and therefore deny same.

51.    The Eiger Defendants admit that there was a meeting in Atlanta, Georgia on June 15, 1999, among Evans, Rowsey, Kennedy and representatives from BankBoston but deny that Evans "led" the meeting and otherwise deny the remainder of the allegations in paragraph 81.

52.    The Eiger Defendants admit that at the meeting Evans voluntarily presented the participants with a copy of the revised Master Development Budget containing figures based on the business plan Eiger had developed for the Project and that it was discussed.  The Eiger Defendants deny the remaining allegations contained in paragraph 82.

53.    The Eiger Defendants admit that Nick Whiting of BankBoston requested that Evans e-mail the Master Development Budget to both Kennedy and Bob Avil, another representative of BankBoston, but otherwise deny the remainder of the allegations in paragraph 83.

54.    The Eiger Defendants deny the allegations contained in the first and second sentences of paragraph 84.  The Eiger Defendants admit that Kennedy and

BankBoston requested Evans to edit the Master Development Budget to incorporate a letter of credit financing vehicle, which had been proposed by Eiger. The Eiger Defendants deny the remaining allegations contained in paragraph 84.

55.    The Eiger Defendants admit that the revised Master Development Budget contained the language quoted in paragraph 85 and otherwise deny the remainder of the allegations in paragraph 85.

56.    The Eiger Defendants admit that at the meeting Evans described the format of a draw package previously used by Lochmere and that BankBoston requested Evans to prepare a form of a draw package and submit it for review and approval. The Eiger Defendants deny the remaining allegations contained in paragraph 86.

57.    The Eiger Defendants admit that Eiger requested Lochmere to give Joseph Hatzell a tour of the property. The Eiger Defendants admit the allegations contained in the second sentence of paragraph 87. The Eiger Defendants admit that BankBoston needed certain information in order to conduct its underwriting of the proposed financing, that Eiger asked how that could most easily be accomplished and that Evans volunteered to provide certain information. The Eiger Defendants deny the remaining allegations contained in paragraph 87.

58.    The Eiger Defendants admit that Eiger asked how the information needed by Tracy Plott could most easily be supplied and that Evans volunteered to provide certain information. The Eiger Defendants deny the remaining allegations contained in paragraph 88.

59.    The Eiger Defendants admit that at the meeting Rowsey told the BankBoston representatives that it was proposed Lochmere would be responsible for the

land use development of the Hammock Dunes project and deny the remaining allegations contained in paragraph 89.

60.    The Eiger Defendants deny the allegations contained in paragraph 90.

61.    The Eiger Defendants object to the allegations contained in paragraph 91 on the grounds that "involvement" and "instrumental" are vague and ambiguous and as a result the Eiger Defendants have insufficient information or knowledge to admit or deny the allegations contained in paragraph 91 and therefore deny same.

62.    The Eiger Defendants deny the allegations contained in the last sentence of paragraph 92 and admit the remaining allegations contained in that paragraph.

63.    The Eiger Defendants admit the allegations contained in paragraph 93.

64.    The Eiger Defendants deny the allegations contained in paragraph 94.

65.    The Eiger Defendants admit the allegations contained in paragraph 95.

66.    The Eiger Defendants deny the allegations contained in the first and second sentences of paragraph 96. The Eiger Defendants admit the remaining allegations contained in that paragraph.

67.    The Eiger Defendants admit the allegations contained in the first sentence of paragraph 97. The Eiger Defendants deny the allegations contained in the second sentence of paragraph 97. The Eiger Defendants admit the allegations in the third sentence relating to management fee and real estate commission and state that the due diligence fee was proposed to be 1% of the purchase price and the proposed profit participation was offered a 7.5% after a 12% preferred return to capital and repayment of all capital and debt. The Eiger Defendants deny the allegations relating to expense reimbursement contained in paragraph 97 but admit there was offered a reasonable

allocation of overhead of probably not less than $3,000 per month. To the extent an answer is further required, the Eiger Defendants deny the remaining allegations in paragraph 97.

68.    The Eiger Defendants admit that Rowsey discussed the investors' requirement of a 75% share of the profits after and in addition to the preferred return and that Lane had agreed to a carried interest equal to 10% of the capital partners. The Eiger Defendants deny the remaining allegations contained in paragraph 98.

69.    The Eiger Defendants deny the allegations contained in paragraph 99.

70.    The Eiger Defendants are without sufficient information to admit or deny the allegations contained in paragraph 100 and therefore deny same.

71.    The Eiger Defendants deny the allegations contained in paragraph 101.

72.    The Eiger Defendants admit that the Exhibits L, M and N are authentic and the terms speak for themselves. But to the extent an answer is further required, Defendants deny the remaining allegations in paragraphs 102, 103, 104 and 107.

73.    The Eiger Defendants deny the allegations contained in paragraph 105.

74.    The Eiger Defendants admit that the July 13, 1999, letter does not discuss any agreement with Lane or JTL Capital. The Eiger Defendants deny the remaining allegations contained in paragraph 106.

75.    The Eiger Defendants are without sufficient information to admit or deny the allegations contained in paragraph 108 and therefore deny same.

76.    The Eiger Defendants deny the allegations contained in paragraph 109.

77.    The Eiger Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 110 relating to Lane, JTL Capital and BankBoston

and therefore deny same. The Eiger Defendants admit that they requested Lochmere to identify what specific information it wished to have returned and never received a response and, therefore, have been unable to return any information. To the extent an answer is further required, the Eiger Defendants deny the remaining allegations in paragraph 110.

78.     The Eiger Defendants deny the allegations contained in paragraph 111.

79.     The Eiger Defendants admit that on or about November 30, 1999, H.D. Associates closed on the Hammock Dunes project and deny the remaining allegations contained in paragraph 112.

80.     The Eiger Defendants deny the allegations contained in paragraph 113.

81.     The Eiger Defendants deny the allegations contained in paragraph 114.

82.     The Eiger Defendants are without sufficient information to admit or deny the allegations contained in paragraph 115 as they relate to Lane, JTL Capital. The Eiger Defendants admit that they have offered Lochmere compensation for its work but Lochmere has not agreed to accept same.

83.     The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 116-128 on the grounds that Count I is not brought against any of them.

84.     The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 129 – 141 on the grounds that Count II is not brought against any of them.

85.     The Eiger Defendants except Rowsey, Miller, Jacobs and Buchanan (such non-individual entities are hereafter defined as the "Corporate Eiger Defendants" and

such individual persons are hereafter defined as the "Individual Eiger Defendants") incorporate their answers to paragraphs 1-115 in answer to paragraph 142 of the Complaint.

86.    The Corporate Eiger Defendants are not required to admit or deny the legal conclusions contained in paragraphs 143 - 153. To the extent there are any factual allegations contained in those paragraphs, they deny them.

87.    The Individual Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 142-153 on the grounds that Count III is not brought against any of them.

88.    The Eiger Defendants are not required to admit or deny the factual or legal conclusions contained in paragraphs 154 – 165 on the grounds that such count has been dismissed. To the extent that there are any factual allegations contained in those paragraphs, the Eiger Defendants deny them.

89.    The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 166 – 173 on the grounds that Count V is not brought against any of them.

90.    The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 174 – 181 on the grounds that Count VI is not brought against any of them.

91.    The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 182 – 189 on the grounds that Count VII is not brought against any of them.

92.    H.D. Associates, Dunes Operating Co., Eiger, Inc. and 2M Dunes incorporate their answers to paragraphs 1-115 in answer to paragraph 190 of the Complaint.

93.    H.D. Associates, Dunes Operating Co., Eiger, Inc. and 2M Dunes are not required to admit or deny the legal conclusions contained in paragraphs 191 - 197. To the extent there are any factual allegations contained in those paragraphs, H.D. Associates, Dunes Operating Co., Eiger, Inc. and 2M Dunes deny them.

94.    The Eiger Defendants other than H.D. Associates, Dunes Operating Co., Eiger, Inc. and 2M Dunes are not required to admit or deny any factual allegations contained in paragraphs 190 – 197 on the grounds that Count VIII is not brought against any of them.

95.    Eiger Fund I, L.P., Eiger, Inc., and Eiger Partners, L.P. incorporate their answers to paragraphs 1-115 in answer to paragraph 198 of the Complaint.

96.    Eiger Fund I, L.P., Eiger, Inc., and Eiger Partners, L.P. are not required to admit or deny the legal conclusions contained in paragraphs 199 - 204. To the extent there are any factual allegations contained in those paragraphs, they deny them.

97.    The Eiger Defendants other than Eiger Fund I, L.P., Eiger, Inc. and Eiger Partners, L.P. are not required to admit or deny any factual allegations contained in paragraphs 198-204 on the grounds that Count IX is not brought against any of them.

98.    Rowsey incorporates his answers to paragraphs 1-115 in answer to paragraph 205 of the Complaint.

99.   Rowsey is not required to admit or deny the legal conclusions contained in paragraphs 206 - 212. To the extent there are any factual allegations contained in those paragraphs, Rowsey denies the factual allegations contained in paragraph deny them.

100.   The Corporate Eiger Defendants, Miller, Jacobs and Buchanan are not required to admit or deny any factual allegations contained in paragraphs 205-212 on the grounds that Count X is not brought against any of them.

101.   The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 213 – 220 on the grounds that Count XI is not brought against any of them.

102.   The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 221 – 228 on the grounds that Count XII is not brought against any of them.

103.   The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 229 – 236 on the grounds that Count XIII is not brought against any of them.

104.   H.D. Associates, Dunes Operating Co., Eiger, Inc. and 2M Dunes incorporate their answers to paragraphs 1-115 in answer to paragraph 237 of the Complaint.

105.   H.D. Associates, Dunes Operating Co., Eiger, Inc. and 2M Dunes are not required to admit or deny the legal conclusions contained in paragraphs 238 - 244. To the extent there are any factual allegations contained in those paragraphs, H.D. Associates, Dunes Operating Co., Eiger, Inc. and 2M Dunes deny them.

106. The Eiger Defendants other than H.D. Associates, Dunes Operating Co., Eiger, Inc. and 2M Dunes are not required to admit or deny any factual allegations contained in paragraphs 237 – 244 on the grounds that Count XIV is not brought against any of them.

107. Eiger Fund I, L.P., Eiger, Inc. and Eiger Partners, L.P. incorporate their answers to paragraphs 1-115 in answer to paragraph 245 of the Complaint.

108. Eiger Fund I, L.P., Eiger, Inc. and Eiger Partners, L.P. are not required to admit or deny the legal conclusions contained in paragraphs 246 - 254. To the extent there are any factual allegations contained in those paragraph, they deny them.

109. The Eiger Defendants other than Eiger Fund I, L.P., Eiger, Inc. and Eiger Partners, L.P. are not required to admit or deny any factual allegations contained in paragraphs 245 – 254 on the grounds that Count XV is not brought against any of them.

110. The Individual Eiger Defendants incorporate their answers to paragraphs 1-115 in answer to paragraph 255 of the Complaint.

111. The Individual Eiger Defendants are not required to admit or deny the legal conclusions contained in paragraphs 256 - 264. To the extent there are any factual allegations contained in those paragraphs, the Individual Eiger Defendants deny them.

112. The Corporate Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 255 – 264 on the grounds that Count XVI is not brought against any of them.

113. The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 265 – 270 on the grounds that Count XVII is not brought against any of them.

114. The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 271 – 275 on the grounds that Count XVIII is not brought against any of them.

115. The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 276 – 281 on the grounds that Count XIX is not brought against any of them.

116. H.D. Associates, Dunes Operating Co., Eiger, Inc. and 2M Dunes incorporate their answers to paragraphs 1-115 in answer to paragraph 282 of the Complaint.

117. H.D. Associates, Dunes Operating Co., Eiger, Inc. and 2M Dunes are not required to admit or deny the legal conclusions contained in paragraphs 283 - 287. To the extent there are any factual allegations contained in those paragraphs, H.D. Associates, Dunes Operating Co., Eiger, Inc. and 2M Dunes deny them.

118. The Eiger Defendants other than H.D. Associates are not required to admit or deny any factual allegations contained in paragraphs 282 – 287 on the grounds that Count XX is not brought against any of them.

119. Eiger Fund I, L.P., Eiger, Inc. and Eiger Partners, L.P. incorporate their answers to paragraphs 1-115 in answer to paragraph 288 of the Complaint.

120. Eiger Fund I, L.P., Eiger Inc. and Eiger Partners, L.P. are not required to admit or deny the legal conclusions contained in paragraphs 289 - 293. To the extent there are any factual allegations contained in those paragraphs, they deny them.

121.    The Eiger Defendants other than Eiger Fund I, L.P., Eiger Inc. and Eiger Partners, L.P. are not required to admit or deny any factual allegations contained in paragraphs 288 – 293 on the grounds that Count XXI is not brought against any of them.

122.    The Individual Eiger Defendants incorporate their answers to paragraphs 1-115 in answer to paragraph 294 of the Complaint.

123.    The Individual Eiger Defendants are not required to admit or deny the legal conclusions contained in paragraphs 295 - 300.  To the extent there are any factual allegations contained in those paragraphs, the Individual Eiger Defendants deny them.

124.    The Corporate Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 294 – 300 on the grounds that Count XXII is not brought against any of them.

125.    The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 301 – 306 on the grounds that Count XXIII is not brought against any of them.

126.    The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 307 – 313 on the grounds that Count XXIV is not brought against any of them.

127.    The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 314 – 320 on the grounds that Count XXV is not brought against any of them.

128.    The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 321 – 327 on the grounds that Count XXVI is not brought against any of them.

129.    H.D. Associates, Dunes Operating Co., Eiger, Inc. and 2M Dunes incorporate their answers to paragraphs 1-115 in answer to paragraph 328 of the Complaint.

130.    H.D. Associates, Dunes Operating Co., Eiger, Inc. and 2M Dunes is not required to admit or deny the legal conclusions contained in paragraphs 329 - 334. To the extent there are any factual allegations contained in those paragraphs, H.D. Associates, Dunes Operating Co., Eiger, Inc. and 2M Dunes deny them.

131.    The Eiger Defendants other than H.D. Associates, Dunes Operating Co., Eiger, Inc. and 2M Dunes are not required to admit or deny any factual allegations contained in paragraphs 328 – 334 on the grounds that Count XXVII is not brought against any of them.

132.    Eiger Fund I, L.P., Eiger, Inc. and Eiger Partners, L.P. incorporate their answers to paragraphs 1-115 in answer to paragraph 335 of the Complaint.

133.    Eiger Fund I, L.P., Eiger, Inc. and Eiger Partners, L.P. are not required to admit or deny the legal conclusions contained in paragraphs 336 - 341. To the extent there are any factual allegations contained in those paragraphs, they deny them.

134.    The Eiger Defendants other than Eiger Fund I, L.P., Eiger, Inc. and Eiger Partners, L.P. are not required to admit or deny any factual allegations contained in paragraphs 335 – 341 on the grounds that Count XXVIII is not brought against any of them.

135.    The Individual Eiger Defendants incorporate their answers to paragraphs 1-115 in answer to paragraph 342 of the Complaint.

136. The Individual Eiger Defendants are not required to admit or deny the legal conclusions contained in paragraphs 343 - 348. To the extent there are any factual allegations contained in those paragraphs, the Individual Eiger Defendants deny them.

137. The Corporate Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 342-348 on the grounds that Count XXIX is not brought against any of them.

138. The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 349 – 355 on the grounds that Count XXX is not brought against any of them.

139. The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 356 – 365 on the grounds that Count XXXI is not brought against any of them.

140. The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 366 – 375 on the grounds that Count XXXII is not brought against any of them.

141. The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 376 – 385 on the grounds that Count XXXIII is not brought against any of them.

142. H.D. Associates, Dunes Operating Co., Eiger, Inc. and 2M Dunes incorporate their answers to paragraphs 1-115 in answer to paragraph 386 of the Complaint.

143. H.D. Associates, Dunes Operating Co., Eiger, Inc. and 2M Dunes are not required to admit or deny the legal conclusions contained in paragraphs 387 - 394. To

the extent there are any factual allegations contained in those paragraphs, H.D. Associates, Dunes Operating Co., Eiger, Inc. and 2M Dunes deny them.

144.    The Eiger Defendants other than H.D. Associates are not required to admit or deny any factual allegations contained in paragraphs 386 – 394 on the grounds that Count XXXIV is not brought against any of them.

145.    Eiger Fund I, L.P., Eiger, Inc. and Eiger Partners, L.P. incorporate their answers to paragraphs 1-115 in answer to paragraph 395 of the Complaint.

146.    Eiger Fund I, L.P., Eiger Inc, and Eiger Partners, L.P. are not required to admit or deny the legal conclusions contained in paragraphs 396 - 404. To the extent there are any factual allegations contained in those paragraphs, they deny them.

147.    The Eiger Defendants other than Eiger Fund I, L.P., Eiger, Inc. and Eiger Partners, L.P. are not required to admit or deny any factual allegations contained in paragraphs 395 – 404 on the grounds that Count XXXV is not brought against any of them.

148.    The Individual Eiger Defendants incorporate their answers to paragraphs 1-115 in answer to paragraph 405 of the Complaint.

149.    The Individual Eiger Defendants are not required to admit or deny the legal conclusions contained in paragraphs 406 - 414. To the extent there are any factual allegations contained in those paragraphs, the Individual Eiger Defendants deny them.

150.    The Corporate Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 405 – 414 on the grounds that Count XXXVI is not brought against any of them.

151.    The Eiger Defendants are not required to admit or deny any factual allegations contained in paragraphs 415 – 424 on the grounds that Count XXXVII is not brought against any of them.

152.    The Eiger Defendants incorporate their answers to paragraphs 1-115 in answer to paragraph 425 of the Complaint.

153.    The Eiger Defendants are not required to admit or deny the legal conclusions contained in paragraphs 426 - 429.  To the extent there are any factual allegations contained in those paragraphs, the Eiger Defendants deny them.

154.    The Eiger Defendants incorporate their answers to 1-115 in answer to paragraph 430 of the Complaint.

155.    The Eiger Defendants are not required to admit or deny the legal conclusions contained in paragraphs 431 – 435.  To the extent there are any factual allegations contained on those paragraphs, the Eiger Defendants deny them.

156.    The Eiger Defendants incorporate their answers to paragraph 1-115 in answer to paragraph 436 of the Complaint.

157.    The Eiger Defendants are not required to admit or deny the legal conclusions contained in paragraphs 437 – 441.   To the extent there are any factual allegations contained in those paragraphs the Eiger Defendants deny them.

158.    The Eiger Defendants deny that the Plaintiffs are entitled to any relief sought against any of them in any prayer for relief contained in the Complaint.

## VI.

### AFFIRMATIVE DEFENSES
### SUBJECT TO THE FOREGOING DEFENSES

159.    There has been a complete failure of the consideration supporting any contractual claims on which the counts of the Complaint are based.

160.    The action should be dismissed under the doctrine of prior pending action in that most of the same parties and many of the same issues are involved in a Texas state court action.  That case involves the same set of legally operative facts as are pled in the instant Complaint.

161.    Plaintiffs failed adequately to mitigate their damages.

162.    Any data, information and/or expertise provided by Plaintiffs to these Defendants could not constitute trade secrets under Florida law.

163.    Plaintiffs consented to the transfer of the data and/or information allegedly given to these Defendants and for that and other reasons cannot maintain a claim for conversion.

164.    Some or all of Plaintiffs' claims are barred by the economic loss doctrine.

165.    Plaintiffs' recovery is barred, in whole or in part, by the doctrine of waiver.

166.    Plaintiffs' recovery is barred, in whole or in part, by the doctrine of estoppel.

167.    Plaintiffs' recovery is barred, in whole or in part, by the doctrine of unclean hands.

168.    Plaintiffs' recovery is barred, in whole or in part, by the doctrine of ratification.

169.    Any and all damages suffered by the Plaintiffs were the sole and proximate result of actions of the Plaintiff(s) and/or other(s) not under the control of this Defendant.

170.    Plaintiffs' contractual claims are barred by the statute of frauds under either Florida or Texas law. Florida Statues §725.01; Tex. Bus. & Comm. C. §26.01.

171.    These Defendants are immune from liability for tortious interference under the circumstances. Any interference that is privileged or justified cannot serve as the basis for a tortious interference claim. Actions taken to safeguard or promote one's own financial and/or contractual interests, and for legitimate business purposes cannot give rise to a cause for action for interference with a contractual or business relationship.

172.    The second amended complaint fails to contain support for the claim against the Defendants (and any of the elements thereof) for tortious interference with the Plaintiff(s) contractual or business relationship with Lane and Barnett Lane.

173.    The promissory estoppel claim is insufficient against this Defendant given the absence of any promise, representation or commitment by this Defendant to compensate the Plaintiffs, or either of them.

Respectfully submitted,

By: _____

SHOOK, HARDY & BACON, L.L.P.
Daniel F. Molony
Florida Bar No. 271330
James B. Murphy, Jr.
Florida Bar No. 287598
Paul W. Rebein
Florida Bar No. 0488003
201 E. Kennedy, Suite 601
Tampa, Florida 33602
(813) 202-7100 Phone
(813) 221-8837 Facsimile

PEZZULLI & LOEWINSOHN, L.L.P.
Alan S. Loewinsohn
State Bar No. 12481600
Carol E. Farquhar
State Bar No. 06828300
18383 Preston Road, Suite 100
Dallas, TX 75252
(972) 713-1300 Phone
(972) 713-1313 Facsimile

ATTORNEYS FOR EIGER FUND I, L.P.,
EIGER, INC., EIGER PARTNERS, L.P.
2M DUNES, L.L.C.; DUNES
OPERATING COMPANY;
H.D. ASSOCIATES, L.P., PAUL E.
ROWSEY, III, C. TODD MILLER,
DAVID M. JACOBS, and WILLIAM S.
BUCHANAN

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served on the following counsel of record on this 13th day of November 2001, via U.S. Mail.

Gregory J. Orcutt
Bricklemyer, Smolker & Bolves, P.A.
500 E. Kennedy Blvd. Ste 200
Tampa, Florida 33602

Alan M. Gerlach
Broad & Cassel
390 N. Orange Avenue, Suite 1100
Orlando, FL 32801

John W. Greene
Hill Gilstrap
1400 West Abram
Arlington, TX 76013