UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION



FILED

01 NOV 13 PM 3: 20

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

LOCHMERE DEVELOPMENT
GROUP, INC., a Florida Corporation, and
LOCHMERE REALTY, INC., a Florida
Corporation,

    Plaintiffs,

v.          Case No.: 8:00-cv-1026-T-27B

EIGER FUND I, L.P., a Delaware Limited
Partnership; EIGER, INC., a Delaware
Corporation; EIGER PARTNERS, L.P.,
a Delaware Limited Partnership;
DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC.,
a Texas Corporation; JTL CAPITAL,
L.L.C., a Texas limited liability company;
H.D. ASSOCIATES, L.P., a Delaware
Limited Partnership; BANKBOSTON
N.A., a national association;
PAUL E. ROWSEY, III, an individual;
C. TODD MILLER, an individual;
DAVID M. JACOBS, an individual;
and WILLIAM S. BUCHANAN,
an individual,

    Defendants.

---

### SECOND AMENDED ANSWER OF FLEET NATIONAL BANK F/K/A BANKBOSTON, N.A.

TO THE COURT:

  COME NOW, Fleet National Bank f/k/a BankBoston, N.A., Defendant herein

("BankBoston"), and file this its Second Amended Answer to Plaintiffs' Complaint and

Demand for Jury Trial.

---

*140*

## I.

## ANSWERS TO SPECIFIC ALLEGATIONS
## SUBJECT TO THE FOREGOING DEFENSES

1.     BankBoston admits that Plaintiffs seek to recover damages but denies the remaining allegations contained in paragraph 1.

2.     BankBoston has insufficient information or knowledge to admit or deny the allegations contained in paragraphs 2 – 13, and therefore denies same.

3.     BankBoston admits that Fleet National Bank f/k/a BankBoston, N.A. is a national banking association.

4.     BankBoston has insufficient information or knowledge to admit or deny the allegations contained in paragraphs 14-18, and therefore denies same.

5.     BankBoston is not required to respond to the legal conclusions contained in paragraphs 19, 20 and 21, but to the extent an answer is required, BankBoston denies the allegations contained in those paragraphs.

6.     BankBoston does not have sufficient knowledge or information to admit or deny the allegations contained in paragraphs 22 – 80, and therefore denies same.

7.     BankBoston admits that there was a meeting in Atlanta, Georgia on June 15, 1999, among Evans, Rowsey, Kennedy and representatives from BankBoston but denies that Evans "led" the meeting and otherwise denies the remainder of the allegations in paragraph 81.

8.     BankBoston admits that at the meeting Evans voluntarily presented the participants with a copy of the revised Master Development Budget containing figures based on the business plan Eiger had for the Project and that it was discussed. BankBoston denies the remaining allegations contained in paragraph 82.

9.   BankBoston admits that Nick Whiting of BankBoston, who was previously employed by BankBoston, requested that Evans e-mail the Master Development Budget to both Kennedy and Bob Avil, another representative of BankBoston, but otherwise denies the remainder of the allegations contained in paragraph 83.

10.   BankBoston denies the allegations contained in the first and second sentences of paragraph 84. BankBoston admits that personnel of BankBoston and Eiger requested Evans to edit the Master Development Budget to include revised spreadsheets that incorporated the financial structure (*i.e.* letter of credit financing) stipulated to by BankBoston and Eiger. BankBoston denies the remaining allegations contained in paragraph 84.

11.   BankBoston admits that the revised Master Development Budget contained the language quoted in paragraph 85, but otherwise denies the remainder of the allegations in that paragraph.

12.   BankBoston admits that at the meeting Evans described the format of a draw package previously used by Lochmere and that BankBoston accepted Evan's offer to prepare and submit a form of a draw package for review and approval. BankBoston denies the remaining allegations contained in paragraph 86.

13.   BankBoston has insufficient information or knowledge to admit or deny the allegations in the first sentence of paragraph 87 and therefore denies same. With respect to the second sentence of paragraph 87, BankBoston admits that an appraisal was necessary before BankBoston would close upon the credit facility pertaining to the Hammock Dunes project. BankBoston admits that BankBoston needed certain

information in order to conduct its underwriting of the proposed financing, that Eiger asked how that could most easily be accomplished and that Evans volunteered to provide certain information. BankBoston denies the remaining allegations contained in paragraph 87.

14.    BankBoston admits that Eiger asked how the information needed by Tracy Plott could most easily be supplied. BankBoston has insufficient information to admit or deny the remaining allegations in paragraph 88 and therefore denies same.

15.    BankBoston admits that at the meeting Rowsey told the BankBoston representatives that Lochmere would be responsible for the land use development of the Hammock Dunes project and denies the remaining allegations contained in paragraph 89.

16.    BankBoston is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 90, and therefore denies same.

17.    BankBoston objects to the allegations contained in paragraph 91 in the use of the words "involvement" and "instrumental" and as a result has insufficient information or knowledge to admit or deny the allegations, and therefore denies same.

18.    BankBoston is without sufficient information to admit or deny the allegations contained in paragraphs 92 – 109, and therefore denies same.

19.    BankBoston is without sufficient knowledge to admit or deny the allegations contained in paragraph 110 relating to Lane, JTL Capital, Eiger, Rowsey and HD Associates. BankBoston admits that it returned documents to Lochmere, but otherwise denies the remainder of the allegations in paragraph 110.

20.    BankBoston denies the allegations contained in paragraph 111.

21.    BankBoston admits that on or about November 30, 1999, H.D. Associates closed on the Hammock Dunes project and denies the remaining allegations contained in paragraph 112.

22.    BankBoston is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 113, and therefore denies same.

23.    BankBoston denies the allegations contained in paragraph 114.

24.    BankBoston is without sufficient information to admit or deny the allegations contained in paragraph 115, and therefore denies same.

25.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 116-128 on the grounds that Count I is not brought against them.

26.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 129 – 141 on the grounds that Count II is not brought against them.

27.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 142-153 on the grounds that Count III is not brought against them.

28.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 154 – 165 on the grounds that Count IV is not brought against them.

29.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 166 – 173 on the grounds that Count V is not brought against them.

30.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 174 – 181 on the grounds that Count VI is not brought against them.

31.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 182 – 189 on the grounds that Count VII is not brought against them.

32.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 190 – 197 on the grounds that Count VIII is not brought against them.

33.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 198-204 on the grounds that Count IX is not brought against them.

34.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 205-212 on the grounds that Count X is not brought against them.

35.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 213 – 220 on the grounds that Count XI is not brought against them.

36.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 221 – 228 on the grounds that Count XII is not brought against them.

37.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 229 – 236 on the grounds that Count XIII is not brought against them.

38.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 237 – 244 on the grounds that Count XIV is not brought against any of them.

39.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 245 – 254 on the grounds that Count XV is not brought against them.

40.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 255 – 264 on the grounds that Count XVI is not brought against them.

41.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 265 – 270 on the grounds that Count XVII is not brought against them.

42.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 271 – 275 on the grounds that Count XVIII is not brought against them.

43.     BankBoston is not required to admit or deny any factual allegations contained in paragraphs 276 – 281 on the grounds that Count XIX is not brought against them.

44.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 282 – 285 on the grounds that Count XX is not brought against them.

45.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 288 – 293 on the grounds that Count XXI is not brought against them.

46.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 294 – 300 on the grounds that Count XXII is not brought against them.

47.    BankBoston is not required to admit or deny the legal or factual conclusions contained in paragraphs 301 – 306 on the grounds that this count has been dismissed.

48.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 307 – 313 on the grounds that Count XXIV is not brought against them.

49.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 314 – 320 on the grounds that Count XXV is not brought against them.

50.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 321 – 327 on the grounds that Count XXVI is not brought against them.

51.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 328 – 334 on the grounds that Count XXVII is not brought against them.

52.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 335 – 341 on the grounds that Count XXVIII is not brought against them.

53.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 342-348 on the grounds that Count XXIX is not brought against them.

54.    BankBoston incorporates its answers to paragraphs 1-115 in answer to paragraph 349 of the Complaint.

55.    BankBoston is not required to admit or deny the legal conclusions contained in paragraphs 350 – 355.  To the extent there are any factual allegations contained in those paragraphs, BankBoston denies them.

56.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 356 – 365 on the grounds that Count XXXI is not brought against them.

57.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 366 – 373 on the grounds that Count XXXII is not brought against them.

58.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 376 – 385 on the grounds that Count XXXIII is not brought against them.

59.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 386 – 394 on the grounds that Count XXXIV is not brought against them.

60.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 395 – 404 on the grounds that Count XXXV is not brought against them.

61.    BankBoston is not required to admit or deny any factual allegations contained in paragraphs 405 – 414 on the grounds that Count XXXVI is not brought against them.

62.    BankBoston incorporates its answers to paragraphs 1-115 in answer to paragraph 415 of the Complaint.

63.    BankBoston is not required to admit or deny the legal conclusions contained in paragraphs 416 - 424.  To the extent there are any factual allegations contained in those paragraphs, BankBoston denies them.

64.    BankBoston incorporates its answer to paragraphs 1-115 in answer to paragraph 425 of the Complaint.

65.    BankBoston is not required to admit or deny any legal conclusions contained in paragraphs 426 – 429.  To the extent that there are any factual allegations contained in those paragraphs, BankBoston denies them.

66.    BankBoston incorporates its answer to paragraphs 1-115 in answer to paragraph 430 of the Complaint.

67.    BankBoston is not required to admit or deny any legal conclusions contained in paragraphs 431 – 435. To the extent there are any factual allegations contained in those paragraphs, BankBoston denies them.

68.    BankBoston incorporates its answer to paragraphs 1-115 in answer to paragraph 436 of the Complaint.

69.    BankBoston is not required to admit or deny any legal conclusions contained in paragraphs 437 – 441. To the extent there are any factual allegations contained in those paragraphs, BankBoston denies them.

70.    BankBoston denies that Plaintiffs are entitled to any of the relief they seek against BankBoston in any prayer for relief.

## II.

## AFFIRMATIVE DEFENSES
## SUBJECT TO THE FOREGOING DEFENSES

71.    The Complaint, and each count thereof, fails to state a claim upon which relief can be granted.

72.    There has been a complete failure of the consideration supporting any contractual claims on which the counts of the Complaint are based.

73.    Plaintiffs failed adequately to mitigate their damages.

74.    Any data, information and/or expertise provided by Plaintiffs to these Defendants could not constitute trade secrets under Florida law.

75.    Plaintiffs consented to the transfer of the data and/or information allegedly given to these Defendants and for that and other reasons cannot maintain a claim for conversion.

76.    Some or all of Plaintiffs' claims are barred by the economic loss doctrine.

Second Amended Answer of Fleet National Bank f/k/a BankBoston, N.A.                    Page 11
/99576/

77.   Plaintiffs' recovery is barred, in whole or in part, by the doctrine of waiver.

78.   Plaintiffs' recovery is barred, in whole or in part, by the doctrine of estoppel.

79.   Plaintiffs' recovery is barred, in whole or in part, by the doctrine of unclean hands.

80.   BankBoston acted as a lender in connection with the Hammock Dunes project and closing on or about November 30, 1999.  The Bank lacked any contract (whether oral or written, express or implied), duty or obligation to compensate the Plaintiffs, or either of them, for information allegedly provided on a voluntary and/or consensual basis to the Bank.  The Plaintiffs are barred from recovery against this Defendant.

81.   Plaintiffs' recovery is barred, in whole or in part, by the doctrine of ratification.

82.   BankBoston detrimentally relied upon the information voluntarily and/or consensually provided to BankBoston in connection with the closing on or about November 30, 1999 as to the Hammock Dunes project.

83.   Plaintiffs' claims for conspiracy against this Defendant must fail due to the absence of any legally sufficient, underlying independent tort or wrong.

84.   Any and all damages suffered by the Plaintiffs were the sole and proximate result of actions of the Plaintiff(s) and/or other(s) not under the control of this Defendant.

85.    Any damages alleged or incurred by the Plaintiffs, if at all, are a direct result of the intervening conduct (acts and/or omissions) of other person(s) and/or entity(ies) and, accordingly, the Plaintiffs are barred from any recovery against this Defendant.

86.    Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations and/or the equitable doctrine of laches.

87.    Plaintiffs' contractual claims are barred by the statute of frauds under either Florida or Texas law.  Florida Statues §725.01; Tex. Bus. & Comm. C. §26.01.

88.    The Defendant is immune from liability for tortious interference under the circumstances.  Any interference that is privileged or justified cannot serve as the basis for a tortious interference claim.  Actions taken to safeguard or promote one's own financial and/or contractual interests, and for legitimate business purposes cannot give rise to a cause for action for interference with a contractual or business relationship.

89.    The second amended complaint fails to contain support for the claim against the Defendant (and any of the elements thereof) for tortious interference with the Plaintiff(s) contractual or business relationship with Lane and Barnett Lane.

90.    The promissory estoppel claim is insufficient against this Defendant given the absence of any promise, representation or commitment by this Defendant to compensate the Plaintiffs, or either of them.

Respectfully submitted,

By: _____

SHOOK, HARDY & BACON, L.L.P.
Daniel F. Molony
Florida Bar No. 271330
James B. Murphy, Jr.
Florida Bar No. 287598
Paul W. Rebein
Florida Bar No. 0488003
201 E. Kennedy, Suite 601
Tampa, Florida 33602
(813) 202-7100 Phone
(813) 221-8837 Facsimile

PEZZULLI & LOEWINSOHN, L.L.P.
Alan S. Loewinsohn
State Bar No. 12481600
Carol E. Farquhar
State Bar No. 06828300
18383 Preston Road, Suite 100
Dallas, TX 75252
(972) 713-1300 Phone
(972) 713-1313 Facsimile

ATTORNEYS FOR EIGER FUND I, L.P.,
EIGER, INC., EIGER PARTNERS, L.P.
2M DUNES, L.L.C.; DUNES
OPERATING COMPANY;
H.D. ASSOCIATES, L.P., PAUL E.
ROWSEY, III, C. TODD MILLER,
DAVID M. JACOBS, and WILLIAM S.
BUCHANAN

and

HALEY, SINAGRA & PEREZ
Dora Kaufman, Esq.
Florida Bar No. 771244
100 SE 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394
(954) 467-1300 Phone
(954) 467-1372 Facsimile

COUNSEL FOR FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served on the following counsel of record on this 3rd day of November 2001, via U.S. Mail.

Gregory J. Orcutt
Bricklemyer, Smolker & Bolves, P.A.
500 E. Kennedy Blvd. Ste 200
Tampa, Florida 33602

Alan M. Gerlach
Broad & Cassel
390 N. Orange Avenue, Suite 1100
Orlando, FL 32801

John W. Greene
Hill Gilstrap
1400 West Abram
Arlington, TX 76013