UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT GROUP,

      Plaintiff(s),

vs.

                                      **CASE NO: 8:00-CV-1026-T-27TGW**

EIGER FUND I, L.P.; et al.,

      Defendant(s).
_____/

## ORDER ON PROCEDURES
## APPLICABLE TO CIVIL JURY TRIALS
## JAMES D. WHITTEMORE, DISTRICT JUDGE

The following procedures are applicable to jury trials conducted before the Honorable James D. Whittemore, United States District Judge:

1.     The examination of witnesses shall be limited to direct examination, cross-examination and re-direct examination. See FED. R. EVID. 611.

2.     In making objections, counsel making the objection shall stand and announce the legal basis for the objection without further argument. See Local Rule 5.03(b)(12). The responding attorney shall respond accordingly, giving only the legal basis for opposing the objection. Neither attorney shall make any other argument or comment in the presence of the jury other than at side bar conferences on the record, which conferences will be held, if necessary, to assist the Court in its ruling, upon the request of either attorney or upon the Court's own directive.

3(a).     The original and two copies of proposed jury instructions shall be submitted to the Court not later than the beginning of the first day of trial. Each instruction shall be sequentially

- 1 -

numbered and shall provide an appropriate space in which the Court may "grant", "deny", or "modify" with a check mark or other indicia of the Court's ruling on the proposed instruction.

3(b).    Upon commencement of charge conference, each party shall submit to the Court a copy of each proposed jury instruction which shall include **only** the text of the instruction, without reference to title, party requesting same, whether the instruction is granted, denied or modified or any other writing.  These copies shall be utilized by the Court in preparing a jury instruction package which shall be available to the jury during its deliberations.

3(c).    At commencement of the charge conference, the original and two copies of any proposed verdict form shall be submitted to the Court.

4.    Motions in Limine:  All motions in limine shall be filed and served on or before
HAND DELIVERY OR FAX
Nov 26, 2001 .   Responses to any motions in limine shall be filed and served by
HAND DELIVERY OR FAX
Nov 29, 2001 .   Courtesy copies shall be forwarded to chambers.   BY  12:00 p.m
11/30/01

5.    Trial Exhibits:  All exhibits shall be pre-marked in accordance with Local Rule 3.07.  Each attorney shall provide to the Court, not later than commencement of voir dire, the original and two copies of their exhibit list, numbered in the sequence in which the attorney will tender same.  The exhibit list shall describe the exhibit sufficiently for the Court to identify it.

6.    Witness List:  Prior to the commencement of voir dire, each attorney shall provide the Court with the original and two copies of their witness list, including all witnesses expected to be called, listing the full names of the witness and any professional designation applicable to that witness (e.g., M.D.).  The list should also, if necessary, include a phonetic spelling of the name.

Nov. 29, 2001
7.    On or before the close of business on the last business day before commencement of the trial term, the parties shall:

(a) Exchange trial exhibit list, listing with specificity each exhibit expected to be offered into evidence, denoting which exhibits are composite exhibits.

(b) Exchange trial witness lists, listing each witness the parties expect to actually call to testify at trial, including any witness testifying via deposition. Said lists shall be filed with the court at commencement of trial.

8. Each attorney shall admonish their client(s) and office staff not to exhibit inappropriate behavior in the presence of the jury. Inappropriate conduct shall include but not be limited to facial gestures and audible comments.

9. Any witnesses or exhibits not listed in accordance with the pretrial order will not be allowed to testify or admitted absent extraordinary or compelling reasons outside the control of the attorneys for noncompliance with the pretrial order. See R.M.R. v. Muscogee County School District, 165 F.3d 812 (11th Cir. 1999); Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chemical Corp., 684 F.2d 776 (11th Cir. 1982).

10. Expert Witnesses: Counsel shall not "tender" expert witnesses to the Court in the presence of the jury.

11. Review of exhibits: Not later than close of business on the last business day before commencement of the trial term, the attorneys shall meet and review all proposed exhibits. Copies of any exhibits requested shall be furnished to opposing Counsel at that time if not previously furnished. Accordingly, during the presentation of evidence, it shall not be required and Counsel are directed not to "tender" any exhibit to opposing Counsel for review in the presence of the jury. The exhibit shall be pre-marked for identification, tendered to the witness and after sufficient evidentiary predicate has been established, tendered to the Court and offered into evidence.

12.    <u>Deposition transcript review</u>: In the event any party intends to publish to the jury all or any portion of a deposition transcript, said party shall, not later than the close of business on the day preceding the publication of said deposition transcript, cause to be delivered to opposing counsel a page and line reference of all testimony intended to be published. Any and all objections to any portions of deposition transcripts to be offered into evidence shall be made known to the Court outside the presence of the jury and shall be considered by the Court prior to the publishing of any such deposition transcripts.

13.    The conduct of this trial shall be pursuant to and consistent with Local Rule 5.03, United States District Court for the Middle District of Florida, "Courtroom Decorum", other than as modified herein.

**DONE AND ORDERED** in Tampa, Hillsborough County, Florida this 14th day of November, 2001.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

F I L E    C O P Y

...te ...nced: 11/16/2001

*CN*

...t.t.. sent to:

Gregory J. Orcutt, Esq.
Bricklemyer, Smolker & Bolves, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL  33602-4990

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 N. Tampa St., Suite 2900
P.O. Box 898
Tampa, FL  33601-0898

James B. Murphy Jr., Esq.
Shook, Hardy & Bacon, L.L.P.
100 N. Tampa St., Suite 2900
P.O. Box 898
Tampa, FL  33601-0898

Alan S. Loewinsohn, Esq.
Pezzulli & Loewinsohn, LLP
18383 Preston Rd., Suite 110
Dallas, TX  75252-5476

Jo E. Hartwick, Esq.
Pezzulli & Loewinsohn, LLP
18383 Preston Rd., Suite 110
Dallas, TX  75252-5476

Alan M. Gerlach Jr., Esq.
Broad & Cassell
390 N. Orange Ave., Suite 1100
P.O. Box 4961
Orlando, FL  32802-4961

John W. Greene, Esq.
HILL GILSTRAP
1400 West Abram Street
Arlington, TX  76013

Dora F. Kaufman, Esq.
Haley, Sinagra & Perez, P.A.
100 Southeast 3rd Ave.
One Financial Plaza, Suite 1900
Ft. Lauderdale, FL  33394