

*8:00-CV-1026-T-27TGW*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

## O R D E R

The following cases are set for trial during the term commencing **December 3, 2001 at 8:30 A.M. and continuing through December 31, 2001.** The cases are listed in the order in which they will be tried, although experience indicates that at times cases may be called out of order. For the convenience of counsel, the names and telephone numbers of all counsel are furnished so that counsel may **keep themselves** informed of the progress of the cases listed prior to their own. Counsel will be informed by the Court as to when their case will be called for trial.

**Unless otherwise ordered in the pre-trial order, proposed jury instructions and any form of Special Verdict, shall be filed with the Clerk of Court and served on opposing counsel before jury selection, with a "courtesy copy," to Judge Whittemore. NOTE: If your office technology permits, please provide the Court with a floppy disk containing your jury instructions in WordPerfect 8.0 format. Additionally, exhibit and witness lists (three copies) shall be filed with the courtroom deputy clerk before jury selection. All exhibits are to be premarked in accordance with the attached instructions. M.D. Fla. Rule 3.07.**

Counsel are reminded to advise the Court promptly of any development subsequent to the entry of this order which would in any way affect the trial of their case.

**Note: Cases appearing on this calendar are also subject to being tried by Visiting Judges.** Counsel will be notified telephonically for trial by a Courtroom Deputy Clerk. At least **24 hours notice** will be given to all parties.

Counsel for the defendants on bond are charged with the responsibility of notifying the defendants when the case is called for trial and that their presence is required.

---

CASE NO. 1 - JURY TRIAL - 2 weeks

Case No. 8:00-CV-1026-T-27TGW
LOCHMERE DEVELOPMENT GROUP, INC., et al.          Gregory Orcutt 813/223-3888
vs.
EIGER FUND I, L.P., et al.                        James Murphy, Jr. 813/202-7100

---

CASE NO. 2 - JURY TRIAL - 2 days

Case No. 8:01-CR-259-T-27EAJ
UNITED STATES OF AMERICA                          James Muench, AUSA 813/274-6000
vs.
FREDRICO ALEXANDER CAMPBELL                       Carl Hayes 813/237-2392

---

*148*

CASE NO. 3 - JURY TRIAL - 3 days   (Protected until 12/10/01)

Case No. 8:01-CR-339-T-27TBM
UNITED STATES OF AMERICA                    Arthur Bentley, III, AUSA 813-274-6000
vs.
*JOSE CARMEN SANCHEZ-REYES                  Frank Zaremba, AFPD 813/228-2715
*ALEXANDRO CALVO-SOLIS                      Roland Hermida 813/221-0033

*Spanish Interpreter Required

---

CASE NO. 4 - JURY TRIAL - 1 ½ days    (Protected until 12/17/01)

Case No. 8:01-CR-289-T-27TBM
UNITED STATES OF AMERICA                    Anthony Porcelli, AUSA 813/274-6000
vs
MICHAEL DARNELL WILLIAMS                    Frank Zaremba, AFPD 813/228-2715

---

CASE NO. 5  - JURY TRIAL - 2 days    (Protected until 12/17/01)

Case No. 8:01-CR-324-T-27MSS
UNITED STATES OF AMERICA                    James Muench, AUSA 813/274-6000
vs.
* FRANK JANSEN                              Daniel Hernandez 813/875-9694

*Dutch Interpreter Required

---

CASE NO. 6  - JURY TRIAL - 2 days    (Protected until 12/17/01)

Case No. 8:01-CR-325-T-27TBM
UNITED STATES OF AMERICA                    Maria Chapa, AUSA 813/274-6000
vs.
THENARDO RENARD WRIGHT                      Angela B. Wright 813/277-0068

---

CASE NO.  7 - JURY TRIAL - 3-5 days   (Protected until 12/17/01)

Case No. 8:01-CR-375-T-27EAJ
UNITED STATES OF AMERICA                    Jay Hoffer, AUSA 813/274-6000
vs.
MICHAEL K. CROSS                           Jack Edmund 863/533-2500
SHERRY M. CROSS                            Jack Edmund 863/533-2500

---

CASE NO. 8 - JURY TRIAL  - 3 days

Case No. 8:98-CV-2277-T-27MAP
LAURA FILIPS                                Ronald Fraley 813/229-8300
vs.
HILLSBOROUGH SCHOOL BOARD                   Thomas Gonzalez 813/273-0050

---

CASE NO. 9 - JURY TRIAL - 5 days

Case No. 8:00-CV-798-T-27TGW
GLORIA ARMSTRONG                        Deborah Blue 941/366-4680
vs.
MANATEE COUNTY SCHOOL BOARD             Francis Sheppard 407/872-7300

---

CASE NO. 10 - SUMMARY BENCH TRIAL    (Set 12/17/01)

Case No. 8:01-CV-367-T-27MAP
ALL AMERICAN DISTRIBUTORS, LLP          James Martin, Jr.  727-441-8966
vs
HITACHI KOKI IMAGING SOLUTIONS, INC.        Robert Brochin 305/579-0440

---

CASE NO. 11 - JURY TRIAL

Case No. 8:99-CV-2707-T-27EAJ
PEEK-A-BOO LOUNGE OF BRADENTON          Luke Lirot 813/221-9533
vs
MANATEE COUNTY, FLORIDA                 James Minix 813/745-3750

---

DONE AND ORDERED at Tampa, Florida this ___15___ day of November, 2001.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

Copies to:     All counsel of record
               U.S. Marshal
               U.S. Attorney
               U.S. Probation
               Pre-Trial Services

3

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA AND FORT MYERS DIVISIONS

J JUN 12 AM 5:43

COURT
FLORIDA

## STANDING ORDER RE: TRIAL PROCEDURE
## IN CASES BEFORE JUDGE JAMES D. WHITTEMORE

1.   Counsel are directed to read the local rules, particularly Chapter 5 and 3.07, the contents of this Order and attached exhibits prior to trial.  Questions relating thereto will be considered at pretrial or any other appropriate time.  At the discretion of the Court a copy of this Order will be made a part of the record in a particular case to be considered as a Court's exhibit, not to go to the jury.

2   Copies of the jury list containing names and numbers will be furnished to counsel at trial immediately before the jury panel is called in civil and non-capital criminal cases and as provided by law in capital cases.  Such information will be confirmed and further developed by the Court from the jurors during voir dire examination.

3   At criminal trials, jurors will be qualified generally after which, except when otherwise directed by the Court, thirty-five prospective jurors will be selected by lot from the panel  Sixteen will be seated in the jury box and the remaining nineteen in the audience section of the courtroom  In civil trials, where eight jurors are utilized, eighteen prospective jurors will be selected by lot from the panel and seated in the jury box.

4.   All prospective jurors initially seated will be examined by the Court.  The Court will instruct the jury as to its responsibilities, the presumption of the innocence, and burden of proof in criminal cases, and the type of proof required for affirmative verdict in civil cases.

The Court will obtain from the jury panel the assurance that each juror will follow the law and instructions of the Court.  After questions from and instructions by the Court, the parties will be given the opportunity to submit further questions to the Court to be propounded to the jurors.

The Court will then determine whether those or any additional questions are to be put to the jury or to any member separately.  If additional questions are to be put to the jury, that will be done, if not, counsel will exercise challenges as provided in paragraph 5. hereof

5   After questioning, the parties will exercise challenges outside the hearing of the jury panel  The Court will first determine all challenges for cause.  The party having the burden of

proof may challenge first, with the parties alternately challenging thereafter.

6    Once prospective jurors are presented for challenge, and passed over, there will be no "backstriking."

7    Generally, only brief opening statements should be made and counsel will be asked to inform the Court of their expected duration prior to trial.

8    In Civil Cases only:

a.    In the Court's direction the stipulation of uncontested facts from the pretrial stipulation or order will be read to the jury by the Court prior to opening statements.

b.    Before a witness is called as an expert, counsel will furnish the Court and opposing counsel a list of the expert's qualifications as such.

9    In all cases:

a    If necessary to offer, explain or examine an exhibit, counsel shall request leave to approach the Clerk or the witness box and to use the evidence presenter system, charts or easels

b    Counsel and their clients are requested to stand when the jury enters or leaves the courtroom

c    Counsel will not take to the lectern or display to the jury, or read directly from depositions of witnesses or transcripts of trial testimony in argument to the jury without first having sought and obtained permission of the Court outside the presence of the jury, and counsel will not invite the jury to request that any or all of the testimony be read to them.

d    The admonitions of the following excerpt from <u>Disciplinary Rule</u> 7-1106, <u>Code of Professional Responsibility</u> as approved by the Florida Bar and the American Bar Association shall be observed:

"In appearing in his professional capacity before a tribunal, a lawyer shall not:

(1)    State or allude to any matter that he has no reasonable basis to believe is relevant to the case or that will not be supported by admissible evidence.

(2)    Ask any questions that he has not reasonable basis to believe is relevant to the case and that is intended to degrade a witness or other person.

(3)    Assert his personal knowledge of the facts in issue, except when testifying as a witness.

2

(4)    Assert his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated herein.

(5)    Fail to comply with known local customs of courtesy of practice of the bar or a particular tribunal without giving to opposing counsel timely notice of his intent not to comply.

(6)    Engage in undignified or discourteous conduct which is degrading to a tribunal.

(7)    Intentionally or habitually violate any established rule of procedure or of evidence." (emphasis supplied)

e    Exhibits

In order to facilitate the presentation of exhibits, the following items are attached for use of counsel:

(1)    Instructions for preparation of exhibits.

(2)    Forms for listing exhibits.

(3)    Tags for marking exhibits.

Counsel are directed to take the following steps prior to trial:

(1)    All exhibits are to be marked for identification and an itemized listing prepared.

(2)    The original and one copy of documentary exhibits and listing of exhibits shall be furnished to the clerk at commencement of trial.

(3)    Copies of all documentary exhibits are to be exchanged between counsel.

(4)    If counsel anticipate requesting that any documentary exhibits be presented to the jury for inspection during trial, a copy of such exhibits should be available for each juror whenever feasible.

IT IS SO ORDERED this __12th__ day of June, 2000.

_____
JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

Copies to: All counsel of record

3

**UNITED STATES DISTRICT COURT**
**Middle District of Florida**
Office of the Clerk
United States Courthouse
Tampa, Florida 33602

Jai M. L. Edwards
Clerk

Operations Chief

Mary Lynn Sullivan
Tampa Division Manager
(813) 228-2105

## NOTICE TO COUNSEL

In connection with the upcoming trial in this case and in accordance with Rule 3.07 M.D. Fla. Rules, enclosed are forms for your use in marking the trial exhibits.

Additionally, Rule 5.04, M.D. Fla. Rules requires counsel to offer reductions of oversized exhibits and photographs of sensitive exhibits to substitute for the original(s) for the record on appeal. Please refer to the Rule for further details.

The following requests are made so that the exhibits may be properly and completely identified at the time of trial in order to conserve trial time.

1.  (Rule 3.07(b)   "Upon marking the exhibits counsel shall prepare a list of such exhibits, in sequence, with a descriptive notation sufficient to identify each separately numbered exhibit, and shall furnish copies of the list to opposing counsel and **two copies to the Court at commencement of trial**".

2.  Exhibits shall be identified numerically commencing with number 1. Composite exhibits shall be marked 1A, 1B, etc., with each exhibit bearing an individual tag with the appropriate party on it.

3.  All exhibits shall be listed, in order, on the enclosed exhibit list with a description of each exhibit, including sub-numbers of composite exhibits.

4.  All exhibits to be offered at trial must be pre-marked, and included on the exhibit list.

5.  Copies of the exhibit list shall be furnished to opposing counsel and **two copies to the Clerk at the commencement of trial**.

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

Plaintiff(s),     _____
Government     _____

Y.

Case No: _____

_____    **Evidentiary**
_____    **Trial**
_____    **Other**

Defendant(s),     _____

# EXHIBIT LIST

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | |

Case Number: _____                Page _____ of _____ Pages

# EXHIBIT LIST -- CONTINUATION SHEET

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Case Number: _____                Page _____ of _____ Pages

U.S. District Court
Middle District of Florida

## PLAINTIFF'S EXHIBIT

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

---

U.S. District Court
Middle District of Florida

## PLAINTIFF'S EXHIBIT

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

---

U.S. District Court
Middle District of Florida

## PLAINTIFF'S EXHIBIT

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

---

U.S. District Court
Middle District of Florida

## PLAINTIFF'S EXHIBIT

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

---

U.S. District Court
Middle District of Florida

## PLAINTIFF'S EXHIBIT

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

---

U.S. District Court
Middle District of Florida

## PLAINTIFF'S EXHIBIT

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

---

U.S. District Court
Middle District of Florida

## PLAINTIFF'S EXHIBIT

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

---

U.S. District Court
Middle District of Florida

## PLAINTIFF'S EXHIBIT

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

---

U.S. District Court
Middle District of Florida

## PLAINTIFF'S EXHIBIT

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

U.S. District Court
Middle District of Florida

**DEFENDANT'S EXHIBIT**

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:


U.S. District Court
Middle District of Florida

**DEFENDANT'S EXHIBIT**

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:


U.S. District Court
Middle District of Florida

**DEFENDANT'S EXHIBIT**

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:


U.S. District Court
Middle District of Florida

**DEFENDANT'S EXHIBIT**

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:


U.S. District Court
Middle District of Florida

**DEFENDANT'S EXHIBIT**

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:


U.S. District Court
Middle District of Florida

**DEFENDANT'S EXHIBIT**

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:


U.S. District Court
Middle District of Florida

**DEFENDANT'S EXHIBIT**

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:


U.S. District Court
Middle District of Florida

**DEFENDANT'S EXHIBIT**

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:


U.S. District Court
Middle District of Florida

**DEFENDANT'S EXHIBIT**

Exhibit Number:

Case Number:

v.

Date Identified:

Date Admitted:

**U.S. District Court**
**Middle District of Florida**

**JOINT EXHIBIT**

Exhibit Number: _____

Case Number: _____

_____

_____

v.

_____

Date Identified: _____

_____

Date Admitted: _____

_____


**U.S. District Court**
**Middle District of Florida**

**JOINT EXHIBIT**

Exhibit Number: _____

Case Number: _____

_____

_____

v.

_____

Date Identified: _____

Date Admitted: _____


**U.S. District Court**
**Middle District of Florida**

**JOINT EXHIBIT**

Exhibit Number: _____

Case Number: _____

_____

_____

v.

_____

Date Identified: _____

Date Admitted: _____


**U.S. District Court**
**Middle District of Florida**

**JOINT EXHIBIT**

Exhibit Number: _____

Case Number: _____

_____

_____

v.

_____

Date Identified: _____

Date Admitted: _____


**U.S. District Court**
**Middle District of Florida**

**JOINT EXHIBIT**

Exhibit Number: _____

Case Number: _____

_____

_____

v.

_____

Date Identified: _____

Date Admitted: _____


**U.S. District Court**
**Middle District of Florida**

**JOINT EXHIBIT**

Exhibit Number: _____

Case Number: _____

_____

_____

v.

_____

Date Identified: _____

Date Admitted: _____


**U.S. District Court**
**Middle District of Florida**

**JOINT EXHIBIT**

Exhibit Number: _____

Case Number: _____

_____

_____

v.

_____

Date Identified: _____

Date Admitted: _____


**U.S. District Court**
**Middle District of Florida**

**JOINT EXHIBIT**

Exhibit Number: _____

Case Number: _____

_____

_____

v.

_____

Date Identified: _____

Date Admitted: _____


**U.S. District Court**
**Middle District of Florida**

**JOINT EXHIBIT**

Exhibit Number: _____

Case Number: _____

_____

_____

v.

_____

Date Identified: _____

Date Admitted: _____