## UNITED STATES DISTRICT COURT
### Middle District of Florida

LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

      Plaintiffs,

vs.

    CASE NO.: 8:00-CV-1026-T-27RTGW

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company; EIGER
FUND 1, L.P., a Delaware limited partnership;
EIGER PARTNERS, L.P., a Delaware limited
partnership; DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC., a
Texas corporation; JTL CAPITAL, L.L.C., a
Texas limited liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
PAUL E. ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and, WILLIAM S. BUCHANAN, an individual,

      Defendants.

_____/

## AMENDED PRETRIAL STATEMENT

Pursuant to Fed.R.Civ.P. 26(a)(3) and Local Rule 3.06, the parties to this action submit the Pretrial Statement to the Court.

1.    The basis of federal jurisdiction:

This action was removed from State Court pursuant to 28 U.S.C. §1332 because of diversity of the parties and the amount in controversy being in excess of $75,000, exclusive of interest and costs.

2.    A concise statement of the nature of the action:

Plaintiffs allege that a joint venture was formed for the acquisition and development of a real estate project known as Hammock Dunes, in Palm Coast, Florida. It is alleged that defendants breached the joint venture and closed on the transaction without Plaintiffs. It is also alleged that over fifteen months of due diligence had been performed on the project under the direction of Plaintiffs and that this due diligence, resulting in a detailed development budget, constituted trade secrets and that defendants misappropriated these trade secrets to their use and to secure financing for the project. The Second Amended Complaint also alleges, fraud, unjust enrichment, quantum meruit, conversion, conspiracy, promissory estoppel and tortious interference with contractual or business relationships.

Defendants deny any liability to Plaintiffs on any of the claims. There was never a joint venture or partnership among the Eiger Companies and Plaintiffs or among the Lane Defendants and Plaintiffs because, among other things, no agreement was ever reached among them as to the post-acquisition role and/or compensation of Plaintiffs. Further, Defendants deny that any information or documents voluntarily supplied to them by the Plaintiffs constituted confidential, proprietary or trade secret information. The Defendants deny that the Eiger Companies, the Eiger Individuals or Fleet National Bank tortiously interfered with any agreement between the Lane Defendants and Plaintiffs.

3.    A brief, general statement of each party's case:

Plaintiffs allege that a joint venture was formed with the Lane defendants (David Lane, Barnett Lane Investments, Inc. and JTL Capital L.L.C.) and certain of the Eiger defendants (H.D. Associates, the ultimate owner of Hammock Dunes, Dunes Operating

Company, L.P., its general partners Eiger, Inc., 2M Dunes L.L.C., and Eiger Fund 1, L.P. and Eiger Partners, L.P.). Plaintiffs contend that its principal, Robert Evans, was to be the onsite development partner for the project. In this regard, Evans conducted and coordinated extensive due diligence on the project. Plaintiffs contend that the compilation of due diligence, together with the analysis and expertise of Mr. Evans, resulted in a development budget, relied upon and utilized by the same defendants, including defendant Fleet National Bank, constituted misappropriation of trade secrets. Plaintiffs are alleging damages of approximately $18,000,000.00, representing the compensation package and profit participation expected by Plaintiffs at the time of the venture and/or the reasonable value of the services and performed and contributions to the acquisition of the project by Plaintiffs, including a consideration of the profit to be generated by the defendants due to the services performed by Plaintiffs. Plaintiffs will seek exemplary damages and attorney's fees if it is determined that the misappropriation of trade secrets was "willful and malicious."

Defendants, David Lane, individually, Barnett Lane Investments, Inc. and JTL Capital, L.L.C. (the Lane Defendants) contend that the Lane defendants were involved in negotiations for the purchase of the Hammock Dunes project and during that process the Lane defendants came into contact with numerous individuals and entities as providers of services or potential sources of capital for the project. Among these entities were Plaintiffs in this case. Plaintiffs were involved in the process of reviewing the Project for possible purchase by other parties providing capital. At no time did the Lane defendants enter into any partnership agreement with Plaintiffs or represent that such a partnership relationship did or would exist. At no time did the Lane defendants

promise, commit to, or guarantee any compensation, reimbursement or participation package to Plaintiffs. The Lane defendants content that a fair and reasonable compensation scheme was offered to Plaintiffs for services rendered but that Plaintiffs unreasonably rejected that scheme.

Defendants Eiger, Inc., Eiger Fund I, L.P., Eiger Partners, L.P., H.D. Associates, L.P., Dunes Operating Company, L.P., 2 M Dunes, L.L.C., (collectively the "Eiger Companies"), Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs and William S. Buchanan (collectively the "Eiger Individuals"), and Fleet National Bank f/k/a BankBoston, N.A. ("BankBoston") deny Plaintiffs' allegations and deny liability to Plaintiffs on any of their claims. The Eiger Companies and the Eiger Individuals deny that there was ever any agreement reached, either explicitly or impliedly, between them and the Plaintiffs regarding any compensation of Plaintiffs for either the work Plaintiffs did prior to the purchase of the property or Plaintiffs' role, if any, and their compensation post-purchase of the property. The Eiger Companies also deny that a partnership existed between any of them and either of the Plaintiffs. Also, the Eiger Companies deny that Plaintiffs provided to them any trade secrets or proprietary information. The Eiger Companies and the Eiger Individuals deny that they or anyone on their behalf ever represented to the Plaintiffs that any partnership, joint venture or other affiliation would exist in the future between them and the Plaintiffs. Plaintiffs were offered a fair compensation, which Plaintiffs refused. The Eiger Companies and the Eiger Individuals were first introduced to the Hammock Dunes project in March, 1999, by David Lane. During the investigation stage and before a contract for the Hammock Dunes project was executed by the seller, the Eiger Companies offered to reasonably compensate

Plaintiffs for the work performed by them pre-purchase and made an offer for Plaintiffs' role and compensation for work to be performed post-purchase. Plaintiffs never accepted the offer. Plaintiffs never informed BankBoston prior to the filing of this lawsuit that they expected to be compensated by BankBoston for any information or documents furnished by the Plaintiffs. Rather than accept the offer for compensation and while negotiations over Plaintiffs' role and compensation were pending between the Eiger Companies and Plaintiffs and without rejecting the offer, Plaintiffs chose to secretly approach a competitor and joined with that competitor to submit an offer to the seller. The Eiger Companies together with the Lane Defendants ultimately submitted an offer for the property which was accepted by the seller.

4.      A list of all exhibits and Rule 5.04 exhibit substitutes to be offered at trial with notation of all objections thereto.

        See attached Exhibit "A."

5.      A list of all witnesses who may be called at trial.
        See attached Exhibit "B."

6.      A list of all expert witnesses including, as to each such witness, a statement of the subject matter and a summary of the substance of his or her testimony pursuant to Rule 26(e)(1) and (2), Fed.R.Civ.P.

        Defendants, the Eiger Companies, Eiger Individuals, Fleet National Bank and the Lane defendants have objected to new opinions of Robert B. Whitley and Richard L. Brown contained in the Pretrial Statement which opinions were not contained in their expert reports. Additionally, the Eiger Companies, Eiger Individuals, and Fleet National Bank have moved to strike the expert testimony of Richard L. Brown.

__For Plaintiffs:    Robert B. Whitley__.    His report disclosed pursuant to Rule 26(a)(2)(B) is attached as Exhibit "C."

A summary of his testimony includes:

(a)    Matters contained within his report, including, but not limited to:

i.    The characteristics of master, planned community development are extremely technical and unique as if the necessary due diligence to analyze such a project.

ii.    Data provided by consultants or other third party sources does not constitute due diligence.

iii.    The results of the due diligence investigation process is proprietary to the Plaintiffs.  The due diligence performed by Plaintiffs on this project was extensive.

iv.    The development budget could only be created by someone with extensive knowledge of the development of master planned communities in Florida.

v.    The information compiled by Plaintiffs saved Fleet National Bank months of time in preparation of its underwriting and appraisal.

vi.    The defendants could not have performed their own due diligence and prepared their own development budget by the deadline imposed by the Seller if they had not utilized Plaintiffs due diligence and development budget.

vii.    The Plaintiffs due diligence and development budget was relied upon and utilized by defendants to acquire the project and to secure financing on the project.

viii.    The Plaintiffs expected compensation package and profit participation are within industry standards.

ix.    In his opinion, defendants acquired the project at a substantially reduced price than offered by the seller due primarily to the efforts of Plaintiffs.

x.    The reasonable value of the services performed by Plaintiffs equals or approximates Plaintiffs' expected compensation package and profit participation.

xi.    Repute the testimony of defendants' experts.

For Plaintiffs: Richard L. Brown.    His report disclosed pursuant to Rule 26(a)(2)(B) is attached as Exhibit "D."

A summary of his testimony includes:

(a)    Matters contained within his report, including, but not limited to:

i.    The development budget prepared by Plaintiffs is proprietary and is very detailed and complex.

ii.    Defendants relied upon and utilized this budget to secure financing for the project.

iii.    Defendants could not have built a modeling system or performed the due diligence necessary by the deadline imposed by the Seller to go to contract.

iv.    The calculation of Plaintiffs' damages from pro forma and other financial documentation of defendants.

v.    Calculation of the compensation and profit including Plaintiffs' "out of pocket" expenses if they had accepted defendants "retrade."

vi.    Rebut the testimony of defendants' experts.

Plaintiffs object to the opinions of all the following except Edward Montgomery and Joel Robuck.

For Defendants: The Eiger Companies, the Eiger Individuals and BankBoston:

The Eiger Companies, the Eiger Individuals and BankBoston may call the following persons live for expert testimony. They will provide testimony consistent with their Rule 26 disclosures and reports all collectively attached hereto as Exhibit E except for those individuals for whom reports were not required.

1.    Paul E. Rowsey, III
      Mr. Rowsey is a party who may testify from his training and experience about the use of pro forma statements in real estate transactions and the financial structuring of real estate ventures and the lack of any "proprietary" or trade secret aspect of the information in the pro forma statements and the standard and reasonable method and timing of compensation of parties in real estate ventures and the reasonable dollar value, if any, of any work performed by Plaintiffs.

2.    C. Todd Miller
      Mr. Miller is a party who may testify from his training and experience about the use of pro forma statements in real estate transactions and the financial structuring of real estate ventures and the lack of any "proprietary" or trade secret aspect of the information in the pro forma statements and the standard and reasonable method and timing of compensation of parties in real estate ventures.

3.    David M. Jacobs
      Mr. Miller is a party who may testify from his training and experience about the use of pro forma statements in real estate transactions and the financial structuring of real estate ventures and the lack of any "proprietary" or trade secret aspect of the information in the pro forma statements and the standard and reasonable method and timing of compensation of parties in real estate ventures.

4.    William S. Buchanan
      Mr. Buchanan is a party who may testify from his training and experience about the use of pro forma statements in real estate transactions and the financial structuring of real estate ventures and the lack of any "proprietary" or trade secret aspect of the information in the pro forma statements and the standard and reasonable method and timing of compensation of parties in real estate ventures.

5.  Steve Kennedy
    Mr. Kennedy is an employee of a party who may testify from his training and experience about the use of pro forma statements in real estate transactions and the financial structuring of real estate ventures and the lack of any "proprietary" or trade secret aspect of the information in the pro forma statements and the standard and reasonable method and timing of compensation of parties in real estate ventures.

6.  Robert Avil
    Mr. Avil is an employee of a party who may testify from his training and experience about the use of pro forma statements and other documentation in real estate transactions and the financial structuring of real estate ventures.

7.  Edward Montgomery
    Mr. Montgomery is an expert in the field of accounting and real estate development and may testify about the financial models and other items more specifically stated in his report and deposition, which are incorporated by reference herein.

8.  Terry Pendleton
    Mr. Pendleton is an employee of a party who may testify from his training and experience about the use of pro forma statements in real estate transactions and the financial structuring of real estate ventures and the lack of any "proprietary" or trade secret aspect of the information in the pro forma statements and the standard and reasonable method and timing of compensation of parties in real estate ventures.

9.  Joel Robuck
    Mr. Robuck is an expert in the field of real estate development who may testify about the financial models and other items more specifically stated in his report and deposition, which are incorporated by reference herein.

7.    In cases in which any party claims money damages, a statement of the elements of each such claim and the amount being sought with respect to each such element.

Plaintiffs are seeking damages of approximately $18,000,000.00 comprised of the compensation package and profit participation Plaintiffs expected to receive computed on the basis of the pro forma budgets and other financial records of the sales and profitability of the project. These damages will be sought in the Florida Uniform Partnership, fraud, Florida Uniform Trade Secrets, conversion, conspiracy, tortuous interference and promissory estoppel Counts of the Second Amended Complaint.

Plaintiffs' quantum meruit Count will be based on the reasonable value of Plaintiffs' services and contribution to the acquisition of the project. Expert testimony will establish these damages at the same $18,000,000.00 amount.

The unjust enrichment Count likewise will claim that defendants were unreasonably enriched by this sum.

8.    A list of all depositions to be offered in evidence at trial (as distinguished from possible use for impeachment), including a designation of the pages and lines to be offered from each deposition.

See attached Exhibit "F."

9.    A concise statement of those facts which are admitted and will require no proof at trial, together with any reservations directed to such admissions;

List of undisputed facts:

1.    Paul E. Rowsey, III is the President of Eiger, Inc.

2.    C. Todd Miller is the Chief Executive Officer of Eiger, Inc.

3. David M. Jacobs is an Executive Vice President of Eiger, Inc.

4. William S. Buchanan is an Executive vice President of Eiger, Inc.

5. Eiger, Inc. and 2M Dunes, L.L.C., a Texas Limited Liability Company, are the general partners of Dunes Operating Company, a Delaware Limited Partnership.

6. Dunes Operating Company is the sole general partner of H.D. Associates, L.P., a Limited Partnership.

7. Eiger, Inc. is the sole general partner of Eiger Partners, L.P., a Delaware Limited Partnership.

8. Eiger Partners, L.P. is the sole general partner of Eiger Fund I, L.P., a Delaware Limited Partnership.

9. Robert D. Evans is the sole officer, director, and shareholder of Lochmere Development Group, Inc. a Florida Corporation.

10. Robert D. Evans is the sole officer, director, and shareholder of Lochmere Realty, Inc., a Florida Corporation.

11. On November 30, 1999, H.D. Associates purchased the real estate development known as Hammock Dunes in Palm Coast, Florida.

12. David Lane is not a general partner of H.D. Associates, L.P., a limited partnership.

13. Barnett Lane Investments, Inc. is not a general partner of H.D. Associates, L.P., a limited partnership.

14. Although originally a co-general partner of H.D. Associates, L.P., a limited partnership, JTL Capital, L.L.C. was not such at and after the purchase of Hammock Dunes.

15. Barnett Lane Investments, Inc. never owned or purchased Hammock Dunes.

16. David Lane, Individually, never owned or purchased Hammock Dunes.

17. JTL Capital, L.L.C. never owned or purchased Hammock Dunes.

10. A concise statement of applicable principles of law on which there is agreement.

Federal Court jurisdiction over this case.

11.   A concise statement of those issues of fact which remain to be litigated (without incorporation by reference to prior pleadings and memoranda).   All remaining facts which are not admitted, including, but not limited to:

Was there a partnership, joint venture, to what extent, and if so, involving what parties?

Was any of the information provided by Plaintiffs trade secrets and if so, who owned the trade secrets?

Did any of defendants misappropriate trade secrets owned by Plaintiffs?

Were any misrepresentations made by defendants to Plaintiffs?

Did Plaintiffs rely on any such misrepresentations?

Have Plaintiffs been damaged and if so, to what extent?

Did Plaintiffs have a contractual or business relationship with others that was interfered with?

Did defendants know of the contractual or business relationship?

See attached Exhibit "G" for Eiger and Fleet's Defendants' additional disputed facts.

12.   A concise statement of those issues of law which remain for determination by the Court (without incorporation by reference to prior pleadings or memoranda).

(a)   Whether there was a violation of Florida's Uniform Partnership Act by all defendants except the Eiger individuals and Fleet National Bank.

(b)   Whether intentional fraud was committed by all defendants except C. Todd Miller, David M. Jacobs, William S. Buchanan and Fleet National Bank.

(c)   Whether constructive fraud was committed by all defendants except Fleet National Bank.

(d)    Whether there was a violation of Florida's Uniform Trade Secrets Act by all defendants.

(e)    Whether all defendants converted trade secrets or the development budgets from Plaintiffs.

(f)    Whether all defendants conspired against Plaintiffs.

(g)    Whether all defendants, except the Lane defendants, have tortiously interfered with contractual and business relationships of Plaintiffs.

(h)    Whether compensatory damages, exemplary damages and attorney's fees are owing to Plaintiffs by all defendants.

(i)    Whether Plaintiffs are owed damages on the basis of promissory estoppel, by all defendants and on the basis of quantum meruit and/or unjust enrichment by all defendants except the Eiger individuals and Fleet National Bank.

(j)    Whether there has been a failure of consideration for Plaintiffs' contractual claims.

(k)    Whether the action should be dismissed under the doctrine of prior pending action.

(l)    Whether Plaintiffs have adequately mitigated damages.

(m)    Whether Plaintiffs consented to the transfer of data and/or information to defendants and therefore cannot maintain a claim for conversion.

(n)    Whether some of Plaintiffs' claims are barred by the economic loss doctrine.

(o)    Whether Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

(p)    Whether Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

(q)    Whether Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

(r)    Whether Plaintiffs' claims are barred by the statute of frauds.

(s)    Whether the Court lacks personal jurisdiction over all of the Eiger defendants, companies and individuals, other than H.D. Associates, L.P.

(t)    Whether the complaint fails to state a claim upon which relief can be granted.

(u)    Whether Plaintiffs' fraud counts are pled with the particularity required.

(v)    Whether there was any contract with Fleet National Bank or duty or obligation to compensate Plaintiffs.

(w)    Whether Plaintiffs claims are barred by the doctrine of ratification.

(x)    Whether Fleet National Bank detrimentally relied upon the information voluntarily and consensually provided to it.

(y)    Whether the conspiracy claim fails against Fleet National Bank due to the absence of any legally sufficient, underlying tort or wrong.

(z)    Whether any and all damages suffered by the Plaintiffs were the sole and proximate result of actions of Plaintiffs and/or others not under the control of Fleet National Bank.

(aa)    Whether any damages incurred, are a direct and proximate result of the intervening conduct of other persons and/or entities and, accordingly, Plaintiffs are barred from recovery against Fleet National Bank.

(bb)    Whether some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

13.    A concise statement of any disagreement as to the application of the Federal Rules of Evidence or the Federal Rules of Civil Procedure.

No disagreement.

14.    A list of all motions or other matters which require action by the Court.

(a)    Motions to Strike Plaintiffs' expert and fact witnesses to be filed by the Eiger defendants and Fleet National Bank, which motions are incorporated herein by reference.

(b)    Plaintiffs' Motion to supplement its complaint to substitute the words "willful and maliciously" for "unlawfully" in paragraphs 318, 325, 332, 339, 346 and 353 of the trade secret violation Counts of the Second Amended Complaint.

(c)    Motions in limine to be filed by all parties.

(d)    A supplemental motion for summary judgment is expected to be filed after the discovery allowed by the Order of the Court entered October 18, 2001, is completed

Gregory J. Orcutt, Esq.
Florida Bar No.230855
Bricklemyer Smolker & Bolves, P.A.
500 East Kennedy Blvd., Ste 200
Tampa, Florida 33602
813/223-3888
813/228-6422 (facsimile)
Attorneys for Plaintiffs

Dated: 11/20/01

John W. Greene, Esq.
Hill Gilstrap

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, Texas 75252
State Bar No. 06828300
972/713-1300
972-713-1313 (facsimile
Attorneys for the Eiger Defendants,
Dunes Operating Company, L.P.
2M Dunes, L.L.C., Paul E. Rowsey,
C. Todd Miller, David M. Jacobs,
William S. Buchanan and Fleet National
Bank

(bb)   Whether some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

13.   A concise statement of any disagreement as to the application of the Federal Rules of Evidence or the Federal Rules of Civil Procedure.

No disagreement.

14.   A list of all motions or other matters which require action by the Court.

(a)   Motions to Strike Plaintiffs' expert and fact witnesses to be filed by the Eiger defendants and Fleet National Bank, which motions are incorporated herein by reference.

(b)   Plaintiffs' Motion to supplement its complaint to substitute the words "willful and maliciously" for "unlawfully" in paragraphs 318, 325, 332, 339, 346 and 353 of the trade secret violation Counts of the Second Amended Complaint.

(c)   Motions in limine to be filed by all parties.

(d)   A supplemental motion for summary judgment is expected to be filed after the discovery allowed by the Order of the Court entered October 18, 2001, is completed

Gregory J. Orcutt, Esq.
Florida Bar No.230855
Bricklemyer Smolker & Bolves, P.A.
500 East Kennedy Blvd., Ste 200
Tampa, Florida 33602
813/223-3888
813/228-6422 (facsimile)
Attorneys for Plaintiffs

Dated:_____


_____
John W. Greene, Esq.
Hill Gilstrap

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, Texas 75252
State Bar No. 06828300
972/713-1300
972-713-1313 (facsimile
Attorneys for the Eiger Defendants,
Dunes Operating Company, L.P.
2M Dunes, L.L.C., Paul E. Rowsey,
C. Todd Miller, David M. Jacobs,
William S. Buchanan and Fleet National
Bank

-15-

Gregory J. Orcutt, Esq.
Florida Bar No.230855
Bricklemyer Smolker & Bolves, P.A.
500 East Kennedy Blvd., Ste 200
Tampa, Florida 33602
813/223-3888
813/228-6422 (facsimile)
Attorneys for Plaintiffs

Dated:_____

John W. Greene, Esq.
Hill Gilstrap
1400 West Abram Street
Arlington, Texas  76013
State Bar No. 08391520
817/261/2222
817/277-3249 (facsimile)
 Counsel for Lane Defendants

Dated:__11-12-01_____

cc:    Dora Kaufman, Esq.
       Daniel Molony, Esq.

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, Texas  75252
State Bar No. 06828300
972/713-1300
972-713-1313 (facsimile
Attorneys for the Eiger Defendants,
Dunes Operating Company, L.P.
2M Dunes, L.L.C., Paul E. Rowsey,
C. Todd Miller, David M. Jacobs,
William S. Buchanan and Fleet National
Bank

Dated:_____

F:\docs\BDH\EIGER\pretrial conf. order.doc

UNITED STATES DISTRICT COURT
Middle District of Florida

LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

    Plaintiffs,

vs.                                    CASE NO.: 8:00-CV-1026-T-27B

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company; EIGER
FUND 1, L.P., a Delaware limited partnership; et al.

    Defendants.
_____/

## INDEX OF EXHIBITS TO AMENDED PRETRIAL STATEMENT

A.    Plaintiffs' List of Exhibits, Eiger Defendants and Fleet National Bank's Exhibit List, Lane Defendants Exhibit List, Plaintiffs' Objections to Eiger and BankBoston Defendants List of Exhibits, Plaintiffs' Objections to Lane Defendants' List of Exhibits, Eiger and Fleet's Objection to Lochmere and Lane's Exhibits, Lane Defendants' Objection to Plaintiffs' List Of Exhibits, Lane Defendants' Objection to Eiger and Fleet's List Of Exhibits , Lane Defendants' Objection to Eiger and Fleet Defendant's Exhibit List.

B.    Plaintiffs' Witness List, Eiger Defendants and Fleet National Bank's Witness List, Lane Defendants' Witness List.

C.    Plaintiffs' Expert Testimony Report – Robert Whitley

D.    Plaintiffs' Expert Testimony – Richard L. Brown

E.    Defendants' Expert Testimony – Edward Montgomery
    Defendants' Expert Testimony – Joel Robuck

F.    Plaintiffs' letter of Deposition Designations.
    Eiger and Fleet's Deposition Designation
    Lane Defendants' Designation of Deposition
    Eiger and Fleet Defendants' Amended Objections to Deposition
    Designations of Plaintiffs and Lane Defendants

Lane Defendants Objection to Designation of Deposition Excerpts of Plaintiff

G.   Eiger and Fleet's Disputed Facts
     Lane Defendants' Disputed Facts

# Exhibit
# A

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

      Plaintiffs,

vs.

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company;

      Defendants.

CASE NO.: 8:00-CV-1026-T-27B
State Court No.: 00-02525/Div. I

_____  Evidentiary

_____  Trial

_____  Other

### PLAINTIFFS' LIST OF EXHIBITS

      Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE REALTY, INC., hereby file their Exhibit List. (Exhibits may include fax cover sheets and attachments and will be noted by the number of pages or by bates numbers.)

## EXHIBIT LIST

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| 1. | 03/06/98 | | | Memo from Millham to Evans and Lane (017904-017909) |
| 2. | 03/23/98 | | | Memo from Lane to Evans and Samaha (017900-017901) |
| 3. | 03/24/98 | | | Letter from Evans to Lane (017895-017898) |
| 4. | 03/24/98 | | | Letter from Lane to Larry Martin of ITT (017893-017894) |

| 5. | 04/09/98 | Memo from Samaha to Evans, Lane and Millham (017880-017887) |
|---|---|---|
| 6. | 04/17/98 | Letter from Evans to Kevin Partel (017878-017879) |
| 7. | 04/24/98 | Fax from Robert Dickinson, Consultants for Environmental Design to Evans (017871-017873) |
| 8. | 05/26/98 | Letter from Dickinson to Evans (017848-017862) |
| 9. | 06/22/98 | Letter from Evans to Craig Werley, PriceWaterhouse (017830) |
| 10. | 06/30/98 | Letter from Evans to Lane (011478-011497) |
| 11. | 07/02/98 | Letter from Evans to Lane (017771-017773) |
| 12. | 07/02/98 | Letter from Evans to Lane (017774-017779) |
| 13. | 07/28/98 | Letter from A. Brinegar of Lochmere to Lane (017794-017802) |
| 14. | 07/29/98 | Letter from Brinegar to Werley (017803-017815) |
| 15. | 08/1998 | List of Contacts regarding Hammock Dunes (017581-017588) |
| 16. | 08/05/98 | Letter from Robert Cuff to David Lane with. Agreement for Sale and Purchase between ITT, Barnett Lane and Farallon dated August 6. (017595-017687) |
| 17. | 08/21/98 | Fax cover sheet and memo from Amy Olson of PriceWaterhouse to Evans (017722-017724) |
| 18. | 08/21/98 | Letter from Evans to Lane and Millham (017735-017737) |

| 19. | 09/02/98 | Letter from Evans to Lane and Millham (017491-017493) |
|---|---|---|
| 20. | 09/22/98 | Fax from Lane to Evans (017717-017718) |
| 21. | 10/22/98 | Fax and memo from Kerry Roberts of Lochmere to Tim Dick of PriceWaterhouse (017964-017966) |
| 22. | 10/22/98 | Fax cover sheet and letter from Roberts to Olson (017967-017969) |
| 23. | 10/23/98 | Estimate of Probable Construction Costs (017932-017937) |
| 24. | 10/28/98 | Fax from Olson to Evans (018003-018011) |
| 25. | 11/01/98 | Letter from Evans to Lane (018012-018021) |
| 26. | 11/02/98 | Letter from Evans to Lane and Millham (018022-018027) |
| 27. | 11/02/98 | Memo from Lane to Evans, Millham and Samaha (018028-018032) |
| 28. | 11/03/98 | Fax from Lane to Evans and Millham (018040-018042) |
| 29. | 11/05/98 | Letter from Lane to Gardner (018043-018046) |
| 30. | 11/11/98 | Letter from Lane to Gardner (018061-018064) |
| 31. | 11/16/98 | Final Asset Advisory Report by PriceWaterhouse (018089-018252) |
| 32. | 11/18/98 | Fax cover sheet from Lane to Millham, Samaha & Evans (018081-018085) |
| 33. | 11/23/98 | Second Amendment to Agreement for Sale and Purchase (018086-018088) |

3

| 34. | 12/03/98 | Letter from Brinegar to Lane (018255-018257) |
| 35. | 12/22/98 | Letter from Gardner to Lane (018278-018279) |
| 36. | 01/06/99 | Fax cover sheet from Lane to Phillips (18284-018287) |
| 37. | 02/10/99 | Fax cover sheet from Lane to Gardner (018302-018303) |
| 38. | 02/25/99 | Letter from Evans to Lane (011354-011355) |
| 39. | 03/17/99 | Letter to Lane from O'Sheilds of Rogers Towers (018312 – 018313) |
| 40. | 03/18/99 | Fax cover sheet from Lane to Evans (018308-018311) |
| 41. | 03/19/99 | Letter from Rowsey to Lane (018318-018320) |
| 42. | 03/24/99 | Fax from Rowsey to Evans (018317) |
| 43. | 03/24/99 | Letter from Evans to Rowsey (018321-018324) |
| 44. | 03/29/99 | Memo from Lane to Rowsey w/ proformas (018334-018338) |
| 45. | 03/30/99 | Letter from Brinegar to Rowsey (018916-018918) |
| 46. | 04/14/99 | Fax from Keith Bricklemyer to Evans (019067-019099) |
| 47. | 04/14/99 | Letter from Evans to Lane (018341) |
| 48. | 04/15/99 | Master Development Budget (011331-011353) or (E01734-E01756) |
| 49. | 04/15/99 | Notes by Evans taken at Dallas meeting (018358-018360) |
| 50. | 04/16/99 | Letter from Samaha to Richard Blunk |

4

| | | of Basic Capital Mgmt. (018374) |
|---|---|---|
| 51. | 04/17/99 | Fax from Lane to Evans (018375-018376) |
| 52. | 04/19/99 | Fax from Rowsey to Lane (Lane Document produced) |
| 53. | 04/19/99 | Letter from Connie Holland to Rowsey and Lane (Lane Document, 5 pages) |
| 54. | 04/19/99 | Fax from Rowsey to Lane (Lane Document, 7 pages) |
| 55. | 04/20/99 | Letter from Rebecca Hurley to Lane (Lane Document, 40 pages.) |
| 56. | 04/20/99 | Certificate of Limited Partnership of HD Associates (Eiger transaction document, 4 pages) |
| 57. | 04/20/99 | Agreement of Limited Partnership of HD Associates (Eiger transaction document, 41 pages) |
| 58. | 04/21/99 | Fax from Canterbury to Evans (018400-018436) |
| 59. | 04/22/99 | Letter from Lane and Rowsey to Gardner (018437-018440) |
| 60. | 04/23/99 | Fax from Steve Nielsen of EMS to Evans (018441-018446) |
| 61. | 04/23/99 | Letter from Evans to Nielsen (018447-018453) |
| 62. | 04/26/99 | Master Development Budget (018866-018889; 018684) |
| 63. | 04/26/99 | Master Development Budget w/ notes by Evans (018656-018683) |
| 64. | 04/27/99 | Fax from Lane to Evans, Samaha, Rowsey and Mark Van Kirk (018454-018456) |

5

| 65. | 04/28/99 | Handwritten notes (E00383-E00391) |
|---|---|---|
| 66. | 04/28/99 | Handwritten notes (E00759-E00764) |
| 67. | 04/28/99 | Handwritten notes (E00701-E00727) |
| 68. | 05/03/99 | Letter from Gardner to Lane (ITT Document produced, 4 pages) |
| 69. | 05/03/99 | Letter from Evans to Kennedy (018464-018472) |
| 70. | 05/03/99 | Fax cover sheet from Samaha to Evans, Cuff, Lane, Rowsey, O'Shields, Van Kirk (018473-018488) |
| 71. | 05/03/99 | Rowsey memo to Mark Basham and Bob Avil at BankBoston (BB4811) |
| 72. | 05/03/99 | Letter from Rowsey to Basham and Avil (BB4787) |
| 73. | 05/04/99 | Suarez memo to Eiger Advisory Board (E08509-E08511) |
| 74. | 05/11/99 | Suarez memo to Eiger Advisory Board (E00755-E00757) |
| 75. | 05/05/99 | Letter from Dennis Hillier to Gardner (ITT Document, 3 pages) |
| 76. | 05/06/99 | Confidentiality Agreement from Gardner to Bartley Rahuba of Hillman Properties (ITT Document, 3 pages) |
| 77. | 05/13/99 | Letter from Gardner to Charles Cobb of Cobb Partners, Ltd. (ITT Document, 4 pages) |
| 78. | 05/14/99 | Letter from Evans to Lane (018555-018566) |
| 79. | 05/21/99 | Draft letter from Lane to Rowsey (E05356-E05358) |
| 80. | 05/24/99 | Letter from Ralph Stewart Bowden to Evans (018622-018626) |

| | | |
|---|---|---|
| 81. | 05/27/99 | Letter from Evans to Lane (018646-018652) |
| 82. | 06/03/99 | Notes by Evans (018687-018689) |
| 83. | 06/03/99 | Memo from Nicholas Whiting and Bob Avil to BankBoston Marketing Committee (BB5203-BB5206) |
| 84. | 06/07/99 | Letter from Evans to Kennedy (018708-018734) |
| 85. | 06/08/99 | Fax from Rowsey to Evans (018735-018736) |
| 86. | 06/09/99 | Marked up copy of Lochmere's Management, Development and Marketing Agreement w/ Barnett Lane (019038-019066) |
| 87. | 06/10/99 | Letter from Jeffrey Harrison to Rebecca Hurley (Lane Document, 1 page) |
| 88. | 06/10/99 | Letter from Evans to Rowsey (018737-018738) w/ Management, Development and Marketing Agreement and Marketing and Listing Agreement (E00396-00424) |
| 89. | 06/11/99 | Master Development Budget (018890-018915) |
| 90. | 06/14/99 | Fax from Darrin Mossing, Dunes Community Development District Mgr. to Evans re bonds (018784-018796) |
| 91. | 06/15/99 | Handwritten notes by Evans of 06/15/99 meeting (018797-018798) |
| 92. | 06/15/99 | Fax from Plott to Evans, Kennedy, Whiting and Avil (018799-018806) |
| 93. | 06/15/99 | Handwritten notes by Rowsey (E07851 – E07881) |
| 94. | 06/17/99 | Handwritten notes by unknown (HD |

| | | | Document) |
|---|---|---|---|
| 95. | 06/17/99 | | Letter from Evans to Kennedy with draw package |
| 96. | 06/17/99 | | Letter from Hatzell to Evans (018809-018811) |
| 97. | 06/22/99 | | E-mail from Roberts to Kennedy (018817) |
| 98. | 06/24/99 | | E-mail from Roberts to Kennedy (018818) |
| 99. | 06/24/99 | | Lochmere's Funding Summary (BB4808-BB4809) |
| 100. | 06/24/99 | | Letter from Evans to Hatzell (018823-018824) with enclosures |
| 101. | 06/25/99 | | E-mail from Poppy Suarez of Eiger to Robert and Whiting (018819-018820) |
| 102. | 06/22/99 | | Conservative Case Analysis by Eiger (E00520 - E00548) |
| 103. | 06/28/99 | | Fax from Kennedy to Evans (018829-018831) |
| 104. | 07/06/99 | | Lochmere's Master Development Budget (019226-019251) |
| 105. | 07/12/99 | | Letter from Evans to Rowsey with 7/12/99 letters to Lane, Hatzell, Whiting with accompanying fax sheets |
| 106. | 07/13/99 | | Letter from Rowsey to Evans |
| 107. | 07/13/99 | | Letter from Rowsey to Gardner (E00431-E00432) |
| 108. | 07/21/99 | | Fax from Maureen Gorman of Mayer, Brown & Platt to Samaha (019128-019139) |
| 109. | 07/21/99 | | Fax from Lane to Rowsey (E05355) |

| 110. | 07/22/99 | Letter from Rick Kleeman of Starwood to Gardner |
| 111. | 07/23/99 | Letter from Evans to Kleeman (019126) |
| 112. | 07/23/99 | Purchase Agreement (Starwood Capital Group) to Gardner (011378-011462) |
| 113. | 07/23/99 | Letter from Gardner to Rowsey (ITT Document, 3 pages) |
| 114. | 07/23/99 | Letter from Rowsey to Evans, 10 pages |
| 115. | 07/24/99 | Fax from Rowsey to Lane (Lane production, 1 page) |
| 116. | 07/25/99 | Fax from Lane to Rowsey (Lane production, 1 page) |
| 117. | 07/28/99 | Rowsey memo to Eiger's Investment Committee (E01634-E01635) |
| 118. | 07/28/99 | Fax from Rowsey to Lane (Lane production, 2 pages) |
| 119. | 07/29/99 | Letter from Keith Bricklemyer to Rowsey |
| 120. | 07/29/99 | Letter from Keith Bricklemyer to Nicholas Whiting |
| 121. | 07/29/99 | Letter from Keith Bricklemyer to Joseph Hatzell |
| 122. | 07/29/99 | Letter from Keith Bricklemyer to David Lane |
| 123. | 07/29/99 | Executed Purchase Agreement between ITT and Dunes (E00965-E01054) |
| 124. | 08/04/99 | Letter from Frank Hill to Clerk with enclosure |
| 125. | 08/06/99 | Letter from Loewinsohn to Bricklemyer |

9

| 126. | 08/06/99 | Memo from Suarez to Eiger's Advisory Board (E08080-E08082) |
|---|---|---|
| 127. | 08/09/99 | Letter from Hatzell to Kennedy (E08073-E08076) |
| 128. | 08/10/99 | Memo from Rowsey to Eiger's Investment Committee (E08499-E08500) |
| 129. | 08/11/99 | Eiger Texas Complaint |
| 130. | 08/17/99 | Memo from Wm. Hipp of BankBoston to Mary-Etta Schneider (BB4749) |
| 131. | 08/18/99 | "Returns to Contributing Equity " (E11726) |
| 132. | 08/18/99 | Letter from Evans to Canterbury (018836-018838) |
| 133. | 08/19/99 | Letter from Canterbury to Evans (018839-018841) |
| 134. | 08/24/99 | Draft Net Profits Interest Agreement between HD Associates and David A. Lane Investments, Inc. (E05579-E05584) |
| 135. | 08/25/99 | Eiger's Base Case Investment Proforma (E07808-E07845) |
| 136. | 08/26/99 | Letter from Nicholas Whiting to Keith W. Bricklemyer |
| 137. | 08/26/99 | Fax from Rowsey to Lane (E05374-E05376) |
| 138. | 08/30/99 | Joseph J. Blake & Associates appraisal of Hammock Dunes (BB3658-BB4014) |
| 139. | 08/31/99 | Amended and Restated Agreement of Limited Partnership of HD Asso. (HD Transaction Binder No. 5, Item 3) |
| 140. | 09/02/99 | Letter from Samaha to Lawyer's Title (E05636-E05637) |

10

| 141. | 09/06/99 | Eiger's Hammock Dunes proforma #3 (E08228-E08262) |
| 142. | 09/08/99 | Letter from Evans to Kleeman (019127) |
| 143. | 11/30/99 | Unanimous Written Consent of Directors of Eiger, Inc. (E11608-11610) |
| 144. | 11/30/99 | Exhibit A to Senior Credit Agreement (E01884-E01911) |
| 145. | 11/30/99 | Indemnity Agreement from Eiger, H.D. Associates and Dunes Operating Company to BankBoston (E02270-E02275) |
| 146. | 11/30/99 | All documents within the Eiger, Inc./Hammock Dunes Transaction Binder |
| 147. | 12/03/99 | Lane's Finder Fee Agreement with Rowsey (E05741-E05761) |
| 148. | 12/31/00 | Unaudited financial statements of HD Associates (E11617-E11619) |
| 149. | 01/23/01 | Hammock Dunes Investment Pro Forma (E11624-E11676) |
| 150. | No Date | HD Associates/JTL Capital Deal Matrix (E05332-E05334) |
| 151. | 07/25/01 | Letter from Steve Kennedy to Robert Avil (E013379 – E013388) |
| 152. | 10/01/01 | Hammock Dunes Investment Proforma (E012902 - E012954) |

153.    All exhibits listed by any party to this action.

Gregory J. Orcutt, Esquire
Bricklemyer, Smolker & Bolves, P.A.
500 East Kennedy Blvd., Suite 200
Tampa, Florida 33602
Florida Bar No. 230855

11

(813) 223-3888
(813) 228-6422 - Fax
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent via facsimile

and U. S. Mail to the individuals listed on the Service List, this _____ day of November 2001.


_____
Gregory J. Orcutt


F:\docs\BDH\EIGER\Exhibit List (1a).doc

12

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC , a Florida Corporation, and
LOCHMERE REALTY, INC , a Florida
Corporation,

           Plaintiffs,

v.

                                           Case No . 8:00-cv-1026-T-27B

EIGER FUND I, L.P., et al

           Defendants.

_____/

## THE EIGER DEFENDANTS AND
## FLEET NATIONAL BANK'S CORRECTED EXHIBIT LIST

EIGER FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P., H.D.
ASSOCIATES, L P., DUNES OPERATING COMPANY, L P., 2M DUNES, L.L.C.,
PAUL E. ROWSEY, III, C TODD MILLER, DAVID M JACOBS, and WILLIAM S.
BUCHANAN (collectively the "Eiger Defendants") and Fleet National Bank f/k/a
BankBoston, N.A, ("BankBoston") file this their Exhibit List in accordance with the
Case Management and Scheduling Order and Fed R Civ. P. 26(a)(3).

## EXHIBIT EXPECTED TO BE OFFERED

| Exhibit No | Bate Nos | Document |
|---|---|---|
| 1 | L6846-7163 | Information sent by Lochmere to Joseph Blake and Associates |
| 2 | L7950 | Letter dated 1/4/99 to David Lane from John Kelly |

THE EIGER DEFENDANTS AND FLEET NATIONAL BANK'S
EXHIBIT LIST
                                              Page 1

| 3 | L7951-7958 | Letter to James Gardner from Wade Hopping dated 12/28/98 with attached Preliminary Environmental Findings for Hammock Dunes Second Golf Course |
| 4 | L7237 | Fax cover sheet to Robert Evans from Bob Dickinson dated 1/5/99 |
| 5 | L10125-10245 | Cushman Wakefield Confidential Offering Memorandum dated 11/25/97 |
| 6 | L11313-11315 | Memo to David Lane from Tom Kelly dated 4/10/98 |
| 7 | L11331-11353 | Hammock Dunes Cash Flow Projections Master Development Budget dated 4/14/99 |
| 8 | L11354-11355 | Letter to David Lane from Robert Evans dated 2/25/99 |
| 9 | L11356-11359 | Memo to Robert Evans from David Lane 12/30/98 |
| 10 | L11368 | Letter dated 7/2./99 to Merrick Kleeman from Robert Evans |
| 11 | L 11371 | Check dated 7/23/99 in the amount of $125,000.00 payable to Starwood Capital signed by Robert Evans |
| 12 | L11372 | Copy of federal express bill dated 7/23/99 to Robert Evans from Rick Kleeman |
| 13 | L11376-11378 | Letter dated 7/22/99 to James Gardner from Merrick Kleeman of Starwood |
| 14 | L11379-11462 | Agreement for Sale and Purchase between ITT Community Development and ITT Land Corporation and Starwood Development dated July 1999 |
| 15 | L11478-11497 | Letter dated 6/30/98 to David Lane from Robert Evans with attached agreement for services with Canterbury Engineering |
| 16 | L 12167-12168 | Letter dated 4/27/99 to David Lane from James Gardner |
| 17 | L12277 | Letter from Amanda Brinegar to David Lane dated 8/4/98 |
| 18 | L17579-17580 | Letter from Amy Olson to Robert Evans dated 9/29/98 |
| 19 | L17595 | Letter dated 8/5/98 to David Lane from Robert Cuff with |
| 20 | L17596-17687 | Agreement for Sale and Purchase dated August 5, 1998 |
| 21 | L17688-17698 | Letter to Amy Olson from Amanda Brinegar dated 8/10/98 |
| 22 | L17699-17701 | Letter to Amy Olson from Amanda Brinegar dated 8/7/98 |

THE EIGER DEFENDANTS AND FLEET NATIONAL BANK'S
EXHIBIT LIST

Page 2

| 23 | L17702-17703 | Fax to David Lane from Jim Gardner Dated 8/13/98 |
| 24 | L17714-17716 | Fax to Amanda from Libbie Butler dated 8/14/98 with attached letter dated 8/13/98 to Amy Olson and Hilary Spann from Vicki DeLaughter |
| 25 | L 17718 | Invoice to Barnett Lane Investments dated 9/14/98 from PricewaterhouseCoopers |
| 26 | L 17722-17724 | Memo from Amy Olson, Tim Dick, Hilary Spann to Bob Evans dated 8/21/98 |
| 27 | L17757-17770 | Memo dated 8/23/98 to Mr. Robert Evans from Steven Samaha |
| 28 | L17771-17774 | Letter dated 7/2/98 to David Lane from Robert Evans |
| 29 | L17848-17862 | Letter dated 5/26/98 to Robert Evans from Robert Dickinson with attachments |
| 30 | L17878-17879 | Letter to Kevin Partel from Robert Evans dated 4/17/98 with attached signed fee agreement |
| 31 | L17902-17903 | Letter from Steve Samaha to David Lane dated 3/18/98 |
| 32 | L17904-17909 | Memo from Steve Millham to David Lane dated 3/6/98 |
| 33 | L17920-17921 | Letter to David Lane & Stephen Millham from Robert Evans dated 10/6/98 |
| 34 | L17924-17928 | Fax to Jim Gardner, Bob Evans and Steve Samaha from David Lane dated 10/9/98 |
| 35 | L17967-17969 | Fax to Amy Olson from Kerry Roberts dated 10/22/98 |
| 36 | L17976-17977 | Fax to Amy Olson from Kerry Roberts dated 10/23/98 |
| 37 | L18003-18011 | Letter dated 10/28/98 to Bob Evans from Amy Olson |
| 38 | L18012-18013 | Letter dated 11/1/98 to David Lane from Robert Evans with fax cover page |
| 39 | L18014-18021 | Fax dated 10/30/98 to Bob Evans from David Lane with attached billing from Canterburry Engineering; Fax dated 10/29/98 to David Lane from Steve Samaha with attached statement for services from Annis, Mitchell, Cockey, Edwards & Roehn |
| 40 | L18043-18046 | Letter to James Gardner from David Lane dated 11/5/98 |
| 41 | L18061-18065 | Letter to James Gardner from David Lane dated 11/11/98 |
| 42 | L18075-18078 | Letter from James Gardner to David Lane dated 11/16/98 |

THE EIGER DEFENDANTS AND FLEET NATIONAL BANK'S
EXHIBIT LIST

| 43 | L18081-18085 | Fax to Steve Millham, Bob Evans and Steve Samaha from David Lane dated 11/18/98 |
|----|--------------|---------------------------------------------------------------------------------|
| 44 | L18086-18088 | Second Amendment to Agreement for Sale and Purchase dated 11/23/98 |
| 45 | L18089-18252 | Asset Advisory Services performed for Hammock Dunes as of 11/16/98 from PricewaterhouseCoopers |
| 46 | L18253-18254 | Letter to James Gardner from David Lane dated 12/2/98 |
| 47 | L18278-18279 | Letter to David Lane from James Gardner dated 12/22/98 |
| 48 | L18321-18322 | Letter to Robert Evans from Paul Rowsey dated 3/24/99 |
| 49 | L18323-18324 | Fax dated 3/24/99 to Bob Evans from David Lane with attached letter to Paul Rowsey from Robert Evans dated 3/24/99 |
| 50 | L18339-18340 | Fax to Bob Evans and David Lane from Paul Rowsey dated 4/18/99 |
| 51 | L18341 | Letter to David Lane from Robert Evans dated 4/14/99 |
| 52 | L18437-18440 | Letter dated 4/22/99 to ITT Community Development Corporation from David Lane and Paul Rowsey |
| 53 | L 18454-18456 | Fax dated 4/27/99 to Paul Rowsey, Mark Vankirk, Bob Evans, and Steve Samaha from David Lane with attached letter dated 4/27/99 to David Lane from James Gardner of ITT |
| 54 | L18460-18463 | Letter dated 4/30/99 to ITT Community Development Corporation from David Lane and Paul Rowsey with fax cover page |
| 55 | L18374 | Letter to Richard Blunk from Steve Samaha dated 4/16/99 |
| 56 | L18375-18376 | Fax to Bob Evans from David Lane dated 4/17/99 with attached copy of Projected Cash Receipts from Land Sales |
| 57 | L18400-18436 | Fax to Robert Evans from Robert Cannurburry dated 4/21/99 with attached cost spreadsheets |
| 58 | L18441-18446 | Fax to Robert Evans from Steve Nielsen dated 4/23/99 |
| 59 | L18447-18453 | Letter to Steve Nielsen from Robert Evans with Proposal and Contract prepared by EMS dated 4/23/99 |

THE EIGER DEFENDANTS AND FLEET NATIONAL BANK'S
EXHIBIT LIST

| 60 | L18464-18472 | Letter to Steve Kennedy from Robert Evans dated 5/3/99 with attached preliminary site plans |
|---|---|---|
| 61 | L18555-18566 | Letter dated 5/14/99 to David Lane from Robert Evans with attached invoices from Canterbury and Annis, Mitchell, Cockey, Edwards and Roehn |
| 62 | L18622-18626 | Letter dated 5/24/99 to Robert Evans from Ralph Bowden with attached invoice |
| 63 | L18737-18738 | Letter to Paul Rowsey from Robert Evans dated 6/10/99 |
| 64 | L18823-18824 | Letter to Robert Evans to Joseph Hatzell dated 6/24/99 |
| 65 | L18839-18841 | Letter from Robert Canterbury to David Lane dated 8/19/99 |
| 66 | L18842-18846 | Notes to L. Martin from JV Kelly dated 4/7/98 with attached cost proposal and job order; letter dated 4/3/98 to Robert Evans from Robert Dickinson and fee agreement |
| 67 | L18916-18920 | Letter dated 3/30/99 to Paul Rowsey from Amanda Brinegar |
| 68 | L19063-19066 | Unsigned Marketing and Listing Agreement between Barnett Lane and Lochmere |
| 69 | L19067-19099 | Fax to Bob Evans from Keith Bricklemyer dated 4/14/99 with attached copy of redline version of the Management Development and Marketing Agreement between Lochmere and Barnett Lane |
| 70 | L19100-19125 | Fax to Bob Evans from Keith Bricklemyer dated 4/14/99 with attached copy of Management Development and Marketing Agreement between Lochmere and Barnett Lane Investments dated 4/14/99 |
| 71 | L19226-19251 | Hammock Dunes Cash Flow Projections Master Development Budget – 7/6/01 |
| 72 | E 0001-0055 | Environmental Site Assessment Phase 1 for Hammock Dunes Multi-Pack Parcel |
| 73 | E0392-395 | Fax to David Lane from Bob Evans dated 5/10/99 |
| 74 | E0421-424 | Unsigned Marketing and Listing Agreement between HD Associates and Lochmere |
| 75 | E0431-432 | Letter to James Gardner from Paul Rowsey dated 7/13/99 |
| 76 | E 0437-0438 | Letter to Paul Rowsey from James Gardner dated 7/23/99 |
| 77 | E0491-0519 | Executive Summary cover sheet with monthly financial statements for 1999 |

THE EIGER DEFENDANTS AND FLEET NATIONAL BANK'S
EXHIBIT LIST

| 78 | E0520-0548 | Hammock Dunes Conservative Case dated 6/22/99 |
|----|-----------|-----------|
| 79 | E0676-0700 | Fax to Steve Kennedy from David Lane dated 4/27/99 with attached Cash Flow Projections Master Development Budget |
| 80 | E0777-0778 | Fax to Paul Rowsey from Bob Evans dated 3/24/99 with attached letter to Paul Rowsey from Robert Evans dated 3/24/99 |
| 81 | E0841 | Memo to Due Diligence File from Paul Rowsey dated 5/6/99 |
| 82 | E0854 | Fax to Paul Rowsey & David Lane from C. Callea dated 4/28/99 |
| 83 | E0965-1202 | Agreement for Sale and Purchase between ITT Community Development Corporation and ITT Land Corporation and Dunes Operating Company dated 7/29/99 |
| 84 | E1631-1633 | JTL Capital Hammock Dunes Expenses as of August 31, 1999; General Ledger Consolidated Statement for 11/97-8/99 |
| 85 | E1636-1659 | Cash Flow Projections Master Development Budget dated 4/26/99 with notes |
| 86 | E1660-1686 | Letter dated 6/7/99 to Steven Kennedy from Robert Evans with attached Cash Flow Projections Master Development Budget dated 5/26/99 |
| 87 | E1687-1712 | Hammock Dunes Cash Flow Projections Master Development Budget dated 6/11/99 |
| 88 | E1762-1765 | Hammock Dunes Pro Forma 3 year Pro Forma existing inventory as of March 1, 1999 |
| 89 | E1766-1771 | Memo to Advisory Board from Paul Rowsey dated 4/15/99 |
| 90 | E1772-1773 | Invoice dated 5/26/99 to Environmental Management Systems, Inc. to JTL Capital |
| 91 | E1781-1791 | Memo to Robert Evans, Paul Rowsey, Ralph Bowden and David Lane from Michael Sim dated 5/20/99 with report of meeting dated 5/13/99 attached |
| 92 | E1798-1957 | Senior Secured Facilities Credit Agreement between HD Associates and Dunes Operating and BankBoston and Other Lenders and Bank Boston dated 11/30/99 |
| 93 | E5142 | Letter dated 8/6/99 to Keith Bricklemyer from Alan Loewinsohn |
| 94 | E5352-5354 | Fax to Penn Hodge from David Lane dated 3/30/98 |

| 95 | E5373 | Memo from Paul Rowsey to David Lane dated 9/13/99 |
|---|---|---|
| 96 | E5742-5749 | Lane Finders Fee agreement file - Letter dated 8/13/99 to Paul Rowsey from W. Audie Long; Finders fee letter dated 12/3/99 to Greendale Realty and Monarch Partners signed by HD Associates, Greendale Realty Corp. and Monarch Partners; letter dated 8/13/99 to Paul Rowsey from W. Audie Long; Letter to Paul Rowsey from Penn Hodge |
| 97 | E6027-6029 | Internet article: Flagler sorts out dispute with ITT by Megan Reisner dated 11/20/99 |
| 98 | E7354-7356 | Fifth Amendment to Agreement For Sale and Purchase dated 10/14/99 between ITT, Admiral, ITT Land and Dunes |
| 99 | E7358-7360 | Third Amendment to Agreement to Purchase and Sale dated 9/23/99 |
| 100 | E7362-7372 | Second Amendment to Agreement to Purchase and Sale dated 9/9/99 |
| 101 | E7374-7379 | First Amendment to Agreement for Sale and Purchase dated 8/30/99 |
| 102 | E7756-7759 | Memo to Paul Rowsey from David Lane with attached copy of 3 year Pro Forma existing inventory as of 3/1/99 |
| 103 | E7760-7775 | Memo to Paul Rowsey from David Lane dated 3/18/99; Memo to Gene Phillips from David Lane dated 3/18/99; Memo to James Gardner from David Lane dated 3/18/99; Letter dated 3/17/99 to David Lane from Joseph O'Shields |
| 104 | E7847-7850 | Newspaper article: What Impasse Halts Projects in Hammock Dunes by Michael Sasso |
| 105 | E8074-8076 | Letter dated 8/9/99 to Steve Kennedy from Joseph Hatzell |
| 106 | E8099-8118 | Fax dated 11/23/99 to Steve Kennedy from Chuck Callea with attached drafts of pro forma adjustments and proration of expenses; real estate taxes; operating expenses after 9/7/99; Exhibit V schedule of lots sold between 2/15/99 and 9/7/99 – revised 11/23/99; Schedule of lots sold after 9/7/99 revised 11/23/99; Schedule of pending sales revised 11/23/99; Hammock Dunes Phase 1 Sale as of 9/6/99 revised 11/11/99; Hammock Dunes Club Settlements as of 9/6/99 revised 11/11/99 |

| 107 | E8159-8170 | Fax to Paul Rowsey from David Lane dated 12/8/99 with attached letter dated 9/99 to HD Associates from David Lane |
| 108 | E8762-8773 | Letter dated 8/17/99 to Poppy Suarez from Robert Canterbury with attached copy of preliminary engineer's estimate of probable construction costs for the various parcels; fax dated 8/23/99 to Paul Rowsey from David Lane with attached letter dated 8/19/99 from Canterbury Engineering to David Lane and Robert Evans |
| 109 | E10305-10310 | Closing Statement of Seller: ITT Community Development Corp., and ITT Land Corp. – Buyer HD Associates dated 11/30/99 |
| 110 | E10345 | E-mail to Steve Kennedy from Paul Rowsey dated 4/20/99 |
| 111 | E11575-11602 | Hammock Dunes Bank Boston Funding Summary |
| 112 | Evans 2736 | Letter to David Lane from Amanda Brinegar dated 7/28/98 |
| 113 | Evans 2739-2745 | Letter dated 7/21/98 to David Lane from PricewaterhouseCoopers |
| 114 | Evans 2874-2876 | Letter dated 8/21/98 to David Lane and Stephen Millham from Robert Evans |
| 115 | Evans 2879-2881 | Letter dated 9/2/98 to David Lane and Stephen Millham from Robert Evans |
| 116 | Evans 2908 | Fax to Bob Evans from Amy Olson dated 10/6/98 |
| 117 | Evans 2963-2973 | Annis, Mitchell, Cockey, Edwards & Roehn invoice to Barnett Lane dated 12/2/98 |
| 118 | Evans 4386 | Memo to Robert Evans from David Lane dated 7/14/99 |
| 119 | Evans 4395-4398 | Letter to Robert Evans from Paul Rowsey dated 7/13/99 |
| 120 | Evans 4479-4480 | Letter to Paul Rowsey from Robert Evans dated 7/12/99 |
| 121 | Evans 5130-5153 | Unsigned Management, Development and Marketing Agreement between Lochmere and HD Associates |
| 122 | Evans 5154-5155 | Letter dated 6/8/99 to Robert Evans from Paul Rowsey |
| 123 | Evans 5316 | Invoice to David Lane from Canterbury Engineering dated 5/3/99 |
| 124 | Evans 5490 | Letter dated April 14, 1999 to David Lane from Robert Evans |

| 125 | Evans 5571 | Unsigned Management, Development and Marketing Agreement between Lochmere and Barnett |
| 126 | BB3660-4014 | Appraisal Report of the Hammock Dunes Planned Unity Development located in Palm Coast Florida for Steve Collins by Joseph Blake and Associates dated 8/30/99 |
| 127 | BB4021-4049 | Memo to William Hipp from Nick Whiting dated 9/3/99 |
| 128 | BB 4132-4139 | Memo to Nick Whiting from Steve Collins and David Westcott dated 9/13/99 |
| 129 | BB4467-4601 | Letter dated 5/3/99 to Nick Whiting from Paul Rowsey with attached Updated Community Overview and Product Synopsis, including current pricing; current neighborhood/lot status report; Quarterly sales data (4Q '97-April.'99) and updated site plan showing sales and construction information |
| 130 | BB4612-4615 | Fourth Amendment and Standstill Agreement Regarding Agreement for Sale and Purchase |
| 131 | BB5121-5136 | Credit Request Summary Borrower HD Associates dated 8/24/99 |
| 132 | Rowsey Deposition Exhibit 32 | Letter dated 7/23/99 to Robert Evans from Paul Rowsey with attached copy of Plaintiff's Original Petition |
| 133 | No bates numbers | Resume of Edward Montgomery |
| 134 | No bates numbers | Report of Edward Montgomery |
| 135 | Montgomery Deposition Exhibit 1 | Notes of Edward Montgomery |
| 136 | No bates numbers | Resume of Joel Roebuck |
| 137 | No bates numbers | Report of Joel Roebuck |

## EXHIBITS WHICH MAY BE USED IF THE NEED ARISES

| Exhibit No | Bate Nos. | Document |
| --- | --- | --- |
| 138 | L11283 | Hammock Dunes Realty Staffing; Lochmere Development Staffing |
| 139 | L18029 | Memo to Bob Evans and Steven Millham from David Lane dated 11/2/98 |
| 140 | L 18839-18841 | Fax to Robert Evans from Robert Canterburry dated 8/19/99 with attached letter to David Lane and Robert Evans from Robert Canterbury dated 8/19/99 |

THE EIGER DEFENDANTS AND FLEET NATIONAL BANK'S
EXHIBIT LIST

| 141 | E2270-2275 | Indemnity Agreement dated 11/30/99 |
|---|---|---|
| 142 | E11736-11814 | Letter dated 12/20/00 to Robert Avil and Elizabeth Keady re: Correction to Draw Request #4 and Draw Request #5 |
| 143 | E11815-11850 | Letter dated 10/11/00 to Robert Avil and Elizabeth Keady re: Draw Request #4 |
| 144 | E11851-11880 | Letter dated 7/02/00 to Robert Avil and Elizabeth Keady re: Draw Request #3 |
| 145 | E11881-11900 | Letter dated 5/12/00 to Robert Avil and Elizabeth Keady re: Draw Request #2 |
| 146 | E11901-11918 | Letter dated 2/11/00 Letter to Robert Avil and Elizabeth Keady re: Draw Request #1 |
| 147 | E12955-13022 | Letter dated 7/02/01 to Robert Avil and Carol Murray re: Draw Request #6 |
| 148 | E13324-13378 | Letter dated 7/25/01 to Robert Avil and Carol Murray re: Draw Request #7 |
| 149 | E13444-13482 | Letter dated 10/11/01 to Robert Avil and Carol Murray re: Draw Request #9 |
| 150 | E13483-13485 | Sixth Amendment to Agreement For Sale and Purchase dated 11/30/99 between ITT Community Corp., Admiral Corporation, Corprop A&F, Inc., ITT Land Corporation and Dunes Operating Company, L.P. |
| 151 | E13486-13530 | Letter dated 9/05/01 to Robert Avil and Carol Murray re: Draw Request #8 |
| 152 | BB4811-BB4821 | Memo to Mark Basham and Bob Avil from Paul Rowsey dated 5/3/99 with attached Hammock Dunes Conservative Case dated 6/25/99 |
| 153 | No bates numbers | Letter dated 1/28/98 to Willy Montes de Oca from Jim Gardner with attached Letter dated 1/22/98 to Lawrence Martin from Stephen Millham |
| 154 | No bates numbers | Letter dated 3/20/98 to Jim Gardner, Sam Butler, Chuck Callea, Bob Cuff, Vickie DeLaughter, Jack Kelly from Larry Martin |
| 155 | No bates numbers | Letter dated 2/12/99 to Jim Gardner from Larry Martin |
| 156 | No bates numbers | Memo dated 1/28/98 to Willy Montes de Oca from Jim Gardner |
| 157 | No bates numbers | Letter dated 1/27/98 to Lawrence Martin from David Lane with attached additional information about the Barnett Lane company |
| 158 | No bates numbers | Memo dated 1/9/98 to Jim Gardner, Sam Butler, Chuck Callea and Bob Cuff from Larry Martin with attached letter dated 1/9/98 to Lawrence Martin from David Lane |

THE EIGER DEFENDANTS AND FLEET NATIONAL BANK'S
EXHIBIT LIST

| 159 | No bates numbers | 12/22/99 Notes to initials JEG, SLB, CJC, RGC, JVK from L. Martin with attached letter dated 12/19/97 to Lawrence Martin from David Lane |
|---|---|---|
| 160 | No bates numbers | Letter dated 2/26/99 to Paul Galant from Charles Callea with attached update of financial pro forma dated 12/31/98 |
| 161 | No bates numbers | Memo dated 7/25/97 to Jon Hodnett from Larry Martin with attached Agreement for Sale and Purchase between ITT Community Development Corporation, Admiral Corporation, ITT Land Corporation and J.E. Robert Company dated 7/18/97 |
| 162 | No bates numbers | 8/27/99 Letter to James Gardner from Paul Rowsey |
| 163 | No bates numbers | E-mail to Marsha Isham from Paul Rowsey dated 7/13/99 |
| 164 | No bates numbers | Fax cover page dated 5/18/99 to David Lane from Jim Gardner |
| 165 | No bates numbers | Fax to Jim Gardner from David Lane with attached Memo to David Lane, Bob Evans, Paul Rowsey and Mark VanKirk from Steve Samaha dated 5/17/99 |
| 166 | No bates numbers | Special Appearance filed by Lochmere Development Group, Inc. dated September 7, 1999 in cause no. 99-05629-K, styled *Eiger, Inc. et al v. Lochmere Development Group, Inc.*, pending in the 192nd Judicial District Court of Dallas County, Texas |
| 167 | No bates numbers | Amended Special Appearance filed by Lochmere Development Group, Inc. dated April 3, 2000 in cause no. 99-05629-K, styled *Eiger, Inc. et al v. Lochmere Development Group, Inc.*, pending in the 192nd Judicial District Court of Dallas County, Texas |
| 168 | No bates numbers | Special Appearance filed by Lochmere Realty, Inc. dated May 1, 2000 in cause no. 99-05629-K, styled *Eiger, Inc. et al v. Lochmere Development Group, Inc.*, pending in the 192nd Judicial District Court of Dallas County, Texas |

| 169 | No bates numbers | Amended Special Appearance filed by Lochmere Realty, Inc. dated May 3, 2000 in cause no. 99-05629-K, styled *Eiger, Inc. et al v. Lochmere Development Group, Inc.*, pending in the 192nd Judicial District Court of Dallas County, Texas |
| --- | --- | --- |
| 170 | No bates numbers | Affidavit of Robert Evans dated March 8, 2000 |
| 171 | No bates numbers | Affidavit of Robert Evans dated March 31, 2000 |
| 172 | No bates numbers | Affidavit of Robert Evans dated June 9, 2000 |
| 173 | No bates numbers | ORDER signed August 3, 2000 in cause no. 99-05629-K, styled *Eiger, Inc. et al v. Lochmere Development Group, Inc.*, pending in the 192nd Judicial District Court of Dallas County, Texas |
| 174 | No bates numbers | OPINION of the Fifth Court of Appeals (Dallas, Texas) in cause no. 05-00-01332-CV styled *LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE REALTY, INC., Appellants vs. EIGER, INC., EIGER FUND, I, L.P., EIGER PARTNERS, L.P., H.D. ASSOCIATES, L.P., PAUL E. ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS, and WILLIAM S. BUCHANAN*, Issued April 19, 2001 |
| 175 | No bates numbers | JUDGMENT of the Fifth Court of Appeals (Dallas, Texas) in cause no. 05-00-01332-CV styled *LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE REALTY, INC., Appellants vs. EIGER, INC., EIGER FUND, I, L.P., EIGER PARTNERS, L.P., H.D. ASSOCIATES, L.P., PAUL E. ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS, and WILLIAM S. BUCHANAN*, Entered April 19, 2001 |
| 176 | No bates numbers | Lochmere Realty's Answers to Interrogatories in cause no. 99-05629-K, styled *Eiger, Inc. et al v. Lochmere Development Group, Inc.*, pending in the 192nd Judicial District Court of Dallas County, Texas |
| 177 | No bates numbers | Texas Supreme Court notice of dismissal for want of jurisdiction dated August 23, 2001 |
| 178 | Evans Deposition Exhibit 6 | Defendant Lochmere's Objections and Supplemental Answers to Plaintiff Eiger First Set of Interrogatories dated 3/13/00 |

| 179 | | Defendant Lochmere's Objections and Second Supplemental Answers to Plaintiff Eiger First Set of Interrogatories dated 8/8/01 |
|---|---|---|
| 180 | | Defendant Lochmere's Objections and Answers to Plaintiff Eiger, Inc's First Set of Interrogatories dated 9/27/00 |
| 181 | Kleeman Deposition Exhibit 3 | Notes of Kleeman dated 7/6/99 |
| 182 | Kleeman Deposition Exhibit 4 | Notes of Kleeman |
| 183 | Kleeman Deposition Exhibit 5 | Notes of Kleeman dated 7/7/99 |
| 184 | Kleeman Deposition Exhibit 7 | Master Development Budget dated 7/22/99 |
| 185 | Kleeman Deposition Exhibit 8 | Master Development Budget dated 7/22/99 – Projected Cash Receipts from Land Sales |
| 186 | Kleeman Deposition Exhibit 9 | Master Development Budget dated 7/22/99 Scenario 3 – Cash Flow Projections |
| 187 | Kleeman Deposition Exhibit 10 | Master Development Budget dated 7/22/99 Scenario 4 |
| 188 | Kleeman Deposition Exhibit 11 | Master Development Budget dated 7/22/99 Scenario 2 |
| 189 | Kleeman Deposition Exhibit 12 | Master Development Budget dated 7/22/99 Scenario 3 |
| 190 | Kleeman Deposition Exhibit 13 | Master Development Budget Scenario 1 – Absorption Projection Schedule |
| 191 | Kleeman Deposition Exhibit 14 | Lochmere Notebook titled Hammock Dunes |
| 192 | Rowsey Deposition Exhibit 1 | Amended and Restated Agreement of Limited Partnership of HD Associates, L.P. – a Delaware Partnership – Execution Draft with exhibit: Exhibit A chart showing- Name & Address, Initial Capital Contribution, Percentage Share |
| 193 | Rowsey Deposition Exhibit 4 | Agreement of Limited Partnership of HD Associates, L.P. a Delaware Limited Partnership; Exhibit A: chart with Name and Address, Initial Capital Contribution, Percentage Share |
| 194 | Whitley Deposition Exhibit 4 | Consolidated cash flow analysis 8/12/96 |
| 195 | Whitley Deposition Exhibit 5 | Hammock Dunes Consolidated Cash Flow Analysis dated 11/25/96 |
| 196 | Whitley Deposition Exhibit 6 | Consolidated cash flow analysis 8/27/96 |
| 197 | Whitely Deposition Exhibit 7 | Hammock Dunes contract 7/18/97 |

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P.
Daniel F. Molony
Florida Bar No. 271330
201 E. Kennedy, Suite 601
Tampa, Florida 33602
(813) 202-7100 Phone
(813) 221-8837 Facsimile

PEZZULLI & LOEWINSOHN, L.L.P.

By: _____
Alan S. Loewinsohn
State Bar No. 12481600
Carol E. Farquhar
State Bar No. 06828300
18383 Preston Road, Suite 110
Dallas, TX 75252
(972) 713-1300 Phone
(972) 713-1313 Facsimile

ATTORNEYS FOR EIGER FUND I, L.P.,
EIGER, INC., EIGER PARTNERS, L.P.
H.D. ASSOCIATES, L.P., PAUL E.
ROWSEY, III, C. TODD MILLER,
DAVID M. JACOBS, and WILLIAM S.
BUCHANAN


HALEY, SINAGRA & PEREZ
Dora Kaufman, Esq.
Florida Bar No. 771244
100 SE 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394
(954) 467-1300  Phone
(954) 467-1372  Facsimile

COUNSEL FOR FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.


THE EIGER DEFENDANTS AND FLEET NATIONAL BANK'S
EXHIBIT LIST                                                    Page 14

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served on the following counsel of record on this 31st day of October, 2001, via the method indicated:

Gregory J. Orcutt                          Via Telecopy
Bricklemyer, Smolker & Bolves, P.A.
500 E. Kennedy Blvd. Ste. 200
Tampa, Florida 33602

Alan M. Gerlach                            Via Telecopy
Broad & Cassel
390 N. Orange Avenue, Suite 1100
Orlando, FL 32801

John W. Greene                             Via Telecopy
Hill Gilstrap
1400 West Abram
Arlington, TX 76013

THE EIGER DEFENDANTS AND FLEET NATIONAL BANK'S
EXHIBIT LIST                                                    Page 15

81727732·   ___L GILSTRAP                    287 P02/16 OCT 29 '01 11:22

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| LOCHMERE DEVELOPMENT GROUP, INC., and LOCHMERE REALTY, INC.,<br><br>    Plaintiffs<br><br>v<br><br>H.D. ASSOCIATES, L P., a Delaware Limited Partnership by and through its general partners DUNES OPERATING COMPANY, L.P., a Delaware Limited Partnership and EIGER, INC., a Delaware Corporation 2M DUNES, L.L C., a Texas Limited Liability Company, DAVID LANE, an Individual; BARNETT LANE INVESTMENTS, INC., a Texas Corporation; JTL CAPITAL, L L.C . A Texas Limited Liability Company; FLEET NATIONAL BANK, N A , a National Banking Association; PAUL E ROWSEY, III, an Individual; C. TODD MILLER, an Individual; DAVID M JACOBS, an Individual, and, WILLIAM S BUCHANAN, an Individual,<br><br>    Defendants | § § § § § § § § § § § § § § § § § § § § § § § § § § § §   CASE NO. 8:00-CV-1026-T-27B<br><br>STATE COURT NO 00-02525/Div 1 |

## DEFENDANTS DAVID LANE, BARNETT LANE INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.'S EXHIBIT LIST

1. "Eiger, Inc. Hammock Dunes transaction November 30, 1999" binder

2. Letter from Steve Millham to David Lane 3-16-98 (5 pages)

3. Letter from Lochmere, Robert D Evans, President, to David Lane and Stephen Millham 8-21-98 (3 pages)

4. Letter from Lochmere, Robert D. Evans, President, to David Lane and Stephen Millham 9-2-98 (3 pages)

5. Letter from David Lane to Gene Phillips 3-18-99 (1 page)

6. Letter from David Lane to Jim Gardner 3-18-99 (1 page)

*DEFENDANTS' EXHIBIT LIST*                                         Page 1

81727732₄.   HILL GILSTRAP                    287 P03/16 OCT 29 '01  11:22

7       Letter from Amanda Brinegar to Michael Bogle 3-2-99  (3 pages)

8       Letter from Robert D. Evans to David Lane 4-14-99  (1 page)

9.      "Management, Development and Marketing Agreement dated April ____, 1999"
        (Lochmere 019101-019125)

10.     Letter from Paul Rowsey and David Lane to ITT Community Development Corp
        4-22-99  (3 pages)

11.     Letter from Steve Samaha to Bob Evans, et al 5-25-99  (2 pages)

12.     Letter from Paul Rowsey to Robert Evans 6-8-99  (2 pages)

13.     "Management, Development and Marketing Agreement by and between Lochmere
        Development Group, Inc., a Florida Corporation and H.D. Associates, L.P., a Delaware
        Limited Partnership dated June ____, 1999"  (25 pages)  (Evans 05130-05152)

14.     Letter from Lochmere, Robert D Evans, President, to Paul Rowsey 7-12-99  (2 pages)

15.     Letter from Paul Rowsey to Lochmere 7-13-99  (4 pages)

16.     Letter from Keith Bricklemeyer to Paul Rowsey 7-29-99  (2 pages)

17      "Marketing and Listing Agreement" ____ day of June 1999  (E00421-E00424)

18.     "Hammock Dunes Cash Flow Projections – 6-11-99"  (E01687 – E01712)

19.     Notes  (Lochmere 018797-018798)

20.     "Hammock Dunes Cash Flow Projections – 4-14-99"  (Lochmere 011331-011349)

21      "Hammock Dunes Cash Flow Projections – 4-26-99"  (E00676-00699)

22      Letter from Lochmere to Steven Kennedy 6-7-99 with attached Master Development
        Budget  (E01660-01686)

23.     Letter from Robert Evans to David Lane 5-14-99  (Evans 05318)

24      "Agreement For Sale and Purchase By and Between ITT Community Development
        Corporation et al and Starwood Dues, L.L.C"  (Lochmere 011378-011462)

25      Letter from Robert Evans to Kevin Partel 4-17-98  (Lochmere 017878-017879)

26.     Letter from David Lane to Paul Rowsey 3-29-99  (E07756-07759)

27.     Letter from Steve Samaha to Richard Blunk 4-16-99  (Lochmere 018374)

28. Check from J.T.L. Capital to Barnett Lane Investments for $227,472.24 with supporting ledger sheets (3 pages)

29. Ledger sheet of JTL Capital, L L C./Hammock Dunes expenses as of August 31, 1999 (3 pages)

30. Agreement and Assignment of Partnership Interest DAL Dunes, L P./Jortay, Ltd (2 pages)

31. Letter from Paul Rowsey to David Lane 7-28-99 (1 page)

32. Letter from James Gardner to Paul Rowsey 7-23-99 (2 pages)

33. Letter from Paul Rowsey to David Lane with Organizational Chart 8-26-99 (3 pages)

34. Letter from Robert Evans to David Lane 7-12-99 with enclosure (3 pages)

35. Hammock Dunes Deal Matrix (1 page)

36. Memo from Nicholas Whiting and Bob Avil to Marketing Committee 6-3-99 (BB5203-5205)

37. Lochmere letter to David Lane and Stephen Millham 11-2-98 (Lochmere 018022-018027)

38. Letter from Lochmere to David Lane 3-24-98 (Lochmere 017895-017898)

39. Letter from Lochmere to Paul Rowsey 6-10-99 (Lochmere 018737-018738)

40. Letter from Steve Kennedy to Robert Evans 6-28-99 (Lochmere 018829-018831)

41 Exhibits to Senior Secured Credit Agreement (E01884-E01911)

42 Memorandum to Advisory Board, Eiger Fund from Poppy Suarez and Steve Kennedy 8-6-99 (E08080-08082)

43. Memo from Poppy Suarez to Advisory Board, Eiger Fund 5-11-99 (E00755-00757)

44 Hammock Dunes Cash Flow Projections 6-11-99 (Lochmere 018890-018915)

45. Hammock Dunes Cash Flow Projections/Conservative Case 6-22-99 (E00520-00548)

46. Hammock Dunes Cash Flow Projections 4-14-99 (E01734-E01756)

47. Pricewaterhouse Coopers Asset Advisory services performed for Hammock Dunes 11-16-98 (Lochmere 018089-018252)

48. Letter from Robert Dickinson to Robert Evans 5-26-98 (Lochmere 017848-017862)

8172773249       GILSTRAP                              287 P05/16 OCT 29 '01 11:22

49.     Letter from David Lane to Bob Evans and Stephen Millham 11-2-98
        (Lochmere 018028-018032)

50      "Lane Finders Fee Agreement" (E05741-05761)

51.     Hammock Dunes returns to contributing equity (E11726) (2 pages)

52.     Letter from David Lane to Jim Gardner 10-2-98 (3 pages)

53.     Letter from Jon Hodnett to Bob Tucker 11-15-96 (5 pages)

54.     Memorandum from Bob Whitney to Tom Wasp 8-2-96 (2 pages)

55      Letter from Bob Whitney to John Hodnett 8-13-96 (2 pages)

56.     Letter from Larry Alexander to Bob Whitney 1-6-97 (7 pages)

57      Letter from Lawrence Martin to Thomas Wasp 11-27-96 (4 pages)

58.     Hammock Dunes consolidated cash flow analysis 11-25-96 (24 pages)

59.     Hammock Dunes consolidated cash flow analysis 8-27-96 (24 pages)

60.     Hammock Dunes investment proforma 1-23-01 (E11624-11676)

61.     Letter to ITT Community Development from David Lane and Paul Rowsey 4-22-99
        (Lochmere 018437-018440)

62.     Amended and Restated Agreement of Limited Partnership of H D Associates. L P
        (44 pages)

63.     Letter from Paul Rowsey to James Gardner 7-13-99 (E00431-00432)

64.     Notes and Funding Chart (Lochmere 018797-018798)

65.     Letter from Lochmere to Paul Rowsey 6-10-99 (Lochmere 018737-018738)

- 66    Hammock Dunes contract 7-18-97 (Exhibit 7 to Whitney deposition)

- 67    Letter from Robert Evans to Bob Whitney and Tucker Fredrickson 5-24-01 (3 pages)

-68     Agreement for Sale and Purchase by and between ITT Community Development Corp.
        et al and J.E. Robert Co., Inc. with cover letter 7-18-97 (92 pages)

69      Letter from David Lane to James Gardner 11-5-98 (3 pages)

70.     Letter from James Gardner to David Lane 12-22-98 (2 pages)

71.     First Amendment to Agreement for sale and purchase with cover sheet 11-9-98 (4 pages)

8172773249      GILSTRAP            287 P06/16 OCT 29 '01 11:23

72    Letter from Bob Cuff to Steven Samaha 9-25-98  (9 pages)

73    Pro forma 1998 expenses requiring price adjustment with cover note  (3 pages)

74    Letter from Lawrence Martin to Stephen Millham 2-27-98  (1 page)

75    Letter from Lawrence Martin to Stephen Millham 2-27-98  (1 page)

76.   Letter from David Lane to Tom Kelley 1-29-98  (1 page)

77.   Letter from David Lane to Lawrence Martin 1-9-98  (2 pages)

78.   Letter from David Lane to Lawrence Martin 1-19-98  (1 page)

79.   Letter from Larry Martin to Jim Gardner, et al 1-8-98  (1 page)

80    Letter to David Lane from James Gardner 3-3-99  (4 pages)

81    Letter from David Lane to Paul Rowsey 7-21-99  (E05353)

82    Letter to James Gardner from Merrick Kleeman 7-22-99  (2 pages)

83    Agreement for Sale and Purchase/ITT Community Development Corp. et al and Starwood (Lochmere 019140-019223)

84.   Letter to Hammock Dunes' owners from Jim Gardner 8-13-98  (Lochmere 017702)

85    Agreement for Sale and Purchase ITT Community Development Corp Dunes Operating Co. 7-29-99 (E00905-0154)

86.   Letter from Amanda Brinegar to David Lane 7-28-98  (Evans 02736)

87.   Letter from Robert Evans to David Lane and Stephen Millham 10-6-98  (Evans 02908)

88    Letter from Robert Evans to David Lane 11-1-98  (Evans 02912)

89.   Letter from Robert Evans to David Lane 12-11-98  (Evans 02958)

90    Hammock Dunes projected annual holding costs 1-6-98  (Evans 02980)

91    Letter from Robert Evans to David Lane 4-14-98  (Evans 05490)

92.   Management, Development and Marketing Agreement – Lochmere Development Group/H.D Associates dated June ___. 1999 (E00396-00424)

93.   Letter to Paul Rowsey from Robert Evans 6-10-99  (Lochmere 018737-018738)

94.   Letter to Kevin Partel from Robert Evans 4-17-98  (Lochmere 017878)

DEFENDANTS' EXHIBIT LIST                                                      Page 5

8172773249    GILSTRAP    287 P07/16 OCT 29 '01 11:23

95. Report of Joel Robuck 6-18-01 (2 pages)

96. Report of Edward Montgomery 6-18-01 (8 pages)

97. Lochmere Development Group, Inc.'s Answers to First Interrogatories propounded by David Lane, et al 6-12-01

98. Lochmere Realty, Inc 's Answers to First Interrogatories propounded by David Lane, et al 6-12-01

99. Letter to Jonathan Hodnett from Tucker Frederickson 1-22-97 (2 pages)

100. Letter from Bob Whitley to Jon Hodnett 1-22-97 (1 page)

101. Memorandum from Poppy Suarez and Steve Kennedy to Advisory Board 8-6-99 (E08080-08082)

102. Memorandum from Poppy Suarez to Advisory Board 5-11-99 (E00755-00757)

103. Memorandum from Poppy Suarez to Advisory Board 5-4-99 (E08509-08511)

104. Management, Development and Marketing Agreement dated June 1999 (E00396-00424)

105. Memorandum to David Lane, et al from Steve Samaha 5-17-99 with notes (1 page)

106. Letter to Robert Evans from Paul Rowsey 6-8-99 (E00425-004256)

107. Notes (E00484-00490)

108. Notes (E00383-391)

109. Notes (E00759-00764)

110. Letter from Paul Rowsey to David Lane 4-14-99 (Lochmere 018541)

111. Hammock Dunes Realty Staffing (Lochmere 011283)

112. Letter from Robert Evans to David Lane and Steve Millham 8-21-98 (3 pages)

113. Letter from Robert Evans to David Lane and Stephen Millham 9-2-98 (3 pages)

114. Hammock Dunes 1% broker commission schedule and registration procedures 1-1-96 (4 pages)

115. Letter from David Pepe to Robert Whitley 10-25-96 (3 pages)

116. Letter from Paul Rowsey to Robert Evans 6-8-99 (2 pages)

117. Letter from Robert Evans to Kevin Partel 4-17-98 (Lochmere 017878-017879)

118.   Memo to Mark Basham and Bob Avil 5-3-99 (BB 4811)

119.   Letter from David Lane to James Gardner 2-10-99 (1 page)

120.   Letter from Jim Gardner to David Lane with notes 2-11-99 (1 page)

121.   Letter to Willy Montes de Oca from Jim Gardner with attached letter from Stephen Millham 1-28-98 (4 pages)

122    Letter to W. Montes de Oca, et al from Jim Gardner 2-11-98

123    Letter to David Lane from Jim Gardner 11-16-98 (9 pages)

124    Letter to James Gardner from David Lane 12-2-98 (1 page)

125.   Letter to James Gardner from David Lane 11-8-98 (3 pages)

126.   Letter to James Gardner from David Lane and Stephen Millham 11-5-98 (3 pages)

127.   Letter to James Gardner from David Lane 11-11-98 (2 pages)

128.   Letter to Steven Samaha from Robert Cuff with attached Second Amendment 11-20-98 (4 pages)

129.   Letter to David Lane from James Gardner 11-16-98 (4 pages)

130    Letter to Syd Kitson from James Gardner 4-29-99 (1 page)

131.   Letter to Charles Cobb from James Gardner 5-15-99 (3 pages)

132.   Letter to Alan Dickinson From James Gardner 4-8-99 (6 pages)

133.   Letter from James Gardner to David Lane with attached First Amendment 10-9-98 (4 pages)

Respectfully submitted.

HILL GILSTRAP

By _____
    John W. Greene
    State Bar No 08391520

1400 West Abram
Arlington, Texas 76013
(817) 261-2222
(817) 277-3249 FAX

ATTORNEYS FOR DEFENDANTS
DAVID LANE, BARNETT LANE
INVESTMENTS, INC and
JTL CAPITAL, L L C

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent via
____TELEFAX____ on __OCTOBER 29__, 2001, to all counsel of record

_____
John W. Greene

UNITED STATES DISTRICT COURT
Middle District of Florida

LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

    Plaintiffs,

vs.

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC.,a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company; EIGER
FUND 1, L.P., a Delaware limited partnership;
EIGER PARTNERS, L.P., a Delaware limited
partnership;  DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC., a
Texas corporation; JTL CAPITAL, L.L.C., a
Texas limited liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
PAUL E. ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and, WILLIAM S. BUCHANAN, an individual,

    Defendants.

_____/

CASE NO.: 8:00-CV-1026-T-27B
State Court No.: 00-02525/Div. I

# PLAINTIFFS' OBJECTIONS TO EIGER AND BANKBOSTON DEFENDANTS' LIST OF EXHIBITS

Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE REALTY,

INC., hereby file their objections to EIGER and BANKBOSTON Defendants' Exhibit List.

The objections noted are as follows:

1.     Hearsay.

2.     Improper Predicate/Lack of Foundation.

3.     Lack of Authenticity.

4.    Prejudicial.

5.    Relevance.

6.    Attorney client privilege or work product.

| EXHIBIT NO. | OBJECTIONS |
|:---:|:---:|
| 66 | 1 |
| 69 | 5, 6 |
| 70 | 5, 6 |
| 84 | 5 |
| 97 | 5 |
| 104 | 5 |
| 130 and 131 | 5 |
| 135 | 5 |
| 142 – 149 | 5 |
| 151 | 5 |
| 153 | 5 |
| 154 – 161 | 5 |
| 163 and 164 | 5 |
| 166 – 180 | 5 |
| 194 – 197 | 5 |

Gregory J. Orcutt
Florida Bar No. 230855
BRICKLEMYER SMOLKER & BOLVES, P.A.

2

500 East Kennedy Boulevard, Suite 200
Tampa, Florida 33602
Telephone: (813) 223-3888
Facsimile: (813) 228-6422 - Facsimile
Attorneys for LOCHMERE DEVELOPMENT
GROUP, INC. and LOCHMERE REALTY, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by Facsimile and U. S. Mail to the individuals listed on the Service List, this ___12th___ day of November, 2001.

Gregory S. Orcutt

3

## SERVICE LIST

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX 75252

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL 33602

(Attys. for H.D. ASSOCIATES, L.P. DUNES
OPERATING COMPANY, L.P., EIGER, INC.,
2M DUNES, L.L.C., EIGER FUND 1 L.P.,
EIGER PARTNERS, L.P.,L.P., PAUL E. ROWSEY, III,
C. TODD MILLER, DAVID M. JACOBS,
WILLIAM S. BUCHANAN and FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE
INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

4

UNITED STATES DISTRICT COURT
Middle District of Florida

LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

    Plaintiffs,

vs.

    CASE NO.: 8:00-CV-1026-T-27B
    State Court No.: 00-02525/Div. I

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC.,a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company; EIGER
FUND 1, L.P., a Delaware limited partnership;
EIGER PARTNERS, L.P., a Delaware limited
partnership;  DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC., a
Texas corporation; JTL CAPITAL, L.L.C., a
Texas limited liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
PAUL E. ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and, WILLIAM S. BUCHANAN, an individual,

    Defendants.

_____/

# PLAINTIFFS' OBJECTIONS TO LANE DEFENDANTS'
## LIST OF EXHIBITS

Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE REALTY,

INC., hereby file their objections to the LANE Defendants' Exhibit List.

The objections noted are as follows:

1.    Hearsay.

2.    Improper Predicate/Lack of Foundation.

3.    Lack of Authenticity.

4.  Prejudicial.

5.  Relevance.

6.  Attorney client privilege or work product.

| EXHIBIT NO. | OBJECTIONS |
|---|---|
| 19 | 5 |
| 28 | 5 |
| 30 | 5 |
| 35 | 5 |
| 53 – 59 | 5 |
| 66 – 68 | 5 |
| 72 - 79 | 5 |
| 84 | 5 |
| 99 – 100 | 5 |
| 114 – 115 | 5 |
| 120 – 122 | 5 |

Gregory J. Orcutt
Florida Bar No. 230855
BRICKLEMYER SMOLKER & BOLVES, P.A.
500 East Kennedy Boulevard, Suite 200
Tampa, Florida 33602
Telephone: (813) 223-3888
Facsimile: (813) 228-6422 - Facsimile
Attorneys for LOCHMERE DEVELOPMENT
GROUP, INC. and LOCHMERE REALTY, INC.

## CERTIFICATE OF SERVICE

2

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by Facsimile and U. S. Mail to the individuals listed on the Service List, this __12th__ day of November, 2001.

Gregory J. Orcutt

## SERVICE LIST

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX 75252

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL 33602

(Attys. for H.D. ASSOCIATES, L.P. DUNES
OPERATING COMPANY, L.P., EIGER, INC.,
2M DUNES, L.L.C., EIGER FUND 1 L.P.,
EIGER PARTNERS, L.P.,L.P., PAUL E. ROWSEY, III,
C. TODD MILLER, DAVID M. JACOBS,
WILLIAM S. BUCHANAN and FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE
INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

4

| LOCH. TRIAL EX. | EIGER/ FLEET OBJECTIONS |
|---|---|
| Loch 1 | relevance as to projections |
| Loch 2 | no objections |
| Loch 3 | no objections |
| Loch 4 | no objections |
| Loch 5 | no objections |
| Loch 6 | no objections |
| Loch 7 | no objections |
| Loch 8 | no objections |
| Loch 9 | no objections |
| Loch 10 | no objections |
| Loch 11 | no objections |
| Loch 12 | no objections |
| Loch 13 | no objections |
| Loch 14 | no objections |
| Loch 15 | no objections |
| Loch 16 | no objections |
| Loch 17 | no objections |
| Loch 18 | no objections |
| Loch 19 | no objections |
| Loch 20 | no objections |
| Loch 21 | relevance as to projections |
| Loch 22 | relevance as to projections |
| Loch 23 | relevance as to projections |
| Loch 24 | relevance as to projections |
| Loch 25 | no objections |
| Loch 26 | no objections |
| Loch 27 | no objections |
| Loch 28 | relevance as to projections |
| Loch 29 | no objections |
| Loch 30 | no objections |
| Loch 31 | relevance as to projections |
| Loch 32 | no objections |
| Loch 33 | no objections |
| Loch 34 | no objections |
| Loch 35 | no objections |
| Loch 36 | relevance as to projections |
| Loch 37 | no objections |
| Loch 38 | no objections |
| Loch 39 | no objections |
| Loch 40 | no objections |
| Loch 41 | no objections |
| Loch 42 | no objections |
| Loch 43 | no objections |
| Loch 44 | relevance as to projections |
| Loch 45 | relevance as to projections |
| Loch 46 | no objections |

11-20-01  03:24pm  From-PEZZULLI&LOE"  JOHN          972-713-1313        T-760  P 13/15  F-430

| | |
|---|---|
| Loch 47 | no objections |
| Loch 48 | no objections |
| Loch 49 | no objections |
| Loch 50 | no objections |
| Loch 51 | relevance as to projections |
| Loch 52 | no objections |
| Loch 53 | no objections |
| Loch 54 | authentication as to handwriting  relevance as to projections |
| Loch 55 | no objections |
| Loch 56 | no objections |
| Loch 57 | no objections |
| Loch 58 | no objections |
| Loch 59 | no objections |
| Loch 60 | no objections |
| Loch 61 | no objections |
| Loch 62 | relevance as to projections |
| Loch 63 | relevance as to projections |
| Loch 64 | no objections |
| Loch 65 | relevance as to projections |
| Loch 66 | authenticity, relevance as to projections |
| Loch 67 | relevance as to projections |
| Loch 68 | no objections |
| Loch 69 | relevance as to projections |
| Loch 70 | no objections |
| Loch 71 | no objections |
| Loch 72 | no objections |
| Loch 73 | relevance as to projections |
| Loch 74 | relevance as to projections |
| Loch 75 | relevance, authenticity, hearsay |
| Loch 76 | no objections |
| Loch 77 | no objections |
| Loch 78 | relevance as to projections |
| Loch 79 | relevance |
| Loch 80 | no objections |
| Loch 81 | no objections |
| Loch 82 | no objections |
| Loch 83 | no objections |
| Loch 84 | relevance as to projections |
| Loch 85 | no objections |
| Loch 86 | authenticity |
| Loch 87 | no objections |
| Loch 88 | no objections |
| Loch 89 | relevance as to projections |
| Loch 90 | relevance |
| Loch 91 | relevance as to projections |
| Loch 92 | no objections |
| Loch 93 | relevance as to projections |

| Loch 94 | object to unidentified exhibit, relevance, hearsay, authenticity |
| Loch 95 | no objections |
| Loch 96 | no objections |
| Loch 97 | no objections |
| Loch 98 | no objections |
| Loch 99 | relevance as to projections |
| Loch 100 | no objections |
| Loch 101 | no objections |
| Loch 102 | relevance as to projections |
| Loch 103 | no objections |
| Loch 104 | relevance as to projections |
| Loch 105 | no objections |
| Loch 106 | no objections |
| Loch 107 | no objections |
| Loch 108 | no objections |
| Loch 109 | no objections |
| Loch 110 | no objections |
| Loch 111 | no objections |
| Loch 112 | no objections |
| Loch 113 | no objections |
| Loch 114 | no objections |
| Loch 115 | no objections |
| Loch 116 | no objections |
| Loch 117 | no objections |
| Loch 118 | no objections |
| Loch 119 | no objections |
| Loch 120 | no objections |
| Loch 121 | no objections |
| Loch 122 | no objections |
| Loch 123 | no objections |
| Loch 124 | no objections |
| Loch 125 | no objections |
| Loch 126 | relevance as to projections |
| Loch 127 | no objections |
| Loch 128 | no objections |
| Loch 129 | relevance |
| Loch 130 | authentication as to handwriting, relevance |
| Loch 131 | relevance as to projections |
| Loch 132 | no objections |
| Loch 133 | no objections |
| Loch 134 | no objections |
| Loch 135 | relevance as to projections |
| Loch 136 | no objections |
| Loch 137 | no objections |
| Loch 138 | no objections |
| Loch 139 | no objections |
| Loch 140 | relevance |
| Loch 141 | relevance as to projections |

| Loch 142 | no objections |
| Loch 143 | no objections |
| Loch 144 | relevance as to projections |
| Loch 145 | relevance prejudice R. 411 |
| Loch 146 | relevance as to projections |
| Loch 147 | no objections |
| Loch 148 | relevance |
| Loch 149 | relevance as to projections |
| Loch 150 | no objections |
| Loch 151 | relevance as to projections |
| Loch 152 | relevance as to projections |
| Loch 153 | improper designation, overbroad, does not comply with Rule 26 or Local Rule 3.06 |

| LANE TRIAL EX. | EIGER/ FLEET OBJECTIONS |
|---|---|
| Lane 1 | relevance as to projections |
| Lane 2 | no objections |
| Lane 3 | no objections |
| Lane 4 | no objections |
| Lane 5 | no objections |
| Lane 6 | no objections |
| Lane 7 | no objections |
| Lane 8 | no objections |
| Lane 9 | no objections |
| Lane 10 | no objections |
| Lane 11 | no objections |
| Lane 12 | no objections |
| Lane 13 | no objections |
| Lane 14 | no objections |
| Lane 15 | no objections |
| Lane 16 | no objections |
| Lane 17 | no objections |
| Lane 18 | relevance as to projections |
| Lane 19 | relevance as to projections |
| Lane 20 | no objections |
| Lane 21 | relevance as to projections |
| Lane 22 | relevance as to projections |
| Lane 23 | no objections |
| Lane 24 | no objections |
| Lane 25 | no objections |
| Lane 26 | relevance as to projections |
| Lane 27 | no objections |
| Lane 28 | no objections |
| Lane 29 | no objections |
| Lane 30 | no objections |
| Lane 31 | no objections |
| Lane 32 | no objections |
| Lane 33 | no objections |
| Lane 34 | no objections |
| Lane 35 | relevance as to projections |
| Lane 36 | no objections |
| Lane 37 | no objections |
| Lane 38 | no objections |
| Lane 39 | no objections |
| Lane 40 | no objections |
| Lane 41 | relevance as to projections |
| Lane 42 | relevance as to projections |
| Lane 43 | relevance as to projections |
| Lane 44 | relevance as to projections |
| Lane 45 | relevance as to projections |
| Lane 46 | no objections |
| Lane 47 | relevance as to projections |

11-08-01    06:34pm    From-PEZZULL I&L        JHN        972-713-1313        T-496    P.09/14    F-189

| Lane 48 | no objections |
| Lane 49 | no objections |
| Lane 50 | no objections |
| Lane 51 | relevance as to projections |
| Lane 52 | no objections |
| Lane 53 | no objections |
| Lane 54 | no objections |
| Lane 55 | no objections |
| Lane 56 | no objections |
| Lane 57 | no objections |
| Lane 58 | relevance as to projections |
| Lane 59 | relevance as to projections |
| Lane 60 | relevance as to projections |
| Lane 61 | no objections |
| Lane 62 | no objections |
| Lane 63 | no objections |
| Lane 64 | relevance as to projections |
| Lane 65 | no objections |
| Lane 66 | no objections |
| Lane 67 | no objections |
| Lane 68 | no objections |
| Lane 69 | no objections |
| Lane 70 | no objections |
| Lane 71 | no objections |
| Lane 72 | no objections |
| Lane 73 | no objections |
| Lane 74 | no objections |
| Lane 75 | no objections |
| Lane 76 | no objections |
| Lane 77 | no objections |
| Lane 78 | no objections |
| Lane 79 | no objections |
| Lane 80 | no objections |
| Lane 81 | no objections |
| Lane 82 | no objections |
| Lane 83 | relevance - no signatures |
| Lane 84 | no objections |
| Lane 85 | no objections |
| Lane 86 | no objections |
| Lane 87 | no objections |
| Lane 88 | no objections |
| Lane 89 | no objections |
| Lane 90 | relevance as to projections |
| Lane 91 | no objections |
| Lane 92 | no objections |
| Lane 93 | no objections |
| Lane 94 | no objections |
| Lane 95 | no objections |
| Lane 96 | no objections |

| Lane 97 | no objections |
| Lane 98 | no objections |
| Lane 99 | no objections |
| Lane 100 | no objections |
| Lane 101 | relevance as to projections |
| Lane 102 | relevance as to projections |
| Lane 103 | relevance as to projections |
| Lane 104 | no objections |
| Lane 105 | no objections |
| Lane 106 | no objections |
| Lane 107 | authenticity, relevance as to projections |
| Lane 108 | relevance as to projections |
| Lane 109 | authenticity, relevance as to projections |
| Lane 110 | no objections |
| Lane 111 | relevance as to projections |
| Lane 112 | no objections |
| Lane 113 | no objections |
| Lane 114 | no objections |
| Lane 115 | no objections |
| Lane 116 | no objections |
| Lane 117 | no objections |
| Lane 118 | no objections |
| Lane 119 | no objections |
| Lane 120 | no objections |
| Lane 121 | no objections |
| Lane 122 | no objections |
| Lane 123 | no objections |
| Lane 124 | no objections |
| Lane 125 | no objections |
| Lane 126 | no objections |
| Lane 127 | no objections |
| Lane 128 | no objections |
| Lane 129 | no objections |
| Lane 130 | no objections |
| Lane 131 | no objections |
| Lane 132 | no objections |
| Lane 133 | no objections |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| LOCHMERE DEVELOPMENT GROUP, INC., and LOCHMERE REALTY, INC., | §<br>§<br>§<br>§ | |
| Plaintiffs | §<br>§ | |
| v | §<br>§ | CASE NO<br>8.00-CV-1026-T-27B |
| H.D. ASSOCIATES, L.P., a Delaware Limited Partnership by and through its general partners DUNES OPERATING COMPANY, L.P., a Delaware Limited Partnership and EIGER, INC, a Delaware Corporation 2M DUNES, L.L.C., a Texas Limited Liability Company, DAVID LANE, an Individual; BARNETT LANE INVESTMENTS, INC., a Texas Corporation; JTL CAPITAL, L.L C., A Texas Limited Liability Company; FLEET NATIONAL BANK, N.A., a National Banking Association; PAUL E. ROWSEY, III, an Individual; C. TODD MILLER, an Individual; DAVID M. JACOBS, an Individual, and, WILLIAM S BUCHANAN, an Individual, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | STATE COURT NO<br>00-02525/Div. 1 |
| Defendants | § | |

## DEFENDANTS OBJECTIONS TO PLAINTIFFS' LIST OF EXHIBITS

Defendants, David Lane, an individual, Barnett Lane Investments, Inc and JTL Capital, L. L. C., hereby file their Objections to Plaintiffs' List of Exhibits

The objections noted are as follows

| Exhibit Number | Objections |
|---|---|
| 10 | Relevance |
| 23. | Relevance |
| 26. | Relevance |

*DEFENDANTS OBJECTIONS TO PLAINTIFFS' LIST OF EXHIBITS*                    **Page 1**

| | |
|---|---|
| 31. | Relevance |
| 38. | Relevance |
| 43 | Relevance |
| 48 | Relevance |
| 49. | Relevance |
| 51 | Relevance |
| 55 | Relevance |
| 63 | Relevance |
| 64 | Relevance |
| 69 | Relevance |
| 86. | Relevance |
| 89 | Relevance |
| 91. | Relevance |
| 99 | Relevance |
| 104. | Relevance |
| 122 | Relevance |
| 124 | Relevance |
| 129. | Relevance |
| 131 | Relevance |
| 134 | Relevance |
| 138 | Relevance |
| 148 | Relevance |
| 150 | Relevance |

Respectfully submitted,

HILL GILSTRAP

By John W. Greene / by gmc

John W. Greene
State Bar No. 08391520

1400 West Abram
Arlington, Texas 76013
(817) 261-2222
(817) 277-3249 FAX

ATTORNEYS FOR DEFENDANTS
DAVID LANE, BARNETT LANE
INVESTMENTS, INC. and
JTL CAPITAL, L.L.C

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent via facsimile on November 8 , 2001, to all counsel of record.

John W. Greene / by gmc

John W. Greene

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LOCHMERE DEVELOPMENT          §
GROUP, INC., and LOCHMERE     §
REALTY, INC,                  §
                              §
        Plaintiffs            §
                              §
v                             §        CASE NO
                              §        8.00-CV-1026-T-27B
H.D. ASSOCIATES. L P., a Delaware §
Limited Partnership by and through §    STATE COURT NO.
its general partners DUNES    §        00-02525/Div 1
OPERATING COMPANY, L.P., a    §
Delaware Limited Partnership and §
EIGER, INC., a Delaware Corporation §
2M DUNES, L.L.C., a Texas Limited §
Liability Company, DAVID LANE, an §
Individual; BARNETT LANE      §
INVESTMENTS, INC., a Texas    §
Corporation; JTL CAPITAL, L.L C . §
A Texas Limited Liability Company; §
FLEET NATIONAL BANK, N.A., a  §
National Banking Association; PAUL E §
ROWSEY, III, an Individual; C. TODD §
MILLER, an Individual; DAVID M. §
JACOBS, an Individual, and, WILLIAM §
S. BUCHANAN. an Individual.    §
                              §
        Defendants            §

## DEFENDANTS OBJECTIONS TO THE EIGER DEFENDANTS AND FLEET NATIONAL BANK'S EXHIBIT LIST

Defendants, David Lane, an individual, Barnett Lane Investments, Inc and JTL Capital,

L L C , hereby file their Objections to The Eiger Defendants and Fleet National Bank's Exhibit

List

The objections noted are as follows

| Exhibit Number | Objections |
|---|---|
| 84. | Relevance |

| 85. | Relevance |
|-----|-----------|
| 86 | Relevance |
| 87. | Relevance |
| 108. | Relevance |
| 132 | Relevance |

Respectfully submitted,

HILL GILSTRAP

By: _John W Greene/by gmc_

John W Greene
State Bar No. 08391520

1400 West Abram
Arlington, Texas 76013
(817) 261-2222
(817) 277-3249 FAX

ATTORNEYS FOR DEFENDANTS
DAVID LANE, BARNETT LANE
INVESTMENTS, INC. and
JTL CAPITAL, L L C

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent via _facsimile_ on _November 8_____, 2001, to all counsel of record

_John W. Greene/by gmc_

John W Greene



Exhibit

B

UNITED STATES DISTRICT COURT
Middle District of Florida

LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

     Plaintiffs,

vs.                           CASE NO.: 8:00-CV-1026-T-27B

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company; et al.

     Defendants.

_____/

## PLAINTIFFS' WITNESS LIST

Plaintiffs hereby submit their Witness List for trial:

Witnesses expected to testify:

1.     Robert D. Evans
Lochmere Development Group, Inc.
920 Harbour Bay Drive
Tampa, Florida 33602
(813) 229-7777

2.     Robert L. Canterbury
777 South Flagler Drive, 8th Floor
West Palm Beach, Florida 33401
(561) 820-8869

3.     Robert Whitley
2000 PGA Boulevard, Suite 2204
North Palm Beach, Florida 33408
(561) 694-0055

4.     Richard L. Brown
Brown & Company, P.A.
1810 South MacDill Avenue, Suite 3
Post Office Box 18545 (zip 33679)
Tampa, Florida 33629
(813) 258-0338

5.    Merrick Kleeman
      Starwood Capital Group
      591 West Putnam Avenue
      Greenwich, Connecticut  08630
      (203) 422-7700

6.    Paul E. Rowsey, III
      Eiger, Inc.
      500 Crescent Court, Suite 300
      Dallas, Texas
      (214) 756-6552

7.    Steve Kennedy
      (Same as above)

8.    Robert Avil
      Fleet National Bank f/k/a BankBoston, N.A.
      115 Perimeter Center Place, Suite 500
      Atlanta, Georgia  30346
      (770) 390-6500

9.    Nicholas Whiting
      1411 Maytown Road
      Osteen, Florida  32764

10.   David Lane
      8235 Douglas Avenue, suite 770
      Dallas, Texas  75225
      (214) 692-5085

11.   Steve Samaha
      One Tampa City Center, Suite 2100
      Post Office Box 3433
      Tampa, Florida  33601
      (813) 229-3321

12.   James Gardner
      c/o James Middleton
      Rogers, Towers, et al.
      170 Malaga Street
      St. Augustine, Florida 32084
      (904) 824-0879

      Witnesses who may testify:

13.   Stephen L. Millham
      1 Maritime Plaza, Suite 1325
      San Francisco, California  94111

2

(415) 421-2132

14.    Poppy M. Suarez
       Eiger, Inc.
       (See above)

15.    Amy Olson
       Price Waterhouse Coopers, L.L.P.
       50 Hurt Plaza, Suite 1700
       Atlanta, Georgia  30303
       (404) 658-1800

16.    C. Todd Miller
       Eiger, Inc.
       (See above)

17.    David M. Jacobs
       Eiger, Inc.
       (See above)

18.    William S. Buchanan
       Eiger, Inc.
       (See above)

19.    Ed Montgomery
       Ernst & Young, L.L.P.
       2121 San Jacinto Street, Suite 1500
       Dallas, Texas  75201
       (214) 969-8000

20.    Terry Pendleton
       Hammock Dunes Sales Office
       2 Camino Del Mar
       Palm Coast, Florida  32127
       (904) 446-6255

21.    Joel H. Robuck
       Berkshire, Inc.
       3816 Bryn Mawr
       Dallas, Texas  75225

22.    Joseph Hatzell
       255 Alhambra Circle, Suite 800
       Miami, Florida  33134
       (304) 448-1663

23.    Tucker Frederickson
       2000 PGA Boulevard, Suite 2204

3

North Palm Beach, Florida 33408
(407) 627-7720

24.  Chuck Callea
     One Corporate Drive
     Palm Coast, Florida 32151-0001
     (904) 445-2662

25.  Kevin Partel
     4230 Myrtle Street
     St. Augustine, Florida 32095

26.  Robert Dickinson
     Post Office Box 351296
     Palm Coast, Florida 32135-1296
     (904) 447-0086

27.  John Cherry
     Price Waterhouse Coopers, L.L.P.
     50 Hurt Plaza, Suite 1700
     Atlanta, Georgia 30303
     (404) 658-1800

28.  Richard Blunk
     Basic
     10670 North Central Expressway, Suite 600
     Dallas, Texas 75231

29.  David Pepe
     Cushman and Wakefield
     111 North Orange Avenue, Suite 800
     Orlando, Florida 32801-2324
     (407) 841-8000

30.  Avery Nye
     Cimmaron Associates, Inc.
     106 Commerce Street, Suite 106
     Lake Mary, Florida 32746

32.  Michael Lerner
     Cushman and Wakefield
     (See above)

33.  Bill Hipp
     c/o Alan S. Loewinsohn
     Pezzulli & Loewinsohn, LLP
     18383 Preston Road, Suite 100
     Dallas, Texas 75250

4

(972) 713-1300

34. Paul DiVito
(See address for Pezzulli & Loewinsohn)

35. Robert G. Cuff, Jr.
Rogers, Towers, et al.
1301 Riverplace Boulevard, Suite 1500
Jacksonville, FL 32137
(904) 398-3911

36. Jonathan Hodnett
J.E. Robert Companies
Suite 1600, 1650 Tysons Boulevard
McLean, Virginia 22101
(703) 714-8060

37. Lawrence Martin
1 Corporate Drive
Palm Coast, Florida 32151-0001
(904) 445-2662

38. Tom Kelley
30 Avenue Royale
Palm Coast, Florida 32137

39. Daniel Ward
J.E. Robert Company, Inc
(See above for address)

40. Thomas K. Wasp
J.E. Roberts Company, Inc.
(See above for address)

41. W. Audie Long
7411 John Smith Drive, Suite 1500
San Antonio, Texas 78229
(210) 949-7022

42. Penn Hodge
9810 Medlock Bridge Road, Suite 105
Duluth, Georgia 30097
(678) 475-6400

25.    All witnesses listed by any party to this action.

Gregory J. Orcutt, Esquire
Bricklemyer, Smolker & Bolves, P.A.
500 East Kennedy Blvd., Suite 200
Tampa, Florida 33602
Florida Bar No. 230855
(813) 223-3888
(813) 228-6422 - Fax
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via facsimile and   U. S. Mail to the individuals listed on the Service List, this 3/ day of October 2001.

Gregory J. Orcutt

F:\docs\BDH\eIGER\witness list (1).doc

6

## SERVICE LIST

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Jo E. Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX 75252

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL 33602

(Attys. for H.D. ASSOCIATES, L.P. DUNES
OPERATING COMPANY, L.P., EIGER, INC.,
2M DUNES, L.L.C., EIGER FUND 1 L.P.,
EIGER PARTNERS, L.P.,L.P., PAUL E. ROWSEY, III,
C. TODD MILLER, DAVID M. JACOBS,
WILLIAM S. BUCHANAN and FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE
INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC., a Florida Corporation, and
LOCHMERE REALTY, INC., a Florida
Corporation,

　　　　　　Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　Case No.:  8:00-cv-1026-T-27B

EIGER FUND I, L.P., et al

　　　　　　Defendants.

_____/

## THE EIGER DEFENDANTS AND FLEET NATIONAL BANK'S WITNESS LIST

EIGER FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P., H.D. ASSOCIATES, L.P., DUNES OPERATING COMPANY, L.P., 2M DUNES, L.L.C., PAUL E. ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS, and WILLIAM S. BUCHANAN (collectively the "Eiger Defendants") and Fleet National Bank f/k/a BankBoston, N.A., ("BankBoston") file this their Witness List in accordance with the Case Management and Scheduling Order and Fed. R. Civ. P. 26(a)(3).

## WITNESSES EXPECTED TO TESTIFY

1.　　Robert Evans
　　　c/o Gregory J. Orcutt
　　　Bricklemyer, Smolker & Bolves, P.A.
　　　500 E. Kennedy Blvd., Ste. 200
　　　Tampa, Florida 33602
　　　(813) 223-3888

THE EIGER DEFENDANTS AND FLEET NATIONAL BANK'S
WITNESS LIST　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1

2. Paul E. Rowsey, III
c/o Alan S. Loewinsohn
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 100
Dallas, Texas 75252
(972) 713-1300

3. C. Todd Miller
c/o Alan S. Loewinsohn
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 100
Dallas, Texas 75252
(972) 713-1300

4. David M. Jacobs
c/o Alan S. Loewinsohn
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 100
Dallas, Texas 75252
(972) 713-1300

5. William S. Buchanan
c/o Alan S. Loewinsohn
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 100
Dallas, Texas 75252
(972) 713-1300

6. Steve Kennedy
c/o Alan S. Loewinsohn
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 100
Dallas, Texas 75252
(972) 713-1300

7. Terry Pendleton
c/o Alan S. Loewinsohn
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 100
Dallas, Texas 75252
(972) 713-1300

8.    David Lane
c/o Alan M. Gerlach
Broad & Cassel
390 N. Orange Avenue, Suite 1100
Orlando, FL 32801
and
John W. Greene
Hill Gilstrap
1400 West Abram
Arlington, TX 76013
(817) 261-2222

9.    Robert Avil
c/o Alan S. Loewinsohn
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 100
Dallas, Texas 75252
(972) 713-1300

10.    Nicholas Whiting
c/o Alan S. Loewinsohn
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 100
Dallas, Texas 75252
(972) 713-1300
by deposition/possibly live

11.    James Gardner
c/o James Middleton
Rogers, Towers, Bailey, Jones & Gay, P.A.
170 Malaga Street
St. Augustine, Florida 32084
(904) 824-0879
by deposition/possibly live

12.    Merrick Kleeman
c/o Robert J. Ward
Mayer, Brown & Platt
1675 Broadway
New York, NY 10019-5820
(203) 861-2100
by deposition

13. Robert B. Whitley
Whitley Development Group, Inc.
2000 PGA Blvd., Ste. 2204
North Palm Beach, Florida 33408
(561) 694-0055
(as a fact witness only/by deposition)

14. Edward P. Montgomery, Jr.
Ernst & Young
2121 San Jacinto Street, Suite 1500
Dallas, TX 75201
214-969-8000
214-969-0623 - direct
Fax: 214-969-0880

15. Joel H. Robuck
Berkshire, Inc.
3816 Bryn Mawr
Dallas, Texas 75225
(214) 361-7830

## WITNESSES WHO MAY BE CALLED IF THE NEED ARISES

1. Amy Olson
PricewaterhouseCoopers, L.L.P.
50 Hurt Plaza, Suite 1700
Atlanta, Georgia 30303
(404) 658-1800

2. Mark Basham
c/o Alan S. Loewinsohn
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 100
Dallas, Texas 75250
(972) 713-1300

3. Bill Hipp
c/o Alan S. Loewinsohn
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 100
Dallas, Texas 75250
(972) 713-1300

4.      Paul DiVito
c/o Alan S. Loewinsohn
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 100
Dallas, Texas 75252
(972) 713-1300

5.      Steven M. Samaha
Williams, Schifino, Mangione & Steady, P.A.
One Tampa City Center
201 N. Franklin St., Ste 2600
Tampa, Florida 33601
813-221-2626

6.      Mark Van Kirk
Baker Botts, L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
214-953-6599

7.      Bob Dickinson
Dickinson Consulting, Inc.
7 Florida Park Drive, North, Suite D
Palm Coast, Florida 32137
(386) 446-8304

8.      Robert G. Cuff, Jr.
Rogers, Towers, Bailey, Jones & Gay, P.A.
1301 Riverplace Blvd., Ste. 1500
Jacksonville, Florida 32207
904-398-3911

9.      Stephen L. Millham
Farallon Capital Management, LLC
One Maritime Plaza, Suite 1325
San Francisco, CA 94111
(415) 421-2132

THE EIGER DEFENDANTS AND FLEET NATIONAL BANK'S
WITNESS LIST

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P.
Daniel F. Molony
Florida Bar No. 271330
201 E. Kennedy, Suite 601
Tampa, Florida 33602
(813) 202-7100 Phone
(813) 221-8837 Facsimile

PEZZULLI & LOEWINSOHN, L.L.P.

By: _____
Alan S. Loewinsohn
State Bar No. 12481600
Carol E. Farquhar
State Bar No. 06828300
18383 Preston Road, Suite 100
Dallas, TX 75252
(972) 713-1300 Phone
(972) 713-1313 Facsimile

ATTORNEYS FOR EIGER FUND I, L.P.,
EIGER, INC., EIGER PARTNERS, L.P.
H.D. ASSOCIATES, L.P., PAUL E.
ROWSEY, III, C. TODD MILLER,
DAVID M. JACOBS, and WILLIAM S.
BUCHANAN

HALEY, SINAGRA & PEREZ
Dora Kaufman, Esq.
Florida Bar No. 771244
100 SE 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394
(954) 467-1300 Phone
(954) 467-1372 Facsimile

COUNSEL FOR FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.

THE EIGER DEFENDANTS AND FLEET NATIONAL BANK'S
WITNESS LIST                                                    Page 6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served on the

following counsel of record on this 30th day of October, 2001, via the method indicated:

Gregory J. Orcutt             Via Telecopy
Bricklemyer, Smolker & Bolves, P.A.
500 E. Kennedy Blvd. Ste. 200
Tampa, Florida 33602

Alan M. Gerlach             Via Telecopy
Broad & Cassel
390 N. Orange Avenue, Suite 1100
Orlando, FL 32801

John W. Greene
Hill Gilstrap             Via Telecopy
1400 West Abram
Arlington, TX 76013

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LOCHMERE DEVELOPMENT
GROUP, INC., and LOCHMERE
REALTY, INC.,

     Plaintiffs

v

H.D. ASSOCIATES, L.P., a Delaware
Limited Partnership by and through
its general partners DUNES
OPERATING COMPANY, L.P. a
Delaware Limited Partnership and
EIGER, INC., a Delaware Corporation
2M DUNES, L.L.C., a Texas Limited
Liability Company, DAVID LANE. an
Individual; BARNETT LANE
INVESTMENTS, INC., a Texas
Corporation; JTL CAPITAL, L.L.C.,
A Texas Limited Liability Company,
FLEET NATIONAL BANK, N.A., a
National Banking Association, PAUL E
ROWSEY, III, an Individual, C. TODD
MILLER, an Individual, DAVID M
JACOBS, an Individual, and, WILLIAM
S BUCHANAN, an Individual.

     Defendants

CASE NO
8 00-CV-1026-T-27B

STATE COURT NO
00-02525/Div 1

## DEFENDANT DAVID LANE, BARNETT LANE INVESTMENTS. INC. AND JTL CAPITAL, L.L.C.'S WITNESS LIST

**Witnesses who will be called:**

1    Paul E. Rowsey, III
    Eiger, Inc
    500 Crescent Court, Suite 300
    Dallas, Texas
    (214) 756-6552

2.    Steve Kennedy
    Eiger, Inc
    500 Crescent Court, Suite 300
    Dallas, Texas
    (214) 756-6552

3       Robert Avil
        Fleet National Bank f/k/a Bank Boston, N.A
        115 Perimeter Center Place, Suite 500
        Atlanta, Georgia 30346
        (770) 390-6500

4       Nick Whiting
        Bank Fleet National Bank
        115 Perimeter Center Place, N E , Suite 500
        Atlanta, Georgia 30346

5       Stephen L Millham
        1 Maritime Plaza, Suite 1325
        San Francisco, California 94111
        (415) 421-2132

6       Poppy M  Suarez
        Eiger, Inc.
        500 Crescent Court, Suite 300
        Dallas, Texas 75201

7       David Lane
        8235 Douglas Avenue, Suite 770
        Dallas, Texas 75225
        (214) 692-5085

8       Robert Evans
        2701 North Rocky Point Drive, Suite 1070
        Tampa, Florida 33607
        (813) 286-2001

9       Steve Samaha
        1 Tampa City Center, Suite 2100
        P.O. Box 3433
        Tampa, Florida 33601
        (813) 229-3321

10      James Gardner
        1 Corporate Drive
        Palm Coast, Florida 32151-0001
        (904) 445-2642

11      Amy Olson
        Pricewaterhouse Coopers
        50 Hurt Plaza, Suite 1700
        Atlanta, Georgia 30303
        (404) 658-1800

**Witness who may be called:**

1    C  Todd Miller
     Eiger, Inc
     500 Crescent Court, Suite 300
     Dallas, Texas
     (214) 756-6552

2    David M. Jacobs
     Eiger, Inc
     500 Crescent Court, Suite 300
     Dallas, Texas
     (214) 756-6552

3    William S  Buchanan
     Eiger, Inc
     500 Crescent Court, Suite 300
     Dallas, Texas
     (214) 756-6552

4    Ed Montgomery
     Ernst & Young, L L P
     2121 San Jacinto Street, Suite 1500
     Dallas, Texas 75201
     (214) 969-8000

5    Terry Pendleton
     Hammock Dunes Sales Office
     2 Camino Del Mar
     Palm Coast, Florida 32127
     (904) 446-6255

6    Joel H. Robuck
     Berkshire, Inc
     3816 Bryn Mawr
     Dallas, Texas 75225

7    Robert Whitley
     2000 PGA Boulevard, Suite 2204
     North Palm Beach, Florida 33408

8     Richard L Brown, CPA
1810 South MacDill Avenue, Suite 3
Tampa, Florida 33629

9     Joseph Hatzell
255 Alhambra Circle, Suite 800
Miami, Florida 33134
(305) 448-1663

10    Robert L. Canterbury
777 South Flagler Drive, 8th Floor
West Palm Beach, Florida 33401
(561) 820-8869

11    Jonathan Hodnett
J.E. Robert Companies
Suite 1600, 1650 Tysons Boulevard
McLean, Virginia 22102
(703) 714-8060

12    Tucker Frederickson
2000 PGA Boulevard, Suite 2204
North Palm Beach, Florida 33408
(407) 627-7720

13    Merrick Kleeman
Starwood Capital Group
591 West Putnam Avenue
Greenwich, Connecticut 08630
(203) 422-7700

14    Lawrence Martin
1 Corporate Drive
Palm Coast, Florida 32151-0001
(904) 445-2662

15    Tom Kelley
30 Avenue Royale
Palm Coast, Florida 32137

16. Chuck Callea
1 Corporate Drive
Palm Coast, Florida 32151-0001
(904) 445-2662

17 Robert G. Cuff. Jr
1 Corporate Drive
Palm Coast, Florida 32151-0001
(904) 445-2677

18 Daniel Ward
J.E. Robert Company, Inc
1650 Tysons Boulevard, Suite 1600
McLean, Virginia 22102
(703) 714-8071

19 Thomas K Wasp
J E Roberts Companies, Inc
1650 Tysons Boulevard, Suite 1600
McLean, Viriginia 22102

20 W. Audie Long
7411 John Smith Drive, Suite 1500
San Antonio, Texas 78229
(210) 949-7022

21 Penn Hodge
9810 Medlock Bridge Road, Suite 105
Duluth, Georgia 30097
(678) 475-6400

22 Robert Dickinson
P O. Box 351296
Palm Coast, Florida 32135-1296
(904) 447-0086

23 Kevin Partel
4230 Myrtle Street
San Augustine, Florida 32095

24 John Cherry
Pricewaterhouse Coopers
50 Hurt Plaza, Suite 1700
Atlanta, Georgia 30303
(404) 658-1800

25    Richard Blunk
      Basic
      10670 North Central Expressway, Suite 600
      Dallas, Texas 75231

26    David Pepe
      Cushman and Wakefield
      111 North Orange Avenue, Suite 800
      Orlando, Florida 32801-2324
      (407) 841-8000

27    Avery Nye
      Cimmaron Associates, Inc
      106 Commerce Street, Suite 106
      Lake Mary, Florida 32746

28    Michael Lerner
      Cushman and Wakefield
      111 North Orange Avenue, Suite 800
      Orlando, Florida 32801-2324
      (407) 841-8000

Respectfully submitted.

HILL GILSTRAP

By _____
      John W. Greene
      State Bar No 08391520

1400 West Abram
Arlington, Texas 76013
(817) 261-2222
(817) 277-3249 FAX

ATTORNEYS FOR DEFENDANTS
DAVID LANE, BARNETT LANE
INVESTMENTS. INC and
JTL CAPITAL, L L C

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent via
_____TRIVA+_____ on __OCT. 29_____, 2001, to all counsel of record

_____
John W. Greene



Exhibit
C

# Expert Testimony Report

June 4, 2001

**Lochmere Development Group, et al. v. Eiger Fund I, L.P., et al**
**Florida Middle District Court**
**Case No. CV41026-T-35B**

**Robert Whitley**
**2000 PGA Boulevard; Suite 2204**
**North Palm Beach, Florida  33408**

Opinions:

1) As a developer of master planned golf course communities, I have direct knowledge of the Hammock Dunes project, located in Palm Coast, Florida. In conjunction with the J. E. Robert Company, Inc. ("Purchaser"), we entered into an Agreement for Sale and Purchase with ITT ("Seller") of the Hammock Dunes subject property, dated July 18, 1997. My partner and I supervised the initial due diligence investigation. The Agreement was for a gross purchase price of $32,344,000, subject to certain terms and conditions. After the execution of the Agreement and completion of some due diligence, we attempted to renegotiate the terms and conditions of the purchase, including the purchase price, with ITT.   The Seller refused and the Agreement expired.

2) It is my opinion that the characteristics of master planned community development are extremely technical and unique. Since each potential project is unique there are no "canned" software programs to assist us in the evaluation of these types of real estate development opportunities.  We rely upon our experience to determine the specific subject matter to concentrate on in the evaluation process. In most cases, there are either extremely limited or no representations or warranties granted to us as the purchaser, by the seller, that survive the closing of the acquisition, with regard to the development characteristics of the property.  Thus, it is imperative that we identify and understand as many of the specific characteristics that have an economic impact on the success of the project during the due diligence investigation period. It is the owner/developer's responsibility to conduct a due diligence investigation to the level deemed sufficient for the magnitude of the investment.

3) The complexity and diversity of subject matter that we address in the revenue aspect of the due diligence investigation includes such topics as product type and mix of a proposed product; marketability of the selected product mix; sales price of the proposed product; cost of the proposed project; absorption of the proposed product; timing of offering of the various products; competitive projects; long term market conditions; costs of sales; method of marketing; etc.

4) The complexity and diversity of subject matter that we address in the site evaluation aspect of the due diligence investigation includes such topics as location of the site to major roadway access; utility availability and access; developability of any undeveloped land; terms and conditions of existing development approvals; flexibility of development approvals; expiration of development approvals; estimated costs and timing to satisfy development approval conditions; wetland jurisdictional delineations; wildlife habitat preservation requirements; off-site mitigation obligations and timing of associated triggers; density limitations; building height limitations;

5) The complexity and diversity of subject matter that we address in the future development aspect of the due diligence investigation include such topics as the condition and adequacy of existing infrastructure; future infrastructure needs based on projected product type, density and land plan; amenities; phasing of delivery of amenities; structure of memberships for amenities; time requirement to complete design, engineering and permitting of future phases of development; risk of obtaining necessary entitlements; costs to complete design, engineering and permitting of future phases of development; timing to bid, negotiate and award phased infrastructure improvements contracts; costs of phased infrastructure improvements contracts; time requirement to complete design, engineering and permitting of non-infrastructure improvements; timing to bid, negotiate and award non-infrastructure improvements contracts; costs of non-infrastructure improvements contracts; supervision requirements; bonding requirements; etc.

6) We must also consider the best structure of supervision, management and marketing of the development of the master planned community. Estimation of probable costs to manage the multiple fields of expertise needed for development operations, such as sales and marketing, accounting and financial reporting, site construction supervision, general overhead expenses, golf course maintenance, golf club operations, etc. are all critical in our evaluation.

7) The structure of the financial investment to acquire and develop a project such a Hammock Dunes is also unique. The procurement of capital investment, determination of preferred return to capital contributors; terms and conditions of acquisition and / or development loans from institutional credit facilities; creation of project specific cash flows and proformas; financial reporting procedures; timing of cash requirements; etc., must be arranged in a manner to promote the success of the overall project.

8) As market conditions are ever changing, we will utilize as many different sources of information as are available to properly conduct a thorough due diligence investigation. These sources would include, but not be limited to, information provided by the seller, information recorded in public records; information available from federal, state, regional and local regulatory agencies; historical market data compiled by real estate research firms; clubhouse architects; golf course designers; civil engineers; soils engineers; environmental engineers; wildlife biologists; landscape architects; special feature architects; community management companies; appraisers; real estate agents; community development districts; homeowners associations; bankers; residential builders; golf course managers; golf course maintenance supervisors; real estate attorneys; traffic engineers; etc. Each of the above sources may provide information to us, based upon our specific direction of the scope, regarding their select field of expertise. However, it is our responsibility as the developer to determine which, if any, information would be applicable in the final due diligence investigation of a project, proposed business

plan, proforma and ultimate decision to proceed. Third party consultants rely heavily upon our direction and interaction in the preparation of their respective reports. The data provided to us by the consultants or other third sources, individually and collectively, in and of itself, does not constitute "due diligence".

9) It is my opinion that the results of the due diligence investigation process are proprietary in nature. The compilation of information from numerous sources which are then incorporated into a business plan of development or proforma, is our creation, and therefore our exclusive property. It is essential that we maintain ownership of our final work product. The proforma is a tactical and strategic plan of how we, as the developer, would proceed, based upon our years of experience and understanding of the numerous disciplines of expertise associated with a specific project.

10) I have reviewed the Initial Master Development Budget ("Initial Budget") prepared by Lochmere Development Group, Inc. dated April 14, 1999. After a thorough review, my opinion is that the Initial Budget provided the identification of the major component elements in the acquisition and development of Hammock Dunes in such detail as to provide a preliminary business plan of development or working road map for the project. Such a detailed proforma, even without financial information, would provide substantial value to a potential purchaser / developer.

11) I have reviewed the Revised Master Development Budget ("Revised Budget") prepared by Lochmere Development Group, Inc. dated June 11, 1999. After a thorough review, it is my opinion that the Revised Budget provided substantial critical information in the areas of projected revenue, product mix, timing and costs of sales, timing and costs of development, timing and costs to supervise and management development, the timing and costs of other financial obligations, projected cash flows, etc. that could only be created by someone with extensive knowledge of the development of master planned communities. The Revised Budget is unique and site specific. I believe such a proforma is necessary to obtain sophisticated capital investors, and, especially, loans from institutional credit facilities.

12) As an experienced master planned community developer, I would require, at the very least, a Revised Budget of this magnitude, thoroughness and complexity, to consider submitting an Agreement for Sale and Purchase, conditioned that purchaser provide a three million dollar ($3,000,000) non-refundable deposit at the time of execution.

13) The information compiled and submitted per Lochmere's correspondence to Mr. Joseph W. Hatzell of Joseph J. Blake and Associates, Inc., dated June 24, 1999, forwarding three volumes of due diligence research and the Revised Budget, clearly saved BankBoston and its appraiser months of time in the preparation of its underwriting and appraisal as a condition of its loan approval process.

14) The formation of an acquisition and development venture such as Hammock Dunes requires the developer to submit 'proprietary information' in the form of proformas and business plans to prospective investors prior to the finalization of their respective business arrangements. It is common in the industry to secure an Agreement for Sale and Purchase of a select property under one name and later assign the Agreement to the ultimate ownership entity. Therefore, the final business arrangements between the developer and capital investors may not be memorialized in an executed

agreement until shortly before the actual closing of the property. However, the duties and responsibilities of the developer, as well as the terms and conditions of compensation to the developer, would be agreed upon prior to further disclosure of the developer's 'proprietary information' work product to the investors. In addition, the form, timing and amount of the developer's compensation would be included in the proforma or business plan as full disclosure to the potential investors and / or lenders, as clearly noted in the Revised Budget.

15) The compensation program to the developer should be structured to aligned the interests of all parties. Therefore, a compensation program tied to multiple areas of responsibilities and performance provides the greatest incentive to the developer and protection of capital to the investors and lenders. A developer's compensation program may be comprised of all or some of the following: full reimbursement of direct expenses incurred for the management and supervision of the project by the developer; an initial 'due diligence fee' paid at land closing to off-set costs of the developer; monthly management fee; percentage participation of gross sales paid at individual closings; and, profit participation after the return of all capital invested, including preferred return, institutional loan repayment and associated interest and fees. Upon our review of the Management, Development and Marketing Agreement and the Marketing and Listing Agreement by and between Lochmere and H. D. Associates, L.P. ("Agreements"), and a first hand knowledge of the complexity of the Hammock Dunes project, it is my opinion that Lochmere's compensation terms and conditions of the Agreements are within industry standards.

Exhibits: The following exhibits were reviewed and used in support of our opinions.

1) Final Asset Advisory Report prepared by Price Waterhouse, dated November 16, 1998, establishing a reasonable price range of $17,000,000 to $19,000,000 for Hammock Dunes. (018089-018252)

2) First version of Master Development Budget, dated 4/14/99, prepared by Lochmere Development Group, Inc. with "Please Note: This Document Is The Exclusive Proprietary Property Of Lochmere Development Group, Inc. Do Not Duplicate Or Disperse Without Prior Written Consent" note on front page. (011331-011353) same as (E01734-E01756)

3) Management, Development and Marketing Agreement by and between Lochmere Development Group, Inc. and H. D. Associates, L.P. (E00396-E00420)

4) Marketing and Listing Agreement by and between Lochmere Realty, Inc. and H. D. Associates, L.P. (E00421-E00424)

5) Fourth version of Lochmere's Master Development Budget, dated June 11, 1999. (018890-018915)

6) Letter from Evans to Mr. Joseph W. Hatzell of Joseph J. Blake and Associates, Inc., dated June 24, 1999, forwarding three volumes of due diligence research and the Master Development Budget per the request of BankBoston and Eiger. (018823-018824)

7) Hammock Dunes - Conservative Case analysis which references Lochmere's model dated 6/22/99, dated June 28, 1999 (018821-018822)

Resume: Please see attached.

Previous Testimony:  None in the past four years.

Compensation: I am being compensated at the rate of $500.00 per hour.

By: _____
Robert B. Whitley

Date: June 4, 2001

RBW:crbw.exprpt.06.04 01

## ROBERT B. WHITLEY

**Present**
Partner with Jack Nicklaus in the development of The Bear's Club, an upscale, private eighteen-hole golf club located in Jupiter, Palm Beach County, Florida.

**Present**

Partner with Jack Nicklaus and The Ritz-Carlton Company in the development of The Ritz-Carlton Golf Club & Spa located in Jupiter, Florida. The project features a Jack Nicklaus Signature Golf Course, a world class spa and approximately 133 residences.

**Present**

Partner in Currahee Bridge, a 1200-acre master planned, lakefront community located on Lake Hartwell, near Toccoa, Georgia. At completion, the project will contain a Jim Fazio-designed golf course, a marina, hotel, and approximately 1,500 residences.

**Present**
Partner in Augusta Golf Company, developer of a high-end daily fee golf course community on the Savannah River in North Augusta, South Carolina. Community features 96 lots, a 250-unit apartment site and a Jim Fazio designed golf course.

**Present**
Selected by the Commonwealth of Virginia to conduct a feasibility study on developing a multi-course golf trail in Virginia.

**1998 - 2000**

Development consultant to the Piedmont Driving Club for the development of a Rees Jones-designed eighteen hole golf course in Atlanta, Georgia. The Piedmont Driving Club, founded in 1887, is one of Atlanta's most prestigious in-town clubs.

**1994 - 1999**
Partner in Tennessee Golf, L.L.C., developer of four Jack Nicklaus Signature golf courses on behalf of the State of Tennessee within state parks. Tennessee Golf has leased all four courses from the State of Tennessee and will operate the courses for forty years. The Bear Trace at Cumberland Mountain State Park and The Bear Trace at Tims Ford were named among *GOLF Magazine's "Top 10 You Can Play"*.

**1993 - 1998**
Partner with Westbrook Partners and Golden Bear International, Inc. in Laurel Springs, a 636-acre, 854-lot single family, Golden Bear Golf Club community featuring a Jack Nicklaus Signature semi-private golf course located in Atlanta, Georgia. Clubhouse was voted *Best New Daily-Fee Clubhouse*

by *Crittenden Golf, Inc.* in 1998.

**1991 - 1997**

Partner with Greg Norman in the development of Medalist Golf Club, a 1300-acre project located in Hobe Sound, Florida, and featuring two 18-hole golf courses, both designed by Greg Norman and Pete Dye, and two clubhouses.  Selected by *Golf Magazine* as *One of the 100 Greatest Courses in the United States* in its first year of eligibility.

**1992-1994**

Development, Marketing and Sales Consultant to Elk River Development Corporation, which is developing Elk River, a 1,500-acre residential community featuring an 18-hole championship Jack Nicklaus Signature Golf Course, a private 4,600' air strip, riding stables, 50,000 square foot club house, and tennis facilities, in Banner Elk, North Carolina.

**1988 - 1994**

Managing Partner of Colleton River Company, L.P., which developed Colleton River Plantation, a 697-acre, 395-lot residential community featuring an 18-hole championship Jack Nicklaus signature golf course, an "Augusta National" type par-3 golf course, and a Stan Smith Design tennis center, adjacent to Hilton Head Island, South Carolina.  The project was financed by NationsBank.  Colleton River Plantation was voted "Best New Private Course in America" in 1993 by *Golf Digest* magazine, selected by *Golf Magazine* as *One of the Greatest 100 Courses in the United States* in its first year of eligibility,  and named the No. 1 golf course in South Carolina by *GolfWeek* magazine, and *Best Private Clubhouse in America in the 15,000 - 35,000 range by Crittenden Golf Magazine*.  Colleton River Plantation is the only private residential community in the world with two Top 100 courses.

**1984-1990**

Managing Partner of Old Marsh Partners, developer of Old Marsh Golf Club, a 452-acre,  217-unit, single family development in Northern Palm Beach County, Florida. The golf course was designed and constructed by Pete Dye, with homesites priced from $160,000 to $265,000. The project was financed by NCNB National Bank and Hollywood Federal Savings and Loan Association, both of whom were prepaid. In its first year of eligibility, Old Marsh Golf Club was selected by *Golf Digest* as the 74th ranked golf course in the country. The Clubhouse was selected by *Southern Links* as *Best in the South*.

**1983-1987**

Managing Partner of Golden Bear Plaza Associates, developer of Golden Bear Plaza, a 250,000 s.f. 40MM+ office complex in North Palm Beach, Florida. Partners include Jack Nicklaus and Competrol Real Estate Limited,  a member of the Olayan Group. Whitley Development managed the Project under a separate development agreement. The project was financed with NCNB National Bank, and the three 83,000 s.f. buildings are completed and 100% leased. Tenants include Golden  Bear International (The Jack Nicklaus Organization's headquarters company), International Financial Services (U.S. corporate headquarters), Shearson Lehman Brothers (Florida regional office and local brokerage office), NCNB National Bank, Gulfstream Financial Corporation (a subsidiary of the Kemper Financial Group), Colonial National Bank and Trust Company (corporate headquarters), and

FPL Group, Inc. (parent of Florida Power & Light Company and Colonial Penn Life Insurance Company) (corporate headquarters). In December, 1987, this interest was sold. Golden Bear Plaza has been resold twice and both sales established new per square foot sales price records for Florida.

**1983-1990**
Managing Partner of Sunrise Partnership, developers of a 20,000 s.f. office building in North Palm Beach, Florida. The project was financed by Southeast Bank and Security Connecticut Life Insurance Company. Whitley Development managed this building, which has been 100% leased since completion of construction in January, 1985.

**1983-1986**
Managing Partner of a $26MM + ultra-luxury townhouse project at Sailfish Point, a P.U.D. developed by Mobil Land Development Corp., a Mobil Oil subsidiary. Partner with Competrol Real Estate Limited. The project is complete and was financed by Manufacturer's Hanover Trust Company.

**1979-1983**
Independent contractor responsible for all phases of development for The Reaches, a $19MM + luxury oceanfront condominium project of 94 units located on Singer Island, Florida. Participant with Nichimen Co., a major Japanese trading company.

**1981-1983**
Managing partner of SeaWinds, a $50MM + luxury, oceanfront condominium project of 182 units located on Singer Island, Florida. Partners include Nichimen Co. and Kajima Corporation, Japan's largest general contractor.

**1975-1976**
President, Water Glades Development Corporation. Completed and marketed Water Glades, a 256-unit, $22MM + oceanfront condominium on Singer Island, Florida, for Guardian Mortgage Investors and CITIBANK, N.A.

**1972-1975**
Vice President, Charter Advisory Company, a subsidiary of The Charter Company, and Guardian Mortgage Investors. Responsible for the completion and marketing of some $250MM of real estate located throughout the country, including shopping centers, office buildings, motels, hotels, rental apartments, golf course communities, and 16 condominium projects located throughout Florida.

**1970-1972**
Graduate Business School, Emory University, Atlanta Georgia.
Received M.B.A. degree in June, 1972.

**1966-1970**
Lieutenant, U.S. Navy. Served as an Admiral's Aide and Flag Lieutenant overseas (1969-1970), Executive Officer and Navigator at sea (1967-1969) and Nuclear Weapons Officer at sea (1966-1967).

**1962-1966**
Duke University, Durham, North Carolina.
Received Bachelor of Arts degree.
Attended Duke University on a full NROTC scholarship.

**Community Activities:**

Former Member, Board of Directors, North Carolina Outward Bound School.
Founder and Chairman, North Carolina Outward Bound Foundation of Palm Beach, Inc.
Member, Advisory Board, Florida Real Estate Magazine.
Former Founding Director, Enterprise National Bank of Palm Beach



Exhibit
D

# RICHARD L. BROWN & COMPANY, P.A.

### CERTIFIED PUBLIC ACCOUNTANTS

| | | |
|---|---|---|
| Traci J. Anderson, C.P.A. | 1810 South MacDill Avenue, Suite 3 | Phone (813) 258-0338 |
| Richard L. Brown, C.P.A. | Post Office Box 18545 (zip 33679) | FAX (813) 258-1773 |
| Stephen R. Hartmann, C.P.A. | Tampa, Florida 33629 | E-Mail: richardlbrown@juno.com |

June 1, 2001

Mr. Greg Orcutt, Esquire
Bricklemyer, Smolker & Bolves
500 East Kennedy Boulevard
Tampa, FL 33602

       Re: Lochmere Development Group, Inc. et al(Lochmere) vs. H. D. Associates, LP
          et al(H. D. Associates)

Dear Mr. Orcutt:

You have requested that we assist you in the investigation and analysis of the Lochmere's claim and lawsuit against H. D. Associates and provide expert witness testimony about our findings. The following report is the result of our interviews with Lochmere's principle owner, reading of certain depositions and an analysis of documents produced in discovery. Included are our opinions and the information that helped us in forming these conclusions.

1. Lochmere uses a proprietary analytical tool called the Master Development Budget developed over a number of years in the real estate development business. This analytical tool is based on Lotus Spreadsheets, designed to "roll-up" all detail information to summaries and is interactive to the extent that a change in a detail number automatically changes and updates all relevant schedules.

The information developed using this analytical tool traces a project from its formative stage through completion and sell-out. It has the capability to capture cash flow information including funds borrowed and related repayments. It also calculates rates of return based on a variety of financial assumptions.

## Conclusion

Lochmere owns a proprietary tool that is a complete analytical tool in developing a business plan for a project. We have seen a number of these plans in our audits of real estate developer clients as this information in an integral part of the estimated costs to complete a project. These planning tools vary widely in level of detail and complexity. Lochmere's Budget process is one of the best we have seen.

2

**2.** Lochmere developed the detailed Master Development Budget for Hammock Dunes using information obtained from the owner of the property, studies prepared by Lochmere's consulting engineers and offering information prepared by Cushman Wakefield, the seller's real estate broker. Utilizing this data, Robert Evans experience in the real estate development business and assumptions on financing, a preliminary Master Development Budget was completed, without amounts, and provided to H. D. Associates in order to identify the complex funding issues unique to Hammock Dunes. This document was dated April 14, 1999 and provided to H. D. Associates on April 15, 1999.

Subsequently, the Budget was prepared with estimated revenues and costs and provided to H. D. Associates. This Budget was dated April 26, 1999. H. D. Associates transmitted this Budget to BankBoston with a one page "conservative case" summary. This Budget was clearly marked as the proprietary property of Lochmere and H. D. Associates acknowledged that it had obtained this information from Lochmere.

The April 26, 1999, Budget was later updated by Lochmere as of May 26, 1999, to include the costs associated with building a second golf course. Golf membership revenue was also adjusted to reflect the second golf course and land sales revenue reduced for what had been a planned sale of the site. The revised Budget was transmitted to H. D. Associates on June 7, 1999.

A final Budget dated June 22, 1999, was prepared by Lochmere which included the costs associated with the financing and a calculation of an Internal Rate of Return(IRR). This Budget became H. D. Associates'Exhibit A to the Senior Secured Credit Agreement. The Exhibit A Budget is identical to Lochmere's June 22, 1999 Budget, including the calculation of IRR of 67.85%.

H. D. Associates subsequently submitted a "final" Exhibit A Budget which was prepared using the June 22, 1999 Budget prepared by Lochmere. Lochmere had provided H. D. Associates with a diskette copy of its analytical tool converted from Lotus Spreadsheet to Microsoft Excel. All significant amounts remained the same. Several descriptive titles changed, but not the amounts. H. D. Associates included the financing costs in this version, though not exact, these costs tracked those prepared by Lochmere.

Conclusion
H. D. Associates used Lochmere's proprietary information to obtain the financing for this project. This development model is very detailed and extensive and it is a very remote possibility that H. D. Associates could build a modeling system that would accomplish its planning in the short period of time available, not to mention, coming to exactly the same amounts that Lochmere had prepared. H. D. Associates found it necessary to continue using Lochmere's information because of the short time frame necessary to fund this deal . After attempting to "re-trade" Lochmere's compensation arrangement in early July, 1999, a few weeks

3

later, H. D. Associates signed a contract to purchase Hammock Dunes which included a $3,000,000 non-refundable deposit. See Section 3. below.

3. Lochmere and David Lane were the original joint venture partners attempting to purchase and develop Hammock Dunes. Lochmere had responsibility for purchase of the property, development and sales. HD had responsibility for bringing a financial partner into the deal. They were operating under a "Management, Development and Marketing Agreement" which, among other things, states the amount and type of compensation the Lochmere organization was to receive for carrying out its assigned responsibility.

Robert Evans received a phone call on June 28, 1999 from H. D. Associates' representative informing him that it was necessary to "re-trade" the terms and conditions of Lochmere's compensation arrangement. Following is a summary of Lochmere's agreement with H. D. Associates and the comparison of Eiger's proposed changes:

| | Lochmere/Lane Agreement | | Eiger's "Re-trade" | |
|---|---|---|---|---|
| Monthly Management Fee ($12,000 per month) | | $ 576,000 | | $ 576,000 |
| Due Diligence Fee (1% of purchase price of property) | | $ 225,000 | | $ 225,000 |
| 4% Real Estate Commission | | $ 4,428,600 | | -0- |
| Reimbursement of operating expenses($48,750 per month) | | $ 2,340,000 | | $ 144,000 |
| Profit participation after 12% preferred return to capital partner | 30% | $17,466,118 | 7.5% | $4,366,529 |

Conclusion

As can be seen from the above comparison, there is a significant difference between the two methods of compensation. In fact, under H. D. Associates' "Re-trade" because Lochmere would be responsible for its own operating expenses, Lochmere would be required to invest over one million dollars into this project before any reimbursement which was scheduled to occur at approximately the mid-point of the planned development. As noted above, the capital partner receives his investment back, plus a 12% preferred return. Lochmere would be required to look to its 7.5% profit participation to be reimbursed for its out of pocket expenses throughout the project. This effectively lowers Lochmere's profit participation to less than 4%.

4

As a result of these issues, Lochmere elected not to proceed with Eiger on the "Re-trade" basis.

Overall Conclusion

H. D. Associates consistently used information provided by Lochmere to obtain financing for the project. After H. D. Associates attempted to "Re-trade" Lochmere's compensation and Lochmere declined to accept this proposal, H. D. Associates confirmed by letter on July 13, 1999, that it would not use Lochmere's proprietary Budget format. Yet on July 29, 1999, H. D. Associates signed a contract to acquire Hammock Dunes and agreed to make a $3,000,000 non-refundable deposit. It is difficult to believe that H. D. Associates could have gone through the process of preparing detailed budgets necessary to support the feasibility of this project in the two weeks between the issuance of the July 13, 1999, letter and the commitment of $3,000,000 non-refundable deposit to this transaction. It is even more unbelievable that H. D. Associates would discard Lochmere's Budget, prepare its own budgets and come to the same sales and cost estimates as Lochmere's Budget, including the Internal Rate of Return.

Attached to this report letter is a copy of my current resume and a summary of cases in which I have been involved for the last four years. I charge $175.00 per hour for litigation support services. I have been a CPA involved in public practice since 1967. I have not published any articles or books on this or any other subject.

Very truly yours,

Richard L. Brown

Richard L. Brown

Exhibit

E

# ⊒ ERNST & YOUNG LLP

■ Suite 1500
2121 San Jacinto Street
Dallas, Texas 75201

■ Phone: 214 969 8000
Fax:    214 969 8587
Telex:  6710375

June 18, 2001

Mr. Alan S. Loewinsohn
Pezzulli & Loewinsohn LLP
18383 Preston Road
Suite 110
Dallas, Texas 75252-5476

> Re:    Case No. 8:00-cv-1026-T-27B; *Lochmere Development Group, Inc., et al.*
> *v. Eiger Fund I, L.P., et al.;* in the United States District Court, Middle
> District of Florida, Tampa Division

Dear Mr. Loewinsohn:

At your request, we reviewed pages 161 through 179, 224 through 229, and 242 through 256 of Mr. Robert E. Evans' deposition. We additionally reviewed Exhibit 46 and Exhibit 47. You have asked us to respond with our professional opinion to the following aspects of the deposition.

## Real Estate Development Model Architecture and Layout

The models represent a line item approach to residential infrastructure cost estimates. The models prepared by Lochmere include each planned parcel of land and detail estimated costs for typically required infrastructure. These models indicate a phased approach to bringing certain infrastructure items on-line over a specified period of time. Such Excel or Lotus models would be used by most professional real estate developers in their pre-development due diligence of land development.

Typical of multi-parceled development projects, the master development budget is broken down into individual Infrastructure Cost Estimates by parcel and/or project (e.g., marina, golf course, etc.) and then subsequently rolls-up into the Infrastructure Cost Schedule. This roll-up schedule allows the reviewer to analyze the project's infrastructure costs by providing timed cash flows. Combining these cash flow results with additional cash flow results from golf club memberships, golf club subsidies, DRI obligations, cash receipts, general and administrative costs, homeowners' association subsidies, Dunes Community Development District Assessments and Fees, and applying specific equity requirements allows the user to calculate various internal rates of return. Calculated internal rates of return allow the user to more accurately identify whether or not the prospective project meets their expected criteria for investment.

The models are typical of development models that we have both prepared and reviewed in numerous instances for clients over the years.

## Absorption

Absorption schedules are commonly utilized within real estate development models to provide cash flow projections based upon the absorption schedule used. Absorption rates can be derived by a knowledgeable real estate professional making reasonable assumptions based upon readily available market data and information.

Ernst & Young LLP is a member of Ernst & Young International, Ltd.

**Ξ⌐ ERNST & YOUNG**                         ■ Ernst & Young LLP                         Page 2

Mr. Alan S. Loewinsohn                                              June 18, 2001

We were unable to identify where Mr. Evans obtained the absorption information used in the Lochmere models; however, based on our experience of preparing similar models, this information is reasonably available through a number of published resources or a real estate professional knowledgeable of the local market.

*Timing and Sequencing*
Mr. Evans stated in his deposition that one of the most unique aspects of his work was establishing a sequencing and absorption of the lot development. In particular, some lots were already partially developed; others were perceived as more marketable.

Based on our previous experience and knowledge of typical real estate development practice, completing the development of partially developed parcels, particularly those with the highest marketability, represents a prudent, most economically profitable strategy practiced by any reasonably knowledgeable real estate professional.

*Limited Amount of Time to Compile Information*
Mr. Evans stated that he did not think anybody could have duplicated his efforts in the allotted time.

After review of Exhibits 46 and 47, and based on our experience creating similar, and at times, more complex, development pro forma models, we believe that any knowledgeable real estate professional with adequate staffing resources, could generate a pro forma model producing similar cash flow results -- based on their own absorption schedule -- equivalent to Exhibits 46 and 47 within an approximate 60 day time period. An equivalent model could have been produced in a matter of days with additional staffing resources, provided that all information needed to accurately produce the model was available.  H.D. Associates could have had a similar model built within 60 days or less, dependent upon staffing assignments.

*Available Information from External Sources*
Throughout Mr. Evans' deposition, Mr. Evans commented that he received various information from outside sources external to Lochmere. Attachment A to this letter lists sources of information cited by Mr. Evans in his deposition as used by him. Based upon our knowledge of similar models, developers would commonly employ sources similar to these in the development of cash flow projections.

In addition, pursuant to our conversation with Paul Rowsy, information was provided by H.D. Associates.

Based on our analysis of the foregoing, we believe that Mr. Evans' models are not unique and do not constitute unique models that could not have been developed by another party. The level of detail and degree of complexity of the models do not exceed the norm in the industry.

Edward P. Montgomery, Jr.

Mr. Alan S. Loewinsohn

Page 4<br>June 18, 2001

*H.D. Associates*

- Various property information

Attachment A

*Available Information from External Sources*

*Cantebury Engineering*
- Developed preliminary site plans
  - Page 253, Line 20
  - Page 173, Line 1
- General information
  - Page 166, Line 6

*Homeowner Association*
- Homeowner budgets
  - Page 164, Line 25
- General Information noted
  - Page 166, Line 6

*ITT*
- Golf Course information
  - Page 165, Line 2
- Subsidies and homeowner association and subsidies
  - Page 165, Line 8
- Various documents addressing future obligations
  - Page 166, Line 6
- Number of available fully developed lots in the inventory package
  - Page 172, Line 21

*Permit Information for the Marina*
- Existing permit in place
  - Page 165, Line 21

*Community Development District*
- General Information noted
  - Page 166, Line 6

*Development Order*
- General Information noted
  - Page 166, Line 6

*CED and Ken Partel*
- Land planning services
  - Page 166, Line 11
- Perform site plans
  - Page 238, Line 19

*Cushman Wakefield*
- Offering memorandum for general overview of the project
  - Page 172, Line 8

*Price Waterhouse*
- Appraisal analysis that involved a lot of comparable projects
  - Page 170, Line 20
- Price assumptions based upon what was learned from the Price Waterhouse study
  - Page 171, Line 7

## Edward P. Montgomery, Jr.
## Partner

### Relevant Experience

Ed is a partner in Real Estate Advisory Services of Ernst & Young and serves as the Geographic Leader for the South Area. He brings a broad national and international perspective as he has worked with our offices and clients throughout the U.S., Latin America and Canada. A significant aspect of his role is to ensure that clients receive the full resources of our firm. His experience includes a wide variety of real estate and corporate clients.

### Background

With more than 25 years (17 years as a Partner) of service, Ed is thoroughly familiar with the business issues confronting real estate ownership, development and operations. He regularly consults with many of our clients and offices on emerging issues. Ed has served as Partner on a number of our largest real estate engagements.

He has provided extensive consultation on strategic planning, asset acquisitions/dispositions, mergers, capital formation and capital planning throughout the country. He has significant experience with real estate portfolio reviews, real estate operations, regulatory agreements and contract administration. Ed brings a broad business perspective to the clients he serves and an ability to see the real issues involved in a problem. His credentials in consulting on business matters are extensive and unique. Recognized for his ability to respond effectively to complex requirements, Ed serves as a resource to our partners serving some of our firm's largest clients as well as clients of other Big Five firms.

He received his Masters of Professional Accounting from the University of Texas at Austin in 1976. His undergraduate degree was a B.B.A. in Accounting from Texas Tech University in 1974.

Ed is a member of the AICPA and the Texas Society of CPAs. He has served as a consultant to numerous trade associations. He has served on the Accounting Advisory Board for Texas Tech University, advisory board member of the Communities Foundation of Texas, and as Chairman of the Planning and Zoning Commission for the City of Lancaster.

Summary of Cases Retained

None

Expert Testimony Given in Last Four Years

None

**Fees to be Paid to Ernst & Young for Services Rendered**

Approximately $50,000

# Berkshire, Inc.

**3816 BRYN MAWR**
**DALLAS, TEXAS 75225**

214-361-7830
214-363-3090 FAX
jhrobuck@email.msn.com

June 18, 2001

Alan Loewinsohn
Pezzulli and Loewinsohn
18383 Preston Road
Suite 110
Dallas, Texas 75252.5476

Dear Mr. Loewinsohn:

I have reviewed in this case the deposition of Paul Rowsey and the depositions of Robert Evans, including the exhibits of Mr. Evans' deposition taken in April 2001.

I have been a real estate developer for the last 26 years. Based upon my experience in the industry and my review of the subject materials, it is my opinion that the spreadsheets created by The Lochmere Companies are not unique or proprietary in terms of how they are put together. A real estate developer prepares similar financial models all the time that can be used and tested to see if a project is feasible. The spreadsheets prepared by The Lochmere companies are typical of such spreadsheets but are not unique. In my opinion, a similar model could have been developed by HD Associates in the available sixty (60) day time period.

It is my opinion that there is not an industry standard for compensation to a real estate developer.

Attached is a copy of my summary resume reflecting my experience in the real estate industry. I have never been retained as an expert nor provided expert testimony prior to this case. I have not published any articles or papers. My compensation for my services as an expert in this case will be on an hourly basis at $100.00 per hour, plus any travel expenses.

Thank you,

Joel H. Robuck

Summary Resume of J. H. Robuck

Professional

Joel H. Robuck has been in the residential and commercial development business for 26 years, developing in Austin and Dallas. During these 26 years, Mr. Robuck has developed approximately $250 million in residential and commercial communities and properties. Mr. Robuck has planned and created approximately 32 residential and commercial developments during this history. Included in this category are the following:

Lake Forest I, II and III in Round Rock (work in progress)- 600 homesites
Lake Pointe I, II and IV in Austin- 450 homesites
Watters Crossing I, II and III in Allen- 690 homesites
Suncreek I, II and III in Allen and Plano- 700 homesites
Russell Creek I, II, III and IV in Plano- 400 homesites
The Josey Ranch in Carrollton
      Savoy of Josey Ranch- 200 homesites
      Bel Air of Josey Ranch- 100 homesites
      Villas of Josey Ranch- 198 apartment homes
      Plaza I of Josey Ranch- 150,000 SF shopping center
      Plaza II of Josey Ranch- 30,000 SF shopping center
      Plaza III of Josey Ranch- 20,000 SF shopping center
The Forum Centre in Carrolton- 30 acre business park
Frankford Centre in Carrollton- 150,000 SF shopping center
Mill Valley in Carrollton- 300 homesites
Woodcreek I and II in Carrollton- 300 homesites
Northridge Place I and II in Carrollton- 200 homesites
Northview Place in Carrollton- 100 homesites
Oakwood in Carrollton- 98 homesites

Education

Mr. Robuck earned his BBA from The University of Texas in Austin in 1964, and his MBA from The University of Texas in Austin in 1965.

Personal

Mr. Robuck was born in Dallas, Texas and attended Dallas Independent School District schools in Oak Cliff. Mr. Robuck is married to his wife Linda, and has two boys.

Civic

Mr. Robuck has participated in numerous civic activities such as:

Interim DART Board Member
Chairman of the Board, Dallas Chapter, American Heart Association
United Way in Farmers Branch
Rotary Club of Carrollton
President, The Metrocrest Chamber of Commerce
Urban Design Committee, Town of University Park
Chairman, Long Range Transportation Planning Committee, Town of University Park

Church

Mr. Robuck is a Charter Member, past Moderator of the Diaconate and current Session Ruling Elder of Park Cities Presbyterian Church in Dallas.



Exhibit
F

# BRICKLEMYER SMOLKER & BOLVES, P.A.

### ATTORNEYS & COUNSELORS AT LAW

PETER BAKER*
JAY J BARTLETT
BRIAN A. BOLVES
KEITH W BRICKLEMYER
DAVID M. CORRY
SETH T. (BIFF) CRAINE
ALBERT E. FORD II*
J. GREGORY JACOBS
J.A. JURGENS*

DAVID A. MERCER
RAANDI L MORALES
GREGORY J. ORCUTT
RICHARD T. PETITT
SCOTT M. PRICE*
DOUGLAS C. ROLAND
MICHAEL L ROSEN
RICHARD A. SCHLOSSER
DAVID SMOLKER
*OF COUNSEL

500 EAST KENNEDY BOULEVARD
SUITE 200
TAMPA, FLORIDA 33602
TELEPHONE (813) 223-3888
FACSIMILE (813) 228-6422

gorcutt@bsbpropertylaw.com
November 20, 2001

**Via Facsimile: 972-713-1313**

Carol E. Farquhar, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road
Suite 110
Dallas, TX  75252

**Via Facsimile: 817-861-4685**

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

> Re:  Lochmere Development Group, et al. v. Eiger Fund I, L.P., et al
> Florida Middle District Court
> Case No. CV41026-T-25B
> Our File No. 13294

Dear Ms. Farquhar and Mr. Greene:

Plaintiffs reserve the right to present testimony of the following witnesses either live or by deposition at the trial of this cause: Merrick Kleeman, James E. Gardner, Nicholas Whiting and Steven E. Kennedy.  The depositions of Kleeman, Whiting and Kennedy will be read in their entirety if their testimony is presented by deposition.  The designated pages and lines of the Gardner deposition to be utilized by Plaintiffs are listed below.

| Page 4 | line 7 – 11 | - | Page 5 | line 25 |
| Page 22 | line 2 | | | |
| Page 24 | line 11 – 17 | | | |
| Page 25 | line 4 | - | Page 26 | line 2 |

TALLAHASSEE OFFICE:
315 S. CALHOUN STREET · SUITE 502
TALLAHASSEE, FLORIDA 32301
TELEPHONE (850) 681-9346 · FACSIMILE (850) 681-9410

LONGWOOD OFFICE:
505 WEKIVA SPRINGS ROAD · SUITE 500
LONGWOOD, FLORIDA 32779
TELEPHONE (407) 772-2277 · FACSIMILE (407) 772-2278

Carol E. Farquhar, Esq.
John W. Greene, Esq.
November 20, 2001
Page 2

| | | | | |
|---|---|---|---|---|
| Page 26 | line 5 | - | Page 27 | line 25 |
| Page 28 | line 19 | - | Page 29 | line 19 |
| Page 29 | line 25 | - | Page 31 | line 2 |
| Page 31 | line 5 | - | Page 32 | line 4 |
| Page 32 | line 10 | - | Page 32 | line 13 |
| Page 35 | line 18 | - | Page 36 | line 10 |
| Page 36 | line 13 | - | Page 41 | line 4 |
| Page 41 | line 12 | - | Page 41 | line 16 |
| Page 41 | line 18 | - | Page 42 | line 18 |
| Page 42 | line 19 | - | Page 44 | line 9 |
| Page 48 | line 6 - 21 | | | |
| Page 50 | line 12 | - | Page 51 | line 16 |
| Page 52 | line 7 | - | Page 52 | line 15 |
| Page 53 | line 6 | - | Page 54 | line 10 |
| Page 57 | line 19 – 24 | | | |
| Page 58 | line 12 | - | Page 62 | line 4 |
| Page 62 | line 19 | - | Page 64 | line 18 |
| Page 64 | line 22 | - | Page 70 | line 13 |

Sincerely,

BRICKLEMYER, SMOLKER & BOLVES, P.A.

Gregory J. Orcutt

cc:    Robert D. Evans
enc.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC., a Florida Corporation, and
LOCHMERE REALTY, INC., a Florida
Corporation,

        Plaintiffs,

v.                                    Case No.:  8:00-cv-1026-T-27B

EIGER FUND 1, L.P., et al

        Defendants.

_____/

## THE EIGER DEFENDANTS AND FLEET NATIONAL BANK'S DEPOSITION DESIGNATIONS

EIGER FUND 1, L.P., EIGER, INC., EIGER PARTNERS, L.P., H.D. ASSOCIATES, L.P., DUNES OPERATING COMPANY, L.P., 2M DUNES, L.L.C., PAUL E. ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS, and WILLIAM S. BUCHANAN (collectively the "Eiger Defendants") and Fleet National Bank f/k/a BankBoston, N.A., ("BankBoston") file this their Deposition Designations in accordance with the Case Management and Scheduling Order and Fed. R. Civ. P. 26.

### DEPOSITION DESIGNATION OF JAMES E. GARDNER

4: 7-8
5: 25
6: 1-3
6: 10-18
6: 23-25
7: 1-21
7: 25
8: 1-25

9: 1-3
14: 15-25
15: 1-20
19: 16-25
20: 1-2
17: 13-19
18: 12-15
26: 7-11
26: 25
27: 1-15
28: 1-25
29: 1
29: 5-9
29: 25
30: 1-25
31: 1-3
31: 5-6
31: 11-13
71: 21-25
72: 1-8
42: 19-25
43: 1-5
43: 9-25
44: 1-9
83: 18-25
84: 1-25
85: 1-2
85: 8-13
50: 9-11
50: 16-18
50: 23-25
51: 1-16
57: 22-24
58: 1-2
58: 6-8
58: 12-25
59: 1-25
60: 1-4
60: 12-13
60: 15-17
66: 7-13
66: 15-25
61: 6-25
62: 1-4
62: 7-8
62: 11

THE EIGER DEFENDANTS AND FLEET NATIONAL BANK'S
DEPOSITION DESIGNATIONS

62: 19-25
63: 1-7
63: 11-13
67: 5-6
67: 11
67: 14-17
67: 22-25
68: 1-6
68: 11-25
69: 1-9
86: 10-25
20: 16-19
20: 25
21: 1-21
73: 9-25
74: 1-25
75: 1-25
76: 1-6
76: 17-20
76: 25
77: 1
77: 11-23
78: 3-4
78: 9-25
81: 5-8

## DEPOSITION DESIGNATION OF MERRICK KLEEMAN

5: 3-5
15: 15-25
16: 1-25
17: 1-10
58: 24-25
59: 1-4
60: 24-25
61: 1-25
62: 1-4
62: 19-25
63: 1-12
64: 16-23
67: 6-22
70: 9-25
71: 1-25
72: 1-5
75: 10-22
76: 8-10

105: 18-23
106: 3-5
77: 8-13
80: 1-25
81: 1-5
81: 8-9
81: 12-13
81: 15-23
82: 6-12
82: 14-18
82: 23-25
83: 1-16
83: 24-25
84: 1-18
88: 12-22
88: 25
89: 6-18
90: 2-13
91: 2-19
85: 12-19
91: 20-25
92: 1-3
92: 9-25
93: 1-25
94: 1-12
95: 8-14
99: 23-25
100: 1-2
108: 3
108: 16-25
109: 1
55: 25
56: 1-25
57: 1-25
58: 1-23

# DEPOSITION DESIGNATION OF NICHOLAS WHITING

5: 6-11
7: 2-25
8: 1-25
11: 6-11
9: 1-10
10: 3-12
12: 11-25
13: 1

14: 1-4
14: 20-23
23: 3-25
24: 1-23
25: 9-22
31: 1-9
33: 25
34: 1-7
35: 23-25
36: 1-5
37: 24-25
38: 1-25
39: 1-5
39: 14-17
39: 20-25
40: 2-5
42: 15-25
43: 1-13
44: 14-25
45: 1-25
46: 1-9
46: 14-25
47: 1-25
48: 1-16
48: 19-22
48: 24-25
49: 1-25
50: 1-9
50: 12-17
50: 24-25
51: 1-25
52: 1-2
52: 5-6
59: 24-25
60: 1-10
60: 12-16
77: 12-25
78: 1-21
79: 20-25
80: 1-9
94: 14-19
94: 23-24
95: 3-25
96: 1-7
97: 12-23
98: 7-14

THE EIGER DEFENDANTS AND FLEET NATIONAL BANK'S
DEPOSITION DESIGNATIONS

104: 4-25
105: 1

## DEPOSITION DESIGNATION OF ROBERT B. WHITLEY

4: 16-25
5: 1-7
46: 7-17
100: 20-25
101: 1-10
62: 21-25
63: 4-8
62: 1-12
61: 17-18
63: 25
64: 1-8
11: 11-13
11: 21-25
12: 1-9
102: 1-5
12: 10-25
13: 1-25
14: 1-14
15: 4-13
15: 22-25
16: 1-7
16: 23-25
17: 1-8
116: 16-25
117: 1-10
121: 8-25
122: 1-4
143: 4-18
144: 22-25
145: 1-4
145: 23-25
146: 1-8
131: 8-16
147: 1-5
149: 9-25
158: 15-18
138: 10-25
139: 1-17
197: 14-25
198: 1-16
198: 24-25

THE EIGER DEFENDANTS AND FLEET NATIONAL BANK'S
DEPOSITION DESIGNATIONS                                         Page 6

199: 1-2
136: 8-14
191: 24-25
192: 1-25
193: 1-15

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P.
Daniel F. Molony
Florida Bar No. 271330
201 E. Kennedy, Suite 601
Tampa, Florida 33602
(813) 202-7100 Phone
(813) 221-8837 Facsimile

PEZZULLI & LOEWINSOHN, L.L P.

By: _____
Alan S. Loewinsohn
State Bar No. 12481600
Carol E. Farquhar
State Bar No. 06828300
18383 Preston Road, Suite 100
Dallas, TX 75252
(972) 713-1300 Phone
(972) 713-1313 Facsimile

ATTORNEYS FOR EIGER FUND I, L.P.,
EIGER, INC., EIGER PARTNERS, L.P.
H.D. ASSOCIATES, L.P., PAUL E.
ROWSEY, III, C. TODD MILLER,
DAVID M. JACOBS, and WILLIAM S.
BUCHANAN

HALEY, SINAGRA & PEREZ
Dora Kaufman, Esq.
Florida Bar No. 771244
100 SE 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394
(954) 467-1300  Phone
(954) 467-1372  Facsimile

11-02-01   03:30pm   From-PEZZULLI&LO.  NSOHN                      972-713-1313          T-316   P 10/11   F-045

COUNSEL FOR FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served on the following counsel of record on this 2nd day of November, 2001, via the method indicated:

Gregory J. Orcutt                              Via Telecopy
Bricklemyer, Smolker & Bolves, P.A.
500 E. Kennedy Blvd. Ste. 200
Tampa, Florida 33602

Alan M. Gerlach                                Via Telecopy
Broad & Cassel
390 N. Orange Avenue, Suite 1100
Orlando, FL 32801

John W. Greene                                 Via Telecopy
Hill Gilstrap
1400 West Abram
Arlington, TX 76013

## LANE DEFENDANTS DESIGNATION OF DEPOSITION EXERTS TO BE READ AT TRIAL

(A.)    Deposition of Nick Whiting

Page 44 Line 14 through Page 48 Line 22

Page 49 Line 23 through Page 51 Line 21

Page 53 Line 16 through Page 54 Line 16

Page 57 Line 4 through Line 9

Page 59 Line 24 through Page 60 Line 16

Page 67 Line 14 through Line 22

Page 101 Line 22 through Page 103 Line 22

Page 104 Line 4 through Page 105 Line 1

(B).    Deposition of James Gardner

Page 20 Line 16 through Page 21 Line 21

Page 26 Line 7 through Page 27 Line 15

Page 28 Line 1 through Line 18

Page 31 Line 20 through Page 33 Line 10

Page 34 Line 2 through Page 35 Line 3

Page 39 Line 11 through Page 40 Line 6

Page 42 Line 19 through Page 43 Line 14

Page 47 Line 18 through Page 49 Line 8

Page 73 Line 9 through Page 76 Line 6

Page 76 Line 17 through Line 20

PAGE 1

Page 77 Line 7 through Line 23

Page 88 Line 3 through Page 90 Line 1

(C.)    Deposition of Stephen Kennedy

Page 40 Line 20 through Page 43 Line 20

Page 49 Line 6 though Line 25

Page 54 Line 22 through Page 57 Line 25

Page 72 Line 18 through Page 73 Line 1

Page 74 Line 9 through Page 77 Line 17

(D.)    Deposition of Bob Evil

Page 52 Line 14 through Page 57 Line 8

Page 73 Line 20 through Page 79 Line 25

Page 99 Line 1 through Line 17

(E.)    Deposition of Robert Whitley

Page 112 Line 5 through Page 115 Line 3

Page 127 Line 13 through Page 131 Line 15

Page 201 Line 12 through Page 202 Line 5

PAGE 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC., a Florida Corporation, and
LOCHMERE REALTY, INC., a Florida
Corporation,

        Plaintiffs,

v.                                                                                      Case No.: 8:00-cv-1026-T-27B

EIGER FUND I, L.P., et al

        Defendants.

_____/

## THE EIGER DEFENDANTS' AND FLEET NATIONAL BANK'S AMENDED OBJECTIONS TO DEPOSITION DESIGNATIONS

EIGER FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P., H.D.

ASSOCIATES, L.P., DUNES OPERATING COMPANY, L.P., 2M DUNES, L.L.C.,

PAUL E. ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS, and WILLIAM S.

BUCHANAN (collectively the "Eiger Defendants") and Fleet National Bank f/k/a

BankBoston, N.A., ("BankBoston") file this their Objections to Deposition Designations

in accordance with the Case Management and Scheduling Order and Fed. R. Civ. P. 26.

I.

## OBJECTIONS TO DEPOSITION DESIGNATIONS OF PLAINTIFFS

**JAMES GARDNER**

It is unclear what portion of the Gardner deposition is being designated in the first listing. For purposes of these objections it will be presumed that the entirety of the deposition between Page 4, line 7 to page 5 line 25 is designated.

THE EIGER DEFENDANTS' AND FLEET NATIONAL BANK'S
AMENDED OBJECTIONS TO DEPOSITION DESIGNATIONS           Page 1

| Page and line | Objection |
|---|---|
| Page 5, lines 2-24 | relevance and attorney sidebar |
| Page 31, lines 14-19 | relevance |
| Page 31, lines 18-19 | nonresponsive |
| Page 32, lines 9-13 | nonresponsive |
| Page 37, line 4 – Page 38, line 14 | speculation, lack of foundation |
| Page 39, line 11 - Page 40, line 6 | speculation, lack of foundation |
| Page 39, line 20 - Page 40, line 6 | nonresponsive |
| Page 40, lines 8-23 | speculation, lack of foundation |
| Page 48, lines 10-21 | nonresponsive |
| Page 63, line 15 - Page 64, line 14 | ambiguous, speculation, lack of foundation |
| Page 67, lines 1-4 | relevance |
| Page 67, lines 18-21 | relevance |
| Page 70, lines 1-8 | relevance |

## MERRICK KLEEMAN, NICHOLAS WHITING AND STEVEN KENNEDY

By designating the entirety of the deposition Plaintiffs have not made designations of these deponents in good faith and in compliance with the Federal Rules of Evidence, the Case Management Order and the Local Rules; and we hereby request that such designations be stricken by the Court. In the event that the Court does not strike these designations, the Eiger Defendants and BankBoston incorporate each and every of their objections made during the depositions as well as the following objections:

## MERRICK KLEEMAN

| Page and Line | Objection |
|---|---|
| 20:21-21:16 | Non-responsive |
| 22:19-24:2 | Non-responsive |
| 24:6-25:10 | Non-responsive |
| 25:13-26:16 | Non-responsive |
| 28:19-29:20 | Non-responsive |
| 29:23-30:21 | Non-responsive |
| 30:35-33:3 | Non-responsive |
| 35:6-36:10 | Non-responsive |
| 36:12-37:15 | Non-responsive |
| 37:22-38:6 | Non-responsive |
| 41:2-42:24 | Non-responsive |
| 43:11-25 | Non-responsive |
| 44:3-46:17 | Non-responsive |
| 50:25-52:19 | Non-responsive |
| 53:6-19 | Non-responsive |
| 78:20-79:4 | Non-responsive |
| 110:2-14 | Non-responsive |
| 113:11-15 | Non-responsive |
| 114:17-115:16 | Non-responsive |
| 122:2-123:7 | Non-responsive |
| 134:13-23 | Non-responsive and calls for hearsay |

| | |
|---|---|
| 139:11-25 | Non-responsive |
| 140:8-141:18 | Non-responsive |

## NICHOLAS WHITING

| Page and Line | Objection |
|---|---|
| 56:8-13 | Speculation and non-responsive |
| 56:17 | Non-responsive |

## II.

## OBJECTIONS TO THE DEPOSITION DESIGNATIONS OF THE LANE DEFENDANTS

## NICHOLAS WHITING

| Page and Line | Objection |
|---|---|
| Page 44, lines 10-13 | omit objection |
| Page 48, lines 17-18 | omit objection |
| Page 50, lines 10-11 | omit objection |
| Page 53, line 23 | omit objection |
| Page 60, line 11 | omit objection |
| Page 131, lines 5-7 | omit objection |

## JAMES GARDNER

| | |
|---|---|
| Page 32, lines 5-7 | omit objection |
| Page 34, lines 14-16 | omit objection |
| Page 39, line 11 - Page 40, line 6 | speculation, lack of foundation |
| Page 47, line 18 - Page 48, line 4 | ambiguous, speculation, lack of foundation |
| Page 48, line 22 - Page 49, line 8 | ambiguous, speculation, lack of foundation |

## STEVEN KENNEDY

| | |
|---|---|
| Page 41, line 12 | omit objection |
| Page 43, line 2 | omit objection |
| Page 55, line 10 | omit objection |
| Page 55, line 22 | omit objection |
| Page 56, line 13 | omit objection |
| Page 57, lines 1-2 | omit objection |
| Page 57, lines 15-16 | omit objection |
| Page 72, lines 22-23 | omit objection |
| Page 74, lines 12-14 | omit objection |
| Page 74, lines 25 - Page 75, line 10 | omit objection and comments of counsel, relevance |
| Page 75, lines 16-23 | omit objection |
| Page 76, lines 15 | omit objection |
| Page 76, line 25 - Page 77, line 2 | omit objection |

THE EIGER DEFENDANTS' AND FLEET NATIONAL BANK'S
AMENDED OBJECTIONS TO DEPOSITION DESIGNATIONS                    Page 5

## ROBERT AVIL

| | |
|---|---|
| Page 52, line 14 - Page 57 line 8 | objections in the deposition |
| Page 73, line 20 - Page 79 line 25 | objections in the deposition |

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P.
Daniel F. Molony
Florida Bar No. 271330
201 E. Kennedy, Suite 601
Tampa, Florida 33602
(813) 202-7100 Phone
(813) 221-8837 Facsimile

PEZZULLI & LOEWINSOHN, L.L.P.

By: _____
    Alan S. Loewinsohn
    State Bar No. 12481600
    Carol E. Farquhar
    State Bar No. 06828300
18383 Preston Road, Suite 100
Dallas, TX 75252
(972) 713-1300 Phone
(972) 713-1313 Facsimile

ATTORNEYS FOR EIGER FUND I, L.P.,
EIGER, INC., EIGER PARTNERS, L.P.
H.D. ASSOCIATES, L.P., PAUL E.
ROWSEY, III, C. TODD MILLER,
DAVID M. JACOBS, and WILLIAM S.
BUCHANAN

HALEY, SINAGRA & PEREZ
Dora Kaufman, Esq.
Florida Bar No. 771244
100 SE 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394
(954) 467-1300  Phone
(954) 467-1372  Facsimile

COUNSEL FOR FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served on the
following counsel of record on this 20th day of November 2001, via the method indicated:

Gregory J. Orcutt                               Via Telecopy
Bricklemyer, Smolker & Bolves, P.A.
500 E. Kennedy Blvd. Ste. 200
Tampa, Florida 33602

Alan M. Gerlach                                 Via Telecopy
Broad & Cassel
390 N. Orange Avenue, Suite 1100
Orlando, FL  32801

John W. Greene
Hill Gilstrap                                   Via Telecopy
1400 West Abram
Arlington, TX  76013

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LOCHMERE DEVELOPMENT §
GROUP, INC., and LOCHMERE §
REALTY, INC., §
§
Plaintiffs §
§
v. §     CASE NO.
§     8:00-CV-1026-T-27B
§
H.D. ASSOCIATES, L.P., a Delaware §
Limited Partnership by and through §     STATE COURT NO.
its general partners DUNES §     00-02525/Div. 1
OPERATING COMPANY, L.P., a §
Delaware Limited Partnership and §
EIGER, INC., a Delaware Corporation §
2M DUNES, L.L.C., a Texas Limited §
Liability Company, DAVID LANE, an §
Individual; BARNETT LANE §
INVESTMENTS, INC., a Texas §
Corporation; JTL CAPITAL, L.L.C., §
A Texas Limited Liability Company; §
FLEET NATIONAL BANK, N.A., a §
National Banking Association; PAUL E. §
ROWSEY, III, an Individual; C. TODD §
MILLER, an Individual; DAVID M. §
JACOBS, an Individual; and, WILLIAM §
S. BUCHANAN, an Individual, §
§
Defendants §

## DEFENDANTS OBJECTIONS TO DESIGNATION
## OF DEPOSITION EXCERPTS OF PLAINTIFFS'

Defendants, David Lane, an individual, Barnett Lane Investments, Inc. and JTL Capital,

L. L. C., hereby file their objections to Proposed Deposition Excerpts to be read at trial by

Plaintiffs:

(A.)    Deposition of James E. Gardner:

Page 37 Line 4 through Page 38 Line 14

Page 63 Line 5 through Page 65 Line 4

(B.)    Deposition of Merrick Kleeman

*DEFENDANTS OBJECTIONS TO DESIGNATION OF DEPOSITION EXCERPTS OF PLAINTIFFS'*                    **Page 1**

Defendants object to the Proposed Deposition excerpts for the reason that the page and line numbers are not specifically noted in violation of Rule 3.06 (c)(8).

(C.)    Deposition of Nicholas Whiting:

Defendants object to the Proposed Deposition excerpts for the reason that the page and line numbers are not specifically noted in violation of Rule 3.06 (c)(8).

(D.)    Deposition of Steven E. Kennedy:

Defendants object to the Proposed Deposition excerpts for the reason that the page and line numbers are not specifically noted in violation of Rule 3.06 (c)(8).

Respectfully submitted,

HILL GILSTRAP,

By:_____
John W. Greene
State Bar No. 08391520

1400 West Abram
Arlington, Texas 76013
(817) 261-2222
(817) 277-3249 FAX

ATTORNEYS FOR DEFENDANTS
DAVID LANE, BARNETT LANE
INVESTMENTS, INC. and
JTL CAPITAL, L.L.C

Respectfully submitted,

HILL GILSTRAP

By _____
    John W. Greene
    State Bar No. 08391520

1400 West Abram
Arlington, Texas 76013
(817) 261-2222
(817) 277-3249 FAX

ATTORNEYS FOR DEFENDANTS
DAVID LANE, BARNETT LANE
INVESTMENTS, INC and
JTL CAPITAL, L L.C.


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent via
___TELEFAX___ on ___11-12-01___ , 2001, to all counsel of record

_____
John W. Greene



Exhibit
G

## EIGER AND FLEET 'S DISPUTED FACTS

1.  whether David Lane agreed on behalf of himself, Barnett Lane Investments, Inc. and/or JTL Capital to the terms of the agreement proposed by Plaintiffs

2.  whether Steve Millham agreed on half of Farallon Capital Management, L.L.C. to the terms of the alleged agreement proposed by Plaintiffs

3.  whether Paul Rowsey agreed on behalf of the Eiger Companies to the terms of the alleged agreement proposed by Plaintiffs

4.  whether the Eiger Individuals agreed in their individual capacities to the terms of the alleged agreement proposed by Plaintiffs

5.  whether the Eiger Companies agreed, explicitly or impliedly, to a partnership or joint venture with the Plaintiffs, and if so, what were the terms of the partnership or joint venture

6.  whether the Eiger Companies and the Eiger Individuals knew prior to June 10, 1999 of any alleged agreement claimed by Plaintiffs with David Lane, Barnett Lane Investments and/or JTL Capital

7.  whether the Eiger Companies or the Eiger Individuals ever reach an alleged agreement with the Plaintiffs to compensate the Plaintiffs for work performed by Plaintiffs prior to the purchase of the Hammock Dunes project

8.  whether BankBoston ever reached an alleged agreement with the Plaintiffs to compensate the Plaintiffs for work performed by Plaintiffs prior to the purchase of the Hammock Dunes project

9.  whether BankBoston ever reached an alleged agreement with the Plaintiffs to compensate the Plaintiffs for work performed by Plaintiffs after the purchase of the Hammock Dunes project

10. whether the Eiger Companies or the Eiger Individuals ever reached an alleged agreement with the Plaintiffs on the role and/or compensation of the Plaintiffs post-purchase in connection with the Hammock Dunes project

11. if any alleged agreement was reached between the Eiger Companies or the Eiger Individuals and Plaintiffs, whether that alleged agreement could be performed within one year

12. whether Plaintiffs voluntarily gave to the Eiger Companies or the Eiger Individuals any documents containing proprietary or trade secret information

13. whether Plaintiffs voluntarily gave to BankBoston any documents containing proprietary or trade secret information

14. whether Plaintiffs took the necessary steps to preserve any claim of theirs that any documents furnished to the Eiger Companies or the Eiger Individuals contained proprietary or trade secret information

15. whether Plaintiffs took the necessary steps to preserve any claim of theirs that any documents furnished to BankBoston contained proprietary or trade secret information

16. whether Plaintiffs waived any claim to proprietary or trade secret status of information by disclosing it without first obtaining an agreement to keep it confidential

17. whether Plaintiffs disclosed to the Eiger Companies or the Eiger Individuals that they expected to be compensated for their work for due diligence

18. whether Plaintiffs disclosed to BankBoston that they expected to be compensated for their work for due diligence

19. whether the Eiger Companies or the Eiger Individuals wrongfully utilized any trade secret or proprietary information of the Plaintiffs

20. whether BankBoston wrongfully utilized any trade secret or proprietary information of the Plaintiffs

21. whether the spreadsheets at issue contained any trade secret or proprietary information of the Plaintiffs

22. whether the information claimed to be the trade secret or proprietary information of the Plaintiffs is trade secret or proprietary information

23. whether the Eiger Companies or the Eiger Individuals disclosed any confidential or trade secret information of the Plaintiffs to third parties

24. whether BankBoston disclosed any confidential or trade secret information of the Plaintiffs to third parties

25. whether Plaintiffs were the sole custodian of any confidential information developed during the relationship among the parties

26. whether the Eiger Companies or the Eiger Individuals obtained confidential or trade secret information from the Plaintiffs with the intention to exclude Plaintiffs from participation in the project

27. whether BankBoston obtained confidential or trade secret information from the Plaintiffs with the intention to exclude Plaintiffs from participation in the project

28. whether the Eiger Companies offered a reasonable compensation to Plaintiffs

29. whether Plaintiffs wrongfully utilized trade secret or proprietary information of the Lane Defendants or of the Eiger Companies

30. whether Plaintiffs had sufficient education, training and experience to perform the duties of the Plaintiffs in the claimed agreements with the Eiger Companies

31. whether Plaintiffs had sufficient education, training and experience to perform the duties of the Plaintiffs in the claimed agreement with the Lane Defendants

32. whether there was consideration for any alleged agreement between the Eiger Companies and Plaintiffs

33. whether there was consideration for any alleged agreement between the Eiger Individuals and Plaintiffs

34. ~~whether there was consideration for any alleged agreement between the Eiger Individuals and Plaintiffs~~

35. whether there was any agreement between BankBoston and the Plaintiffs; and if so, was there any consideration for such alleged agreement

36. whether Plaintiffs consented, expressly or impliedly, to the use of their information by the Eiger Companies or the Eiger Individuals

37. whether Plaintiffs consented, expressly or impliedly, whether the reputation of the Plaintiffs has been damaged by any action of the Eiger Companies, the Eiger Individuals or BankBoston to the use of their information by BankBoston.

38. whether the Eiger Companies made any false representations to the Plaintiffs

39. whether each of the Eiger Individuals made any false representations to the Plaintiffs

40. whether BankBoston made any false representations to the Plaintiffs

41. whether Plaintiffs relied on any false representations made by the Eiger Companies or the Eiger Individuals

42. whether Plaintiffs relied on any false representations made BankBoston

43. what are the damages suffered by Plaintiffs arising from any reliance on any false representations made to them by the Eiger Companies or the Eiger Individuals

44. what are the damages suffered by Plaintiffs arising from any reliance on any false representations made to them by BankBoston

45. whether the Eiger Companies or the Eiger Individuals made representations to the Plaintiffs which they, at the time such representations were made, had no intention of honoring

46. whether BankBoston made representations to the Plaintiffs which they, at the time such representations were made, had no intention of honoring

47. whether the Eiger Companies or the Eiger Individuals prevented performance of any alleged agreement between Plaintiffs and the Lane Defendants

48. whether BankBoston prevented performance of any alleged agreement between Plaintiffs and the Lane Defendants

49. what is the value of any services provided by Plaintiffs to the Eiger Companies or the Eiger Individuals

50. ~~what is the value of any services provided by Plaintiffs to BankBoston~~

51. whether the Eiger Companies or the Eiger Individuals knew Plaintiffs expected to be compensated for any services or information provided, and if so, when such knowledge was obtained

52. whether BankBoston knew Plaintiffs expected to be compensated for any services or information provided, and if so, when such knowledge was obtained

53. whether BankBoston ever represented to the Plaintiffs that it or any other person or entity would compensate the Plaintiffs for any information or documents furnished to it by the Plaintiffs

54. whether BankBoston ever disclosed the information on documents received from the Plaintiffs or used the information or documents for purposes other than the loan evaluation process

55. whether Plaintiffs negotiated with the Eiger Companies on the subject of Plaintiffs' role and compensation for post-closing work while secretly trying to compete with the Lane Defendants and the Eiger Companies

56.   whether the $3,000,000 deposit paid by the Eiger Companies at the time of the signing of the contract with ITT was non-refundable

57.   whether ITT was in default of its contract with the Eiger Companies

58.   whether the reputation of the Plaintiffs has been damaged by any action of the Eiger Companies or the Eiger Individuals

59.   whether the reputation of the Plaintiffs has been damaged by any action of BankBoston

60.   whether any false statements were made by C. Todd Miller to any representative of either of the Plaintiffs

61.   whether any false statements were made by David M. Jacobs to any representative of either of the Plaintiffs

62.   whether any false statements were made by William S. Buchanan to any representative of either of the Plaintiffs

63.   whether any false statements were made by any representative of BankBoston to either of the Plaintiffs

64.   whether Eiger, Inc., Eiger Fund I, L.P., Eiger Partners, L.P., H.D. Associates, L.P., Dunes Operating Company, L.P. and 2M Dunes L.L.C. are based in Dallas Texas and are engaged in investment management and real estate investment businesses

65.   whether representative of Eiger, Inc. were first introduced to the hammock Dunes project in late March, 1999 by David Lane.

66.   Whether Paul Rowsey and Todd Miller visited the Hammock Dunes project on March 30, 1999, where they met Robert Evans, a representative of the Plaintiffs for the first time

67.   whether at the June 10, 1999, meeting between Robert Evans and Paul Rowsey, Mr. Evans disclosed for the first time to any representative of the Eiger Companies that he had an alleged agreement with the Lane Defendants

68.   whether at the June 10, 1999, meeting between Robert Evans and Paul Rowsey, Mr. Evans gave to Paul Rowsey a proposed contract entitled "Management Development and Marketing Agreement" between Lochmere Development Group, Inc. and H.D. Associates, L.P., and whether such agreement was ever signed

69.    whether at the June 10, 1999, meeting between Robert Evans and Paul Rowsey, Mr. Evans gave to Paul Rowsey a proposed contract entitled "Marketing and Listing Agreement" between Lochmere Realty, Inc. and H.D. Associates, L.P., and whether such agreement was ever signed

70.    whether Starwood Capital Group, in conjunction with Plaintiffs, submitted to ITT a written offer to purchase the Hammock Dunes project, and if so, when

71.    whether on July 29, 1999, Dunes Operating Company, L.P. and H.D. Associates, L.P. entered into an agreement for sale and purchase

72.    whether there was a meeting in mid-June, 1999, at BankBoston in Atlanta, Georgia and what was discussed in what detail at that meeting

73.    whether BankBoston returned to Plaintiffs the documents requested to be returned by Plaintiffs as Plaintiffs admit in paragraph 110 of the Second Amended Complaint.

74.    whether Plaintiffs have suffered any damages

75.    the amount of any damages suffered by Plaintiffs

## LANE DEFENDANTS DISPUTED FACTS

1. whether David Lane agreed on behalf of himself, Barnett Lane Investments, Inc and/or JTL Capital to the terms of the alleged agreement proposed by Plaintiffs

2. whether the Lane Defendants ever reached an alleged agreement with the Plaintiffs to compensate the Plaintiffs for work performed by Plaintiffs prior to the purchase of the Hammock Dunes project

3. whether the Lane Defendants ever reached an alleged agreement with the Plaintiffs on the role and/or compensation of the Plaintiffs post-purchase in connection with the Hammock Dunes project

4. if any alleged agreement was reached between the Lane Defendants, whether that alleged agreement could be performed within one year

5. whether Plaintiffs voluntarily gave to the Lane Defendants any documents containing proprietary or trade secret information

6 whether Plaintiffs took the necessary steps to preserve any claim of theirs that any documents furnished to the Lane Defendants contained proprietary or trade secret information

7. whether Plaintiffs waived any claim to proprietary or trade secret status of information by disclosing it without first obtaining an agreement to keep it confidential

8 whether Plaintiffs disclosed to the Lane Defendants that they expected to be compensated for their work for due diligence

9. whether the Lane Defendants wrongfully utilized any trade secret or proprietary information of the Plaintiffs

10. whether the spreadsheets at issue contained any trade secret or proprietary information of the Plaintiffs

11. whether the information claimed to be the trade secret or proprietary information of the Plaintiffs is trade secret or proprietary information

12. whether the Lane Defendants obtained confidential or trade secret information from the Plaintiffs with the intention to exclude Plaintiffs from participation in the project

13. whether Plaintiffs wrongfully utilized trade secret or proprietary information of the Lane Defendants or of the Eiger Companies

Page 1

14.   whether Plaintiffs had sufficient education, training and experience to perform the duties of the Plaintiffs in the claimed agreement with the Lane Defendants

15.   whether there was consideration for any alleged agreement between the Lane Defendants and Plaintiffs

16   whether the Lane Defendants made any false representations to the Plaintiffs

17   whether Plaintiffs relied on any false representations made by the Lane Defendants

18.   what are the damages suffered by Plaintiffs arising from any reliance on any false representations made to them by the Lane Defendants

19.   whether the Lane Defendants made representations to the Plaintiffs which they, at the time such representations were made, had no intention of honoring

20   what is the value of any services provided by Plaintiffs to the Lane Defendants

21.   whether the Lane Defendants ever represented to the Plaintiffs that it or any other person or entity would compensate the Plaintiffs for any information or documents furnished to it by the Plaintiffs

22   whether the reputation of the Plaintiffs has been damaged by any action of the Lane Defendants or the Eiger Individuals

23.   whether Plaintiffs have suffered any damages

24.   the amount of any damages suffered by Plaintiffs

25.   whether the Lane Defendants ever agreed to any compensation or participation scheme with Plaintiffs

26   did Plaintiffs and any of the Lane Defendants ever have a partnership on joint venture with Plaintiffs

27   What were the terms of any partnership on joint venture between Plaintiffs and the Lane Defendants

29.   Note. We adopt Plaintiffs' List of Disputed Issues of Law (i-q), (s),(t), (u),(w) (z) (bb)

Page  2