

FILED

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LOCHMERE DEVELOPMENT GROUP,
INC. and LOCHMERE REALTY, INC.,

       **Plaintiffs,**

vs.                                **Case No. 8:00-CV-1026-T-27TGW**

H.D. ASSOCIATES, L.P., a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C, a Texas
limited liability company, EIGER FUND 1, L.P.,
a Delaware limited partnership, EIGER PARTNERS,
L.P., a Delaware limited partnership, DAVID LANE,
an individual, BARNETT LANE INVESTMENTS,
INC., a Texas corporation, JTL CAPITAL, L.L.C,
a Texas limited liability company, FLEET NATIONAL
BANK, N.A., a national banking association, PAUL E.
ROWSEY, III, an individual, C. TODD MILLER, an
individual, DAVID M. JACOBS, an individual and
WILLIAM S. BUCHANAN, an individual,

       **Defendants.**

_____/

## ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

**THIS CAUSE** came on to be considered on Defendants' Motions for Summary Judgment

(Dkts. 79, 83, 85, 87). The Court having reviewed said motions and being otherwise fully advised

in the premises, finds as follows.

This action arose from a dispute concerning the parties' plans to acquire and develop real

estate valued at $35 million dollars in Palm Coast, Florida known as Hammock Dunes. (Dkt. 43,

Am. Compl.). Plaintiffs, real estate brokerage, development, marketing and management companies,



allege in a thirty eight (38) count Amended Complaint that  after informing Defendants about Hammock Dunes, developing the  master development budgets for that property and attempting to secure investors for the development project, Defendants failed to compensate Plaintiffs and utilized Plaintiffs' proprietary master development budgets. (Dkt. 43).  Defendants, Eiger, Inc., 2M Dunes, L.L.C., Eiger Fund 1, L.P., Eiger Partners, L.P., H.D. Associates, L.P., Dunes Operating Company, L.P. ("Eiger Entities"), Defendants Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs, William S. Buchanan ("Eiger Individuals"), Defendant Fleet National Bank f/k/a BankBoston, Defendants David Lane, Barnett Lane Investments, Inc. and JTL Capital, L.L.C. ("Lane Defendants") have all moved for entry of summary judgment. (Dkts. 79, 83, 85, 87).

## I.    *Standards Applicable to Summary Judgment*

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); FED. R. CIV. P. 56.  All evidence and all factual inferences reasonably drawn from the evidence is viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1285 (11th Cir.1997).  Judgment in favor of a party is proper where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party on the issue before the Court. FED. R. CIV. P. 56.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must

go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324.   The evidence must be significantly probative to support the claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990).

## II.   *Discussion*

### ***Counts I - IV:   Florida Uniform Partnership Act Claims***

Defendants contend that they are entitled to entry of summary judgment on Plaintiffs' claims that their conduct in terminating the parties' oral agreement without compensating Plaintiffs constitutes a violation of Florida's Uniform Partnership Act, § 620, *Fla. Stat.* (Dkts. 85, 87). Defendants argue that the language in the parties' proposed management agreement expressly states that: "Nothing  contained in this Agreement or in the relationship of Owner and Manager shall be deemed to constitute a partnership, joint venture or any other relationship . . . ." (Dkt. 87). Additionally, Defendants maintain that a partnership could not have existed since Plaintiffs never contributed equally to the capital of the business and never had a mutuality of interest in both the

profits and losses of the development of Hammock Dunes. (Dkts. 85, 87).

A joint venture is a partnership of a limited scope which ordinarily terminates when the objects of its creation have been accomplished. Kislak v. Kreedian, 95 So. 2d 510, 514 (Fla. 1957); Hayes v. H.J.S.B.B. Joint Venture, 595 So. 2d 1000, 1002 (Fla. 4th DCA 1992). The determination of whether a joint venture exists depends upon the intent of the parties. Florida Trading & Investment Co. v. River Constr. Serv., Inc., 537 So. 2d 600, 602 (Fla. 2d DCA 1988). Joint ventures and partnerships are governed by the same rules of law, including the Uniform Partnership Act. See Hayes, 595 So. 2d at 1002; Rafkind v. Simon, 402 So. 2d 22 (Fla. 3d DCA 1981). A partnership may only be "established when both parties contribute to the capital or labor of the business, have a mutuality of interest in both profits and losses, and agree to share in the assets and liabilities of the business." Dreyfuss v. Dreyfuss, 701 So. 2d 437 (Fla. 3d DCA 1997); see Green v. Putnam, 93 So. 2d 378 (Fla. 1957); Soler v. Secondary Holdings, Inc., 771 So. 2d 62 (Fla. 3d DCA 2000)(allegations that the parties agreed to share profits and losses resulting from the sale of the developed lots created a genuine issue of material fact precluding summary judgment concerning the existence of a joint venture). These requirements are strictly construed. Dreyfuss, 701 So. 2d at 439. Sharing in the liabilities of a business has been construed to include joint venturers who invest only their labor, expertise and skill since "in the event of a loss, the party supplying the know-how would have exercised his skill in vain," Florida Tomato Packers, Inc. v. Wilson, 296 So. 2d 536, 539 (Fla. 3d DCA 1974) and "lost the value of [his] services," Viking Realty, Inc. v. Balzebre, 535 So. 2d 687, 688-89 (Fla. 3d DCA 1988).

Here, Plaintiffs have alleged in the Amended Complaint that the parties agreed to form a partnership to purchase and develop Hammock Dunes. According to Robert Evans, sole shareholder,

4

officer and director of Plaintiffs, the parties intended that Plaintiffs would invest the labor and expertise in securing the purchase and development of Hammock Dunes in exchange for a share of the profits. (Dkt. 43, Exs. A-C, G, I, J; Dkt. 90, Deposition of Robert Evans at 15). Plaintiffs submitted evidence that Evans attended meetings, developed budgets for the project and performed due diligence, among other tasks, directed toward s the purchase and development of the property. (Dkt. 43, Exs. E, J, M; Dkt. 120, Exs. O, Q, R). If the joint venture was unsuccessful, Plaintiffs would have lost the value of Evans' services. Plaintiffs have produced sufficient evidence to create a genuine issue of material fact concerning whether the parties entered into a joint venture. Accordingly, Defendants' motions for summary judgment (Dkts. 85, 87) are denied as to Counts I-III of the Amended Complaint.

### *Count IV*

The Eiger Individuals contend that they are entitled to summary judgment on Count IV of the Amended Complaint as to Plaintiffs' claim under Florida's Uniform Partnership Act on the ground that officers of a corporation cannot be held liable in their individual capacity on a contract entered into by a corporation unless the officer signed the contract in his individual capacity or circumstances exist which would warrant piercing the corporate veil. (Dkt. 79). Ryan v. Wren, 413 So. 2d 1223, 1224 (Fla. 2d DCA 1982); Charter Air Center, Inc. v. Miller, 348 So. 2d 614, 616 (Fla. 2d DCA 1977). The record reflects that the parties stipulated to a voluntary dismissal of Plaintiffs' claims in Count IV for violations of Florida's Uniform Partnership Act against the Eiger Individuals, Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs and William S. Buchanan. (Dkt. 122). The Court entered an Order granting the stipulation and dismissing Count IV. (Dkt. 124). As such, the Eiger Individuals' motion for summary judgment (Dkt. 79) in this respect is denied as moot.

### *Counts V - XVI:  Intentional & Constructive Fraud Claims*

### *Intentional Fraud*

In Counts V through VIII, Plaintiffs purport to plead a cause of action for intentional fraud. The essential elements of common law fraud are (1) a false statement of fact, (2) known by the person making the statement to be false at the time it was made, (3) made for the purpose of inducing another to act in reliance thereon, (4) action by the other person in reliance on the correctness of the statement, and (5) resulting damage to the other person.  Gandy v. Trans World Computer Technology Group, 787 So. 2d 116 (Fla. 2d DCA 2001).

As a general rule, an action for fraud may not be predicated on statements of opinion or promises of future action, but instead must be based on a statement concerning a past or existing fact. Mejia v. Jurich, 781 So. 2d 1175 (Fla. 3d DCA 2001).  For example, a false statement amounting to a promise to do something in the future is not actionable fraud.  Maunsell v. American General Life and Accident Insurance Co., 707 So. 2d 916 (Fla. 3d DCA 1998).  An exception has been recognized, however, "where the promise to perform a material matter in the future is made without any intention of performing or is made with a positive intention not to perform." Perry v. Cosgrove, 464 So. 2d 664, 666 (Fla. 2d DCA 1985); Gandy, *supra.*

Here, for the reasons discussed, Plaintiffs' claims cannot withstand summary judgment under either the general rule or the recognized exception as Plaintiffs can point to no false statement or false promise made by any of the fraud defendants which would support either theory of fraud.  At best, Plaintiffs' president, Robert Evans, relies on his own impressions, expectations, understanding and tacit conduct on the part of the individual Defendants to support his allegations that during the alleged partnership to develop the project, the Defendants "made repeated false representations of

fact regarding the compensation which Lochmere would receive upon closing of the sale, purchase and development of the project" and that the individual Defendants knew that they "would not honor those representations." (Dkt. 43, ¶¶ 168, 171 (Count V), 176, 178 (Count VI), 184, 186 (Count VII), 192, 194 (Count VIII) and 201 (Count VIII)).[1]  These allegations, however, are insufficient to withstand Defendants' motions for summary judgment. Pursuant to Rule 56(e), Fed. R. Civ. P., Plaintiffs, in order to successfully oppose summary judgment, must ". . . by affidavits or as otherwise provided in this Rule. . . set forth specific facts showing there is a genuine issue for trial."

In order to establish a cause of action for fraud, Plaintiffs must plead and prove that each Defendant knowingly made a false statement of material fact. Somerset Pharmaceuticals, Inc. v. Kimball, 49 F.Supp.2d 1335 (M.D. Fla. 1999); Lance v. Wade, 457 So. 2d 1008, 1011 (Fla. 1984); State Farm Mutual Automobile Insurance Co. v. Novotny, 657 So. 2d 1210, 1213 (Fla. 5th DCA 1995); C&J Sapp Publishing Co. v. Tandy Corporation, 585 So. 2d 290, 292 (Fla. 2d DCA 1991). A moving party may seek summary judgment by demonstrating that an essential element of the non-movant's case is lacking. The non-moving party must offer proof sufficient to establish the existence of the essential element to avoid summary judgment. Street v. J.C. Bradford & Co., 886 F. 2d 1472 (6th Cir. 1989); Security Ins. Co. of Hartford v. Wilson, 800 F. 2d 232, 233 (10th Cir. 1986). In this regard, it is insufficient for Plaintiffs, attempting to establish a misrepresentation of a past or existing fact or a false promise, to rely on unsworn allegations, Evans' own subjective understanding, expectations and impressions particularly, where, as here, Plaintiffs admit that no Defendant expressly represented that they would sign the partnership agreement and the parties never reached

---

[1] In Count VIII against Eiger, Plaintiffs do not allege what false representation of fact Eiger allegedly made, although Plaintiffs, in paragraph 200, reference "these false representations of fact. . . ." Apparently, through oversight, Plaintiffs neglected to reallege the "repeated false representations of fact" referenced in the preceding paragraphs.

an agreement on Plaintiffs' compensation.[2] At most, Plaintiffs have shown that Evans repeatedly raised the subject of Plaintiffs' compensation, that Evans' told the Defendants that Plaintiffs' continued involvement in the project was conditioned on being compensated in the future and that ultimately, the Defendants attempted to negotiate a substantial reduction in the compensation Plaintiffs expected. This showing falls woefully short of establishing a false statement or false promise, the gravamen of a cause of action for intentional fraud.

### *Count V: Intentional Fraud (Lane)*

In Count V, Plaintiffs allege that Defendant David Lane "made repeated false representations of fact regarding the compensation which Lochmere would receive upon closing of the sale, purchase and development on the project," "knowing that such statements were false" and that "Lane knew that he would not honor those representations." (Dkt. 43, ¶¶ 168-170). Notwithstanding these specific allegations, Plaintiffs point to no specific misrepresentation made by Lane other than the statement "Let's go forward," which Evans attributes to Lane after Evans conditioned Plaintiffs' involvement in the project on compensation as outlined in the unsigned partnership agreement (Evans Depo. III at p.441). This statement, however, cannot be considered a statement of fact or representation of a past or existing fact. The essential element lacking in Plaintiffs' proffer is a "false statement concerning a *specific* material fact. (emphasis added) Royal Typewriter Co. v. Xerographic Supplier Corporation, 719 F. 2d 1092, 1103 (11th Cir. 1983).

Although Plaintiffs argue that "Defendants continually represented to Evans and to others, at every step of the development, that Lochmere was going to be in charge of the development and

---

[2] At oral argument, Plaintiffs' counsel acknowledged that the parties never agreed on Plaintiffs' compensation.

would be compensated for its work," Plaintiffs cite to no affidavits, deposition testimony, documents or other evidence to support this assertion. See (Plaintiff's Memorandum at p. 7). Rule 56(e), Fed. R. Civ. P., requires that a party opposing summary judgment ". . . by affidavits or as otherwise provided in this Rule . . . set forth specific facts showing there is a genuine issue for trial." Moreover, Rule 9(b), Fed. R. Civ. P., requires that circumstances constituting fraud be stated "with particularity." In this regard, when deposed, Evans could point to no false statement attributed to Lane consistent with the pleading and proof requirement for a cause of action for fraudulent misrepresentation. (Dkt. 85, Evans' Depo. Appendix 4 at 455).

Although summary judgment is rare in cases alleging fraud, where, as here, Plaintiffs point to no false representation in the evidence and rely on mere allegations and implicit agreements, Plaintiffs have not through evidentiary proffer, set forth "specific facts showing there is a genuine issue for trial." At most, Plaintiffs have shown Defendant Lane's implicit acknowledgment that Plaintiffs would be entitled to compensation in the future. It falls short, however, of the essential element of a false statement of past or existing fact. Plaintiffs point to no other specific misrepresentation on the part of Lane. (Dkt. 85, Evans' Depo. Appendix 4 at 455).

For the foregoing reasons, Defendant David Lane is entitled to summary judgment as to Count V.

### Count VI: Intentional Fraud (Barnett Lane)

In Count VI, Plaintiffs purport to state a cause of action for intentional fraud against Barnett Lane, alleging "during Barnett Lane and Lochmere's partnership to develop the project, Barnett Lane made repeated false statements of fact regarding the compensation which Lochmere would receive upon closing of the sale, purchase and development of the project." (Dkt. 43, ¶ 176). For the same

9

reasons Defendant David Lane is entitled to summary judgment as to Count V, Defendant Barnett Lane is likewise entitled to summary judgment as to Count VI, as Plaintiffs point to no false statement or false promise on the part of Barnett Lane to support a claim of fraud.

### *Count VII:  Intentional Fraud (JTL Capital)*

In Count VII, Plaintiffs again generally allege that "during JTL Capital and Lochmere's partnership to develop the project, JTL Capital made repeated false representations of fact regarding the compensation which Lochmere would receive upon closing of the sale, purchase and development of the project." (Dkt. 43, ¶ 184).  For the same reasons discussed as to Count V, Defendant JTL Capital is likewise entitled to summary judgment as Plaintiffs point to no false statement or false promise attributed to JTL Capital which would otherwise support a claim of fraud.

### *Count VIII:  Intentional Fraud*
### *(HD Associates by and through its General Partners, Dunes, Eiger, Inc. and 2M Dunes)*

In Count VIII, Plaintiffs again allege that the Eiger Defendants "made repeated false representations of fact regarding the compensation which Lochmere would receive upon closing of the sale, purchase and development of the project." (Dkt. 43, ¶ 192).  Plaintiffs again fail to identify in the record any false statement or false promise attributed to these Defendants which would support a fraud claim.   To the extent that Plaintiffs rely on implicit assurances that they would be compensated consistent with the unsigned partnership agreement, Evans, in his deposition, admitted that no representative of the Eiger Entities ever told him that they would sign the agreements or made any commitments to pay the compensation called for in the agreements. (Evans Depo. I, at 136-137, 166-167; III 150-151, 188-189, 191-192, 210-211).  For the reasons discussed with respect to Counts V, VI and VII, Defendant HD Associates is likewise entitled to summary judgment on Count VIII.

## *Count IX: Intentional Fraud (Eiger)*

For the same reasons the other Defendants are entitled to summary judgment, Defendant Eiger is likewise entitled to summary judgment, as Plaintiffs have identified no false statement or false promise made by Eiger which would support a cause of action for fraud. In order to support a cause of action for fraud, a plaintiff must demonstrate that the defendant knowingly made a false statement. State Farm Mutual Automobile Insurance Co. v. Novotny, *supra.* Plaintiffs have no evidentiary support for its allegations that Defendant Eiger made a false statement or false promise. Accordingly, Defendant Eiger is entitled to summary judgment.

## *Concealment*

To the extent, as alluded to during oral argument, Plaintiffs attempt to argue a theory of fraudulent concealment, Plaintiffs have not pled such a theory. Under certain circumstances, a cause of action for fraudulent concealment may be established.

> "It is fundamental that a suppression of truth may constitute fraud as much as a false suggestion, provided that it is material to the transaction. A distinction must be drawn, however, between passive and active concealment. The former involves mere silence or failure to disclose a fact, while the latter involves a purpose or design. It is only when there is a duty to reveal the fact that mere non-disclosure constitutes fraud." Franklin v. Brown, 159 So. 2d 893 (Fla. 1st DCA 1964) State of Florida, Dept. of Transportation v. Southern Bell Telephone and Telegraph Co., Inc., 635 So. 2d 74 (Fla. 1st DCA 1994).

In other words, a defendant's knowing concealment or non-disclosure of a material fact may support an action for fraud where there is a duty to disclose. Gutter v. Wunker, 631 So. 2d 1117 (Fla. 4th DCA 1994).

11

In their Amended Complaint, Plaintiffs expressly rely on false representations and arguably, false promises made without an intention to fulfill those promises. Plaintiffs cannot, at this late date, attempt to recast their theory of fraud into a theory of fraudulent concealment. Jones v. General Motors Corp., 24 F.Supp.2d 1335, 1339 (M.D. Fla. 1998). Fraud must be pled with specificity. Rule 9(b), Fed. R. Civ. P. To the extent, therefore, that Plaintiffs now attempt to describe Defendants' conduct as constituting fraudulent concealment of material facts, this theory simply has not been pled. Dantzler Lumber & Export Co. v. Bullington Lumber Co., 968 F.Supp 1543, 1547 (M.D. Fla. 1997).

For all the reasons discussed above, Defendants' motions for summary judgment on Counts V, VI, VII, VIII and IX are granted.

### *Economic Loss Rule*

Claims for economic damages arising from promises or assurances in connection with the performance of a contract, either express or implied, are precluded by the economic loss rule. Pressman v. Wolf, 732 So. 2d 356, 361 (Fla. 3d DCA 1999); Straub Capital Corp. v. Chopin, 724 So. 2d 577, 579 (Fla. 4th DCA 1998); see Intrastate Securities Corp. v. Hayes, 920 F.2d 769 (11th Cir. 1991). Here, each of Plaintiffs' allegations of false representations of fact are alleged to have been made "during (Defendants') and Lochmere's partnership to develop the project . . . ." (Dkt. 43, ¶¶ 168, 176, 184, 192, 200-202). Defendants contend that a cause of action for fraud is barred by the economic loss rule since the alleged misrepresentations pertain to the performance of the alleged partnership agreement.

While the economic loss rule does not bar tort actions independent of a contractual breach, a cause of action for fraud is barred by the economic loss rule where the fraud alleged pertains to the

12

performance of a contract. <u>Banker's Mutual Capital Corp. v. United States Fidelity and Guaranty Co.</u>, 784 So. 2d 485 (Fla. 4th DCA 2001). To determine whether the economic loss rule bars recovery under fraud, the question ". . . is simply this: Is the fraud alleged in an act of performance or in a term of the bargain?" <u>Allen v. The Stephan Co.</u>, 784 So. 2d 456 (Fla. 4th DCA 2000).

Here, it is apparent that Plaintiffs are relying upon a theory of fraudulent inducement, since the allegations of fraud (although unsupported by evidence) relate to a term of the partnership agreement, to wit: Plaintiffs' compensation. Throughout the Amended Complaint, for example, Plaintiffs allege that the Defendants agreed and had knowledge that Plaintiffs' continued involvement in the project was conditioned on being compensated. (Dkt. 43, ¶¶ 30-31, 37-39, 52, 57, 61 and 90). The economic loss rule does not bar a fraud in the inducement claims as the fraudulent inducement to enter into a contract is considered to be a tort independent from the underlying contract. <u>See</u> <u>HTP Ltd. v. Lineas Aereas Costarricenses, S.A.</u>, 685 So. 2d 1238 (Fla. 1996).

In this case, however, there is an inherent inconsistency in Plaintiffs' theories. On the one hand, Plaintiffs allege that they formed a partnership or joint venture with the various Defendants and that Defendants failed to honor Plaintiffs' entitlement to compensation as agreed. <u>See</u> (Dkt. 43, ¶ 28 ). On the other hand, Plaintiffs advance the theory that their continued participation in the venture was conditioned upon being compensated, to which each of the Defendants agreed. <u>See</u> (Dkt. 43, ¶ 37, 39, 52, 57, 61 and 90). It is this theory which suggests that Plaintiffs are relying on a fraudulent inducement claim in that Plaintiffs were induced, by Defendants' misrepresentations regarding Plaintiffs' compensation, to continue participating in the project. Accordingly, this Court cannot conclude that the economic loss rule bars, as a matter of law, a claim for fraud in the

13

inducement, under the particular facts alleged in this case.[3]

### *Counts XI - XVI: Constructive Fraud*

Constructive fraud exists where a duty arising from a confidential or fiduciary relationship has been abused, Harrell v. Branson, 344 So. 2d 604 (Fla. 1st DCA 1977), or where an unconscionable advantage has been taken. Beers v. Beers, 724 So. 2d 109 (Fla. 5th DCA 1998). See also, Saglio v. Chrysler First Commercial Corp., 839 F. Supp. 830, 833 (M.D. Fla. 1993). "Constructive fraud may be based on misrepresentation or concealment, or the fraud may consist of taking an improper advantage of the fiduciary relationship at the expense of the confiding party." Beers, 724 So. 2d at 116. Florida courts have construed the term "fiduciary or confidential relation" as being very broad. Whittle v. Ellis, 122 So. 2d 237, 240 (Fla. 2d DCA 1960).

Plaintiffs have alleged that the parties had a fiduciary relationship as they were engaged in a joint venture to purchase and develop Hammock Dunes. (Dkt. 43, ¶¶ 215, 217, 223, 225, 231, 233, 239, 241, 247, 249, 257, 259). If the parties were engaged in a joint venture, they were required to deal with each other fairly and in good faith. De Ribeaux v. Del Valle, 531 So. 2d 992 (Fla. 3d DCA 1988); Gossett v. St. Paul Fire & Marine Ins. Co., 427 So. 2d 386 (Fla. 4th DCA 1983); Reaves v. Hembree, 330 So. 2d 747 (Fla. 1st DCA 1976), cert. denied, 345 So. 2d 423 (Fla.1977). The fiduciary relationship between Plaintiffs and Defendants arguably arose, therefore, by virtue of the existence of the alleged joint venture agreement. De Ribeaux, 531 So. 2d at 993-994.

Plaintiffs also maintain that Defendants abused the fiduciary relationship by taking an

---

[3] The fact remains, however, that Plaintiff has not established a fraud cause of action under Counts V through VIII to defeat summary judgment.

unconscionable advantage by obtaining or disclosing Plaintiffs' confidential information and using it for Defendants' own gain. (Dkt. 43). Plaintiffs have pointed to evidence establishing a genuine factual dispute concerning whether Defendants abused the parties' fiduciary relationship and took an unconscionable advantage. Plaintiffs' president, Robert Evans, testified at his deposition that he drafted the confidential master development budgets for use in developing Hammock Dunes and that all parties understood that Plaintiffs would be compensated for Plaintiffs' work on the project. (Dkt. 92, Deposition of Robert Evans, at 382, 420-421, 424, 437, 441, 443-450). This evidence is sufficient to create a genuine issue concerning whether Defendants abused the parties' relationship and took an unconscionable advantage by using Plaintiffs' master development budgets to purchase Hammock Dunes without compensating Plaintiffs for any work performed.

Plaintiffs' claim for constructive fraud is preempted under § 688.008, *Fla. Stat.*, however, if the allegations center exclusively upon misappropriation of trade secrets. Del Monte Fresh Produce Co. v. Dole Food Co., 136 F.Supp. 2d 1271, 1291 (S.D. Fla. 2001); Coulter Corp. v. Leinert, 869 F.Supp. 732, 735 (E.D. Mo. 1994) (interpreting Florida law). Section 688.008, expressly provides:

> (1)   Except as provided in subsection (2), ss. 688.001-688.009 displace conflicting tort, restitutory, and other law of this state providing civil remedies for misappropriation of a trade secret.
> (2) This act does not affect:
>> (a) Contractual remedies, whether or not based upon misappropriation of a trade secret;
>> (b) Other civil remedies that are not based upon misappropriation of a trade secret; or
>> (c) Criminal remedies, whether or not based upon a misappropriation of a trade secret.

Here, Plaintiffs' constructive fraud claims do not exclusively arise from the misappropriation of trade secrets. Rather, a central element of Plaintiffs' constructive fraud claim is the Defendants' alleged abuse of the parties' fiduciary relationship by leading Plaintiffs to believe that they would be compensated for working on the Hammock Dunes project. These claims are not encompassed in a misappropriation of trade secrets claim.[4] § 688.008(2)(b); Coulter, 869 F.Supp. at 735 (preemption under § 688.008 "does not apply to duties imposed by law that are not dependent upon the existence of competitively significant secret information, like an agent's duty of loyalty to his or her principal"). Accordingly, they are not preempted by § 688.008 and Defendants' motions for summary judgment as to Counts 11 through 16 are therefore denied.

### Counts XVII - XXI: Unjust Enrichment & Quantum Meruit Claims and

### Counts XXXI - XXXVII: Conversion Claims

Defendants contend that Plaintiffs' claims for unjust enrichment, quantum meruit and conversion of the information comprised in the master development budgets are also preempted by Florida's Uniform Trade Secrets Act, § 688.008. Plaintiffs alleged in the Amended Complaint that it "conferred a benefit" upon Defendants by providing its "skills, creativity and proprietary information without compensation" and that Defendants are using information and data collected by Lochmere for use in the Project in violation of Florida's Trade Secret Act." (Dkt. 43, ¶¶ 267, 268, 278, 279, 284, 285, 290, 291, 297, 298, 303, 304) (Plaintiffs' unjust enrichment and quantum meruit

---

[4] This case is distinguishable from Venango River Corp. v. Nipsco Industries, Inc., 1994 WL 702759 (N.D. Ill. 1994). In Venango, the court held that a breach of fiduciary duty claim was preempted by Illinois' Uniform Trade Secrets Act because the breach was predicated on the existence of a trade secret. Here, Plaintiffs' constructive fraud claim is based on more than misappropriation of trade secrets.

claims). Additionally, Plaintiffs alleged that its master development budgets constitute "confidential trade secrets," Defendants "wrongfully induced Lochmere to disclose the trade secrets" and that Defendants "took Lochmere's information and trade secrets and used it for [their] own benefit." (Dkt. 43, ¶¶ 62, 359, 361, 363, 379, 383, 389, 391, 393, 398, 400, 402, 408, 410, 412, 418, 420, 422) (Plaintiffs' conversion claims). These allegations relate exclusively to Plaintiffs' time and efforts expended in compiling information that comprised the master development budgets, drafting the master development budgets and Defendants' allegedly improper use of those proprietary documents. As such, Plaintiffs' claims for unjust enrichment, quantum meruit and conversion center exclusively upon alleged misappropriation of trade secrets. Del Monte Fresh Produce Co., 136 F.Supp. 2d at 1291; Coulter Corp., 869 F.Supp. at 735; see also Smithfield Ham and Products Co., Inc. v. Portion Pac, Inc., 905 F.Supp. 346, 348-49 (E.D.Va.1995) (stating, "to survive summary judgment, therefore, a plaintiff must be able to show that the distinct theories of relief sought are supported by facts unrelated to the misappropriation of the trade secret"). Since common law tort remedies involving trade secret misappropriation are preempted by the Florida Uniform Trade Secret Act, those claims cannot be asserted as separate claims apart from the statutory remedy. Del Monte Fresh Produce Co., 136 F.Supp.2d at 1291. Plaintiffs claims for unjust enrichment, quantum meruit and conversion are therefore preempted by § 688.008 and Defendants motions for summary judgment concerning those claims are granted.

To the extent Plaintiffs contend that they alternatively seek relief under the doctrine of quantum meruit and that such claims are not preempted, the Court disagrees. Although quantum meruit and unjust enrichment are separate doctrines, Commerce Partnership 8098 Limited Partnership v. Equity Contracting Co., 695 So. 2d 383 (Fla. 4th DCA 1997), both doctrines provide

17

restitutory remedies, <u>Harrison v. Pritchett</u>, 682 So. 2d 650, 652 (Fla. 1ˢᵗ DCA 1996) (stating an action

"founded on quantum meruit is a common law variety of restitution") and <u>McLane v. Musick</u>, 792

So. 2d 702 (Fla. 5ᵗʰ DCA 2001) (restitution is appropriate remedy to prevent unjust enrichment); <u>see</u>

<u>also</u> <u>Wynfield Inns v. Edward LeRoux Group, Inc.</u>, 896 F.2d 483, 488 (11ᵗʰ Cir. 1990)(noting in

passing that quantum meruit is a restitutory remedy). As such, Plaintiffs' quantum meruit claims are

preempted under § 688.008.

### *Counts XXIV- XXX: Florida Uniform Trade Secrets Act Claims*

The Court finds that Plaintiffs have produced sufficient evidence to establish a genuine issue

concerning whether the master development budgets constitute a trade secret. <u>See</u> § 688.002(a), *Fla.*

*Stat.* Construing the evidence in the light most favorable to Plaintiffs, Plaintiffs have demonstrated

that the master development budgets contain a compilation of information organized using a specific

methodology and that Plaintiffs took reasonable measures to maintain the secrecy of the master

development budgets. (Dkt. 90, Evans Depo. at 95-96, 100-101, 157-162, 172-176, 205-209, 225-

226). <u>See</u> <u>Lovell Farms, Inc. v. Levy</u>, 641 So. 2d 103, 104-05 (Fla. 3d DCA 1994) (stating elements

required to prove violations of Florida's Uniform Trade Secrets Act). Defendants' motions for

summary judgment (Dkts. 79, 83, 85, 87) as to this issue are accordingly denied. It is, therefore,

**ORDERED AND ADJUDGED** that:

1.       Defendants' Motions for Summary Judgment (Dkts. 85, 87) are **DENIED** as to

Counts 1- 3 of the Amended Complaint.[5]

---

[5] The Court notes that Counts 4, 10, 21 and 22 were previously dismissed upon
stipulation of the parties, <u>see</u> (Dkts. 122, 124).

18

2.     Defendants' Motion for Summary Judgment (Dkt. 79) is **DENIED AS MOOT** as to Count 4 of the Amended Complaint.

3.     Defendants' Motions for Summary Judgment (Dkts. 79, 85, 87) are **GRANTED** as to Counts 5- 10 of the Amended Complaint.

4.     Defendants' Motions for Summary Judgment (Dkts. 79, 85, 87) are **DENIED** as to Counts 11- 16 of the Amended Complaint.

5.     Defendants' Motions for Summary Judgment (Dkts. 85, 87) are **GRANTED** as to Counts 17- 21 of the Amended Complaint.

6.     Defendants' Motions for Summary Judgment (Dkts. 79, 83, 85, 87) are **DENIED** as to Counts 24-30 of the Amended Complaint.

7.     Defendants' Motions for Summary Judgment (Dkts. 79, 83, 85, 87) are **GRANTED** as to Counts 31- 37 of the Amended Complaint.

8.     Defendants' Motions for Summary Judgment (Dkts. 79, 83, 85, 87) are **DENIED** as to Count 38 of the Amended Complaint, as the object of the conspiracy alleged in paragraph 427 of the Amended Complaint, misappropriation of trade secrets, remains a viable claim.

**DONE AND ORDERED** in chambers this __21ˢᵀ__ day of November, 2001.



JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Courtroom Deputy
Law Clerk

F I L E    C O P Y

Date Printed: 11/21/2001



Notice sent to:

✓  Gregory J. Orcutt, Esq.
   Bricklemyer, Smolker & Bolves, P.A.
   500 E. Kennedy Blvd., Suite 200
   Tampa, FL  33602-4990

___  Daniel F. Molony, Esq.
     Shook, Hardy & Bacon, L.L.P.
     100 N. Tampa St., Suite 2900
     P.O. Box 898
     Tampa, FL  33601-0898

✓  James B. Murphy Jr., Esq.
   Shook, Hardy & Bacon, L.L.P.
   100 N. Tampa St., Suite 2900
   P.O. Box 898
   Tampa, FL  33601-0898

✓  Alan S. Loewinsohn, Esq.
   Pezzulli & Loewinsohn, LLP
   18383 Preston Rd., Suite 110
   Dallas, TX  75252-5476

___  Jo B. Hartwick, Esq.
     Pezzulli & Loewinsohn, LLP
     18383 Preston Rd., Suite 110
     Dallas, TX  75252-5476

✓  Alan M. Gerlach Jr., Esq.
   Broad & Cassell
   390 N. Orange Ave., Suite 1100
   P.O. Box 4961
   Orlando, FL  32802-4961

✓  John W. Greene, Esq.
   HILL GILSTRAP
   1400 West Abram Street
   Arlington, TX  76013

✓  Dora F. Kaufman, Esq.
   Haley, Sinagra & Perez, P.A.
   100 Southeast 3rd Ave.
   One Financial Plaza, Suite 1900
   Ft. Lauderdale, FL  33394



**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JUDGE JAMES D. WHITTEMORE**
**801 N. FLORIDA AVE., 13B**
**TAMPA, FLORIDA 33602**
**(813)301-5880**

*FROM THE DESK OF:*
*Kristin Esposito*
*Judicial Assistant*

## FACSIMILE TRANSMITTAL

**To:**    Gregory Orcutt, Esq. – 228-6422
James Murphy, Esq. –  221-8837
Alan Gerlach, Esq. – 407-425-8377
Dora Kaufman, Esq. – 954-467-1372

**Date:**    November 21, 2001

**Subject:**    Lochmere Development Group v. H.D. Associates; et al.
8:00-CV-1026-T-27TGW

**Pages:**     20

Comments:

The following order has been sent via facsimile to the above named counsel of record. The Court requests that the above named counsel, upon receipt, communicate and distribute copies of this order to all co-counsel.  Hard copies of this order will also be sent in accord with the Clerk's normal service procedures.

