

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC. and
LOCHMERE REALTY, INC.,

        Plaintiffs,

                                Case No.: 8:00-cv-1026-T-27B

v.

EIGER FUND I, L.P., et al.

        Defendants.

_____/

## PROPOSED JURY INSTRUCTIONS AND VERDICT FORM FOR AFFIRMATIVE DEFENSES OF THE EIGER DEFENDANTS AND FLEET NATIONAL BANK

        COME NOW, EIGER FUND I, L.P., EIGER, INC, EIGER PARTNERS, L.P., H.D.

ASSOCIATES, L.P., DUNES OPERATING COMPANY, L.P., 2M DUNES, L.L.C., PAUL E.

ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS, and WILLIAM S. BUCHANAN

(collectively the "Eiger Defendants") and FLEET NATIONAL BANK f/k/a BankBoston, N.A.,

("BankBoston") and submit, pursuant to this Court's Order, their Proposed Jury Instructions and

Verdict Form for their Affirmative Defenses.

11035.1

## DEFENDANTS EIGER ENTITIES, EIGER INDIVIDUALS AND FLEET BANK'S REQUESTED JURY INSTRUCTION NO. _____.

If you find by the greater weight of the evidence that the Eiger Defendants did intentionally interfere with Plaintiffs' alleged contractual or business relationship with Lane, Barnett Lane and JTL Capital, then you must consider whether the Eiger Defendants' conduct was justified. The Eiger Defendants have asserted that their conduct was justified because it occurred during the course of their competition with Plaintiffs. If you find that the Eiger Defendants' conduct does relate to competition between the Eiger Defendants and Plaintiffs, and that the Eiger Defendants' conduct was motivated, at least in part, by such competition, and that the Eiger Defendants did not use wrongful means to compete, then the Eiger Defendants' conduct was justified and you must find for the Eiger Defendants on Plaintiffs' claim of tortious interference with contractual of business relations.

"Wrongful means" includes the use physical violence, fraud, civil suits and criminal prosecutions, but does not include the use of persuasion or the exertion of limited economic pressure.

Granted       _____
Denied        _____
Modified      _____
Withdrawn     _____

*Jay v. Mobley*, 783 So. 2d 297 (Fla. 4th DCA 2001) (*citing* Restatement (Second) of Torts, § 768; *Perez v. Rivero*, 534 So.2d 914 (Fla. 3d DCA 1988); *Insurance Field Services, Inc. v. White & White Inspection and Audit Service, Inc.*, 384 So.2d 303 (Fla. 5th DCA 1980).

Business Litigation In Florida, §15.43 (4th ed. 2001); Restatement (Second) of Torts, § 768, comment on clause (b).

## DEFENDANTS EIGER ENTITIES, EIGER INDIVIDUALS AND FLEET BANK'S REQUESTED JURY INSTRUCTION NO. _____.

If you find that the Eiger Defendants or Fleet Bank, did intentionally interfere with the Plaintiffs' alleged contractual or business relationship with Lane, Barnett Lane and JTL Capital, then such conduct may be justified if the Eiger Defendants' conduct or the conduct of Fleet Bank was without malice and was intended to protect its own respective financial interest in the contract . If you find that such conduct was justified then you must find for the Eiger Defendants and/or Fleet Bank on Plaintiffs' claim of tortious interference with contractual or business relations.

Granted          _____
Denied           _____
Modified         _____
Withdrawn        _____

*Security Title Guarantee Corp. of Baltimore v. McDill Columbus Corp.*, 543 So.2d 852 (Fla. 2d DCA 1989); *Genet Co. v. Annheuser-Busch, Inc.*, 498 So.2d 683 (Fla. 3d DCA 1986); *Babson Bros. Co. v. Allison*, 337 So.2d 848 (Fla. 1st DCA 1976); REINSTATEMENT (SECOND) OF TORTS §769 (ALI-ABA 1977).

Business Litigation In Florida (4th ed. 2001), §15.44 (Modified); See also Fla. Std. Jury Inst. (Civ.) MI 7.2.

11035.1                                    -3-

## DEFENDANTS EIGER ENTITIES, EIGER INDIVIDUALS AND FLEET BANK'S REQUESTED JURY INSTRUCTION NO. _____.

If you find that the Eiger Defendants' conduct or Fleet Bank's conduct was justified because the Eiger Defendants or Fleet Bank acted to protect their own competitive or financial interest, then it is immaterial that the Eiger Defendants or Fleet Bank may also have received a personal benefit in interfering with Plaintiffs' alleged contractual or business relationship with Lane, Barnett Lane and JTL Capital. If you find, however, that the Eiger Defendants' conduct or Fleet Bank's conduct was not directed to protecting their individual competitive or financial interest but that it was directed solely to harm Plaintiffs, or to gratify the Eiger Defendants or Fleet Bank's spitefulness, even if it also incidentally furthered their economic interests, then the Eiger Defendants and/or Fleet Bank's conduct was not justified.

Granted         _____
Denied         _____
Modified       _____
Withdrawn      _____

*O.E. Smith's Sons, Inc. v. George*, 545 So.2d 298 (Fla. 1st DCA 1989); *McCurdy v. Collis*, 508 So.2d 380 (Fla. 1st DCA 1987).

Business Litigation In Florida (4th ed. 2001), §15.46

## DEFENDANTS EIGER ENTITIES, EIGER INDIVIDUALS AND FLEET BANK'S REQUESTED JURY INSTRUCTION NO. _____.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiffs, failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

Granted      _____
Denied       _____
Modified     _____
Withdrawn    _____

Pattern Jury Instructions, Rule 1.1, 11th Cir., 2000 Ed.

11035.1                         -5-

**DEFENDANTS EIGER ENTITIES, EIGER INDIVIDUALS AND FLEET BANK'S REQUESTED JURY INSTRUCTION NO. _____.**

If you find that Plaintiffs, or anyone acting on Plaintiffs' behalf, ratified or consented to any of Defendants' use of the Plaintiffs' alleged trade secrets, then you must find that Defendants did not misappropriate Plaintiffs' alleged trade secrets.

Granted      _____
Denied       _____
Modified     _____
Withdrawn    _____

*See* Florida Jur. 2d § 645

**DEFENDANTS EIGER ENTITIES, EIGER INDIVIDUALS AND FLEET BANK'S
REQUESTED JURY INSTRUCTION NO. ___.**

If you find that the information provided to Fleet National Bank was used solely in

connection with its intended use as part of the loan evaluation process, then you must find that

Defendant Fleet National Bank did not misappropriate Plaintiffs' alleged trade secrets.


Granted        _____
Denied         _____
Modified       _____
Withdrawn      _____


*Venago River Corp. v. NIPSCO Indus., Inc.*, 1994 WL 702759, *10 (N.D. Ill. December 15, 1994)

-7-

**DEFENDANTS EIGER ENTITIES, EIGER INDIVIDUALS AND FLEET BANK'S
REQUESTED JURY INSTRUCTION NO. _____.**

The Eiger Defendants and Fleet Bank contend that, by providing the spreadsheets to Starwood Capital Group, Inc., Plaintiffs waived any claim that the Eiger Defendants or Fleet Bank wrongfully used or disclosed the spreadsheets.

The Eiger Defendants and Fleet Bank further allege that because Plaintiffs have previously denied the existence of a partnership with the Eiger Defendants, Plaintiffs have waived their right to now assert that a valid partnership between Plaintiffs and the Eiger Defendants later existed.

Waiver is the intentional relinquishment or giving up of a known right. It does not arise merely from failure to take action within a reasonable period of time, but may be inferred from conduct or acts putting the other party off its guard and leading it to believe that the right has been waived. However, the acts, conduct, or circumstances relied on to show waiver must clearly indicate that the obligation has in fact been waived. There can be no waiver of a right unless the party alleged to have waived its right to obtain performance of the contract was in possession of all the material facts.

Granted     _____
Denied      _____
Modified    _____
Withdrawn   _____


*Gilman v. Butzloff,* 155 Fla. 888, 22 So.2d 263 (1945); *Destin Savings Bank v. Summerhouse of FWB, Inc.,* 579 So.2d 232 (Fla. 1st DCA 1991); *American Ideal Management, Inc. v. Dale Village, Inc.,* 567 So.2d 497 (Fla. 4th DCA 1990); 11 Fla. Jur. 2d *Contracts* §280.

Business Litigation In Florida (4th ed. 2001), §15.26 (modified).

11035.1                                    -8-

## DEFENDANTS EIGER ENTITIES, EIGER INDIVIDUALS AND FLEET BANK'S REQUESTED JURY INSTRUCTION NO. _____.

The Eiger Defendants and Fleet Bank contend that, because Plaintiffs voluntarily provided the spreadsheet to Starwood Capital Group, Inc., Plaintiffs are estopped from making any claim that the Eiger Defendants wrongfully used or disclosed the spreadsheets.

The Eiger Defendants further allege that because Plaintiffs have previously denied the existence of a partnership with the Eiger Defendants, Plaintiffs are now estopped from asserting that a valid partnership between Plaintiffs and the Eiger Defendants later existed.

The doctrine of equitable estoppel prevents a party from denying or asserting the contrary of any material fact on which, by its words or conduct, it has induced another to rely and thereby change its position in such a way that the other party would suffer injury if such denial or contrary assertion were allowed.

Granted      _____
Denied       _____
Modified     _____
Withdrawn    _____

*Steen v. Scott*, 144 Fla. 702, 198 So. 489 (1940);
*Taylor v. Kenco Chemical & Mfg. Corp.*, 465 So.2d 581 (Fla. 1st DCA 1985); 22 FLA. JUR. 2d *Estoppel and Waiver* §30.

Business Litigation In Florida (4th ed. 2001), §15.81.

11035 1                              -9-

**DEFENDANTS  EIGER ENTITIES, EIGER INDIVIDUALS AND FLEET BANK'S
REQUESTED JURY INSTRUCTION NO. _____.**

If you find that Plaintiffs have committed misconduct relating to any of Plaintiffs' claims

then you should deny the relief sought by Plaintiff as to those specific claims. Such misconduct need

not be illegal or criminal but Plaintiffs must be free of inequitable conduct related to the particular

controversy.


Granted        _____
Denied         _____
Modified       _____
Withdrawn      _____


*See Emery v. International Glass & Mfg., Inc.*, 249 So. 2d 496 (Fla. 2d DCA 1971); 22 Fla. Jur. 2d
§§ 78-81.

11035.1                            -10-

## VERDICT FORM

We, the jury, impaneled and sworn in the above-entitled case, make the following answers to the questions propounded by the Court:

## Partnership Claims

1.    Do you find that Plaintiffs have waived the right to assert that a valid partnership currently exists between Plaintiffs and Eiger and H.D. Associates?

Yes ___ No ___

2.    Do you find that Plaintiffs are estopped from asserting that a valid partnership currently exists between Plaintiffs and Eiger and H.D. Associates?

Yes ___ No ___

3.    Do you find that Plaintiffs have engaged in misconduct in their relationship with Eiger and H.D. Associates that warrants denial of relief to Plaintiffs on their partnership claims?

Yes ___ No ___

4.    If you awarded damages to Plaintiffs on their partnership claims, have Plaintiffs failed to mitigate their damages?

Yes ___ No ___

If your answer to the above question in "Yes," please indicate the amount that Plaintiffs' could have reasonably realized if they had sought out or taken advantage of a business or employment opportunity that was reasonably available to them?

Reduction in damages for failure to mitigate: _____

11035.1                                    -11-

## **Constructive Fraud Claims**

5.      Do you find that Plaintiffs have engaged in misconduct that warrants denial of relief to Plaintiffs on their constructive fraud claims against the following defendants?

| | | |
|---|---|---|
| H.D. Associates | Yes ___ | No ___ |
| Eiger | Yes ___ | No ___ |
| Rowsey | Yes ___ | No ___ |
| Buchanan | Yes ___ | No ___ |
| Miller | Yes ___ | No ___ |
| Jacobs | Yes ___ | No ___ |

6.      If you awarded damages to Plaintiffs on their constructive fraud claims, have Plaintiffs failed to mitigate their damages?

Yes ___    No ___

If your answer to the above question in "Yes," please indicate the amount that Plaintiffs' could have reasonably realized if they had sought out or taken advantage of a business or employment opportunity that was reasonably available to them?

Reduction in damages for failure to mitigate: _____

11035 1                                    -12-

## Misappropriation of Trade Secrets Claims

7.     Do you find that Plaintiffs have waived any claim that the spreadsheets are trade secrets?

Yes ___    No ___

8.     Do you find that Plaintiffs waived any claim that any of the following defendants misappropriated the spreadsheets?

| | | |
|---|---|---|
| H.D. Associates | Yes ___ | No ___ |
| Eiger | Yes ___ | No ___ |
| Rowsey | Yes ___ | No ___ |
| Buchanan | Yes ___ | No ___ |
| Miller | Yes ___ | No ___ |
| Jacobs | Yes ___ | No ___ |
| Fleet National Bank | Yes ___ | No ___ |

9.     Do you find that Plaintiffs are estopped from claiming that the spreadsheets are trade secrets?

Yes ___    No ___

10.     Do you find that Plaintiffs are estopped from claiming that any of the following defendants misappropriated the spreadsheets?

| | | |
|---|---|---|
| H.D. Associates | Yes ___ | No ___ |
| Eiger | Yes ___ | No ___ |
| Rowsey | Yes ___ | No ___ |
| Buchanan | Yes ___ | No ___ |
| Miller | Yes ___ | No ___ |
| Jacobs | Yes ___ | No ___ |
| Fleet National Bank | Yes ___ | No ___ |

11035.1                                    -13-

11.    Do you find that Plaintiffs have engaged in misconduct that warrants denial of relief to Plaintiffs on their misappropriation of trade secrets claims against the following defendants?

| | | |
|---|---|---|
| H.D. Associates | Yes ___ | No ___ |
| Eiger | Yes ___ | No ___ |
| Rowsey | Yes ___ | No ___ |
| Buchanan | Yes ___ | No ___ |
| Miller | Yes ___ | No ___ |
| Jacobs | Yes ___ | No ___ |
| Fleet National Bank | Yes ___ | No ___ |

12.    Do you find that Plaintiffs ratified the use of the spreadsheets by any of the following defendants?

| | | |
|---|---|---|
| H.D. Associates | Yes ___ | No ___ |
| Eiger | Yes ___ | No ___ |
| Rowsey | Yes ___ | No ___ |
| Buchanan | Yes ___ | No ___ |
| Miller | Yes ___ | No ___ |
| Jacobs | Yes ___ | No ___ |
| Fleet National Bank | Yes ___ | No ___ |

13.    If you awarded damages to Plaintiffs on their misappropriation of trade secrets claims, have Plaintiffs failed to mitigate their damages?

Yes ___    No ___

If your answer to the above question in "Yes," please indicate the amount that Plaintiffs' could have reasonably realized if they had sought out or taken advantage of a business or employment opportunity that was reasonably available to them?

Reduction in damages for failure to mitigate: _____

11035.1                                    -14-

**Civil Conspiracy Claims**

14.    Do you find that Plaintiffs have engaged in misconduct that warrants denial of relief to Plaintiffs on their misappropriation of trade secrets claims against the following defendants?

H.D. Associates                              Yes ___  No ___

Eiger                                        Yes ___  No ___

Rowsey                                       Yes ___  No ___

Buchanan                                     Yes ___  No ___

Miller                                       Yes ___  No ___

Jacobs                                       Yes ___  No ___

Fleet National Bank                          Yes ___  No ___

15.    If you awarded damages to Plaintiffs on their civil conspiracy claims, have Plaintiffs failed to mitigate their damages?

Yes ___   No ___

If your answer to the above question in "Yes," please indicate the amount that Plaintiffs' could have reasonably realized if they had sought out or taken advantage of a business or employment opportunity that was reasonably available to them?

Reduction in damages for failure to mitigate: _____

## Promissory Estoppel Claims

16.    Do you find that Plaintiffs have engaged in misconduct that warrants denial of relief to Plaintiffs on their misappropriation of trade secrets claims against the following defendants?

H.D. Associates                                  Yes ___  No ___

Eiger                                            Yes ___  No ___

Rowsey                                           Yes ___  No ___

Buchanan                                         Yes ___  No ___

Miller                                           Yes ___  No ___

Jacobs                                           Yes ___  No ___

Fleet National Bank                              Yes ___  No ___


17.    If you awarded damages to Plaintiffs on their promissory estoppel claims, have Plaintiffs failed to mitigate their damages?

Yes ___  No ___

If your answer to the above question in "Yes," please indicate the amount that Plaintiffs' could have reasonably realized if they had sought out or taken advantage of a business or employment opportunity that was reasonably available to them?

Reduction in damages for failure to mitigate: _____

## Tortious Interference Claims

18.    Do you find that any of the following defendants' alleged tortious interference with Plaintiffs' relationship with Lane and Barnett Lane was justified?

| | | |
|---|---|---|
| H.D. Associates | Yes ___ | No ___ |
| Eiger | Yes ___ | No ___ |
| Rowsey | Yes ___ | No ___ |
| Buchanan | Yes ___ | No ___ |
| Miller | Yes ___ | No ___ |
| Jacobs | Yes ___ | No ___ |
| Fleet National Bank | Yes ___ | No ___ |

19.    If you awarded damages to Plaintiffs on their tortious interference claims, have Plaintiffs failed to mitigate their damages?

Yes ___   No ___

If your answer to the above question in "Yes," please indicate the amount that Plaintiffs' could have reasonably realized if they had sought out or taken advantage of a business or employment opportunity that was reasonably available to them?

Reduction in damages for failure to mitigate: _____

Agreement on each of the above questions was by unanimous vote of the jury.

Yes ___   No ___

_____
Presiding Juror

11035.1                                  -17-

Respectfully submitted,

Daniel F. Molony, Esq.
Florida Bar No. 271330
James B. Murphy, Esq.
Florida Bar No. 287598
Paul W. Rebein
Florida Bar No. 488003
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa Street, Suite 2900
Tampa, FL 33602
(813) 202-7100
(813) 221-8837 - Facsimile


Carol E. Farquhar, Esq.
Jo Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road
Suite 110
Dallas, Texas 75252
(972) 713-1300
(972) 713-1313 - Facsimile

Attorneys for Eiger Fund I, L.P., Eiger, Inc.,
Eiger Partners, L.P., H.D. Associates, L.P.,
Dunes Operating Company, L.P.,
and 2M Dunes, L.L.C.

and

Dora Kaufman, Esquire
Florida Bar No.: 771244
Hully, Singer &Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394
(954) 967-1300
(954) 467-1372-Facsimile
Co-Counsel for Fleet National Bank f/k/a
BankBoston, N.A.

11035.1                          -18-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by facsimile transmission and by United States Mail to Gregory J. Orcutt, Esq., Bricklemyer, Smolker & Bolves, P.A., 500 E. Kennedy Blvd., Suite 200, Tampa, FL 33602 and Alan B. Gerlach, 390 N. Orange Avenue, Suite 1100, Orlando, FL 32801 this _____ day of November, 2001.

ATTORNEY

11035.1                           -19-