FILED

01 NOV 26 PM 3: 35

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA


UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| LOCHMERE DEVELOPMENT GROUP, INC., and LOCHMERE REALTY, INC., | § § § § | |
| Plaintiffs | § § § | |
| v. | § § | CASE NO. 8:00-CV-1026-T-27B |
| H.D. ASSOCIATES, L.P., a Delaware Limited Partnership by and through its general partners DUNES OPERATING COMPANY, L.P., a Delaware Limited Partnership and EIGER, INC., a Delaware Corporation 2M DUNES, L.L.C., a Texas Limited Liability Company, DAVID LANE, an Individual; BARNETT LANE INVESTMENTS, INC., a Texas Corporation; JTL CAPITAL, L.L.C., A Texas Limited Liability Company; FLEET NATIONAL BANK, N.A., a National Banking Association; PAUL E. ROWSEY, III, an Individual; C. TODD MILLER, an Individual; DAVID M. JACOBS, an Individual; and, WILLIAM S. BUCHANAN, an Individual, | § § § § § § § § § § § § § § § § § § § § § § | STATE COURT NO. 00-02525/Div. 1 |
| Defendants | § | |

## DEFENDANTS DAVID LANE, BARNETT LANE INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.'S MOTION IN LIMINE AND MEMORANDUM OF LAW IN SUPPORT

TO THE PRESIDING JUDGE:

David Lane, Individually, Barnett Lane Investments, Inc. and JTL Capital, L.L.C., before

voir dire examination of the jury in this cause has begun, and before receipt of any evidence,

make and present this Motion in Limine:

DEFENDANTS' MOTION IN LIMINE AND MEMORANDUM OF LAW IN SUPPORT - PAGE 1

*163*

I.      Defendants move that counsel for Plaintiffs be instructed to refrain from calling as a witness any expert whose opinions and mental impressions have not previously been provided pursuant to a proper discovery request or in conformity with applicable Federal Rules of Civil Procedure. FRCP 26(b)(4)(A); *Abrahamsen v. Trans-State Express, Inc.,* 92 F.3d. 425 (6th Cir. 1996).

II.    Defendants request this Court to instruct Counsel for Plaintiffs to refrain from mentioning, or otherwise attempting to introduce, any expert testimony which has not previously been provided in response to proper discovery requests or applicable Federal Rules of Civil Procedure. FRCP 26(b)(4)(A), (B); FRCP 26(b)(4)(B).

III.     Defendants request this Court to instruct all attorneys to refrain from mentioning, or otherwise attempting to introduce into evidence, the fact that another lawsuit has been filed involving the same or similar parties and any pleading relating to a lawsuit filled in District Court in Dallas County, Texas styled, *Eiger, Inc. Eiger Fund, I, L.P., Eiger Partners, L.P., H. D. Associates, L.P., Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs, and William S. Buchanan v. Lochmere Development Group, Inc., Lochmere Realty, Inc., David Lane, JTL Capital, L.L.C., and Barnett Lane Investments, Inc.;* Cause No. 99-05629-K for the reason that such evidence is irrelevant or the prejudicial effect of such evidence would far outweigh any probative value and would tend to mislead and confuse the jury.  FRE 402; FRE 403, *U.S. v. Lachman,* 48 F.3d 586, 593 (1st CIR. 1995).

IV.    Defendants request this Court to instruct Counsel for Plaintiffs to refrain from calling any witnesses who have not been properly identified in response to discovery requests or applicable Federal Rules of Civil Procedure.  FRCP 26(b)(1).  See Lane Defendant's Motion to Strike.  See, also, Lane Defendants' Motion to Strike Witnesses.

V.    Defendants request this Court to instruct Counsel for Plaintiffs that the testimony elicited from witnesses identified only as authors of correspondence be confined to the substantive content of the correspondence authored by the witness.  Plaintiffs identification of such witnesses in discovery responses reads as follows: All parties to this litigation; ITT, Gardner, Richard Kleeman and Starwood Capital Group; any of the consultants; and the author of any document or correspondence exchanged in discovery between the parties.  See *Abrahamsen v. Trans-State Express, Inc.* 92 F.3d 425 (6TH CIR. 1996).  See, also, Lane Defendants' Motion to Strike Witnesses.

VI.     Defendants request that Counsel be instructed to refrain from introducing or attempting to enter into evidence correspondence authored by these Defendants containing profanity which might tend to inflame or prejudice the jury against these Defendants and which has no probative value in this case.  FRE 403; *U.S. v. Blackstone,* 56 F.3d 1143 (9TH CIR. 1995).

VII.    Defendants request this Court to instruct Counsel for Plaintiffs to refrain from mentioning, or attempting to introduce into evidence, any cause of action or measure of damages which have not been properly and timely pled by Plaintiffs.

Respectfully submitted,

HILL GILSTRAP

By: _____
John W. Greene
State Bar No. 08391520

1400 West Abram
Arlington, Texas 76013
(817) 261-2222
(817) 277-3249 FAX

and

Alan M. Gerlach
State Bar No. 199184
BROAD AND CASSEL
390 N. Orange Avenue
Suite 1100
Orlando, FL 32801
Phone: 407/ 839-4200
Via Facsimile: 407/425-8377

ATTORNEYS FOR DEFENDANTS
DAVID LANE, BARNETT LANE
INVESTMENTS, INC. and
JTL CAPITAL, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent via
_____fax_____ on _November 26_____, 2001, to all counsel of record.

_____
John W. Greene

DEFENDANTS' MOTION IN LIMINE AND MEMORANDUM OF LAW IN SUPPORT - PAGE 9