FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA NOV 26 PM 4: 31
TAMPA DIVISION

CLERK. U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA. FLORIDA

LOCHMERE DEVELOPMENT
GROUP, INC., a Florida Corporation, and
LOCHMERE REALTY, INC., a Florida
Corporation,

Plaintiffs,

v.                                                    Case No.:  8:00-cv-1026-T-27B

EIGER FUND I, L.P., et al

Defendants.

_____/

## THE EIGER DEFENDANTS' AND FLEET NATIONAL BANK'S
## MOTION IN LIMINE

COME NOW, EIGER FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,

H.D. ASSOCIATES, L.P., DUNES OPERATING COMPANY, L.P., 2M DUNES,

L.L.C., PAUL E. ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS, and

WILLIAM S. BUCHANAN (collectively the "Eiger Defendants") and FLEET

NATIONAL BANK f/k/a BankBoston, N.A., ("BankBoston") file this their Motion in

Limine pursuant to Rules 401 and 403 of the Federal Rules of Evidence and hereby move

the Court to instruct all counsel, parties and witnesses to refrain from mentioning,

divulging, or introducing, directly or indirectly, any evidence, testimony concerning or

argument referring to any of the following:

1.     Any expert opinions offered by Richard L. Brown for the reason that Mr.

Brown does not have the experience or specialized knowledge necessary to qualify him

**THE EIGER DEFENDANTS' AND FLEET NATIONAL BANK'S**
**MOTION IN LIMINE**                                            **Page 1**
*/99-576/pleadings/*

as an expert.  Additionally, his opinions are baseless and unreliable as well as not relevant to the issues in the case.[1]

GRANTED          DENIED

2.      All new expert opinions of Plaintiffs' experts contained in paragraph 6 of the Pretrial Statement which were not previously included in the reports filed by Richard L. Brown and Robert Whitley; specifically:

1.  Whitley

   a.      Paragraph (iii) – everything after "proprietary"
   b.      Paragraph (iv) – everything after "communities"
   c.      Paragraph (vi) – the entirety of the paragraph
   d.      Paragraph (vii) – the entirety of the paragraph
   e.      Paragraph (viii) – the word "expected"
   f.      Paragraph (ix) – the entirety of the paragraph
   g.      Paragraph (x) – the entirety of the paragraph
   h.      Paragraph (xi) – the entirety of the paragraph

2.  Brown

   a.      Paragraph (i) – the development budget is proprietary
   b.      Paragraph (iii) – "could not have" – the report says "very remove possibility"
   c.      Paragraph (iv) – the entirety of the paragraph
   d.      Paragraph (vi) – the entirety of the paragraph

3.  Paragraph 7 on page 7, the last sentence of the third paragraph – "Expert testimony will establish these damages at the same $18,000,000.00 amount."

---

[1]      The Eiger Defendants and BankBoston incorporate by reference their Motion to Strike Richard L. Brown and the memorandum of law in support thereof filed herein.

**MOTION IN LIMINE**                                                                                          **Page 2**
*/99-576/pleadings/*

These new opinions were disclosed for the first time in the Pretrial Statement prepared by Plaintiffs. The deadline for filing expert reports was June 4, 2001. It is unfair, prejudicial and a violation of due process rights for Plaintiffs' experts to testify on these new and additional opinions of which Defendants had no prior notice and no opportunity to depose Plaintiffs' experts or to designate rebuttal experts on these new opinions.

GRANTED _____     DENIED _____

3.     The value of any assets owned by or the net worth of any of the defendants, including the Eiger Defendants and BankBoston on the grounds that such is irrelevant to any issue in the case and introduction of such testimony, evidence or argument would be unfairly prejudicial.

GRANTED _____     DENIED _____

4.     Any attorneys' fees incurred by Plaintiffs on the grounds that Plaintiffs have failed to designate any expert to testify to the reasonableness or necessity of attorneys' fees and failed to produce any documents relating to their attorney fees.

GRANTED _____     DENIED _____

**MOTION IN LIMINE**                                                                 **Page 3**
*/99-576/pleadings/*

5.    Whether or not there is an indemnity of BankBoston by the Eiger Companies on the grounds that such is barred by Fed. R. Evid. 411.


GRANTED                          DENIED


6.    The existence or outcome of any lawsuit by or against any of the Eiger Defendants or BankBoston with the exception of this lawsuit and the Texas State Court lawsuit involving the same parties on the grounds that such is irrelevant and unduly prejudicial.


GRANTED                          DENIED


7.    Whether any payments/commissions received by any entity in connection with sale/purchase of the Hammock Dunes property on the grounds that such information is irrelevant to any issue to be decided by the jury and would be prejudicial if Plaintiffs argued that such payments would be in violation of Florida law.


GRANTED                          DENIED


**MOTION IN LIMINE**                          **Page 4**
*/99-576/pleadings/*

8.    The fact that attorneys or staff from Pezzulli & Loewinsohn reside or work in the State of Texas on the grounds that such information is irrelevant to any issue to be decided by the jury and would be unfairly prejudicial.

---

GRANTED                    DENIED

9.    Any inclusion of a stamp "confidential" or "attorneys' eyes only" on any trial exhibit introduced by any party which was placed on the document pursuant to the Protective Order entered by this Court on the grounds that such a designation is irrelevant to any issue to be decided by the jury and could prejudice the jury given that one or more claims being presented to the jury relate to the issue of trade secrets.

---

GRANTED                    DENIED

10.    Any testimony by Robert Evans or any other witness as to the dollar amount, including any ranges of damages sustained by either of the Plaintiffs on the grounds that such testimony must be based on expert testimony and no witness, including Evans, has been properly designated to render any such testimony and on the further ground that future damages are too speculative.

---

GRANTED                    DENIED

**MOTION IN LIMINE**                                                    **Page 5**
/99-576/pleadings/

11.    The fact that any of the defendants filed motions for summary judgment and the nature, extent or substance of any rulings thereon, including the fact that the Court declined in part the motions.

GRANTED _____        DENIED _____

12.    The fact that an investor in Eiger Fund I, L.P. is an entity which entity is affiliated with a member of the Hunt family (children of Caroline R. Hunt).

GRANTED _____        DENIED _____

**MOTION IN LIMINE**                                                        **Page 6**
*/99-576/pleadings/*

Respectfully submitted,

_Daniel F. Molony, Esq._
Daniel F. Molony, Esq.
Florida Bar No. 271330
James B. Murphy, Esq.
Florida Bar No. 287598
Paul W. Rebein, Esq.
Florida Bar No. 488003
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa Street, Suite 2900
Tampa, FL 33602
(813) 202-7100
(813) 221-8837 - Facsimile


Carol E. Farquhar, Esq.
Jo Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road
Suite 110
Dallas, Texas 75252
(972) 713-1300
(972) 713-1313 - Facsimile

Attorneys for Eiger Fund I, L.P., Eiger, Inc.,
Eiger Partners, L.P., H.D. Associates, L.P.,
Dunes Operating Company, L.P.,
and 2M Dunes, L.L.C.

and


HALEY, SINAGRA & PEREZ
Dora Kaufman, Esq.
Florida Bar No. 771244
100 SE 3rd Avenue, Suite 1900
Fort Lauderdale, FL  33394
(954) 467-1300  Phone
(954) 467-1372  Facsimile

COUNSEL FOR FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.

**MOTION IN LIMINE**
*/99-576/pleadings/*

**Page 7**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served on the following counsel of record on this ____ day of November, 2001, via the method indicated:

Gregory J. Orcutt                                    Via Telecopy
Bricklemyer, Smolker & Bolves, P.A.
500 E. Kennedy Blvd. Ste. 200
Tampa, Florida 33602

Alan M. Gerlach                                      Via Telecopy
Broad & Cassel
390 N. Orange Avenue, Suite 1100
Orlando, FL  32801

John W. Greene                                       Via Telecopy
Hill Gilstrap
1400 West Abram
Arlington, TX  76013

_____
ATTORNEY

**MOTION IN LIMINE**                                                    **Page 8**
*/99-576/pleadings/*