

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

LOCHMERE DEVELOPMENT
GROUP, INC., a Florida Corporation, and
LOCHMERE REALTY, INC., a Florida
Corporation,

        Plaintiffs,

v.                                     Case No.:  8:00-cv-1026-T-27B

EIGER FUND I, L.P., et al

        Defendants.

_____/

## MEMORANDUM OF LAW IN SUPPORT OF
## THE EIGER DEFENDANTS' AND FLEET NATIONAL BANK'S
## MOTION IN LIMINE

COME NOW, EIGER FUND I, L.P., EIGER, INC., EIGER PARTNERS, L.P.,

H.D. ASSOCIATES, L.P., DUNES OPERATING COMPANY, L.P., 2M DUNES,

L.L.C., PAUL E. ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS, and

WILLIAM S. BUCHANAN (collectively the "Eiger Defendants") and FLEET

NATIONAL BANK f/k/a BankBoston, N.A., ("BankBoston") file this their

Memorandum of Law in Support of their Motion in Limine.

     1.       **Any expert opinions offered by Richard L. Brown for the reason that Mr. Brown does not have the experience or specialized knowledge necessary to qualify him as an expert. Additionally, his opinions are baseless and unreliable as well as not relevant to the issues in the case.**

The Eiger Defendants and BankBoston incorporate by reference the grounds and

legal argument contained in their Motion to Strike Expert filed herein.  Mr. Brown has

MEMORANDUM OF LAW IN SUPPORT OF
THE EIGER DEFENDANTS' AND FLEET NATIONAL BANK'S
MOTION IN LIMINE                                  Page 1
*/99-576/pleadings/*

never worked as a real estate developer nor has he utilized the type of spreadsheets at issue in this case in connection with real estate due diligence. His opinions should not be allowed pursuant to *Daubert v. Merrell Dow Pharm, Inc.,* 509 U.S. 579, 113 S.Ct. 2786 (1993).

2.    **All new expert opinions of Plaintiffs' experts contained in paragraph 6 of the Pretrial Statement which were not previously included in the reports filed by Richard L. Brown and Robert Whitley; specifically:**
  1.    **Whitley**
     a.    Paragraph (iii) – everything after "proprietary"
     b.    Paragraph (iv) – everything after "communities"
     c.    Paragraph (vi) – the entirety of the paragraph
     d.    Paragraph (vii) – the entirety of the paragraph
     e.    Paragraph (viii) – the word "expected"
     f.    Paragraph (ix) – the entirety of the paragraph
     g.    Paragraph (x) – the entirety of the paragraph
     h.    Paragraph (xi) – the entirety of the paragraph
  2.    **Brown**
     a.    Paragraph (i) – the development budget is proprietary
     b.    Paragraph (iii) – "could not have" – the report says "very remove possibility"
     c.    Paragraph (iv) – the entirety of the paragraph
     d.    Paragraph (vi) – the entirety of the paragraph
  3.    **Paragraph 7 on page 7, the last sentence of the third paragraph** – "Expert testimony will establish these damages at the same $18,000,000.00 amount."

These new opinions were disclosed for the first time in the Pretrial Statement prepared by Plaintiffs. The deadline for filing expert reports was June 4, 2001. *See,* Order dated April 5, 2001. It is unfair, prejudicial and a violation of due process rights for Plaintiffs' experts to testify on these new and additional opinions of which Defendants had no prior notice and no opportunity to depose Plaintiffs' experts or to designate rebuttal experts on these new opinions and will be disadvantaged in preparing

for trial as to these new opinions. There is not time before the current trial setting of December 3, 2001, to prepare for this new testimony. Movants have completed substantial trial preparations relying on Plaintiffs' not designating any expert witness on these areas. Indeed, such opinions are not even contained in a supplemental report signed by the experts, but are merely included in the Pretrial Statement by Plaintiffs. No supplemental report containing these new opinions has been received by Movants. Plaintiffs have not sought leave for a late supplementation of expert opinions. The Court should exclude all testimony of any opinions by Plaintiffs experts other than those contained in their reports. *Schearbrook Land and Livestock Co., v. Schearbrook Land and Livestock, Inc.*, 124 F.R.D. 221, 222-23 (M.D. Fla. 1988).

3. **The value of any assets owned by or the net worth of any of the defendants, including the Eiger Defendants and BankBoston on the grounds that such is irrelevant to any issue in the case and introduction of such testimony, evidence or argument would be unfairly prejudicial.**

The existence or non-existence of a defendant's wealth is wholly irrelevant when it comes to compensatory damages. *Rinaldi v. Aaron*, 314 So.2d 762, 764 (Fla. 1975) (quoting Dobbs, Remedies at 218, 219). Movants request the Court to exclude all testimony, evidence and/or argument relating to their net worth.

4. **Any attorneys' fees incurred by Plaintiffs on the grounds that Plaintiffs have failed to designate any expert to testify to the reasonableness or necessity of attorneys' fees and failed to produce any documents relating to their attorney fees.**

Plaintiffs have not designated any expert to testify on the issue of reasonableness or necessity of attorneys fees. The testimony of an expert witness concerning a reasonable attorney's fee is necessary to support the establishment of the fee. *Crittenden Orange Blossom Fruit v. Stone*, 514 So.2d 351, 352 (Fla. 1987). Since Plaintiffs failed to designate an expert on attorneys fees and failed to produce any documents relating to their attorney fees and thus cannot meet their burden of proof, it would be unfairly prejudicial and confusing to a jury to permit any testimony, evidence or argument concerning the attorneys fees of the Plaintiffs. Movants request that the Court exclude all such testimony, evidence and/or argument.

5.      **Whether or not there is an indemnity of BankBoston by the Eiger Companies on the grounds that such is barred by Fed. R. Evid. 411.**

Even before Rule 411 was enacted in 1972, the general rule was that the jury should not be told of the existence of insurance or other indemnity agreements. *Holladay v. Verschoor*, 381 F.2d 100, 112 (5th Cir. 1967); *Indamere Corp. v. Crandon*, 217 F.2d 391, 394 (5th Cir. 1954); *Altenbaumer v. Lion Oil Co.*, 186 F.2d 35, 36 (5th Cir. 1950). The reason behind this rule is that the parties are entitled to have the issues determined on their merits, and that the injection of insurance or indemnity into the case is utterly repugnant to a fair trial or to the securing of the rendition of a just verdict. *Holladay*, 381 F.2d at 112. Therefore, unless the fact that the plaintiff is insured or otherwise indemnified is a material issue in the case, the admittance of such evidence constitutes prejudicial error sufficient to require reversal. *Id.*

**MEMORANDUM OF LAW IN SUPPORT OF**
**THE EIGER DEFENDANTS' AND FLEET NATIONAL BANK'S**
**MOTION IN LIMINE**                                                    **Page 4**
*/99-576/pleadings/*

In 1972, Rule 411 was adopted to codify the general rule, and to fulfill two purposes. First, the drafters believed that "[T]he inference of fault from the fact of insurance coverage is a tenuous one, as is its converse." *See,* Notes of Advisory Committee on 1972 Proposed Rules. The second policy underlying Rule 411 is that "[K]nowledge of the presence or absent of liability insurance would induce juries to decide cases on improper grounds." *Id.* Specifically, "improper grounds" refers to a belief that the jury might feel that some "rich insurance company will pay, so that we might as well decide for the plaintiff without respect to the law and facts." *Weinstein's Evidence,* P 411 [02] (1995).

In this case, there is no issue in this case to which the indemnity agreement or the amount of the indemnity is relevant. The ability of a defendant to pay the necessary damages injects into the damage determination a "foreign, diverting, and distracting issue which may effectuate a prejudicial result." *Reed v. General Motors Corp.,* 773 F.3d 660 (5th Cir. 1985). Accordingly, because there is no relevance of the indemnity agreement to the issues of liability or damages in this case, the Court should grant this motion *in limine* and exclude mention of the indemnity agreement

6. **The existence or outcome of any lawsuit by or against any of the Eiger Defendants or BankBoston with the exception of this lawsuit and the Texas State Court lawsuit involving the parties on the grounds that such is irrelevant and unduly prejudicial.**

Movants request that the Court exclude any testimony, evidence or argument of the existence or outcome of any lawsuit by or against them other than this lawsuit and the Texas state court lawsuit involving the parties pursuant to Fed. R. Evid. 401, 403 and

MEMORANDUM OF LAW IN SUPPORT OF
THE EIGER DEFENDANTS' AND FLEET NATIONAL BANK'S
MOTION IN LIMINE                                                                                    Page 5
*/99-576/pleadings/*

404. Such lawsuits would be irrelevant to any issue in this case and would be inadmissible to prove any culpability of these defendants.

7.    **Whether any payments/commissions were received by or paid by any entity in connection with sale/purchase of the Hammock Dunes property on the grounds that such information is irrelevant to any issue to be decided by the jury and would be prejudicial if Plaintiffs argued that such payments would be in violation of Florida law.**

There are no allegations in this case that any payments associated with the sale/purchase of the Hammock Dunes property were improperly paid by Movants. Nevertheless, Plaintiffs have inquired during various depositions whether certain persons/entities who received payments in connection with the purchase of the Hammock Dunes project were licensed in Florida. Movants request that the Court exclude any testimony, evidence or argument suggesting that any commission paid was illegal or in violation of Florida law on the grounds that same is unfairly prejudicial and irrelevant to any issue in the case and could confuse and mislead the jury. Fed. R. Evid. 401, 403, 404(b).

8.    **The fact that attorneys or staff from Pezzulli & Loewinsohn reside or work in the State of Texas on the grounds that such information is irrelevant to any issue to be decided by the jury and would be unfairly prejudicial.**

Movants request that the Court exclude any testimony, evidence or argument of the fact that attorneys or staff from Pezzulli & Loewinsohn work or reside in Texas pursuant to Fed. R. Evid. 401 and 403. Such information would be irrelevant to any issue in this case.

**MEMORANDUM OF LAW IN SUPPORT OF**
**THE EIGER DEFENDANTS' AND FLEET NATIONAL BANK'S**
**MOTION IN LIMINE**                                                              **Page 6**
*/99-576/pleadings/*

9.   **Any inclusion of a stamp "confidential" or "attorneys' eyes only" on any trial exhibit introduced by any party which was placed on the document pursuant to the Protective Order entered by this Court on the grounds that such a designation is irrelevant to any issue to be decided by the jury and could prejudice the jury given that one or more claims being presented to the jury relate to the issue of trade secrets.**

In order to aid in discovery and avoid discovery disputes, the parties agreed to the terms of the Agreed Protective Order. All parties have produced various documents in this case pursuant to that Order which have been stamped "confidential" or "attorneys eyes only." Some of those documents are on the list of exhibits sought to be introduced by one or more of the parties at the trial. It would be unfairly prejudicial and potentially confusing to a jury to have trial exhibits which contain those discovery stamps. One of the issues remaining in this case is whether or not trade secret information was improperly utilized by the defendants. An element of the Florida Trade Secret Act requires proof of efforts to maintain secrecy. Florida Uniform Trade Secret Act, §688.002. A jury could infer from the mere presence of those stamps that the documents are trade secrets or could infer that the Court has already determined such documents to be trade secrets. Because the Court has not made such a determination, allowing the jury to view the stamped versions of the documents would amount to an improper comment on the evidence. See e.g., *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 336-37 (5th Cir. 1981)(Unit B) (reversing and remanding for new trial based on improper comment on the evidence). Movants request that all trial exhibits have the discovery stamps "confidential" and/or "attorneys eyes only" removed.

MEMORANDUM OF LAW IN SUPPORT OF
THE EIGER DEFENDANTS' AND FLEET NATIONAL BANK'S
MOTION IN LIMINE                                                    Page 7
*/99-576/pleadings/*

10.     **Any testimony by Robert Evans or any other witness as to the dollar amount, including any ranges of damages sustained by either of the Plaintiffs on the grounds that such testimony must be based on expert testimony and no witness, including Evans, has been properly designated to render any such testimony and on the further ground that future damages are too speculative.**

The general rule is that anticipated profits of a commercial business are too speculative and dependant upon changing circumstances to warrant a judgment for their loss. *Belcher v. Import Cars, Ltd.*, 246 So. 2d 584, 586-87 (Fla. 3d DCA 1971). Furthermore, opinions of witnesses as to the amount of profits that would have been gained are not admissible, except where the opinion is that of an expert based upon relevant facts. *Id.* (citing McCormick, Damages § 29, p. 107 (1935 ed.).

In this case, Plaintiffs should not be allowed to offer opinion testimony regarding any amount of lost profits because such testimony would be pure speculation. Furthermore, Plaintiffs' have not designated Robert Evans, or any other expert, to testify regarding their alleged measure of damages in this case. Because Plaintiffs have failed to designate any experts on this issue, the Court should not allow Robert Evans, or any other witness, to render any opinions on the issue of damages.

11.     **The fact that any defendants filed motions for summary judgment and the nature, extent or substance of any rulings thereon, including the fact that the Court denied in part the motions.**

Movants request that the Court exclude any testimony, evidence or argument relating to the fact that the defendants filed motions for summary judgment which were in part not granted by the Court on the grounds that such matters are irrelevant to any issue

to be considered by the jury and would be unduly prejudicial and confusing and could be an inaccurate comment to the jury of the Court's view of the evidence. Fed. R. Evid. 401, 403 and 404.

12.     **The fact that an investor in Eiger Fund I, L.P. is an entity which entity is affiliated with a member of the Hunt family (children of Caroline R. Hunt).**

Movants request that the Court exclude any testimony, evidence or argument relating to the fact that an investor in Eiger Fund I, L.P. is an entity, Rosewood Property Corporation ("RPC"), which entity is affiliated with a member of the Hunt family (children of Caroline R. Hunt) in that RPC is a wholly owned subsidiary of The Rosewood Corporation, which is itself a holding company for the Caroline Hunt Trust Estate, a multigenerational trust established by H.L. Hunt, on the grounds that such matters are irrelevant to any issue to be considered by the jury and would be unduly prejudicial. Fed. R. Evid. 401, 403 and 404.

Respectfully submitted,

Daniel F. Molony, Esq.
Florida Bar No. 271330
James B. Murphy, Esq.
Florida Bar No. 287598
Paul W. Rebein
Florida Bar No. 488003
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa Street, Suite 2900
Tampa, FL 33602
(813) 202-7100
(813) 221-8837 - Facsimile

Carol E. Farquhar, Esq.
Jo Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road
Suite 110
Dallas, Texas 75252
(972) 713-1300
(972) 713-1313 - Facsimile

Attorneys for Eiger Fund I, L.P., Eiger, Inc.,
Eiger Partners, L.P., H.D. Associates, L.P.,
Dunes Operating Company, L.P.,
and 2M Dunes, L.L.C.

and

HALEY, SINAGRA & PEREZ
Dora Kaufman, Esq.
Florida Bar No. 771244
100 SE 3rd Avenue, Suite 1900
Fort Lauderdale, FL  33394
(954) 467-1300  Phone
(954) 467-1372  Facsimile

COUNSEL FOR FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served on the

following counsel of record on this 26th day of November, 2001, via the method

indicated:

Gregory J. Orcutt                           Via Telecopy
Bricklemyer, Smolker & Bolves, P.A.
500 E. Kennedy Blvd. Ste. 200
Tampa, Florida 33602

Alan M. Gerlach                         Via Telecopy
Broad & Cassel
390 N. Orange Avenue, Suite 1100
Orlando, FL  32801

John W. Greene
Hill Gilstrap                           Via Telecopy
1400 West Abram
Arlington, TX  76013

_____
ATTORNEY

**MEMORANDUM OF LAW IN SUPPORT OF**
**THE EIGER DEFENDANTS' AND FLEET NATIONAL BANK'S**
**MOTION IN LIMINE**                                    **Page 11**
*/99-576/pleadings/*