FILED



01 NOV 27 AM 10: 30

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC. and
LOCHMERE REALTY, INC.

      Plaintiffs,

v.                              Case No.: 8:00-cv-1026-T-27B

EIGER FUND I, L.P., et al.

      Defendants.

_____/

### PLAINTIFFS' MOTION IN LIMINE TO INCLUDE REFERENCE TO STATUTORY EXEMPLARY DAMAGES AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE REALTY, INC. ("Lochmere"), by and through the undersigned counsel, hereby move for inclusion of a reference to statutory exemplary damages under Counts XXIV-XXX (Violation of Florida's Uniform Trade Secrets Act) of their Second Amended Complaint and demand for Jury Trial and in support thereof state:

Pursuant to the liberal pleading requirements of the Federal Rules of Civil Procedure, adequate notice exists for Lochmere to request the jury determine whether Defendants' actions constitute a willful and malicious misappropriation under the Florida Uniform Trade Secrets Act, §688.003 *et. seq.,* Fla. Stat. (2000)(the "Act"). Alternatively, pursuant to Rule 54(c) of the Federal Rules of

166

Civil Procedure, upon a judgment in favor of Lochmere against Defendants for violation of the Act, the Court may award exemplary damages.

## STATEMENT OF FACTS

Lochmere has alleged that the Defendants misappropriated trade secrets in violation of the Act. In the Second Amended Complaint, as in previous versions, Lochmere has alleged that the Defendants acted knowingly and intentionally when they unlawfully misappropriated these items to gain an economic advantage. As part of the relief they have requested, Lochmere has specifically requested attorneys' fees and "such further relief as is just and proper under the circumstances."

## MEMORANDUM OF LAW

If the jury finds the misappropriation to be "willful and malicious," the court may award exemplary damages. Section 688.004(2) of the Florida Statutes (2000) provides:

> (2)    If a willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award under subsection (1).

Exemplary Damages are granted as a punishment where torts are committed with fraud, actual malice, or deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others. Winn v. Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214, 221 (Fla. 1936). In order to recover exemplary damages, a plaintiff must allege some general facts and circumstances of fraud, malice,

2

gross negligence, or oppression tending to show an entitlement to such damages; exemplary damages need not be described or demanded in the declaration by name in order to be recoverable. Winn, 171 So. at 221.

Under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading need only set forth a short and plain statement of the claim showing the pleader is entitled to relief.  The purpose of this rule is to place the defending party on notice of the claim. Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L.Ed.2d 80, ___ (1957).  A pleading does not have to specifically denominate exemplary damages if the facts show the wrong was inflicted with malice, oppression, or other like circumstances of oppression. Guillen v. Kuykendall, 470 F.2d 745, 748 (5th Cir. 1972).  In Guillen, a plaintiff requested $50,000 in compensatory damages, but failed to request exemplary damages.  Even though a verdict was returned for less than the requested compensatory damages, the court held that the trial court erred in not instructing the jury as to exemplary damages.

In the instant action, Lochmere has detailed and set forth the facts and circumstances surrounding the misappropriation of the trade secrets.  Lochmere alleges that the misappropriation occurred knowingly and unlawfully.  Under the liberal notice pleading requirements of the Federal Rules of Civil Procedure the Court should find that sufficient notice exists for Plaintiffs to present to the jury the issue of whether a willful and malicious misappropriation occurred.

3

Alternatively the Court may award exemplary damages on its own volition, even without a request by the Plaintiffs. Rule 54(c) of the Federal Rules of Civil Procedure provides that a final (nondefault) judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief. The rule requires that a court ascertain whether the plaintiffs are entitled to *any* remedy, not whether they have asked for the proper remedy. Kirby v. United States Dept. of HUD, 745 F.2d 204, 207 (3rd Cir. 1984).

Implicit in the rule is the fact that the judgment must be based upon issues actually tried with the express or implied consent of the parties. Cioffe v. Morris, 676 F.2d 539, 540 (11th Cir. 1982). A court will not find implied consent where a defendant will be prejudiced by having no notice of the new issue, if the defendant could have offered additional evidence in defense, or if the defendant was denied the opportunity to defend. Coiffe, 676 F.2d at 542; See also International Harvester Credit Corp. v. East Coast Truck, 547 F.2d 888, 891 (5th Cir. 1977). Courts have not found prejudice, under Rule 54, where a claim is added as late as the day of hearing. Gilbane Bldg. Co. v. Federal Reserve Bank of Richmond, 80 F.3d 895, 902 (4th Cir. 1996). In Gilbane, the parties agreed to submit their claims to a hearing before a special master. The plaintiff moved to add a claim under North Carolina's Unfair Trade Practices Act, which allowed for treble damages, at the beginning of the hearing. There, it was determined that the motion at the beginning of the hearing adequately warned the defendant and

4

that the plaintiff was entitled to all relief supported by the findings of fact. Gilbane, 80 F.3d at 902.

In the instant action defendants have received adequate notice that Lochmere intends to seek all available relief under the Act. Lochmere is not asserting any additional facts or claims; Lochmere is merely seeking to clarify the damages it intends to request at trial. Lochmere's allegations of the facts and, specifically, the fact that the misappropriation occurred knowingly and willfully, is sufficient to put Defendants on notice that Lochmere intended to seek exemplary damages under the Act. Even if this were not the case, under Rule 54 of the Federal Rules of Civil Procedure, Lochmere is entitled to have the court determine its entitlement to exemplary damages under the Act.

WHEREFORE, Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE REALTY, INC., respectfully request this Court permit reference to all remedies available under the Act, including exemplary damages and award such other and further relief as this Court deems just and proper under the circumstances.

By: _____
Jay J. Bartlett
Florida Bar No. 875163

## CERTIFICATION OF CONFERENCE

In accordance with Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida, I hereby certify that James Murphy, Esquire at Shook, Hardy & Bacon L.L.P., counsel for Eiger Fund I. L.P., Eiger

Partners L.P., H.D. Associates, L.P., Dunes Operating Company, L.P. and 2M Dunes, L.L.C., and Fleet National Bank, N.A. and John W. Greene, Esquire at Hill Gilstrap, P.C., counsel for the Lane Defendants were contacted in a good faith effort to obtain an agreement on the above motion. Counsel for Defendants objects to the relief sought in this motion.

By: _____
Jay J. Bartlett
Florida Bar No. 875163

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion in Limine to Include Reference to Statutory Exemplary Damages and Incorporated Memorandum of Law has been provided by Facsimile and U.S. Mail to all parties on the attached Service List this 26th day of November 2001.

Respectfully submitted,

By: _____
Jay J. Bartlett
Florida Bar No. 875163
Gregory J. Orcutt
Florida Bar No. 230855
BRICKLEMYER SMOLKER & BOLVES, P.A.
500 E. Kennedy Boulevard, Suite 200
Tampa, Florida 33602
Telephone: (813) 223-3888
Facsimile: (813) 228-6422
Attorneys for LOCHMERE
DEVELOPMENT GROUP, INC. and
LOCHMERE REALTY, INC.

6

**SERVICE LIST**

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL  33602

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Jo E. Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX  75252

(Attys. for H.D. ASSOCIATES, L.P. DUNES
OPERATING COMPANY, L.P., EIGER, INC.,
2M DUNES, L.L.C., EIGER FUND 1 L.P.,
EIGER PARTNERS, L.P., PAUL E. ROWSEY, III,
C. TODD MILLER, DAVID M. JACOBS,
WILLIAM S. BUCHANAN and FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON, N.A.

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE
     INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

7