UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA



CU

CI N... 27 PI: 3:56

| | |
|---|---|
| LOCHMERE DEVELOPMENT GROUP, INC., and LOCHMERE REALTY, INC., §§§§§ | |
| Plaintiffs § | |
| § | |
| v. § | CASE NO. 8:00-CV-1026-T-27B |
| § | |
| H.D. ASSOCIATES, L.P., a Delaware § Limited Partnership by and through § its general partners DUNES § OPERATING COMPANY, L.P., a § Delaware Limited Partnership and § EIGER, INC., a Delaware Corporation § 2M DUNES, L.L.C., a Texas Limited § Liability Company, DAVID LANE, an § Individual; BARNETT LANE § INVESTMENTS, INC., a Texas § Corporation; JTL CAPITAL, L.L.C., § A Texas Limited Liability Company; § FLEET NATIONAL BANK, N.A., a § National Banking Association; PAUL E. § ROWSEY, III, an Individual; C. TODD § MILLER, an Individual; DAVID M. § JACOBS, an Individual; and, WILLIAM § S. BUCHANAN, an Individual, § | STATE COURT NO. 00-02525/Div. 1 |
| § | |
| Defendants § | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS DAVID LANE, BARNETT LANE INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.'S MOTION TO STRIKE CERTAIN FACT WITNESSES TO TESTIFY ON BEHALF OF PLAINTIFFS

### FACTS

1.     On or about May 12, 2001, Defendants David Lane, Barnett Lane Investments, Inc., and JTL Capital, L.L.C. (the Lane Defendants) served interrogatories on Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. The interrogatories contained the following definition and instruction:

"Identify" and "identity" as used herein shall include the following:

a.    When used in reference to a person, shall mean his full name, present or last known home address and telephone number, present or last known business address and telephone number, employer and job title;

On or about June 12, 2001, Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. served their answers to the interrogatories. Copies are attached hereto as Exhibits A and B. Neither of the Plaintiffs objected to any of the definitions or instructions. In response to interrogatory number 1[1], which read:

Identify each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, and identify the subjects of the information.

neither Plaintiff objected to the interrogatory, and they both responded:

All parties to this litigation; ITT, Gardner, Richard Kleeman and Starwood Capital Group; any of the consultants; and the author of any document or correspondence exchanged in discovery between the parties.

In response to interrogatory number 3[2] which read:

Identify each and every witness who you expect to be called to testify at trial again, neither Plaintiff objected to the interrogatory, and both parties responded as follows:

See answers to Interrogatory 1 and 2.[3]

2.    Plaintiffs' answers to these interrogatories are wholly inadequate[4], and the Lane Defendants hereby move to strike the following fact witnesses included in Plaintiffs' witness list:

---

[1] Interrogatory number one was identical in both sets of interrogatories propounded to Plaintiffs.

[2] Interrogatory number three was identical in both sets of interrogatories propounded to Plaintiffs.

[3] Interrogatory number 2 requested information pertaining to expert witnesses.

[4] See *Neal v. Director, District of Columbia Department of Corrections*, 1995 WL 517248, 8 (D.D.C. 1995)("It is well established that a party may not respond to an interrogatory seeking the identity of specific persons with a general reference to all documents produced in the

Robert L. Canterbury, Tucker Frederickson, Joseph Hatzell, Chuck Callea, Kevin Partel, Robert Dickinson, John Cherry, Richard Blunk, David Pepe, Avery Nye, Michael Lerner, Bill Hipp, Paul DiVito, Jonathan Hodnett, Lawrence Martin, Tom Kelley, Daniel Ward, Thomas K. Wasp, W. Audie Long, and Penn Hodge.

3.      Defendants made their decisions as to who to depose and who not to depose based on the Plaintiffs answers to interrogatories. Defendants would have deposed and/or interviewed prior to deciding whether to depose some or all of the individuals who are the subject of this motion had they known Plaintiffs would call them as witnesses at trial.

## ARGUMENT

4.      The subject witnesses should be excluded from Plaintiffs' witness list and should not be allowed to testify on behalf of the Plaintiffs.

Fed.R.Civ.P. 26(e)(2) provides that:

"A party is under a duty seasonably to amend a prior response to interrogatory, request for production, request for admission if the party learns the response in some material respect incomplete or incorrect and if the additional or corrected information has not otherwise been made known to the parties during the discovery process."

5.      Plaintiffs have failed to supplement their responses to interrogatories in accordance with Fed.R.Civ.P. 26(e). The discovery period in this case ended on July 4, 2001, except with respect to two new claims asserted by Plaintiffs. Plaintiffs' failure to supplement their response to interrogatories will prejudice the Defendants because they were not given the opportunity to depose these individuals prior to trial, and therefore the witnesses should be excluded from

---

case.") citing *Monroe v. Ridley*, 135 F.R.D. 1, 3-4 (D.D.C. 1990)(referring to a two-inch stack of documents without specifying which documents contained relevant information was not adequate response to interrogatory requesting that defendant identify persons who counselled plaintiff or discussed termination.)

testifying on behalf of the Plaintiffs. See *Schearbrook Land Livestock Co. v. United States*, 124 F.R.D. 221, 222 (M.D. Fla. 1988); *Neal v. Director, District of Columbia Department of Corrections*, 1995 WL 517248, 8 (D.D.C. 1995)(defendants were barred from calling non-party fact witnesses when they failed to identify one single person in response to interrogatory requesting persons with knowledge of allegations in the complaint.)[5]

6.     In the present case, the parties have exchanged thousands of pages of documents in discovery. Those documents contain the names of persons, some whom the Lane Defendants deemed important or relevant to the matters at hand, and some whom the Lane Defendants did not believe to be important based on the documents exchanged in discovery. The Lane Defendants will be prejudiced if all of the witnesses identified on Plaintiff's witness list are allowed to testify at the trial of this case, because Plaintiffs failed to specifically identity those persons they felt had knowledge of matters relevant to the case, and they failed to identify the subject matter of which the persons had knowledge.

7.     Accordingly, Defendants respectfully request that this Court strike the persons named hereinabove as fact witnesses to testify on behalf of Plaintiffs. In the alternative, Defendants ask that those witnesses that are allowed to testify be limited to that information that is contained in documents exchanged in discovery.

---

[5] In the *Neal* case, Defendant's response to the interrogatory was "The identities of all persons known to defendants having knowledge of or evidence that concerns the matters set forth in paragraphs 23 through 251 are contained in the complaint itself, documents produced in discovery, and the deposition testimony of the numerous witnesses given in deposition or scheduled for deposition. Defendants will supplement this response if individuals, not identified in discovery documents or depositions, become known to them."

Respectfully submitted,

HILL GILSTRAP

By:_____
       John W. Greene
       State Bar No  08391520

1400 West Abram
Arlington, Texas 76013
(817) 261-2222
(817) 277-3249 FAX

and

Alan M. Gerlach
State Bar No. 199184
BROAD AND CASSEL
390 N. Orange Avenue
Suite 1100
Orlando, FL  32801
Phone: 407/ 839-4200
Via Facsimile:  407/425-8377

ATTORNEYS FOR DEFENDANTS
DAVID LANE, BARNETT LANE
INVESTMENTS, INC. and
JTL CAPITAL, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent via
_____ TELEFAY _____ on __ Nov. 27 _____, 2001, to all counsel of record.

_____
John W. Greene

## UNITED STATES DISTRICT COURT
### Middle District of Florida

LOCHMERE DEVELOPMENT GROUP,
INC., and LOCHMERE REALTY, INC.,

      Plaintiffs,

vs.

EIGER FUND I, L.P., et al.,

      Defendants.

_____/

CASE NO.: 8:00-CV-1026-T-27B
State Court No.: 00-02525/Div. I

## LOCHMERE DEVELOPMENT GROUP, INC.'S ANSWERS TO FIRST INTERROGATORIES PROUNDED BY DAVID LANE, BARNETT LANE INVESTMENTS, INC. and JTL CAPITAL, L.L.C.

To:   David Lane, Barnett Lane Investments, Inc. and JTL Capital, L.L.C. by and through their attorney of record John W. Greene, Esq., Hill Gilstrap, 1400 West Abram Street, Arlington, Texas 76013

Plaintiff, Lochmere Development Group, Inc. submits these answers to Defendants, David Lane, Barnett Lane Investments, Inc. and JTL Capital, L.L.C.'s First Set of Interrogatories.

BRICKLEMYER, SMOLKER & BOLVES, P.A.

By:_____

Gregory J. Orcutt
Florida Bar No. 230855
500 East Kennedy Boulevard
Suite 200
Tampa, Florida 33602
(813) 223-3888
(813) 228-6422
Attorneys for LOCHMERE REALTY,
INC., LOCHMERE DEVELOPMENT
GROUP, INC.

F:\DOCS\BDH\EIGER\ANS TO LANE ROGS1.DOC



**EXHIBIT**

A

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by

U. S. Mail to the parties listed on the Service List, this ____ day of June, 2001.

Gregory J. Orcutt

## SERVICE LIST

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Jo E. Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX 75252

Daniel F. Molony, Esq.
Shook, Hardy & Bacon. L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL 33602

(Attys. for H.D. ASSOCIATES, L P DUNES
OPERATING COMPANY, L.P., EIGER, INC.,
2M DUNES, L.L.C., EIGER FUND 1 L.P.,
EIGER PARTNERS, L.P.,L.P., PAUL E. ROWSEY, III,
C. TODD MILLER, DAVID M. JACOBS,
WILLIAM S. BUCHANAN and FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

John W. Greene, Esq
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE
INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

## INTERROGATORY NO. 1:

1.    Identify each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, and identify the subjects of the information.

## ANSWER:

All parties to this litigation; ITT, Gardner, Richard Kleeman and Starwood Capital Group; any of the consultants; and the author of any document or correspondence exchanged in discovery between the parties.

## INTERROGATORY NO. 2:

With respect to any witness who is retained or specifically employed to provide expert testimony in this case or whose duties as an employee of yours regularly involve giving expert testimony or any witness who is not formally retained or paid as an expert, but may offer expert opinions at the time of trial or deposition, and for each consulting expert whose opinions or impressions have been reviewed or may be relied upon by a testifying expert, please:

    (a)    Identify each such expert.

## ANSWER:

See the expert reports served by the Lochmere Plaintiffs on or about June 4, 2001.

    (b)    Provide a complete statement of all opinions to be expressed and the basis and reasons therefore.

## ANSWER:

See answer to 2(a).

    (c)    List the data or other information considered by the expert in forming his or her opinions.

**ANSWER:**

See answer to 2(a).

       (d)    List any exhibits to be used as a summary of or support for the opinions.

**ANSWER:**

See answer to 2(a).

       (e)    state the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten (10) years;

**ANSWER:**

See answer to Interrogatory 2(a)

       (f)    state the compensation to be paid for the opinion and/or testimony; and

**ANSWER**:

See answer to Interrogatory 2(a).

       (g)    list all other cases in which the witness has testified as an expert at trial or by deposition within the preceding ten (10) years.

**ANSWER:**

See answer to Interrogatory 2(a).

**INTERROGATORY NO. 3:**

Identify each and every witness who you expect to be called to testify at trial.

## ANSWER:

See answers to Interrogatory 1 and 2.

## INTERROGATORY NO. 4:

Please described each and every communication any representative of Lochmere Development Group, Inc. had with David Lane regarding the creation, formation or existence of a partnership between David Lane and any other person and entity related to the Hammock Dunes Project. Please include in your answer the date of such communication, the persons present during the communication, the substance of the communication and any writings reflecting such communications.

## ANSWER:

See the Complaint herein, as amended, the various depositions of Robert Evans and all documents exchanged in discovery between the parties.

## INTERROGATORY NO. 5:

Please describe each and every communication any representative of Lochmere Development Group Inc. had with Barnett Lane regarding the creation, formation or existence of a partnership between Barnett Lane and any other person and entity related to the Hammock Dunes Project. Please include in your answer the date of such communication, the persons present during the communication, the substance of the communication and any writings reflecting such communications.

## ANSWER:

See answer to Interrogatory No. 4.

## INTERROGATORY NO. 6:

Please described each and every communication any representative of Lochmere Development Group Inc. had with JTL Capital regarding the creation, formation or existence of a partnership between JTL Capital and any other person and entity related to the Hammock Dunes Project. Please include in your answer the date of such communication, the persons present during the communication, the substance of the communication and any writings reflecting such communications.

### ANSWER:

See answer to Interrogatory No. 4.

### INTERROGATORY NO. 7:

Please describe each and every element of damages you contend you have suffered as a result of the alleged wrongful actions of Defendants.

### ANSWER:

See answer to Interrogatory No. 4.

### INTERROGATORY NO. 8:

Please describe each and every element of damages you contend Lochmere Realty Inc. has suffered as a result of the alleged wrongful actions of Defendants.

### ANSWER:

Breach of the Marketing and Listing Agreement.

LOCHMERE DEVELOPMENT
GROUP, INC.

By: *Robert D. Evans, Pres.*

(Robert D. Evans)

Its: *PRESIDENT*


STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

BEFORE ME, the undersigned authority, on this 11th of June 2001, personally appeared Robert D. Evans, on behalf of LOCHMERE DEVELOPMENT GROUP, INC., who by me being first duly sworn, executed the foregoing and acknowledged before me that the information contained therein is true and correct to the best of his knowledge and belief. Robert D. Evans is personally known to me.


My Commission Expires:

BEVERLY D. HIBBARD
MY COMMISSION # CC 677489
EXPIRES: January 3, 2002
Bonded Thru Notary Public Underwriters

NOTARY PUBLIC

## UNITED STATES DISTRICT COURT
Middle District of Florida

LOCHMERE DEVELOPMENT GROUP,
INC., and LOCHMERE REALTY, INC.,

      Plaintiffs,

vs.

EIGER FUND I, L.P., et al ,

      Defendants.

_____/

CASE NO.: 8:00-CV-1026-T-27B
State Court No.: 00-02525/Div. I

### LOCHMERE REALTY, INC.'S ANSWERS TO
### FIRST INTERROGATORIES PROUNDED BY DAVID LANE,
### BARNETT LANE INVESTMENTS, INC. and JTL CAPITAL, L.L.C.

To:   David Lane, Barnett Lane Investments, Inc. and JTL Capital, L.L.C. by and through their attorney of record John W. Greene, Esq., Hill Gilstrap, 1400 West Abram Street, Arlington, Texas 76013

Plaintiff, Lochmere Realty, Inc. submits these answers to Defendants, David Lane, Barnett Lane Investments, Inc. and JTL Capital, L.L.C.'s First Set of Interrogatories.

BRICKLEMYER, SMOLKER & BOLVES, P.A.

By:_____

Gregory J. Orcutt
Florida Bar No. 230855
500 East Kennedy Boulevard
Suite 200
Tampa, Florida 33602
(813) 223-3888
(813) 228-6422
Attorneys for LOCHMERE REALTY,
INC., LOCHMERE DEVELOPMENT
GROUP, INC.

F:\DOCS\BDH\EIGER\ANS TO LANE ROGS1 DOC



EXHIBIT

B

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by

U. S. Mail to the parties listed on the Service List, this _____12_____ day of June, 2001.

_____

Gregory J. Orcutt

## INTERROGATORY NO. 1:

1.      Identify each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, and identify the subjects of the information.

## ANSWER:

All parties to this litigation; ITT, Gardner, Richard Kleeman and Starwood Capital Group; any of the consultants; and the author of any document or correspondence exchanged in discovery between the parties.

## INTERROGATORY NO. 2:

With respect to any witness who is retained or specifically employed to provide expert testimony in this case or whose duties as an employee of yours regularly involve giving expert testimony or any witness who is not formally retained or paid as an expert, but may offer expert opinions at the time of trial or deposition, and for each consulting expert whose opinions or impressions have been reviewed or may be relied upon by a testifying expert, please:

    (a)     Identify each such expert.

## ANSWER:

See the expert reports served by the Lochmere Plaintiffs on or about June 4, 2001.

    (b)     Provide a complete statement of all opinions to be expressed and the basis and reasons therefore.

## ANSWER:

See answer to 2(a).

    (c)     List the data or other information considered by the expert in forming his or her opinions.

**ANSWER:**

See answer to 2(a).

(d)    List any exhibits to be used as a summary of or support for the opinions.

**ANSWER:**

See answer to 2(a).

(e)    state the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten (10) years;

**ANSWER:**

See answer to Interrogatory 2(a)

(f)    state the compensation to be paid for the opinion and/or testimony; and

**ANSWER:**

See answer to Interrogatory 2(a).

(g)    list all other cases in which the witness has testified as an expert at trial or by deposition within the preceding ten (10) years.

**ANSWER:**

See answer to Interrogatory 2(a).

**INTERROGATORY NO. 3:**

Identify each and every witness who you expect to be called to testify at trial.

## ANSWER:

See answers to Interrogatory 1 and 2.


## INTERROGATORY NO. 4:

Please described each and every communication any representative of Lochmere Development Group, Inc. had with David Lane regarding the creation, formation or existence of a partnership between David Lane and any other person and entity related to the Hammock Dunes Project. Please include in your answer the date of such communication, the persons present during the communication, the substance of the communication and any writings reflecting such communications.

## ANSWER:

See the Complaint herein, as amended, the various depositions of Robert Evans and all documents exchanged in discovery between the parties.


## INTERROGATORY NO. 5:

Please describe each and every communication any representative of Lochmere Development Group Inc. had with Barnett Lane regarding the creation, formation or existence of a partnership between Barnett Lane and any other person and entity related to the Hammock Dunes Project. Please include in your answer the date of such communication, the persons present during the communication, the substance of the communication and any writings reflecting such communications.

## ANSWER:

See answer to Interrogatory No. 4.


## INTERROGATORY NO. 6:

Please described each and every communication any representative of Lochmere Development Group Inc. had with JTL Capital regarding the creation, formation or existence of a partnership between JTL Capital and any other person and entity related to the Hammock Dunes Project. Please include in your answer the date of such communication, the persons present during the communication, the substance of the communication and any writings reflecting such communications.

## ANSWER:

See answer to Interrogatory No. 4.


## INTERROGATORY NO. 7:

Please describe each and every element of damages you contend you have suffered as a result of the alleged wrongful actions of Defendants.

### ANSWER:

See answer to Interrogatory No. 4.


## INTERROGATORY NO. 8:

Please describe each and every element of damages you contend Lochmere Realty Inc. has suffered as a result of the alleged wrongful actions of Defendants.

### ANSWER:

Breach of the Marketing and Listing Agreement.

LOCHMERE REALTY, INC.

By: _Robert D. Evans_

(Robert D. Evans)

Its: _PRESIDENT_

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

BEFORE ME, the undersigned authority, on this 11th of June 2001, personally appeared Robert D. Evans, on behalf of LOCHMERE REALTY, INC., who by me being first duly sworn, executed the foregoing and acknowledged before me that the information contained therein is true and correct to the best of his knowledge and belief.  Robert D. Evans is personally known to me.

My Commission Expires:

NOTARY PUBLIC

BEVERLY D. HIBBARD
MY COMMISSION # CC 677489
EXPIRES: January 3, 2002
Bonded Thru Notary Public Underwriters

## SERVICE LIST

Alan S. Loewinsohn, Esq.
Carol E. Farquhar. Esq.
Jo E. Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX  75252

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL  33602

(Attys. for H.D. ASSOCIATES, L.P. DUNES
OPERATING COMPANY, L.P., EIGER, INC.,
2M DUNES, L.L.C., EIGER FUND 1 L.P.,
EIGER PARTNERS, L.P.,L.P., PAUL E. ROWSEY, III,
C. TODD MILLER, DAVID M. JACOBS,
WILLIAM S. BUCHANAN and FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE
INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

F:\DOCS\BDH\EIGER\ANS TO LANE ROGS1 DOC