

FILED

01 NOV 28 PM 4: 04

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

       Plaintiffs,

vs.

CASE NO.: 8:00-CV-1026-T-27TGW
State Court No.: 00-02525/Div. I

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company; EIGER
FUND 1, L.P., a Delaware limited partnership;
EIGER PARTNERS, L.P., a Delaware limited
partnership; DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC., a
Texas corporation; JTL CAPITAL, L.L.C., a
Texas limited liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
PAUL E. ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and, WILLIAM S. BUCHANAN, an individual,

       Defendants.
_____/

# LOCHMERE'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO STRIKE EXPERT TESTIMONY OF RICHARD C. BROWN

Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE

REALTY, INC. ("Lochmere"), submit this memorandum of law in response to the

Motion to Strike Expert Testimony of Richard C. Brown filed by the Defendants,

F:\Docs\DAMORCUTT\LOCHMERE\MOL EXPERT TESTIMONY.doc

*175*

H.D. Associates, L.P., a Delaware Limited Partnership by and through its General Partner Dunes Operating Company, L.P., a Delaware Limited Partnership by and through its General Partners, Eiger, Inc., a Delaware corporation, and 2M Dunes, L.L.C., a Texas Limited Liability Company; Eiger Fund 1, L.P., a Delaware Limited Partnership; Eiger Partners, L.P., a Delaware Limited Partnership (collectively, the "Eiger Companies"), Fleet National Bank, N.A., a National Banking Association ("Fleet"), and Paul E. Rowsey, III, an individual; C. Todd Miller, an individual; David M. Jacobs, an individual; and William S. Buchanan, an individual (collectively, the "Eiger Individuals")(the Eiger Companies and the Eiger Individuals will be collectively referred to as the "Eiger Defendants"), and state as follows:

## STATEMENT OF FACTS

The Eiger Defendants and Fleet have objected to the admission of the expert testimony of Richard C. Brown ("Brown"). Brown is a certified public accountant. Brown's report was disclosed pursuant to Rule 26(a)(2)(B) and is attached to the Eiger Defendants and Fleet's Motion to Strike as Exhibit "A." Defendants deposed Brown on August 3, 2001.

Brown has been retained by the Plaintiffs to testify regarding the matters contained within his report, including, the fact that the development budget is proprietary, detailed and complex. He is further expected to testify that Defendants relied upon and utilized the development budget to secure financing for the project, and that the Defendants could not have built a modeling system

or performed the due diligence necessary within the deadline imposed by the seller to go to contract.  Brown will also be testifying regarding Plaintiff's compensation and profits, as well as damages from pro forma financial documents of the Defendants.

In his deposition, Brown stated he has been a CPA for approximately 32 years and has practiced in Florida, North Carolina, and Texas.  His current practice is divided between approximately 30 percent audit work, approximately 40 percent tax work, and the remaining percentage is divided between business consulting and litigation support.  He is the auditor for the University of South Florida Research Foundation, which is the location for all of the proprietary information and intellectual properties owned by the University.  In his work for his clients in the business and real estate industry, Brown has encountered a number of business plans by which to compare with the Master Development Budget.

Defendants argue that Brown's report and testimony should be stricken because he has failed to meet the admission requirements of <u>Daubert v. Merrell Dow Pharm. Inc.</u>, 509 U.S. 579, 113 S.Ct 2786 (1993).  The defendants argue that Brown does not have specialized knowledge of real estate and that therefore his opinions are unreliable and untested.

## **<u>MEMORANDUM OF LAW</u>**

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness

qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise. Fed R. Evid. 702. An expert's testimony often will rest upon an experience foreign in kind to the jury's own. Kuhmo Tire Co. v. Carmichael, 526 U.S. 137, 147, 119 S. Ct. 1167, 1174, 143 L.Ed.2d 238, ___ (1999). Generally, the test for exclusion of expert testimony is very strict; the expert must have neither satisfactory knowledge, skill, experience, training nor education on the issue. Thomas J. Kline, Inc. v. Lorillard, Inc., 878 F.2d 791, 798 (4th Cir. 1989). One knowledgeable about a particular subject need not be precisely informed about all details of the issue raised in order to offer an opinion. Kline, 878 F.2d at 798.

The Eiger Defendants and Fleet suggest Brown's testimony will be unreliable because Brown is not a real estate developer, nor has he ever personally completed a due diligence for a real estate project. At this time, Plaintiffs have not attempted to lay the evidentiary foundation for Brown's testimony. The only information regarding Brown's expertise was elicited from the Defendants' cross-examination during Brown's deposition. It would be grossly unfair to limit Brown's testimony before Plaintiffs had the opportunity to present the court with Brown's full expertise.

An expert does not have to be specialized in all fields of studies on which his opinion rests to qualify as an expert. Huval v. Offshore Pipelines, Inc., 86 F.3d 454, 457 (5th Cir. 1996)(expert's broad, general experience was sufficient to admit testimony); Spray-rite Service Corp. v. Monsanto Co., 684 F.2d. 1226,

1240 (7th Cir. 1982)(expert trained in certain methods did not have to be expert in those methods to testify in light of other credentials).  Further, where there is a logical basis for an expert's opinion testimony the credibility and weight of that testimony is to be determined by the jury. <u>Garnac Grain Co., Inc. v. Blackley</u>, 932 F.2d 1563, 1567 (8th Cir. 1991); <u>Breidor v. Sears, Roebuck & Co.</u>, 722 F.2d 1134, 1139 (3d Cir. 1983).  The trial court in <u>Garnac</u>, an accounting malpractice case, erred in excluding the testimony of an accounting professor, who had only worked as a staff assistant at an auditing firm forty years ago, had no experience auditing operations like those at issue, never reviewed another auditors work, and whose license had expired ten years prior.  The court held that the professor's methodology and qualifications may cause the jurors to discount his opinion and may be the subject of cross-examination, but should not be used to exclude his testimony. <u>Garnac</u>, 722 F.2d at 1567.

The trial judge exercises great discretion in performing its "gatekeeping" obligation in admitting or excluding expert testimony. <u>Kuhmo</u>, 526 U.S. at 139. The trial court also has the same kind of latitude in determining how to test an expert's reliability, and in deciding whether or when special briefing or other proceedings are needed to investigate reliability. <u>Kuhmo</u>, 526 U.S. at 137.  In determining the reliability of an expert's testimony, the court <u>may</u> consider the certain factors including:

1) Whether the theory or technique can or has been tested;
2) Whether the theory has been subjected to peer review and publication;

3) Whether there is a high potential known rate of error or whether there are standards controlling the techniques operation; and

4) Whether the theory or technique enjoys general acceptance within a relevant community.

Kuhmo, 526 U.S. 137, 149; Daubert v. Merrell Dow Pharm. Inc., 509 U.S. 579, 593, 113 S.Ct. 2786, 2796, 125 L.Ed.2d 469, ___ (1993).

While the Kuhmo Court recognized that the factors enumerated in Daubert may apply to technical and specialized information as well as to scientific information; the Court also recognized that the Daubert factors are not intended to be an exhaustive list nor to apply in every case. Kuhmo, 526 U.S. at 141. Courts are urged to be flexible in applying guidelines to take into account the wide variety of experts and matters of expertise. For instance, the Court acknowledged that, in certain cases, no peer review may exist because the subject matter is relatively novel. Kuhmo, 526 U.S. at 151. A court may also inquire into whether an expert's untested methodology is of a kind that others in the field would recognize as acceptable. Id at 151. A finding by the court that a portion of an expert's testimony is fundamentally flawed does not automatically warrant the exclusion of an expert's testimony in its entirety. City of Tuscaloosa v. Harcross Chemicals, Inc., 158 F. 3d 548, 564 (11th Cir. 1999).

Along with reviewing the qualifications and reliability of an expert, a court should also ascertain if there is a proper "fit" between the testimony proffered and its ability to assist the trier of fact to understand the evidence or a fact in issue. United States v. Mathis, 264 F.3d 321, 335 (3rd Cir. 2001); Protocomm Corp. v. Novell Advanced Services, Inc., 2001 WL 1168843 at *2 (E.D. Penn. 2001). This

requirement is not intended to be a high one and its principle is not dissimilar to the liberal standard expressed under Rule 401 of the Federal Rules of Evidence. Mathis, 264 F.3d at 335. A plaintiff does not have to prove by the preponderance of the evidence that its experts are correct, merely that their opinions are reliable. Protocomm at *2.

The issues raised by the Eiger Defendants are not sufficient to exclude Brown from testifying. At most the issues raised in their motion may be the subjects of cross-examination and which go to the weight the jury is to give Brown's testimony. Even in the absence of a proper foundation laid by the Plaintiffs, Brown has established that he has numerous years of experience as an accountant. Brown has also stated that he has worked with large real estate business plans as well as with proprietary and other intellectual property information. Accordingly, the Eiger Defendants and Fleet's motion to exclude Brown's testimony should be denied.

Dated this 28th day of November 2001.

By: _____
Jay J. Bartlett
Florida Bar No. 875163

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Memorandum of Law in Opposition to Defendants Motion to Strike Expert Testimony of Richard C. Brown has been provided by Facsimile and U.S. Mail to all parties on the attached Service List this 28th day of November, 2001.

Respectfully submitted,

By: _____

Jay J. Bartlett
Florida Bar No. 875163
Gregory J. Orcutt
Florida Bar No. 230855
BRICKLEMYER SMOLKER & BOLVES, P.A.
500 E. Kennedy Boulevard, Suite 200
Tampa, Florida 33602
Telephone: (813) 223-3888
Facsimile: (813) 228-6422
Attorneys for LOCHMERE
DEVELOPMENT GROUP, INC. and
LOCHMERE REALTY, INC.

## SERVICE LIST

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL 33602

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Jo E. Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX 75252

(Attys. for H.D. ASSOCIATES, L.P. DUNES OPERATING COMPANY, L.P., EIGER, INC.,
2M DUNES, L.L.C., EIGER FUND 1 L.P., EIGER PARTNERS, L.P., PAUL E. ROWSEY, III,
C. TODD MILLER, DAVID M. JACOBS, WILLIAM S. BUCHANAN and FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave., Suite 1100
Orlando, FL 32801

Timothy A. Andreu, Jr.
Glenn Rasmussen & Fogarty
100 South Ashley Dr., Suite 1300
Tampa, FL 33602

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

Attys. for DAVID LANE, BARNETT LANE INVESTMENTS, INC. AND JTL CAPITAL,
L.L.C.)