FILED



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

       Plaintiffs,

vs.

H. D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company; EIGER
FUND 1, L.P., a Delaware limited partnership;
EIGER PARTNERS, L.P., a Delaware limited
partnership; DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC., a
Texas corporation; JTL CAPITAL, L.L.C., a
Texas limited liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
PAUL E. ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and, WILLIAM S. BUCHANAN, an individual,

       Defendants.

_____/

**CASE NO.: 8:00-CV-1026-T-27TGW**
**State Court No.: 00-02525/Div. I**

### LOCHMERE'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO STRIKE CERTAIN FACT WITNESSES

Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE

REALTY, INC. ("Lochmere"), submit this memorandum of law in response to the

Motion to Strike Certain Fact Witnesses to Testify on Behalf of Plaintiff filed by

the Defendants, H. D. Associates, L.P., a Delaware Limited Partnership by and

through its General Partner Dunes Operating Company, L.P., a Delaware Limited

*176*

Partnership by and through its General Partners, Eiger, Inc., a Delaware corporation, and 2M Dunes, L.L.C., a Texas Limited Liability Company; Eiger Fund 1, L.P., a Delaware Limited Partnership; Eiger Partners, L.P., a Delaware Limited Partnership (collectively, the "Eiger Companies"), Fleet National Bank, N.A., a National Banking Association ("Fleet"), and Paul E. Rowsey, III, an individual; C. Todd Miller, an individual; David M. Jacobs, an individual; and William S. Buchanan, an individual (collectively, the "Eiger Individuals") (the Eiger Companies and the Eiger Individuals will be collectively referred to as the "Eiger Defendants"), and state as follows:

## STATEMENT OF FACTS

On or about November 14, 2001, the Eiger Defendants and Fleet filed their motion to strike certain fact witnesses based upon Plaintiffs' failure to supplement their responses to interrogatories, which responses were served on September 25, 2000. The Defendants did not separately request that the interrogatory responses be supplemented, and Plaintiffs, by inadvertence or oversight, simply failed to provide a supplemental response. The Eiger Defendants' and Fleet's Motion seeks to strike nineteen (19) of Plaintiffs' fact witnesses based upon Defendants' claim of prejudice because they have not been given an opportunity to depose these individuals. The fact witnesses the Eiger Defendants seek to exclude are: Robert L. Canterbury, Poppy M. Suarez, Terry Pendleton, Tucker Fredrickson, Kevin Partel, Robert Dickinson, John Cherry, Richard Blunk, David Pepe, Avery Nye, Bill Hipp, Paul DiVito, Jonathan

2

Hodnett, Lawrence Martin, Tom Kelley, Daniel Ward, Thomas K. Wasp, W. Audi Long, and Penn Hodge.

Of these 19 witnesses, three (3) are listed as potential witnesses in the Eiger Defendants Witness List, served on October 31, 2001. These three are Terry Pendleton, Poppy M. Suarez, and Paul DiVito. Terry Pendleton is an employee of one of the Eiger Defendants. His deposition was taken on June 19, 2001. Counsel for the Eiger Defendants was present for the deposition and defended the deponent.

The remaining fact witnesses, and Terry Pendleton, have also been identified and listed by Defendants, David Lane, Barnett Lane Investments, Inc. and JTL Capital L.L.C. (collectively, the "Lane Defendants"), in their Witness List, served on October 29, 2001. The Eiger Defendants and Fleet have not filed a similar motion to strike the Lane Defendants witnesses.

One of these witnesses, Robert L. Canterbury ("Canterbury") is the President of Canterbury Engineering, Inc. Canterbury was retained by Barnett Lane Investments, Inc. to provide engineering information concerning the Hammock Dunes Project. As early as August 24, 2000, Plaintiffs forwarded a discovery request to the Eiger Defendants seeking information regarding Robert Canterbury. Specifically Plaintiffs requested:

> 13. All documents which evidence, refer or relate to each and every communication between you and Robert Canterbury and specifically relating to the Hammock Dunes Project. (Plaintiff's First Request for Production to Eiger Defendants).

3

A separate request sought all communications between the Eiger Defendants and Canterbury Engineering. In response, on or about March 13, 2001, the Eiger Defendants forwarded, *inter alia,* site plans prepared by Canterbury Engineering and correspondence from Canterbury to the Defendants. Furthermore, materials prepared by Canterbury are referenced several times in the numerous depositions taken of the parties. (See e.g. Dep. of Robert Evans, April 26, 2001, at 50, 165, 166, 169, 170, 173, 219, 220, 253, 256 & 257; Dep. of Paul E. Rowsey, May 22, 2000 at 73, 75, 87 & 88)

## MEMORANDUM OF LAW

The District Court enjoys considerable discretion in determining when discovery sanctions should be imposed. <u>Murphy v. Magnolia Elec. Power Assoc.,</u> 639 F.2d 232, 234 (5th Cir. 1981). Exclusion of witnesses is a drastic and extreme sanction and should only be used where lesser sanctions would be ineffective. <u>Outley v. City of N.Y.</u>, 837 F.2d 587, 590 (2nd Cir. 1988); <u>Johnson v. H.K. Webster, Inc.</u>, 775 F.2d 1,8 (1st Cir. 1985); <u>Bellinger v. Deere & Co.</u>, 881 F.Supp. 813, 817 (N.D. N.Y. 1995). Courts look with disfavor upon parties who claim surprise or prejudice but who do not attempt to discover the nature of the testimony and ask for a continuance or recess so they may attempt to counter the opponent's testimony. <u>Outley,</u> 837 F.2d at 590; <u>Johnson,</u> 775 F.2d at 8. In cases where testimony was held properly excluded, the courts have found evasion or concealment, intentional or not, on the part of the litigant offering the evidence. <u>Johnson,</u> 775 F.2d at 8. The Eiger Defendants and Fleet have not alleged that Plaintiffs attempted to evade any discovery request or otherwise

4

conceal the identity of Canterbury.  Further, **Defendants** have not sought relief from the order closing discovery to depose any of these witnesses, even though they were listed as of October 30, 2001, a month prior to Defendants' Motion to Strike.

The rules of discovery were not designed to encourage procedural gamesmanship, with lawyers seizing upon mistakes made by their counterparts in order to gain some advantage. Outley, 837 F.2d at 590.  Parties need only supplement their discovery responses if the additional information has not otherwise been made known to other parties during the discovery process.  Reed v. Iowa Marine & Repair Corp., 16 F.3d 82, 84 (5th Cir. 1994); Kotes v. Super Fresh Food Markets, Inc., 157 F.R.D. 18,19 (E.D. Penn. 1994).  In the instant case, the Eiger Defendants were not only aware of some of the witnesses they now seek to strike, but also listed them as their potential witnesses.  With regards to Canterbury, the Eiger Defendants possessed information regarding his identity from the outset of the case.  Plaintiffs indicated Canterbury's possible relevance to these proceedings through its initial request for production, and the information prepared by Canterbury was referenced several times throughout the entire discovery phase.  The Lane Defendants thought Mr. Canterbury was significant enough to list him as their witness.

The two cases cited by Defendants relate to exclusion of expert testimony.  Experts are retained to assist the trier of fact in understanding scientific, technical or other specialized knowledge. Fed. R. Evid. 702.  Courts recognize that additional preparation may be necessary in reviewing the discovery of a parties

5

experts.    See Outley v. City of N.Y., 837 F.2d 587, 590 (2nd Cir 1988)(differentiating testimony of observational witness from expert witness). Furthermore, the retention and status of an expert witness generally depends on counsel's decision alone and not to any relationship to the underlying controversy. Port Terminal & Warehousing Co. v. John S. James Co., 695 F.2d 1328, 1335 (11th Cir. 1983)(excluding certain expert witnesses upon late designation after purposeful waiting and failure to heed court's express instruction).

In the cases cited by Defendants, the sanctioned party either failed to identify any expert in response to expert interrogatories or failed to answer a direct request to supplement expert interrogatories. See Alimenta, Inc. v. Anheuser-Busch Co., 803 F.2d 1160, 1163 (11th Cir. 1986); Schearbrook Land & Livestock Co. v. United States, 124 F.R.D. 221 (M.D. Fla. 1988). In Alimenta, an expert witness was retained to merely criticize the methodology of the plaintiff's experts and plaintiff was not given an opportunity to depose this expert until the day before trial.    In Schearbrook, the plaintiff failed to answer expert interrogatories and waited to name its three experts until the parties met to draft the joint pre-trial stipulation.

## CONCLUSION

In conclusion, the Eiger Defendants and Fleet have sought the extreme sanction of exclusion of fact testimony for a failure to supplement interrogatories. At no time since the service of Plaintiffs' witness list have the Eiger Defendants and Fleet sought any type of relief which would allow them the opportunity to

6

depose any of these witnesses. The Defendants claim of prejudice rings hollow where the identities of these witnesses have been disclosed through the discovery process and some are listed as the Eiger Defendants' and Fleet's own witnesses. Further, all are listed by the Lane Defendants. In accordance with the case law cited above, the Court should deny the Eiger Defendants' and Fleet's Motion to Strike Certain Fact Witnesses to Testify on Behalf of Plaintiff.

Dated this _____ day of November 2001.

By: _____
Jay J. Bartlett
Florida Bar No. 875163
BRICKLEMYER SMOLKER & BOLVES, P.A.
500 E. Kennedy Boulevard, Suite 200
Tampa, Florida 33602
Telephone: (813) 223-3888
Facsimile: (813) 228-6422
Attorneys for LOCHMERE
DEVELOPMENT GROUP, INC. and
LOCHMERE REALTY, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Memorandum of Law in Opposition to Defendants Motion to Strike Certain Fact

7

Witnesses has been provided by Facsimile and U.S. Mail to all parties on the attached Service List this ⟨28th⟩ day of November, 2001.

Respectfully submitted,

By: _____

Jay J. Bartlett
Florida Bar No. 875163
Gregory J. Orcutt
Florida Bar No. 230855
BRICKLEMYER SMOLKER & BOLVES, P.A.
500 E. Kennedy Boulevard, Suite 200
Tampa, Florida 33602
Telephone: (813) 223-3888
Facsimile: (813) 228-6422
Attorneys for LOCHMERE
DEVELOPMENT GROUP, INC. and
LOCHMERE REALTY, INC.

8

## SERVICE LIST

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL  33602

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Jo E. Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX  75252

(Attys. for H.D. ASSOCIATES, L.P. DUNES OPERATING COMPANY, L.P., EIGER, INC.,
2M DUNES, L.L.C., EIGER FUND 1 L.P., EIGER PARTNERS, L.P., PAUL E. ROWSEY, III,
C. TODD MILLER, DAVID M. JACOBS, WILLIAM S. BUCHANAN and FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

Timothy A. Andreu, Jr.
Glenn Rasmussen & Fogarty
100 South Ashley Dr., Suite 1300
Tampa, FL 33602

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013
(Attys. for DAVID LANE, BARNETT LANE INVESTMENTS, INC. AND JTL CAPITAL,
L.L.C.)

F:\Docs\DAMORCUTT\LOCHMERE\Strikingwitnessesmemooflaw.doc          9