FILED

01 NOV 29 AM 11: 32

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC. and
LOCHMERE REALTY, INC.

      Plaintiffs,

v.                                     Case No.:8:00-cv-1026-T-27TGW

EIGER FUND I, L.P., a Delaware
Limited Partnership; EIGER, INC., a Delaware
Corporation; EIGER PARTNERS, L.P.,
a Delaware Limited Partnership;
DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC.,
a Texas corporation; JTL CAPITAL,
L.L.C., a Texas limited liability company;
H.D. ASSOCIATES, L.P., a Delaware
Limited Partnership; BANKBOSTON,
N.A., a national association;
PAUL E. ROWSEY, III, an individual;
C. TODD MILLER, an individual;
DAVID M. JACOBS, an individual; and,
WILLIAM S. BUCHANAN,
an individual

      Defendants.
_____/

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO INCLUDE REFERENCE TO STATUTORY EXEMPLARY DAMAGES

Defendants, DAVID LANE, an individual, BARNETT LANE INVESTMENTS, INC., a Texas corporation, and JTL CAPITAL, L.L.C., a Texas limited liability company, (collectively the "Lane Defendants"), by and through the undersigned counsel, hereby file this Memorandum in Opposition to Plaintiff's Motion in Limine to Include Reference to Statutory Exemplary Damages and in support thereof state as follows:

ORL1\LABOR\414677.1
26544/0001 KJD kjd 11/28/01 4:27 PM

/77

## INTRODUCTION

Plaintiffs have filed a motion seeking inclusion of a reference to statutory exemplary damages under Counts XXIV-XXX (Violation of Florida's Uniform Trade Secrets Act) of their Second Amended Complaint on the grounds that pursuant to the liberal pleading requirements of the Federal Rules of Civil Procedure, adequate notice exists for Plaintiffs to request that the jury determine whether Defendants' actions constitute willful and malicious misappropriation under the Florida Uniform Trade Secrets Act. Alternatively, pursuant to Rule 54(c) of the Federal Rules of Civil Procedure, Plaintiffs seek this Court to award exemplary damages upon a favorable judgment against Defendants for violation of the Act.

### I.   Plaintiffs failed to generally allege basis for exemplary damages.

Although exemplary damages need not be described or demanded by name in the declaration in order to be recoverable, under Florida law, it is necessary to allege general facts and circumstances constituting willfulness, wantonness, fraud, malice, gross negligence, or other oppressive conduct in order to form a basis for exemplary damages. *See Cook v. Deltona Corp.*, 753 F.2d 1552, 1563 (11th Cir. 1985); *Domke v. McNeil-PPC, Inc.*, 939 F. Supp. 849, 851 (M.D. Fla. 1996). Plaintiffs' failed to allege general facts and circumstances which rise to the requisite level of forming a basis for exemplary damages.

Plaintiffs contend that they have detailed and set forth the facts and circumstances surrounding the alleged misappropriation of trade secrets to the extent necessary to generally allege the basis for exemplary damages because they alleged that the misappropriation occurred knowingly and unlawfully. However, there must be evidence

2

of willful and wanton misconduct to support an award of punitive damages. *See Gulf Shore Seafood & Co., Inc. v. Cities Service Co.*, 501 F.2d 957, 958 (5th Cir. 1974). Courts have found two essential elements of willful and wanton conduct, including: (1) the actor must have knowledge, actual or constructive, of the likelihood that his conduct will cause injury to other persons or property; and (2) the conduct must indicate a reckless indifference to the rights of others, *i.e.*, conduct that may be termed equivalent to an intentional violation of those rights. *See id.* Nowhere in the Second Amended Complaint do Plaintiffs generally allege that Defendants acted with the knowledge that use of the alleged misappropriated trade secrets would cause injury to Plaintiffs or that Defendants' conduct indicated a reckless indifference to Plaintiffs' rights. Further, Plaintiffs have failed to allege general facts and circumstances constituting fraud, malice, gross negligence, or other oppressive conduct necessary to support a claim for exemplary damages. In fact, this Court granted summary judgment on all intentional fraud claims. Therefore, Plaintiffs certainly have not alleged fraud in any Complaint before this Court.

## II.   Plaintiffs' Motion in Limine Attempts to Amend the Complaint.

Federal pleading rules require a plaintiff to give a coherent, short and plain statement regarding the nature of his or her claim and identify the relief he or she seeks. *See* Fed. R. Civ. P. 8(a)(2)-(3). Federal Rule of Civil Procedure 9(g) expands Rule 8(a) and provides that items of special damage must be specifically stated. Punitive damages are considered special damages within the meaning of Rule 9(g). *See Rowe v. City of Ft. Lauderdale*, 8 F. Supp.2d 1369, 1378 (S.D. Fla. 1998) (holding that the plaintiff met requirement for stating a claim for punitive damages under 9(g) by specifically stating each claim for punitive damages); *Tutor Time Child Care Systems, Inc. v. Franks*

3

*Investment Group, Inc.*, 966 F. Supp. 1188, 1192 (S.D. Fla. 1997); *Citron v. Armstrong World Indus.*, 721 F. Supp. 1259, 1261 (S.D. Fla. 1989) ("Rule 9(g) unambiguously requires a plaintiff to set forth demand for punitive damages in its complaint.").

Plaintiffs have failed to specifically state a claim for punitive damages for Defendants' purported violation of Florida's Uniform Trade Secrets Act in any of their previous complaints. The Motion in Limine before this Court is an attempt to further amend Plaintiffs' Complaint, which has previously been amended twice. The proper procedure to amend a complaint is to seek leave of court under Federal Rule of Civil Procedure 15(a). Therefore, Plaintiffs' Motion in Limine should be denied, and Plaintiffs should be required to follow proper procedure under the rules.

## CONCLUSION

Plaintiffs' Motion in Limine seeks to include a reference to statutory exemplary damages under Counts XXIV-XXX (Violation of Florida's Uniform Trade Secrets Act). However, Plaintiffs have failed to generally allege the basis for exemplary damages. Additionally, Plaintiffs' Motion seeks to amend the Second Amended Complaint in an attempt to circumvent the proper procedure under Federal Rule of Civil Procedure 15(a). For the aforementioned reasons, Defendants' respectfully request that this Court deny Plaintiffs' Motion in Limine to Include Reference to Statutory Exemplary Damages.

4

ORL1\LABOR\414677.1
26544/0001 KJD kjd 11/28/01 4:27 PM

Respectfully submitted,

ALAN M. GERLACH, ESQ.
BROAD AND CASSEL
Florida Bar. No. 199184
390 North Orange Avenue, Suite 1100
Orlando, Florida  32801
P.O. Box 4961 (32802)
Telephone:  (407) 839-4200
Fax: (407) 425-8377

- and -

JOHN W. GREENE, ESQ.
HILL GILSTRAP
1400 West Abram Street
Arlington, Texas 76013
Telephone: (817) 261-2222
Fax: (817) 861-4685
Attorneys for Defendants David Lane, Barnett Lane Investments, Inc. and JTL Capital, L.L.C

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by facsimile and U.S. Mail this ___ day of November, 2001 to: Gregory J. Orcutt, Esq., Bricklemyer, Smolker & Bolves, P.A., 500 E. Kennedy Blvd., Suite 200, Tampa, Florida 33602; Daniel F. Molony, Esq., Shook, Hardy & Bacon, L.L.P., 100 North Tampa Street, Suite 2900, Tampa, Florida  33602; Alan S. Loewinsohn, Esq., Pezzulli & Loewinsohn, L.L.P., 18383 Preston Road, Suite 110, Dallas, Texas 75252; Dora Kaufman, Esq., Halley, Sinagra & Perez, 100 S.E. 3rd Avenue, Suite 1900, Fort Lauderdale, Florida 33394; and Timothy A. Andreu, Jr., Glenn Rasmussen & Fogarty, 100 South Ashley Drive, Suite 1300, Tampa, Florida 33602.

Alan M. Gerlach, Esquire

5

ORL1\LABOR\414677.1
26544/0001 KJD kjd 11/28/01 4:27 PM