

FILED

'01 NOV 30 AM II: 38

CLERK, U.S. DISTRICT C ...
MIDDLE DIST ... OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

      Plaintiffs,

vs.

H. D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company; EIGER
FUND 1, L.P., a Delaware limited partnership;
EIGER PARTNERS, L.P., a Delaware limited
partnership; DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC., a
Texas corporation; JTL CAPITAL, L.L.C., a
Texas limited liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
PAUL E. ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and, WILLIAM S. BUCHANAN, an individual,

      Defendants.

_____/

Case No. 8:00-CV-1026-T-27TGW
State Court No.: 00-02525/Div. I

## LOCHMERE'S MEMORANDUM OF LAW IN OPPOSITION TO LANE DEFENDANTS' MOTION TO STRIKE CERTAIN FACT WITNESSES

Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE REALTY, INC.

("Lochmere"), submit this memorandum of law in response to the Motion to Strike Certain Fact

Witnesses to Testify on Behalf of Plaintiff filed by the Defendants, David Lane, Barnett Lane

Investments, Inc. and JTL Capital, L.L.C. (the "Lane Defendants"), and state as follows:

F:\DOCS\DAMORCUTT\LOCHMERE\OPPOSITION2LANEM2STRIKEFACT.DOC

185

## STATEMENT OF FACTS

On or about November 27, 2001, the Lane Defendants filed their motion to strike certain fact witnesses based upon Plaintiffs' failure to supplement their responses to interrogatories, which responses were served on or about June 12, 2001. The Defendants did not separately request that the interrogatory responses be supplemented, and Plaintiffs, by inadvertence or oversight, simply failed to provide a supplemental response. The Lane Defendants' Motion seeks to strike twenty (20) of Plaintiffs' fact witnesses based upon Defendants' claim of prejudice because they have not been given an opportunity to depose these individuals. The fact witnesses the Lane Defendants seek to exclude are: Robert L. Canterbury, Tucker Fredrickson, Joseph Hatzell, Chuck Callea, Kevin Partel, Robert Dickinson, John Cherry, Richard Blunk, David Pepe, Avery Nye, Michael Lerner, Bill Hipp, Paul DiVito, Jonathan Hodnett, Lawrence Martin, Tom Kelley, Daniel Ward, Thomas K. Wasp, W. Audie Long, and Penn Hodge.

Of these 20 witnesses, all but two (2) are listed as potential witnesses in the Lane Defendants' witness list served on or about October 29, 2001. The remaining two witnesses, Bill Hipp and Paul DiVito, have been identified and listed by the Eiger Defendants in their witness list served on or about October 31, 2001. The Lane Defendants have therefore waived any objection to these witnesses. The Lane Defendants have not filed a similar motion to strike the Eiger Defendants' witnesses.

One of these witnesses endorsed by the Lane Defendants, and whom the Lane Defendants now attempt to strike, is Robert L. Canterbury ("Canterbury"), the President of Canterbury Engineering, Inc. Canterbury was retained by Barnett Lane Investments, Inc. to provide engineering information concerning the Hammock Dunes Project. As early as August 24, 2000,

Plaintiffs forwarded a discovery request to the Lane Defendants seeking information regarding Robert Canterbury. Specifically Plaintiffs requested:

> 18.    All documents which evidence, refer or relate to each and every communication between you and Robert Canterbury and specifically relating to the Hammock Dunes Project.    (Plaintiff's First Request for Production to Lane Defendants).

A separate request sought all communications between the Lane Defendants and Canterbury Engineering. Furthermore, materials prepared by Canterbury are referenced several times in the numerous depositions taken of the parties. (See e.g. Dep. of Robert Evans, April 26, 2001, at 50, 165, 166, 169, 170, 173, 219, 220, 253, 256 & 257; Dep. of Paul E. Rowsey, May 22, 2000 at 73, 75, 87 & 88; and Dep. of David Lane, July 11, 2001 at 36 - 38)

## MEMORANDUM OF LAW

The District Court enjoys considerable discretion in determining when discovery sanctions should be imposed. Murphy v. Magnolia Elec. Power Assoc., 639 F.2d 232, 234 (5th Cir. 1981). Exclusion of witnesses is a drastic and extreme sanction and should only be used where lesser sanctions would be ineffective. Outley v. City of N.Y., 837 F.2d 587, 590 (2nd Cir. 1988); Johnson v. H.K. Webster, Inc., 775 F.2d 1,8 (1st Cir. 1985); Bellinger v. Deere & Co., 881 F.Supp. 813, 817 (N.D. N.Y. 1995). Courts look with disfavor upon parties who claim surprise or prejudice but who do not attempt to discover the nature of the testimony and ask for a continuance or recess so they may attempt to counter the opponent's testimony. Outley, 837 F.2d at 590; Johnson, 775 F.2d at 8. In cases where testimony was held properly excluded, the courts have found evasion or concealment, intentional or not, on the part of the litigant offering the evidence. Johnson, 775 F.2d at 8. The Lane Defendants have not alleged that Plaintiffs attempted to evade any discovery

request or otherwise conceal the identity of Canterbury. Further, Defendants have not sought relief from the order closing discovery to depose any of these witnesses, even though they were listed as of October 30, 2001, a month prior to Defendants' Motion to Strike.

The rules of discovery were not designed to encourage procedural gamesmanship, with lawyers seizing upon mistakes made by their counterparts in order to gain some advantage. Outley, 837 F.2d at 590. Parties need only supplement their discovery responses if the additional information has not otherwise been made known to other parties during the discovery process. Reed v. Iowa Marine & Repair Corp., 16 F.3d 82, 84 (5th Cir. 1994); Kotes v. Super Fresh Food Markets, Inc., 157 F.R.D. 18,19 (E.D. Penn. 1994). In the instant case, the Lane Defendants were not only aware of some of the witnesses they now seek to strike, but also listed them as their potential witnesses. With regards to Canterbury, the Lane Defendants possessed information regarding his identity from the outset of the case. Plaintiffs indicated Canterbury's possible relevance to these proceedings through its initial request for production, and the information prepared by Canterbury was referenced several times throughout the entire discovery phase. The Lane Defendants thought Mr. Canterbury was significant enough to list him as their witness.

The two cases cited by Defendants relate to exclusion of expert testimony. Experts are retained to assist the trier of fact in understanding scientific, technical or other specialized knowledge. Fed. R. Evid. 702. Courts recognize that additional preparation may be necessary in reviewing the discovery of a parties experts. See Outley v. City of N.Y., 837 F.2d 587, 590 (2nd Cir 1988)(differentiating testimony of observational witness from expert witness). Furthermore, the *retention and status of an expert witness generally depends on counsel's decision alone and not to any relationship to the underlying controversy.* Port Terminal & Warehousing Co. v. John S. James

F:\DOCS\DAMORCUTT\LOCHMERE\OPPOSITION2LANEM2STRIKEFACT.DOC

4

Co., 695 F.2d 1328, 1335 (11ᵗʰ Cir. 1983)(excluding certain expert witnesses upon late designation after purposeful waiting and failure to heed court's express instruction).

In the cases cited by the Lane Defendants, the sanctioned party either failed to identify a witness in response to interrogatories or failed to answer a direct request to supplement interrogatories. See Schearbrook Land & Livestock Co. v. United States, 124 F.R.D. 221 (M.D. Fla. 1988); Neal v. District of Columbia Dept. of Corrections, 1995 WL 517248 (D.D.C. 1995). In Schearbrook, the plaintiff failed to answer expert interrogatories and waited to name its three experts until the parties met to draft the joint pre-trial stipulation. In Neal, the court excluded defendant's fact witness testimony after continued acts of retaliation by defendants, a failure to answer interrogatories by a court ordered deadline, and a failure to identify a single fact witness.

## CONCLUSION

In conclusion, the Lane Defendants have sought the extreme sanction of exclusion of fact testimony for a failure to supplement interrogatories. At no time since the service of Plaintiffs' witness list have the Lane Defendants sought any type of relief which would allow them the opportunity to depose any of these witnesses. The Lane Defendants' claim of prejudice rings hollow where the identities of these witnesses have been disclosed through the discovery process and almost all are listed as the Lane Defendants' own witnesses. Further, some of the witnesses are listed by the Eiger Defendants as well as Fleet. In accordance with the case law cited above, the Court should deny the Lane Defendants' Motion to Strike Certain Fact Witnesses to Testify on Behalf of Plaintiffs.

F \DOCS\DAMORCUTT\LOCHMERE\OPPOSITION2LANEM2STRIKEFACT.DOC

6

I HEREBY CERTIFY that a true and correct copy of the foregoing Memorandum of Law in Opposition to Lane Defendants' Motion to Strike Certain Fact Witnesses to Testify on Behalf of Plaintiffs has been provided by Facsimile to all parties on the attached Service List this ___ day of November, 2001.

BRICKLEMYER SMOLKER & BOLVES, P.A.

By: _____
Jay J. Bartlett
Florida Bar No. 875163
Gregory J. Orcutt
Florida Bar No. 230855
BRICKLEMYER SMOLKER & BOLVES, P.A.
500 E. Kennedy Boulevard, Suite 200
Tampa, Florida 33602
Telephone: (813) 223-3888
Facsimile: (813) 228-6422
Attorneys for LOCHMERE DEVELOPMENT
GROUP, INC. and LOCHMERE REALTY, INC.

F:\DOCS\DAMORCUTT\LOCHMERE\OPPOSITION2LANEM2STRIKEFACT.DOC

## SERVICE LIST

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL  33602

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Jo E. Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX  75252

(Attys. for H.D. ASSOCIATES, L.P. DUNES OPERATING COMPANY, L.P., EIGER, INC.,
2M DUNES, L.L.C., EIGER FUND 1 L.P., EIGER PARTNERS, L.P., PAUL E. ROWSEY, III,
C. TODD MILLER, DAVID M. JACOBS, WILLIAM S. BUCHANAN and FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON, N.A.

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

Timothy A. Andreu, Jr.
Glenn Rasmussen & Fogarty
100 South Ashley Dr., Suite 1300
Tampa, FL 33602

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

F:\DOCS\DAMORCUTT\LOCHMERE\OPPOSITION2LANEM2STRIKEFACT DOC

UNITED STATES DISTRICT COURT
Middle District of Florida

LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

     Plaintiffs,

vs.

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company; EIGER
FUND 1, L.P., a Delaware limited partnership;
EIGER PARTNERS, L.P., a Delaware limited
partnership;  DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC., a
Texas corporation; JTL CAPITAL, L.L.C., a
Texas limited liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
PAUL E. ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and, WILLIAM S. BUCHANAN, an individual,

     Defendants.

CASE NO.: 8:00-CV-1026-T-27TGW
State Court No.: 00-02525/Div. I

_____/

### PLAINTIFFS' RESPONSE TO DEFENDANTS', DAVID LANE, BARNETT LANE INVESTMENTS, INC., AND  JTL CAPITAL, LLC'S MOTION IN LIMINE

Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC., and LOCHMERE REALTY, INC.

(collectively "Lochmere" or "Plaintiffs"), by and through their undersigned counsel hereby respond

as follows to Defendants' DAVID LANE, BARNETT LANE INVESTMENTS, INC., and JTL

CAPITAL, LLC'S (the "Lane Defendants") Motion in Limine and Memorandum of Law in Support.

Lochmere will endeavor to respond to the issues presented by the Lane Defendants with like-numbered paragraphs.

Initially, however, Lochmere notes that many of the items of relief requested in the Lane Defendants' motion are too generally described to garner a complete response. Because the Lane Defendants have not described the specificity of the specific witnesses, exhibits, or testimony they seek to exclude, and likewise have not identified the surprise or prejudice of which they complain, a complete response is not possible. Lochmere contends that most, if not all the relief requested in the Motion must be denied simply because the Motions are not made with the specificity required by the Court's pre-trial statements.

I.    The Lane Defendants seek to prohibit all testimony from expert witnesses whose opinions have not been previously provided. The Lane Defendants' motion here is too general to be addressed in any specific detail, however, based upon the rule cited, the issue is one of prejudice and surprise. The focus of the rule of civil procedure is to avoid trial by ambush. *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001); *Morgan v. Commercial Union Assurance Co.*, 606 F.2d 554, 555 (5th Cir. 1979). Therefore, even if a witness is not designated as an expert, becomes qualified as one on the stand, the opinion testimony should be allowed, if it does not unfairly prejudice or surprise the objecting party. *Fed. R. Evid. 701, 702.*

II.    The Lane Defendants seek to prohibit all expert testimony not previously provided. Like in paragraph I, the request is too general to discern what relief is requested by the Lane Defendants. The arguments described in the response to paragraph I apply here as well.

III.     The Lane Defendants seek to prohibit all parties and witnesses from mentioning the existence of the Texas lawsuit, *Eiger, et al. v. Lochmere, et al.* as such evidence as irrelevant or prejudicial.  All relevant evidence is admissible unless its probative value is outweighed by the danger of unfair prejudice. *Fed R. Evid. 403.*  The Lane Defendants do not identify the prejudice which they seek to avoid.  Presumably, the Lane Defendants assert prejudice in the fact that many of the parties here are also a party to another lawsuit.  This cannot be prejudicial, since the jurors know that the parties here are involved in this lawsuit.  It is difficult to understand how the existence of a second lawsuit prejudices anyone.

Furthermore, the Lane Defendants do not address the possible probative evidence to be gained by reference to the Texas lawsuit.  Certainly the timing of the lawsuit is relevant to Plaintiffs' case, as are certain admissions and party alignments that are set up by the pleadings in that case.

Having failed to identify the prejudice, or even attempt to analyze the probative value of the purported evidence, the Lane Defendants request should be denied.

IV.     The subject of IV has been separately addressed in Plaintiffs' Response to the Lane Defendants' Motion to Strike Certain Fact Witnesses.

V.     The Lane Defendants seek to exclude or limit possible witness testimony regarding correspondence or documents exchanged in discovery, however, without knowing the details of the purported testimony and/or witnesses, it is impossible to make an informed response.  Again, the purpose of the Rules of Civil Procedure is to avoid trial by surprise or ambush to the prejudice of one party. *See, Ortiz-Lopez, supra at 34.*  Exclusion of witness testimony is a drastic and extreme sanction. *Outley v. City of N.Y., 837 F.2d 587, 590 (2nd Cir. 1988).*  Any ruling limiting such testimony must be judged upon these standards and it is impossible to make in the abstract as is

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\RSP LANE MOL2.doc

3

requested here. It is difficult to understand how testimony by a party or other designated witness concerning his or her correspondence could possibly meet the surprise or prejudice standard necessary for limiting such testimony. Furthermore, the case cited in the Motion, *Abrahamson v. Trans-State Express, Inc.*, 92 F.3d 425 (6th Cir 1996), deals with relief from judgment under *Rule 60(b)* where one party hid evidence and elicited testimony known to be false. No such facts are at issue here.

Because the Lane Defendants have failed to specifically identify the testimony or evidence sought to be prohibited and have failed to allege prejudice or surprise, the Motion should be denied.

VI.    The Lane Defendants seek to have possible documentary exhibits redacted to exclude profanity apparently uttered by the Lane Defendants. However, without knowing the specifics of the alleged profanity sought to be redacted, there is no way of telling whether the evidence is probative or prejudicial. The mere existence of profanity does not automatically preclude testimony under *Rule 403* of the *Federal Rules of Evidence*. *See United States v. Gartmon*, 146 F.3d 1015, 1021 (D.D.C. 1998). In *Gartmon*, a defendant sought to exclude telephone recordings because they contained profane and abusive language. The trial court balanced the prejudice and probativeness of the recording and concluded the material was admissible. *Gartmon*, 146 F. 3d at 1022. Because the Lane Defendants have not identified the exhibits in question and have not showed that the prejudice of such evidence would substantially outweigh its probative value, their Motion must be denied.

VII.    The Lane Defendants seek to exclude testimony of damages not properly or timely plead. The Lane Defendants' Motion is too general or ephemeral for Plaintiffs to propose a

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL CT\PLDGS\RSP LANE MOL2.doc

4

reasoned response. The Plaintiffs generally refer the Court to Plaintiffs' Motion in Limine Regarding Exemplary Damages.


I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided by Facsimile to all parties on the attached Service List this _29th_ day of November, 2001.

Respectfully submitted,

BRICKLEMYER SMOLKER & BOLVES, P.A.

By: _____
Jay J. Bartlett
Florida Bar No. 875163
Gregory J. Orcutt
Florida Bar No. 230855
BRICKLEMYER SMOLKER & BOLVES, P.A.
500 E. Kennedy Boulevard
Suite 200
Tampa, Florida 33602
Telephone: (813) 223-3888
Facsimile: (813) 228-6422
Attorneys for   LOCHMERE DEVELOPMENT
GROUP, INC.
and LOCHMERE REALTY, INC.

## SERVICE LIST

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL 33602

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Jo E. Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX 75252

(Attys. for H.D. ASSOCIATES, L.P. DUNES OPERATING COMPANY, L.P., EIGER, INC.,
2M DUNES, L.L.C., EIGER FUND 1 L.P., EIGER PARTNERS, L.P., PAUL E. ROWSEY, III,
C. TODD MILLER, DAVID M. JACOBS, WILLIAM S. BUCHANAN and FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON, N.A.

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

Timothy A. Andreu, Jr.
Glenn Rasmussen & Fogarty
100 South Ashley Dr., Suite 1300
Tampa, FL 33602

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL CT\PLDGS\RSP LANE MOL2.doc

6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA


LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

     Plaintiffs,

vs.                                CASE NO.: 8:00-CV-1026-T-27TGW
                                     State Court No.: 00-02525/Div. I

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company; EIGER
FUND 1, L.P., a Delaware limited partnership;
EIGER PARTNERS, L.P., a Delaware limited
partnership; DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC., a
Texas corporation; JTL CAPITAL, L.L.C., a
Texas limited liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
PAUL E. ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and, WILLIAM S. BUCHANAN, an individual,

     Defendants.
_____/


**LOCHMERE'S MEMORANDUM OF LAW IN OPPOSITION TO
LANE DEFENDANTS' MOTION TO STRIKE EXPERT
<u>TESTIMONY OF RICHARD C. BROWN</u>**

    Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE REALTY,

INC. ("Lochmere"), submit this memorandum of law in response to the Motion to Strike

Expert Testimony of Richard C. Brown filed by the Defendants, David Lane, individually,

Barnett Lane Investments, Inc., and JTL Capital, L.L.C. (the "Lane Defendants) and state as follows:

## STATEMENT OF FACTS

The Lane Defendants have objected to the admission of the expert testimony of Richard C. Brown ("Brown"). Brown is a certified public accountant. Brown's report was disclosed pursuant to Rule 26(a)(2)(B) and is attached to the Memorandum in Support of the Lane Defendants' Motion to Strike as Exhibit "A." The Defendants deposed Brown on August 3, 2001.

Brown has been retained by the Plaintiffs to testify regarding the matters contained within his report, including, the fact that the development budget is proprietary, detailed and complex. He is further expected to testify that Defendants relied upon and utilized the development budget to secure financing for the project, and that the Defendants could not have built a modeling system or performed the due diligence necessary within the deadline imposed by the seller to go to contract. Brown will also be testifying regarding Plaintiff's compensation and profits, as well as damages from pro forma financial documents of the Defendants.

In his deposition, Brown stated he has been a CPA for approximately 32 years and has practiced in Florida, North Carolina, and Texas. His current practice is divided between approximately 30 percent audit work, approximately 40 percent tax work, and the remaining percentage is divided between business consulting and litigation support. He is the auditor for the University of South Florida Research Foundation, which is the location for all of the proprietary information and intellectual properties owned by the University. In his work for

his clients in the business and real estate industry, Brown has encountered a number of business plans by which to compare with the Master Development Budget.

Defendants argue that Brown's report and testimony should be stricken because he has failed to meet the admission requirements of Daubert v. Merrell Dow Pharm. Inc., 509 U.S. 579, 113 S.Ct 2786 (1993). The defendants argue that Brown does not have specialized knowledge of real estate and that therefore his opinions are unreliable and untested.

## MEMORANDUM OF LAW

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise. Fed R. Evid. 702. An expert's testimony often will rest upon an experience foreign in kind to the jury's own. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147, 119 S. Ct. 1167, 1174, 143 L.Ed.2d 238, ___ (1999). Generally, the test for exclusion of expert testimony is very strict; the expert must have neither satisfactory knowledge, skill, experience, training nor education on the issue. Thomas J. Kline, Inc. v. Lorillard, Inc., 878 F.2d 791, 798 (4th Cir. 1989). One knowledgeable about a particular subject need not be precisely informed about all details of the issue raised in order to offer an opinion. Kline, 878 F.2d at 798.

The Lane Defendants suggest that Brown's testimony will be unreliable because Brown is not a real estate developer, nor has he ever personally completed a due diligence for a real estate project. At this time, Plaintiffs have not attempted to lay the evidentiary

foundation for Brown's testimony. The only information regarding Brown's expertise was elicited from the Defendants' cross-examination during Brown's deposition. It would be grossly unfair to limit Brown's testimony before Plaintiffs had the opportunity to present the court with Brown's full expertise.

An expert does not have to be specialized in all fields of studies on which his opinion rests to qualify as an expert. Huval v. Offshore Pipelines, Inc., 86 F.3d 454, 457 (5th Cir. 1996)(expert's broad, general experience was sufficient to admit testimony); Spray-rite Service Corp. v. Monsanto Co., 684 F.2d. 1226, 1240 (7th Cir. 1982)(expert trained in certain methods did not have to be expert in those methods to testify in light of other credentials). Further, where there is a logical basis for an expert's opinion testimony the credibility and weight of that testimony is to be determined by the jury. Garnac Grain Co., Inc. v. Blackley, 932 F.2d 1563, 1567 (8th Cir. 1991); Breidor v. Sears, Roebuck & Co., 722 F.2d 1134, 1139 (3d Cir. 1983). The trial court in Garnac, an accounting malpractice case, erred in excluding the testimony of an accounting professor, who had only worked as a staff assistant at an auditing firm forty years ago, had no experience auditing operations like those at issue, never reviewed another auditors work, and whose license had expired ten years prior. The court held that the professor's methodology and qualifications may cause the jurors to discount his opinion and may be the subject of cross-examination, but should not be used to exclude his testimony. Garnac, 722 F.2d at 1567.

The trial judge exercises great discretion in performing its "gatekeeping" obligation in admitting or excluding expert testimony. Kumho, 526 U.S. at 139. The trial court also has the same kind of latitude in determining how to test an expert's reliability, and in

F:\DOCS\DAMORCUTT\LOCHMERE\OPPOSITION2LANEM2STRIKE.DOC    4

deciding whether or when special briefing or other proceedings are needed to investigate reliability. Kumho, 526 U.S. at 137. In determining the reliability of an expert's testimony, the court may consider the certain factors including:

1) Whether the theory or technique can or has been tested;
2) Whether the theory has been subjected to peer review and publication;
3) Whether there is a high potential known rate of error or whether there are standards controlling the techniques operation; and
4) Whether the theory or technique enjoys general acceptance within a relevant community.

Kumho, 526 U.S. 137, 149; Daubert v. Merrell Dow Pharm. Inc., 509 U.S. 579, 593, 113 S.Ct. 2786, 2796, 125 L.Ed.2d 469, ___ (1993).

While the Kumho Court recognized that the factors enumerated in Daubert may apply to technical and specialized information as well as to scientific information; the Court also recognized that the Daubert factors are not intended to be an exhaustive list nor to apply in every case. Kumho, 526 U.S. at 141. Courts are urged to be flexible in applying guidelines to take into account the wide variety of experts and matters of expertise. For instance, the Court acknowledged that, in certain cases, no peer review may exist because the subject matter is relatively novel. Kumho, 526 U.S. at 151. A court may also inquire into whether an expert's untested methodology is of a kind that others in the field would recognize as acceptable. Id at 151. A finding by the court that a portion of an expert's testimony is fundamentally flawed does not automatically warrant the exclusion of an expert's testimony in its entirety. City of Tuscaloosa v. Harcross Chemicals, Inc., 158 F. 3d 548, 564 (11th Cir. 1999).

6

Along with reviewing the qualifications and reliability of an expert, a court should also ascertain if there is a proper "fit" between the testimony proffered and its ability to assist the trier of fact to understand the evidence or a fact in issue. United States v. Mathis, 264 F.3d 321, 335 (3rd Cir. 2001); Protocomm Corp. v. Novell Advanced Services, Inc., 2001 WL 1168843 at *2 (E.D. Penn. 2001). This requirement is not intended to be a high one and its principle is not dissimilar to the liberal standard expressed under Rule 401 of the Federal Rules of Evidence. Mathis, 264 F.3d at 335. A plaintiff does not have to prove by the preponderance of the evidence that its experts are correct, merely that their opinions are reliable. Protocomm at *2.

The issues raised by the Lane Defendants are not sufficient to exclude Brown from testifying. At most the issues raised in their motion may be the subjects of cross-examination and which go to the weight the jury is to give Brown's testimony. Even in the absence of a proper foundation laid by the Plaintiffs, Brown has established that he has numerous years of experience as an accountant. Brown has also stated that he has worked with large real estate business plans as well as with proprietary and other intellectual property information. Accordingly, the Lane Defendants' motion to exclude Brown's testimony should be denied.

I HEREBY CERTIFY that a true and correct copy of the foregoing Memorandum of

Law in Opposition to Lane Defendants' Motion to Strike Expert Testimony of Richard C.

Brown has been provided by Facsimile to all parties on the attached Service List this _____

day of November, 2001.

> BRICKLEMYER SMOLKER & BOLVES, P.A.
>
> By: _____
>
> Jay J. Bartlett
> Florida Bar No. 875163
> Gregory J. Orcutt
> Florida Bar No. 230855
> BRICKLEMYER SMOLKER & BOLVES, P.A.
> 500 E. Kennedy Boulevard, Suite 200
> Tampa, Florida 33602
> Telephone: (813) 223-3888
> Facsimile: (813) 228-6422
> Attorneys for LOCHMERE DEVELOPMENT
> GROUP, INC. and LOCHMERE REALTY,
> INC.

## SERVICE LIST

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL 33602

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Jo E. Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX 75252

(Attys. for H.D. ASSOCIATES, L.P. DUNES OPERATING COMPANY, L.P., EIGER, INC.,
2M DUNES, L.L.C., EIGER FUND 1 L.P., EIGER PARTNERS, L.P., PAUL E. ROWSEY, III,
C. TODD MILLER, DAVID M. JACOBS, WILLIAM S. BUCHANAN and FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON, N.A.

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave., Suite 1100
Orlando, FL 32801

Timothy A. Andreu, Jr.
Glenn Rasmussen & Fogarty
100 South Ashley Dr., Suite 1300
Tampa, FL 33602

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

Attys. for DAVID LANE, BARNETT LANE INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)