UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC. and
LOCHMERE REALTY, INC.



**FILED**
DEC - 3 2001
**IN OPEN COURT**

Plaintiffs,

v.                                                    Case No.:8:00-cv-1026-T-27TGW

EIGER FUND I, L.P., a Delaware
Limited Partnership; EIGER, INC., a Delaware
Corporation; EIGER PARTNERS, L.P.,
a Delaware Limited Partnership;
DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC.,
a Texas corporation; JTL CAPITAL,
L.L.C., a Texas limited liability company;
H.D. ASSOCIATES, L.P., a Delaware
Limited Partnership; BANKBOSTON,
N.A., a national association;
PAUL E. ROWSEY, III, an individual;
C. TODD MILLER, an individual;
DAVID M. JACOBS, an individual; and,
WILLIAM S. BUCHANAN,
an individual,

Defendants.

_____/

### PROPOSED JURY INSTRUCTIONS OF LANE DEFENDANTS

COMES NOW DAVID LANE, an individual, BARNETT LANE INVESTMENTS, INC., a Texas corporation, and JTL CAPITAL, L.L.C., a Texas limited liability company, (collectively the "Lane Defendants") and submit, pursuant to this Court's Order, their Proposed Jury Instructions for their Affirmative Defenses.

*190*

## LANE DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ___

You must determine whether Plaintiffs' "Lochmere Plan" is, in fact, a secret. The subject of a trade secret must be secret. An item or process of public or general knowledge cannot be secret. Similarly, a trade secret cannot be information about a product that may be discovered through observation, testing, or reverse engineering by anyone lawfully owning the product. Matters that are fully disclosed by a product available to the public cannot be trade secrets. However, information may be secret even if another person, with an expenditure of effort, might have collected the same information from sources available to the public.

If you determine that the alleged trade secret was not in fact secret, then your verdict must be for the Lane Defendants.

**Authority:**    Section 688.002(4), Fla. Stat.; *Blackstone P.A. v. Dade City Osteopathic*, 511 So.2d 1050 (Fla. 2d DCA 1987), *rev. denied*, 523 So.2d 576 (Fla. 1988); *Unistar Corp. v. Child*, 415 So.2d 733 (Fla. 3d DCA 1982); *Biodynamic Technologies, Inc. v. Chattanooga Corp.*, 644 F. Supp. 607 (S.D. Fla. 1986); *Keystone Plastics, Inc. v. C & P Plastics, Inc.*, 340 F. Supp. 55 (S.D. Fla. 1972); Florida Forms of Jury Instruction, *Requirement of Secrecy* § 65.112 (Matthew Bender & Company, Inc. 2000).

**Given as requested**_____

**Given as modified**_____

**Refused**_____

**Withdrawn**_____

2

## LANE DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ___

If you determine that the Lane Defendants properly used information provided to the Lane Defendants, then you must find that the Lane Defendants did not misappropriate Plaintiffs' alleged trade secrets and your verdict must be for the Lane Defendants.

**Authority:**   Section 688.002, Fla. Stat.; *Biodynamic Technologies, Inc. v. Chattanooga Corp.*, 644 F. Supp. 607 (S.D. Fla. 1986); *Demit of Venezuela, C.A. v. Electronic Water Sys.*, 547 F. Supp. 850 (S.D. Fla. 1982), *aff'd* 740 F.2d 977 (11th Cir. 1984); Florida Forms of Jury Instruction, *Requirement of Defendant's Improper Acquisition, Use, or Disclosure of Trade Secret* § 65.115 (Matthew Bender & Company, Inc. 2000).

**Given as requested**_____

**Given as modified**_____

**Refused**_____

**Withdrawn**_____

3

4

## LANE DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ___

If you determine that Plaintiffs, or anyone acting on Plaintiffs' behalf, effectively consented to the Lane Defendants' use or disclosure of Plaintiffs' alleged trade secret, then your verdict must be for the Lane Defendants.  This Court instructs you that Plaintiffs made an effective consent if Plaintiffs consented by showing that they were willing for the Lane Defendants to use or disclose the secret, and that what Plaintiffs consented to was the same use or disclosure of a trade secret that Plaintiffs now contend was improper.  Plaintiffs' willingness for the Lane Defendants to use or disclose his secret may be indicated through words or conduct, or even through silence or failure to act if under the circumstances Plaintiffs' silence or inaction indicated consent.

**Authority:**    Section 688.002(2)(b), Fla. Stat.; Florida Forms of Jury Instruction, *Defendant: Consent* § 65.120 (Matthew Bender & Company, Inc. 2000).

**Given as requested**_____

**Given as modified**_____

**Refused**_____

**Withdrawn**_____

4

## LANE DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____

The Lane Defendants contend that, because Plaintiffs voluntarily provided the alleged trade secrets to the Lane Defendants, Plaintiffs are now estopped from making any claim that the Lane Defendants wrongfully used or disclosed the information.

The doctrine of equitable estoppel prevents a party from denying or asserting the contrary of any material fact on which, by its words or conduct, it has induced another to rely and thereby change its position in such a way that the other party would suffer injury if such denial or contrary assertion were allowed.

**Authority**:    *Taylor v. Kenco Chemical & Mfg. Corp.*, 465 So.2d 581 (Fla. 1st DCA 1985); *Steen v. Scott*, 198 So. 489 (Fla. 1940); 22 Fla.Jur.2d *Estoppel and Waiver* § 30.

**Given as requested**_____

**Given as modified**_____

**Refused**_____

**Withdrawn**_____

5

## LANE DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____

The Lane Defendants contend that by providing the alleged trade secrets to them, Plaintiffs waived any claim that the Lane Defendants wrongfully used or disclosed the information.

Waiver is the intentional relinquishment or giving up of a known right. It does not arise merely from failure to take action within a reasonable period of time, but may be inferred from conduct or acts putting the other party off its guard and leading it to believe that the right has been waived. However, the acts, conduct, or circumstances relied on to show waiver must clearly indicate that the obligation has in fact been waived. There can be no waiver of a right unless the party alleged to have waived its right to obtain performance of the contracts was in possession of all the material facts.

**Authority**:    *Destin Savings Bank v. Summerhouse of FWB, Inc.*, 579 So.2d 232 (Fla. 1st DCA 1991); *American Ideal Management, Inc. v. Dale Village, Inc.*, 567 So.2d 497 (Fla. 4th DCA 1990); *Gilman v. Butzloff*, 22 So.2d 263 (1945); 11 Fla.Jur.2d § 280.

**Given as requested**_____

**Given as modified**_____

**Refused**_____

**Withdrawn**_____

6

**LANE DEFENDANTS' PROPOSED JURY INSTRUCTION NO. \_\_\_\_\_**

If you determine that all parties did not participate in both the profits and losses of the venture that is the subject of this litigation, or that each party did not contribute something to the venture, whether in money, property, or services, or that each did not have a right to participate in the control of the enterprise, then you should find that this enterprise was not a joint venture. If you find that Plaintiffs and the Lane Defendants were not engaged in a joint venture or other type of partnership, then your verdict on Plaintiffs' claim for constructive fraud should be for the Lane Defendants.

<u>**Authority**</u>:    *Arango v. Reyka*, 507 So.2d 1211 (Fla. 4th DCA 1987); *McKissick v. Bilger*, 480 So.2d 211 (Fla. 1st DCA 1985); *Florida Tomato Packers, Inc. v. Wilson*, 296 So.2d 536 (Fla. 3d DCA 1974), *cert. denied*, 327 So.2d 32 (Fla. 1976); Florida Forms of Jury Instruction, *Existence of Joint Venture* § 13.32 (Matthew Bender & Company, Inc. 2000).

**Given as requested**_____

**Given as modified**_____

**Refused**_____

**Withdrawn**_____

7

## LANE DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____

If you decide that the greater weight of the evidence shows that Plaintiffs did not place their trust and confidence in the Lane Defendants and that the Lane Defendants did not exert an influence over Plaintiffs to the extent that the Lane Defendants assumed a role of superiority over Plaintiffs, then you should find that there was no confidential or fiduciary relationship between Plaintiffs and Defendants. In that event, your verdict on Plaintiffs' claim of constructive fraud should be for the Lane Defendants.

**Authority**:   *Taylor v. Kenco Chemical & Mfg. Corp.*, 465 So.2d 581 (Fla. 1st DCA 1985); *Hauben v. Harmon*, 605 F.2d 920 (5th Cir. 1979); *Butts v. Dragstrem*, 349 So.2d 1205 (Fla. 1st DCA 1977); *Harrell v. Bransom*, 344 So.2d 604 (Fla. 1st DCA 1977); *Vokes v. Arthur Murray, Inc.*, 212 So.2d 906 (Fla. 2d DCA 1968); *Prescott v. Kreher*, 123 So.2d 721 (Fla. 2d DCA 1960); *Whittle v. Ellis*, 122 So.2d 237 (Fla. 2d DCA 1960); Florida Forms of Jury Instruction, *Constructive Fraud: Abuse of Confidential or Fiduciary Relationships* § 60.90 (Matthew Bender & Company, Inc. 2000).

**Given as requested**_____

**Given as modified**_____

**Refused**_____

**Withdrawn**_____

8

## LANE DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____

The Lane Defendants contend that because Plaintiffs have previously denied the existence of a partnership with the Lane Defendants, Plaintiffs have waived their right to now assert that a valid partnership between Plaintiffs and the Lane Defendants later existed.

Waiver is the intentional relinquishment or giving up of a known right. It does not arise merely from failure to take action within a reasonable period of time, but may be inferred from conduct or acts putting the other party off its guard and leading it to believe that the right has been waived. However, the acts, conduct, or circumstances relied on to show waiver must clearly indicate that the obligation has in fact been waived. There can be no waiver of a right unless the party alleged to have waived its right to obtain performance of the contracts was in possession of all the material facts.

**Authority**:    *Destin Savings Bank v. Summerhouse of FWB, Inc.*, 579 So.2d 232 (Fla. 1st DCA 1991); *American Ideal Management, Inc. v. Dale Village, Inc.*, 567 So.2d 497 (Fla. 4th DCA 1990); *Gilman v. Butzloff*, 22 So.2d 263 (1945); 11 Fla.Jur.2d § 280.

**Given as requested**_____

**Given as modified**_____

**Refused**_____

**Withdrawn**_____

## LANE DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____

The Lane Defendants contend that because Plaintiffs have previously denied the existence of a partnership with the Lane Defendants, Plaintiffs are now estopped from asserting that a valid partnership between Plaintiffs and the Lane Defendants later existed.

The doctrine of equitable estoppel prevents a party from denying or asserting the contrary of any material fact on which, by its words or conduct, it has induced another to rely and thereby change its position in such a way that the other party would suffer injury if such denial or contrary assertion were allowed.

If you find that Plaintiffs are now estopped from asserting the existence of a valid partnership between Plaintiffs and the Lane Defendants, then your verdict should be for the Lane Defendants on the claim of breach of partnership or joint venture agreement under Florida law.

**Authority**:    *Taylor v. Kenco Chemical & Mfg. Corp.*, 465 So.2d 581 (Fla. 1st DCA 1985); *Steen v. Scott*, 198 So. 489 (Fla. 1940); 22 Fla.Jur.2d *Estoppel and Waiver* § 30.

**Given as requested**_____

**Given as modified**_____

**Refused**_____

**Withdrawn**_____

**LANE DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____**

Constructive fraud may exist regardless of whether Defendants had any intent to defraud Plaintiffs. The court may find that constructive fraud exists if Defendants have abused a confidential or fiduciary relationship they had with Plaintiffs. Before the court can make this finding, you must first determine whether a confidential or fiduciary relationship did, in fact, exist between Defendants and Plaintiffs.

A confidential or fiduciary relationship is one in which the first party places trust and confidence in the second party, with the result that the second party assumes a role of superiority in relationship to the first party and exerts influence over the first party. Additionally, under Florida law, the second party must make an express acceptance of that trust and confidence. A confidential or fiduciary relationship may arise by moral, social, domestic, or personal constraints. It need not be formally created, such as by an oral or written agreement. However, the fact that two parties are close friends does not, in and of itself, create a confidential or fiduciary relationship.

In this case, Plaintiffs claim that they and Defendants had a confidential or fiduciary relationship because they were allegedly engaged in a joint venture to purchase and develop the Hammock Dunes Project. If you decide that the greater weight of the evidence shows that Plaintiffs placed their trust and confidence in Defendants and Defendants exerted influence over Plaintiffs, then you should find that Plaintiffs and Defendants had a confidential or fiduciary relationship. However, if you decide that the greater weight of the evidence shows that Plaintiffs did not place their trust and confidence in Defendants and that Defendants did not exert an influence over Plaintiffs to the extent that Defendants assumed a role of superiority over Plaintiffs, then you should find that there was no confidential or fiduciary relationship between Plaintiffs and Defendants.

11

**Authority**:    *Argonaut Dev. Group, Inc. v. SWH Funding Corp.*, 150 F. Supp.2d 1357, 1363 (S.D. Fla. 2001); *Taylor v. Kenco Chemical & Mfg. Corp.*, 465 So.2d 581 (Fla. 1st DCA 1985); *Hauben v. Harmon*, 605 F.2d 920 (5th Cir. 1979); *Butts v. Dragstrem*, 349 So.2d 1205 (Fla. 1st DCA 1977); *Harrell v. Bransom*, 344 So.2d 604 (Fla. 1st DCA 1977); *Vokes v. Arthur Murray, Inc.*, 212 So.2d 906 (Fla. 2d DCA 1968); *Prescott v. Kreher*, 123 So.2d 721 (Fla. 2d DCA 1960); *Whittle v. Ellis*, 122 So.2d 237 (Fla. 2d DCA 1960); Florida Forms of Jury Instruction, *Constructive Fraud: Abuse of Confidential or Fiduciary Relationships* § 60.90 (Matthew Bender & Company, Inc. 2000).

**Given as requested**_____

**Given as modified**_____

**Refused**_____

**Withdrawn**_____

## LANE DEFENDANTS' PROPOSED JURY INSTRUCTION NO. ___

*(alternative to preceding Instruction)*

Plaintiffs' next claim is that Defendants violated what is called a "fiduciary" duty or obligation that Defendants allegedly owed to Plaintiffs.

A "fiduciary" obligation exists whenever one person –the client—places special trust and confidence in another person—the fiduciary—relying upon the fiduciary to exercise discretion or expertise in acting for the client; **and** the fiduciary knowingly accepts that thrust and confidence and thereafter undertakes to act in behalf of the client, by exercising the fiduciary's own discretion and expertise.

Of course, the mere fact that a business relationship comes into being between two persons does not mean that either owes a fiduciary obligation to the other. If one person engages or employs another and thereafter directs or supervises or approves the other's actions, the person so employed is not a fiduciary. Rather, as previously stated, it is only when one party reposes, and that other accepts, a special trust and confidence, usually involving the exercise of professional expertise and discretion that a fiduciary relationship comes into being.

When one person does undertake to act for another in a fiduciary relationship, the law forbids the fiduciary from acting in any manner adverse or contrary to the interests of the client, or from acting for the fiduciary's own benefit in relation to the subject matter of their relationship. The client is entitled to the best efforts of the fiduciary on the client's behalf, and the fiduciary must exercise skill, care, and diligence when acting on behalf of the client.

A person acting in a fiduciary capacity is required to make truthful and complete disclosures to those to whom a fiduciary obligation is owed, and the fiduciary is forbidden to obtain an unreasonable advantage at the client's expense.

In order to recover on this claim Plaintiffs must prove each of the following facts by a preponderance of the evidence:

First: That a "fiduciary" relationship existed between the parties (as that term has been defined in these instructions);

Second: That Defendants violated that fiduciary obligation by failing to refrain from acting to the detriment of the alleged partnership and failing to keep secret all confidential information created during the alleged partnership; and

Third: That Plaintiffs suffered damages as a proximate result of that violation of the fiduciary obligation.

For damage to be the proximate result of an act or course of dealing, it must be shown that such act or course of dealing played a substantial part in causing or bringing about the damage, and that, except for such conduct, the damage would not have occurred.

If you find for Plaintiffs on any of Plaintiffs' claims, you will then consider the issue of the amount of money damages to be awarded to Plaintiffs.

In considering the issue of Plaintiffs' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of Plaintiffs' damages, no more and no less. Compensatory damages are not allowed as punishment and must not be imposed or increased to penalize Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

**Authority:** Eleventh Circuit Pattern Jury Instructions, *Breach of Fiduciary Duty* 3.3 (1999).

Given as requested_____

Given as modified_____

Refused_____

Withdrawn_____

**LANE DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____**

The next issue for your determination is whether Plaintiffs and Defendants were engaged in a joint venture in purchasing and developing the Hammock Dunes project at the time and place of the incident Plaintiffs now contend was improper. The court instructs you that the existence of a joint venture may be implied or inferred from the conduct of the parties or from acts and circumstances that in fact make it appear that they are participants in a joint venture. A joint venture exists when each of the following elements is present:

(1)    A community of interest in the performance of the common purpose;

(2)    Joint control or the right of joint control;

(3)    A joint proprietary interest in the subject matter;

(4)    A right to share in the profits; and

(5)    A duty to share in the losses.

Under Florida law, a duty to share in losses is legally implied when one of the joint venturers supplies the labor, experience, and skill and the other supplies the necessary capital, since in the event of a loss, the party supplying the "know how" would have exercised his or her skill in vain and the party supplying the capital investment would have suffered a diminishment thereof, and hence, both parties would effectually share the losses if the venture were unsuccessful.

If you determine that all parties participated in both the profits and losses of the venture that is the subject of this litigation, and that each party contributed something to the venture, whether in money, property, or services, and that each had a right to participate in the control of the enterprise, then you should find that this enterprise was a joint venture.

13

**Authority**:    *Arango v. Reyka*, 507 So.2d 1211 (Fla. 4th DCA 1987); *McKissick v. Bilger*, 480 So.2d 211 (Fla. 1st DCA 1985); *Florida Tomato Packers, Inc. v. Wilson*, 296 So.2d 536 (Fla. 3d DCA 1974), *cert. denied*, 327 So.2d 32 (Fla. 1976); Florida Forms of Jury Instruction, *Existence of Joint Venture* § 13.32 (Matthew Bender & Company, Inc. 2000).

**Given as requested**_____

**Given as modified**_____

**Refused**_____

**Withdrawn**_____

14

**LANE DEFENDANTS' PROPOSED JURY INSTRUCTION NO. _____**

The next matter for your determination is Plaintiffs' claim that Defendants made certain promises that Plaintiffs relied upon and therefore Defendants cannot deny their obligations under those promises.

To establish a cause of action under promissory estoppel, Plaintiff must show each of the following elements:

(1)     Defendants made a promise that was definite and substantial in nature;

(2)     Defendants reasonably expected Plaintiffs to act upon that promise;

(3)     Plaintiffs have shown justified reliance on Defendants' promise by acting upon such promise;

(4)     Plaintiffs have shown detrimental reliance on Defendants' promise; and

(5)     Injustice can only be avoided by enforcing the promise.

In this case, Plaintiffs claim that Defendants promised that Plaintiffs would be employed and compensated consistent with the terms of the Management, Development and Marketing Agreement.   Specifically, Plaintiffs claim that Defendants promised the following compensation package and profit participation to Plaintiffs:

(1)     Plaintiffs would complete the necessary due diligence to acquire the Hammock Dunes Project, and Defendants would compensate Plaintiffs one percent (1%) of the purchase price of the property;

(2)     Upon acquisition of the Hammock Dunes Project, Plaintiffs would operate, market, and manage the Project, and Defendants would pay Plaintiffs a monthly management fee of $12,000 per month;

(3)     Plaintiffs would receive a four percent (4%) real estate commission; and

(4)     Finally, Plaintiffs would be entitled to profit participation in the amount of thirty percent (30%) after a twelve percent (12%) preferred return to capital partner and repayment of all capital and debt.

15

If you determine that Defendants made a definite and substantial promise to Plaintiffs, that Plaintiffs justifiably relied on that promise to their detriment, and that injustice can only be avoided through enforcement of that promise, then your verdict should be for Plaintiffs on their promissory estoppel claim. However, if you find that Defendants did not make a definite and substantial promise to Plaintiffs or that Plaintiffs were not justified in relying on that promise, then your verdict should be for Defendants. Additionally, if you find that Plaintiffs did not rely on any promise to their detriment or that injustice could be avoided through other means, then your verdict should be for Defendants.

**Authority**: *Argonaut Dev. Group, Inc. v. SWH Funding Corp.*, 150 F. Supp.2d 1357, 1363 (S.D. Fla. 2001); *Eclipse Medical, Inc. v. American Hydro-Surgical Instruments, Inc.*, 1999 U.S. Dist. LEXIS 22434 (S.D. Fla. 1999); *W.R. Grace & Co. v. Geodata Serv., Inc.*, 547 So.2d 919 (Fla. 1989); Restatement (Second) of Contracts § 90 (1979).

**Given as requested**_____

**Given as modified**_____

**Refused**_____

**Withdrawn**_____

16

Respectfully submitted,

ALAN M. GERLACH, ESQ.
BROAD AND CASSEL
Florida Bar. No. 199184
390 North Orange Avenue, Suite 1100
Orlando, Florida  32801
P.O. Box 4961 (32802)
Telephone:  (407) 839-4200
Fax: (407) 425-8377

- and -

JOHN W. GREENE, ESQ.
HILL GILSTRAP
1400 West Abram Street
Arlington, Texas 76013
Telephone: (817) 261-2222
Fax: (817) 861-4685
Attorneys for Defendants David Lane,
Barnett Lane Investments, Inc. and JTL
Capital, L.L.C

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Hand Delivery this 3rd day of December, 2001 to: Gregory J. Orcutt, Esq., Bricklemyer, Smolker & Bolves, P.A., 500 E. Kennedy Blvd., Suite 200, Tampa, Florida 33602; Daniel F. Molony, Esq., Shook, Hardy & Bacon, L.L.P., 100 North Tampa Street, Suite 2900, Tampa, Florida  33602; Alan S. Loewinsohn, Esq., Pezzulli & Loewinsohn, L.L.P., 18383 Preston Road, Suite 110, Dallas, Texas 75252; Dora Kaufman, Esq., Halley, Sinagra & Perez, 100 S.E. 3rd Avenue, Suite 1900, Fort Lauderdale, Florida  33394; and Timothy A. Andreu, Jr., Glenn Rasmussen & Fogarty, 100 South Ashley Drive, Suite 1300, Tampa, Florida 33602.

Alan M. Gerlach, Esquire

17