**UNITED STATES DISTRICT COURT**
Middle District of Florida



LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

      Plaintiffs,

vs.

    CASE NO.: 8:00-CV-1026-T-27TGW
    State Court No.: 00-02525/Div. I

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company; EIGER
FUND 1, L.P., a Delaware limited partnership;
EIGER PARTNERS, L.P., a Delaware limited
partnership; DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC., a
Texas corporation; JTL CAPITAL, L.L.C., a
Texas limited liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
PAUL E. ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and, WILLIAM S. BUCHANAN, an individual,

      Defendants.

_____/

## MOTION FOR RECONSIDERATION

Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE

REALTY, INC. ("Plaintiffs" or "Lochmere"), submit this motion and supporting

memorandum of law, respectfully requesting that the Court reconsider its order

dated November 21, 2001, granting Defendants' Motion for Summary Judgment

with respect to Lochmere's *quantum meruit*/unjust enrichment claims. As grounds for this motion, Lochmere states:

Without waiving any rights to appeal or contesting the Court's other findings for purposes of this motion, Lochmere urges reconsideration of the Court's ruling that Lochmere's *quantum meruit*/unjust enrichment claims pled herein (Counts XVII-XXI) are preempted by the Florida Uniform Trade Secrets Act. In defending against the Motion for Summary Judgment, Lochmere made two arguments. First, Lochmere maintained that *quantum meruit* (as distinguished from unjust enrichment) is essentially a contractual remedy, and is therefore expressly excluded from preemption under section 688.008(2)(a), Florida Statutes. In addition, Lochmere argued that, based upon the allegations of the Complaint and the proof submitted to the Court, the *quantum meruit*/unjust enrichment claims asserted by Lochmere were not predicated **solely** on the misappropriation of a trade secret, but included the provision of other beneficial services to the Defendants for which Lochmere was not compensated, and thus is exempt from preemption insofar as it seeks "other civil remedies" under section 688.008(2)(b), Florida Statutes.

With respect to Lochmere's argument that its quantum meruit claim is exempt from preemption as a contractual remedy, the Court disagreed and found that quantum meruit is a form of restitution. [Order at 17-18.] Lochmere reserves its right to contest that legal conclusion on appeal. For purposes of this motion, however, Lochmere urges only that the Court reexamine its finding that

Lochmere's *quantum meruit*/unjust enrichment claims do not encompass remedies other than those preempted by the Trade Secrets Act. Specifically, the Court declared that Lochmere's allegations

> relate exclusively to Plaintiffs' time and efforts expended in compiling information that comprised the master development budgets, drafting the master development budgets and Defendants' allegedly improper use of those proprietary documents. As such, Plaintiffs' claims for unjust enrichment [and] quantum meruit center exclusively upon alleged misappropriation of trade secrets.

[Order at 17.] Lochmere respectfully submits that the Court has misapprehended the full nature and extent of Lochmere's claims.

Lochmere claims that the trade secrets identified in this case are embodied in the master development budget, which itself contains secret protected information that was misappropriated by the Defendants. The information contained within the master development budget must be distinguished, however, from the substantial additional work that Lochmere performed in identifying and assessing the Hammock Dunes project, reviewing reams of documents regarding project attributes and development possibilities as part of the due diligence process, and attending meetings with the Defendants and their representatives—all of which constituted services apart from the creation of the master development budget, and which would entitle Lochmere to present a *quantum meruit* or unjust enrichment claim to the jury even in the absence of any claim for misappropriation of trade secrets.

While the Court correctly observed that some of the same factual allegations are included within the *quantum meruit*/unjust enrichment claims as are included in the trade secret claims, there are additional and different facts that support recovery by Lochmere in *quantum meruit* or unjust enrichment for services which were provided and produced benefits to the Defendants, but were never compensated. In short, the claims are overlapping to some extent, but the *quantum meruit*/unjust enrichment claims are not identical to or coextensive with misappropriation of trade secrets claims.

To illustrate that Lochmere's claim is not based *solely* on the misappropriation of trade secrets, the Court need only consider the fact that in determining whether the master development budget constituted a trade secret, and whether it was misappropriated by the Defendants, it is irrelevant how much time, effort, and expertise Lochmere expended to create that document, and it is equally irrelevant (except for the determination of damages) how much Defendants have benefited from the product of Lochmere's creativity. Therefore, pursuant to the standard expressed by the Court in the citation to *Del Monte Fresh Produce Co. v. Dole Food Company*, 136 F.Supp 2d 1271, 1291 (S.D. Fla. 2001), *Coulter Corp. v. Leinert*, 869 F.Supp. 732, 734-35 (E.D. Mo. 1994), and *Smithfield Ham and Products Co., Inc. v. Portion Pac, Inc.*, 905 F.Supp. 346, 348-49 (E.D. Va. 1995), Lochmere has demonstrated that its *quantum meruit*/unjust enrichment claims allege distinct theories of relief supported by facts unrelated to the misappropriation of trade secrets.

5

Moreover, if the *quantum meruit/*unjust enrichment claims are not submitted to the jury, and the jury determines that Lochmere has not created a trade secret, then the Defendants will evade liability, even though it was clear that they have been enriched at Lochmere's expense by virtue of the appropriation of all of Lochmere's work that produced valuable benefits for the Hammock Dunes project. Certainly, the Legislature could not have intended such a result by enacting the statutory provision designed to preempt civil claims that are identical to trade secrets claims, and not simply overlapping in some respects as are Lochmere's *quantum meruit/*unjust enrichment claims in this case.

WHEREFORE, Lochmere moves the Court to reconsider its Order granting the Defendants' Motion for Summary Judgment with respect to Lochmere's *quantum meruit/*unjust enrichment claims, and for such other and further relief as the Court deems appropriate in the circumstances.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided by Hand Delivery to all parties on the attached Service List this _2_ day of December, 2001.

Respectfully submitted,

BRICKLEMYER SMOLKER & BOLVES, P.A.

By: _____
Jay J. Bartlett
Florida Bar No. 875163
Gregory J. Orcutt
Florida Bar No. 230855
BRICKLEMYER   SMOLKER   &
BOLVES, P.A.
500 E. Kennedy Boulevard, Suite
200
Tampa, Florida 33602
Telephone: (813) 223-3888
Facsimile: (813) 228-6422
Attorneys for LOCHMERE
DEVELOPMENT   GROUP,   INC.
and LOCHMERE REALTY, INC.

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\Revised M-RECONSIDER.doc

6

## SERVICE LIST

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL  33602

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Jo E. Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX  75252

(Attys. for H.D. ASSOCIATES, L.P. DUNES OPERATING COMPANY, L.P., EIGER, INC.,
2M DUNES, L.L.C., EIGER FUND 1 L.P., EIGER PARTNERS, L.P., PAUL E. ROWSEY, III,
C. TODD MILLER, DAVID M. JACOBS, WILLIAM S. BUCHANAN and FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

Timothy A. Andreu, Jr.
Glenn Rasmussen & Fogarty
100 South Ashley Dr., Suite 1300
Tampa, FL 33602

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

F \docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\Revised M-RECONSIDER.doc

7