UNITED STATES DISTRICT COURT
Middle District of Florida



**FILED**
DEC - 3 2001
**IN OPEN COURT**

LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

     Plaintiffs,

vs.

CASE NO.: 8:00-CV-1026-T-27B
State Court No.: 00-02525/Div. I

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company; EIGER
FUND 1, L.P., a Delaware limited partnership;
EIGER PARTNERS, L.P., a Delaware limited
partnership;  DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC., a
Texas corporation; JTL CAPITAL, L.L.C., a
Texas limited liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
PAUL E. ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and, WILLIAM S. BUCHANAN, an individual,

     Defendants.

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

     I will now explain to you the rules of law that you must follow and apply in deciding this case.

     When I have finished, you will go to the jury room and begin your discussions – what we call your deliberations.

*195*

Plaintiffs' Proposed Jury Instruction No. _____

Consideration of the Evidence
Duty to Follow Instructions
Corporate Party Involved

In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in

F:\docs\doc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\JURY INSTR.doc

2

arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

Granted:        _____

Denied:         _____

Amended:        _____

Withdrawn:      _____

*Source:*         *11th Circuit Pattern Jury Instructions (1999) No. 2.2*

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL CT\PLDGS\JURY INSTR.doc

3

Plaintiffs' Proposed Jury Instruction No. _____

Credibility of Witnesses

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

Granted:        _____

Denied:         _____

Amended:        _____

Withdrawn:      _____

Source:        *11th Circuit Pattern Jury Instructions (1999) No. 3.*

F:\docs\doc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\JURY INSTR.doc

4

Plaintiffs' Proposed Jury Instruction No. _____

Impeachment of Witnesses
Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Granted:         _____

Denied:          _____

Amended:         _____

Withdrawn:       _____

Source:      11ᵗʰ Circuit Pattern Jury Instructions (1999) No. 4.1.

F.\docs\dec\DOCS\LOCHMERE\PLDGS\FEDERAL CT\PLDGS\JURY INSTR.doc

5

Plaintiffs' Proposed Jury Instruction No. _____

### Expert Witnesses
### General Instruction

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

Granted: _____

Denied: _____

Amended: _____

Withdrawn: _____

*Source:* *11th Circuit Pattern Jury Instructions (1999) No. 5.1.*

F \docs\doc\DOCS\LOCHMERE\PLDGS\FEDERAL CT\PLDGS\JURY INSTR.doc

6

Plaintiffs' Proposed Jury Instruction No. _____

Multiple Claims, Numerous Parties,
Consolidated Cases

In your deliberations, you are to consider distinct claims. These claims are as follows: Whether Defendants misappropriated Plaintiffs' Trade Secrets, Plaintiffs' claims that they were engaged in a joint venture with Defendants, Breach of Fiduciary Duty, Promissory Estoppel, Interference with Business Relationship, and Conspiracy. Although these claims have been tried together, each is separate from the others, and each party is entitled to have you separately consider each claim as it affects that party. Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, as you would had each claim been tried before you separately.

Granted:        _____

Denied:         _____

Amended:        _____

Withdrawn:      _____

Source:        *Florida Supreme Court Model Jury Instructions (2000) No. 2.4*

F:\docs\doc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\JURY INSTR.doc

7

Plaintiffs' Proposed Jury Instruction No. _____

Greater Weight (Preponderance) of Evidence

"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

If the greater weight of the evidence does not support the claim of Plaintiffs, then your verdict should be for Defendants.

However, if the greater weight of the evidence does support the claims of Plaintiffs, then your verdict should be for Plaintiffs and against Defendants.

Granted: _____

Denied: _____

Amended: _____

Withdrawn: _____

Source:        Florida Supreme Court Model Jury Instructions (2000) Nos. 3.4 and 3.9

F:\docs\dac\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\JURY INSTR.doc

Plaintiffs' Proposed Jury Instruction No. _____

Reduction of Damages to Present Value

Any amount of damages which you allow for economic loss should be reduced to its present money value and should be stated in your verdicts.

The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Plaintiffs for the losses as they are actually experienced in future years.

Granted:        _____

Denied:         _____

Amended:        _____

Withdrawn:      _____

Source:        *Florida Supreme Court Model Jury Instructions (2000) No. 6.10*

F:\docs\doc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\JURY INSTR.doc

9

Plaintiffs' Proposed Jury Instruction No. _____

Trade Secrets – Factors to Consider

The first matter for your consideration is Plaintiffs' claim that the Defendants misappropriated their trade secrets. To find misappropriation, you must first find that a trade secret exists. In determining whether the Plaintiffs' budget process and information is a trade secret, you should consider the following factors:

1. the extent to which the budget process and information is known outside of Plaintiffs' business;

2. the extent to which the budget process and information is known by employees or others involved in the Plaintiffs' business;

3. the extent of the measures taken by the Plaintiffs to guard the secrecy or confidentiality of the information;

4. the value of the information to the Plaintiffs and their competitors;

5. the amount of money or effort expended by the Plaintiffs in developing the information; and

6. the ease or difficulty with which the information could be properly acquired or duplicated by others without using any improper means.

Granted:        _____

Denied:         _____

Amended:        _____

Withdrawn:      _____

F:\docs\doc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\JURY INSTR.doc

*Source*:  Ronald W. Eades, *Jury Instructions in Commercial Litigation*, §11-2 (1996); *Lovell Farms, Inc. v. Levy*, 641 So.2d 103 (Fla. 2d DCA 1994); *Mangren Res. & Dev. Corp. v. National Chem. Co.*, 87 F.3d 937 (7th Cir. 1996); *Moore v. Marty Gilman, Inc.*, 965 F.Supp 203, 217 (D. Mass. 1997); *Stampede Tool Warehouse, Inc. v. May*, 651 N.E.2d 209, 215-16 (Ill. Ct. App. 1995).

Plaintiffs' Proposed Jury Instruction No. _____

A Trade Secret Need Not Be Complex


As distinguished from a patent, a trade secret need not be new, novel or unique.  The idea

need not be complex.  It may be simple and still qualify as a trade secret.


Granted:        _____

Denied:         _____

Amended:        _____

Withdrawn:      _____


Source: *Forest Laboratories, Inc. v. The Pillsbury Co.*, 452 F.2d 621, 624 (7th Cir. 1971) (citing 2 Callman, Unfair Competition, Trademarks and Monopolies §52.1 (3rd ed., 1968)); Restatement (First) of Torts §757, comment b (1939); see generally, *Bestechnoligies, Inc. v. Trident Environmental System, Inc.*, 681 So.2d 1175, 1176 (Fla. 2d DCA 1996).

Plaintiffs' Proposed Jury Instruction No. _____

## New Combinations of Known Components or Elements Can Be A Trade Secret

It is the secrecy of the claimed trade secret as a whole that is determinative. A new combination of components, steps, devices or elements may be entitled to trade secret protection, even if some or all of the components, steps, devices or elements are known. Even if each and every element of an idea, technique, process or system is known in the industry, the combination or inter-relation of those elements may be a trade secret if the combination gives the trade secrets owner a competitive advantage.

Granted:       _____

Denied:        _____

Amended:       _____

Withdrawn:     _____

Source: *Restatement (Third) of Torts §39, comment f (It is the secrecy of the claimed trade secret as a whole that is determinative. The fact that some or all of the components of the trade secret are well known does not preclude protection of a secret combination, compilation, or integration of the individual elements); Bestechnologies v. Trident Environmental System, Inc., 681 So.2d 1175 (Fla. 2d DCA 1996); Thermodyne Food Service Products, Inc. v. McDonald's Corp., 940 F. Supp 1300, 1304-05 & n.4 (N.D. Ill. 1996) (finding trade secrets can consist of a combination of known information); Computer Care v. Service Systems Enterprises, Inc., 982 F.2d 1063, 1072 (7th Cir. 1992) ("A trade secret can exist in a combination of characteristics and components, each of which, by itself, is in the public domain, but the unified process designed and operation of which in unique combination affords a competitive advantage and is a protectable trade secret."); Rivendell Forest Products, Ltd. v. Georgia-Pacific Corp., 28 F.3d 1042, 1045 (10th Cir. 1994)("The authorities recognize that a trade secret such as the one claimed here [a computer software program] can consist of a combination of elements which are in the public domain."); Kodecky Electronics, Inc. v. Mechanex Corp., 486 F.2d 449, 453-54, 456-57 (10th Cir. 1973)("Novelty in invention are not requisites for a trade secret as they are for patentability"); Rohm and Haas, Co. v. ADCO Chemical Co., 689 F.2d 424, 433 (3d Cir. 1982); Uncle B's Bakery, Inc. v. O'Rourke, 920 F.Supp. 1405, 1412-13 (N.D. Iowa 1996); Campbell Soup Company v. ConAgra, Inc., 810 F.Supp. 1298, 1304 (D.N.J. 1991); vacated on other grounds, 977 F.2d 86 (3d Cir. 1992); FMC Corp. v. Spurlin,*

*596 F.Supp. 609, 612-13 (W.D. Pa. 1984); CPG Products Corp. v. Mego Corp., 214 U.S.P.Q. 206, 213 (S.D. Ohio 1981); Smokenders, Inc. v. Smoke No More, Inc., 184 U.S.P.Q. 309, 317 (S.D. Fla. 1974)(finding that "a trade secret can exist in a combination of characteristics and components, each of which, by itself, is in the public domain, but the unified process design and operation of which in unique combination affords a competitive advantage and is protectable secret.").*

F \docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL CT\PLDGS\JURY INSTR doc

Plaintiffs' Proposed Jury Instruction No. _____

### Making Modifications or Improvements to Misappropriated
### Trade Secret Does Not Avoid Liability

In order for you to find that Defendants misappropriated Plaintiffs' trade secrets, you do not have to find that Defendants copied or used each and every element of the trade secret. The user of another's trade secret is liable even if it is used with modifications or improvements upon it affected by the user's own efforts, as long as the substance of the process used is derived from the original trade secret. Differences in detail do not preclude liability if the process or information used is derived from the other's secret.

Granted:        _____

Denied:         _____

Amended:        _____

Withdrawn:      _____

Source: *Restatement (First) of Torts §757, comment c; Forest Laboratories, Inc. v. The Pillsbury Co., 452 F.2d 621, 625 (7th Cir. 1971); Concept, Inc. v. Thermotemp, Inc., 553 So.2d 1325 (Fla. 2d DCA 1989); Mangren Res. & Dev. Corp. v. National Chem. Co., 87 F.3d 937, 943-44 (7th Cir. 1995) (holding that change in formula by misappropriator did not negate trade secret protection) (quoting In re Innovative Const. Sys., Inc., 793 F.2d 875, 887 (7th Cir. 1986)("the user of another's trade secret is liable even if he uses it with modifications or improvements upon it effected by his own efforts, so long as the substance of the process used by the actor is derived from the other's secret.")); Thermodyne Food Serv. Prod., Inc. v. Aftec, Inc., 940 F.Supp 1300, 1308 (N.D. Ill. 1996)(finding that "although a product appears to be a new or modified product, a violation of the [Illinois Trade Secrets Act] occurs if the modification or new product was substantially derived from another's trade secret"); Motorola, Inc. v. Computer Displays International, Inc., 739 F.2d 1149, 1156 (7th Cir. 1984); American Can Co. v. Mansukhani, 742 F.2d 314, 328-29 (7th Cir. 1984)(stating that "[a] party may not use another's trade secret, even with independent improvements or modifications, so long as the product or process is substantially derived from the trade secret"); FMC Corp. v. Spurlin, 596 F.Supp. 609, 613 (W.D. Pa. 1984)(rejecting assertion that selecting beneficial information from among the trade secrets of the plaintiff and composing a new design from that information was not a misappropriation); Melvin F. Jager, 14 Trade Secrets Law,*

F:\docs\doc\DOCS\LOCHMERE\PLDGS\FEDERAL CT\PLDGS\JURY INSTR doc

15

*§7.03[2][a] (1997) (holding that "modifications can be made to the trade secret without escaping liability, as long as a substantial portion of the trade secret remains in use").*

Plaintiffs' Proposed Jury Instruction No. _____

Improper Means

Even information that could have been obtained from public sources, but was instead obtained by improper means or used improperly, is entitled to protection under the law. Under the applicable law, "improper means" of acquiring or using trade secrets includes misrepresentation or breaching a duty to maintain secrecy or breaching a duty to limit its use.

Granted:          _____

Denied:           _____

Amended:          _____

Withdrawn:        _____

Source: *Fla. Stat. §688.002(1) (1997); Dotolo v. Schouten, 426 So.2d 1013 (Fla. 2d DCA 1983); Anaconda Co. v. Metric Tool & Die Co., 485 F.Supp 410, 422 (E.D. Pa. 1980); Smith v. Dravo Corp., 203 F.2d 369, 375 (7th Cir. 1953) (stating that "it is unquestionably lawful for a competitor to gain possession, through proper means, of his competitor's product and, through inspection and analysis, create a duplicate, unless, of course, the item is patented. But the mere fact that such lawful acquisition is available does not mean that he may, through a breach of confidence, gain the information in usable form and escape the efforts of inspection and analysis.") (citing Nims, Unfair Competition and Trademarks, Section 147).*

F:\docs\doc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\JURY INSTR.doc

17

Plaintiffs' Proposed Jury Instruction No. _____

Protection Accorded Trade Secret Owner

The owner of a trade secret enjoys the protection of the law against those who improperly obtain access to it under a relationship of trust and confidence, but who later disclose or use it beyond their authorization.  Liability for the appropriation of a trade secret rests on a breach of confidence or other wrongful conduct in acquiring, using or disclosing secret information.

Granted:        _____

Denied:         _____

Amended:        _____

Withdrawn:      _____

Source:  Restatement (Third) of Torts §39, Unfair Competition, Comment a; Dotolo v. Schouten, 425 So.2d 1013 (Fla. 2d DCA 1983); Gates Rubber Co. v. Bando Chemical Industries, Ltd., 9 F.3d 823, 847-48 (10th Cir. 1993)(applying the Colorado Uniform Trade Secrets Acts, and holding that "the breach of a duty of trust or confidence is the gravamen of such trade secret claims..."); Trandes Corp. v. Atkinson Co., 996 F.2d 655 (4th Cir. 1993); Kodecky Electronics, Inc. v. Mechanex Corp., 486 F.2d 449 (10th Cir. 1973); Forest Laboratories, Inc. v. The Pillsbury Co., 452 F.2d 621, 624 (7th Cir. 1971).

F \docs\doc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\JURY INSTR.doc

18

Plaintiffs' Proposed Jury Instruction No. _____

Absolute Secrecy Is Not Required

A trade secret need not be maintained in absolute secrecy. Thus, in order to establish that the information in question constituted valuable trade secrets, Plaintiffs need only demonstrate that they took reasonable measures under the circumstances to protect their secrets. Extreme and unduly expensive procedures need not be taken.

The key element of secrecy is whether the information was disclosed to others without restrictions concerning the disclosure of such information. Thus, the necessary element of secrecy is not lost if the holder of the trade secret reveals it to another in confidence, or, if they disclose it under an express or implied obligation not to use or disclose it.

Granted:          _____

Denied:           _____

Amended:        _____

Withdrawn:       _____

Source:  Bestechnologies v. Trident Environmental System, Inc., 681 So.2d 1175 (Fla. 2d DCA 1996); Dotolo v. Schouten, 426 So.2d 1013 (Fla. 2d DCA 1963); Mangren Research & Development Corp. v. National Chemical Co., 87 F.3d 937, 943 (7th Cir. 1996); Trandes Corp. v. Atkinson Co., 996 F.2d 655 (4th Cir. 1993); Colorado Supply Co. v. Stewart, 797 P.2d 1303 (Colo. App. 1990); Kewanee Oil Co. v. Bieron Corp., 416 U.S. 470 (1974); Biodinamic Tech., Inc. v. Chattanooga Corp., 644 F.Supp. 607 (S.D. Fla. 1986).

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL CT\PLDGS\JURY INSTR.doc

Plaintiffs' Proposed Jury Instruction No. _____

A Written or Explicit Agreement of Confidentiality Is Not Essential

A written agreement of confidentiality, or even an explicit oral agreement, is not essential to maintain a trade secret. Secrecy may exist where a relationship of trust and confidence arises based on the dealings of the parties. Thus, where the facts show that disclosure is made in order to further a particular relationship, a relationship of confidence may be implied such as a disclosure to a prospective supplier to enable him to appraise the value and viability of the trade secret.

Granted:        _____

Denied:         _____

Amended:        _____

Withdrawn:      _____

Source: *Dotolo v. Schouten, 426 So.2d 1013 (Fla. 2d DCA 1983); Televation Telecom. Sys., Inc. v. Saindon, 584 N.E. 2d 1081 (Ill. Ct. App. 1990); Able v. Fox, 654 N.E. 2d 591, 597 (Ill. Ct. App. 1995) (holding that "even in the absence of an express covenant, employees may not, after termination of employment, disclose or make use of trade secrets...") (quoting J. Calamari & J. Petrillo, Contracts §16-19 at p.685 (3rd ed. 1987); Mineral Deposits, Ltd. v. Zigan, 773 P.2d 606 (Co. Ct. App. 1988) (finding that defendant who obtained trade secrets from plaintiff in the form of samples of plaintiff's product in oral disclosures of secrets, based on an oral agreement that the information and samples would be used solely for testing purposes incident to possible purchases of the product, was under an implied duty not to use or disclose the trade secrets or copy of product despite absence of written agreement); Trandes Corp. v. Atkinson Co., 996 F.2d 655, 664 (4th Cir. 1993) (holding that a confidential relationship implied during licensing negotiations, and trade secrets can be disclosed to a perspective licensee during such negotiations in a form object code without compromising secrecy).*

F:\docs\dec\DOCS\LOCHMERE\PLDGS\FEDERAL CT\PLDGS\JURY INSTR.doc

20

Plaintiffs' Proposed Jury Instruction No. _____

Secrecy Is Not Lost Where Some Information Is Available to the Public

Secrecy is not lost because others, by an expenditure of effort, might have collected the same information from sources available to the public.  Even if some or all of the trade secrets could have been obtained from publicly available sources, that would not excuse the use of Plaintiff's confidential information if Defendants did not actually use those available sources.  In other words, if a trade secret was procured by improper means or used when it should not have been used, the fact that the information could have been obtained by lawful means is irrelevant.

Granted:        _____

Denied:         _____

Amended:       _____

Withdrawn:      _____

*Source:  Bestechnologies v. Trident Environmental System, Inc., 681 So.2d 1175 (Fla. 2d DCA 1996); Mangren Res. & Dev. Corp. v. National Chem. Co., 87 F.3d 937, 943 (7th Cir. 1996) (finding that the theoretical ability to develop trade secret independently does not negate verdict of misappropriation; where evidence shows defendant actually developed its product "not through independent research and testing, but by using [plaintiff's] trade secret..."); Restatement (Third) of Torts §39, comment f (stating that "it is the secrecy of the claimed trade secret as a whole that is determinative.  The fact that some or all of the components of the trade secret are well known does not preclude protection of a secret combination, compilation, or integration of the individual elements."); Bestechnologies v. Trident Environmental System, Inc., 681 So.2d 1175, 1176 (Fla. 2d DCA 1996); Thermodyne Food Service Products, Inc. v. McDonald's Corp., 940 F.Supp 1300, 1304-05 & n.4 (N.D. Ill. 1996) (holding that trade secrets can consist of a combination of known information); Computer Care v. Service Systems Enterprises, Inc., 982 F.2d 1063, 1072 (7th Cir. 1992)(stating that "a trade secret can exist in a combination of characteristics and components, each of which, by itself, is in the public domain, but the unified process designed and operation of which in unique combination affords a competitive advantage and is a protectable trade secret."); Rivendall Forest Products, Ltd. v. Georgia-Pacific Corp., 28 F.3d 1042, 1045 (10th Cir. 1994)(holding that "the authorities recognize that a trade secret such as the one claimed here [a computer software program] can consist of a combination of elements which are in the public domain."); Kodeckey Electronics, Inc. v. Mechanex Corp., 486 F.2d 449, 453-54, 456-57 (10th Cir.*

1973)(ruling that "novelty in invention are not requisites for a trade secret as they are for patentability"); Rohn and Haas, Co. v. ADCO Chemical Co., 689 F.2d 424, 433 (3d Cir. 1982); Uncle B's Bakery, Inc. v. O'Rourke, 920 F.Supp. 1405, 1412-13 (N.D. Iowa 1996); Campbell Soup Company v. ConAgra, Inc., 810 F.Supp. 1298, 1304 (D.N.J. 1991); vacated on other grounds, 977 F.2d 86 (3d Cir. 1992); FMC Corp. v. Spurlin, 596 F.Supp. 609, 612-13 (W.D. Pa. 1984); CPG Products Corp. v. Mego Corp., 214 U.S.P.Q. 206, 213 (S.D. Ohio 1981); Smokenders, Inc. v. Smoke No More, Inc., 184 U.S.P.Q. 309, 317 (S.D. Fla. 1974) (finding that "a trade secret can exist in a combination of characteristics and components, each of which, by itself, is in the public domain, but the unified process design and operation of which in unique combination affords a competitive advantage and is protectable secret").

Plaintiffs' Proposed Jury Instruction No. _____

Circumstantial Evidence of Trade Secret is Admissible

Circumstantial evidence is admissible to establish that information is not readily ascertainable through proper means. Precautions taken by the plaintiffs to preserve the secrecy of the information, unsuccessful attempts by the defendant or others to duplicate the information by proper means, and resort by the defendant to improper means of acquisition are all probative of the relative accessibility of the information. When a party has engaged in egregious misconduct in order to acquire or use the information, the inference that the information is sufficiently inaccessible to qualify for protection of the trade secret is particularly strong.

Granted:        _____

Denied:         _____

Amended:        _____

Withdrawn:      _____

*Source:*  *Restatement (Third) of Torts §39, comment f.*

F \docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\JURY INSTR doc

Plaintiffs' Proposed Jury Instruction No. _____

Independent Development of the Trade Secret

If the defendants independently developed the alleged trade secret, the acquisition of the trade secret does not breach the confidential relationship and does not constitute misappropriation. However, the burden is on the defendant to prove independent development. Moreover, the defendants must go beyond proving the mere capability of developing or acquiring the secrets independently, and must establish that he or she in fact did so. It is no defense that the trade secrets in question could have been developed independently and without resort to confidential information.

Granted:        _____

Denied:         _____

Amended:        _____

Withdrawn:      _____

Source: *Affiliated Hospital Products, Inc. v. Baldwin*, 373 N.E. 2d 1000, 1006 (App. Ill. 1978) *(stating that "it is no defense that the design or process in question could have been developed independently and without resort to confidential information.") ; Unger Electric Tools, Inc. v. Sid Ungar Co., 192 Cal. App. 2d 398, 13 S. Rptr. 268, 271 (Dist. C. App., 2d Dist. Calif. 1961) (holding that "it matters not that the defendants could have gained their knowledge from a study of the expired patent and that plaintiffs' publicly marketed product. The fact is that they did not. Instead, they gained it from the plaintiffs prior to confidential relationship, and so doing incurred a duty not to use it for plaintiffs' detriment").*

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL CT\PLDGS\JURY INSTR.doc

24

Plaintiffs' Proposed Jury Instruction No.

Misappropriation of a Trade Secret

If you find that plaintiffs' budget process and information are trade secrets, you must determine if plaintiffs' trade secrets were misappropriated by the defendant.

"Misappropriation" of a trade secret is defined as any one or more of the following:

1.  the acquisition of a trade secret by a person who knows or has reason to know that the trade secret was acquired by improper means; or

2.  the use of a trade secret without express or implied consent by a person who used improper means to acquire knowledge of the trade secret; or

3.  the use of a trade secret by a person who at the time of the use knew or should have known that his knowledge of the trade secret was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use.


Granted:       _____

Denied:        _____

Amended:       _____

Withdrawn:     _____

Source:  Fla. Stat. §688.002(1) and (2) and §688.004 (1997); Dotolo v. Schouten, 426 So.2d 1013 (Fla. 2d DCA 1983); see also, Mangren Res. & Dev. Corp. v. National Chem. Co., Inc., 87 F.3d 937, 943 (7th Cir. 1996) (applying the general definition of misappropriation).

Plaintiffs' Proposed Jury Instruction No.

Damages – Trade Secrets

If you find from the evidence and prior instructions that any of the Defendants have misappropriated the plaintiffs' trade secrets, you must then fix the amount of money which reasonably, fairly and fully compensates plaintiffs for the losses occasioned by such conduct.

Whether any of the claimed elements of damage have been proved by the evidence is for you to determine. Your verdict must be based on evidence, not upon speculation, guesswork or conjecture. However, plaintiffs are not obligated to offer a mathematically precise measurement of those damages. Therefore, mere uncertainty in the damages calculation should not preclude recovery by plaintiffs. You need only make a just and reasonable estimate of their damages based upon the relevant information provided.

Damages include both the actual loss caused to plaintiffs by defendants' misappropriation and the unjust enrichment caused by defendants' misappropriation that is not taken into account in computing actual loss. Here, plaintiffs' actual loss may include the profits plaintiffs' would have made on the Hammock Dunes development but for defendant's misappropriation. The unjust enrichment may be the profits which Defendants have made because of their misappropriation.

Granted:        _____

Denied:        _____

Amended:        _____

Withdrawn:        _____

*Source: Fla. Stat. §688.004 (1997). Mangren Res. & Dev. Corp. v. National Chem. Co., Inc., 87 F.3d 937 (7th Cir. 1996) (finding that "the fact that defendants may not have personally benefited from sales is not dispositive...so long as defendants' misappropriation was a 'but for' cause of the*

F \docs\dec\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\JURY INSTR doc

*third party's sales."); General Clutch Corp. v. Lowry, 10 F.Supp. 124 (D. Conn. 1998); Dragon Med. & Scientific Community, Ltd., 891 F.Supp. 935 (S.D.N.Y. 1995); University Computing Co. v. Lykes Youngstown Corp., 504 F.2d 518 (5th Cir. 1974); Electro-Miniatures Corp. v. Wendon Co., 771 F.2d 23 (2d Cir. 1985); Salsbury Laboratories, Inc. v. Merieux Laboratories, Inc., 735 F.Supp. 1555, 1573-74 (M.D. Ga. 1989), modified on other grounds, 908 F.2d 706 (11th Cir. 1990).*

Plaintiffs' Proposed Jury Instruction No. _____

Exemplary Damages – Trade Secrets

If you find that any of the Defendants misappropriated a trade secret from Plaintiffs, then Plaintiffs may be entitled to exemplary or punitive damages. You should keep in mind that the purpose of such damages is to punish a wrongdoer and to deter or prevent that wrongdoer from repeating such conduct in the future. In addition, such an award is to serve as a warning to others. In your deliberation regarding these damages, you are to consider the purpose for such damages and the Defendants' conduct.

You are instructed that in order for the Plaintiffs to be entitled to exemplary or punitive damages, you must determine that the Defendants willfully and maliciously misappropriated the Plaintiffs' trade secrets.

The term "willful" means that the Defendants acted without regard to the legal rights of the Plaintiffs. "Malicious" means that the Defendants acted with hatred, ill will, or for the wrong reasons. "Malicious" also means that the Defendants intentionally undertook the wrongful act without just cause or excuse. These terms indicated intentional wrongful conduct or reckless indifference to Plaintiffs' rights.

Should you decide to award punitive or exemplary damages, you shall have to fix the amount of such damages, but they can be no more than two times the amount of the actual damages awarded to the Plaintiffs.

Granted:        _____

Denied:         _____

Amended:        _____

Withdrawn:      _____

*Source:*       *Fla. Stat. §688.004*

Plaintiffs' Proposed Jury Instruction No. _____

Existence of Joint Venture Relationship

The next issue for your consideration is the Plaintiffs' claim that they were engaged in a joint venture with the Defendants for the purchase, development, and marketing of the Hammock Dunes Project, and that the Defendants engaged in a course of conduct that wrongfully violated their duties to the Plaintiffs as joint venturers. To recover on this claim, the Plaintiffs must first prove the existence of a joint venture relationship by a greater weight of the evidence.

A joint venture is business relationship that has many of the characteristics of a partnership, but is less formal and more limited in scope than a partnership. A joint venture is a special combination of two or more persons, who, in some specific venture, seek a profit jointly without the existence between them of any actual partnership, corporation, or other business entity. It is an association of persons to carry out a single business enterprise for profit.

A joint venture relationship must arise out of an agreement; however, you may find for the Plaintiffs even if the agreement is not in the form of a formal written agreement. Nor is it necessary that the contract particularly specify or define the rights and duties of the parties. A joint venture agreement may be inferred from the conduct of the parties, or from facts and circumstances which make it appear that a joint enterprise was in fact entered into. The consideration for the joint venture contract may be a promise, express or implied, to contribute capital or labor to the enterprise.

Granted:        _____

Denied:        _____

Amended:      _____

Withdrawn:     _____


_Source_:  *Kislak v. Kreedian, 95 So.2d 510, 514 (Fla. 1957); Florida Tomato Packers, Inc. v. Wilson, 296 So.2d 536, 539 (Fla. 3d DCA 1974), cert. denied, 327 So.2d 32 (Fla. 1976); Navarro v. Espino, 316 So.2d 646, 648 (Fla. 3d DCA 1975).*

Plaintiffs' Proposed Jury Instruction No. _____

Joint Venture – Elements

To establish that a joint venture relationship existed in this case, the Plaintiffs have the burden of proving, by the greater weight of the evidence, each of the following five elements:

1.  <u>A community of interest in the performance of a common purpose</u>. If you find from the evidence that there was a common of interest between the Plaintiffs and the Defendants to purchase, develop, and market the Hammock Dunes Project, then the first element of a joint venture has been established.

2.  <u>Joint control or right of control</u>. The "joint control" element does not require that each party must have an equal right to control all aspects of the venture, but only that each party have the right to exercise control over the particular aspect of the business for which it is responsible. A joint venture may be found to exist if there was shared control, which was split or divided by mutual agreement between the parties.

3.  <u>A joint proprietary interest</u>. The requirement that each joint venturer have a proprietary interest in the enterprise does not mean that each participant must have an ownership interest in the assets. A joint venture will be recognized where one party contributes the capital and remains the sole owner of the assets, while the other provides only its labor, experience, and skill.

4.  <u>A right to share in the profits</u>. To prove the existence of a joint venture, the Plaintiffs must prove that there was an agreement, which may be express or implied, under which it was entitled to share in the profits. It is not necessary that the profits be divided equally, but only that they be shared on some basis. As a matter of law, if you find that there was an agreement to share

profits, then you should presume from that fact that a joint venture relationship existed. The burden then shifts to the Defendants to prove that no such joint venture existed.

5. <u>A duty to share in any losses</u>. Each member of a joint venture must have a duty to share the burden of any losses sustained by the enterprise; however, this duty does not necessarily mean that each joint venturer must be obligated to contribute funds towards the payment of debts. By law, a duty to share in losses exists where one party supplies the labor, experience, and skill, and the other the necessary capital, since in the event of a loss, the party supplying the know-how would have exercised his efforts in vain and the party supplying the capital would have suffered a diminishment thereof.

Granted:        _____

Denied:         _____

Amended:        _____

Withdrawn:      _____

<u>Source:</u>   *Kislak v. Kreedian, 95 So.2d 510, 514 (Fla. 1957); Arango v. Reyka, 507 So.2d 1211 (Fla. 4th DCA 1987); Julian Consolidated, Inc. v. Conrad, 553 So.2d 784 (Fla. 1st DCA 1989); Uhrig v. Redding, 8 So.2d 4, 6 (Fla. 1942); Russell v. Thielen, 82 So.2d 143, 146 (Fla. 1955); Florida Tomato Packers, Inc. v. Wilson, 296 So.2d 536, 539 (Fla. 3d DCA 1974), cert. denied, 327 So.2d 32 (Fla. 1976); Lindberg v. Creative Construction of Palm Beach, Inc., 522 So.2d 467, 468-69 (Fla. 4th DCA 1988); Kislak v. Kreedian, 95 So.2d 510, 514 (Fla. 1957); Viking Realty, Inc. v. Balzebre, 535 So.2d 687, 688-89 (Fla. 3d DCA 1988); Arango v. Reyka, 507 So.2d 1211 (Fla. 4th DCA 1987); §620.8202, Fla. Stat.; Florida Tomato Packers, Inc. v. Wilson, 296 So.2d 536, 539 (Fla. 3d DCA 1974), cert. denied, 327 So.2d 32 (Fla. 1976); Russell v. Thielen, 82 So.2d 143, 146 (Fla. 1955).*

Plaintiffs' Proposed Jury Instruction No. _____

Joint Venture – Breach of Fiduciary Duties

If you find from the evidence that the parties were engaged in a joint venture to purchase and develop Hammock Dunes, then you must next determine whether the Defendants, by their conduct, violated any fiduciary duty or obligation that they owed to the Plaintiffs as joint venturers.

When parties are engaged in a joint venture, the law provides that there is a fiduciary relationship between them. In a fiduciary relationship, each party owes to the others certain duties requiring them to deal with each other fairly and in good faith. Under law, a joint venturer's duty of loyalty to the other joint venturers includes the following:

1.  To be accountable to the joint venture and hold any profit, benefit, opportunity or property for the joint venture;

2.  To refrain from adversely dealing with the joint venture in the conduct of the venture's business; and

3.  To abstain from competing with the joint venture in the conduct of the venture's business.

A joint venturer must discharge the duties to the joint venture and the other joint venturers and exercise any rights consistently with the obligation of good faith and fair dealing.

You will find for the Plaintiffs if you find that the Defendants violated a fiduciary duty that they owed to the Plaintiffs as a result of the joint venture relationship.

If you find from the evidence and prior instructions that any of the Lane Defendants, or H.D. Associates and the Eiger Companies, violated their fiduciary duties to the Plaintiffs as joint

F \docs\doc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\JURY INSTR doc

34

venturers, you must then fix the amount of money which reasonably, fairly and fully compensates Plaintiffs for the losses occasioned by Defendants' conduct.

You should consider the following elements of damage, to the extent you find them proved by the greater weight of the evidence:

(a) Any Defendant that wrongfully left the joint venture is liable to the Plaintiffs for damages caused by leaving;

(b) Any Defendant that wrongfully took the joint venture opportunity to purchase and develop the Hammock Dunes Project is liable to the Plaintiffs for the loss suffered by the Plaintiffs as a result of the loss of its ability to participate in that joint venture opportunity;

(c) Any Defendant that wrongfully used or allowed others to use the Plaintiffs' trade secrets to consummate the purchase and development of Hammock Dunes Project for their own benefit, while intending not to honor the Plaintiffs' rights as a participant in the joint venture, is liable to the Plaintiffs for the damages they suffered as a result of the deprivation of their share of the joint venture.

Granted: _____

Denied: _____

Amended: _____

Withdrawn: _____

*Source: R.W. Eades, Jury Instructions in Commercial Litigation (1996), Instruction 1-17, at 25; Order on Defendants' Motions for Summary Judgment, entered in this case November 21, 2001, at 14 e.g., DeRibeaux v. Del Valle, 531 So.2d 992, 993-94 (Fla. 3d DCA 1988); §620.840, Fla. Stat.; Eleventh Circuit Pattern Jury Instruction 3.3.; §§620.8602(3), Fla. Stat.*

Plaintiffs' Propose Jury Instruction No. _____

Breach of Fiduciary Duty

The next issue for your consideration is Plaintiffs' claims that H.D. Associates and the Eiger Companies, the Eiger Individuals, and the Lane Defendants, or any of them, violated a fiduciary duty or obligation that the Defendant owed to Plaintiffs.

You will find for the Plaintiffs if you find from the evidence that the following three (3) elements existed:

1.  A fiduciary relationship existed;

2.  the Defendant violated that fiduciary obligation;

3.  the Plaintiffs suffered losses or damages which were caused by the breach of the obligation.

The law recognizes that a special relationship, known as a fiduciary relationship, may exist between the parties. A fiduciary relationship may be implied by the conditions or circumstances found in the facts. You shall find that a fiduciary relationship exists if you find that the facts or circumstances indicate that a relationship arose where the Plaintiffs had a special confidence or trust in a Defendant, such that in good confidence, the Defendants were bound to act in good faith and with due regard to the Plaintiffs best interest.

If you find that the Plaintiffs and a Defendant had a joint venture partnership as was described earlier, the law requires that you find a fiduciary relationship between all those in the joint venture.

F \docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL CT\PLDGS\JURY INSTR doc

36

The law forbids those in a fiduciary relationship from acting in any manner adverse or contrary to the interests of the other, or acting for the Defendants own benefit in relations to the Hammock Dunes development. If a fiduciary relationship existed, the Defendants were required to use best efforts on Plaintiffs' behalf, and are required to make truthful and complete disclosures to the Plaintiffs.

You are instructed that you should assess the amount of damages you find to be justified by the greater weight of evidence as full, just and reasonable compensation for all of the Plaintiffs' actual damages.

Granted: _____

Denied: _____

Amended: _____

Withdrawn: _____

<u>Source</u>: *Eleventh Circuit Pattern Jury Instructions (1999) No. 3.3.*

F \docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL CT\PLDGS\JURY INSTR doc

Plaintiffs' Proposed Jury Instruction No. ____

Promissory Estoppel

The next matter for your consideration is Plaintiffs' claim that the Defendants made certain promises that the Plaintiffs relied upon and in the interest of justice Defendants, cannot deny their obligations under these promises.

In this instance, the Plaintiffs claim that the Defendants promised that Plaintiffs would be employed and compensated consistent with the terms of the Management, Development and Marketing Agreement. Specifically, Plaintiffs claim that Defendants promised the following compensation package and profit participation to Plaintiffs:

1.  Plaintiffs would complete the necessary due diligence process to acquire the Hammock Dunes Project, and Defendants would compensate Plaintiffs one percent (1%) of the cost of acquiring the Hammock Dunes Project;

2.  Upon acquisition of the Hammock Dunes Project, Plaintiffs would be in charge of the operation, marketing and management of the Hammock Dunes Project, and Defendants would pay Plaintiffs a management fee of $12,000 per month for these services;

3.  Plaintiffs be the real estate broker for the purpose of selling property within the Hammock Dunes Project, and Defendants would pay Plaintiffs a four percent (4%) commission at the completion of each sale;

4.  Finally, Plaintiffs would be entitled to a share of the profits gained by the Hammock Dunes Project in the amount of thirty percent (30%), after a twelve percent (12%) return to capital and repayment of all capital and debt.

To prevail on this claim, Plaintiffs must prove each of the following facts by the greater weight of the evidence:

First:    That the Defendants made a promise to the Plaintiffs, or that Defendants stood silent when common honesty and fair dealing demanded that they speak;

Second:        That the Plaintiffs relied on that promise or Defendants' silence to Plaintiffs' detriment;

Third:         That the Defendants reasonably should have expected that the promise would cause or induce Plaintiffs to continue to act and incur expenses;

Fourth:        That injustice can only be avoided by enforcing the terms of the promise against the Defendants.

In determining whether injustice can be avoided, you may consider the reasonableness of Plaintiffs' reliance on Defendants' promise, the extent to which Plaintiffs' actions evidence the making and terms of the promise, the reasonableness of Plaintiffs' actions, and the extent to which Plaintiffs' actions were foreseeable to the Defendants.

If you find for the Defendants, you need not address the issue of damages. If you find for the Plaintiffs, you should award Plaintiffs an amount of money that the greater weight of the evidence shows will fairly and adequately compensate for the loss or damage as was caused by Defendants' failure to live up to their promises.

Granted:        _____

Denied:         _____

Amended:        _____

Withdrawn:      _____

Source: Mobil Oil Corp. v. Dade County Esoil Mgmt. Co., 982 F.Supp. 873, 880 (S.D. Fla. 1997); Swerhun v. General Motors Corp., 812 F.Supp. 1218, 1221 (9 M.D. Fla. 1993); W.R. Grace & Co. v. Geodata Services, Inc., 547 So.2d 919, 924 (Fla. 1989); Crown Life Ins. Co. v. McBride, 517 So.2d 660, 662 (Fla. 1988); W.R. Townsend Contracting, Inc. v. Jensen Civil Cons., Inc., 728 So.2d 297, 301 (Fla. 1st DCA 1999); Doe v. Univision Television Group, Inc., 717 So.2d 63, 64 (Fla. 3d DCA 1998); Davis v. Evans, 132 So.2d 476, 481 (Fla. 1st DCA 1961); Restatement (Second) of Contracts §§90, 138 (1979).

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\JURY INSTR.doc

Plaintiffs' Proposed Jury Instruction No. _____

Interference with Contract or with Prospective Business Relations

The next issue for your determination is the Plaintiffs' claim against H.D. Associates and the Eiger Companies, and the Eiger Defendants and Eiger Individuals that these Defendants, or any of them, interfered with business relations between Plaintiffs and the Lane Defendants and did no improperly and intentionally; and if so, whether such interference caused damage to Plaintiffs.

The first question is whether these Defendants interfered with Plaintiffs business relations or contract with the Lane Defendants by inducing or otherwise causing the Lane Defendants not to continue doing business with Plaintiffs or the Lane Defendants to terminate or bring to an end a contract or business relationship for the acquisition and development of the Hammock Dunes Project.

Intentional interference with another person's contract or business relationship is improper. If these Defendants did interfere with Plaintiffs' business relations with the Lane Defendants or cause the Lane Defendants to cease doing business with Plaintiffs, then the next question is whether, as contended by Plaintiffs, the interference by the Eiger Defendants was improper. A person who enjoys business relations with another is entitled to protection from improper interference with that relationship. However, another person is entitled to advance his own financial interest so long as he has a proper reason or motive and he uses proper methods.

A person who interferes with the business relations of another with the motive and purpose, at least in part, to advance his own business or financial interests, does not interfere with an improper motive. But, one who interferes only out of spite, or to do injury to others, or for other bad motive, has no justification, and his interference is improper.

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL CT\PLDGS\JURY INSTR.doc

40

If the Eiger Defendants' or Eiger Individuals' interference was improper, the last question is whether it was intentional as well. Interference is intentional if the person interfering knows of the business relationship with which he is interfering, knows he is interfering with that relationship, and desires to interfere or knows that interference is substantially certain to occur as a result of his action.

If you find for the Eiger Defendants and Eiger Individuals, you will not consider the matter of damages. But, if you find for Plaintiffs, you should award Plaintiffs an amount of money that the greater weight of the evidence shows will fairly and adequately compensate for such loss or damage as was caused by the intentional interference.

Granted: _____

Denied: _____

Amended: _____

Withdrawn: _____

Source: *Florida Supreme Court Model Jury Instructions (2000) No. M.I. 7.2.*

Plaintiffs' Proposed Jury Instruction No. _____

Conspiracy

The next issue for your consideration is Plaintiffs' claim that two or more of the Defendants conspired to harm the Plaintiffs. You are instructed that when one person conspires with another person to commit an intentional or willful act, those parties are each liable for the injury or losses that are caused to the Plaintiffs by the conspiracy to commit those acts.

If you find from the evidence that the acts committed against the Plaintiffs were committed pursuant to a mutual agreement between any two of the Defendants to act to the detriment of the Plaintiffs, that these acts were carried out against the Plaintiffs in accordance with that mutual agreement, and that the Plaintiffs suffered harm as a result of those acts, then you shall find for the Plaintiffs. If you find for Plaintiffs, you should award Plaintiffs an amount of money that the greater weight of the evidence shows will fairly and adequately compensate for such loss or damage as was caused by the conspiracy.

Granted:         _____

Denied:          _____

Amended:         _____

Withdrawn:       _____

Source: Chrysler Credit Corp. v. Whitney Nat'l Bank, 51 F.3d 553 (5th Cir. 1995); Recoreredge L.P. v. Pentecost, 44 F.3d 1284 (5th Cir. 1995).

F.\docs\dec\DOCS\LOCHMERE\PLDGS\FEDERAL CT\PLDGS\JURY INSTR.doc

Plaintiffs' Proposed Jury Instruction No. _____

Election of Foreman; **Verdict Forms**

When you retire to the jury room, you should **select one** of your number to act as foreman [or forewoman] to preside over your deliberations and **sign your** verdict[s]. Your verdict[s] must be unanimous, that is, your verdict[s] must be agreed by **each of you**.

You will be given _____ forms of verdict, which **I shall now** read to you:

If you find for the Plaintiffs, your verdict will **be in the following** form: (read form of verdict).

If you find for the Defendants, your verdict will **be** in the following form: (read form of verdict).

When you have agreed on your verdict[s], the **foreman** or forewoman, acting for the jury, should date and sign the appropriate forms of verdict. **You** may now retire to consider your verdict[s].

Granted:         _____

Denied:          _____

Amended:        _____

Withdrawn:      _____

Source: *Florida Supreme Court Model Jury Instructions (2000) No. 7.2.*

F:\docs\doc\DOCS\LOCH\MERE\PLDGS\FEDERAL CT\PLDGS\JURY INSTR.doc