UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC. and
LOCHMERE REALTY, INC.,



**FILED** C&/
/2/4/01
**IN OPEN COURT**

        Plaintiffs,

v.

        Case No.: 8:00-CV-1026-T-27B

EIGER FUND I, L.P., et al.

        Defendants.

_____/

### DEFENDANTS' RESPONSE TO
### PLAINTIFFS' MOTION FOR RECONSIDERATION

Defendants Eiger Fund I, L.P., Eiger, Inc., Eiger Partners, L.P., H.D. Associates, L.P., Dunes Operating Company, L.P., and 2M Dunes, L.L.C., by and through their undersigned counsel submit the following Response to Plaintiffs' Motion for Reconsideration. In support thereof, Defendants state as follows:

(1)     An examination of the Second Amended Complaint clearly shows that Plaintiffs' claims for unjust enrichment and quantum meruit are premised on Defendants' alleged use or disclosure of trade secrets. Specifically, Plaintiffs allege that it "conferred a benefit" upon Defendants by providing its "skills, creativity and proprietary information without compensation" and that Defendants are "using information and data collected by Lochmere for use in the Project in violation of Florida's Trade Secret Act." (Second Am. Compl. at ¶¶ 284, 285, 290, 291). There is no basis for recovery other than the alleged trade secrets or proprietary information.

(2)     UTSA, Fla. Stat. § 688.008(1), displaces restitutory laws as well as common law tort and other conflicting laws concerning misappropriation of trade secrets.

112142

*197*

(3)    Courts accordingly have held that claims for both unjust enrichment and quantum meruit are preempted when the subject of the alleged benefit is a trade secret.  See GlassTech, Inc. v. TGL Tempering Systems, Inc., 50 F.Supp. 722, 730 (N.D. Ohio 1999); Hutchinson v. KFC Corp., 809 F. Supp. 68, 71 (N.D. Ill. 1995); Web Communications Group, Inc. v. Gateway 2000, 889 F.Supp. 316, 321 (N.D. Ill. 1995).

(4)    UTSA, Fla. Stat. § 688.004(1), encompasses a remedy for unjust enrichment as part of statutory damages.

For the foregoing reasons, Plaintiffs' claims for unjust enrichment and quantum meruit are preempted by the Florida Uniform Trade Secrets Act.  Accordingly, Plaintiffs' Motion for Reconsideration should be denied.

11214.2

2

Respectfully submitted,

Alan S. Loewinsohn, Esq.
State Bar No. 12481600
Carol E. Farquhar, Esq.
State Bar No. 06828300
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road
Suite 110
Dallas, Texas 75252
(972) 713-1300
(972) 713-1313 - Facsimile

Timothy A. Andreu, Jr.
State Bar No. 443778
Glenn Rasmussen & Fogarty
100 South Ashley Drive, Suite 1300
Tampa, FL 33602
(813) 229-3333
(813) 229-5946 - Facsimile

ATTORNEYS FOR EIGER FUND, L.L.P., EIGER, INC., EIGER PARTNERS, L.P., 2M DUNES, L.L.C.,DUNES OPERATING COMPANY, L.P., AND H.D. ASSOCIATES, L.P.

112142                                    3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

hand delivery upon all of the following-named addressees this 4th day of December, 2001.

Gregory J. Orcutt, Esq.
Bricklemyer, Smolker & Bolves, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602

James B. Murphy, Jr., Esq.
Paul W. Rebein, Esq.
Shook, Hardy & Bacon L.L.P.
100 North Tampa Street, Suite 2900
Tampa, FL 33602

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Avenue, Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

ATTORNEY

112142                    4