FILED

01 DEC 10 PM 3: 50

# UNITED STATES DISTRICT COURT
## Middle District of Florida – Tampa Division

LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

      Plaintiffs,

vs.

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company; EIGER
FUND 1, L.P., a Delaware limited partnership;
EIGER PARTNERS, L.P., a Delaware limited
partnership; DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC., a
Texas corporation; JTL CAPITAL, L.L.C., a
Texas limited liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
PAUL E. ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and, WILLIAM S. BUCHANAN, an individual,

      Defendants.

CASE NO.: 8:00-CV-1026-T-27TGW
State Court No.: 00-02525/Div. I

_____/

## PLAINTIFFS' MOTION IN LIMINE TO STRIKE EXPERT TESTIMONY OF EDWARD P. MONTGOMERY AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE REALTY,

INC. ("Lochmere"), by and through the undersigned counsel, move to strike testimony of

Edward P. Montgomery, Jr. ("Montgomery"), designated by Defendants, H.D.

200

ASSOCIATES, L.P., a Delaware Limited Partnership ("H.D. Associates"), EIGER, INC., a Delaware corporation, and 2M DUNES, L.L.C., a Texas Limited Liability Company; EIGER FUND 1, L.P., a Delaware Limited Partnership; Eiger Partners, L.P., a Delaware Limited Partnership (collectively, the "Eiger Companies"), and PAUL E. ROWSEY, III, an individual; C. TODD MILLER, an individual; DAVID M. JACOBS, an individual; and WILLIAM S. BUCHANAN, an individual (collectively, the "Eiger Individuals")(the Eiger Companies and the Eiger Individuals will be collectively referred to as the "Eiger Defendants"), and FLEET NATIONAL BANK, N.A., a National Banking Association ("Fleet"), and in support thereof state:

1.      Mr. Montgomery, a Certified Public Accountant, in his report, dated June 18, 2001, stated:

> ". . . we believe that any knowledgeable real estate professional with adequate staffing resources, could generate a pro forma model producing similar cash flow results. . . within an approximate 60 day time period. An equivalent model could have been produced in a matter of days with additional staffing resources, provided that all information needed to accurately produce the model was available."

2.      On Friday, December 7, 2001, the Court ruled that Plaintiffs' expert, Richard C. Brown was not allowed to opine on the amount of time a real estate developer would require to replicate the budget at issue here as it was an issue in the jury's province. Further, the Court ordered that Brown would not be permitted to testify that the budget information provided by Plaintiffs was proprietary.  The Court indicated that despite Mr.

F:\docs\DAM\Orcutt\LOCHMERE\Mem-expert testimony.doc

Brown's experience in real estate, such opinions were beyond the scope of the expertise of an accountant, and that this type of activity was not generally what a CPA would do.

3.      It would be patently inequitable to prevent the Plaintiffs from eliciting this testimony on this subject, while allowing the Defendants' expert to testify to the contrary position.

## MEMORANDUM OF LAW

### Montgomery's Testimony Should be Stricken Because His Work does not Satisfy the Factors Set Forth in Daubert

Pursuant to Rule 702, experts may testify on a particular subject if the trial court determines that such *specialized opinion is* necessary to aid the jury in a full understanding of the issues involved.  Steward v. Atlantic Refining Co., 240 F.2d 715 (3rd Cir. 1957) *(emphasis added)*.  The subject matter of the expert testimony must be closely related to a particular profession, business or science and not within the common knowledge of the average layman.  Faircloth v. Lamb-Grays Harbor Co., Inc., 467 F.2d 685 (5th Cir. 1972). Witnesses of *proved experience in a trade or business* are ordinarily considered qualified to testify as to such opinions. U.S. v. Wysocki, 457 F.2d 1155 (5th Cir. 1972) *(emphasis added)*, *cert. denied.* 93 S.Ct. 145, 409 U.S. 859, 34 L.Ed.2d 105.  Expert witnesses must have experience in transactions as similar as possible to the transaction upon which they are being asked to comment.  Havenfield Corp. v. H & R Block, Inc., 509 F.2d 1263 (8th Cir. 1975), *cert. denied*, 95 S.Ct. 2395, 421 U.S. 999, 44 L.Ed.2d 665.  Several courts have excluded expert testimony where the expert did not possess the requisite experience to

F:\docs\DAM\Orcutt\LOCHMERE\Mem-expert testimony.doc

apply analysis to the facts of the case. <u>Delmer v. Cincinnati Sub-Zero Prod.</u>, 58 F.3d 341, 345 (7th Cir. 1995); <u>Wintz v. Northrop Corp.</u>, 110 F.3d 508, 514 (7th Cir. 1996)(exclusive of testimony of toxicologist due to lack of experience with bromide and birth defects in general). <u>Nilssen v. Motorola, Inc.</u>, 1998 WL 513090 at *12 (N.D. III 1998)(excluding a damages expert's testimony because the expert had never before formed an opinion like the one at issue in the case); <u>Sittig v. Louisville Ladder Group, LLC</u>, 136 F.Supp. 2d 610, 619 (W.D. La. 2001)(experts' lack of experience and training in ladder design, rendered experts' opinions unreliable).

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that this Court strike the opinions of Edward P. Montgomery regarding the amount of time a real estate professional could generate a budget similar to the one at issue here and, if offered, whether the budget constitutes proprietary information.

## CERTIFICATION OF CONFERENCE

In accordance with Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida, I hereby certify that James Murphy, Esquire at Shook, Hardy & Bacon L.L.P., counsel for Eiger Fund I. L.P., Eiger Partners L.P., H.D. Associates, L.P., Dunes Operating Company, L.P. and 2M Dunes, L.L.C., and Fleet

F \docs\DAM\Orcutt\LOCHMERE\Mem-expert testimony.doc

4

National Bank, N.A. was contacted in a good faith effort to obtain an agreement on the above motion. Counsel for Defendants objects to the relief sought in this motion.

By: _____
Jay J. Bartlett
Florida Bar No. 875163

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion In Limine to Exclude Expert Testimony of Edward P. Montgomery and Incorporated Memorandum of Law has been provided by Facsimile all parties on the attached Service List this 10th day of December 2001.

Respectfully submitted,

By: _____
Jay J. Bartlett
Florida Bar No. 875163
Gregory J. Orcutt
Florida Bar No. 230855
BRICKLEMYER SMOLKER & BOLVES, P.A.
500 E. Kennedy Boulevard, Suite 200
Tampa, Florida 33602
Telephone: (813) 223-3888
Facsimile: (813) 228-6422
Attorneys for LOCHMERE DEVELOPMENT
GROUP, INC. and LOCHMERE REALTY,
INC.

F:\docs\DAM\Orcutt\LOCHMERE\Mem-expert testimony.doc

5

## SERVICE LIST

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL  33602

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Jo E. Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX  75252

(Attys. for H.D. ASSOCIATES, L.P. DUNES
OPERATING COMPANY, L.P., EIGER, INC.,
2M DUNES, L.L.C., EIGER FUND 1 L.P.,
EIGER PARTNERS, L.P., PAUL E. ROWSEY, III,
C. TODD MILLER, DAVID M. JACOBS,
WILLIAM S. BUCHANAN and FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON, N.A.

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013
(Attys. for DAVID LANE, BARNETT LANE INVESTMENTS, INC. AND JTL CAPITAL,
L.L.C.)

F:\docs\DAM\Orcutt\LOCHMERE\Mem-expert testimony.doc

6