UNITED STATES DISTRICT COURT
Middle District of Florida



LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

    Plaintiffs,

vs.

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C.,
a Texas limited liability company; EIGER
FUND 1, L.P., a Delaware limited partnership;
EIGER PARTNERS, L.P., a Delaware limited
partnership;  DAVID LANE, an individual;
BARNETT LANE INVESTMENTS, INC., a
Texas corporation; JTL CAPITAL, L.L.C., a
Texas limited liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
PAUL E. ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and, WILLIAM S. BUCHANAN, an individual,

    Defendants.

_____/

**FILED**
12/13/01
**IN OPEN COURT**

CASE NO.: 8:00-CV-1026-T-27TGW
State Court No.: 00-02525/Div. I

## PLAINTIFFS' MEMORANDUM OF LAW REGARDING STATUTE OF FRAUDS

The Defendants contend that Lochmere's claims based on an oral joint venture

agreement are barred by the *Statute of Frauds, §725.01, Florida Statutes (2000)*, which

provides in pertinent part that "[n]o action shall be brought...upon any agreement that is not

F \docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL CT\PLDGS\ST-FRAUDS MOL.doc



to be performed within the space of one year from the making thereof...unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized." Under Florida law, however, the courts have consistently held that the statute of frauds does not apply to an oral joint venture agreement for the development and resale of real property, unless the agreement provides for a conveyance of specific property from one of the parties to another. _Russell v. Thielen_, 82 So.2d 143, 146 (Fla. 1955); _McCloud v. Davison_, 719 So.2d 995, 997 (Fla. 5th DCA 1998); _Futch v. Head_, 511 So.2d 314, 318 (Fla. 1st DCA 1987); _Blynn v. Hirsch_, 124 So.2d 314, 315 (Fla. 3d DCA 1960).

_Russell v. Thielen_ involved an oral agreement that the Russells, a couple seeking to invest in Florida real estate, entered into with Theilen and Thierry, who were "developers with the 'know-how' to sell and develop land," for the purpose of purchasing and developing an abandoned subdivision. When sales declined, the Russells reneged on the agreement, and Thielen and Thierry sued for a declaration that a joint venture existed. The trial court found that a joint venture existed, and the Russells appealed to the Florida Supreme Court asserting, among other things, that any joint venture agreement was rendered unenforceable by the statute of frauds. Rejecting that contention, the Florida Supreme Court opined:

As to the question whether the statute of frauds, F.S.A. § 725.01, applies to the formation of a joint venture to develop and sell real estate, it is fairly well settled that the statute does not present a barrier to an otherwise valid agreement. The rule is well stated in *2 Corbin on Contracts, Sec. 418,* as follows:

> "A contract between two persons to go into the business of buying and selling real estate as partners or as joint adventurers, sharing profits and losses thereof, is not within [the statute of frauds] unless there is a provision for transfer of specific land from one party to the other."

*82 So.2d at 146.*

*Russell* was subsequently cited as authority for the application of the same principle in *Blynn v Hirsch,* where the plaintiff sought to enforce an oral agreement whereby the parties had entered into a joint venture to purchase 50 acres of unimproved land. The trial court granted the defendant's motion to dismiss on the ground that the oral contract came within the purview of the statute of frauds, but the Third District reversed, explaining:

> A distinction is generally recognized between an oral contract which by its terms provides for transfer of specific land from one party to the other, and one which has as its subject matter an agreement between the contracting parties to procure such an estate from a person or persons not parties to the contract. The first is rendered unenforceable by the statute; the second is not.

*124 So.2d at 315.*

In *Futch v. Head,* the parties were real estate agents who entered into an oral agreement to work together on a deal for the sale of an interest in a parcel of land. After Futch acquired a 20% interest in the property for arranging the sale, she refused to compensate Head, and he sued claiming that she had breached their oral agreement.

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\ST-FRAUDS MOL.doc

From the judgment entered in favor of Head, Futch appealed, arguing that the trial court erred in finding Head's breach of contract claim was not barred by the statute of frauds. The First District, relying on *Russell* and *Blynn*, rejected her argument and affirmed the trial court's ruling:

> The agreement between Head and Futch was outside the statute because its subject was not the transfer of land from one of the contracting parties to the other. ...Futch would distinguish the *Russell* decision by contending that *Russell*, unlike the instant case, concerned joint venturers. Futch submits that Head never proved at trial that the two were joint venturers. Therefore, Futch concludes, the *Russell* holding does not govern the disposition of the statute of frauds issue.
>
> We disagree with this analysis. The application of the rule expressed in *Russell* and *Blynn* does not appear to turn on whether the contracting parties were joint venturers. What takes the type of oral agreement involved in the instant case outside of the statute is the fact that it contained no provision for transferring specific property from one of the parties to the other. ...Head and Futch were partners in their quest to sell the Melroe property even if the precise nature of their partnership is somewhat obscured by a welter of conflicting testimony.

*511 So.2d at 318 (citations omitted).*

In a footnote, the court expressed its belief that the parties were in fact joint venturers, but observed that the distinction between a partnership and a joint venture in this context was "substantively meaningless for purposes of determining whether a particular agreement is within the statute of frauds." *Id.* at 318 n.1.

The First District in *Futch* also ruled that the statute of frauds would be rendered inapplicable based on two alternative grounds. First, noting that "Head had performed his duties under the contract and had only to receive payment from Futch," the court applied

the doctrine that "[p]artial or complete performance removes an agreement from the statute of frauds irrespective of whether such an agreement contains as the subject the conveyance of land." *Id. at 319.* In addition, the court concluded that because the agreement did not by its terms indicate that performance could not be completed within one year, it was outside the statute of frauds. *Id.*

Finally, in *McCloud v. Davison*, the Fifth District applied *Russell*, *Futch*, and *Blynn* to reverse a summary judgment that had found the statute of frauds barred enforcement of an agreement between the parties to purchase, rehabilitate, and sell a parcel of residential property. The Fifth District stated:

> An oral agreement between two or more persons to go into the business of buying and selling real estate as partners or as joint venturers and sharing profits and losses from it, is not within the purview of the Statute of Frauds, *Section 725.01, Florida Statutes (1997),* unless there is a provision for transfer of title to specific real property from one of the parties to another.

*719 So.2d at 997.*

*McCloud* represents the most recent in a consistent line of authorities in Florida reaffirming that joint venture agreements for the purchase, development, and marketing of real property are not subject to the statute of frauds, and thus are not required to be embodied in a signed, written contract. The Fifth Circuit has indicated that the same principle applies under Texas law. *Palmer v. Fuqua,* 641 F.2d 1146, 1159 (5th Cir. 1981). The Defendants' reliance on *Dwight v. Tobin,* 947 F.2d 455 (11th Cir. 1991), is misplaced, because in that case the Eleventh Circuit only held that the doctrine of part performance

F \docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL CT\PLDGS\ST-FRAUDS MOL.doc

would not remove an oral agreement from the statute of frauds. *947 F.2d at 459-60.* Although the facts in <u>*Dwight*</u> might arguably have presented an opportunity to rely on the exception to the statute of frauds for joint venture agreements to purchase and develop property, that issue was apparently never raised, because the Eleventh Circuit did not consider or address it.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided by Hand Delivery to all parties on the attached Service List this ___ day of December, 2001.

Respectfully submitted,

BRICKLEMYER SMOLKER & BOLVES, P.A.

By: _____
Jay J. Bartlett
Florida Bar No. 875163
Gregory J. Orcutt
Florida Bar No. 230855
BRICKLEMYER SMOLKER & BOLVES, P.A.
500 E. Kennedy Boulevard, Suite 200
Tampa, Florida 33602
Telephone: (813) 223-3888
Facsimile: (813) 228-6422
Attorneys for LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE REALTY, INC.

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL CT\PLDGS\ST-FRAUDS MOL.doc

6

## SERVICE LIST

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL  33602

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Jo E. Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX  75252

(Attys. for H.D. ASSOCIATES, L.P. DUNES OPERATING COMPANY, L.P., EIGER, INC.,
2M DUNES, L.L.C., EIGER FUND 1 L.P., EIGER PARTNERS, L.P., PAUL E. ROWSEY, III,
C. TODD MILLER, DAVID M. JACOBS, WILLIAM S. BUCHANAN and FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON, N.A.

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave.
Suite 1100
Orlando, FL 32801

Timothy A. Andreu, Jr.
Glenn Rasmussen & Fogarty
100 South Ashley Dr., Suite 1300
Tampa, FL 33602

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\ST-FRAUDS MOL.doc

7