UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT GROUP, INC.
And LOCHMERE REALTY, INC.

    Plaintiffs

**FILED**

*12/13/01*

**IN OPEN COURT**

Case No.: 8:00-CV-1026-T-27B

Vs.

H.D. ASSOCIATES, L.P., a Delaware
Limited partnership by and through its
general partner DUNES OPERATING
COMPANY, L.P., a Delaware limited
partnership by and through its general
partners, EIGER, INC. a Delaware
corporation and 2M DUNES, L.L.C., a
Texas limited liability company, EIGER
FUND 1, L.P., a Delaware limited partner-
ship; EIGER PARTNERS, L.P., a
Delaware limited partnership; DAVID
LANE, an individual; BARNETT LANE
INVESTMENTS, INC., a Texas
corporation; JTL CAPITAL, L.L.C., a Texas
limited liability company; FLEET
NATIONAL BANK, N.A., a national
banking association; PAUL E.
ROWSEY, III, an individual; C. TODD
MILLER, an individual; DAVID M.
JACOBS, an individual; and, WILLIAM S.
BUCHANAN, an individual,

    Defendants

_____/

## DEFENDANTS DAVID LANE, AN INDIVIDUAL, BARNETT LANE INVESTMENTS, INC. AND JTL CAPITAL L.L.C.'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

    Defendants David Lane, individually ("Lane"), Barnett Lane Investments, Inc. ("Barnett

Lane") and JTL Capital L.L.C. ("JTL Capital") (collectively referred to herein as the "Lane

Defendants") move for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a) on all claims against the Lane Defendants as follows:

BACKGROUND

There are six causes of action pending before this court against the Lane Defendants. Those claims are (1) violation of Florida's Uniform Trade Secrets Act; (2) civil conspiracy; (3) violation of Florida's Uniform Partnership Act; (4) Constructive Fraud; (5) promissory estoppel; and (6) unjust enrichment. There is no legally sufficient evidentiary basis for a reasonable jury to find for the Plaintiffs on their claims against the Lane Defendants.

**1.      The Lane Defendants did not violate the Florida Uniform Trade Secrets Act**

The elements of a claim for trade secret misappropriation in Florida are (1) plaintiff possessed secret information and took reasonable steps to protect its secrecy and (2) the secret possessed by the plaintiff was misappropriated, either by someone who knew or had reason to know that the trade secret was improperly obtained or by one who used improper means to obtain it. *Del Monte Fresh Produce Co. v. Dole Food Co., Inc.*, 136 F. Supp. 2d 1271 (S.D. Fla 2001).

First, Plaintiffs have not put forth any evidence to establish with legal sufficiency that the Plaintiffs possessed secret information. The testimony of Mr. Bob Evans was that Barnett Lane and/or JTL Capital entered into contracts with all of the third-party consultants which provided the information which was contained in the Master Development Budget. He also testified that Barnett Lane and/or JTL Capital paid the fees of all of the third-party consultants. All of the information from which Mr. Evans created the Master Development Budget was equally

DEFENDANTS DAVID LANE, AN INDIVIDUAL, BARNETT LANE INVESTMENTS, INC. AND JTL CAPITAL L.L.C.'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF                    Page 2

available and in some cases in fact paid for by the Lane Defendants.[1]  The fact that Mr. Evans took the information that was equally available to the Defendants and put it into a spreadsheet format does not transform the information into trade secrets.  See *Health Care Management Consulting, Inc. v. McCombes*, 661 So.2d 1223 (1995) rehearing denied, cause dismissed 670 So. 2d. 938)( Consultant's self-professed confidential methodology of presenting and interpreting Medicare regulations to clients in home health care industry was not a trade secret; consultant's expertise principally involved interpretation of Medicaid regulations and was readily ascertainable through researching the Code of Federal Regulations.)  Likewise, to the extent that Mr. Evans claims that even the blank Master Development Budget constitutes a trade secret, he testified that many of the categories contained in the budget were those that one would customarily see in a real estate acquisition budget.  Thus, there is not a legally sufficient evidentiary basis on which the jury could make the determination that the information accumulated and the Master Development Budget were trade secrets.

Second, there is no legally sufficient evidentiary basis for a reasonable jury to determine that the Lane Defendants misappropriated any alleged trade secrets.  The Cushman Wakefield report was obtained by the seller, ITT, and was provided to Mr. Evans by Mr. Lane.  The third-party consultants had contracts with the Lane Defendants and were paid for by the Lane Defendants.  As for the information that Mr. Evans obtained through public sources, that information was likewise available to Mr. Lane.  If the Lane Defendants properly used information provided to them, then they cannot have misappropriated Plaintiffs' alleged trade secrets.  See *Biodynamic Technologies, Inc. v. Chattanooga Corp.*, 644 F. Supp. 607 (S.D. Fla

---

[1] The information allegedly used by Mr. Evans in creating the categories contained in the Master Development Budget and the thereafter the numbers contained in the Master Development Budget were derived from the seller,

DEFENDANTS DAVID LANE, AN INDIVIDUAL, BARNETT LANE INVESTMENTS, INC. AND JTL CAPITAL L.L.C.'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF                    Page 3

1986); *Demit of Venuzuala, C.A. v. Electronic Water Sys.*, 547 F. Supp. 850 (S.D. Fla. 1982) aff'd 740 F.2d 977 (11th Cir. 1984). Mr. Evans testified that to his knowledge, Mr. Lane did not provide the Master Development Budget to anyone other than those persons to whom Mr. Evans had also provided the budget. He also testified that to his knowledge, Mr. Lane did not use the Master Development Budget for any purpose other than for the purpose for which Mr. Evans had provided it. Therefore, there is no evidence, or insufficient evidence on which the jury could base a decision that the Lane Defendants had misappropriated any alleged trade secrets, and therefore the court should grant the motion for judgment as a matter of law that the Lane Defendants did not violate the Florida Uniform Trade Secrets Act.

**2.     The Lane Defendants did not engage in a civil conspiracy**

The elements of a claim for civil conspiracy are (a) a conspiracy between two or more parties; (b) to do an unlawful act or to do a lawful act by unlawful means; (c) the doing of some overt act in pursuance of the conspiracy; and (d) damages to the plaintiff as a result of acts done under the conspiracy. *Primerica Financial Serv., Inc. v. Mitchell*, 48 F. Supp 1363, 1369 (S.D. Fla. 1999); *Florida Fern Growers Ass'n., Inc. v. Concerned Citizens of Putnam Co.*, 616 So. 2d. 562, 565 (Fla. 5th DCA 1984). There is no evidence, or legally insufficient evidence to support a jury finding that the Lane Defendants were engaged in a civil conspiracy with any other parties to do an unlawful act, or to do a lawful act by unlawful means. In this case, the underlying alleged unlawful act is the misappropriation of the Plaintiffs alleged trade secrets. As previously discussed, there is no evidence that the Lane Defendants misappropriated any alleged trade secrets of the Plaintiffs. Likewise, there is no evidence that the Lane Defendants conspired with

ITT, third-party consultants, and public information.

any other party to misappropriate the alleged trade secrets. **Therefore,** the court should grant the motion for judgment as a matter of law that the Lane **Defendants** did not engage in a civil conspiracy to misappropriate the alleged trade secrets of the **Plaintiffs.**

**3.     The Lane Defendants did not violate Florida's Uniform Partnership Act**

Plaintiffs claim that there was a joint venture or **partnership** between the Plaintiffs and the Lane Defendants to collectively pursue the acquisition **and development** of the Hammock Dunes project. A partnership or joint venture may only be "**established when** both parties contribute to the capital or labor of the business, have a mutuality of **interest in both** profits and losses, and agree to share in the assets and liabilities of the business." *Dreyfuss v. Dreyfuss*, 701 So. 2d. 437 (Fla. 3d DCA 1997). To establish a partnership there **must be a** "community of interest and performance of a common purpose, joint control or right **of control,** joint proprietary interest in subject matter, right to share in the profits, and a duty to **share in any** losses which may be sustained." *Austin v. Duval County School Board*, 657 **So. 2d.** 945 (Fla. 1st DCA 1995).

These requirements are strictly construed **and the absence** of even one is fatal to the finding of a partnership. *Dreyfuss* at 139. In *Dreyfuss*, **the Court** concluded that there was not a sufficient basis to establish the existence of an oral **partnership because** there was never any discussion concerning the distribution of partnership **gains, losses,** payment of business loans, payment of overhead costs, or how to dissolve the **partnership of the** distribution of assets. *Dreyfuss* at 439.

There is no evidence, or insufficient evidence on **which the jury** could base a decision that the Lane Defendants had an agreement with **the Plaintiffs that** could form the basis of an oral partnership or joint venture. Likewise, even if **a partnership or joint** venture exists, there is no

DEFENDANTS DAVID LANE, AN INDIVIDUAL, BARNETT LANE INVESTMENTS, INC. AND JTL CAPITAL L.L.C.'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF                              Page 5

evidence, or insufficient evidence on which the jury could base a decision that the Lane Defendants violated the Florida Uniform Partnership Act.

**4.      The Lane Defendants are not liable for constructive fraud**

Plaintiffs allege that the Lane Defendants are liable for constructive fraud because they owed a fiduciary duty to the Plaintiffs to (1) refrain from acting to the detriment of the alleged partnership and (2) keep secret all confidential information created during the partnership, and that they breached that duty.

Constructive fraud exists where a duty arising from a confidential or fiduciary relationship has been abused, or where an unconscionable advantage has been taken. See *Harrell v. Branson*, 344 So. 2d 604 (Fla. 1st DCA 1977); *Beers v. Beers*, 724 So. 2d 109 (Fla. 5th DCA 1998).

As previously discussed, the Lane Defendants dispute that the parties were engaged in any form of partnership or joint venture that would result in a fiduciary duty. However, even if the parties were involved in a partnership or joint venture, there has been no evidence presented that would establish a legally sufficient evidentiary basis for a reasonable jury to find for the Plaintiff that the Lane Defendants abused that relationship or that the Lane Defendants took unconscionable advantage of the Plaintiffs. Accordingly, the court should grant the Lane Defendants motion for judgment as a matter of law as to Plaintiffs' claim for constructive fraud.

**5.      Plaintiffs' claim of promissory estoppel must fail as a matter of law**

To establish a claim under promissory estoppel, Plaintiffs must show that (1) Defendants made a promise that was definite and substantial in nature; (2) Defendants reasonably expected Plaintiffs to act upon that promise; (3) Plaintiffs justifiably relied on Defendants' promise by

DEFENDANTS DAVID LANE, AN INDIVIDUAL, BARNETT LANE INVESTMENTS, INC. AND
JTL CAPITAL L.L.C.'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND
INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF          Page 6

acting upon such promise; (4) Plaintiffs relied on **Defendants' promise** to their detriment; and (5) injustice can only be avoided by enforcing the promise. *Argonaut Dev. Group, Inc. v. SWH Funding Corp.*, 150 F. Supp. 2d 1357, 1363 (S.D. Fla. 2001); *Eclipse Medical, Inc. v. American Hydro-Surgical Instruments, Inc.*, 1999 U.S. Dist. LEXIS 22434 (S.D. Fla. 1999); *W.R. Grace & Co. v. Geodata Serv., Inc.*, 547 So. 2d 919 (Fla. 1989).

There has been no evidence presented that would establish a legally sufficient evidentiary basis for a reasonable jury to find for the Plaintiff that the Lane Defendants made a promise that was definite and substantial in nature, that Plaintiff justifiably relied on such a promise to their detriment, or that injustice can only be avoided through enforcement of the alleged promise. Accordingly, the court should grant the Lane Defendants motion for judgment as a matter of law as to Plaintiffs' claim for promissory estoppel.

**6.    Plaintiffs' claim for unjust enrichment must fail**

Plaintiffs claim that the Lane Defendants have been unjustly enriched because they obtained and used the information and data collected by Plaintiffs. The court has previously ruled that only those claims that are not encompassed within Plaintiffs' claim for violation of the Florida Uniform Trade Secrets Act will be considered for the purposes of their claim for unjust enrichment. There is no evidence presented that would establish a legally sufficient evidentiary basis for a reasonable jury to find for the Plaintiff that the Lane Defendants were unjustly enriched by any actions other than those that are found in Plaintiffs' claim under the Florida Uniform Trade Secrets Act. Accordingly, the court should grant the Lane Defendants motion for judgment as a matter of law as to Plaintiffs' claim for unjust enrichment.

DEFENDANTS DAVID LANE, AN INDIVIDUAL, BARNETT LANE INVESTMENTS, INC. AND
JTL CAPITAL L.L.C.'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND
INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF                    Page 7

Accordingly, the Lane Defendants ask the court grant them judgment as a matter of law on all of Plaintiffs' claims, and for such other and further relief to which they may be justly entitled.

Respectfully submitted,

JOHN W. GREENE, ESQ.
HILL, GILSTRAP
1400 West Abram Street
Arlington, Texas 76013
Telephone: (817) 261-2222
Fax: (817) 861-4685
Attorneys for Defendants David Lane,
Barnett Lane Investments, Inc. and JTL
Capital, L.L.C

- and -

ALAN M. GERLACH, ESQ.
BROAD AND CASSEL
Florida Bar. No. 199184
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
P.O. Box 4961 (32802)
Telephone: (407) 839-4200
Fax: (407) 425-8377

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand delivery to all counsel of record December 13, 2001.

John W. Greene

DEFENDANTS DAVID LANE, AN INDIVIDUAL, BARNETT LANE INVESTMENTS, INC. AND JTL CAPITAL L.L.C.'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF                    Page 8