UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FILED** *EC*

12|13|02

**IN OPEN COURT**

LOCHMERE DEVELOPMENT
GROUP, INC. and
LOCHMERE REALTY, INC.,

Plaintiffs,

v.

Case No.: 8:00-CV-1026-T-27B.

H.D. ASSOCIATES, L.P., et al.

Defendants.

_____/

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW BY DEFENDANTS PAUL E. ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS, AND WILLIAM S. BUCHANAN

Defendants Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs, and William S. Buchanan

(collectively, the "Eiger Individuals") are entitled to judgment as a matter of law. As set forth

below, Plaintiffs failed to present a sufficient evidentiary basis to support a jury verdict against the

Eiger Individuals. The Court should therefore enter judgment as a matter of law pursuant to Federal

Rules of Civil Procedure 50(a)(1) in favor of the Eiger Individuals.

I.   **ARGUMENT**

A.   **Introduction**

The Eiger Individuals adopt and incorporate by reference herein the factual and legal

arguments in the Motions for Judgment as a Matter of Law and the Memorandum of Law in support

of same filed by the other defendants in this case. The Eiger Individuals separately set forth herein

a memorandum of law as to certain additional arguments pertaining to them.

113171



**B.    The Eiger Individuals are Entitled to Judgment on All of Plaintiffs' Claims.**

Plaintiffs have asserted claims against the Eiger Individuals for misappropriation of trade secrets, civil conspiracy, promissory estoppel and tortious interference. **Defendants Jacobs and Buchanan were never mentioned once in Plaintiffs' case-in-chief.** The **only reference** to Defendant Miller was **that he attended one meeting.** If nothing else, these individuals should be granted judgment as a matter of law.

Furthermore, there is no evidence the Plaintiffs dealt with Defendants Buchanan, Miller or Jacobs at all (again other than Mr. Evans meeting Mr. Miller briefly at one meeting). Specifically, Plaintiffs have failed to show that Defendants Buchanan, Miller or Jacobs ever saw the Master Development Budget or used it in any fashion either before or after Plaintiffs requested that it be returned. Likewise, Plaintiffs have failed to present any evidence that any of the Eiger Individuals were somehow involved in a conspiracy to misappropriate Plaintiffs' alleged trade secrets, and even if they were, it would provide no basis for a claim against them. See Rivers v. Dillards Dept. Store, Inc., 698 So. 2d 1328 (Fla. 1st DCA 1997) (a corporation cannot conspire with its own officers and directors); Cedar Hills Properties Corp. v. Eastern Fed. Corp., 575 So. 2d 673 (Fla. 1st DCA 1991). (same). Here, there is no evidence that Plaintiffs ever dealt with any of the Eiger Individuals in other than their official capacities.[1] The evidence showed Mr. Rowsey is the President of Eiger, Inc.

---

[1]    The only evidence offered by Plaintiffs as to the relationship of Miller, Jacobs and Buchanan to any of the Eiger Entities consists of a documents referring to them , together with Mr. Rowsey, as directors of Eiger, Inc. and the sole owners of Eiger, Inc. Under Florida law, directors cannot be held personally liable for acts of a corporation unless (1) there is a showing that "the director breached or failed to perform his or her duties as a director" and (2) the director violates the law or receives an improper personal benefit in the transaction. Fla. Stat. § 607.0831. Plaintiffs have neither alleged or proven either of these statutory elements here.

Moreover, even if evidence had been shown to establish liability of Eiger, Inc., Plaintiffs have failed to present any evidence to establish any personal liability of any of the Eiger Individuals on these claims. Under Florida law, a corporate officer does not incur personal liability for tortious conduct by a corporation merely by reason of his or her official character or general administrative responsibilities. Rather, a corporate officer's individual liability to third persons must be predicated on several factors:

1) the corporation owes a duty of care to the third person, breach of which has caused the damage for which recovery is sought.

2) the duty is delegated by the principal or employer to the corporate officer.

3) the defendant officer has breached this duty through personal -- as opposed to technical or vicarious -- fault.

4) With regard to personal fault, personal liability cannot be imposed upon the officer simply because his general administrative responsibility for performance of some function of his employment. He must have a personal duty towards the injured third person, breach of which specifically has caused the person's damages.

McElveen v. Peeler, 544 So.2d 270, (Fla. 1st DCA 1989); see also McDaniel v. Sheffield, 431 So.2d 230 (Fla. 1st DCA 1983) (individuals owed no duties to injured persons merely as a result of acts they performed as corporate officers). Here there is no evidence to prove any of these elements.

As for promissory estoppel, Plaintiffs have presented no evidence that Defendants Buchanan, Miller or Jacobs ever made any affirmative representations to Plaintiffs or that Plaintiffs relied upon anything that these individuals did or said. See Crown Life Ins. Co. v. McBride, 517 So. 2d 660 (Fla. 1987); Travelers Indem. Co. v. Billue, 763 So. 2d 1204 (Fla. 1st DCA 2000).

11317.1                                      - 3 -

Finally, Plaintiffs presented no evidence that any of the Eiger Individuals personally participated in any alleged acts of tortious interference. As a result, Plaintiffs have failed to present issue for the jury as for any liability of the Eiger Individuals for tortious interference.

## III.   CONCLUSION

For all of these reasons, the Eiger Individuals respectfully request that the Court enter judgment as a matter of law in their favor on all counts.

Respectfully submitted,

Alan S. Loewinsohn, Esq.
State Bar No. 12481600
Carol E. Farquhar, Esq.
State Bar No. 06828300
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road
Suite 110
Dallas, Texas 75252
(972) 713-1300
(972) 713-1313 - Facsimile

Timothy A. Andreu, Jr.
State Bar No. 443778
Glenn Rasmussen & Fogarty
100 South Ashley Drive, Suite 1300
Tampa, FL 33602
(813) 229-3333
(813) 229-5946 - Facsimile

ATTORNEYS FOR PAUL A. ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS, AND WILLIAM S. BUCHANAN

11317.1                          - 4 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand delivery upon all of the following-named addressees this _13_ day of December, 2001.

Gregory J. Orcutt, Esq.
Bricklemyer, Smolker & Bolves, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602

James B. Murphy, Jr., Esq.
Paul W. Rebein, Esq.
Shook, Hardy & Bacon L.L.P.
100 North Tampa Street, Suite 2900
Tampa, FL 33602

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Avenue, Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

_____
ATTORNEY

11317.1                          - 5 -