UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION



**FILED**

12/13/02

**IN OPEN COURT**

LOCHMERE DEVELOPMENT
GROUP, INC. and
LOCHMERE REALTY, INC.,

        Plaintiffs,

v.

        Case No.: 8:00-CV-1026-T-27B.

H.D. ASSOCIATES, L.P., et al.

        Defendants.

_____/

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR JUDGMENT AS A MATTER OF LAW BY DEFENDANT
## FLEET NATIONAL BANK, N.A.

Defendant Fleet National Bank, N.A., a national banking association, f/k/a BankBoston,

N.A.("Bank"), is entitled to judgment as a matter of law pursuant to Fed.R.Civ. P. 50(a)(1) on

Plaintiffs' claims for misappropriation of trade secrets and conspiracy. As set forth below, Plaintiffs

failed to present a legally sufficient evidentiary basis for a reasonable jury to enter a verdict against

the Bank.

**I.**     **ARGUMENT**

    **A.**     **Introduction**

The Bank adopts and incorporates by reference the facts and legal arguments pertaining to

Plaintiffs' claims for misappropriation of trade secrets, conspiracy, and damages filed by the other

Defendants in this case. The Bank separately sets forth herein a memorandum of law as to certain

additional arguments pertaining to the Bank.

11309 1

**B.    The Bank is Entitled to Judgment on Plaintiffs' Misappropriation of Trade Secrets Claim.**

Plaintiffs' trade secret claim against the Bank fails because Plaintiffs have presented no substantial competent evidence of causation or damages. See, e.g., Broxmeyer v. Elie, 647 So. 2d 893, 894 (Fla. 4th DCA 1994) ("Where there is no proof of damages, there can be no recovery."); Ryan v. Atlantic Fertilizer & Chem.Co., 515 So. 2d 324, 326 (Fla. 3d DCA 1987) ("Unless a claimant proves what his actual damages are and that the damages were actually caused by the other party, there will be no recovery of damages from that party.")

Under Florida's Uniform Trade Secret Act, there are two methods of establishing damages for misappropriation of trade secrets: (1) actual loss to plaintiffs caused by the misappropriation, or (2) benefits gained by defendants that is not taken into account in computing actual loss. See Fla. Stat. §688.004(1).

Here, Plaintiffs have failed to present any evidence of actual loss to Plaintiffs caused by the Bank's alleged use of the Master Development Budget. The only damages evidence presented by Plaintiffs is the amount they are claiming under the purported "compensation agreement" with H.D. Associates. See Plaintiffs' Demonstrative Exs. 165 and 166. Plaintiffs admit, however, that the Bank never agreed to the "compensation agreement" or promised or represented that Plaintiffs would receive any compensation from the Bank. Moreover, Mr. Evans testified that he does not know what would have occurred if the Bank had not improperly used the Master Development Budget, as he contends it did. Specifically, Mr. Evans testified that he did not know and could not testify whether the Bank would have not made the loan to H.D. Associates and, if it had not done so, whether H.D. Associates would have not purchased Hammock Dunes or would have found a way to purchase the property through other means.

In addition, Plaintiffs are not claiming that, but for the Bank's use of Plaintiffs' alleged trade secrets, Plaintiffs would have gone forward with a deal with Starwood. Nor have Plaintiffs presented any evidence to show the profits they would have received under any potential contract with Starwood. Indeed, as Plaintiffs' own expert testified, it is simply too speculative to know whether Plaintiffs would have been able to reach an agreement with Starwood, if Starwood would have closed on the sale, or how much Plaintiffs would have received from the deal. As a result, Plaintiffs have no evidence of any losses then suffered as a result of the Bank's actions.

Finally, Plaintiffs have not presented any substantial competent evidence of any benefit to the Bank from using the alleged trade secrets. Because there is no competent proof as to causation or damages, the Bank is entitled to judgment as a matter of law on Plaintiffs' misappropriation of trade secrets claim.

### C.    The Bank is Entitled to Judgment on Plaintiffs' Civil Conspiracy Claim.

Plaintiffs' conspiracy claim also fails as a matter of law. First, because Plaintiffs cannot show damages caused by the Bank's alleged misappropriation of trade secrets, the Court cannot consider the conspiracy claim. See Broxmeyer 647 So. 2d at 894 (quoting Scott-Stephen Develop. Corp. v. Gables by the Sea, 167 So. 2d 763 (Fla. 3d DCA 1964). ("We need not decide whether the other elements of conspiracy were established since the law furnishes a remedy only for such wrongful acts as a result in injury or damage.")

Second, in order to establish a conspiracy, Plaintiffs must prove that the Bank entered into an agreement with the other Defendants to commit a willful or intentional act that harmed Plaintiffs. McKenzie v. Doctor's Hosp. of Hollywood, Inc., 765 F. Supp. 1504, 1507 (S.D. Fla. 1991). Evidence of an agreement is thus a necessary element for the conspiracy claim. Witmer v. Dept. of

11309.1                                    - 3 -

Business and Prof. Reg. Div. of Pari-Mutual Wagering, 631 So. 2d. 338, 342 (Fla. 4th DCA 1994).

Here, Plaintiffs have presented no evidence of any agreement between the Bank and of the other

Defendants regarding use of the Master Development Budget. Moreover, there is no evidence that

the Bank acted willfully or intentionally to harm Plaintiffs. As a result, the Bank is entitled to

judgment as a matter of law.

## II.    CONCLUSION

For all of these reasons, the Bank respectfully requests that the Court direct a verdict in its

favor on all counts.

Respectfully submitted,

James B. Murphy, Jr., Esq.
Florida Bar. No. 287598
Paul W. Rebein, Esq.
Florida Bar No. 488003
Shook, Hardy & Bacon L.L.P.
100 North Tampa Street, Suite 2900
Tampa, FL 33602
(813) 202-7100
(813) 221-8837 - Facsimile

and

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394
(954) 467-1300  Phone
(954) 467-1372  Facsimile

ATTORNEYS FOR FLEET NATIONAL BANK

11309.1                         - 4 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand delivery upon all of the following-named addressees this __13th__ day of December, 2001.

Gregory J. Orcutt, Esq.
Bricklemyer, Smolker & Bolves, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, Texas 75252

Timothy A. Andreu, Jr.
Glenn Rasmussen & Fogarty
100 South Ashley Drive, Suite 1300
Tampa, FL 33602

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Avenue, Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

ATTORNEY