

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FILED

02 JAN -4 PM 12: 15

................................
...............................

LOCHMERE DEVELOPMENT GROUP,
INC.,

      **Plaintiff,**

vs.

                                        **CASE NO.: 8:00-CV-1026-TGW**

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C., a Texas
limited liability company; DAVID LANE, an
individual; BARNETT LANE
INVESTMENTS, INC., a Texas corporation;
JTL CAPITAL, L.L.C., a Texas limited
liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
and PAUL E. ROWSEY, III, an individual,

      **Defendants.**

_____/

**FLEET NATIONAL BANK, N.A.'S OBJECTIONS TO**
**FORM OF JUDGMENT SUBMITTED BY PLAINTIFFS AND**
**NOTICE OF SUBMISSION OF REVISED PROPOSED FORM OF JUDGMENT**

Defendant Fleet National Bank, N.A. f/k/a BankBoston, N.A. ("Fleet"), hereby submits

its objections to the form of Judgment submitted by Plaintiffs to the Court.

Fleet initially objects to the proposed Judgment submitted by Plaintiffs in that it fails to

address the Court's dismissal of various of Plaintiffs' claims pursuant to Defendants' motions for

judgment as a matter of law under Fed.R.Civ.P. 50 as well as the Court's pretrial order granting

of summary judgment in favor of Defendants on certain other claims by the Plaintiffs. Pursuant

11686 1

232

to Fed.R.Civ. P. 54(b), the Judgment should address the Court's rulings as to these claims as well as the claims submitted to the jury for a verdict.

Fleet also objects to the award of prejudgment interest provided in the form of Judgment submitted by the Plaintiffs. None of the authorities cited by Plaintiffs in support of their claim for prejudgment interest involved claims for misappropriation of trade secrets, and, in fact, the Eleventh Circuit and federal District Court decisions upon which Plaintiffs rely involved contract claims rather than tort claims. Fleet submits that the controlling authority with regard to awards of prejudgment interest in connection with claims for misappropriation of trade secrets is Purdue Farms, Inc. v. Hook, 777 So.2d 1047, 1053-1054 (Fla. 2d DCA 2001). To Fleet's knowledge, this is the only decision by a Florida appellate court addressing prejudgment interest in the context of a claim for misappropriation of trade secrets. Moreover, this Court followed other aspects of the Purdue Farms decision, including the holdings of that case with respect to claims for punitive damages and attorney's fees, in its rulings during the trial. The rationale of the Purdue Farms decision supports an award of prejudgment interest in connection with the jury verdict against H.D. Associates, L.P. and its general partners only from the date of the jury verdict until the date of the entry of the Judgment. There is no support in the jury verdict or otherwise in the record to allow prejudgment interest from July 12, 1999, as the Plaintiffs' proposed form of Judgment provides.

Fleet also submits that, in light of the numerous claims Plaintiffs asserted against Defendants, including H.D. Associates, L.P. and its general partners, that were resolved in favor of Defendants, the Judgment should simply reserve jurisdiction to determine the applicability of

any award of costs, as is permissible under Fed.R.Civ.P. 58, rather than awarding costs in favor of or against any party as provided in the form of Judgment submitted by Plaintiffs.[1]

In further response to the Court's direction pursuant to Fed.R.Civ.P. 58, Fleet submits the attached revised proposed form of Judgment in this matter together with a computer disk containing a copy of same. This revised form of Judgment reflects corrections which were pointed out to Fleet by counsel for Eiger Fund I, L.P., Eiger, Inc., Eiger Partners, L.P., H.D. Associates, L.P., Dunes Operating Company, L.P., 2M Dunes, L.L.C., Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs, and William S. Buchanan (the "Eiger Defendants"). Fleet is in agreement with the revised form of Judgment incorporating these corrections, and the undersigned counsel has been advised that counsel for David Lane, Barnett Lane Investments, Inc. and JTL Capital, L.L.C. (the "Lane Defendants") likewise is in agreement with the revised form of Judgment. In addition, the revised form of Judgment has been changed to reflect that applicable prejudgment interest from the date of the verdict to January 1, 2002, is 10% per annum, and from January 1, 2002, to the date of the Judgment is 11% per annum, in accordance with the statutory interest rate pursuant to Sections 687.01 and 55.03, Florida Statutes. See attached copy of document posted on Florida Secretary of State website reciting statutory interest rates; see also Trend Coin Co. v. Honeywell, Inc., 487 So.2d 1029, 1030 (Fla. 1986) (if statutory

---

1. In that, to Fleet's knowledge, the Court did not direct Plaintiffs or their counsel to submit any proposed form of Judgment, Fleet further objects to the Plaintiffs' submission of their proposed Judgment as contrary to Rule 58, Fed.R.Civ.P., which provides that attorneys shall not submit forms of judgment except upon direction of the Court, and as contrary to Local Rule 3.01(f), M.D. Fla. Rules, which precludes submission of matters to the Court in the form of a letter unless invited or directed by the presiding judge.

11686.1                                          -3-

interest rate changes before judgment is obtained, interest should be computed at the new rate from the time of the effective date of the new statutory rate.)[2]

A redlined version of the proposed revised form of Judgment which reflects the changes from the original version of the proposed Final Judgment submitted by Fleet is also being filed herewith together with a computer disk containing the proposed revised Final Judgment.

Respectfully submitted,

James B. Murphy, Jr.
Florida Bar No. 287598
Paul W. Rebein
Florida Bar No. 488003
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa Street, Suite 2900
Tampa, FL 33602
(813) 202-7100
(813) 221-8837 - Facsimile

and

Dora Kaufman
Florida Bar No. 771244
HALLEY, SINAGRA & PEREZ
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394
(954) 467-1300
(954) 467-1372 - Facsimile

Attorneys for FLEET NATIONAL BANK, N.A.
f/k/a BANKBOSTON, N.A.

---

2.    The original form of Judgment that Fleet submitted erroneously stated the prejudgment interest rate to be 8%.

11686.1                               -4-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided by facsimile and U.S. Mail to all parties on the attached Service List this _____ day of January, 2002.

ATTORNEY

11686 1

## SERVICE LIST

Gregory J. Orcutt
Florida Bar No. 230855
BRICKLEMYER SMOLKER & BOLVES
500 E. Kennedy Boulevard
Suite 200
Tampa, Florida 33602
(813) 223-3888
(813) 228-6422 - Facsimile

Attorneys for LOCHMERE DEVELOPMENT GROUP, INC. and
LOCHMERE REALTY, INC.

Alan S. Loewinsohn, Esquire
Carol E. Farquhar, Esquire
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road
Suite 110
Dallas, Texas 75252

(Attorneys for H.D. ASSOCIATES, L.P., DUNES
OPERATING COMPANY, L.P., EIGER, INC.,
2M DUNES, L.L.C,., EIGER FUND 1, L.P.,
PAUL E. ROWSEY, III, C. TODD MILLER,
DAVID M. JACOBS, WILLIAM S. BUCHANAN
and FLEET NATIONAL BANK,
NA., f/k/a BANKBOSTON, N.A.)

Dora Kaufman, Esquire
HALEY, SINAGRA & PEREZ
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Co-Counsel: FLEET NATIONAL BANK, N.A. f/k/a
 BANKBOSTON, N.A.

Alan M. Gerlach, Esquire
BROAD & CASSEL
390 North Orange Avenue
Suite 1100
Orlando, FL 32801

11686.1                                    -6-

John W. Greene, Esquire
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013
(Attys. for DAVID LANE, BARNETT LANE
INVESTMENTS, INC. and JTL CAPITAL, L.L.C.



Site Index

E-Mail

Banking

Securities
and Finance

Accounting
& Auditing

News Releases

Unclaimed
Property

Regional
Offices

Links

# STATUTORY INTEREST RATES PURSUANT TO s. 55.03, FLORIDA STATUTES

INTEREST RATE FOR THE YEAR 2002

Section 55.03(1), Florida Statutes, requires the Comptroller, on December 1 of each year beginning in 1994, to set the rate of interest that shall be payable on judgments and decrees for the year beginning the following January 1. Additionally, Sections 215.422(3)(a), 337.141(3) and 687.01, Florida Statutes, were amended to require the use of interest at the rate established in Section 55.03(1), Florida Statutes, for the payment of interest applicable to the late payments to vendors for goods and services purchased by the State, for late payments on applicable construction or maintenance contracts administered by the Department of Transportation, and for cases where a rate of interest is not specified in a contract. The interest rate for payments to health care providers pursuant to Section 215.422(13), Florida Statutes, remains at 1% per month or .0003333 per day. Rule 3A-25, Florida Administrative Code, establishes the procedures for computing the interest rate on an annual basis.

**The year 2002 interest rate established pursuant to Section 55.03, Florida Statutes, has been set at 9.0% per annum or .0002466 per day.**

## PRIOR YEAR RATES

| YEAR | PER ANNUM | DAILY RATE |
|------|-----------|------------|
| 2001 | 11% | .0003014 |
| 2000 | 10% | .0002740 |
| 1999 | 10% | .0002740 |
| 1998 | 10% | .0002740 |
| 1997 | 10% | .0002740 |
| 1996 | 10% | .0002740 |
| 1995 | 8% | .0002192 |

10/01/81 thru 12/31/94: 12% .0003333

Effective 1994, legislation passed granting authority to the Comptroller's Office, DBF to set the interest rate before December 1 of each year and published annually in the Florida Administrative Weekly at least once between the period December 1 and January 1. If additional information is needed, please call the Vendor Ombudsman section within the Bureau of Accounting at (850) 410-9724, or Suncom 210-9724.

Robert F. Milligan, Comptroller
101 E. Gaines Street
Tallahassee, FL 32399-0350
Phone: (850) 410- 9286
Consumer Hotline. 1-800-848-3792
E-mail: dbf@mail.dbf.state.fl.us

Case 8:00-cv-01026-JDW   Document 232   Filed 01/04/02   Page 9 of 23 PageID 2680

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT GROUP,
INC.,

        **Plaintiff,**

                                      **CASE NO.: 8:00-CV-1026-TGW**

vs.

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C., a Texas
limited liability company; DAVID LANE, an
individual; BARNETT LANE
INVESTMENTS, INC., a Texas corporation;
JTL CAPITAL, L.L.C., a Texas limited
liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
and PAUL E. ROWSEY, III, an individual,

        **Defendants.**

_____/

## JUDGMENT

This action came on for trial before the Court and a jury, Honorable James D. Whittemore, presiding, and the issues having been duly tried and the jury having duly rendered its verdict,

It is Ordered and Adjudged that:

1.     Pursuant to the verdict of the jury:

    (a)    Plaintiff Lochmere Development Group, Inc. recover of Defendant H.D. Associates, L.P. (a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company), the sum of Two Hundred and Twenty Five

11669.3

Thousand ($225,000.00) Dollars with respect to Plaintiff Lochmere Development Group, Inc.'s claim for violation of Florida's Uniform Trade Secret Act under Count XXVII of the Second Amended Complaint, with prejudgment interest at the rate of ten percent (10%) per annum from December 20, 2001 (the date of the verdict) to January 1, 2002, and at the rate of eleven percent (11%) per annum from January 1, 2002, to the date of entry of this Judgment, together with interest thereon from the date of entry of this Judgment at the rate specified in, and in accordance with, 28 U.S.C. § 1961.

(b)     Plaintiff Lochmere Development Group, Inc. take nothing and Plaintiff Lochmere Development Group, Inc.'s claims for violation of Florida's Uniform Trade Secret Act under Counts XXIV, XXV, XXVI, XXIX, and XXX of the Second Amended Complaint against Defendants David Lane, Barnett Lane Investments, Inc., JTL Capital, L.L.C., Paul E. Rowsey, III, and Fleet National Bank, N.A., f/k/a BankBoston, N.A. be dismissed on the merits.

(c)     Plaintiff Lochmere Development Group, Inc. take nothing and Plaintiff Lochmere Development Group, Inc.'s claims for civil conspiracy under Counts XXXVIII of the Second Amended Complaint against Defendants David Lane, Barnett Lane Investments, Inc., JTL Capital, L.L.C., Paul E. Rowsey, III, H.D. Associates, L.P. (a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company), and Fleet National Bank, N.A., f/k/a BankBoston, N.A. be dismissed on the merits.

2.     Pursuant to the Court's granting of motions for judgment as a matter of law in accordance with Rule 50 of the Federal Rules of Civil Procedure:

(a)     Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for

11669.3                                          -2-

violation of Florida's Uniform Partnership Act under Counts I, II, and III of the Second Amended Complaint against Defendants Barnett Lane Investments, Inc., JTL Capital, L.L.C., and H.D. Associates (a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company) be dismissed on the merits.

(b)     Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for constructive fraud/breach of fiduciary duty under Counts XI, XII, XIII, XIV, and XVI of the Second Amended Complaint against Defendants David Lane, Barnett Lane Investments, Inc., JTL Capital, L.L.C. and H.D. Associates, L.P. a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company) and Paul E. Rowsey, III be dismissed on the merits.

(c)     Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for promissory estoppel under Count XXXIX of the Second Amended Complaint against Defendants Barnett Lane Investments, Inc., JTL Capital, L.L.C. and H.D. Associates, L.P. a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company) be dismissed on the merits.

(d)     Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty Inc.'s claims for tortious interference under Count XL of the Second Amended Complaint against Defendants H.D.

11669.3                                    -3-

Associates, L.P. a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company) and Paul E. Rowsey be dismissed on the merits.

(e)    Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for violation of the Florida Uniform Partnership Act under Count III of the Second Amended Complaint, constructive fraud/breach of fiduciary duty under Count XV of the Second Amended Complaint, violation of Florida's Uniform Trade Secrets Act under Count XXVIII, civil conspiracy under Count XXXVIII, promissory estoppel under Count XXXIX, and tortious interference under Count XL of the Second Amended Complaint against Defendants Eiger Fund I, L.P. and Eiger Partners, L.P. be dismissed on the merits.

(f)    Plaintiff Lochmere Realty, Inc. take nothing and Plaintiff Lochmere Realty, Inc.'s claims against Defendants H.D. Associates, L.P. (a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company), David Lane, Barnett Lane Investments, Inc., JTL Capital, L.L.C., Paul E. Rowsey, III, and Fleet National Bank, N.A., f/k/a BankBoston, N.A. for violation of Florida's Uniform Trade Secret Act under Counts XXIV, XXV, XXVI, XXVII, XXVIII, XXIX, and XXX of the Second Amended Complaint and for conspiracy under Count XXXVIII of the Second Amended Complaint be dismissed on the merits.

(g)    Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims against

11669.3                                      -4-

Defendants C. Todd Miller, David M. Jacobs, and **William S.** Buchanan for constructive fraud/breach of fiduciary duty under Count XVI of the Second Amended Complaint, violation of Florida's Uniform Trade Secrets Act under Count XXIX of the Second Amended Complaint, civil conspiracy under Count XXXVIII of the Second Amended Complaint, promissory estoppel under Count XXXIX of the Second Amended Complaint, and tortious interference under Count XL of the Second Amended Complaint be dismissed on the merits.

(h)     Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Realty, Inc.'s claims for violation of Florida's Uniform Partnership Act against Defendant David Lane in Counts I and II of the Second Amended Complaint and against Defendants David Lane and Paul E. Rowsey, III, for promissory estoppel under Count XXXIX of the Second Amended Complaint be dismissed on the merits.

3.     Pursuant to the Court's Order on Defendants' Motions for Summary Judgment dated November 21, 2001 (Dkt. 154):

(a)     Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for intentional fraud under Counts V, VI, VII, VIII, IX and X of the Second Amended Complaint against Defendants David Lane, Barnett Lane Investments, Inc., JTL Capital, L.L.C., H.D. Associates, L.P. (a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company), Eiger, Inc., Eiger Fund 1, L.P., Eiger Partners, L.P., and Paul E. Rowsey, III, be dismissed on the merits.

(b)     Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for

11669.3                                                        -5-

conversion under Counts XXXI, XXXII, XXXIII, XXXIV, XXXV, XXXVI, and XXXVII of the Second Amended Complaint against Defendants David Lane, Barnett Lane Investments, Inc., JTL Capital, L.L.C., H.D. Associates, L.P. (a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company), Eiger, Inc., Eiger Fund 1, L.P. and Eiger Partners, L.P., Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs, William S. Buchanan, and Fleet National Bank, N.A., formerly known as BankBoston, N.A., be dismissed on the merits.

(c)     As modified by the Court's ruling on the record during the trial granting in part Plaintiff's Motion for Reconsideration (Dkt. 192) of that aspect of the Court's Order on Defendant's Motions for Summary Judgment addressing Plaintiffs' claims for quantum meruit or unjust enrichment, to the extent that Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for quantum meruit/unjust enrichment in Counts XVII, XVIII, XIX, XX, XXI are factually intertwined with or cannot be meaningfully distinguished from their claims for misappropriation of trade secrets, they are preempted by the Florida Uniform Trade Secrets Act, Section 688.008, Florida Statutes; accordingly, Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing as to these claims and these claims against Defendants David Lane, Barnett Lane Investments, Inc., JTL Capital, L.L.C., H.D. Associates, L.P. (a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company), Eiger, Inc., Eiger Fund 1, L.P. and Eiger Partners, L.P. be dismissed on the merits.

4.     The Court reserves jurisdiction to determine awards of costs, expenses, or attorney's

fees, if any, in favor of or against any of the parties.

Dated at Tampa, Florida, this _____ day of January, 2002.


_____
**JAMES D. WHITTEMORE**
**United States District Judge**


Copies to:
Counsel of Record

-7-

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT GROUP,
INC.,

        Plaintiff,

                                                 CASE NO.: 8:00-CV-1026-TGW

vs.

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C., a Texas
limited liability company; DAVID LANE, an
individual; BARNETT LANE
INVESTMENTS, INC., a Texas corporation;
JTL CAPITAL, L.L.C., a Texas limited
liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
and PAUL E. ROWSEY, III, an individual,

        Defendants.
_____/

## JUDGMENT

This action came on for trial before the Court and a jury, Honorable James D. Whittemore,

presiding, and the issues having been duly tried and the jury having duly rendered its verdict,

It is Ordered and Adjudged that:

1.      Pursuant to the verdict of the jury:

      (a)      Plaintiff Lochmere Development Group, Inc. recover of Defendant H.D.

Associates, L.P. (a Delaware limited partnership by and through its general partner Dunes Operating

Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and

2M Dunes, L.L.C., a Texas limited liability company), the sum of Two Hundred and Twenty Five

11744.1

Thousand ($225,000.00) Dollars with respect to Plaintiff Lochmere Development Group, Inc.'s claim for violation of Florida's Uniform Trade Secret Act under Count XXVII of the Second Amended Complaint, with prejudgment interest at the rate of ~~eight~~ten percent (~~8%~~10%) per annum from December 20, 2001 (the date of the verdict) to January 1, 2002, and at the rate of eleven percent (11%) per annum from January 1, 2002, to the date of entry of this Judgment, together with interest thereon from the date of entry of this Judgment at the rate specified in, and in accordance with, 28 U.S.C. § 1961.

(b)      Plaintiff Lochmere Development Group, Inc. take nothing and Plaintiff Lochmere Development Group, Inc.'s claims for violation of Florida's Uniform Trade Secret Act under Counts XXIV, XXV, XXVI, XXIX, and XXX of the Second Amended Complaint against Defendants David Lane, Barnett Lane Investments, Inc., JTL Capital, L.L.C., Paul E. Rowsey, III, and Fleet National Bank, N.A., f/k/a BankBoston, N.A. be dismissed on the merits.

(c)      Plaintiff Lochmere Development Group, Inc. take nothing and Plaintiff Lochmere Development Group, Inc.'s claims for civil conspiracy under Counts XXXVIII of the Second Amended Complaint against Defendants David Lane, Barnett Lane Investments, Inc., JTL Capital, L.L.C., Paul E. Rowsey, III, H.D. Associates, L.P. (a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company), and Fleet National Bank, N.A., f/k/a BankBoston, N.A. be dismissed on the merits.

2.      Pursuant to the Court's granting of motions for judgment as a matter of law in accordance with Rule 50 of the Federal Rules of Civil Procedure:

(a)      Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for

11744.1                                                  -2-

violation of Florida's Uniform Partnership Act under Counts I, II, and III of the Second Amended Complaint against Defendants ~~David Lane,~~ Barnett Lane Investments, Inc., JTL Capital, L.L.C., and H.D. Associates (a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company) be dismissed on the merits.

(b)    Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for constructive fraud/breach of fiduciary duty under Counts XI, XII, XIII, <u>XIV,</u> and ~~XIV~~<u>XVI</u> of the Second Amended Complaint against Defendants David Lane, Barnett Lane Investments, Inc., JTL Capital, L.L.C. and H.D. Associates, L.P. a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company) <u>and Paul E. Rowsey, III</u> be dismissed on the merits.

(c)    Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for promissory estoppel under Count XXXIX of the Second Amended Complaint against Defendants ~~David Lane,~~ Barnett Lane Investments, Inc., JTL Capital, L.L.C. and H.D. Associates, L.P. a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company) be dismissed on the merits.

(d)    Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty Inc.'s claims for tortious interference under Count XL of the Second Amended Complaint against Defendants H.D.

11744.1                                          -3-

Associates, L.P. a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company) and Paul E. Rowsey be dismissed on the merits.

(e)    Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for violation of the Florida Uniform Partnership Act under Count III of the Second Amended Complaint, for constructive fraud/breach of fiduciary duty under Count XV of the Second Amended Complaint, for violation of Florida's Uniform Trade Secrets Act under Count XXVIII, and for civil conspiracy under Count XXXVIII, promissory estoppel under Count XXXIX, and tortious interference under Count XL of the Second Amended Complaint against Defendants Eiger Fund I, L.P. and Eiger Partners, L.P. be dismissed on the merits.

(f)    Plaintiff Lochmere Realty, Inc. take nothing and Plaintiff Lochmere Realty, Inc.'s claims for violation of Florida's Uniform Trade Secret Act under Counts XXIV, XXV, XXVI, XXVII, XXVIII, XXIX, and XXX of the Second Amended Complaint against Defendants H.D. Associates, L.P. (a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company), David Lane, Barnett Lane Investments, Inc., JTL Capital, L.L.C., Paul E. Rowsey, III, and Fleet National Bank, N.A., f/k/a BankBoston, N.A. for violation of Florida's Uniform Trade Secret Act under Counts XXIV, XXV, XXVI, XXVII, XXVIII, XXIX, and XXX of the Second Amended Complaint and for conspiracy under Count XXXVIII of the Second Amended Complaint be dismissed on the merits.

11744.1                                         -4-

(g)    Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims ~~for violation of Florida's Uniform Partnership Act~~ against Defendants C. Todd Miller, David M. Jacobs, and William S. Buchanan ~~under Count IV of the Second Amended Complaint,~~ for constructive fraud/breach of fiduciary duty under Count XVI of the Second Amended Complaint, ~~for~~ violation of Florida's Uniform Trade Secrets Act under Count XXIX of the Second Amended Complaint, ~~for~~ civil conspiracy under Count XXXVIII of the Second Amended Complaint, ~~for~~ promissory estoppel under Count XXXIX of the Second Amended Complaint, ~~for~~and tortious interference under Count XL of the Second Amended Complaint be dismissed on the merits.

(h)    Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Realty, Inc.'s claims for violation of Florida's Uniform Partnership Act against Defendant David Lane in Counts I and II of the Second Amended Complaint and against Defendants David Lane and Paul E. Rowsey, III, for promissory estoppel under Count XXXIX of the Second Amended Complaint be dismissed on the merits.

3.    Pursuant to the Court's Order on Defendants' Motions for Summary Judgment dated November 21, 2001 (Dkt. 154):

(a)    Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for intentional fraud under Counts V, VI, VII, VIII, IX and ~~IX~~X of the Second Amended Complaint against Defendants David Lane, Barnett Lane Investments, Inc., JTL Capital, L.L.C., H.D. Associates, L.P. (a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company), Eiger, Inc., Eiger Fund 1, L.P., Eiger

11744 1                                           -5-

Partners, L.P., and Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs, and William S. Buchanan, be dismissed on the merits.

(b)     Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for conversion under Counts XXXI, XXXII, XXXIII, XXXIV, XXXV, XXXVI, and XXXVII of the Second Amended Complaint against Defendants David Lane, Barnett Lane Investments, Inc., JTL Capital, L.L.C., H.D. Associates, L.P. (a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company), Eiger, Inc., Eiger Fund 1, L.P. and Eiger Partners, L.P., Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs, William S. Buchanan, and Fleet National Bank, N.A., formerly known as BankBoston, N.A., be dismissed on the merits.

(c)     As modified by the Court's ruling on the record during the trial granting in part Plaintiff's Motion for Reconsideration (Dkt. 192) of that aspect of the Court's Order on Defendant's Motions for Summary Judgment addressing Plaintiffs' claims for quantum meruit or unjust enrichment, to the extent that Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for quantum meruit/unjust enrichment in Counts XVII, XVIII, XIX, XX, XXI are factually intertwined with or cannot be meaningfully distinguished from their claims for misappropriation of trade secrets, they are preempted by the Florida Uniform Trade Secrets Act, Section 688.008, Florida Statutes; accordingly, Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing as to these claims and these claims against Defendants David Lane, Barnett Lane Investments, Inc., JTL Capital, L.L.C., H.D. Associates, L.P. (a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware

11744.1                              -6-

limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company), Eiger, Inc., Eiger Fund 1, L.P. and Eiger Partners, L.P. be dismissed on the merits.

4.    The Court reserves jurisdiction to determine awards of costs, expenses, or attorney's fees, if any, in favor of or against any of the parties.

Dated at Tampa, Florida, this _____ day of DecemberJanuary, 20012.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

11744.1                                            -7-