FILED

UNITED STATES DISTRICT COURT
Middle District of Florida

02 JAN -8 PM 3: 49

. PLE DISTRICT OF FLORID.
TAMPA, FLORIDA

LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

Plaintiffs,

vs.

CASE NO.: 8:00-CV-1026-T-27B
State Court No.: 00-02525 / Div. I

H.D. ASSOCIATES, L.P. a Delaware limited partnership
by and through its general partner DUNES OPERATING
COMPANY, L.P., a Delaware limited partnership by and
through its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C., a Texas limited
liability company; EIGER FUND 1, L.P., a Delaware limited
partnership; EIGER PARTNERS, L.P., a Delaware limited
partnership; DAVID LANE, an individual; BARNETT LANE
INVESTMENTS, INC., a Texas corporation; JTL CAPITAL, L.L.C.,
a Texas limited liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
PAUL E. ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual; and,
WILLIAM S. BUCHANAN, an individual,

Defendants.

_____/

## PLAINTIFF'S OBJECTIONS TO FORM OF JUDGMENT SUBMITTED BY DEFENDANTS AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Lochmere Development Group, Inc., hereby submits its objections to the

form of judgment proposed by Defendants to the Court.

On December 26, 2001, Defendants, through James B. Murphy, Jr., informed the

undersigned that the Court's Clerk had requested a proposed form of final judgment for

consideration by the Court. After discussing the matter, counsel could not agree on the

form and content of such judgment. A telephone message was left for the Court's Clerk

to this effect and the undersigned submitted to the Court Plaintiff's proposed final

judgment just before leaving town for the holidays. Defendant Fleet National Bank



submitted to the Court its proposed judgment on December 28, 2001 and its objections to Plaintiff's form of judgment on January 4, 2002.

Plaintiff objects to the form judgment submitted by Defendant, Fleet National Bank, in that it fails to award prejudgment interest from the date of misappropriation of Plaintiff's trade secret, i.e., July 12, 1999, the date Plaintiff withdrew consent for use of the trade secrets. In Florida, once a verdict liquidates damages as of a certain date, interest follows from that date. Argonaut Ins. Co. v. May Plumbing Co., 474 So. 2d 212, 214 (Fla. 1985); Mission Square, Inc. v. O'Malley's, Inc., 783 So. 2d 1151, 1152 (Fla. 1st DCA 2001). This holds true even in tort cases. Camper v. Nicholsons Int'l, Ltd. v. Manios, 758 So. 2d 716, 717 (Fla. 4th DCA 2000). It is not necessary to demonstrate that the parties were in agreement as to the value of damages on the date of loss, only that the value was ascertainable at that time. Underhill Fancy Veal, Inc. v. Padot, 677 So. 2d 1378, 1379 (Fla. 1st DCA 1996)(awarding prejudgment interest is proper upon a claim for tortious interference, misrepresentation, breach of fiduciary duty, and deceptive trade practices).

The key to the calculation of prejudgment interest is the date of loss; neither the merit of defense nor the certainty of loss affects the award of prejudgment interest. Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc., 62 F. Supp. 2d 1316, 1328 (M.D. Fla. 1999); See also Argonaut, 474 So. 2d at 215 (stating that once a date certain is determined, calculation of prejudgment interest is purely ministerial). In tort cases, prejudgment interest is awarded where there is an ascertainable loss occurring at a specific time prior to the entry of the judgment. Camper, 758 So. 2d at 717; Underhill, 677 So. 2d at 1379. In Camper, the sole point of plaintiff's appeal regarded the award of prejudgment interest on a commission denied them by the tortious acts of the defendant. The court held that sufficient evidence fixed the date of loss and

awarded interest from the date the loss occurred.  Camper at 718.

Under Florida's Uniform Trade Secrets Act, a misappropriation occurs upon the use of a trade secret without consent of the owner of the secret.    Fla. Stat. §688.002(2)(a).  In the instant action, the uncontroverted evidence was that the misappropriation and Plaintiff's loss was established by correspondence from Plaintiff dated July 12, 1999.  This letter marks the date from which Defendants possessed and used the trade secrets without the Plaintiff's consent.

The Defendants rely solely upon Perdue Farms Inc. v. Hook, 777 So. 2d 1047 (Fla. 2d DCA 2001), for the proposition that prejudgment interest should only be awarded from the date of the verdict until the date of the judgment.  The facts of this case are distinguishable from those of Perdue.  In Perdue, a holder of a trade secret recovered actual damages for a misappropriation.  Testimony was presented that the total value of the royalties the plaintiff could have received for the trade secrets under his agreement was $40,000,000.  The jury awarded $25,000,000 and the trial court awarded prejudgment interest in the amount of $13,793,150.69, together totaling $38,793,150.  The Perdue court recognized that although Argonaut requires the award of prejudgment interest, a court, in the interest of equity, may refuse such an award where it would constitute a windfall for the plaintiff and an undue burden on the defendant.  The court held that it was "grossly inequitable" to assess prejudgment interest in that case. Perdue, 777 So. 2d 1054.  The Court also held that the evidence did not support a liquidation of damages from any specific date. Perdue, 777 So. 2d at 1054.  That is not the case in this action.  July 12, 1999 is clearly the date of misappropriation of Plaintiff's trade secrets.

Plaintiff also objects to the omission of language allowing Plaintiff to seek a writ of execution to satisfy its judgment. Florida courts have determined that the words "for

which let execution issue" are necessary to allow a judgment creditor to obtain a writ of execution. <u>Dubreuil v. Regnvall</u>, 527 So. 2d 249 (Fla. 3d DCA 1988). The absence of these words effectively grants a judgment debtor a stay of execution. <u>Dubreuil</u>, 527 So. 2d at 249.

Plaintiff further objects to the inclusion of the Court's rulings on the motions for judgment as a matter of law and on the motions for summary judgment in the final judgment as they are already a matter of record and would be redundant.

Gregory J. Orcutt, Trial Counsel
Florida Bar No. 230855
Jay J. Bartlett, Esquire
Florida Bar No. 875163
BRICKLEMYER SMOLKER & BOLVES, P.A.
500 East Kennedy Blvd, Suite 500
Tampa, Florida 33602
813-223-3888 / 813-228-6422 (fax)
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Objections to Form of Judgment has been sent by Facsimile and U. S. Mail to the individuals listed on the Service List, this $8$ day of January 2002.

Gregory J. Orcutt

## SERVICE LIST

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL 33602

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Jo E. Hartwick, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 110
Dallas, TX 75252

**(Attys. for H. D. ASSOCIATES, L.P. DUNES OPERATING COMPANY, L.P., EIGER, INC., 2M DUNES, L.L.C., EIGER FUND 1 L.P., EIGER PARTNERS, L.P., PAUL E. ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS, WILLIAM S. BUCHANAN and FLEET NATIONAL BANK f/k/a BANKBOSTON, N. A.)**

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

**Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON, N. A.**

Alan M. Gerlach, Esq.
Broad & Cassel
390 North Orange Ave., Suite 1100
Orlando, FL 32801

Timothy A. Andreu, Jr.
Glenn Rasmussen & Fogarty
100 South Ashley Dr., Suite 1300
Tampa, FL 33602

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

**(Attys. for DAVID LANE, BARNETT LANE INVESTMENTS, INC. and JTL CAPITAL, L.L.C.)**