ORIGINAL



FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC. and
LOCHMERE REALTY, INC.,

      Plaintiffs,

v.

EIGER FUND I, L.P., et al.

      Defendants.

_____/

Case No.: 8:00-CV-1026-T-27B.

## MEMORANDUM OF LAW IN SUPPORT OF
## RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW BY
## DEFENDANTS H.D. ASSOCIATES, L.P., DUNES OPERATING
## COMPANY, L.P., EIGER, INC.,  AND 2M DUNES, L.L.C.

### I.      INTRODUCTION

Defendants H.D. Associates, L.P. ("H.D. Associates"), Dunes Operating Company, L.P. ("Dunes"), Eiger, Inc., and 2M Dunes, L.L.C. (collectively, for purposes of this motion, "Eiger Entities"), are entitled to judgment as a matter of law pursuant to Fed.R.Civ.P. 50 (b).  The Eiger Entities sought judgment as a matter of law at the close of Plaintiffs' evidence and again at the close of all the evidence.  The Eiger Entities hereby renew those motions pursuant to Fed.R.Civ.P. 50 (b) on the grounds that Plaintiff Lochmere Development Group, Inc. ("Lochmere Development") failed to present a legally sufficient evidentiary basis for a reasonable jury to enter a verdict against the Eiger Entities.  The Court should therefore enter judgment as a matter of law in favor of the Eiger Entities on all counts, including but not limited to Count XXVII in the Second Amended Complaint, claim for violation of Florida's Uniform Trade Secret Act.

243

## II.  ARGUMENT

### A.  Standard

The Eleventh Circuit has set forth the standard for district courts to apply in ruling upon motions for judgment as a matter of law. This Court should "consider all of the evidence -- **not just that evidence which supports the non-mover's case** -- but in light and with all **reasonable** inferences most favorable to the party opposed to the motion." Walls v. Armour Pharm. Co., 832 F. Supp. 1467, 1470 (M.D. Fla. 1993) (emphasis added) (citation omitted). A mere scintilla of evidence is not sufficient to avoid a judgment as a matter of law. Watts v. Great Atlantic & Pacific Tea Co., 842 F.2d 307, 310 (11th Cir. 1988) (citation omitted). Rather, the non-moving party must produce "**substantial evidence**" in order to survive a motion for judgment as a matter of law. Walls, 832 F. Supp. at 1470 (emphasis added). Absent "substantial evidence," a judgment as a matter of law is proper.

### B.  The Eiger Entities are Entitled to Judgment on Plaintiff Lochmere Development Group Inc.,'s  Misappropriation of Trade Secrets Claim.

Plaintiff Lochmere Development asserts that the Eiger Entities misappropriated the Master Development Budget which Lochmere Development claims are trade secrets. To establish a claim, the plaintiff bears the burden of demonstrating both that the specific information it seeks to protect is secret and that it has taken reasonable steps to protect this secrecy. American Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407 (11th Cir. 1998) (citing Lee v. Cercoa, 433 So. 2d 1, 2 (Fla. 4th DCA 1983)).

Lochmere Development contends that the purported "trade secrets" it gave to the Eiger Entities consisted primarily of a "Master Development Budget" which it prepared for the Hammock

Dunes project. The Master Development Budget was a computer-generated spread sheet of rows and columns containing various income and expense items projected for the Hammock Dunes Project. The budget was inputted on "Lotus" or "Excel" software -- common off-the-shelf computer programs which are commercially available to anyone who wants to purchase them.

The information in the budget was assembled from the seller, ITT, from consultants whom Defendant David Lane and his entities Defendants JTL Capital, L.L.C. and/or Barnett Lane Investments, Inc. (collectively the "Lane Entities") had hired and whose fees were ultimately paid by the Lane Entities or by the Eiger Entities (and not by Lochmere Development), and from publicly available documents. The information was not secret or confidential, but was available to the prior prospective purchaser or to the all of the Defendants including the Eiger Entities as well as to Lochmere Development. See Public Systems, Inc. v. Towry, 587 So. 2d 969, 971-72 (Ala. 1991).

Furthermore, setting aside for the moment that the data from which the budgets were compiled were indisputably not secret – but were either public information or information from consultants whom defendants had hired and paid for, Plaintiff Lochmere Development still produced no competent substantial evidence that it maintained or safeguarded the secrecy of the budgets themselves. Lochmere Development failed to present any evidence that it entered into confidential agreements with its employees who helped to compile the budgets, that it had any security systems in place with respect to the computers on which the spreadsheets were compiled, or that it maintained the hard copies of the budgets in locked file cabinets or other secure locations. See Lee v. Cercoa, 433 So. 2d. at 2.

Additionally, Lochmere Development distributed the budgets to Defendants and other third parties with no confidentiality agreements and with no written or oral restriction on use or disclosure

of the documents other than a legend appearing on the first page of the documents stating that the documents were "proprietary." Clearly, this is insufficient to establish that the documents were trade secrets. Courts have uniformly held that merely labeling information as confidential does not elevate it to the level of a trade secret. Eaton Corp. v. Appliance Valves Corp., 526 F. Supp. 1172, 1178 (N.D. Ind. 1981), aff'd, 688 F.2d 842 (7th Cir. 1982); Utilase, Inc. v. Williamson, 188 F.3d 510, 1999 WL 71769, *7 (6th Cir. 1999); Ecologix, Inc. v. Fansteel, Inc., 676 F. Supp. 1374, 1381 (N.D. Ill. 1998).

Moreover, even assuming argumendo the Master Development Budgets were trade secrets, Lochmere Development failed to preserve or waived any claim of trade secrets by disclosing the alleged trade secrets to Starwood. In attempting to interest Starwood in Hammock Dunes after Eiger refused to agree to its proposed compensation agreement, Lochmere Development gave Starwood representatives a copy of the Master Development Budget which Starwood evaluated and used in making its own offer to purchase the property. Lochmere Development disclosed this information to Starwood without any confidentiality agreement and without any contract for its services. Furthermore, Lochmere Development's President, Robert Evans, conceded that he has never asked for Starwood to return the budgets after ITT rejected its proposed contract.

The United States Supreme Court has held that "[i]f an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished." Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1002 (1984). Thus, Lochmere Development's disclosure of the Master Development Budget to Starwood without adequate confidentiality arrangements extinguishes any property rights

of Lochmere Development in the document and precludes the claim for misappropriation of trade secrets.

The Eiger Entities hereby renew their motion for judgment as a matter of law and request that the court vacate the Judgment entered on April 19, 2002, and render judgment that Plaintiffs take nothing by their suit and award Defendants their costs, expenses and reasonable attorneys fees.

Respectfully submitted,

Alan S. Loewinsohn, Esq.
State Bar No. 12481600
Carol E. Farquhar, Esq.
State Bar No. 06828300
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road
Suite 100
Dallas, Texas 75252
(972) 713-1300
(972) 713-1313 - Facsimile

and

Timothy A. Andreu, Jr.
State Bar No. 443778
Glenn Rasmussen & Fogarty
100 South Ashley Drive, Suite 1300
Tampa, FL 33602
(813) 229-3333
(813) 229-5946 - Facsimile

ATTORNEYS FOR H.D. ASSOCIATES, L.P., DUNES OPERATING COMPANY, 2M DUNES, L.L.C. and EIGER, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by certified mail upon all of the following-named addressees this 30th day of April, 2002.

Gregory J. Orcutt, Esq.
Bricklemyer, Smolker & Bolves, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602

James B. Murphy, Jr., Esq.
Paul W. Rebein, Esq.
Shook, Hardy & Bacon L.L.P.
100 North Tampa Street, Suite 2900
Tampa, FL 33602

Dora Kaufman, Esq.
Haley, Sinagra, Paul & Toland
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Alan Gerlach, Esq.
Ford & Harrison, LLP
P.O. Box 60
Orlando, Florida  32802-0060

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

Stuart C. Markman, Esq.
James E. Felman, Esq.
Katherine E. Yanes, Esq.
Kynes, Markman & Felman, P.A.
Post Office Box 3396
Tampa, Florida 33601-3396

ATTORNEY

MEMO IN SUPPORT OF RENEWED JMOL BY EIGER ENTITIES        - 6 -