

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC. and
LOCHMERE REALTY, INC.,

      Plaintiffs,

v.

                                     Case No.: 8:00-CV-1026-T-27B.

EIGER FUND I, L.P., et al.

      Defendants.

_____/

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR COSTS
BY THE EIGER ENTITIES AND FLEET NATIONAL BANK, N.A.**

**I.**       **INTRODUCTION**

Defendants H.D. Associates, L.P. ("H.D. Associates"), Dunes Operating Company, L.P. ("Dunes"), Eiger, Inc., 2M Dunes, L.L.C. ("2M Dunes"), (collectively, for purposes of this motion will be referred to as the "Eiger Substantially Prevailing Defendants"), Eiger Fund 1, L.P.("Eiger Fund"), Eiger Partners, L.P.("Eiger Partners"), Paul E. Rowsey, III ("Rowsey"), C. Todd Miller ("Miller"), David M. Jacobs ("Jacobs"), and William S. Buchanan ("Buchanan") (collectively, for purposes of this motion, Eiger Fund, Eiger Partners, Rowsey, Miller, Jacobs and Buchanan, the "Eiger Wholly Prevailing Defendants") (collectively, for purposes of this motion the Eiger Wholly Prevailing Defendants and the Eiger Substantially Prevailing Defendants will be referred to as the "Eiger Entities") and Fleet National Bank, N.A. ("Fleet"), hereby request the Court enter an award of their costs against Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc.

The Eiger Wholly Prevailing Defendants and Fleet would show that they were the prevailing parties in this litigation prevailing on all counts in the Second Amended Complaint brought against them. The Eiger Entities and Fleet request that the Court take judicial notice of the Judgment entered by this Court on or about April 19, 2002. Consequently, pursuant to 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d), the Eiger Wholly Prevailing Defendants and Fleet are entitled to their costs. The Eiger Substantially Prevailing Defendants were the prevailing parties in this litigation on 13 of 14 counts contained in the Second Amended Complaint brought against them by Plaintiff Lochmere Development Group, Inc. ("Lochmere Development") and prevailed on a substantial part of the remaining count brought by Lochmere Development. The Eiger Substantially Prevailing Defendants were successful on all counts brought against them by Plaintiff Lochmere Realty, Inc. ("Lochmere Realty"). Consequently, pursuant to 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d), the Eiger Substantially Prevailing Defendants are entitled to their costs.

## II.    ARGUMENT

### A.    Standard

Fed. R. Civ. P. 54(d) provides for an allowance of costs to the prevailing party in a lawsuit.

> Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs ....

Fed.R.Civ.P. 54(d)(1). Federal statutes, specifically 28 U.S.C. § 1920, set forth the types of fees and expenses which may be taxed as costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.* 482 U.S. 437, 441-442, 107 S.Ct. 2494-2497-2498 (1987).

A judge or clerk of any court of the United States may tax as costs the following:

(1) fees of the clerk and marshal;

(2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) fees and disbursements for printing and witnesses;

(4) fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) docket fees under section 1923 of this title;

(6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

In diversity cases costs are taxed pursuant to Rule 54 of the Federal Rules of Civil Procedure.

*Gobbo Farms & Orchards v. Poole Chem. Co.* 81 F.3d 122, 123 (10th Cir. 1996). A district court

has no discretion to award costs not authorized by statute or contract. *Crawford*, 482 U.S. at 445,

107 S.Ct. at 2499; *Arcadian Fertilizer, L.P. v. MPW Industrial Serv. Inc.*, 249 F.3d 1293, 1296 (11th

Cir. 2001).

The "prevailing party" for purposes of an allowance of taxable costs is the party who prevails

on a substantial part of the litigation. The Eleventh Circuit adopted the test for "prevailing party" in

*Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (per curiam) when it held:

To be a prevailing party

> [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d).... A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.... 10 Wright & Miller, *supra,* § 2667, p. 129-130. Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

*Id.* (citing *United States v. Mitchell,*, 580 F.2d 789, 793-94 (5th Cir. 1978).

In cases where both parties have "prevailed" on at least one claim, the district court has discretion to award costs to the party that prevailed on the majority of the issues. *Hillside Enterprises v. Carlisle Corp.*, 69 F.3d 1410, 1416 (8th Cir. 1995); and *Roberts v. Madigan*, 921 F.2d 1047, 1058 (10th Cir. 1990).

There exists a presumption that the prevailing party will receive costs. *Desisto College, Inc. v. Town of Howey-in-the Hills*, 718 F.Supp. 906, 910 (M.D. Fla. 1989).

**B.    The Eiger Wholly Prevailing Defendants and Fleet are the "Prevailing Parties."**

Plaintiffs Lochmere Development and Lochmere Realty sued all of the defendants on a total of 40 counts in the Second Amended Complaint, of which 12 counts were brought against the Eiger Wholly Prevailing Defendants and Fleet. Plaintiffs were not successful on any of those 12 counts against the Eiger Wholly Prevailing Defendants and Fleet. Therefore, it is uncontestable that the Eiger Wholly Prevailing Defendants and Fleet are the "prevailing parties" for purposes of taxing allowable costs against both Plaintiffs.

**C.    The Eiger Substantially Prevailing Defendants are the "Prevailing Parties."**

**1.    Lochmere Realty**

Plaintiff Lochmere Realty sued the Eiger Substantially Prevailing Defendants on 14 counts in the Second Amended Complaint. Lochmere Realty was not successful on any of those 14 counts against the Eiger Substantially Prevailing Defendants. Therefore, the Eiger Substantially Prevailing Defendants are the "prevailing parties' for purposes of taxing allowable costs against Lochmere Realty.

### 2.   Lochmere Development

Plaintiff, Lochmere Development sued the Eiger Substantially Prevailing Defendants on 14 counts in the Second Amended Complaint. Lochmere Development was not successful on 13 of those counts. The Eiger Substantially Prevailing Defendants are the "prevailing parties" for purposes of taxing allowable costs against Lochmere Development on the other 13 counts. Lochmere Development succeeded in obtaining a judgment for a tiny fraction of what it sought on only one count – Count XXVII of the Second Amended Complaint. The jury returned a verdict of only $225,000 rather than the $26,000,000 Plaintiffs requested in their opening argument – or 0.86%. This Court has discretion to award costs under Rule 54. "Where the court exercises its discretion the identification of the prevailing party may become so unimportant as to be almost immaterial." J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* § 54.70[4] (2d ed. 1988).1 Full costs should be taxed against Lochmere Development.

### D.   Types of Costs to be Taxed Against Plaintiffs

Attached to the Eiger Entities and Fleet's Motion for Costs is the original Bill of Costs submitted by those parties. The Bill of Costs includes copies of the invoices for which an allowance is sought. Each of the types of costs requested is one which is allowed by 28 U.S.C. §§ 1821 and 1920. Prior to November 26, 2001, the firm of Pezzulli & Loewinsohn, L.L.P. was lead trial counsel for both the Eiger Entities and for Fleet; and the firm of Shook, Hardy & Bacon, L.L.P. was local counsel for both the Eiger Entities and for Fleet. At trial Pezzulli & Loewinsohn, L.L.P represented only the Eiger Entities and Shook, Hardy & Bacon, L.L.P. represented Fleet. Thus, the majority of

---

1       Indeed, the Court has discretion to award costs to a non-prevailing party. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* § 54.70[4] (2d ed. 1988).

the pre-trial costs and expenses were incurred during the period of joint representation. Subsequently, the interests of Fleet and of the Eiger Entities were aligned such that it was economically efficient and a prudent use of economic resources for Fleet and the Eiger Entities to share certain expenses and costs which are represented on the Bill of Costs. At all times Pezzulli & Loewinsohn, L.L.P. represented both the Eiger Wholly Prevailing Defendants and the Eiger Substantially Prevailing Defendants. It is not possible to segregate the costs and expenses incurred solely for Fleet, solely for the Eiger Wholly Prevailing Defendants and for the Eiger Substantially Prevailing Defendants. Due to the fact that: (1) the Eiger Wholly Prevailing Defendants and Fleet are entitled to an allowance of their costs from both Plaintiffs; (2) the Eiger Substantially Prevailing Defendants are entitled to an allowance of their costs and expenses from Lochmere Realty; and, (3) the Eiger Substantially Prevailing Defendants prevailed on 13 of 14 counts against them, an allowance of the requested costs and expenses should be awarded against both Lochmere Development and Lochmere Realty. All of the costs sought were necessarily obtained for use in this case and were reasonable and necessary at the time the expense was incurred.

### 1.    Fees of the clerk and marshal

Allowance for the $150 filing fee upon removal paid by the Eiger Entities is sought. The Court is requested to take judicial notice of the payment of the filing fee.

### 2.    Fees of the court reporter

Allowance for the $14,999.86 fees of the court reporters for the depositions taken in this case is sought. The Eiger Entities and Fleet took the deposition of the corporate representative of the Plaintiffs, Robert Evans. They also took the depositions of Merrick Kleeman, Steve Samaha, Robert Canterbury and of the expert witnesses designated by Plaintiffs. All of those witnesses testified at

MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR    - 6 -
COSTS BY THE EIGER ENTITES AND FLEET NATIONAL BANK

the trial. All of these witnesses were listed on Plaintiffs' witness list which indicates the need for these defendants to take the depositions for use in cross-examination and that the information possessed by these witnesses was not irrelevant or unimportant. *See, EEOC v. W&O Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). It was reasonably necessary for the Eiger Entities and Fleet to take the deposition of testifying witnesses in order to adequately prepare for trial. The Eiger Entities and Fleet also obtained copies of all depositions taken by Plaintiffs and the non-Eiger Entity defendants in this case in order to adequately prepare for trial. The Eiger Entities and Fleet stated in their notices of deposition that the depositions it took would be recorded both stenographically and by videotape. Plaintiffs did not object. Therefore, both are properly taxable as costs. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996). A deposition need not be admitted into evidence in order for its costs to be recoverable. *Murphy v. City of Flagler Beach*, 761 F.2d 622, 631 (11th Cir. 1985); *Desisto College, Inc. v. The Town of Howey-in-the-Hills*, 718 F.Supp. 906, 912 (M.D. Fla. 1989). Additionally, allowance of the $2,575.00 fee of the court reporter for the preparation of certain of the daily transcripts of the trial testimony of Plaintiffs' president, Robert Evans, is also sought. Such transcripts were necessary to adequately defend the Eiger Entities and Fleet and were reasonably necessary to prepare for the cross-examination of that witness and for the preparation for the examination both on direct and on cross of the other trial witnesses and were necessarily obtained for use in this complex case. *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000).

### 3.   Fees and disbursements for printing and witnesses

Allowance for the $295 witness fee and service of the witness subpoena for Merrick Kleeman, a non-party witness subpoened for deposition in this case by the Eiger Entities and Fleet is

MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR          - 7 -
COSTS BY THE EIGER ENTITES AND FLEET NATIONAL BANK

sought. It was necessary to subpoena him twice due to a conflict caused by the witness's schedule which resulted in a re-scheduling of the deposition. Costs of a private process server are properly taxable as costs. *EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).

### 4.    Fees for exemplification and copies of papers

Allowance for the $10,341.53 fee for copies for other counsel of documents produced by the Eiger Entities and Fleet during discovery and for bates labeling such documents is sought. Copies attributable to discovery are recoverable under 28 U.S.C. § 1920(4). *EEOC v. W & O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). Allowance for the $4,850.34 fee for copies of trial exhibits for the Court and other counsel is sought. *See, Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).

### 5.    Docket fees under 28 U.S.C. § 1923

There are no such fees involved in this case. Hence, no costs are sought pursuant to this category.

### 6.    Compensation of court appointed experts, interpreters, etc.

There are no such persons involved in this case. Hence, no costs are sought pursuant to this category.

### 7.    Mediator's fees

The Court ordered the parties to attend mediation, which the parties did. The Eiger Entities and Fleet seek an allowance of $915.00 representing their portion of the mediator's fee.

**E.    In the Alternative, the Court Should Order That Lochmere Development and the Eiger Substantially Prevailing Defendants Bear Their Own Costs.**

In the event the Court should determine that Lochmere Development was a "prevailing party," the Court has the discretion to order that Lochmere Development and the Eiger Substantially Prevailing Defendants bear their own costs.  It is not an abuse of discretion to deny costs when a prevailing party is only partially successful. *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1526 (10th Cir. 1997).

WHEREFORE, H.D. Associates, L.P., Dunes Operating Company, L.P., Eiger, Inc., 2M Dunes, L.L.C., Eiger Fund 1, L.P., Eiger Partners, L.P., Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs and William S. Buchanan and Fleet National Bank, N.A. hereby pray that the Court award them their costs and expenses.

Respectfully submitted,

Alan S. Loewinsohn, Esq.
State Bar No. 12481600
Carol E. Farquhar, Esq.
State Bar No. 06828300
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 100
Dallas, Texas 75252
(972) 713-1300
(972) 713-1313 - Facsimile

and

Timothy A. Andreu, Jr.
State Bar No. 443778
Glenn Rasmussen & Fogarty
100 South Ashley Drive, Suite 1300
Tampa, FL 33602
(813) 229-3333
(813) 229-5946 - Facsimile

ATTORNEYS FOR H.D. ASSOCIATES, L.P., DUNES OPERATING COMPANY, 2M DUNES, L.L.C. EIGER, INC., EIGER FUND 1, L.P., EIGER PARTNERS, L.P., PAUL E. ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS, and WILLIAM S. BUCHANAN

SHOOK, HARDY & BACON, L.L.P.

By:

Daniel F. Molony
Florida Bar No. 271330
James B. Murphy, Jr.
Florida Bar No. 287598
Paul W. Rebein
Florida Bar No. 488003
201 E. Kennedy, Suite 601
Tampa, Florida 33602
(813) 202-7100 Phone
(813) 221-8837 Facsimile

and

HALEY, SINAGRA, PAUL & TOLAND
Dora Kaufman, Esq.
Florida Bar No. 771244
100 SE 3rd Avenue, Suite 1900
Fort Lauderdale, FL  33394
(954) 467-1300  Phone
(954) 467-1372  Facsimile

COUNSEL FOR FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand delivery to the following:

Gregory J. Orcutt, Esq.
Bricklemyer, Smolker & Bolves, P.A.
500 E. Kennedy Blvd.
Suite 200
Tampa, FL 33602

Stuart C. Markman, Esq.
James E. Felman, Esq.
Katherine E. Yanes, Esq.
Kynes, Markman & Felman, P.A.
Post Office Box 3396
Tampa, Florida 33601-3396

and by U.S. Mail to the following:

Alan M. Gerlach, Esq.
390 N. Orange Avenue
Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

this __1st__ day of __May__, 2002.

_____
ATTORNEY

15301v1