FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

02 MAY 10 PM 4: 11

CLERK. U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA. FLORIDA

LOCHMERE DEVELOPMENT
GROUP, INC. and
LOCHMERE REALTY, INC.,

                    Plaintiffs,

v.                                                              Case No.: 8:00-CV-1026-T-27B.

EIGER FUND I, L.P., et al.

                    Defendants.

_____/

### JOINT MEMORANDUM OF LAW OF THE EIGER ENTITIES AND FLEET NATIONAL BANK, N.A. IN OPPOSITION TO PLAINTIFFS' BILL OF COSTS

**I.      INTRODUCTION**

On or about May 3, 2002, Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. filed their Bill of Costs in this case. Defendants H.D. Associates, L.P. ("H.D. Associates"), Dunes Operating Company, L.P. ("Dunes"), Eiger, Inc., 2M Dunes, L.L.C. ("2M Dunes"), (collectively, for purposes of this motion will be referred to as the "Eiger Substantially Prevailing Defendants"), Eiger Fund 1, L.P. ("Eiger Fund"), Eiger Partners, L.P. ("Eiger Partners"), Paul E. Rowsey, III ("Rowsey"), C. Todd Miller ("Miller"), David M. Jacobs ("Jacobs"), and William S. Buchanan ("Buchanan") (collectively, for purposes of this motion, Eiger Fund, Eiger Partners, Rowsey, Miller, Jacobs and Buchanan, the "Eiger Wholly Prevailing Defendants") (collectively, for purposes of this motion the Eiger Wholly Prevailing Defendants and the Eiger Substantially Prevailing Defendants will be referred to as the "Eiger Entities") and Fleet National

251

Bank, N.A. ("Fleet"), hereby request the Court deny an award of costs to Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc.

The Eiger Wholly Prevailing Defendants and Fleet would show that they were the prevailing parties in this litigation prevailing on all counts in the Second Amended Complaint brought against them. The Eiger Entities and Fleet request that the Court take judicial notice of the Judgment entered by this Court on or about April 19, 2002. Consequently, pursuant to 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d), the Plaintiffs are not entitled to their costs against the Eiger Wholly Prevailing Defendants and Fleet. The Eiger Substantially Prevailing Defendants were successful on all counts brought against them by Plaintiff Lochmere Realty, Inc. ("Lochmere Realty"). Consequently, pursuant to 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d), Plaintiff Lochmere Realty is not entitled to an award of its costs. The Eiger Substantially Prevailing Defendants were the prevailing parties in this litigation on 13 of 14 counts contained in the Second Amended Complaint brought against them by Plaintiff Lochmere Development Group, Inc. ("Lochmere Development") and prevailed on a substantial part of the remaining count brought by Lochmere Development. Therefore, Plaintiff Lochmere Development should not be awarded its costs. Additionally, some of the costs contained in the Plaintiffs' Bill of Costs are not appropriate or recoverable pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54.

## II.    **ARGUMENT**

### A.    **Standard**

Fed. R. Civ. P. 54(d) provides for an allowance of costs to the prevailing party in a lawsuit.

> Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs ....

Fed.R.Civ.P. 54(d)(1). Federal statutes, specifically 28 U.S.C. § 1920, set forth the types of fees and expenses which may be taxed as costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.* 482 U.S. 437, 441-442, 107 S.Ct. 2494-2497-2498 (1987).

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)  fees of the clerk and marshal;
> (2)  fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3)  fees and disbursements for printing and witnesses;
> (4)  fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5)  docket fees under section 1923 of this title;
> (6)  compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

In diversity cases costs are taxed pursuant to Rule 54 of the Federal Rules of Civil Procedure. *Gobbo Farms & Orchards v. Poole Chem. Co.* 81 F.3d 122, 123 (10th Cir. 1996). A district court has no discretion to award costs not authorized by statute or contract. *Crawford*, 482 U.S. at 445, 107 S.Ct. at 2499; *Arcadian Fertilizer, L.P. v. MPW Industrial Serv. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).

In cases where both parties have "prevailed" on at least one claim, the district court has discretion to award costs to the party that prevailed on the majority of the issues. *Hillside Enterprises v. Carlisle Corp.*, 69 F.3d 1410, 1416 (8th Cir. 1995); and *Roberts v. Madigan*, 921 F.2d 1047, 1058 (10th Cir. 1990). It is not an abuse of discretion to deny costs when a prevailing party is only partially successful. *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1526 (10th Cir. 1997).

**B.    Plaintiffs are not entitled to costs against the Eiger Wholly Prevailing Defendants or Fleet.**

Plaintiffs Lochmere Development and Lochmere Realty sued all of the defendants on a total of 40 counts in the Second Amended Complaint, of which 12 counts were brought against the Eiger Wholly Prevailing Defendants and Fleet. Plaintiffs were not successful on any of those 12 counts against the Eiger Wholly Prevailing Defendants and Fleet. Therefore, it is uncontestable that neither Plaintiff is entitled to costs against the Eiger Wholly Prevailing Defendants or Fleet.

**C.    Plaintiffs are not entitled to costs against the Eiger Substantially Prevailing Defendants.**

**1.    Lochmere Realty**

Plaintiffs' Bill of Costs includes the Declaration of Gregory J. Orcutt on behalf of "Lochmere Development Group, Inc, et al." The only other parties represented by Mr. Orcutt in this case are Lochmere Development and Lochmere Realty, the later of which by process of elimination must be the "et al" in this Bill of Costs. The Plaintiffs' Bill of Costs does not otherwise state for whom it is submitted. It, therefore, appears that Mr. Orcutt has submitted the Bill of Costs on behalf of both plaintiffs – Lochmere Development and Lochmere Realty. Plaintiff Lochmere Realty sued the Eiger Substantially Prevailing Defendants on 14 counts in the Second Amended Complaint. Lochmere Realty was not successful on any of those 14 counts against the Eiger Substantially Prevailing

Defendants. Therefore, the Eiger Substantially Prevailing Defendants are the "prevailing parties" for purposes of taxing allowable costs against Lochmere Realty; and Plaintiff Lochmere Realty is not entitled to an award of costs.

### 2.      Lochmere Development

Plaintiff, Lochmere Development sued the Eiger Substantially Prevailing Defendants on 14 counts in the Second Amended Complaint. Lochmere Development was not successful on 13 of those counts. The Eiger Substantially Prevailing Defendants are the "prevailing parties" for purposes of taxing allowable costs against Lochmere Development on the other 13 counts – not the other way around. Lochmere Development succeeded in obtaining a judgment for a tiny fraction of what it sought on only one count – Count XXVII of the Second Amended Complaint. The jury returned a verdict of only $225,000 rather than the $26,000,000 Plaintiffs requested in their opening argument – or 0.86%. This Court has discretion to award costs under Rule 54. "Where the court exercises its discretion the identification of the prevailing party may become so unimportant as to be almost immaterial." J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* § 54.70[4] (2d ed. 1988).1 Costs therefore shall not be awarded in favor of Lochmere Development as the "prevailing party," but should instead be taxed against Lochmere Development.

### D.      Objection to Specific Costs Included in Plaintiffs' Bill of Costs

In addition to the objections lodged above, the Eiger Wholly Prevailing Defendants, the Eiger Substantially Prevailing Defendants and Fleet object to the following costs included in Plaintiffs' Bill of Costs.

---

1        Indeed, the Court has discretion to award costs to a non-prevailing party. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* § 54.70[4] (2d ed. 1988).

## 1.    Fees for service of summons and subpoena

Included in Plaintiffs' Bill of Costs is a request for allowance of $795 for fees for service of summons and subpoena. It appears from the attachment to the Bill of Costs, page 400 of the Client Billing worksheet, that $400 was charged for service of process in Dallas, $23 for service of process in Tallahassee and $35 for service of process in Boston. Presumably the service of process charge in Boston reflects the charge for service on Fleet and the charge for service in Dallas reflects the charge for service on all of the Eiger Defendants as well as David Lane, JTL Capital, L.L.C., and Barnett Lane Investments, Inc. Plaintiff Lochmere Realty obtained a judgment against none of these defendants, and Plaintiff Lochmere Development obtained a judgment only against the Eiger Substantially Prevailing Defendants. Indeed, several of these defendants were dismissed from the case after the close of Plaintiffs' evidence. It would be inappropriate to impose costs against the Eiger Substantially Prevailing Defendants (or, of course, any of the other defendants) for the cost of service against defendants who were dismissed from the case or who obtained defense verdicts.

The Bill of Costs is not susceptible of a determination of the cost of service on the Eiger Substantially Prevailing Defendants. Lochmere Development bears the burden of proving its costs and has failed to prove the amount of its cost of service on the Eiger Substantially Prevailing Defendants. The Court should refuse to tax as costs against the Eiger Substantially Prevailing Defendants the cost of service on other defendants and should refuse to tax as costs against them the cost of service on them unless Lochmere Development submits proper documentation.

Additionally, the Bill of Costs includes a charge for service of a trial subpoena on James Gardner for a charge of $104.00. Mr. Gardner was not called by Plaintiffs to testify live at trial; instead, Plaintiffs chose to read excerpts from his deposition. Therefore, the charge for this service

on Mr. Gardner clearly would not be a taxable cost. Service of process fees relating to service of subpoenas on persons whose testimony was not reasonably necessary for trial are not recoverable under Section 1920. *George v. GTE Directories Corp.*, 114 F.Supp.2d 1281, 1290 (M.D. Fla. 2000).

### 2.   Fees for exemplification and copies of papers

Plaintiffs have requested allowance for $30,577.50 for exemplication and copies of papers necessarily obtained for use in this case. A large portion of this expense is comprised of a $23,848.20 invoice from The Presentation Group. That invoice includes "finance charges" of $430.07. Nothing in 28 U.S.C. § 1920 permits the taxing of finance charges incurred by a party. Therefore, this charge should not be taxed against the Eiger Substantially Prevailing Defendants as a court has no discretion to award costs not authorized by statute or contract. *See, Crawford Fitting Co. v. J.T. Gibbons, Inc.* 482 U.S. 437, 445, 107 S.Ct. 2499 (1987).

The other $23,054.13 of costs on The Presentation Group's invoice attached to the Bill of Costs is unexplained other than by reference to invoices dated 1/30/2001 and 12/21/2001, neither of which were attached. It is Plaintiff Lochmere Development's burden to explain how a cost is taxable when that cost is within its exclusive knowledge. *Desisto College, Inc. v. The Town of Howey-in-the-Hills*, 718 F.Supp. 906, 910 (M.D. Fla. 1989). Merely referencing an unattached invoice does not satisfy that burden. Neither the Court nor any of the defendants can ascertain exactly what services were provided by The Presentation Group relating to this case nor can a determination be made of whether or not those services fall within the statutory categories of taxable costs. Plaintiffs, for whatever reason, chose to not provide the underlying invoices that one would imagine contain such information. The Eiger Defendants and Fleet object to this lack of specificity and information and request that no costs be taxed relating to this invoice.

Even if the Court were inclined to consider this invoice, moreover, Eiger Defendants and Fleet surmise that these charges probably represent the costs of Plaintiffs in "computerizing" all of the documents they displayed on the screen at trial, the costs of renting the equipment for such display, and the costs of the operator. Additionally, there may be costs of demonstrative exhibits utilized by the Plaintiffs in those unexplained invoices. None of those costs are properly taxable.

While copies attributable to discovery are recoverable under 28 U.S.C. § 1920(4), copies for the convenience of counsel are not. *Desisto College, Inc. v. The Town of Howey-in-the-Hills*, 718 F.Supp. 906, 913 (M.D. Fla. 1989). Additionally, "[e]xhibit costs are not taxable because there is no statutory authorization." *EEOC v. W & O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). Physical exhibits such as models and charts may not be taxed as costs. *Arcadian Fertilizer, L.P. v. MPW Industrial Serv., Inc.*, 249 F.3d 1293, 1297 (11th Cir. 2001). Computer animation is not taxable. *Id.* Charges for video playback equipment rental or for the operator of such equipment at trial are not taxable. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465-66 (11th Cir. 1996).

The Court therefore should disallow the entirety of the costs on the invoice of The Presentation Group on the grounds that: (1) sufficient explanation of the charges has not been presented by the Plaintiff Lochmere Development; and (2) the charges are not allowable charges pursuant to 28 U.S.C. § 1920.

E.   **In the Alternative, the Court Should Order That Lochmere Development and the Eiger Substantially Prevailing Defendants Bear Their Own Costs.**

In the event the Court nevertheless determines that Lochmere Development was a "prevailing party," the Court still has the discretion to order that Lochmere Development and the Eiger Substantially Prevailing Defendants each bear their own costs. It is not an abuse of discretion to

JOINT MEMORANDUM OF LAW OF THE EIGER ENTITIES   - 8 -
AND FLEET NATIONAL BANK, N.A. IN OPPOSITION
TO PLAINTIFFS' BILL OF COSTS

deny costs when a prevailing party is only partially successful. *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1526 (10th Cir. 1997).

WHEREFORE, H.D. Associates, L.P., Dunes Operating Company, L.P., Eiger, Inc., 2M Dunes, L.L.C., Eiger Fund 1, L.P., Eiger Partners, L.P., Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs and William S. Buchanan and Fleet National Bank, N.A. hereby pray that the Court decline to award costs sought by Plaintiffs and instead award Defendants their costs and expenses in accordance with Defendants' motion and bill of costs.

Respectfully submitted,

Alan S. Loewinsohn, Esq.
State Bar No. 12481600
Carol E. Farquhar, Esq.
State Bar No. 06828300
Loewinsohn & Flegle, L.L.P.
18383 Preston Road, Suite 100
Dallas, Texas 75252
(214) 572-1700
(214) 572-1717 - Facsimile

and

Timothy A. Andreu, Jr.
State Bar No. 443778
Glenn Rasmussen & Fogarty
100 South Ashley Drive, Suite 1300
Tampa, FL 33602
(813) 229-3333
(813) 229-5946 - Facsimile

ATTORNEYS FOR H.D. ASSOCIATES, L.P.,
DUNES OPERATING COMPANY, 2M DUNES,
L.L.C. EIGER, INC., EIGER FUND 1, L.P., EIGER
PARTNERS, L.P., PAUL E. ROWSEY, III, C. TODD
MILLER, DAVID M. JACOBS, and WILLIAM S.
BUCHANAN

SHOOK, HARDY & BACON, L.L.P.

By:_____

Daniel F. Molony
Florida Bar No. 271330
James B. Murphy, Jr.
Florida Bar No. 287598
Paul W. Rebein
Florida Bar No. 488003
201 E. Kennedy, Suite 601
Tampa, Florida 33602
(813) 202-7100 Phone
(813) 221-8837 Facsimile

and

HALEY, SINAGRA, PAUL & TOLAND
Dora Kaufman, Esq.
Florida Bar No. 771244
100 SE 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394
(954) 467-1300  Phone
(954) 467-1372  Facsimile

COUNSEL FOR FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Hand Delivery and U.S. Mail to Gregory J. Orcutt, Esq., Bricklemyer, Smoker & Bolves, P.A., 500 E. Kennedy Blvd., Suite 200, Tampa, FL 33602 and Stuart C. Markman, Esq., James E. Felman, Esq., Katherine E. Yanes, Esq., Kynes, Markman & Felman, P.A., P.O. Box 3396, Tampa, FL 33601-3396 and by U.S. Mail to Alan Gerlach, Esq., Ford & Harrison, LLP, P.O. Box 60, Orlando, FL 32802-0060 and John W. Greene, Esq., Hill Gilstrap, P.C., 1400 West Abram Street, Arlington, TX 76013 on this 10th day of May, 2002.

_____
Attorney