

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC. and
LOCHMERE REALTY, INC.,

          Plaintiffs,

v.                                      Case No.: 8:00-CV-1026-T-27B.

EIGER FUND I, L.P., et al.

          Defendants.

                          /

## JOINT OPPOSITION OF THE EIGER ENTITIES AND FLEET NATIONAL BANK, N.A. TO PLAINTIFFS' SUPPLEMENTAL BILL OF COSTS

## I.    INTRODUCTION

On or about May 10, 2002, Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. filed their Supplemental Bill of Costs in this case. The Eiger Defendants[1] and Fleet National Bank, N.A. ("Fleet"), hereby request the Court deny an award of costs to Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. on their Supplemental Bill of Costs.

The Eiger Entities and Fleet oppose the award of costs sought in the Supplemental Bill of Costs on the grounds that: (1) the Supplemental Bill of Costs is untimely; (2) it requests award of costs not authorized by statute or rule of procedure; and (3) for the reasons set forth in the Joint

---

[1] Defendants H.D. Associates, L.P. ("H.D. Associates"), Dunes Operating Company, L.P. ("Dunes"), Eiger, Inc., 2M Dunes, L.L.C. ("2M Dunes"), (collectively, for purposes of this motion will be referred to as the "Eiger Substantially Prevailing Defendants"), Eiger Fund 1, L.P. ("Eiger Fund"), Eiger Partners, L.P. ("Eiger Partners"), Paul E. Rowsey, III ("Rowsey"), C. Todd Miller ("Miller"), David M. Jacobs ("Jacobs"), and William S. Buchanan ("Buchanan") (collectively, for purposes of this motion, Eiger Fund, Eiger Partners, Rowsey, Miller, Jacobs and Buchanan, the "Eiger Wholly Prevailing Defendants") (collectively, for purposes of this motion the Eiger Wholly Prevailing Defendants and the Eiger Substantially Prevailing Defendants will be referred to as the "Eiger Entities")

JOINT OPPOSITION OF THE EIGER ENTITIES
AND FLEET NATIONAL BANK, N.A.       - 1 -
TO PLAINTIFFS' SUPPLEMENTAL BILL OF COSTS

Opposition of the Eiger Entities and Fleet National Bank, N.A. to Plaintiffs' Bill of Costs, which are incorporated herein as if fully set forth, including but not limited to the fact that: (1) Plaintiff Lochmere Realty, Inc. prevailed on no cause of action; (2) Plaintiff Lochmere Development prevailed on no count against the Eiger Wholly Prevailing Defendants; and (3) Plaintiff Lochmere Development was awarded a small fraction of the amount of damages it sought on only one of the 14 counts brought against the Eiger Wholly Prevailing Defendants.

## II.    ARGUMENT

### A.    Standard

The legal standard is set forth in the Joint Opposition of the Eiger Entities and Fleet National Bank, N.A. to Plaintiffs' Bill of Costs filed on or about May 10, 2002. The Eiger Entities and Fleet incorporate those standards by reference as if fully set forth herein.

### B.    The Supplemental Bill of Costs is Untimely

Local Rule 4.18(a) requires that all claims for costs be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment. Judgment was entered according to the docket sheet in this case on April 22, 2002. Fourteen days following April 22, 2002, is May 6, 2002. Plaintiffs filed their original Bill of Costs on or about May 3, 2002 (the "Original Bill of Costs"). The Supplemental Bill of Costs was filed on May 10, 2002. That is outside the time permitted by Local Rule 4.18. Plaintiffs have not even filed a motion for leave or even attempted to show good cause for the late filing. All of the invoices for which an award of costs is sought in the Supplemental Bill of Costs are dated in either May or November, 2002,

JOINT OPPOSITION OF THE EIGER ENTITIES
AND FLEET NATIONAL BANK, N.A.
TO PLAINTIFFS' SUPPLEMENTAL BILL OF COSTS

substantially many months prior to the deadline for filing a bill of costs. Presumably these invoices were in the possession of Plaintiffs shortly after the date of each and certainly many months prior to the May 6 deadline. Therefore, the Court should decline to award Plaintiffs any costs sought in the Supplemental Bill of Costs on the ground that it is untimely.

**C.      Objection to Specific Costs Included in Plaintiffs' Bill of Costs**

In addition to the objections lodged above and in the Joint Opposition of the Eiger Entities and Fleet National Bank, N.A. to Plaintiffs' Bill of Costs, the Eiger Entities and Fleet object to the following costs included in Plaintiffs' Supplemental Bill of Costs.

**1.      Fees for exemplification and copies of papers**

In addition to the $30,577.50 requested by Plaintiffs for exemplication and copies of papers in their Original Bill of Costs, Plaintiffs now request an additional $9,570.44 in this category from invoices from The Presentation Group and from Kinkos.

The charges on The Presentation Group Invoices #45947 and 46042 totalling $1,589.74 appear to represent costs for "computerizing" the documents Plaintiffs displayed on the screen at trial. Such costs are not properly taxable. Only the categories of costs contained in 28 U.S.C. § 1920 are properly taxable. *Crawford Fitting Co. v. J.T. Gibbons, Inc.* 482 U.S. 437, 441-442, 107 S.Ct. 2494-2497-2498 (1987). Computer animation is not taxable. *Arcadian Fertilizer, L.P. v. MPW Industrial Serv., Inc.*, 249 F.3d 1293, 1297 (11th Cir. 2001). Charges for video playback equipment rental or for the operator of such equipment at trial are not taxable. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465-66 (11th Cir. 1996). Charges for exhibit costs are not taxable. *EEOC v. W & O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). The "computerization" of the documents admitted as exhibits are in the nature of demonstrative exhibits because it simply allowed

a document to be displayed on the screen to the jury. Therefore, the Court should not allow this $1,589.74 as taxable costs against any of the defendants.

The costs on The Presentation Group Invoices #46312 and 46656 appear to be charges for demonstrative exhibits utilized by the Plaintiffs. The Eleventh Circuit has held that "[e]xhibit costs are not taxable because there is no statutory authorization." *EEOC v. W & O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). Physical exhibits such as models and charts may not be taxed as costs. *Arcadian Fertilizer, L.P. v. MPW Industrial Serv., Inc.*, 249 F.3d 1293, 1297 (11th Cir. 2001). The Court should disallow these costs. Additionally, The Presentation Group Invoice #46312 contained in the Supplemental Bill of Costs is apparently one of the "missing" invoices in Plaintiffs' Original Bill of Costs. The Eiger Entities and Fleet now object to the $4,713.46 requested in the Plaintiffs' original Bill of Costs relating to this invoice on the additional ground that it seeks taxation of costs for demonstrative exhibits which is not allowed.

The Supplemental Bill of Costs also seeks an allowance for a Kinko's invoice in the amount of $1,486.98. There is no explanation of what this charge represents. It is Plaintiff Lochmere Development's burden to explain how a cost is taxable when that cost is within its exclusive knowledge. *Desisto College, Inc. v. The Town of Howey-in-the-Hills*, 718 F.Supp. 906, 910 (M.D. Fla. 1989). The notation "litigation services" does not satisfy that burden. While copies attributable to discovery are recoverable under 28 U.S.C. § 1920(4), copies for the convenience of counsel are not. *Id.* at 913. Neither the Court nor any of the defendants can ascertain exactly what services were provided by Kinko's relating to this case nor can a determination be made of whether or not those services fall within the statutory categories of taxable costs. The Eiger Defendants and Fleet object to this lack of specificity and information and request that no costs be taxed relating to this invoice.

JOINT OPPOSITION OF THE EIGER ENTITIES
AND FLEET NATIONAL BANK, N.A.
TO PLAINTIFFS' SUPPLEMENTAL BILL OF COSTS

- 4 -

The Court therefore should disallow the entirety of the costs on the invoices of The Presentation Group and Kinko's on the grounds that: (1) sufficient explanation of the charges has not been presented by the Plaintiff Lochmere Development; and (2) the charges are not allowable charges pursuant to 28 U.S.C. § 1920.

WHEREFORE, H.D. Associates, L.P., Dunes Operating Company, L.P., Eiger, Inc., 2M Dunes, L.L.C., Eiger Fund 1, L.P., Eiger Partners, L.P., Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs and William S. Buchanan and Fleet National Bank, N.A. hereby pray that the Court decline to award costs sought by Plaintiffs and instead award Defendants their costs and expenses in accordance with Defendants' motion and bill of costs.

Respectfully submitted,

Alan S. Loewinsohn, Esq.
State Bar No. 12481600
Carol E. Farquhar, Esq.
State Bar No. 06828300
Loewinsohn & Flegle, L.L.P.
18383 Preston Road, Suite 100
Dallas, Texas 75252
(214) 572-1700
(214) 572-1717 - Facsimile

and

Timothy A. Andreu, Jr.
State Bar No. 443778
Glenn Rasmussen & Fogarty
100 South Ashley Drive, Suite 1300
Tampa, FL 33602
(813) 229-3333
(813) 229-5946 - Facsimile

ATTORNEYS FOR H.D. ASSOCIATES, L.P., DUNES OPERATING COMPANY, 2M DUNES, L.L.C. EIGER, INC., EIGER FUND 1, L.P., EIGER PARTNERS, L.P., PAUL E. ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS, and WILLIAM S. BUCHANAN

SHOOK, HARDY & BACON, L.L.P.

By:_____

Daniel F. Molony
Florida Bar No. 271330
James B. Murphy, Jr.
Florida Bar No. 287598
Paul W. Rebein
Florida Bar No. 488003
201 E. Kennedy, Suite 601
Tampa, Florida 33602
(813) 202-7100 Phone
(813) 221-8837 Facsimile

and

HALEY, SINAGRA, PAUL & TOLAND
Dora Kaufman, Esq.
Florida Bar No. 771244
100 SE 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394
(954) 467-1300  Phone
(954) 467-1372  Facsimile

COUNSEL FOR FLEET NATIONAL
BANK f/k/a BANKBOSTON, N.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand delivery to the following:

Gregory J. Orcutt, Esq.
Bricklemyer, Smolker & Bolves, P.A.
500 E. Kennedy Blvd.
Suite 200
Tampa, FL 33602

Stuart C. Markman, Esq.
James E. Felman, Esq.
Katherine E. Yanes, Esq.
Kynes, Markman & Felman, P.A.
Post Office Box 3396
Tampa, Florida 33601-3396

and by U.S. Mail to the following:

Alan M. Gerlach, Esq.
390 N. Orange Avenue
Suite 1100
Orlando, FL 32801

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

this _15th_ day of _May_, 2002.

_____
ATTORNEY

15301v1

-8-