

UNITED STATES DISTRICT COURT
Middle District of Florida

LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

    Plaintiffs,

vs.

                                        CASE NO.: 8:00-CV-1026-T-27GW
                                        State Court No.: 00-02525/Div. I

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general
partner DUNES OPERATING COMPANY, L.P.,
a Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C.,a Texas
limited liability company; EIGER FUND 1, L.P.,
a Delaware limited partnership;EIGER
PARTNERS, L.P., a Delaware limited partnership;
DAVID LANE, an individual; BARNETT LANE
INVESTMENTS, INC., a Texas corporation;
JTL CAPITAL, L.L.C., a Texas limited liability
company; FLEET NATIONAL BANK, N. A.,
a national banking association; PAUL E.
ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and, WILLIAM S. BUCHANAN, an individual,

    Defendants.

_____/

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
### TO DEFENDANTS, DAVID LANE, ET AL.'S MOTION FOR ATTORNEYS' FEES

Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE REALTY,

INC. ("Plaintiffs" or "Lochmere"), submit this Memorandum of Law in response to the

Motion of Defendants, DAVID LANE, individually, BARNETT LANE INVESTMENTS, INC.,

and JTL CAPITAL, LLC's (collectively referred to as the "Lane Defendants") for

attorneys' fees, and state as follows:



Contrary to the Lane Defendants' assertions that there was no evidence that the Lane Defendants were involved in the misappropriation of trade secrets, it is uncontested that the Lane Defendants were provided with copies of the documents which the jury determined to be Lochmere's trade secrets. It is further uncontested that the Lane Defendants did not return the trade secrets when requested to do so, and failed to take any action to keep the other defendants from using the trade secrets. There was substantial evidence of the Lane Defendants' involvement in the Hammock Dunes project and their ultimate ownership interest in the development. Evidence further showed that the Lane Defendants stand to reap a substantial profit as a result of the acquisition and development of the Hammock Dunes project which was made possible by the Plaintiffs' due diligence work and the Master Development Budgets. Furthermore, there was evidence of the Lane Defendants and the Eiger Entities secret creation of the entity which was ultimately to take title to the Hammock Dunes development. The creation of this entity was kept secret from the Plaintiffs until Lochmere's compensation agreement was "retraded" for a substantially lesser amount.

Based upon this evidence, and substantial other evidence, the Court denied the Lane Defendants' Rule 50 Motion at the close of the evidence in this case. In so denying the Motion, the Court determined that the Plaintiffs had produced substantial evidence which would allow the jury to conclude that the Lane Defendants had misappropriated Lochmere's trade secrets, and that the Lane Defendants had been involved in a conspiracy to so misappropriate. *See, Walls v. Armour Farm Co., 832 F.Supp. 1467, 1470 (M.D. Fla. 1993).* Because Court has already concluded that

Plaintiffs produced sufficient evidence to survive a Rule 50 Motion, Defendants cannot prevail on its argument that these claims were brought in bad faith, as required by the statute.

In addition, the Lane Defendants never pleaded in the form of a counterclaim or an affirmative defense, that these claims were raised in bad faith.  No jury instruction was proposed or submitted seeking the determination of the trier of fact as to whether the claims had been raised in bad faith.  As a result, the Lane Defendants have failed to plead and prove the essential element to their case, i.e., that bad faith as required by the statute was exhibited by Plaintiffs.  Further, although the Lane Defendants cite certain cases in their brief, none of these cases cited set forth the legal standard for the elements of bad faith.[1]  *Black's Law Dictionary* defines bad faith as follows:

> **Bad Faith.**  The opposite of "good faith," generally implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some other contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive.  Term "bad Faith" is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; it is different from the negative idea of negligence in that it contemplates a state of mind affirmatively operating with furtive design or ill will.

The Florida cases etermination of bad faith are consistent with the *Black's Law* requirement that something more than bad judgment or negligence is required.  The claimant must show maliciousness or willful intent in order to prevail.  *See, Cardinal Freight Carriers, Inc. v. Cardinal Logistics, Inc.,* 155 F.Supp.2d 1352, 1355 (S.D. Fla.

---

[1] In fact, *Frank Coulson, Inc./Buick v. General Motors Corp.,* 48 F.2d 202 (5th Circuit, 1971) is not a trade secret case nor a bad faith case, but instead deals with the elements of intentional interference with contractual relationships.

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\MOL Atty Fees.doc

2001); *Cabriolet Porshe-Audi, Inc. v. American Honda Motor Co., Inc.*, 773 F.2d 1193, 1210 (11th Cir. 1985). Therefore, the Lane Defendants, in order to prevail upon their attorney's fees claim, must have presented evidence that Plaintiffs had some malicious purpose in bringing this matter. Simple negligence is not enough. No such evidence was introduced at trial. Therefore, Defendants' Motion must be denied.

Assuming, *arguendo*, that the Court determines that the Lane Defendants' Motion could possibly be granted, it cannot do so based upon the affidavit filed with the Court. As the Court was previously informed, the Lane Defendants were also co-defendants along with Lochmere in an action brought in Texas state court by the Eiger Entities. The Lane Defendants have vigorously defended themselves in the Texas case, and the affidavit attached is not sufficient to provide the Court with sufficient information to determine whether the invoice amounts related to the Florida case or the Texas case. Further, the subject case included numerous counts against the Lane Defendants. The affidavit does not segregate the fees by count, and it would be unfair to assess all fees claimed for the defense of the other claims in this case, as being those recoverable under a bad faith clause pursuant to the *Uniform Trade Secrets Act*. Finally, Florida law clearly requires that detailed invoices, including daily time entries and descriptions of the work product, be provided to the Court in support of attached to a Motion for Attorney's Fees. Further, the Court, as fact finder as to the amount of fees and costs must apply certain factors which are not addressed by this subject affidavit. See, *Florida Patient Compensation Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985). These standards parallel those applied in federal cases. *Johnson v. Georgia Highway*

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\MOL Atty Fees.doc

Express, 488 F.2d 714, 717-19 (5th Cir. 1974). Because the Lane Defendants have not provided sufficient information for the Court to determine which, if any, of the attorney's fees claimed in the affidavit relate solely to the trade secret claim in the Florida case, and the affidavit is insufficient as a matter of law, the Lane Defendants' Motion should be denied.

WHEREFORE, Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE REALTY, INC., respectfully request that this Court deny the Lane Defendants' Renewed Motion for Attorneys' Fees and grant such other relief as this Court deems proper in the circumstances.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided by facsimile and U.S. Mail to all parties on the attached Service List this _____ 29 __ day of May, 2002.

Respectfully submitted,

BRICKLEMYER SMOLKER & BOLVES, P.A.

By: _____
Jay J. Bartlett
Florida Bar No. 875163
Gregory J. Orcutt
Florida Bar No. 230855
BRICKLEMYER SMOLKER & BOLVES, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, Florida 33602
Telephone: (813) 223-3888
Facsimile: (813) 228-6422
Attorneys for LOCHMERE  DEVELOPMENT  GROUP,
INC. and LOCHMERE REALTY, INC.

F:\docs\dsc\DOCS\LOCHMERE\PLDGS\FEDERAL.CT\PLDGS\MOL Atty Fees.doc

## SERVICE LIST

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Loewinsohn & Flegle L.L.P.
18383 Preston Road, Suite 100
Dallas, TX  75252

Timothy A. Andreu, Jr.
Glenn Rasmussen & Fogarty
100 South Ashley Drive
Suite 1300
Tampa, FL  33602

(Attys. for H.D. ASSOCIATES, L.P. DUNES OPERATING COMPANY, L.P., EIGER, INC., 2M DUNES, L.L.C., EIGER FUND 1 L.P., EIGER PARTNERS, L.P.,L.P., PAUL E. ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS, WILLIAM S. BUCHANAN

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL  33602

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Alan M. Gerlach, Esq.
Ford & Harrison LLP
Post Office Box 60
Orlando, FL 32802-0060

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

7

Stuart C. Markman, Esq.
Kynes, Markman & Felman, P.A.
Post Office Box 3396
Tampa, FL  33601-3396

8