*Filed*

RECEIVED

UNITED STATES DISTRICT COURT
Middle District of Florida

02 MAY 29 PM 4: 19

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

    Plaintiffs,

vs.

CASE NO.: 8:00-CV-1026-T-XTGW
State Court No.: 00-02525/Div. I

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general
partner DUNES OPERATING COMPANY, L.P.,
a Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C., a Texas
limited liability company; EIGER FUND 1, L.P.,
a Delaware limited partnership; EIGER
PARTNERS, L.P., a Delaware limited partnership;
DAVID LANE, an individual; BARNETT LANE
INVESTMENTS, INC., a Texas corporation;
JTL CAPITAL, L.L.C., a Texas limited liability
company; FLEET NATIONAL BANK, N. A.,
a national banking association; PAUL E.
ROWSEY, III, an individual; C. TODD MILLER,
an individual; DAVID M. JACOBS, an individual;
and, WILLIAM S. BUCHANAN, an individual,

    Defendants.

_____/

## MEMORANDUM OF LAW IN OPPOSITION TO THE JOINT MOTION FOR COSTS BY THE EIGER ENTITIES AND FLEET NATIONAL BANK, N. A.

Plaintiffs, LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE

REALTY, INC. ("Plaintiffs") submit this Memorandum of Law in Opposition to the

Joint Motion for Costs filed by the Defendants, H. D. ASSOCIATES, LP, DUNES

OPERATING COMPANY, LP, EIGER, INC., 2M DUNES LLC, EIGER FUND 1,

LP, EIGER PARTNERS LP, PAUL E. ROWSEY, III, C. TODD MILLER, DAVID

259

M. JACOBS and WILLIAM BUCHANAN (collectively referred to as the "Eiger Entities"), and FLEET NATIONAL BANK, N. A. ("Fleet"), and state as follows:

Except when otherwise provided by statute, costs shall be allowed as a matter of course to the prevailing party in litigation unless otherwise directed by the court. Fed. R. Civ. P. 54(d) 1. The award of costs is governed by 28 U.S.C. §1920, which sets forth the types of fees and expenses that are taxable. Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445, 107 S. Ct. 2494, 2499, 96 L.Ed. 2d 385 (1987). A prevailing party for the purposes of Rule 54(d) is the party in whose favor judgment is rendered. All West Pet Supply Co. v. Hill's Pet Products Division, Colgate-Palmolive Co., 153 F.R.D. 667, 668 (D. Kan. 1994); 10 Charles A. Wright, Arthur R. Miller and Mary Kay Kane *Federal Practice and Procedure: Civil* 2667 at 178 (1983). The prevailing party need not prevail on all issues to justify a full award of costs. Fireman's Fund Ins. Co. v. Tropical Shipping and Constr. Co., Ltd., 254 F.3d 987, 1012 (11th Cir. 2001); Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995). The party who has obtained some relief usually would be regarded as the prevailing party even though he has not sustained all its claims; cases consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced. Head, 62 F.3d at 354. Under Rule 54(d) the district court should award costs to the prevailing party unless some reason is evidenced for penalizing the prevailing party. Schwarz v. Folloder, 767 F.2d 125, 130 (5th Cir. 1985); True Temper Corp. v. CF&I Steel Corp., 601 F.2d 495, 509 (10th Cir. 1979).

Alternatively, in cases involving multiple claims and multiple parties, where the court finds that each of the parties has prevailed on one or more of its claims, defenses or counterclaim, the district court has broad discretion in taxing costs and can order each party to bear its own costs. <u>Johnson v. Nordstrom-Larpenteur Agency, Inc.</u>, 623 F.2d 1279, 1282 (8th Cir. 1980). In its memorandum of law, the Eiger Entities and Fleet state that it is impossible to segregate the costs and expenses incurred solely for Fleet or solely for any of the Eiger Entities. Where the recoverable costs associated with a prevailing claim are virtually inseparable from the costs associated with a non-prevailing claim the court may exercise its discretion to deny costs. <u>All West</u> 153 F.R.D. at 669.

In <u>All West</u>, a plaintiff sued two defendants for breach of contract and for misappropriation of trade secrets. One of the defendants counterclaimed for fraud and accounts stated. The court granted summary judgment in favor of plaintiff on one of the defendant's counts and in favor of the defendant on one of its counts. At trial, the jury returned a verdict for one defendant on the trade secrets issue and against one defendant on the breach of contract claim, although no damages were awarded. One defendant prevailed on all claims against it, but because it was jointly represented and split costs with the other defendant, the court held that the claims were inseparable and denied costs to all parties. <u>All West</u> 153 F.R.D. at 669.

## Objection to Specific Costs

PLAINTIFFS object to the Eiger Entities' and Fleet's request for costs for both stenographic transcription and videotape of certain depositions. The Eiger Entities and Fleet correctly cite to <u>Morrison v. Reichhold Chemicals, Inc.</u>, 97 F.3d 460 (11th Cir. 1996), for the proposition that the costs of a videotaped deposition may be awardable if the opposing party does not object. However, that does not end the analysis. Under Section 1920, the costs for the videotape copies must be "necessarily obtained for use in the case." <u>Morrison</u>, 97 F.3d at 465. The court in <u>Morrison</u> was not faced with the issue of awarding both videotape and stenographic transcription. Courts faced with this issue have held that a party must demonstrate why either the transcript or videotape would not have been sufficient alone. <u>Cherry v. Champion Int'l Corp.</u>, 186 F.3d 442, 449 (4th Cir. 1999); <u>Migis v. Pearle Vision, Inc.</u>, 135 F.3d 1041, 1049 (5th Cir. 1998); <u>Tilton v. Capital Cities/ABC, Inc.</u>, 115 F.3d 1471, 1477 (10th Cir. 1997). The concept of necessity requires more than the mere convenience or duplication to ensure alternative methods for presenting materials at trial. <u>Cherry</u>, 186 F.3d at 449. Accordingly, the following costs for videotaped depositions should not be allowed:

1.      April 26, 2001, Deposition of Robert Evans in the amount of <u>$962.50</u>;

2.      August 2, 2001, Deposition of Robert Evans in the amount of <u>$803.00</u>;

4

3.        November 14, 2001, Deposition of Robert Evans in the amount of <u>240.00</u>;

4.        July 30, 2001, Deposition of Merrick Kleeman in the amount of $<u>581.00</u>;

5.        August 3, 2001, Deposition of Richard Brown in the amount of $<u>660.00</u>;

6.        December 5, 2001 Deposition of Steven Samaha in the amount of $<u>270.00</u>;

7.        December 7, 2001, Deposition of Robert Canterbury in the amount of $<u>190.00</u>;

8.        July 11, 2001, Videotape copy Deposition of Robert Evans in the amount of $<u>74.22</u>.

Defendants have failed to show the necessity for the duplication of the transcription and videotaping of these items.

In conclusion, LOCHMERE DEVELOPMENT GROUP, INC. should be declared the prevailing party pursuant to the jury verdict and Judgment dated April 17, 2002. No grounds have been stated for penalizing LOCHMERE in this regard. In addition, because Defendants cannot segregate the costs between them, the Motion for Costs of the Eiger Entities and Fleet should be denied.

Alternatively, the Court has the discretion to order each party to bear its own costs.  Further, the Court also has the discretion to reserve ruling on the

5

issue of costs pending the outcome of the appeal of this case, the Notice of Appeal having been filed on May 17, 2002.

WHEREFORE, Plaintiffs LOCHMERE DEVELOPMENT GROUP, INC. and LOCHMERE REALTY respectfully request this Honorable Court deny the Joint Motion for Costs filed by the Eiger Entities and Fleet, or in the alternative, require each party bear its own costs for these proceedings, and grant such other relief as this Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by Facsimile and U. S. Mail to the individuals listed on the Service List, this _29_ day of _May_ 2002.

Gregory J. Orcutt, Trial Counsel
Florida Bar No. 230855
Jay J. Bartlett, Esquire
Florida Bar No. 875163
BRICKLEMYER SMOLKER & BOLVES, P.A.
500 East Kennedy Blvd, Suite 500
Tampa, Florida 33602
813-223-3888 / 813-228-6422 (fax)
Attorneys for Plaintiffs

## SERVICE LIST

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Loewinsohn & Flegle L.L.P.
18383 Preston Road, Suite 100
Dallas, TX  75252

Timothy A. Andreu, Jr.
Glenn Rasmussen & Fogarty
100 South Ashley Drive
Suite 1300
Tampa, FL  33602

(Attys. for H.D. ASSOCIATES, L.P. DUNES OPERATING COMPANY, L.P.,
EIGER, INC., 2M DUNES, L.L.C., EIGER FUND 1 L.P., EIGER PARTNERS,
L.P.,L.P., PAUL E. ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS,
WILLIAM S. BUCHANAN

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL  33602

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Alan M. Gerlach, Esq.
Ford & Harrison LLP
Post Office Box 60
Orlando, FL 32802-0060

Co-Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE
INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

Stuart C. Markman, Esq.

7

Kynes, Markman & Felman, P.A.
Post Office Box 3396
Tampa, FL  33601-3396

8