UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC., a Florida Corporation, and
LOCHMERE REALTY, INC., a Florida
Corporation,

        Plaintiffs,

v.                                  Case No.:  8:00-cv-1026-T-27B

EIGER FUND I, L.P., et al

        Defendants.

_____/

## MOTION BY DEFENDANTS H.D. ASSOCIATES, L.P., EIGER, INC., AND 2M DUNES, INC. FOR RELIEF FROM FINAL JUDGMENT TO CORRECT CLERICAL ERROR OR MISTAKE

Defendants H.D. Associates, L.P., Eiger, Inc. and 2M Dunes, Inc. (the "Eiger Movants"), pursuant to Fed.R.Civ.P. 60(a), move for relief from the Final Judgment entered by the Court to correct an error arising from an oversight or omission with respect to the designation of the statutory rate of prejudgment interest under Florida law. In the alternative, the Eiger Movants move to correct this error pursuant to Fed. R. Civ. P. 60(b) on the basis of mistake or excusable neglect. The reasons and authorities in support of this motion are set forth in the accompanying memorandum of law.

In accordance with Rule 3.01(g), M.D. Fla. Rules, the undersigned certifies that she has conferred with counsel for Plaintiffs Lochmere Development Group, Inc. ("Lochmere Development") and Lochmere Realty, Inc. ("Lochmere Realty") (together referred to as "Plaintiffs" or "Lochmere") and that Plaintiffs oppose the motion.

17330v1

## MEMORANDUM OF LAW

On or about April 19, 2002, the Court entered Judgment in this case.  In paragraph 1(a) of the Judgment, the Court recited that Lochmere Development recover from the Eiger Movants the sum of $225,000 "with prejudgment interest at the rate of ten percent (10%) per annum from December 20, 2001 (the date of the verdict) to January 1, 2002, and at the rate of eleven percent (11%) per annum from January 1, 2002, to the date of entry of this Judgment . . . ."  The rates of interest recited in this sentence are erroneous and are not in accordance with Florida statutory interest rates.

In contrast to post-judgment interest which is governed by federal law under Title 28, Section 1961, Insurance Co. of N. Am. v. Lexow, 937 F.2d 569, 572, n. 4 (11th Cir. 1991), the rate and applicability of prejudgment interest in diversity cases is determined by state law.  See Bryd v. Hunt Tool Shipyards, Inc., 650 F.2d 44, 48 (5th Cir. 1981); Zunde v. International Paper Co., 2000 WL 1763843, at * 1 (M.D. Fla. July 20, 2000). Pursuant to Sections 687.01 and 55.03, Florida Statutes,  the statutory interest rate for each year is established as of December 1 of the preceding year by the Comptroller of the State of Florida who takes the average Federal Discount Rate and adds to it 500 basis points.  As reflected on the attached printout from the Office of the Florida Controller, the statutory interest rate for the year 2002 is 9%, not 11% as recited in the Judgment, and the statutory interest rate for the year 2001 was 11%, not 10% as recited in the Judgment.[1]

---

[1] The difference in prejudgment interest for the period from December 20, 2001, to January 1, 2002, is $ 67.81 in the Eiger Movants' favor while the difference in prejudgment interest for the period from January 1, 2002, to April 19, 2002, the date of

2

The Court entered the Judgment substantially in the form (including the erroneous interest rates) that was submitted by counsel for Defendant Fleet National Bank, N.A. ("Fleet") pursuant to the direction of the Court under Fed.R.Civ.P. 58. As reflected in Fleet's joinder in this motion, its counsel discovered this error when researching the rate of prejudgment interest in connection with an unrelated matter, and he thereupon brought the error to the attention of Eiger Movants' counsel.

Fed. R. Civ. P. 60(a) states:

> **(a) Clerical Mistakes.** Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. . . .

Federal Rule 60(a) providing for correction of clerical mistakes in judgments applies to all clerical miscues, whether they are important or trivial, without regard to the time of correction. United States v. Griffin, 782 F.2d 1393, 1397 (7th Cir. 1986). As the Griffin correctly observed, a number of cases have held that Rule 60(a) can be used to correct erroneous or omitted rates of interest, while other cases have held it cannot. Id. at 1393 (citing numerous cases).

The question is one of intent. When the mistake in the interest rate results from a factual or legal misconception, it is not generally subject to being corrected under Rule 60(a), whereas when it results from an error in execution or transcribing the judgment, it falls under Rule 60(a). Id. at 1397; contrast Warner v. City Bay St. Louis, 526 F.2d 1211 (5th Cir. 1976) (holding that interest rate in judgment could not be corrected from 6% to 8% under Rule 60(a) where there was not evidence that the district court intended its

---

entry of the Judgment is $1,343.97 in Lochmere Development's favor. Thus, the net result of the error is that the Judgment provided for $1,276.16 in prejudgment interest to

3

17330v1

judgment read 8% and there was no allegation that the error was a typographical or transcribing mistake or that the mistake was inadvertent.)

In this instance, the Court's intent was clear -- to allow prejudgment interest at the statutory rate prescribed under Florida law from the date of the verdict to the date of entry of the Judgment. As noted above, the Judgment entered by the Court was substantially the same as the proposed judgment that Fleet submitted. Fleet's counsel not only attached a proposed form of judgment to his submission, but also attached a copy of the same printout from the Florida Controller's Office showing the Florida statutory interest rates established by that office for 2002 and prior years as attached hereto as Exhibit A. See Fleet Nat'l Bank's Obj. to Form of Judgment Subm. By Pls. and Notice of Subm. Of Proposed Form of Judgment. [Docket # 232].

Unfortunately, in preparing the form of Judgment, Fleet's counsel erroneously inserted rates that were somewhat different than was reflected in the attachment – both for 2002 and 2001. This error carried through the entry of the Judgment by the Court and was not noticed until last week when Fleet's counsel was researching the same issue in a different case. Thus, since the intent in this instance to assess prejudgment interest at the Florida statutory rate was clear, the Eiger movants submit that the error was one of execution of that intent in the Judgment which clearly falls within the scope of Rule 60(a). See Griffin, 782 F.2d at 1397; Stovall v. Illinois Central Gulf R.R. Co., 722 F.2d 190, 191-192 (5th Cir. 1984); Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39 (2d Cir. 1979).

---

Lochmere Development over that amount which would accrue at the statutory rates.

4

As noted by the Court in <u>Warner</u>, 526 F.2d at 1213, however, even if the error cannot be corrected under Rule 60(a), amendment of the judgment under Rule 60(b) can be allowed. Rule 60(b) provides for the correction of judgments by reason of mistake, inadvertence, surprise, or excusable neglect so long as the motion is filed within a reasonable time not more than one year after the judgment was entered.  In this instance, the Eiger Movants are bringing this motion within three months of the entry of the Judgment and promptly after being apprised by the mistake by Fleet's counsel. Moreover, in light of the pendency of the Eiger Movant's previously filed Renewed Motion for Judgment as a Matter of Law, this Court clearly still has jurisdiction to determine this motion notwithstanding the premature filing of notices of appeal. <u>See</u> Fed. R. App. P. 4(a)(4)(B)(i).

WHEREFORE, the Eiger Movants request that the Court enter an Amended Judgment in the form attached hereto as Exhibit B which corrects the rate of prejudgment interest in paragraph 1(a) to recite the rate of 11% per annum from December 20, 2001 (the date of the verdict) to January 1, 2002, and the rate of 9% per annum from January 1, 2002, to the date of entry of the Judgment.

Respectfully submitted,

Loewinsohn & Flegle, L.L.P.
Carol E. Farquhar, Esquire
Alan S. Loewinsohn, Esquire
18383 Preston Road
Suite 100
Dallas, Texas 75252
(214) 572-1700
(214) 572-1717 – Facsimile

5

17330v1

and

Timothy A. Andreu, Jr., Esquire
Glenn Rasmussen & Fogarty
100 South Ashley Drive
Suite 1300
Tampa, FL 33602

Attorneys for H.D. Associates, L.P.,
Eiger, Inc., and 2M Dunes, L.L.C.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served on the

following counsel of record on this ___*l 6*___ day of July, 2002, by facsimile and U.S. Mail:


Gregory J. Orcutt, Esquire
Bricklemyer, Smolker & Bolves, P.A.
500 E. Kennedy Blvd. Ste. 200
Tampa, FL 33602

James B. Murphy, Jr., Esquire
Shook, Hardy & Bacon, L.L.P.
P.O. Box 0898
Tampa, FL 33601

Dora Kaufman, Esquire
Haley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Alan M. Gerlach, Esquire
FORD & HARRISON LLP
P.O. Box 60
Orlando, FL 32802-0060

John W. Greene, Esquire
Hill Gilstrap
1400 West Abram
Arlington, TX 76013

6

17330v1

Stuart C. Markman, Esquire
Kynes, Markman & Felman, P.A.
Post Office Box 3396
Tampa, FL 33601-3396

_____

                              ATTORNEY

7

17330v1

**EXHIBIT  A**

Case 8:00-cv-01026-JDW    Document 264    Filed 07/16/02    Page 9 of 18 PageID 2869



# STATUTORY INTEREST RATES PURSUANT TO s. 55.03, FLORIDA STATUTES

INTEREST RATE FOR THE YEAR 2002

Section 55.03(1), Florida Statutes, requires the Comptroller, on December 1 of each year beginning in 1994, to set the rate of interest that shall be payable on judgments and decrees for the year beginning the following January 1. Additionally, Sections 215.422(3)(a), 337.141(3) and 687.01, Florida Statutes, were amended to require the use of interest at the rate established in Section 55.03(1), Florida Statutes, for the payment of interest applicable to the late payments to vendors for goods and services purchased by the State, for late payments on applicable construction or maintenance contracts administered by the Department of Transportation, and for cases where a rate of interest is not specified in a contract. The interest rate for payments to health care providers pursuant to Section 215.422(13), Florida Statutes, remains at 1% per month or .0003333 per day. Rule 3A-25, Florida Administrative Code, establishes the procedures for computing the interest rate on an annual basis.

**The year 2002 interest rate established pursuant to Section 55.03, Florida Statutes, has been set at 9.0% per annum or .0002466 per day.**

## PRIOR YEAR RATES

| YEAR | PER ANNUM | DAILY RATE |
|------|-----------|------------|
| 2001 | 11% | .0003014 |
| 2000 | 10% | .0002740 |
| 1999 | 10% | .0002740 |
| 1998 | 10% | .0002740 |
| 1997 | 10% | .0002740 |
| 1996 | 10% | .0002740 |
| 1995 | 8% | .0002192 |

10/01/81 thru 12/31/94: 12% .0003333

Effective 1994, legislation passed granting authority to the Comptroller's Office, DBF to set the interest rate before December 1 of each year and published annually in the Florida Administrative Weekly at least once between the period December 1 and January 1. If additional information is needed, please call the Vendor Ombudsman section within the Bureau of Accounting at (850) 410-9724, or Suncom 210-9724.

Robert F. Milligan, Comptroller
101 E. Gaines Street
Tallahassee, FL 32399-0350
Phone: (850) 410- 9286
Consumer Hotline. 1-800-848-3792
E-mail: dbf@mail.dbf.state.fl.us

Case 8:00-cv-01026-JDW   Document 264   Filed 07/16/02   Page 10 of 18 PageID 2870

**EXHIBIT  B**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LOCHMERE DEVELOPMENT GROUP,
INC.,

    Plaintiff,

                 CASE NO.: 8:00-CV-1026-TGW

vs.

H.D. ASSOCIATES, L.P. a Delaware limited
partnership by and through its general partner
DUNES OPERATING COMPANY, L.P., a
Delaware limited partnership by and through
its general partners, EIGER, INC., a Delaware
corporation and 2M DUNES, L.L.C., a Texas
limited liability company; DAVID LANE, an
individual; BARNETT LANE
INVESTMENTS, INC., a Texas corporation;
JTL CAPITAL, L.L.C., a Texas limited
liability company; FLEET NATIONAL
BANK, N.A., a national banking association;
and PAUL E. ROWSEY, III, an individual,

    Defendants.

_____/

## AMENDED JUDGMENT

This action came on for trial before the Court and a jury, and the issues having been duly

tried and the jury having duly rendered its verdict,

**It is ORDERED AND ADJUDGED that:**

1.  Pursuant to the verdict of the jury:

    (a)  Plaintiff Lochmere Development Group, Inc. recover from Defendant H.D.

Associates, L.P. (a Delaware limited partnership by and through its general partner Dunes Operating

Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and

11669.4

2M Dunes, L.L.C., a Texas limited liability company), the sum of Two Hundred and Twenty Five Thousand ($225,000.00) Dollars with respect to Plaintiff Lochmere Development Group, Inc.'s claim for violation of Florida's Uniform Trade Secret Act under Count XXVII of the Second Amended Complaint, with prejudgment interest at the rate of eleven percent (11%) per annum from December 20, 2001 (the date of the verdict) to January 1, 2002, and at the rate of nine percent (9%) per annum from January 1, 2002, to the date of entry of this Judgment, together with interest thereon from the date of entry of this Judgment at the rate specified in, and in accordance with, 28 U.S.C. § 1961.[1]

(b)       Plaintiff Lochmere Development Group, Inc. take nothing and Plaintiff Lochmere Development Group, Inc.'s claims for violation of Florida's Uniform Trade Secret Act under Counts XXIV, XXV, XXVI, XXIX, and XXX of the Second Amended Complaint against Defendants David Lane, Barnett Lane Investments, Inc., JTL Capital, L.L.C., Paul E. Rowsey, III, and Fleet National Bank, N.A., f/k/a BankBoston, N.A. be dismissed on the merits.

(c)       Plaintiff Lochmere Development Group, Inc. take nothing and Plaintiff Lochmere Development Group, Inc.'s claims for civil conspiracy under Counts XXXVIII of the Second Amended Complaint against Defendants David Lane, Barnett Lane Investments, Inc., JTL Capital, L.L.C., Paul E. Rowsey, III, H.D. Associates, L.P. (a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company), and Fleet National Bank, N.A., f/k/a BankBoston, N.A. be dismissed on the merits.

---

[1]Perdue Farms Incorporated v. Hook, 777 So. 2d 1047 (Fla. 2d D.C.A. 2001)

11669.4                                           -2-

2.      Defendants having made motions for judgment as a matter of law in accordance with Rule 50 of the Federal Rules of Civil Procedure and the Court having announced during trial its Order granting same:

(a)      Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for violation of Florida's Uniform Partnership Act under Counts I, II, and III of the Second Amended Complaint against Defendants Barnett Lane Investments, Inc., JTL Capital, L.L.C., and H.D. Associates (a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company) be dismissed on the merits.

(b)      Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for constructive fraud/breach of fiduciary duty under Counts XI, XII, XIII, XIV, and XVI of the Second Amended Complaint against Defendants David Lane, Barnett Lane Investments, Inc., JTL Capital, L.L.C. and H.D. Associates, L.P. a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company) and Paul E. Rowsey, III be dismissed on the merits.

(c)      Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for promissory estoppel under Count XXXIX of the Second Amended Complaint against Defendants Barnett Lane Investments, Inc., JTL Capital, L.L.C. and H.D. Associates, L.P. a Delaware limited

partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company) be dismissed on the merits.

(d)    Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty Inc.'s claims for tortious interference under Count XL of the Second Amended Complaint against Defendants H.D. Associates, L.P. a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company) and Paul E. Rowsey be dismissed on the merits.

(e)    Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for violation of the Florida Uniform Partnership Act under Count III of the Second Amended Complaint, constructive fraud/breach of fiduciary duty under Count XV of the Second Amended Complaint, violation of Florida's Uniform Trade Secrets Act under Count XXVIII, civil conspiracy under Count XXXVIII, promissory estoppel under Count XXXIX, and tortious interference under Count XL of the Second Amended Complaint against Defendants Eiger Fund I, L.P. and Eiger Partners, L.P. be dismissed on the merits.

(f)    Plaintiff Lochmere Realty, Inc. take nothing and Plaintiff Lochmere Realty, Inc.'s claims against Defendants H.D. Associates, L.P. (a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company), David Lane,

11669.4                                                    -4-

Barnett Lane Investments, Inc., JTL Capital, L.L.C., Paul E. Rowsey, III, and Fleet National Bank, N.A., f/k/a BankBoston, N.A. for violation of Florida's Uniform Trade Secret Act under Counts XXIV, XXV, XXVI, XXVII, XXVIII, XXIX, and XXX of the Second Amended Complaint and for conspiracy under Count XXXVIII of the Second Amended Complaint be dismissed on the merits.

(g)    Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims against Defendants C. Todd Miller, David M. Jacobs, and William S. Buchanan for constructive fraud/breach of fiduciary duty under Count XVI of the Second Amended Complaint, violation of Florida's Uniform Trade Secrets Act under Count XXIX of the Second Amended Complaint, civil conspiracy under Count XXXVIII of the Second Amended Complaint, promissory estoppel under Count XXXIX of the Second Amended Complaint, and tortious interference under Count XL of the Second Amended Complaint be dismissed on the merits.

(h)    Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Realty, Inc.'s claims for violation of Florida's Uniform Partnership Act against Defendant David Lane in Counts I and II of the Second Amended Complaint and against Defendants David Lane and Paul E. Rowsey, III, for promissory estoppel under Count XXXIX of the Second Amended Complaint be dismissed on the merits.

3.    Pursuant to the Court's Order on Defendants' Motions for Summary Judgment dated November 21, 2001 (Dkt. 154):

(a)    Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for intentional fraud under Counts V, VI, VII, VIII, IX and X of the Second Amended Complaint against

Defendants David Lane, Barnett Lane Investments, Inc., JTL Capital, L.L.C., H.D. Associates, L.P. (a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company), Eiger, Inc., Eiger Fund 1, L.P., Eiger Partners, L.P., and Paul E. Rowsey, III, be dismissed on the merits.

(b)     Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing and Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for conversion under Counts XXXI, XXXII, XXXIII, XXXIV, XXXV, XXXVI, and XXXVII of the Second Amended Complaint against Defendants David Lane, Barnett Lane Investments, Inc., JTL Capital, L.L.C., H.D. Associates, L.P. (a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company), Eiger, Inc., Eiger Fund 1, L.P. and Eiger Partners, L.P., Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs, William S. Buchanan, and Fleet National Bank, N.A., formerly known as BankBoston, N.A., be dismissed on the merits.

(c)     As modified by the Court's ruling on the record during the trial granting in part Plaintiff's Motion for Reconsideration (Dkt. 192) of that aspect of the Court's Order on Defendant's Motions for Summary Judgment addressing Plaintiffs' claims for quantum meruit or unjust enrichment, to the extent that Plaintiffs Lochmere Development Group, Inc.'s and Lochmere Realty, Inc.'s claims for quantum meruit/unjust enrichment in Counts XVII, XVIII, XIX, XX, XXI are factually intertwined with or cannot be meaningfully distinguished from their claims for misappropriation of trade secrets, they are preempted by the Florida Uniform Trade Secrets Act,

11669.4                                    -6-

Section 688.008, Florida Statutes; accordingly, Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc. take nothing as to these claims and these claims against Defendants David Lane, Barnett Lane Investments, Inc., JTL Capital, L.L.C., H.D. Associates, L.P. (a Delaware limited partnership by and through its general partner Dunes Operating Company, L.P., a Delaware limited partnership, by and through its general partners, Eiger, Inc., and 2M Dunes, L.L.C., a Texas limited liability company), Eiger, Inc., Eiger Fund 1, L.P. and Eiger Partners, L.P. be dismissed on the merits.

4.     The Court reserves jurisdiction to determine awards of costs, expenses, or attorney's fees, if any, in favor of or against any of the parties.

**DONE AND ORDERED** at Tampa, Florida, on this _____ day of July, 2002.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

11669.4                                  -7-