

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC. and
LOCHMERE REALTY, INC.,

Plaintiff(s),

vs.                                               Case No. 8:00-CV-1026-T-27TGW

EIGER FUND I, L.P., et al.,

Defendant(s).
_____/

## ORDER ON RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW BY DEFENDANTS H.D. ASSOCIATES, L.P., DUNES OPERATING COMPANY, L.P., EIGER, INC., AND 2M DUNES, L.L.C.

**BEFORE THE COURT** is the Renewed Motion for Judgment as a Matter of Law by Defendants H.D. Associates, L.P., Dunes Operating Company, L.P., Eiger, Inc., and 2M Dunes, L.L.C. (Dkt. 242).

Defendants have renewed their motion for judgment as a matter of law pursuant to Fed. R. Civ.P. 50(b) contending that they are entitled to judgment as to Plaintiffs' claim in Count XXVII of the Second Amended Complaint for violation of Florida's Uniform Trade Secret Act. (Dkt. 242). In considering a Rule 50(b) motion, the Court views "all the evidence in the light most favorable to, and with all reasonable inferences drawn in favor of, the non-moving party." Walker v. NationsBank of Florida, N.A., 53 F.3d 1548, 1555 (11th Cir.1995). "The jury's verdict must stand unless 'there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue'" as it is jury's task to "weigh conflicting evidence and inferences, and determine the credibility of witnesses." Shannon v. BellSouth Telecommunications, Inc., 292 F.3d 712, 715 (11th Cir. 2002) (quoting Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001)).

267

A motion for judgment as a matter of law is granted only if "the facts and inferences point overwhelmingly in favor of [the moving party], such that reasonable people could not arrive at a contrary verdict." Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002) (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir.1997)).

The Plaintiff presented evidence to the jury that its president, Robert Evans, compiled a substantial amount of information regarding the physical characteristics and legal requirements associated with developing the Hammock Dunes project. He also compiled and prepared a Master Development Budget, which included, among other financial considerations, the projected revenue and expenses associated with the development, sales projections and marketing expenses. [1] Evans organized that information utilizing a specific methodology and took reasonable measures to maintain the secrecy of his master development budgets, including, but not limited to marking the documents *"This document is the exclusive proprietary property of Lochmere Development Group, Inc. Do not duplicate or disburse without prior written consent." (Dkt. 257).* [2] Plaintiffs also presented evidence that Defendants copied Plaintiff's trade secrets without Plaintiff's prior written consent and used the information in acquiring the Hammock Dunes property, after Plaintiff had demanded return of its information, including the Master Development Budget. This evidence established a legally sufficient evidentiary basis for a reasonable jury to find in favor of Plaintiff on Plaintiff's claims for a violation of Florida's Uniform Trade Secret Act, § 688.002, *Fla. Stat.* (1999)

---

[1] To the extent Defendants challenge whether Plaintiff's compilation of information and its Master Development Budget constituted a protectable trade secret under the Florida Uniform Trade Secrets Act, that contention is unpersuasive, considering the definition of "trade secrets" in Fla. Stat. § 688.02(4) and the evidence presented to the jury. This was a question for the jury and there was a legally sufficient evidentiary basis for the jury to find against Defendants on this question. see Del Monte Fresh Produce Co. v. Dole Food Co. Inc., 136 F. Supp 2d 1271, 1292 (S.D. Fla. 2001); All Pro Sports Camp v. Walt Disney Co, 727 So.2d 363, 368 (Fla. 5th DCA 1999).

[2] As to Defendants' argument that Plaintiff waived any trade secret protection when it presented the Master Development Budget to Starwood in an attempt to interest Starwood in the project, that issue was a question for the jury to resolve and the jury had sufficient evidence before it to find against Defendants. see Camp Creek Hospitality Inns, Inc. v. Sheraton Franchise Corporation, 139 F3d 1396, 1410-11 (11th Cir. 1998)(applying Georgia version of Uniform Trade Secrets Act).

in Count XXVII.

Accordingly, it is

**ORDERED AND ADJUDGED** that Renewed Motion for Judgment as a Matter of Law by

Defendants H.D. Associates, L.P., Dunes Operating Company, L.P., Eiger, Inc., and 2M Dunes,

L.L.C. (Dkt. 242) is **DENIED**.

**DONE AND ORDERED** in chambers this $2\,2$ day of July, 2002.

**JAMES D. WHITTEMORE**
**United States District Judge**

cc: Counsel of Record

3

FILE COPY

(2 Orders)



Date Printed: 07/24/2002

Notice sent to:

   ___   Gregory J. Orcutt, Esq.
           Bricklemyer, Smolker & Bolves, **P.A.**
           500 E. Kennedy Blvd., Suite 200
           Tampa, FL  33602-4990

   ___   Stuart C. Markman, Esq.
           Kynes, Markman & Felman, P.A.
           P.O. Box 3396
           Tampa, FL  33601-3396

   ___   Alan S. Loewinsohn, Esq.
           Loewinsohn & Flegle, L.L.P.
           18383 Preston Rd., Suite 110
           Dallas, TX  75252-5476

   ___   Jo E. Hartwick, Esq.
           Loewinsohn & Flegle, L.L.P.
           18383 Preston Rd., Suite 110
           Dallas, TX  75252-5476

   ___   Timothy Allen Andreu, Esq.
           Glenn, Rasmussen & Fogarty
           100 S. Ashley Dr., Suite 1300
           P.O. Box 3333
           Tampa, FL  33601-3333

   ___   Daniel F. Molony, Esq.
           Shook, Hardy & Bacon, L.L.P.
           100 N. Tampa St., Suite 2900
           P.O. Box 898
           Tampa, FL  33601-0898

   ___   Alan M. Gerlach Jr., Esq.
           Ford & Harrison LLP
           300 S. Orange Ave., Suite 1300
           P.O. Box 60
           Orlando, FL  32802-0060

   ___   John W. Greene, Esq.
           HILL GILSTRAP
           1400 West Abram Street
           Arlington, TX  76013

   ___   Dora F. Kaufman, Esq.
           Haley, Sinagra & Perez, P.A.
           100 Southeast 3rd Ave.
           One Financial Plaza, Suite 1900
           Ft. Lauderdale, FL  33394