

FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC., et al.,

            **Plaintiff(s),**

v.
                              **CASE NO: 8:00-CV-1026-T-27TGW**

EIGER FUND I, L.P., et al.,

            **Defendant(s).**

_____/

### ORDER DENYING "LANE DEFENDANTS'" MOTION FOR ATTORNEYS' FEES

**BEFORE THE COURT** is the Motion of Defendants David Lane, Individually, Barnett Lane Investments, Inc. and JTL Capital, L.L.C., for Attorney's Fees (Dkt. 246) and Plaintiffs' Memorandum of Law in Opposition to Defendants, David Lane, et al.'s Motion for Attorneys' Fees (Dkt. 258).

At the conclusion of trial, the jury in this cause found in favor of the Defendants David Lane, Barnett Lane Investments, Inc. and JTL Capital, L.L.C. ("Lane Defendants") on the issues of whether those Defendants misappropriated Plaintiffs' trade secrets and engaged in a civil conspiracy to misappropriate Plaintiffs' trade secrets. The Lane Defendants seek attorneys' fees, contending that Plaintiffs "failed to present even a scintilla of evidence to support Plaintiffs' claims", that "there was no reasonable basis for bringing of such claims against the Defendants by Plaintiffs", and that "Plaintiff's claim of misappropriation of trade secrets by the Lane Defendants is wholly without merit and brought in bad faith."

The Lane Defendants rely on Fla. Stat. § 688.005, which provides:

> If a claim of misappropriation is made in bad faith . . . the Court may
> award reasonable attorneys fees to the prevailing party.

268

At the conclusion of Plaintiffs' case, the Lane Defendants' Rule 50 motion was denied. Plaintiffs had presented evidence to the jury that the Lane Defendants were provided with copies of the documents Plaintiffs contended were trade secrets and that the Lane Defendants failed to return the documents when Plaintiffs demanded that they do so. The jury also heard evidence that the Lane Defendants ultimately ventured the Hammock Dunes project with the Eiger Defendants who utilized Plaintiffs' trade secrets in securing financing for and acquiring the Hammock Dunes property and that the relationship between the Lane Defendants and the Eiger entities was concealed from the Plaintiffs. Significantly, the evidence suggested that the Eiger Defendants used Plaintiffs' trade secrets after Plaintiffs demanded return of its proprietary information and trade secrets from *all* of the Defendants. Accordingly, the evidence warranted submitting Plaintiffs' claims against the Lane Defendants to the jury. This Court disagrees with Defendants and concludes that there was credible evidence supporting Plaintiffs' cause of action for trade secret misappropriation and conspiracy against the Lane Defendants.

The concept of "bad faith" generally focuses on the conduct and motive of a party rather than on the validity of the party's case. Rothenberg v. Security Management Co., Inc., 736 F.2d 1470, 1472 (11th Cir. 1984), *rhrg. denied*, 742 F.2d 1467 (1984) (discussing "bad faith" exception to the traditional "American rule"). Neither party directs the Court's attention to a Florida decision defining "bad faith" in the context of Fla. Stat. § 688.005. Some guidance is found in cases addressing entitlement to attorney's fees under Fla. Stat. § 57.105, which authorizes an award of fees when there is a complete absence of a justiciable issue of law or fact. See Mason v. Highlands County Board of County Commissioners, 817 So.2d 922 (Fla. 2d DCA 2002). As a prerequisite to an award of attorney's fees pursuant to § 57.105, there must be a complete absence of a justiciable issue of law or fact raised by

the losing party. The suit must be so clearly devoid of merit both under the facts and the law as to be completely untenable. Lambert v. Nelson, 573 So.2d 54 (Fla. 1st DCA 1990); Demby v. English, 667 So.2d 350 (Fla. 1st DCA 1995). The lack of justiciable issues of either law of fact must be tantamount to the action being frivolous or completely untenable. Vasquez v. Provincial South, Inc., 795 So.2d 216 (Fla. 4th DCA 2001). Other cases look to whether or not a showing of malice or willful intent has been made to support an award of attorney's fees. See Cardinal Freight Carriers, Inc. V. Cardinal Logistics, Inc., 155 F.Supp.2d 1352 (S.D. Fla. 2001) (applying Lanham Act); Cabriolet Porsche Audi, Inc. v. American Honda Motor Co., Inc., 773 F.2d 1193 (11th Cir. 1985), cert. denied, 475 U.S. 1122 (1986).

Given the evidence presented to the jury, notwithstanding the jury's verdict in favor of the Lane Defendants, this Court cannot conclude that Plaintiffs' cause of action against the Lane Defendants was groundless, frivolous or so clearly devoid of merit both on the facts and law as to be completely untenable or frivolous or malicious. Plaintiffs' cause of action against the Lane Defendants cannot, therefore, be said to have been brought in "bad faith." Accordingly,

The Lane Defendants' Motion for Attorney's Fees (Dkt. 246) is DENIED.

DONE AND ORDERED in Chambers at Tampa, Florida this 23rd day of July, 2002.

JAMES D. WHITTEMORE
United States District Judge

COPIES FURNISHED TO:
Counsel of record

-3-

F I L E   C O P Y

Date Printed: 07/24/2002



Notice sent to:

    \_\_\_    Gregory J. Orcutt, Esq.
           Bricklemyer, Smolker & Bolves, **P.A.**
           500 E. Kennedy Blvd., Suite 200
           Tampa, FL  33602-4990

    \_\_\_    Stuart C. Markman, Esq.
           Kynes, Markman & Felman, P.A.
           P.O. Box 3396
           Tampa, FL  33601-3396

    \_\_\_    Alan S. Loewinsohn, Esq.
           Loewinsohn & Flegle, L.L.P.
           18383 Preston Rd., Suite 110
           Dallas, TX  75252-5476

    \_\_\_    Jo E. Hartwick, Esq.
           Loewinsohn & Flegle, L.L.P.
           18383 Preston Rd., Suite 110
           Dallas, TX  75252-5476

    \_\_\_    Timothy Allen Andreu, Esq.
           Glenn, Rasmussen & Fogarty
           100 S. Ashley Dr., Suite 1300
           P.O. Box 3333
           Tampa, FL  33601-3333

    \_\_\_    Daniel F. Molony, Esq.
           Shook, Hardy & Bacon, L.L.P.
           100 N. Tampa St., Suite 2900
           P.O. Box 898
           Tampa, FL  33601-0898

    \_\_\_    Alan M. Gerlach Jr., Esq.
           Ford & Harrison LLP
           300 S. Orange Ave., Suite 1300
           P.O. Box 60
           Orlando, FL  32802-0060

    \_\_\_    John W. Greene, Esq.
           HILL GILSTRAP
           1400 West Abram Street
           Arlington, TX  76013

    \_\_\_    Dora F. Kaufman, Esq.
           Haley, Sinagra & Perez, P.A.
           100 Southeast 3rd Ave.
           One Financial Plaza, Suite 1900
           Ft. Lauderdale, FL  33394