

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**LOCHMERE DEVELOPMENT
GROUP, INC., et al.,**

           **Plaintiff(s),**

v.                                **CASE NO: 8:00-CV-1026-T-27TGW**

**EIGER FUND I, L.P., et al.,**

           **Defendant(s).**
_____/

## ORDER DENYING "LANE DEFENDANTS'" MOTION FOR ATTORNEYS' FEES

**BEFORE THE COURT** is the Motion of Defendants David Lane, Individually, Barnett Lane Investments, Inc. and JTL Capital, L.L.C., for Attorney's Fees (**Dkt. 246**) and Plaintiffs' Memorandum of Law in Opposition to Defendants, David Lane, et al.'s Motion for Attorneys' Fees (Dkt. 258).

At the conclusion of trial, the jury in this cause found in favor of the Defendants David Lane, Barnett Lane Investments, Inc. and JTL Capital, L.L.C. ("Lane Defendants") on the issues of whether those Defendants misappropriated Plaintiffs' trade secrets and engaged in a civil conspiracy to misappropriate Plaintiffs' trade secrets. The Lane Defendants seek attorneys' fees, contending that Plaintiffs "failed to present even a scintilla of evidence to support Plaintiffs' claims", that "there was no reasonable basis for bringing of such claims against the Defendants by Plaintiffs", and that "Plaintiff's claim of misappropriation of trade secrets by the Lane Defendants is wholly without merit and brought in bad faith."

The Lane Defendants rely on Fla. Stat. § 688.005, which provides:

> If a claim of misappropriation is made in bad faith, a motion to terminate an injunction or resisted in bad faith, or willful and malicious misappropriation exists, the Court may award reasonable attorneys fees to the prevailing party.

At the conclusion of Plaintiffs' case, this Court denied the Lane Defendants' Rule 50 motion. Plaintiffs had presented evidence to the jury that the Lane Defendants were provided with copies of the documents Plaintiffs contended were trade secrets, that the Lane Defendants did not return the trade secrets when Plaintiffs demanded that they do so and that, notwithstanding that the Lane Defendants ultimately ventured the Hammock Dunes project with the Eiger Defendants, who had utilized Plaintiffs' trade secrets in securing financing for and acquiring the Hammock Dunes property. Plaintiffs presented evidence that the creation of the venture relationship between the Lane Defendants and the Eiger entities was not known to the Plaintiffs and that the Eiger Defendants use of Plaintiffs' trade secrets in securing financing and acquiring the Hammock Dunes property was done after Plaintiffs demanded from all of the Defendants return of its proprietary information and trade secrets. Accordingly, the issues arising from this evidence were submitted to the jury. This Court disagrees with Defendants and concludes that there was credible evidence supporting Plaintiffs' cause of action for trade secret misappropriation and conspiracy against the Lane Defendants.

The concept of "bad faith" generally focuses on the conduct and motive of a party rather than on the validity of the party's case. Rothenberg v. Security Management Co., Inc., 736 F.2d 1470, 1472 (11th Cir. 1984), *rhrg. denied*, 742 F.2d 1467 (1984) (discussing "bad faith" exception to the traditional "American rule").

Neither party directs the Court's attention to a Florida decision defining "bad faith" in a context of Fla. Stat. § 688.005. Some guidance is found in cases addressing entitlement to attorney's fees under Fla. Stat. § 57.105, which authorizes an award of fees when there is a complete absence of a justiciable issue of law or fact. See Mason v. Highlands County Board of County Commissioners, 817 So.2d 922 (Fla. 2d DCA 2002). As a prerequisite to an award of attorney's fees pursuant to § 57.105,

there must be a complete absence of a justiciable issue of law or fact raised by the losing party. The suit must be so clearly devoid of merit both under the facts and the law as to be completely untenable. Lambert v. Nelson, 573 So.2d 54 (Fla. 1st DCA 1990); Demby v. English, 667 So.2d 350 (Fla. 1st DCA 1995). The lack of justiciable issues of either law of fact must be tantamount to the action being frivolous or completely untenable. Vasquez v. Provincial South, Inc., 795 So.2d 216 (Fla. 4th DCA 2001).

Other cases look to whether or not a showing of malice or willful intent has been made to support an award of attorney's fees. See Cardinal Freight Carriers, Inc. V. Cardinal Logistics, Inc., 155 F.Supp.2d 1352 (S.D. Fla. 2001) (applying Lanham Act); Cabriolet Porsche Audi, Inc. v. American Honda Motor Co., Inc., 773 F.2d 1193 (11th Cir. 1985), cert. denied, 475 U.S. 1122 (1986).

Given the evidence presented to the jury, notwithstanding the jury's verdict in favor of the Lane Defendants, this Court cannot conclude that Plaintiffs' cause of action against the Lane Defendants was groundless, frivolous, so clearly devoid of merit both on the facts and law as to be completely untenable or frivolous or malicious. Accordingly,

The Lane Defendants' Motion for Attorney's Fees (Dkt. 246) is **DENIED**, the Court finding that Plaintiffs' cause of action against the Lane Defendants was not brought in "bad faith."

**DONE AND ORDERED** in Chambers at Tampa, Florida this 24th day of July, 2002.

JAMES D. WHITTEMORE
United States District Judge

COPIES FURNISHED TO:
Counsel of record
Law Clerk

-3-

FILE COPY

Date Printed: 07/25/2002

Notice sent to:

____    Gregory J. Orcutt, Esq.
        Bricklemyer, Smolker & Bolves, **P.A.**
        500 E. Kennedy Blvd., Suite 200
        Tampa, FL  33602-4990

____    Stuart C. Markman, Esq.
        Kynes, Markman & Felman, P.A.
        P.O. Box 3396
        Tampa, FL  33601-3396

____    Alan S. Loewinsohn, Esq.
        Loewinsohn & Flegle, L.L.P.
        18383 Preston Rd., Suite 110
        Dallas, TX  75252-5476

____    Jo E. Hartwick, Esq.
        Loewinsohn & Flegle, L.L.P.
        18383 Preston Rd., Suite 110
        Dallas, TX  75252-5476

____    Timothy Allen Andreu, Esq.
        Glenn, Rasmussen & Fogarty
        100 S. Ashley Dr., Suite 1300
        P.O. Box 3333
        Tampa, FL  33601-3333

____    Daniel F. Molony, Esq.
        Shook, Hardy & Bacon, L.L.P.
        100 N. Tampa St., Suite 2900
        P.O. Box 898
        Tampa, FL  33601-0898

____    Alan M. Gerlach Jr., Esq.
        Ford & Harrison LLP
        300 S. Orange Ave., Suite 1300
        P.O. Box 60
        Orlando, FL  32802-0060

____    John W. Greene, Esq.
        HILL GILSTRAP
        1400 West Abram Street
        Arlington, TX  76013

____    Dora F. Kaufman, Esq.
        Haley, Sinagra & Perez, P.A.
        100 Southeast 3rd Ave.
        One Financial Plaza, Suite 1900
        Ft. Lauderdale, FL  33394