

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC. and
LOCHMERE REALTY, INC.,

        Plaintiffs,

v.

EIGER FUND I, L.P., et al.

        Defendants.

_____/

**Case No.:** 8:00-CV-1026-T-27B.

## MEMORANDUM OF LAW IN SUPPORT OF EIGER FUND 1, L.P.'S MOTION FOR COSTS

## I.    INTRODUCTION

Defendant Eiger Fund 1, L.P. ("Eiger Fund") hereby requests, as permitted by the Order on Joint Motion for Costs by The Eiger Entities and Fleet National Bank, N.A. entered on July 31, 2002, the Court enter an award of its costs against Plaintiffs Lochmere Development Group, Inc. and Lochmere Realty, Inc.

Eiger Fund is a prevailing party in this litigation prevailing on all counts in the Second Amended Complaint brought against it. Eiger Fund requests that the Court take judicial notice of the Judgment entered by this Court on or about April 19, 2002. Consequently, pursuant to 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d), Eiger Fund is entitled to its costs.

## II.   **ARGUMENT**

### A.   **Standard**

Fed. R. Civ. P. 54(d) provides for an allowance of costs to the prevailing party in a lawsuit.

> Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs ....

Fed.R.Civ.P. 54(d)(1). Federal statutes, specifically 28 U.S.C. § 1920, set forth the types of fees and expenses which may be taxed as costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.* 482 U.S. 437, 441-442, 107 S.Ct. 2494-2497-2498 (1987).

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)   fees of the clerk and marshal;
> (2)   fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3)   fees and disbursements for printing and witnesses;
> (4)   fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5)   docket fees under section 1923 of this title;
> (6)   compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

In diversity cases costs are taxed pursuant to Rule 54 of the Federal Rules of Civil Procedure. *Gobbo Farms & Orchards v. Poole Chem. Co.* 81 F.3d 122, 123 (10th Cir. 1996). A district court has no discretion to award costs not authorized by statute or contract. *Crawford*, 482 U.S. at 445, 107 S.Ct. at 2499; *Arcadian Fertilizer, L.P. v. MPW Industrial Serv. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).

The "prevailing party" for purposes of an allowance of taxable costs is the party who prevails on a substantial part of the litigation. The Eleventh Circuit adopted the test for "prevailing party" in *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (per curiam) when it held:

> To be a prevailing party
>
> > [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d).... A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.... 10 Wright & Miller, *supra*, § 2667, p. 129-130. Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

*Id.* (citing *United States v. Mitchell,*, 580 F.2d 789, 793-94 (5th Cir. 1978).

In cases where both parties have "prevailed" on at least one claim, the district court has discretion to award costs to the party that prevailed on the majority of the issues. *Hillside Enterprises v. Carlisle Corp.*, 69 F.3d 1410, 1416 (8th Cir. 1995); and *Roberts v. Madigan*, 921 F.2d 1047, 1058 (10th Cir. 1990).

There exists a presumption that the prevailing party will receive costs. *Desisto College, Inc. v. Town of Howey-in-the Hills*, 718 F.Supp. 906, 910 (M.D. Fla. 1989).

## B.    Eiger Fund is a "Prevailing Party."

Plaintiffs Lochmere Development and Lochmere Realty sued all of the defendants on a total of 40 counts in the Second Amended Complaint, of which 9 counts were brought against Eiger Fund. Plaintiffs were not successful on **any** of those 9 counts against Eiger Fund. See Judgment and Order entered Aug. 29, 2001. Therefore, it is uncontestable that Eiger Fund is the "prevailing party" for purposes of taxing allowable costs against both Plaintiffs. As between Eiger Fund and both Plaintiffs, only Eiger Fund is a "prevailing party."

**C.    Even Though Eiger Fund's Costs Were Incurred Jointly With Other Defendants, They Are Still Taxable Against Both Plaintiffs.**

**1.    There was joint representation of the Eiger Entities and Fleet until trial and an alignment of those parties at trial.**

Prior to November 26, 2001, the firm of Pezzulli & Loewinsohn, L.L.P. was lead trial counsel for H.D. Associates, L.P. ("H.D. Associates"), Dunes Operating Company, L.P. ("Dunes"), Eiger, Inc., 2M Dunes, L.L.C. ("2M Dunes"), Eiger Fund 1, L.P.("Eiger Fund"), Eiger Partners, L.P.("Eiger Partners"), Paul E. Rowsey, III ("Rowsey"), C. Todd Miller ("Miller"), David M. Jacobs ("Jacobs"), and William S. Buchanan ("Buchanan") (collectively, the "Eiger Entities") and for Fleet National Bank, N.A. ("Fleet"). The firm of Shook, Hardy & Bacon, L.L.P. was local counsel for both the Eiger Entities and for Fleet. At trial Pezzulli & Loewinsohn, L.L.P represented only the Eiger Entities and Shook, Hardy & Bacon, L.L.P. represented Fleet. It would not have been economically efficient or prudent for each of the Eiger Entities to have retained individual counsel. Had they done so, which was their right, the costs of these defendants would be significantly higher. Due to the indemnity agreement of Fleet by Eiger, Inc., H.D. Associates and Dunes, of which the Court is aware and of which the Court is requested to take judicial notice, it was not necessary or economically prudent for Fleet to have separate lead counsel prior to trial. Thus, the majority of the pre-trial costs and expenses were incurred during the period of joint representation of the Eiger Entities and Fleet by the Pezzulli & Loewinsohn firm. At trial, the interests of Fleet and of the Eiger Entities were aligned such that it was economically efficient and a prudent use of economic resources for Fleet and the Eiger Entities to share certain expenses and costs which are represented on the Bill of Costs. At all times Pezzulli & Loewinsohn, L.L.P. represented both Eiger Fund and the other Eiger Entities.

MEMORANDUM OF LAW IN SUPPORT OF
EIGER FUND 1, L.P.'S MOTION FOR COSTS

- 4 -

**2.      The costs reflected on the Bill of Costs have been paid by the Eiger Entities.**

It is not possible to segregate the costs and expenses incurred solely for Fleet, solely for Eiger Fund and solely for any of the other Eiger Entities, with the exception of the following invoices for copies made for Fleet's counsel, Shook, Hardy & Bacon and Haley, Sinagra, Paul & Toland.

Tab 10 of Bill of Costs

| | |
|---|---|
| Invoice # DAL 00047928 | **$1,021.34** |
| Invoice #DAL 00055089 | **324.93** |

Tab 11 of Bill of Costs

| | |
|---|---|
| Invoice # DAL 00055069 | **652.26** |
| Invoice # DAL 00055124 | **740.48** |
| Invoice # DAL 00055119 | **450.05** |

Each of the invoices attached to the Bill of Costs has ultimately been paid by the Eiger Entities, including the ones listed above.

**3.      H.D. Associates is a "prevailing party."**

**i.      Lochmere Realty did not prevail on any count against H.D. Associates.**

Lochmere Realty was unsuccessful on all counts brought by it against H.D. Associates by and through its general partner Dunes, by and through its general partners, Eiger, Inc. and 2M Dunes. Therefore, as between H.D. Associates by and through its general partner Dunes, by and through its general partners, Eiger, Inc. and 2M Dunes and Lochmere Realty, only H.D. Associates is a "prevailing party."

    ii.      **H.D. Associates is a "prevailing party" against Lochmere Development.**

Lochmere Development sued on 40 counts in the **Second Amend**ed Complaint. It recovered **nothing** against Eiger Partners, Eiger Fund, Rowsey, Jacobs, **Miller**, Buchanan, Fleet, David Lane ("Lane"), Barnett Lane Investments, Inc. ("Barnett Lane") **or JTL** Capital, L.L.C. ("JTL"). All of those defendants are "prevailing parties" as against **Lochmere** Development. Additionally, Lochmere Development recovered nothing against H.D. **Associates** by and through its general partner Dunes, by and through its general partners, Eiger, **Inc. and 2M** Dunes, on 13 of the 14 counts brought against H.D. Associates by and through its general **partner Dun**es, by and through its general partners, Eiger, Inc. and 2M Dunes. Therefore, H.D. **Associates is the** prevailing party on each of those counts.

On the remaining count, Lochmere Development **only** recovered $225,000 of the $26,000,000 Plaintiffs requested in Plaintiffs' opening **argument** – or 0.86%. Where a party only recovered a *de minimis* amount compared to that sought, it **did not** prevail as to a "substantial" part of the litigation and was not a "prevailing party" for **purposes of an** award of costs. *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d **633** (7th Cir. 1991)(recovery of less than one percent characterized as "de minimis"). A trial **court has** discretion to award or deny costs in mixed result cases. *Gavoni v. Dobbs House, Inc.,* 164 **F.3d 1071,** 1075 (7th Cir. 1999). This includes cases in which liability was established but **recovery was** nominal relative to what was sought. *Id.* The trial court in *Gavoni* denied plaintiff's costs **where** plaintiff was awarded less than one percent of what she requested. Here, Lochmere Development **only** recovered nominal damages

against H.D. Associates - less than one percent of what it requested. Therefore, it is not the "prevailing party."

H.D. Associates by and through its general partner Dunes, by and through its general partners, Eiger, Inc. and 2M Dunes prevailed on 13 of the 14 counts and was successful in preventing all but *de minimis* damages being awarded on the remaining count when compared with those sought. Therefore, it prevailed on a "substantial" part of the litigation. *Head v. Medford*, 62 F.3d 31, 354 (11th Cir. 1995 (per curiam). Where both parties have "prevailed" on at least one claim, the trial court has discretion to award costs to the party that prevailed on the majority of the issues. *Hillside Enterprises v. Carlisle Corp.*, 69 F.3d 1410, 1416 (8th Cir. 1995) and *Roberts v. Madigan*, 921 F.2d 1047, 1058 (10th Cir. 1990). H.D. Associates by and through its general partner Dunes, by and through its general partners, Eiger, Inc. and 2M Dunes prevailed on the majority of the issues and thus should be deemed the "prevailing party" as opposed to Lochmere Development.

Due to the fact that: (1) Eiger Partners, Eiger Fund, Rowsey, Miller, Buchanan, Jacobs, Lane, Barnett Lane, JTL Capital and Fleet prevailed on all counts against Lochmere Development and against Lochmere Realty; (2) H.D. Associates by and through its general partner Dunes, by and through its general partners, Eiger, Inc. and 2M Dunes prevailed on all counts against Lochmere Realty; (3) H.D. Associates by and through its general partner Dunes, by and through its general partners, Eiger, Inc. and 2M Dunes prevailed on 13 of 14 counts against it by Lochmere Development; and (4) Lochmere Development only recovered nominal damages on the remaining count against H.D. Associates by and through its general partner Dunes, by and through its general partners, Eiger, Inc. and 2M Dunes compared to the amount sought, an allowance of all the requested

costs and expenses should be awarded against both Lochmere Development and Lochmere Realty in favor of all the Eiger Entities and Fleet.

### 4. The taxable costs should be awarded jointly and severally against Lochmere Development and Lochmere Realty.

The general presumption is that costs are imposed jointly and severally. *In re: Paoli Railroad Yard PCB Litigation*, 221 F.3d 449, 470 (3d Cir. 2000). Thus, the costs assessed in favor of the Defendants against both Plaintiffs, Lochmere Development and Lochmere Realty, should be assessed against them jointly and severally.

### 5. Alternatively, a portion of the costs of the Eiger Entities and Fleet should be taxed against Lochmere Development and Lochmere Realty.

In the alternative, costs may be apportioned. A trial court has the power to apportion costs among winning and losing parties in a case involving multiple defendants and plaintiffs. *In re: Paoli Railroad Yard PCB Litigation*, 221 F.3d 449, 469 (3d Cir. 2000). In *Gorelangton v. City of Reno*, 638 F.Supp. 1426 (D. Nev. 1986) five plaintiffs sued twelve defendants.[1] Only one plaintiff prevailed against one defendant. The trial court allowed the defendants collectively to recover 59/60's of their joint costs (5 plaintiffs x 12 defendants = 60, with 1 success). That court held "[f]rom the points of view of the defendants, they all had approximately equal needs for the items and services obtained by the expenditures here in question." *Id.* at 1433. That court then apportioned the taxable costs among the five plaintiffs. Applying the logic in that case to our facts (2 plaintiffs x 11 defendants = 22, with 1 success), Eiger Fund and the other Eiger Entities and Fleet would recover 21/22's of their costs or $32,575.52 ($34,126.73 x 21/22 = $32,575.52). *See also, EEOC v. Colgate-Palmolive Co.*, 617 F.Supp. 843 (S.D.N.Y. 1985) (awarding costs to plaintiff and

---

[1]     Two other defendants were sued but were not involved in the costs portion of the opinion.

defendant in a mixed result case based roughly on the percentage of claims prevailed upon by each side).

### 6.    All parties have incurred "joint" rather than "individual" costs.

Plainiffs cannot complain that the costs incurred by the Eiger Entities and Fleet are not susceptible of being segment by a particular defendant. The Plaintiffs' Bill of Costs and attached invoices do not differentiate between costs incurred solely for Lochmere Development and costs incurred solely for Lochmere Realty. Similarly, the Bill of Costs submitted by the Lane Defendants does not differentiate among costs incurred solely for Lane, costs incurred solely for JTL Capital and costs incurred solely for Barnett Lane. It would be impractical, unrealistic and uneconomical for each party to have retained separate counsel and incurred separate costs. The parties acted rationally and selected counsel and incurred costs based upon logical coalitions of mutual interests. The Court has only requested individual bills of costs from the Eiger Entities and Fleet. *See*, Order on Joint Motion for Costs by The Eiger Entities and Fleet National Bank, N.A. entered July 31, 2002. It would be unfair and a denial of due process to deny the Eiger Entities and/or Fleet recovery of their otherwise taxable costs solely on the grounds that those parties are unable to establish individual costs and, at the same time, award costs to Plaintiffs when there has been no establishment of individual costs between the Plaintiffs, particularly given that Lochmere Realty recovered nothing.

### D.    Types of Costs to be Taxed Against Plaintiffs

Attached to Eiger Fund's Motion for Costs is the original Bill of Costs submitted by it. The Bill of Costs includes copies of the invoices for which an allowance is sought.

Each of the types of costs requested is one which is **allowed by** 28 U.S.C. §§ 1821 and 1920. All of the costs sought were necessarily obtained for use **in this** case and were reasonable and necessary at the time the expense was incurred.

### 1.    Fees of the clerk and marshal

Allowance for the $150 filing fee upon removal **paid by the** Eiger Entities is sought. The Court is requested to take judicial notice of the payment of **the filing** fee.

### 2.    Fees of the court reporter

Allowance for the $14,999.86 fees of the court **reporters for the** depositions taken in this case is sought. The Eiger Entities and Fleet took the deposition **of the** corporate representative of the Plaintiffs, Robert Evans. They also took the depositions of **Merrick Kleeman**, Steve Samaha, Robert Canterbury and of the expert witnesses designated by **Plaintiffs. All** of those witnesses testified at the trial. All of these witnesses were listed on Plaintiffs' **witness list** which indicates the need for these defendants to take the depositions for use in cross-**examination** and that the information possessed by these witnesses was not irrelevant or unimportant. *See, EEOC v. W&O Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). It was reasonably necessary for **the Eiger** Entities and Fleet to take the deposition of testifying witnesses in order to adequately **prepare for** trial. The Eiger Entities and Fleet also obtained copies of all depositions taken by Plaintiffs **and the** non-Eiger Entity defendants in this case in order to adequately prepare for trial. The **Eiger Entities** and Fleet stated in their notices of deposition that the depositions it took would be **recorded** both stenographically and by videotape. Plaintiffs did not object. Therefore, both are **properly** taxable as costs. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464-65 (11th Cir. **1996)**. A deposition need not be admitted into evidence in order for its costs to be recoverable. *Murphy v. City of Flagler Beach*, 761 F.2d

622, 631 (11th Cir. 1985); *Desisto College, Inc. v. The Town of Howey-in-the-Hills*, 718 F.Supp. 906, 912 (M.D. Fla. 1989). Additionally, allowance of the **$2,575.00** fee of the court reporter for the preparation of certain of the daily transcripts of the trial **testimony** of Plaintiffs' president, Robert Evans, is also sought. Such transcripts were necessary to **adequately** defend the Eiger Entities and Fleet and were reasonably necessary to prepare for the cross-**examin**ation of that witness and for the preparation for the examination both on direct and on cross **of the** other trial witnesses and were necessarily obtained for use in this complex case. *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000).

### 3.    **Fees and disbursements for printing and witnesses**

Allowance for the $295 witness fee and service **of the** witness subpoena for Merrick Kleeman, a non-party witness subpoened for deposition in **this case** by the Eiger Entities and Fleet is sought. It was necessary to subpoena him twice due to a **conflict caused** by the witness's schedule which resulted in a re-scheduling of the deposition. Costs **of a private** process server are properly taxable as costs. *EEOC v. W & O, Inc.*, 213 F.3d 600, 624 **(11th** Cir. 2000).

### 4.    **Fees for exemplification and copies of papers**

Allowance for the $10,341.53 fee for copies for other **counsel** of documents produced by the Eiger Entities and Fleet during discovery and for bates **labeling such** documents is sought. Copies attributable to discovery are recoverable under 28 U.S.C. § 1920(4). *EEOC v. W & O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). Allowance for the $4,850.34 fee **for copies** of trial exhibits for the Court and other counsel is sought. *See, Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).

MEMORANDUM OF LAW IN SUPPORT OF
EIGER FUND 1, L.P.'S MOTION FOR COSTS                    - 11 -

### 5. Docket fees under 28 U.S.C. § 1923

There are no such fees involved in this case. Hence, no costs are sought pursuant to this category.

### 6. Compensation of court appointed experts, interpreters, etc.

There are no such persons involved in this case. Hence, no costs are sought pursuant to this category.

### 7. Mediator's fees

The Court ordered the parties to attend mediation, which the parties did. The Eiger Entities and Fleet seek an allowance of $915.00 representing their portion of the mediator's fee.

### E. Specific Relief Requested

Eiger Fund and the other Eiger Entities and Fleet, who have also separately and individually moved for costs, do not seek multiple awards of these costs. Each of these costs was incurred for their mutual benefit. Thus, the Eiger Entities and Fleet do not seek recovery of the $34,126.73 amount contained in each of the Bills of Costs filed by them simultaneously with this Memorandum of Law, but seek only one recovery for the benefit of all of them. Accordingly, this Court should enter an order (similar to that entered in *Gorelangton, supra.*) awarding all of the Eiger Entities (including Eiger Fund) and Fleet, collectively, their taxable costs. In the alternative, the Court should award Eiger Fund a pro rata share, taking into account the number of these defendants to be awarded costs, of the total sum of $34,126.73.[2]

---

2      There are a total of eight defendants among the Eiger Entities and Fleet, all of whom have separately pled a motion for costs, and who should be entitled to a share of the costs totaling $34,126.73. If all eight were awarded costs,

MEMORANDUM OF LAW IN SUPPORT OF
EIGER FUND 1, L.P.'S MOTION FOR COSTS

- 12 -

**F.      In the Alternative, the Court Should Order That Lochmere Development and H.D. Associates Bear Their Own Costs.**

In the event the Court should determine that Lochmere Development was a "prevailing party," the Court has the discretion to order that Lochmere Development and H.D. Associates bear their own costs. It is not an abuse of discretion to deny costs when a prevailing party is only partially successful. *Ruiz v. A.B. Chance Co.,* 234 F.3d 654, 670 (Fed. Cir. 2000); *AeroTech, Inc. v. Estes,* 110 F.3d 1523, 1526 (10th Cir. 1997).

WHEREFORE, Eiger Fund 1, L.P.hereby prays that the Court award it its costs and expenses.

---

under this methodology, Eiger Fund would be awarded 1/8[th] of $34,126.73 or $4,265.84.

MEMORANDUM OF LAW IN SUPPORT OF
EIGER FUND 1, L.P.'S MOTION FOR COSTS

- 13 -

Respectfully submitted,

Alan S. Loewinsohn, Esq.
State Bar No. 12481600
Carol E. Farquhar, Esq.
State Bar No. 06828300
Loewinsohn & Flegle, L.L.P.
18383 Preston Road, Suite 100
Dallas, Texas 75252
(214) 572-1700
(214) 572-1717 - Facsimile

and

Timothy A. Andreu, Jr.
State Bar No. 443778
Glenn Rasmussen & Fogarty
100 South Ashley Drive, Suite 1300
Tampa, FL 33602
(813) 229-3333
(813) 229-5946 - Facsimile

ATTORNEYS FOR H.D. ASSOCIATES, L.P., DUNES OPERATING COMPANY, 2M DUNES, L.L.C. EIGER, INC., EIGER FUND 1, L.P., EIGER PARTNERS, L.P., PAUL E. ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS, and WILLIAM S. BUCHANAN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by certified mail, return receipt requested, upon all of the following-named addressees this 8th day of August, 2002.

Gregory J. Orcutt, Esq.
Bricklemyer, Smolker & Bolves, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602

Alan Gerlach, Esq.
Ford & Harrison, LLP
P.O. Box 60
Orlando, Florida 32802-0060

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

Stuart C. Markman, Esq.
James E. Felman, Esq.
Katherine E. Yanes, Esq.
Kynes, Markman & Felman, P.A.
Post Office Box 3396
Tampa, Florida 33601-3396

Dora F. Kaufman, Esq.
Haley, Sinagra, Paul & Toland
100 SE 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

James B. Murphy, Esq.
Shook, Hardy & Bacon, L.L.P.
100 N. Tampa Street, Suite 2900
Tampa, FL 33602-5810

ATTORNEY