

## UNITED STATES DISTRICT COURT
### Middle District of Florida

LOCHMERE DEVELOPMENT GROUP, INC.,
and LOCHMERE REALTY, INC.,

      Plaintiffs,

vs.                                                         CASE NO.: 8:00-CV-1026-T-27TGW

H.D. ASSOCIATES, L.P. , et al.

      Defendants.

_____/

## MEMORANDUM OF LAW IN OPPOSITION TO THE MOTIONS
## FOR COSTS BY THE EIGER ENTITIES AND FLEET NATIONAL BANK, N.A.

Plaintiff, LOCHMERE DEVELOPMENT GROUP, INC., a Florida corporation, and LOCHMERE REALTY, INC., ("Plaintiffs"), submit this Memorandum of Law in Opposition to the Motions for Costs filed by the Defendants, H.D. ASSOCIATES, L.P., by and through its general partner, DUNES OPERATING COMPANY, L.P., by and through its general partners EIGER, INC., and 2M DUNES, L.C. ("H.D. Associates"), EIGER FUND 1, L.P., EIGER PARTNERS, L.P., PAUL E. ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS, WILLIAM S. BUCHANAN (collectively referred to as "Eiger Entities"), and FLEET NATIONAL BANK, N.A. ("Fleet") and state as follows:

The Court has previously had before it for consideration the Memorandum of Law in Support of Joint Motion for Costs by the Eiger Entities and Fleet ("Joint Motion"). The Court also had before it Plaintiffs Opposition to that Motion with authority to the effect that where recoverable costs associated with a prevailing claim are virtually inseparable from the costs associated with a non-prevailing claim, the Court may exercise its discretion to deny all costs All West Pet Supply Co. v. Hill's Pet Products Division, Colgate-Palmolive Co., 153 F.R.D. 667, 668 (D. Kan. 1994).

307

The court in its Order dated July 25, 2002 on the Joint Motion states:  "It is incumbent upon each defendant contending that it is a prevailing party under Fed. R. Civ. P. 54(d) to establish its <u>individual</u> costs and the grounds for its contention that it is the prevailing party."  Leave of Court was granted within that Order for any Defendant that contended that it is the prevailing party to file an <u>individual</u> bill of costs.

In response to that Order, the Eiger Entities and Fleet have filed individual motions ("individual motions") and memoranda that are very similar to the original Joint Motion. H.D. Associates essentially reargues the issues raised in the original Joint Motion, which this Court denied in its Order dated July 25, 2002 and by determining that Lochmere Development Group Inc. is the prevailing party in this action in a separate Order of that same date.  Plaintiffs supplement the citation of authority on the "prevailing party" issue as stated in its Memorandum of Law in Opposition to the Joint Motion by citing the following: It is well settled that a prevailing party need not prevail on every issue to justify a full award of costs.  <u>Fireman's Fund Ins. Co. v. Tropical Shipping and Constr. Co.</u>, 254 F.3d 987, 1012 (11th Cir. 2001).  On point is the case of <u>K-2 Ski Co. v. Head Ski Co. Inc.</u>, 506 F.2d 471 (9th Cir. 1974).  There, a ski manufacturer brought a twelve-count complaint against its former employee and his subsequent employer alleging violation of the manufacturer's various trade secrets regarding production of fiberglass skis.  Ultimately, the district court found that the defendant had violated two of the twelve alleged trade secrets.  <u>Id.</u> at 474 and entered an injunction against the defendants—as a practical matter, however, the injunctions entered (a two-year period for one trade secret and one year for the other) failed to take into account the fact that the preliminary injunction entered had lasted for

twenty-seven months. Id. at 475. Despite the fact that the plaintiff only recovered on two of the twelve alleged trade secrets and that the viability of its remedy was less than certain, the appellate court affirmed that the plaintiff was, in fact, the prevailing party entitled to costs. Id. at 477. See also Fahey v. Carty, 102 F.R.D. 751, 752 (D.N.J. 1983) ("[t]he fact that a party may allege damages *far in excess* of those he eventually recovers does not, in and of itself, mandate a denial of costs.") (emphasis added); All West Pet Supply Co. v. Hill's Pet Products Division, Colgate-Palmolive Co., 153 F.R.D. 667, 669 (D. Kan. 1994) (noting the "traditional" definition of a prevailing party is one who won at trial, "whether or not that party prevailed on all issues, regardless of the amount of damages awarded.").

Defendants blithely contend that, despite a recovery of $225,000, Plaintiff should not be considered a prevailing party. In essence, because the Plaintiffs did not recover the full amount of the damages they sought, they lost—or so their argument goes. The law in this Circuit, however, holds expressly otherwise.

In Lipscher v. LRP Publications, Inc., 266 F.3d 1305 (11th Cir. 2001), a publisher of jury verdicts brought a four-count complaint against one of its competitors who surreptitiously re-published its newsletters, alleging breach of contract, violations of state consumer fraud and deceptive trade practices statutes, violations of the Lanham Act, and common law unfair competition. Id. at 1309. Following a bifurcated trial on the issue of liability and damages on the breach of contract claim, the district court found that the publisher had failed to adduce any cognizable damages and, accordingly, entered a judgment for nominal damages in the amount of one dollar. Id. at 1310. The defendant then appealed the district court's further finding that the

3

publisher was the prevailing party for purposes of Rule 54.

On appeal, the Lipscher court first noted the "well-established" definition of "prevailing party" in the Eleventh Circuit:

> To be a prevailing party [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)... A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims... Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

Id. at 1321, quoting U.S. v. Mitchell, 580 F.2d 789, 793-94 (5th Cir. 1978). The court held that although the damage award was nominal, the district court did not err in awarding the plaintiff its costs as the prevailing party. Id. Thus, a plaintiff who recovers nothing more than a dollar can be a prevailing party entitled to recover its costs.

In spite of the invitation by the Court within the July 25, 2002 Order denying the Joint Motion, none of the Defendants have established their individual costs. In fact, all admit that "it is not possible to segregate the costs and expenses incurred solely for Fleet, solely for H.D. Associates and solely for any of the other Eiger Entities" with the exception of a relatively small amount of copying done for Fleet's counsel. Even here, these costs cannot be individually allocated as they were for the benefit of Fleet but paid for by the Eiger Entities.

As to Defendants' contention that a "presumption" exists in favor of imposing joint and several liability for costs, the very case they cite belies their argument. The primary issue in In re Paoli Railroad Yard PCP Litigation, 221 F.3d 449 (3d Cir. 2000)

4

was whether indigent plaintiffs who lost in their mass toxic tort case could nevertheless be held liable for costs under Fed. R. Civ. P. 54. Although the appellate court affirmed the imposition of joint and several liability as to *some of the* plaintiffs, nowhere did the court even hint that a *presumption* exists in favor of such a drastic measure. To the contrary, the Paoli court noted that a district court is free to apportion costs between prevailing and non-prevailing party "as it sees fit." Id. at 469.

> In dividing costs among multiple parties on one side of the bar—either prevailing or non-prevailing—the court may choose to impose costs jointly and severally or to disaggregate costs and to impose them individually.

Id. Thus, at most, Paoli simply stands for the unremarkable proposition that a trial court enjoys discretion in apportionment of costs under Fed. R. Civ. P. 54—which, in the case at bar, militates in favor of taxing costs against the Defendants.

The individual motions track the arguments in the Joint Motion as it relates to the types of costs Defendants are requesting be taxed. Without conceding that any of these costs should be taxed, various of these costs are not authorized under Fed. R. Civ. P. 54. In this regard, Plaintiffs' supplement their citation of authority on this issue as stated in its original Memorandum of Law in Opposition to the Joint Motion by noting that the $295 submitted witness fee and service of subpoena for Merrick Kleeman, is, as the Defendants concede, duplicative: the fact that they had to serve two subpoenas because of a scheduling conflict of their own making should not, in the interest of equity, be taxed against Plaintiffs. Moreover, the $2,575.00 fee for preparation of daily transcripts during the course of the trial was an unnecessary extravagance, and should not be taxed against the Plaintiffs. In re Nissan Antitrust Litigation, 577 F.2d 910, 918

5

(5th Cir. 1978) (holding that is was an abuse of discretion for the district court to award costs for expedited, daily trial transcripts).

WHEREFORE, Plaintiffs pray for entry of an Order denying Motions for Costs by Eiger Entities and Fleet.

Gregory J. Orcutt, Esquire
Bricklemyer, Smolker & Bolves, P.A.
500 East Kennedy Blvd., Suite 200
Tampa, Florida 33602
Florida Bar No. 230855
(813) 223-3888
(813) 228-6422 - Facsimile
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent by U.S. Mail and by facsimile to all persons on the attached Service List, this _26_ day of August, 2002.

Gregory J. Orcutt

6

## SERVICE LIST

Alan S. Loewinsohn, Esq.
Carol E. Farquhar, Esq.
Pezzulli & Loewinsohn, L.L.P.
18383 Preston Road, Suite 100
Dallas, TX  75252

Timothy A. Andreu, Jr.
Glenn Rasmussen & Fogarty
100 South Ashley Drive
Suite 1300
Tampa, FL  33602

(Attys. for H.D. ASSOCIATES, L.P. DUNES OPERATING COMPANY, L.P., EIGER, INC., 2M DUNES, L.L.C., EIGER FUND 1 L.P., EIGER PARTNERS, L.P.,L.P., PAUL E. ROWSEY, III, C. TODD MILLER, DAVID M. JACOBS, WILLIAM S. BUCHANAN

Dora Kaufman, Esq.
Halley, Sinagra & Perez
100 S.E. 3rd Avenue, Suite 1900
Fort Lauderdale, FL 33394

Alan M. Gerlach, Esq.
Ford & Harrison, L.L.P.
Post Office Box 60
Orlando, FL  32802-0060

Daniel F. Molony, Esq.
Shook, Hardy & Bacon, L.L.P.
100 North Tampa Street, Suite 3900
Tampa, FL  33602

Counsel: FLEET NATIONAL BANK f/k/a BANKBOSTON,N.A.

John W. Greene, Esq.
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, TX 76013

(Attys. for DAVID LANE, BARNETT LANE INVESTMENTS, INC. AND JTL CAPITAL, L.L.C.)

Stuart C. Markman, Esq.

7

Kynes, Markman & Felman, P.A.
Post Office Box 3396
Tampa, FL  33601-3396