

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LOCHMERE DEVELOPMENT
GROUP, INC. and LOCHMERE
REALTY, INC.,

          Plaintiffs,

vs.                        Case No. 8:00-CV-1026-T-27TGW

H.D. ASSOCIATES, L.P., et al.,

          Defendants.

_____/

## ORDER ON MOTIONS FOR COSTS

**BEFORE THE COURT** are Motions for Costs by Defendant Fleet National Bank, N.A. (Dkt. 289), H.D. Associates, L.P. by and through its general partner Dunes Operating Company, L.P., by and through its general partners Eiger, Inc. and 2M Dunes, L.L.C. (collectively referred to herein as "Dunes") (Dkt. 291), Eiger Partners, L.P. (Dkt. 293), Eiger Fund 1, L.P. (Dkt. 295), Paul E. Rowsey, III (Dkt. 297), C. Todd Miller (Dkt. 299), David M. Jacobs (Dkt. 301) and William S. Buchanan (Dkt. 303).

Each of the Defendants in this case have filed separate motions for an award of costs, as instructed by the Court. ( See Dkt. 270, Order). Each Defendant maintains that all costs in this litigation were advanced jointly, by H.D. Associates, L.P., Dunes Operating Company, L.P., Eiger, Inc., 2M Dunes, L.L.C., Eiger Fund 1, L.P., Eiger Partners, L.P., Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs and Williams S. Buchanan. (Dkts. 290, 292, 294, 296, 298, 300, 302, 304). Defendants assert they are prevailing parties as to substantial parts of the litigation. Id. Indeed, Plaintiffs sued Defendants in a forty count complaint and Plaintiff Lochmere Development Group,

Inc.("Lochmere") prevailed on only one count, Count XXVII, and only against one Defendant, H.D. Associates, L.P. by and through its general partner Dunes Operating Company, L.P., by and through its general partners Eiger, Inc. and 2M Dunes, L.L.C. for an amount considerably less than what was sought at trial. (Dkt. 241, Judgment). Lochmere Realty, Inc. did not prevail on any claim. Id.

## I.    Applicable Standards

Federal Rule of Civil Procedure 54(d)(1) establishes a presumption that costs are awardable to the prevailing party. Chapman v. AI Transport, 229 F.3d 1012, 1038 (11th Cir. 2000). Only costs that are authorized by statute are taxable. United States Equal Employment Opportunity Comm'n v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000). Although it is within the district court's discretion to deny a full award of costs to the prevailing party, the court "must have and state a sound reason for doing so." Chapman, 229 F.3d at 1039.

The "prevailing party" for purposes of taxing costs is the party who prevails on a substantial part of the litigation. Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995). To be a "prevailing party" in the Eleventh Circuit,

> a party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d). . . . A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims. . . . Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

Lipscher v. LRP Publications, Inc., 266 F.3d 1305, 1321 (11th Cir. 2001) (quoting Head, 62 F.3d at 354)). Accordingly, a party who has not prevailed on all claims may be a "prevailing party." Id.

2

## II.    Discussion of Prevailing Parties

**A.    Fleet National Bank, N.A. (Dkt. 289).**

Lochmere sued Fleet in six Counts of the Second Amended Complaint.  (Dkt. 138).  Fleet prevailed on all counts.  See (Dkt. 241).  Fleet is therefore the prevailing party.

**B.    H.D. Associates, L.P. by and through its general partner Dunes Operating Company, L.P., by and through its general partners Eiger, Inc. and 2M Dunes, L.L.C. (collectively referred to herein as "Dunes") (Dkt. 291).**

Lochmere sued Dunes in nine Counts of the Second Amended Complaint.  Lochmere only prevailed on Count XXVII, in which Lochmere contended that Dunes violated the Florida Uniform Trade Secret Act, § 688.03, Fla. Stat.  That claim was a substantial part of Lochmere's litigation against Dunes.  It was a central feature of the trial.  Accordingly, the Court finds that Lochmere was the prevailing party against Dunes, notwithstanding that Counts III, VIII, XIV, XX, XXXIV, XXXVIII, XXXIX and XL were resolved against Lochmere.  Dunes' motion for costs is denied.

**C.    Eiger Partners, L.P. (Dkt. 293) and Eiger Fund 1, L.P. (Dkt. 295).**

Lochmere sued Eiger Partners L.P. and Eiger Funds I, L.P. in eight Counts. (Dkt. 138). Lochmere was unsuccessful on all claims against Eiger Partners L.P. and Eiger Funds I, L.P. (Dkt. 241).  Eiger Partners L.P. and Eiger Funds I, L.P. are therefore prevailing parties.

**D.    Paul E. Rowsey, III (Dkt. 297); C. Todd Miller (Dkt. 299); David M. Jacobs (Dkt. 301); William S. Buchanan (Dkt. 303).**

Plaintiffs sued Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs, and William S. Buchanan in nine Counts of the Second Amended Complaint.  (Dkt. 138).  Plaintiffs were unsuccessful on all claims against these Defendants.  See (Dkt. 241). Rowsey, Miller, Jacobs, and Buchanan are therefore prevailing parties.

3

### III.    Discussion of Specific Taxable Costs

Defendants have each filed bills of costs which include the same costs for a total of $34,126.73. With the exception of $295 for Merrick Kleeman's duplicative subpoena fee and $2,575.00 for daily transcripts, the costs requested are reasonable and compensable under 28 U.S.C. §§ 1920 and Fed. R. Civ. P. 54(d). Accordingly, $31,256.73 in costs are taxable.

Defendants maintain that the costs were jointly incurred due to the joint representation of the parties until trial and the alignment of the parties at trial. (Dkts. 290, 292, 294, 296, 298, 300, 302, 304). According to Defendants, "It would not have been economically efficient or prudent for each of the [Defendants] to have retained individual counsel. Had they done so, which was their right, the costs of these defendants would be significantly higher." (Dkt. 290, pg. 4). This argument is well taken. However, the sharing of costs makes it impossible to separate costs between individual Defendants and between the prevailing and non-prevailing Defendants. [1] Accordingly, costs will be apportioned, which will allow the Defendants to recover a percentage of their jointly incurred costs.[2] See Paoli Railroad Yard PCB Litigation, 221 F.3d 449, 469 (3d Cir. 2000) (the court has the discretion to apportion costs between prevailing and non-prevailing parties and divide costs among

---

[1] By analogy, in some cases, when a party prevails on a claim but is unsuccessful on another claim and costs associated with the successful claim are virtually inseparable from costs associated with the unsuccessful claim, it can be impracticable to grant costs. See All West Pet Supply Co. v. Hill's Pet Products Division, Colgate-Palmolive Co., 153 F.R.D. 667, 669 (D. Kan. 1994). That conclusion would be inequitable in this case and would effectively penalize the Defendants for their attempt to conserve and minimize costs.

[2] Costs will be awarded to Defendants based on a percentage of the claims asserted against them on which they prevailed. Defendants prevailed on 39 of 40 claims asserted in the Second Amended Complaint, or 97.5% of the claims asserted. Defendants' costs of $31,256.73, multiplied by 97.5%, equals $30,475.31 in taxable costs which shall be awarded to Defendants Fleet National Bank, N.A., Eiger Partners, L.P., Eiger Fund 1, L.P., Paul E. Rowsey, III, C. Todd Miller, David M. Jacobs and William S. Buchanan.

the parties); <u>Equal Employment Opportunity Commission v. Colgate Palmolive Co.</u>, 617 F.Supp. 843 (S.D. N.Y. 1985) (same).   Accordingly, it is

**ORDERED AND ADJUDGED** that:

1.    Motions for Costs by Defendants Fleet National Bank, N.A. (Dkt. 289), Eiger Partners, L.P. (Dkt. 293), Eiger Fund 1, L.P. (Dkt. 295), Paul E. Rowsey, III (Dkt. 297), C. Todd Miller (Dkt. 299), David M. Jacobs (Dkt. 301) and William S. Buchanan (Dkt. 303) are **GRANTED**. Costs are awarded to these Defendants jointly in the amount of $30,475.31, which is taxed against Plaintiffs, jointly and severally.

2.    Defendants shall file an amended bill of costs reflecting costs in the amount of $30,475.31 within fifteen days of the date of this Order.

3.    Motion for Costs by H.D. Associates, L.P. by and through its general partner Dunes Operating Company, L.P., by and through its general partners Eiger, Inc. and 2M Dunes, L.L.C. (Dkt. 291) is **DENIED**.

**DONE AND ORDERED** in chambers this _15th_ day of November, 2002.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record
Courtroom Deputy
Law Clerk

F I L E    C O P Y

Date Printed: 11/19/2002



Notice sent to:

   \_\_\_   Gregory J. Orcutt, Esq.
         Bricklemyer, Smolker & Bolves, P.A.
         500 E. Kennedy Blvd., Suite 200
         Tampa, FL  33602-4990

   \_\_\_   Stuart C. Markman, Esq.
         Kynes, Markman & Felman, P.A.
         P.O. Box 3396
         Tampa, FL  33601-3396

   \_\_\_   Alan S. Loewinsohn, Esq.
         Loewinsohn & Flegle, L.L.P.
         18383 Preston Rd., Suite 110
         Dallas, TX  75252-5476

   \_\_\_   Jo E. Hartwick, Esq.
         Loewinsohn & Flegle, L.L.P.
         18383 Preston Rd., Suite 110
         Dallas, TX  75252-5476

   \_\_\_   Timothy Allen Andreu, Esq.
         Glenn, Rasmussen, Fogarty & Hooker, PA
         100 S. Ashley Dr., Suite 1300
         P.O. Box 3333
         Tampa, FL  33601-3333

   \_\_\_   Daniel F. Molony, Esq.
         Shook, Hardy & Bacon, L.L.P.
         100 N. Tampa St., Suite 2900
         P.O. Box 898
         Tampa, FL  33601-0898

   \_\_\_   Alan M. Gerlach Jr., Esq.
         Ford & Harrison LLP
         300 S. Orange Ave., Suite 1300
         P.O. Box 60
         Orlando, FL  32802-0060

   \_\_\_   John W. Greene, Esq.
         HILL GILSTRAP
         1400 West Abram Street
         Arlington, TX  76013

   \_\_\_   Dora F. Kaufman, Esq.
         Haley, Sinagra & Perez, P.A.
         100 Southeast 3rd Ave.
         One Financial Plaza, Suite 1900
         Ft. Lauderdale, FL  33394